**FILE ON DEMAND**                    U.S.P.S. Priority Mail Express No.: EI 314 883 193 US

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nelson L. Bruce, )<br><br>Plaintiff's, )<br><br>v. )<br><br>PENTAGON FEDERAL CREDIT UNION )<br>A.K.A. PENTAGON FEDERAL CREDIT )<br>UNION FOUNDATION ("Collectively" )<br>PENFED) Experian Information Solutions, )<br>Inc., Trans Union, LLC, Equifax )<br>Information Services, LLC, ALL )<br>UNKNOWN DOE'S 1-100, et al. )<br><br>Defendants. )<br>)<br>)<br>)<br>) | Case No.: 2:22-cv-02211-BHH-MGB<br><br>VERIFIED COMPLAINT for violations<br>of the Fair Credit Reporting Act (FCRA), 15<br>U.S.C.§ 1681 et seq., 15 U.S.C. § 1692 et<br>seq., commonly known as the Fair Debt<br>Collections Practices Act (FDCPA),<br>the Financial Identity Fraud and Identity Act<br>as codified under 37-20-170 et seq. and 37-<br>20-200 et seq., Failure to comply U.C.C. 9-<br>210 et seq., and 36-9-210 et seq., The South<br>Carolina Unfair Trade Practices Act" As<br>Codified Under 39-5-20, Common Law<br>Defamation of Character "Libel"<br>DEMAND FOR JURY TRIAL BY<br>STRUCK JURY |

## VERIFIED COMPLAINT

Comes now Plaintiff, **Nelson L. Bruce**, hereby individually and separately sues each

Defendant identified in this matter.  Plaintiff does not consent to magistrate jurisdiction.  Plaintiff

respectfully sets forth, complains, and states as follows with his complaint:

## PRELIMINARY STATEMENT

1.  This is an action for damages (actual, statutory, compensatory and punitive costs and if

    applicable, attorneys' fees) brought by an individual consumer for Defendants' Violations of

    the Fair Debt Collection Practices Act, 15 U.S.C, § 1692, et seq. (the "FDCPA"), the Fair

    Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"), the Financial Identity Fraud

    and Identity Theft Protection Act" as codified under 37-20-170 et seq. and 37-20-200 et seq.

of the South Carolina Consumer Protection Code ("SCCPC"), Failure to comply with U.C.C. 9-210 et seq., and 36-9-210 et seq., "THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT ("SCUTPA") AS CODIFIED UNDEER 39-5-20 and Common Law Defamation of Character "Libel".

2. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing, Willful, intentional, reckless, negligent, done with malice, the intent to injure plaintiff, to harm and damage the plaintiff and his credit worthiness as Defendants did not maintain procedures reasonably adapted to avoid any such violations and/or did not do a reasonable nor a proper investigation and/or reinvestigation into the matter.

.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) et seq. as well as 15 U.S.C. § 1681p et seq.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and also 15 U.S.C. § 1692 pursuant to 15 U.S.C. § 1681p et seq. and 15 U.S.C. § 1692k(d) et seq., which in general provides that an action to enforce any liability created under 15 U.S.C. § 1681 and 15 U.S.C. § 1692 may be brought in any appropriate United States district court, without regard to the amount in controversy.

5. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in South Carolina.

7. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

8. Plaintiff brings this action for damages arising from the Defendants' violations of Title 37-20-170 et seq. ("SCCPC").

9. Plaintiff also brings this action for damages arising from the Defendant PENTAGON FEDERAL CREDIT UNION A.K.A. PENTAGON FEDERAL CREDIT UNION FOUNDATION (hereinafter referred to as "PENFED") for violations of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

10. Plaintiff, **Nelson L. Bruce**, is a natural person, who resides in the State of South Carolina.

11. At all times material hereto, Plaintiff was and is a "consumer" as said term is defined under 15 U.S.C. § 1681a(c) and 37-20-110 (1) of the SCCPC.

12. As part of its business, Defendant PENFED is a "furnisher" of consumer credit information, are persons who furnished information to consumer reporting agencies such as Defendants, Trans Union, Equifax, and Experian as that term is used in Section 1681s-2 et seq. PENFED is a Corporation with its principal place of business in Virginia and is authorized to do business in this judicial district. PENFED conducts business in this jurisdiction, and may be served with process through their registered agent SCOTT LIND at **2930 Eisenhower Avenue, Alexandria, Virginia 22313.**

13. Defendants PENFED is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) of the FDCPA and Section 37-1-301(28) of the SCCPC and was acting as debt collectors with respect to the collection of the Plaintiff's alleged debt. PENFED is also "Persons" as that term is defined in 37-20-110(10).

14. Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation with its principal place of business in California. Experian is a nationwide consumer reporting

agency as that term is defined by 15 U.S.C. §1681a(f) of the FCRA and a Consumer Credit Reporting Agency as defined in Section 37-20-110(2) of the SCCPC and conducts substantial and regular business activities in this judicial district. Defendant Experian is a Ohio corporation registered to do business in the State of South Carolina and may be served with process upon the C T CORPORATION SYSTEM, its registered agent for service of process at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

15. Equifax Information Services, LLC (hereinafter "Equifax") is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f) of the FCRA. And a Consumer Credit Reporting Agency as defined in Section 37-20-110(2) of the SCCPC and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of South Carolina, upon information and belief its members are citizens of the state of Georgia and may be served with process upon the CORPORATION SERVICE COMPANY, its registered agent for service of process at 508 Meeting Street, West Columbia, South Carolina 29169.

16. Trans Union, LLC (hereinafter "Trans Union" or "TransUnion") is a limited liability company, a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f) of the FCRA. And a Consumer Credit Reporting Agency as defined in Section 37-20-110(2) of the SCCPC and conducts substantial and regular business activities in this judicial district. Defendant TransUnion is a Delaware corporation registered to do business in the State of South Carolina, upon information and belief, its members are citizens of the state of Delaware and may be served with process upon the Prentice-Hall Corporation System, its registered agent for service of process at 508 Meeting Street, West Columbia, South Carolina 29169.

17. At all times material here to, Defendants, TransUnion, Experian, and Equifax are consumer reporting agencies regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers such as plaintiff for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) and 15 U.S.C. §1681a(f) to third parties.

18. Upon information and belief TransUnion, Experian and Equifax disburse consumer reports to third parties for monetary compensation.

19. All events herein occurred in this judicial district.

## STATEMENT OF FACTS
## BACKGROUND

20. At all times relevant to this matter, Plaintiff was and is an individual, a natural person, a consumer residing within the State of South Carolina.

21. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

22. On information and belief, on a date better known to Defendants TransUnion, Experian and Equifax, hereinafter ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to a PENFED, and/or REV collection accounts.

23. PENFED and REV improperly and in violation of the FCRA, continued to report the debt accounts on Plaintiff's credit report which defendant knows or has reasonable cause to believe that the information is inaccurate.

24. The information furnished by PENFED and REV and published by the Bureaus is inaccurate and misleading because the Plaintiff disputed information as evidenced by his disputes (See…Exhibit A (Evidencing a copy of disputes to the Bureaus) including the balance allegedly owed on the PENFED and REV alleged debts which is hereby incorporated by reference in its entirety which the Bureaus should have properly investigated.

25. Additionally, the accounts reported were not marked as disputed by defendants in violation of the FCRA.

26. Defendant PENFED violated the FDCPA in that it did not report that Plaintiff had disputed the Alleged Debt.

27. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA, as is the failure to communicate information.

28. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various third parties, persons and credit grantors, both known and unknown.

29. Plaintiff notified both the Bureaus, PENFED and REV that he disputed the accuracy of the information the Bureaus were reporting.

30. Dispute letters were sent to Experian via U.S.P.S. Priority Mail Express, signature required, Equifax via certified mail, return receipt requested and Trans Union online. (See…Exhibit A).

31. "Verification" is the legal context refers to a declaration under oath or upon penalty of perjury that a statement or pleading is true. The verification is located at the end of a document. This is the legal definition of verification.

32. On or about September 24, 2021, Plaintiff sent out disputes triggering an investigation disputing an account and information reported by REV Federal Credit Union and a credit

card account, a line of credit account and an auto loan account and information reported by
PENFED related to these accounts, reported and published allegedly belonging to plaintiff to
which PENFED claims plaintiff is liable for with Equifax and Experian. These disputes
provided information in an effort to assist the credit bureaus and help with their
reinvestigation of the accounts and the information being reported and published on
plaintiff's consumer report (See…Exhibit A, which is hereby incorporated by reference in its
entirety) and pointed out to all Defendants the improper, derogatory tradelines to be
investigated and requested that the tradelines be deleted/removed.

33. Equifax received Plaintiff's dispute and request for reinvestigation on September 26, 2021.

34. Experian received Plaintiff's dispute and request for reinvestigation on September 27, 2021.

35. Defendant Equifax as a result of their reinvestigations alleged that the information reported
by PENFED has been verified as accurate but correcting the "date of first delinquency" and
deleted the account Reported by REV as a result of their investigation thereby admitting to
the inaccuracy of the accounts reported. Equifax did not provide plaintiff with written results
5 days from completion of the September 2021 reinvestigation until plaintiff sent out a notice
dated November 2, 2021 notifying Equifax that he did not receive the results (See…Exhibit
A) in violation of 15 U.S.C. 1681i(6)(A) which they later sent out by first class mail which
plaintiff received after the 5 days required (See…Exhibit B, copy if investigation and
updated report).

36. Defendant Experian as a result of their reinvestigations alleged that the information reported
by PENFED and REV has been verified as accurate and information has been updated
thereby admitting to the inaccuracy of the accounts reported which has been updated.
Experian did not provide plaintiff with written results 5 days from completion of the

September 2021 nor a copy of his updated report by mail as requested even after receiving

plaintiff's notice dated November 2, 2021 notifying Experian that he did not receive the

results by mail (See…Exhibit A) in violation of 15 U.S.C. 1681i(6)(A).

