**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

|  |  |
|---|---|
| Nelson L. Bruce,  )<br>  )<br>   Plaintiff,  )<br>  )<br>v.  )<br>  )<br>Pentagon Federal Credit Union a/k/a  )<br>Pentagon Federal Credit Union Foundation  )<br>("Collectively" PENFED); Experian  )<br>Information Solutions, Inc.; Trans Union,  )<br>LLC; Equifax Information Services, LLC;  )<br>ALL UNKNOWN DOE'S 1-100, et al.,  )<br>  )<br>   Defendants.  )<br>  ) | Case No. 2:22-cv-02211-BHH-MGB |

**DEFENDANT PENTAGON FEDERAL CREDIT UNION'S**
**ANSWERS TO LOCAL CIVIL RULE 26.01 INTERROGATORIES**

Pentagon Federal Credit Union ("PenFed") provides the following answers to the interrogatories set forth in Rule 26.01 of the Local Civil Rules for the United States District Court for the District of South Carolina.

**(A) State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of that interest.**

**ANSWER:** PenFed is not aware of any persons or legal entities who may have a subrogation interest the claims asserted in this case.

**(B) As to each claim, state whether it should be tried jury or nonjury and why.**

**ANSWER:** PenFed does not demand a jury trial. The complaint indicates that plaintiff seeks to recover equitable relief, including an injunction. To the extent plaintiff seeks equitable relief, he is not entitled to a jury trial.

1

**(C) State whether the party submitting these responses is a publicly-owned company and separately identify (1) any parent corporation and any publicly-held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly-owned company of which it is a parent; and (3) each publicly-owned company in which the party owns ten percent (10%) or more of the outstanding shares.**

**ANSWER:** PenFed is a not-for-profit, cooperative organization owned by its members. PenFed does not have a parent corporation or other corporation owning more than 10% of its stock, is not the parent of a publicly-owned company, and does not own 10% or more of the outstanding shares of any publicly-owned company.

**(D) State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). See Local Civ. Rule 3.01 (D.S.C.).**

**ANSWER:** PenFed does not challenge the appropriateness of the division.

**(E) Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal? If so, provide (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.**

**ANSWER:** Plaintiff filed a prior civil action against PenFed in this Court that is related to this case. The details of the related case are as follows:

1. The caption is *Nelson L. Bruce v. Pentagon Federal Credit Union (A.K.A. PenFed Credit Union), ect. [sic] all*. The case number is 2:17-cv-2170-BHH-MGB.

2. The prior case is related because it resolved at least one of the issues raised in the complaint in this case. Specifically, the Court dismissed plaintiff's claim against PenFed under the Fair Debt Collections Practices Act ("FDCPA") with prejudice because PenFed is a creditor, to

which the FDCPA does not apply, rather than a debt collector. Despite that holding, the complaint in this case once again attempts to assert a claim against PenFed under the FDCPA.

3. The Court dismissed all claims asserted against PenFed in the prior case, some with prejudice and some without prejudice, and entered judgment in favor of PenFed on September 19, 2018. Plaintiff made the following subsequent attempts to pursue the prior case through appeals and post-judgment motions:

- Plaintiff appealed, and the U.S. Court of Appeals for the Fourth Circuit affirmed the judgment on April 23, 2019;

- Plaintiff filed motions to vacate/set aside the judgment, compel arbitration, and stay the proceedings on May 1, 2019, which this Court denied on May 3, 2019;

- Plaintiff filed a second appeal, and the Fourth Circuit affirmed this Court's May 3, 2019 Order on July 18, 2019, and the Fourth Circuit then denied plaintiff's petition for rehearing on August 26, 2019;

- Plaintiff filed a second motion to vacate the judgment on December 16, 2019, which this Court denied on January 29, 2020;

- Plaintiff filed a third appeal, and the Fourth Circuit affirmed this Court's January 29, 2020 Order on May 22, 2020, and the Fourth Circuit then denied plaintiff's petition for rehearing on June 23, 2020; and

- Plaintiff filed a petition for a writ of certiorari, which the Supreme Court of the United States denied on January 11, 2021.

**(F) If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.**

3

**ANSWER:** PenFed is correctly identified in the complaint as "Pentagon Federal Credit Union." The additional language in the caption indicating that PenFed acted under the assumed name "Pentagon Federal Credit Union Foundation" is incorrect. Pentagon Federal Credit Union Foundation is a separate and distinct legal entity that was not involved in the transactions and occurrences that are the subject of the complaint. PenFed does not contend that it is necessary for plaintiff to amend the complaint since the complaint does not name Pentagon Federal Credit Union Foundation as a separate defendant. If plaintiff chooses to amend the complaint to remove the reference to that entity, however, undersigned counsel will accept service.

**(G) If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.**

**ANSWER:** PenFed does not presently contend that another person or legal entity is liable to PenFed or plaintiff in connection with the claims asserted in the complaint, but PenFed reserves the right to supplement this answer after conducting discovery.

WILLSON JONES CARTER & BAXLEY, P.A.

s/ G. Troy Thames_____
G. Troy Thames (Federal ID No.: 07713)
4922 O'Hear Avenue, Suite 301
North Charleston, SC 29405
Telephone: (843) 284-0832
Facsimile: (843) 606-3300

North Charleston, South Carolina     Email: tthames@wjcblaw.com

October 6, 2022     **ATTORNEYS FOR DEFENDANT PENTAGON FEDERAL CREDIT UNION**