# EXHIBIT 1

## September 12, 2022, Report & Recommendation

*Bruce v. Pentagon Fed. Credit Union*, No. 2:22-cv-02211-BHH-MGB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, ) | Civil Action No. 2:22-cv-01292-BHH-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| REV Federal Credit Union ("REVFCU"); ) | |
| Trans Union LLC (TransUnion); ) | |
| and Unknown Does 1-100, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Nelson L. Bruce, proceeding *pro se* and *in forma pauperis*, brings this civil action asserting claims pursuant to the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act ("FDCPA"), among others.[1] (Dkt. Nos. 1; 30.) On June 30, 2022, Defendant REV Federal Credit Union ("REV") filed a Partial Motion to Dismiss, seeking to dismiss Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, and Ninth Causes of Action.[2] (Dkt. No. 30.) For the reasons discussed below, the undersigned recommends REV's Partial Motion to Dismiss be granted in part and denied in part. Specifically, Plaintiff's Third and Fourth Causes of Action should remain pending only as to the FCRA related claims, Plaintiff's Sixth Cause of Action should remain pending, and Plaintiff's Seventh and Ninth Causes of Action should be dismissed in their entirety.

## BACKGROUND

While difficult to parse, the Amended Complaint contains the following allegations. REV issued an account to Plaintiff, which was "routinely reported on Plaintiff's consumer credit report."

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C.

[2] Plaintiff also asserts an Eighth Cause of Action against REV, alleging REV violated certain sections of the Uniform Commercial Code. (Dkt. No. 29 at 23.) REV's Motion does not seek dismissal of this claim.

1

(Dkt. No. 29 at 5.) On an unspecified date, Defendant Trans Union, LLC ("TransUnion") issued a credit report "to third parties concerning the Plaintiff that included inaccurate and materially misleading information relating to an alleged REV[] account and Bankruptcy." (*Id.*) Plaintiff alleges that the information provided by REV to TransUnion is "inaccurate and misleading because the Plaintiff disputes the balance owed on this alleged debt and disputes the bankruptcy being reported." (*Id.*)

According to Plaintiff, on or about April 20, 2021, he notified both REV and TransUnion that he disputed the accuracy of the information at issue and requested an investigation. (*Id.* at 6.) Plaintiff alleges he again disputed his alleged debt with REV on or about April 4, 2022. (*Id.* at 8.) Plaintiff alleges that his account was written off by REV as a loss, and REV "has already been paid by receiving a payment from the IRS in the form of tax credits." (*Id.*) According to Plaintiff, REV was "supposed to credit the account to zero out the account [and] therefore they violated the FCRA by falsely and inaccurately reporting this unverified account balance." (*Id.*) Plaintiff alleges that as a result of Defendants' actions, he has suffered, *inter alia*, "a diminished credit score, loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain." (*Id.* at 11.)

The Amended Complaint states that it is brought under the FCRA, the FDCPA, the Federal Trade Commission Act ("FTC Act"), the Uniform Commercial Code ("UCC"), the South Carolina Unfair Trade Practices Act ("SCUTPA"), and the South Carolina Consumer Protection Code ("SCCPC"). (Dkt. No. 29.) Plaintiff seeks injunctive relief, declaratory judgment, and monetary damages including punitive, compensatory, and statutory damages. (*Id.* at 25.)

On June 30, 2022, REV filed a Partial Motion to Dismiss, seeking to dismiss Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, and Ninth Causes of Action. (Dkt. No. 30.) On August 3,

2022, Plaintiff filed a response in opposition, which he amended on August 8, 2022. (Dkt. Nos. 36; 37.) REV filed a reply on August 15, 2022. (Dkt. No. 38.) The Motion has been fully briefed and is ripe for review.

