**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| NELSON L. BRUCE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC., *et al.*<br><br>　　　　Defendants. | Case No.: 2:22-cv-02211-BHH-MGB |

**DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE DEFAULT AND RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR DEFAULT JUDGMENT**

Defendant LexisNexis Risk Solutions Inc. ("LNRS"), by its counsel, hereby specially appears in this case to move this Court to set aside the default entered on March 29, 2023, and oppose Plaintiff Nelson Bruce's Amended Motion for Default Judgment, Dkt. No. 79.[1]

**INTRODUCTION**

The Clerk's entry of default should be set aside and Plaintiff's Motion for Default Judgment should be denied because LNRS was not properly served. LNRS' registered agent rejected the Summons and Amended Complaint because the Summons was directed to Defendant Pentagon Federal Credit Union ("PENFED") rather than LNRS. The registered agent sent a letter to Plaintiff informing Plaintiff that the agent was not able to forward the documents to any party because it is not the registered agent for PENFED. The Summons and Amended Complaint were never provided to LNRS.

---

[1] For the sake of efficiency, LNRS combines its Motion to Set Aside Default and Response in Opposition to Plaintiff's Amended Motion for Default Judgment into this single brief. *See, e.g., F.D.I.C. v. Danzig*, No. 93-1294, 1993 U.S. App. LEXIS 30081, at *5 (4th Cir. Nov. 22, 1993) (holding the Court may treat a defendant's response in opposition to a motion for default judgment as a motion to set aside the entry of default).

Without proper service, this Court lacks personal jurisdiction over LNRS. Accordingly, no default may be entered against LNRS.

## PROCEDURAL HISTORY

Plaintiff filed this case on July 12, 2022, against Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC, and Pentagon Federal Credit Union ("PenFed"). Compl., Dkt. No. 1. On November 2, 2022, Plaintiff filed his Amended Complaint adding LNRS as a named Defendant. Am. Compl., Dkt. No. 31.

The docket indicates various activity with respect to the Summons issued to LNRS. First, a Summons was issued on November 2, 2022, directed to CT Corporation System, 75 Beattie Place, Greenville, South Carolina 29601. Dkt. No. 32. The Court ordered the Clerk of Court to forward a copy of the Summons and Amended Complaint to the United States Marshal for service of process. Dkt. No. 33. On December 14, 2022, Plaintiff filed a "Notice to the Court" to "correct the address for service upon LexisNexis Risk Management, Inc." (a non-party and non-legal entity). Dkt. No. 46. On December 16, 2022, the docket includes the following entry: "Summons Returned Unexecuted (Restricted Access) by Nelson L. Bruce as to Pentagon Federal Credit Union." Dkt. No. 47. Thereafter, the Court entered an Order authorizing the Clerk of Court to forward a copy of a new Summons and Amended Complaint to the United States Marshal for service of process. Dkt. No. 48. A new Summons was issued on December 16, 2022, to the same Beattie Place address. Dkt. No. 49. That Summons was returned unexecuted on January 19, 2023. Dkt. No. 57. The Court thereafter issued a third Order authorizing the Clerk of Court to forward a copy of a new Summons and Amended Complaint to the United States Marshal for service of process. Dkt. No. 58. A new Summons was issued on January 20, 2023, directed to "CT Corporation System (registered agent for: LexisNexis Risk Management, Inc.), 2 Office Park

2

Court, Suite 103, Columbia, South Carolina 29223." Dkt. No. 59. The docket claims the Summons was served on February 15, 2023. Dkt. No. 69.

Despite the docket entry, LNRS' registered agent—CT Corporation System—rejected the service. Affidavit of Tamara Kling ¶ 6, attached hereto as Exhibit 1. The Summons was served upon PENFED instead of CT Corporation when the process server delivered the documents. *Id*. at ¶ 5. The registered agent accordingly rejected the service. *Id.* at ¶ 6. On February 17, 2023, the registered agent sent a letter to Plaintiff informing him of the rejected service of process. *Id* at ¶ 6, Ex. B. The letter identified the title of this action, the case number, and noted that the party served was "PENTAGON FEDERAL CREDIT UNION (PENFED)." *Id.*, Ex. B. The letter stated: "We have received documents from you in the above referenced matter, but we are not able to forward the documents to any party" because "we are not the registered agent for the company you are attempting to serve." *Id.* The registered agent did not forward the Summons or Amended Complaint to LNRS. *Id*. at ¶ 7.