37. Based on the evidence provided, the disputes by plaintiff (See…Exhibit A) one can clearly

see that even when Plaintiff pointed out the specific areas of the account information reported

to be investigated, defendants repeatedly ignore all signs and will continue to not do a proper,

reasonable investigation otherwise all account information reported therefore it is clear that

the accounts are being or has been reported inaccurately, that the information reported is not

100% accurate.

38. The defendant bureaus are required under 15 U.S.C. § 1681e(b) to investigate all information

being reported to assure maximum possible accuracy in the preparation of the credit report

and credit files they publish and maintain concerning the Plaintiff.

39. On or about June 2018, Plaintiff disputed credit card account, line of credit account and Auto

account information reported by PENFED published by the bureaus allegedly belonging to

plaintiff with defendant Trans Union. (See…Exhibit A, which is hereby incorporated by

reference in its entirety).

40. Trans Union received Plaintiff's dispute and request for reinvestigation on June 11, 2018.

41. As a result of another online dispute by plaintiff which triggered an reinvestigation by Trans

Union on or about 6-4-2019, the PENFED accounts were deleted without any information

nor explanation of why the accounts was deleted (See…Exhibit B, copy of investigation from

TransUnion).

42. Between December 27, 2021 and April 16, 2022, upon reaching out to PENFED directly,

plaintiff discovered the defendants did not do a proper investigation and unreasonable

investigation, if they did do a proper and reasonable investigation, they would have found that based on PENFED's own internal records, PENFED intended not to furnish accurate information to the reporting agencies because their internal records, prior to January 22, 2018, show that PENFED knew that the credit card account being reported and published on plaintiff's consumer reports (See…Exhibit A) allegedly belonging to the Plaintiff was sold and transferred to United Holding Group "UHG" (See…Exhibit C (letter from PENFED evidencing these accounts was sold, assigned and/or transferred)) and PENFED knew the line of credit account being reported and published on plaintiff's consumer reports (See…Exhibit A) allegedly belonging to the Plaintiff was sold, assigned and/or transferred to National Credit Corporation (See…Exhibit C) therefore no account exists as an asset of PENFED that could have been validated and/or verified by PENFED after January 22, 2018 (the date of sale, assignment and or transfer) nor reported with a balance as required for the accounts to be accurately reported.

43. PENFED knew that defendant was not liable to pay them anything after the accounts was sold, assigned and/or transferred because as evidenced by their own records and their letter dated 4-11-2022, they direct the plaintiff to United Holdings Group and National Credit Corporation to make arrangements regarding these alleged accounts. (See…Exhibit C)

44. The reporting and publishing of PENFED's inaccurate accounts and information are misleading to lenders because it gives the false impression that a debt and/or account balance is owed or still owed to PENFED, that the accounts are paid or not paid as the information reported does not match what the other reporting agencies are or were reporting which negatively affects plaintiff's credit score which lenders look at to approve or deny credit to a consumer and is also confusing to a lender who sees a balance on one report and a zero

balance on another report.

45. It has not yet been discovered if PENFED has written off the alleged debts as they have has
   alleged in their correspondence letter dated 4-11-2022, that "PenFed has not filed any IRS
   forms for any of the aforementioned obligations" (See…Exhibit C), it is hard to trust what
   PENFED has alleged without PENFED swearing to it under penalty of perjury as they have
   knowingly, willfully, negligently concealed information and reported information they knew
   was inaccurate, false in an attempt to continue injuring the plaintiff expressing their ill will
   towards the plaintiff therefore plaintiff reserves and hereby exercises his right to discovery,
   to request discovery related to the write-off from the source of the write-off filing, the IRS.

46. It has not yet been discovered if REV has written off the alleged debts as they have remained
   silent and have failed to respond directly to this specific request verifying such facts
   evidenced by plaintiffs request (See…Exhibit A), therefore plaintiff reserves and hereby
   exercises his right to discovery, to request discovery related to the write-off from the source
   of the write-off filing, the IRS.

47. The FCRA requires Trans Union, Experian, and Equifax to review all information reported to
   determine maximum possible accuracy of the information being reported.  Their policies
   require PENFED and REV to report accurate information and account status regarding an
   account which include but is not limited to, balance information, open date, date of first
   delinquency, whether an account is sold which should be reported with a zero balance if sold
   or that an account has been transferred to external collections.

48. As a Standard, Accounts are required to be reported to the credit reporting agencies in Metro
   2 Format which the bureaus have all adopted.  The reported accounts are considered
   inaccurate if not in compliance with Metro 2 Standard Format.  (See…

https://www.experian.com/business/solutions/regulatory-compliance/metro-2-compliance
and https://www.cdiaonline.org/resources/furnishers-of-data-overview/metro2-information/ )
Plaintiff states that the accounts PENFED and REV are reporting are in Metro 2 Format
evidenced by the bureaus policies for furnishing information to them as referenced above
therefore the defendants which are data furnishers know what is required when reporting the
accounts to assure that the accounts are being reported correctly and accurately for maximum
accuracy under the proper segments representing the current status of the accounts.