## STANDARD OF REVIEW

REV seeks dismissal of this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "In considering a motion to dismiss, [the court] accept[s] the complainant's well-pleaded allegations as true and view[s] the complaint in the light most favorable to the non-moving party." *Stansbury v. McDonald's Corp.*, 36 F. App'x 98, 98-99 (4th Cir. 2002) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

Because Plaintiff is representing himself, these standards must be applied while liberally construing his filings in this case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**DISCUSSION**

A.  **Claims related to SCCPC and South Carolina common law**

Plaintiff brings several claims against REV either partially or entirely under the SCCPC; specifically, Plaintiff's Third Cause of Action is for "willful violation of the FCRA and SCCPC"; his Fourth Cause of Action is for "negligent violation of the FCRA and SCCPC"; and his Seventh Cause of Action is for "knowing, willful and negligent violations of the SCCPC § 37-20-170 et. seq. and 37-20-200 et. seq.'" (Dkt. No. 29 at 16-19, 21-23.) Additionally, Plaintiff's Sixth Cause of Action is a defamation claim under South Carolina common law. (*Id.* at 20–21.) In its Motion, REV argues, *inter alia*, the FCRA preempts Plaintiff's defamation claim and his claims brought pursuant to the SCCPC. (Dkt. No. 30-2 at 2–4.) In response, Plaintiff argues that because he has claimed that "REV acted with malice, ill will, [and] willful intent to injure the Plaintiff," his claims are exempted from preemption under 15 U.S.C. § 1681h(e). (Dkt. No. 37 at 2.)

The FCRA contains two preemption provisions applicable to the duties of information furnishers enumerated in 15 U.S.C. § 1681s-2. *See* 15 U.S.C. §§ 1681t(b), 1681h(e). Section 1681t(b) provides the following:

> No requirement or prohibition may be imposed under the laws of any State (1) with respect to any subject matter regulated under . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. § 1681t(b)(1)(F). Section 1681h(e), on the other hand, states as follows:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

4

15 U.S.C. § 1681h(e). "The Fourth Circuit has not directly ruled on how the FCRA's preemption provisions should be read together, but district courts in our circuit have generally agreed on the 'statutory' approach rather than the 'total preemption' or 'temporal' approaches." *Potter v. FIA Card Servs., N.A.*, No. 2:12-CV-1722-RMG, 2012 WL 13005806, at *2 (D.S.C. Sept. 28, 2012) (citing *Barnhill v. Bank of Am., N.A.*, 378 F. Supp. 2d 696 (D.S.C. 2005); *see Ross v. F.D.I.C.*, 625 F.3d 808, 814 n.* (4th Cir. 2010) (declining to rule on how the provisions should interact and noting variety of approaches). The statutory approach "interprets § 1681t to preempt only state statutory laws and have no effect on state common law tort causes of action." *Muntean v. Discover Fin. Servs.*, No. 6:13-CV-1151-HMH, 2013 WL 2636003, at *3 (D.S.C. June 12, 2013).

In light of the foregoing, Plaintiff's reliance on allegations of malice do not exempt his SCCPC related claims from preemption. Rather, such allegations potentially aid his defamation claim under South Carolina common law. More specifically, Plaintiff's Third, Fourth, and Seventh causes of action are based on his allegations that REV inaccurately reported on his credit and failed to investigate an inaccuracy on his credit report. These allegations are directly regulated by specific provisions of the FCRA, and the FCRA therefore preempts these claims. *See, e.g.*, *Bruce v. Bank of Am., N.A.*, No. 2:19-CV-03456-BHH-KDW, 2020 WL 7249876, at *4 (D.S.C. Oct. 22, 2020) (finding FRCA preempts any SCCPC claim; "because Plaintiff is attempting to secure a remedy under the SCCPC for alleged inaccurate credit reporting and purported failure to investigate an inaccuracy on his credit report and correct it, his sole remedy would be under the FCRA"), *adopted by*, 2020 WL 6737647 (D.S.C. Nov. 17, 2020), *appeal dismissed*, 841 F. App'x 578 (4th Cir. 2021); *Muntean*, 2013 WL 2636003, at *4 ("Because [Muntean's SC Identity Act] claim seeks to use § [37–20–170] as a 'requirement or prohibition' under [South] Carolina law concerning

5

'subject matter regulated under section 1681s–2,' it is squarely preempted by the plain language of the FCRA." (quoting *Ross*, 625 F.3d 813)).