On March 14, 2023, Plaintiff requested entry of default and moved for a default judgment as to LexisNexis Risk Management, Inc. (a non-party).[2] Dkt. Nos. 76, 77. On March 27, 2023, Plaintiff filed an Amended Motion for Default Judgment against LNRS. Dkt. No. 79. The Clerk entered default as to LNRS on March 29, 2023. Two days later, LNRS filed this Motion.

## **LEGAL STANDARD**

When an entry of default has been made pursuant to Rule 55, the Court may set aside the entry of default for good cause. Fed. R. Civ. P 55(c); *see also Danzig*, 1993 U.S. App. LEXIS

---

[2] LNRS assumes Plaintiff's Motion for Default Judgment against "LexisNexis Risk Management Inc." will be denied as moot given LexisNexis Risk Management Inc. is not a named defendant in the Amended Complaint (nor is it a legal entity) and Plaintiff subsequently filed an amended Motion against LNRS. However, LNRS (and its affiliates) reserve any and all rights to challenge that motion if needed.

3

30081, at *5. The Court should construe the "good cause" standard liberally "in order to provide relief from the onerous consequences of defaults and default judgments." *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987). Indeed, default judgments are disfavored in the law, which prefers a resolution of claims on their merits. *Lombrana-Perez v. Wilkes*, No. 6:16-cv-01842-BHH-KFM, 2017 U.S. Dist. LEXIS 49492, at *2 (D.S.C. Mar. 9, 2017); *Kemp v. Johnson*, No. 1:09-3195-TLW-SVH, 2011 U.S. Dist. LEXIS 12675, at *3 (D.S.C. Jan. 12, 2011). "When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006); *see also Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) ("Generally, a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense."). "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

## **ARGUMENT**

### I. Good cause exists to set aside default because LNRS was not properly served.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party serviced." *Omni Cap. Int'l., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987); *Choice Hotels Int'l v. Bonham*, 1997 U.S. App. LEXIS 26909 (4th Cir. Sept. 30, 1997) ("Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction.").

Where a party is not properly served, no default judgment can be awarded, and any default entered must be set aside. *See, e.g., Bone v. Dick's Sporting Goods, Inc.*, No. 3:20-cv-02856, 2022 U.S. Dist. LEXIS 25921, at *14 (D.S.C. Feb. 14, 2022) ("[T]here is good cause to set aside the entry of default against Sole Fitness as process was not properly served."); *Parkel v. South Carolina*, No. 4:07-3009, 2009 WL 425631, at *2 (D.S.C. Feb. 18, 2009), *R&R adopted,* 2009 U.S. Dist. LEXIS 12917 (D.S.C. Feb. 18, 2009) ("[T]here is no evidence of proper service on Taggart.  Thus, Plaintiff's Motion for Default Judgment should be denied."); *see also O.J. Distributing, Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) ("If service of process was not proper, the court must set aside entry of default."); *Barnes v. Hartford*, No. 3:10-cv-0072, 2011 U.S. Dist. LEXIS 2650, at *3 (N.D. W. Va. Jan. 10, 2011) (denying motion for default judgment because "there is not valid service upon which to support a default judgment.").

The entry of default must be set aside and Plaintiff's Motion for Default Judgment denied because LNRS was not properly served with Summons and Amended Complaint.  LNRS' registered agent read the Summons as being directed to PENFED. *See* Fed. R. Civ. P. 4(a)(1)(B) ("a summons must . . . be directed to the defendant").  The agent accordingly rejected the service of process and never forwarded the Summons or Amended Complaint to LNRS.  Aff. Of Tamara King ¶ 7, Ex. B; s*ee Hush v. Schwan's Consumer Brands, Inc.*, No. 3:21-cv-655, 2022 U.S. Dist. LEXIS 132488, at *7–8 (W.D.N.C. June 27, 2022) (holding service of process was not proper under North Carolina's Rule 4 where "the summons was not properly directed to the defendant" resulting in "the registered agent . . . never passing the summons and complaint along to Defendant.").  Without valid service, the Court lacks personal jurisdiction over LNRS and the ability to enter a default judgment. *Bone*, 2022 U.S. Dist. LEXIS 25921, at *7.  For this reason,

5

the Court should grant LNRS' Motion to Set Aside Default and deny Plaintiff's Motion for Default Judgment.