49. The CDIA provides the policies known to the bureaus that the furnishers must follow.

50. On or about May 2022, Plaintiff sent out another request for reinvestigation via U.S.P.S.
    Priority Mail to Equifax and U.S.P.S. Priority Express Mail to Experian requesting another
    reinvestigation of every piece of information that was allegedly being reported in regards to
    the accounts reported by PENFED and REV to be published. (See…Exhibit A)

51. Equifax received Plaintiff's dispute and request for reinvestigation on or about May 15, 2022
    via U.S.P.S. Priority Mail.

52. Experian received Plaintiff's dispute and request for reinvestigation on or about May 4, 2022
    via U.S.P.S. Priority Express Mail signature required.

53. Plaintiff is a consumer who is the victim of inaccurate false reporting by Defendants who
    have failed to provide plaintiff with written results of the reinvestigation of his dispute
    related to the accuracy of his consumer report within thirty days after receiving a notice of
    inaccuracy from plaintiff in the form of a dispute either electronically or written.

54. At all times, plaintiff states and claims that defendants acts were willful, grossly negligent,
    knowing, done with "reckless disregard" of their obligations under the statutes, codes and
    laws presented in this complaint therefore have clearly demonstrate reckless disregard of its

statutory obligations by repeatedly ignoring warning signs (plaintiff's numerous disputes and requests for reinvestigation) that it is violating the law, by repeatedly refusing to do a proper and reasonable investigation and by failing to take corrective action to prevent future violations in a reasonable amount of time. See *Am. Arms Int'l v. Herbert,* **563 F.3d 78, 85 (4th Cir. 2009)** (applying the Safeco "willfulness" standard to the Gun Control Act of 1968, 18 U.S.C. § 921 et seq., and concluding that "repeated failure to comply with known regulations can move . . . conduct from inadvertent neglect into reckless or deliberate disregard (and thus willfulness)").

55. Defendants did not send anything to the plaintiff identifying (1) the basis for the denial of his dispute, (2) with a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information, and (3) sufficient evidence that the information is true and accurate information as it relates to that consumer and his dispute.

56. Defendants intentionally allowed and continued to report disputed inaccurate consumer records which as the CRA transmits via an automatic credit dispute verification (ACDV) form to the furnisher of the contested information reported to plaintiffs consumer credit report by knowingly, willfully, recklessly and negligently failing to provide the basis for the denial of the disputed accounts and the information being reported, failed to provide the description or the procedure used to determine the accuracy and completeness of the information being reported supported by sufficient evidence that the information that is being reported is true and accurate information as it relates to the consumer,

57. As explained in *Wilhelm v. Credico, Inc.,* **519 F.3d 416 (8th Cir.2008)** - "The relevance of the portion of § 1692e(8) on which [plaintiff] relies—'including the failure to communicate that a disputed debt is disputed'—is rooted in the basic fraud law principle that, if a debt

collector elects to communicate "credit information" about a consumer, Defendant violated

the FDCPA in that it omitted a piece of information that is always material, namely, that the

consumer has disputed the Alleged Debt.

58. Many district courts have followed *Wilhelm*, holding that a debt collector who knows that a

debt is disputed by the Consumer and reports it to a credit bureau must report it as disputed.

See, e.g., *Jacques v. Solomon & Solomon P. C.,* **2012 U.S. Dist. LEXIS 118092, ** 11**

**(D.Del.2012)** (holding that the duty to report a debt under [Section 1692e(8) ] arises if one

elects to report credit information); *Edeh v. Aargon Collection Agency, LLC,* **2011 U.S.**

**Dist. LEXIS 79160, *10-11 (D.Minn.2011)** ( "[I]f a debt collector knows or should know

that a given debt is disputed, the debt collector must disclose the debt's disputed status to

persons inquiring about a consumer's credit history"); *Benson v. Med–Rev Recoveries, Inc.*

*(In re Benson),* **445 B.R. 445, 449–50 (Bankr.E.D.Pa.2010);** *Kinel v. Sherman Acquisition*

*II LP,* **2006 U.S. Dist. LEXIS 97073, *57 (S.D.N.Y.2006)** ("holding that a cause of action

under Section 1692e(8) is stated where defendant is alleged to have communicated inaccurate

information to a third party about a disputed debt); *Black v. Asset Acceptance, LLC,* **2005**

**U.S. Dist. LEXIS 43264, *13 (N.D.Ga.2005)** (noting that if a debt collector reports a

consumer debt to a credit bureau under Section 1692e(8), and the debt collector knows that

the debt is disputed by the consumer, then the debt collector must also report that debt as

disputed).

59. All conduct specifically prohibited or disclosures specifically required by the FDCPA is

"material." *Mark v. J. C. Christensen & Assoc., Inc.,* **09cv100, 2009 WL 2407700, 2009**

**U.S.Dist. LEXIS 67724, *11 (D.Minn. Aug. 4, 2009);** *Warren v. Sessoms & Rogers, P.A.,*

**676 F.3d 365, 374 (4th Cir. 2012)** (violations of §1692e(11) are always "material"). For

example, providing a compliant §1692g notice is specifically required and should always be "material." *Janetos v. Fulton Friedman & Gullace, LLP*, **825 F.3d 317 (7th Cir. 2016)**. Similarly, informing a credit bureau that a debt is disputed is specifically required and material. *Evans v. Portfolio Recovery Associates, LLC*, **889 F.3d 337 (7th Cir. 2018)**.