However, because Plaintiff's defamation claim is a claim under South Carolina common law, it implicates the preemption exception under § 1681h(e). As discussed above, the defamation claim is preempted absent an allegation of malice or willful intent to injure Plaintiff. Under South Carolina law, "'[m]alice' is established only if 'the defendant acted with ill will toward the plaintiff or acted recklessly or wantonly, meaning with conscious indifference toward the plaintiff's rights.'" *Beattie v. Nations Credit Fin. Servs. Corp.*, 69 Fed. App'x. 585 (4th Cir. 2003) (citing *Murray v. Holnam, Inc.*, 542 S.E.2d 743, 750 (S.C. 2001)). The Complaint alleges that even after Plaintiff told REV that he disputed the accuracy of the debt on his account, REV failed to investigate and reported the alleged inaccuracy to third parties. (Dkt. No. 29 at 10, 20–21.) Plaintiff alleges that REV acted with ill will in violation of § 1681h(e). (*Id*.) At this early stage in proceedings, the undersigned recommends these allegations plausibly allege malice or willful intent under Rule 12(b)(6). *See, e.g. Hoback v. Synchrony Bank*, No. 6:19-CV-18, 2019 WL 2438794, at *4 (W.D. Va. June 11, 2019) ("Courts assessing defamation claims brought in the context of credit reporting errors and FCRA violations tend to permit such claims to proceed to discovery if plaintiffs assert any allegations beyond 'merely reciting the legal standard.'"); *Potter*, 2012 WL 13005806, at *2 (denying motion to dismiss defamation claim where plaintiff alleges he "repeatedly told the Defendants he was not an obligor on the account, but they continued to tell [credit reporting agencies] for two years that he was").

For the foregoing reasons, the undersigned recommends Plaintiff's claims alleging violations of the SCCPC be dismissed under the preemption doctrine.[3] However, Plaintiff's

---

[3] Having disposed of the SCCPC related claims on this ground, the undersigned does not consider REV's remaining argument for dismissal of these claims.

6

defamation claim should remain pending. In sum, Plaintiff's Third and Fourth Causes of Action should remain pending only as to the FCRA related claims, Plaintiff's Sixth Cause of Action should remain pending, and Plaintiff's Seventh Cause of Action should be dismissed in its entirety.

### B.     Claim for violation of FDCPA

Plaintiff's Fifth Cause of Action is against REV for violation of the FDCPA. (Dkt. No. 29 at 19.) Here, REV argues that it cannot be liable under the FDCPA because it is not a "debt collector" as contemplated by the statute. (Dkt. No. 30-2 at 4–6.)

The FDCPA, 15 U.S.C. § 1692 et seq., was passed by Congress "to eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 602 (2010) (quoting 15 U.S.C. § 1692(e)). The FDCPA "distinguishes a 'debt collector,' which collects the debts due to another, from a 'creditor,' which seeks to collect on its own debts." *Bruce v. Pentagon Fed. Credit Union*, No. 2:17-CV-2170-BHH-MGB, 2018 WL 4957387, at *3 (D.S.C. July 24, 2018), *adopted by*, 2018 WL 4476129 (D.S.C. Sept. 19, 2018), *aff'd*, 765 F. App'x 30 (4th Cir. 2019). More specifically, the FDCPA defines a debt collector as "any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Dismissal is proper under Rule 12(b)(6) where a complaint fails "to allege facts demonstrating that [the defendant] was acting as a 'debt collector, as defined by [the FDCPA], when it was collecting on debts owed by the plaintiff[ ]." *Henson v. Santander Consumer USA, Inc.*, 817 F.3d 131, 140 (4th Cir. 2016), *cert. granted*, 137 S. Ct. 810, 196 L.Ed. 2d 595 (2017), *aff'd*, 137 S. Ct. 1718, 198 L.Ed. 2d 177 (2017).