## II.  LNRS has meritorious defenses to Plaintiff's claims.

The Court should also consider whether LNRS "has a meritorious defense" to Plaintiff's claims. *Payne*, 439 F.3d at 204-05. Those defenses are evident on the face of Plaintiff's Amended Complaint.

For example,[3] Plaintiff alleges claims against LNRS for defamation and purported violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"). Am. Compl. ¶¶ 79–88, 104–12. Notably, however, the FCRA states "no consumer may bring any action or proceeding in the nature of defamation . . . with respect to the reporting of information against any consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e). Plaintiff's Amended Complaint is devoid of any factual allegations (beyond mere legal conclusions) that LNRS acted with malice or willful intent to injure. As such, Plaintiff's defamation claim is preempted by the FCRA and subject to dismissal, as this Court recently held in one of Plaintiff's other cases alleging the same claim. *See Bruce v. REV Federal Credit Union*, No. 2:22-cv-01292-BHH-MGB, 2022 U.S. Dist. LEXIS 226130, at *6–8 (D.S.C. Sept. 12, 2022).

LNRS also intends to assert defenses to Plaintiff's claim under section 1681e(b) of the FCRA. *See* Am. Compl. ¶ 82. The FCRA is not a strict liability statute. *Dalton v. Cap. Assoc. Indus., Inc.*, 257 F.3d 409, 417 (4th Cir. 2001); *see also Spence v. TRW, Inc.*, 92 F.3d 380, 383 (6th Cir. 1996) (Section 1681e(b) "does not impose strict liability for inaccurate entries in

---

[3] LNRS reserves the right to fully and completely respond to Plaintiff's Amended Complaint, should Plaintiff effectuate proper service on LNRS. The defenses listed here are not intended to be an exhaustive list of each of LNRS' defenses in this case.

consumer reports; the preparer is held only to a duty of reasonable care."). Rather, to prevail on a claim under section 1681e(b), a plaintiff must prove (1) an inaccuracy on a consumer report, (2) that the consumer reporting agency lacks reasonable procedures to assure maximum possible accuracy, and (3) damages caused by the inaccurate report. *Harris v. Experian Info. Sols., Inc.*, No. 6:06-cv-1808, 2009 U.S. Dist. LEXIS 149959, at *11–20 (D.S.C. June 30, 2009). Plaintiff will ultimately be unable to prevail on his claim under section 1681e(b) because, among other reasons, LNRS maintains reasonable procedures to assure maximum possible accuracy of the information in its consumer reports.

Because LNRS holds meritorious defenses, LNRS' Motion to Set Aside Default should be granted so that LNRS may present these and other defenses after Plaintiff effectuates proper service on LNRS.

**III.   LNRS acted promptly to set aside default.**

Upon the discovery of entry of default and Plaintiff's Motion for Default Judgment, LNRS acted immediately to respond. Plaintiff requested entry of default on March 14, 2023, and filed his Amended Motion for Default Judgment on March 27, 2023. Dkt. Nos. 76, 79. LNRS is filing this Motion less than five days after Plaintiff's motion was filed. No parties will be prejudiced by granting this Motion to Set Aside default. Indeed, the case is in its early stages of litigation and briefing continues on PENFED's motion to dismiss Plaintiff's Amended Complaint. *See* Dkt. No. 68 (PENFED's Objection to Report and Recommendation). Given LNRS' prompt actions, the entry of default should be set aside. *LM Gen. Ins. v. Frederick*, No 4:18-cv-01264, 2019 U.S. Dist. LEXIS 26005, at *8 (D.S.C. Feb. 19, 2019) (finding motion to set aside made within 34 days of entry of default timely).

## CONCLUSION

For the foregoing reasons, LexisNexis Risk Solutions Inc. respectfully requests that the Court (1) grant its Motion to Set Aside Default; (2) deny Plaintiff's Amended Motion for Default Judgment; and (3) grant any other such relief as may be appropriate.

This the 31st day of March, 2023.

/s/ William J. Farley III
William J. Farley III
Fed. Bar No. 12004
Troutman Pepper Hamilton Sanders LLP
301 S. College Street, Suite 3400
Charlotte, NC 28202
Telephone: 704.998.4099
Email: Will.Farley@troutman.com

*Counsel for Defendant LexisNexis Risk Solutions Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of March 2023, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system and also sent via U.S. Mail to the following:

Nelson L. Bruce
PO Box 3345
Summerville, SC 29484
*Pro Se Plaintiff*

/s/William J. Farley III
William J. Farley III