60. Here, Defendant PENFED, reported the alleged debt on the Plaintiff's credit report, after knowing of the Plaintiff's dispute and after failing to validate and verify and provide proper verification of the alleged debt.

61. The defendants acted maliciously, with ill will, recklessly or wantonly, or with conscious indifference to the plaintiff's rights in violation of 15 U.S.C. § 1681h(e) See…*Beattie v. Nations Credit Fin. Servs. Corp.,* **69 Fed. Appx. 585, 590-91 (4th Cir. 2003)** which because of their actions allows for state claims to be asserted and proceed.

62. Defendants has failed to provide plaintiff with sufficient evidence that the information is true and accurate information as it relates to that consumer in violation of 37-20-170(A) of the SCCPC.

63. Defendants have failed to provide plaintiff the basis for the denial, provide the consumer with a description of the procedure used to determine the accuracy and completeness of the information, and sufficient evidence that the information is true and accurate information as it relates to plaintiff within thirty days after receiving a notice of inaccuracy/notice of dispute from the plaintiff in violation of 37-20-170(B) et seq. and FCRA et seq.

64. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

65. As a result of the Defendants failure to comply with the FCRA, the FDCPA, the SCCPC, U.C.C. 9-210 and 36-9-210, and the erroneous derogatory information, Plaintiff has suffered significant damages, Plaintiff suffered concrete harm in one or more of the following forms: a significant drop in his credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation, loss of happiness, interest in outside activities, loss of sleep, headaches, sensitive stomach and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denial of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date.

66. Plaintiff has tried to settle these matters before exercising his right to a remedy in a court of law by sending Notices of Intent to all defendants between March 2021 and June 2022 via mail and email (See…Exhibits A and D) only to be ignored by defendants therefore plaintiff is exercising his right to litigate these matters before a court of law.

## RESERVATIONS OF RIGHTS

67. Plaintiffs hereby reserves the right to request leave of court at a later date to amend his Complaint to add more claims and enjoin defendants relevant to the case.

68. Plaintiff reserves the right to add additional damages under this section throughout the litigation as an addition to the damages presented herein as part of any and all judgments.

## FIRST CAUSE OF ACTION
### (Willful and Negligent Violation of the FCRA 15 U.S.C. § 1681 et seq. as to TransUnion, Experian, and Equifax)

69. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;

70. This is an action for willful and negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.;

71. Trans Union, Experian and Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notices of such inaccuracies; by failing to conduct a reasonable and lawful investigation and/or reinvestigation; by failing to investigate all the information PENFED and REV Federal Credit Union was reporting and publishing; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source they have reason to know is unreliable;

72. Defendants Trans Union, Experian and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff;

73. Defendants Trans Union, Experian, and Equifax have willfully and recklessly failed to comply with the FCRA. The failure of Defendants to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

   e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

   f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

   g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer;

i) The failure to provide the exact procedure used to allegedly verify the alleged accounts disputed or requested for reinvestigation;

j) The Failure to insure and exercise their grave responsibilities with fairness, and impartiality;

k) The Inaccurate Reporting of accounts without the written consent of plaintiff and without being properly verified in violation of plaintiff's right;

74. As a result of the wrongful conduct, action and inaction of Defendants, and the erroneous derogatory information reported, Plaintiff has suffered significant damages, concrete harm in one or more of the following forms which include but are not limited to: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denials of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date;

75. The wrongful conduct, action and/or inaction of Defendants was willful, negligent, and reckless done with the intent to injure the plaintiff rendering Defendants separately liable for actual or statutory damages, compensatory and/or punitive damages in an amount to be determined by a Struck Jury pursuant to 15 U.S.C. § 1681(n) to be calculated at a Ratio of 98:1 or higher" as determined in **Daugherty v. Ocwen Loan Servicing, LLC, 701 F. App'x 246 (4th Cir. 2017), also see… Younger v. Experian Info. Sols., Inc., No. 2:15-cv-00952, 2019 WL 1296256, at \*13 (N.D. Ala. Mar. 21, 2019)** to punish and deter the defendants; A higher ratio is should be considered against each individually separate defendant to deter defendants in this matter because it is clear that even the 98:1 ratio rendered in the cases above is not enough to deter the defendants from violating consumer's rights as the defendants continue to repeat the same violations against other consumers as a result of defendants' actions and/or inactions as evidenced by the above cases and the many cases

filed against the defendants throughout the several states continuously damaging consumers since the above cases;

76. Plaintiff's claims are within 2 years from the date of discovery of the violation that is the basis for such liability (knowing that PENFED accounts was sold, assigned and/or transferred) and within 5 years after the date on which the violation that is the basis for such liability occurs pursuant to 15 U.S.C. § 1681p et seq. as a result of a dispute triggering a duty to investigate and discovering defendant's investigations was unreasonable and improper regarding all current and previous disputes and reinvestigations;