7

REV argues that Plaintiff cannot establish REV was a debt collector because "the debt at issue was owed to REV, with whom the Plaintiff maintained the account." (Dkt. No. 30-2 at 6.) Citing § 1692a(6), Plaintiff asserts that "REV is a debt collector under the 'Principle Purpose' definition" because it has used email communications and U.S.P.S. mail for the 'principal purpose' of trying to collect an alleged debt from Plaintiff which no longer exists." (Dkt. No. 37 at 3, 6.) Plaintiff further asserts that the alleged debt "derived from a transaction on his personal account [and] therefore REV did not lend Plaintiff any money nor extend[] him credit." (*Id*. at 4.)

Notably, Plaintiff's Amended Complaint alleges that REV "issued an account ending in 3140 to Plaintiff" and thereafter reported this account as having a negative balance. (Dkt. No. 29 at 5.) In other words, Plaintiff's own allegations establish that REV was the creditor to the account at issue. Plaintiff's arguments to the contrary are without merit. As an initial matter, there is no basis to find that the principal purpose of REV's business is the collection of debts, as Plaintiff suggests. Further, whether REV accounted for Plaintiff's debt as a "write off" has no impact on the Court's analysis here. *See In re Washington*, 581 B.R. 150, 158 n.15 (Bankr. D.S.C. 2017) ("[A] 'write off' or 'charge off' is an internal accounting practice and does not have the legal effect of discharging a debtor from the underlying debt.") (collecting cases).

Indeed, courts in this circuit have found that "[c]rediting institutions, such as banks, are not debt collectors under section 1692a(6)(A) because they collect their own debts and are in the business of lending money to consumers." *Davis v. Dillard Nat'l Bank*, No. 1:02-546, 2003 WL 21297331, at *4 (M.D.N.C. June 4, 2003); *see also Bruce*, 2018 WL 4957387, at *3 (finding defendant credit union was not subject to liability under the FDCPA where plaintiff disputed a debt that originated as a loan issued by defendant). That is precisely the situation here. Because

REV is not a debt collector under the facts alleged, REV is not subject to liability under the FDCPA. The undersigned therefore recommends Plaintiff's Fifth Cause of Action be dismissed.

### C. Claim for violation of SCUTPA and FTC Act

Plaintiff's Ninth Cause of Action alleges REV violated both the SCUTPA and the FTC Act by failing to cancel Plaintiff's debt after REV wrote off the debt as a loss. (Dkt. No. 29 at 23–25.) REV argues that this claim fails because, *inter alia*: (1) the FTC Act does not grant a private right of action; and (2) Plaintiff fails to allege sufficient facts in support of his claim that REV's alleged violations of SCUTPA has an effect on the public interest. (Dkt. No. 30-2 at 7–11.) In his response, Plaintiff does not dispute REV's assertion that the FTC Act does not provide a private right of action. Rather, he focuses on his SCUTPA claim, arguing that REV's conduct implicates the public interest. (Dkt. No. 37 at 8–11.)

The SCUTPA prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code Ann. § 39-5-20. "A plaintiff bringing a private cause of action under SCUTPA must allege and prove that the defendant's actions adversely affected the public interest." *Morgan v. HSBC Bank USA, Nat. Ass'n*, No. 6:13-CV-03593-JMC, 2015 WL 3888412, at *4 (D.S.C. June 24, 2015) (citing *Noack Enterprises Inc. v. Country Corner Interiors, Inc.*, 351 S.E.2d 347, 349–50 (S.C. Ct. App. 1986)). "Conduct that affects only the parties to the transaction provides no basis for a SCUTPA claim." *Id*. (citing *Robertson v. First Union Nat'l Bank*, 565 S.E.2d 309, 315 (S.C. Ct. App. 2002)). The "adverse effect on the public must be proved by specific facts." *Jefferies v. Phillips*, 451 S.E.2d 21, 23 (S.C. Ct. App. 1994).

> An impact on the public interest may be shown if the acts or practices have the potential for repetition. The potential for repetition may be shown in either of two ways: (1) by showing the same kind of actions occurred in the past, thus making it likely they will continue to occur absent deterrence; or (2) by showing the

9

company's procedures created a potential for repetition of the unfair and deceptive acts.