77. The wrongful conduct, action and/or inaction of Defendants was knowing, willful, negligent, reckless, done with the intent to injure the plaintiff in one or more forms or fashion entitling the Plaintiff to damages actual and/or statutory damages of $1,000 per violation each month as prescribed under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o from the past 5 years to be calculated at a later date;

78. The Plaintiff is entitled to recover reasonable costs and attorney's fees from defendants in an amount to be determined by the Jury pursuant to 15 U.S.C. § 1681n and 1681o if applicable;

     **WHEREFORE**, Plaintiff, Nelson L. Bruce, an individual, demands judgement in his favor against Defendants, for damages together with, if applicable, attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n;

## SECOND CAUSE OF ACTION
**(Willful and Negligent Violation of the FCRA 15 U.S.C. § 1681 et seq. as to PENFED**

79. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

80. This is an action for willful and negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.;

81. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report;

82. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation/reinvestigation of the disputed information and review all relevant information provided by the agency;

83. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which supplied such information;

84. The Defendant PENFED violated 15 U.S.C. § 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review or consider all relevant information regarding same; and by failing to correctly report results of an accurate investigation to the credit reporting agencies. By continuing to publish to Trans Union, Experian and Equifax the inaccurate information regarding the alleged accounts; and by failing report accurate information which is identified in its own records to prevent the re-reporting of inaccurate misleading information;

85. Specifically, the Defendant continued to report these accounts on the Plaintiff's credit report after being notified of his dispute/request for reinvestigation regarding the accounts and all aspects of the information and balances being reported and published;

86. Additionally, the Defendant continued to report accounts which PENFED knows or has reasonable cause to believe that the information is inaccurate as it is clear that by their own words, their internal records documents the accounts was sold, assigned and/or transferred to a debt buyer and/or external collections in this case United Holding Group and National Credit Corporation. Defendant continuously failed to not mark the account as sold, transferred, disputed, failed to provide accurate information regarding the entire accounts reported and published to the bureaus which the bureaus published to third parties;

87. A reasonable investigation would require a furnisher such as Defendant to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and

materials provided by the agency to the furnisher;

88. After receiving notification from Trans Union, Equifax and Experian about Plaintiff's disputed accounts, PENFED did not contact any third parties other than the Defendant credit reporting agencies when investigating Plaintiff's dispute. Further, PENFED allegedly verified the Plaintiff's accounts that are no longer an asset of the PENFED, no longer existed, no longer had authority over as a result of a sale, assignment and/or transfer to Trans Union, Equifax and Experian in response to each dispute it received from the credit bureaus;

89. As a result of the wrongful conduct, action and inaction of Defendants, and the erroneous derogatory information reported, Plaintiff has suffered significant damages, concrete harm in one or more of the following forms which include but are not limited to: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denials of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date;

90. The wrongful conduct, action and/or inaction of Defendant was willful, negligent, and reckless done with the intent to injure the plaintiff rendering Defendant liable for actual or statutory damages, compensatory and/or punitive damages in an amount to be determined by a Struck Jury pursuant to 15 U.S.C. § 1681(n) to be calculated at a Ratio of 80:1 or higher" as determined in **Daugherty v. Ocwen Loan Servicing, LLC, 701 F. App'x 246 (4th Cir. 2017), also see… Younger v. Experian Info. Sols., Inc., No. 2:15-cv-00952, 2019 WL 1296256, at \*13 (N.D. Ala. Mar. 21, 2019)** to punish and deter the defendant;

91. Plaintiff's claims are within 2 years from the date of discovery of the violation that is the basis for such liability and within 5 years after the date on which the violation that is the basis for such liability occurs pursuant to 15 U.S.C. § 1681p et seq. as a result of a dispute triggering a duty to investigate and discovering defendant's investigations was unreasonable

and improper;

92. The wrongful conduct, action and/or inaction of Defendants was knowing, willful, negligent, reckless, done with the intent to injure the plaintiff in one or more forms or fashion entitling the Plaintiff to damages actual and/or statutory damages of $1,000 per violation each month as prescribed under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o from the past 5 years to be calculated at a later date;

93. The Plaintiff is entitled to recover reasonable costs and attorney's fees from defendants in an amount be determined by the Jury pursuant to 15 U.S.C. § 1681n and 1681o if applicable;

   **WHEREFORE**, Plaintiff, Nelson L. Bruce, an individual, demands judgement in his favor against Defendants, for damages together with, if applicable, attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## THIRD CAUSE OF ACTION
## (COMMON LAW DEFAMATION ("LIBEL") AS TO ALL DEFENDANTS)

94. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;

95. The defendants are guilty of defamation per se, in that defendants intentionally reported and/or allowed third parties to submit inaccurate information which was published and sold to third parties evidenced by plaintiff's inquiries showing on his consumer report (See…Exhibit B) that showed account information that they knew or should have known was false, misleading, inaccurate, unverified, and/or the correct nature of the accounts as it relates to the plaintiff and his rights.  Defendants by reporting the accounts inaccurately, unverified and/or without the written consent of the plaintiff was intended to harm and defame plaintiff's reputation when published to third parties who request for reports to qualify or approve Plaintiff based off of his credit and credit worthiness;