*Skywaves I Corp. v. Branch Banking & Tr. Co*., 814 S.E.2d 643, 655 (S.C. Ct. App. 2018 (quoting *Singleton v. Stokes Motors, Inc*., 595 S.E.2d 461, 466 (S.C. 2004))).

Notably, the Amended Complaint does not mention any adverse effect on the public under Plaintiff's SCUTPA claim. In his response brief, Plaintiff asserts that REV's procedures create a potential for repetition of the unfair and deceptive acts. (Dkt. No. 37 at 9.) Here, Plaintiff alleges "it is deceptive [] for REV as part of its internal accounting practices and policy to determine the nature of a debt, and an alleged 'write off', [and then] . . . report a debt with a balance and still claim that a[] debt is due." (*Id*. at 11.) According to Plaintiff, despite REV's assertions that the debt still exists, there is no evidence in the record "confirming that the alleged debt has not been cancelled as a result of the write off." (*Id*.)

Upon careful review, the undersigned finds that Plaintiff has not alleged an adverse impact on the public interest sufficient to establish a SCUTPA claim. Other than Plaintiff's conclusory allegations, there is no basis to find that REV's decision to "write-off" Plaintiff's debt without cancelling it constitutes a deceptive act. *See*, *e.g*., *See In re Washington*, 581 B.R. at 158–59; *Mitchell Bank v. Schanke*, 676 N.W.2d 849, 854 n.7 (2004) ("A 'write off' does not mean that the institution has forgiven the debt or that the debt is not still owing."). Without more, the undersigned cannot find that Plaintiff has established a potential for repetition of any unfair or deceptive act by REV or otherwise indicated an adverse impact on the public interest. *See also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (dismissing *pro se* complaint because it "failed to contain any factual allegations tending to support his bare assertion"); *see also Pulliam v. Clark*, No. 4:11-CV-03047-RBH, 2012 WL 1835717, at *7 (D.S.C. May 21, 2012) ("The sole allegation regarding this is in paragraph 84, which states that First Century's acts and practices are capable of repetition because

the bank 'continues to be actively engaged in the banking business in the state of South Carolina.' However, the fact that an actor is still alive and engaged in the same business is not sufficient to establish a potential for repetition."); *First Nat. Bank v. First Nat. Bank of the S.*, No. 6:07-CV-2182-HMH, 2007 WL 3232116, at *2 (D.S.C. Oct. 31, 2007) (dismissing SCUTPA claim where "[t]he only harm alleged by the Defendants in the complaint is that FNB's actions 'caused Defendant to suffer lost profits, loss of goodwill and damage to their respective reputations'"); *Ethox Chem., LLC v. Coca-Cola Co.*, No. 6:12-CV-01682-TMC, 2013 WL 41001, at *3 (D.S.C. Jan. 3, 2013) ("Even if Coca-Cola has been accused of similar past violations, which the court is not assuming without additional factual allegations, allegations of accusations are not the same as allegations of specific similar past acts. Similarly, the complaint fails to allege any specific procedures or business practices that create the potential for repetition. The court also notes that the outcome of this case will affect only the parties and not the broader public.").

Based on the foregoing, the undersigned recommends Plaintiff's Ninth Cause of Action be dismissed in its entirety.[4]

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that REV's Partial Motion to Dismiss (Dkt. No. 30) be GRANTED IN PART AND DENIED IN PART. Specifically, Plaintiff's Third and Fourth Causes of Action should remain pending only as to the FCRA related claims, Plaintiff's Sixth Cause of Action should remain pending, and Plaintiff's Seventh and Ninth Causes of Action should be dismissed in their entirety.

**IT IS SO RECOMMENDED**.

---

[4] Plaintiff does not dispute that his FTC Act claim should be dismissed, and it is well established that "the FTC Act does not create a private right of action." *Leonard v. LeBarron*, No. 2:21-CV-3487-DCN-MHC, 2021 WL 8362382, at *2 n.2 (D.S.C. Dec. 13, 2021) (collecting cases), *adopted by*, 2022 WL 1488014 (D.S.C. Jan. 24, 2022).

September 12, 2022  
Charleston, South Carolina

_____  
MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

12

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).