96. Said false representations made by PENFED and published by Trans Union, Experian and Equifax were not privileged and were not consented to by Plaintiff;

97. Defamation of Plaintiff was willful, done with malice, willful intent to injure the plaintiff;

98. Defendants did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported to Trans Union, Experian and Equifax nor that there should be a balance reported. Defendants also had substantial evidence by which to have verified that the Plaintiff's debt was sold, assigned and/or transferred therefore no longer due or owing to the person reporting the accounts.;

99. Further, PENFED cannot plead ignorance, because it knew, evidenced by its own internal records that Plaintiff's accounts was sold and who it was sold to, assigned and/or transferred to external collections and what external collection it was assigned and/or transferred to;

100.    As a result of the wrongful conduct, action and inaction of Defendants, and the erroneous derogatory information reported, Plaintiff has suffered significant damages, concrete harm in one or more of the following forms which include but are not limited to: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denials of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date;

101.    Defendants are each separately and individually liable to plaintiff for damages caused by their actions and this court should award plaintiff an amount equal to or greater than $250,000 as courts have frequently sustain emotional distress awards in the range of

$250,000 in defamation cases. *See, e.g., Stamathis v. Flying J, Inc.*, **389 F.3d 429, 439 (4th Cir. 2004)** (upholding an award of $240,000 for "insult, pain, and mental suffering"); *Simon v. Shearson Lehman Bros., Inc.*, **895 F.2d 1304, 1319-20 (11th Cir. 1990)** (upholding an award of $250,000, given that the slander caused "an impairment of [the plaintiffs] reputation, personal humiliation, and mental anguish and suffering");

102.    The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff;

    **Wherefore,** Plaintiff seeks judgment in his favor against Defendants for compensatory and punitive damages in such sums as the Struck jury may assess, plus interest and costs along with such other and further relief as may be necessary, just and proper.

## FOURTH CAUSE OF ACTION
### (Violation of the FDCPA as to Defendant PENFED)

103.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;

104.    When Defendant PENFED re-reported the inaccurate credit accounts after it received Plaintiff's disputes/request for reinvestigation, Defendant PENFED failed to list the accounts as "disputed by consumer" despite being required to do so by the FDCPA;

105.    As a result of the failure to remove the trade line, or mark same as disputed, Plaintiff's credit score suffered, which has resulted in Plaintiff's in inability to obtain credit, less favorable interest rates and may have the result of hindering future employment opportunities;

106.    Defendant's failure to list the account as "disputed by consumer" despite being required to do so by the FDCPA, constituted a violation of various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692e(11) and

1692f;

107.    Based on Plaintiff's recent discovery that defendant has sold the alleged debt, Defendant has violated the FDCPA (15 U.S.C. § 1692e(5)) by threatening to report inaccurate information, by threatening legal action which they knew they could not legally take and/or did not have authority to take and/or did not intend to take evidenced by its Feb. 8, 2021 and April 11, 2022 letters to plaintiff (see...Exhibit C) because they have voluntarily sold all their alleged interests and authority and the statute of limitations have already passed for any legal actions;

108.    As a result of the wrongful conduct, action and inaction of Defendants, and the erroneous derogatory information reported, Plaintiff has suffered significant damages, concrete harm in one or more of the following forms which include but are not limited to: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denials of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date;

## FIFTH CAUSE OF ACTION
**(KNOWING, WILLFUL AND NEGLIGENT VIOLATIONS OF THE SCCPC "37-20-170 ET SEQ. AND 37-20-200 ET SEQ." AS TO ALL DEFENDANTS)**

109.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;

110.    At all times, Defendants knowingly, willfully and intentionally reported and/or allowed to be reported, inaccurate information, acted with malice and the willful intent to injure the plaintiff, the consumer as they failed to provide the basis for their denial of plaintiff's notice of dispute/request for reinvestigation, failed to provide a description of the procedure used by

the consumer reporting agency to determine the accuracy and completeness of the information as requested by the consumer, and failed to provide to the consumer, sufficient evidence that the information being reported is true and 100% accurate information as it relates to the consumer and his rights which they voluntarily signed up for when they became a consumer reporting agency or person furnishing information to credit bureaus;

111.    Defendants failed to correct, delete information found to be inaccurate, unauthorized, unverified, and in a reasonable time instead reinserted the information and failed to reasonably and properly investigate Plaintiff's disputes;

112.    Defendants failed to promptly investigate and/or re-investigate the accuracy of the accounts being reported and failed to provide plaintiff with the basis for the denial, provide the consumer with a description of the procedure used to determine the accuracy and completeness of the information, and sufficient evidence that the information is true and accurate information as it relates to plaintiff within thirty days after receiving a notice of inaccuracy/notice of dispute/request to reinvestigate from the plaintiff in violation of SC Consumer Protection Code **SECTION 37-20-170 (A) & (B) (1)(3) and (4);**

113.    As a result of Defendants violations, Defendants are each separately and individually liable to Plaintiff's for actual damages, and or statutory damages as provided under 37-20-170(D) & (E), and if applicable, 37-20-200(A) & (B) along with if applicable, attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law within 3 years from the date of discovery;

114.    The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined in this complaint;

115.   As a result of the wrongful conduct, action and inaction of Defendants, and the erroneous derogatory information reported, Plaintiff has suffered significant damages, concrete harm in one or more of the following forms which include but are not limited to: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denials of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date;

## SIXTH CAUSE OF ACTION
### (KNOWING, WILLFUL AND NEGLIGENT VIOLATIONS OF U.C.C. 9-210 ET SEQ. and 36-9-210 ET SEQ. AS TO DEFENDANT "PENFED")

116.   Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;

117.   Defendant has a duty to comply with plaintiff's 4-4-2022 request for an authenticated (See…Exhibit A) accounting related to the alleged outstanding debt and has failed to comply as required under U.C.C. 9-210 and 9-36-210 as of the date of this filing;

118.   As a result of Defendants conduct and failure to comply, Defendant is liable to Plaintiff for damages, and statutory damages as provided under U.C.C. 9-625 ET SEQ. and 36-9-625 ET SEQ., which include but is not limited to sections "b", "c" and "f" and any other such further relief, as may be permitted by law;

119.   The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above;

120.   As a result of the wrongful conduct, action and inaction of Defendants, and the erroneous derogatory information reported, Plaintiff has suffered significant damages, concrete harm in

one or more of the following forms which include but are not limited to: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denials of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date;

## SEVENTH CAUSE OF ACTION
### (KNOWING, WILLFUL AND NEGLIGENT VIOLATIONS OF "THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT" AS CODIFIED UNDEER 39-5-20 AND THE FEDERAL TRADE COMMISSION ACT AS TO PENFED")

121.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;

122.    Reporting an account which PENFED knows or has reasonable cause to believe that the information is inaccurate as their internal records documents was sold, assigned and/or transferred to a debt buyer and/or external collections in this case United Holding Group and National Credit Corporation gives the false impression that an amount is still due and owing to PENFED and or that PENFED is the party to pay an alleged debt to;

123.    As a result of Defendants failure to properly credit and accurately report the alleged debt account, zero out the balance, and provide accurate history dates of activity and status, defendant is liable to Plaintiff for damages as provided under Section 39-5-140 et Seq. and 15 USC 45 et Seq.

124.    The acts of the Defendant is material in that there reporting of inaccurate information to the credit bureaus is a deceptive act and conduct which occurred within the United States and in the district of State of South Carolina where the consumer is located.

125.    The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully throughout this complaint and, as a result, Defendant is liable to Plaintiff for the full amount of damages, statutory or otherwise and any other such further relief, as may be permitted by law Section 39-5-140 et Seq.;

126.    As a result of the wrongful conduct, action and inaction of Defendants, and the erroneous derogatory information reported, Plaintiff has suffered significant damages, concrete harm in one or more of the following forms which include but are not limited to: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denials of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date;

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

127.    Plaintiff demands and hereby respectfully demands a trial by struck jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a struck jury trial.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against all Defendants individually and separately as follows:

a) Actual damages in an amount to be proved at trial;
b) An Declaration and Injunction against all defendants, their successors, assigns, affiliates, partners, both known and unknown does, etc. al., pursuant to 37-20-170(G) and if applicable 37-20-200(D) to restrain all parties from future acts constituting a violation of this chapter.

c) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

e) For Compensatory and/or Punitive Damages to be calculated in a Ratio of 98:1 as determined by the court in *Daugherty v. Ocwen Loan Servicing, LLC*, **701 F. App'x 246 (4th Cir. 2017)**, also see... *Younger v. Experian Info. Sols., Inc.*, **No. 2:15-cv-00952, 2019 WL 1296256, at \*13 (N.D. Ala. Mar. 21, 2019)** or higher to punish and deter the defendant as it is clear that the 98:1 will not deter the defendants from violating the FCRA;

f) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

g) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

h) For attorney fees and costs provided if applicable and pursuant to 15 U.S.C. § 1692k(a)(3); 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2), 37-20-170(D) & (E), and if applicable, 37-20-200 (A) & (B);

i) For damages as specified under U.C.C. 9-625 ET SEQ. and 36-9-625 ET SEQ., which include but is not limited to sections "b", "c" and "f";

j) For defamation "Libel" award in an amount equal to or greater than $250,000;

k) For damages as specified under 39-5-140 et seq.;

l) Offset of any alleged debt still in existence that can be verified and sworn to under penalty of perjury that is still existing that has not already been written-off and no tax credits have been received and/or has not been sold and transferred.

m) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Date this __8th__ day of **July, 2022**.

RESPECTFULLY PRESENTED,

"Without Prejudice"

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C.1-207/ 1-308, 1-103.6
c/o P.O. Box 3345, Summerville, South Carolina [29484]
Phone: 843-437-7901
Email: leonbruce81@yahoo.com