# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| NELSON L. BRUCE, | |
| Plaintiff, | |
| v. | Case No.: 2:22-cv-02211-BHH-MGB |
| LEXISNEXIS RISK SOLUTIONS INC., *et al.* | |
| Defendants. | |

## AFFIDAVIT OF TAMARA KLING

I, Tamara Kling, being duly sworn, state the following:

1. I am a Representation Services Advisor for C T Corporation System ("CT"), and as such am authorized to provide this Affidavit . I am over the age of eighteen years, am not under any mental disability, and am otherwise competent to make this Affidavit .

2. CT is a commercial registered agent, and in that capacity receives and forwards service of process on behalf of its customers. As a Representation Services Advisor for CT, I am familiar with the records CT creates and maintains in the ordinary course of business related to its receipt, processing, storage and transmittal of the legal process it receives. The entries in those records are made at the time of the events and conditions they describe either by people with first-hand knowledge of those events or conditions or from information provided by people with such first-hand knowledge. All facts set forth in this Affidavit are based on my personal knowledge and review of such records, and all exhibits attached to this Affidavit are true and correct copies of such records.

3. CT maintains an address for service of process at 2 Office Park Court, Suite 103, Columbia, SC 29223 (the "South Carolina Address").

4.   CT is not a registered agent for Pentagon Federal Credit Union ("PENFED") in the state of South Carolina and was not a registered agent for Pentagon Federal Credit Union ("PENFED") in the state of South Carolina at any time relevant to this Affidavit .

5.   According to CT's records, on February 17, 2023 CT received a package of documents at its South Carolina Address directed to Pentagon Federal Credit Union ("PENFED") by process server.  A copy of those documents is attached as **Exhibit A**.

6.   Because CT is not the registered agent for Pentagon Federal Credit Union ("PENFED") South Carolina, CT rejected service of the  February 17, 2023 documents.  CT notified the sending party of this rejection by letter dated February 17,  2023 addressed to Nelson L. Bruce, PO Box 3345, Summerville S.C. 29484. A copy of the rejection letter is attached as **Exhibit B**.

7.   CT's records indicate that it did not forward a copy of the February 17, 2023 documents to Pentagon Federal Credit Union ("PENFED") or any other entity.


I declare under penalty of perjury that the information I have provided in this affidavit is true and correct.

Tamara Kling

SWORN TO AND SUBSCRIBED BEFORE
ME THIS _3 1_ DAY OF MARCH, 2023

Notary Public

CHRISTINA HALLM
Official Seal
Notary Public - State of Illinois
My Commission Expires Jul 25, 2026

2

# EXHIBIT A



# PROCESS SERVER DELIVERY DETAILS

**Date:**                           Fri, Feb 17, 2023
**Server Name:**                    Drop Service

| Entity Served | pentagon federal credit union (penfed) |
|---|---|
| Case Number | 222cv02211bhhmgb |
| Jurisdiction | SC |

| Inserts | | |
|---|---|---|
| | | |



AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of South Carolina

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Plaintiff(s)_ | ) | |
| v. | ) | Civil Action No.: 2:22-cv-02211-BHH-MGB |
| | ) | |
| | ) | |
| PENTAGON FEDERAL CREDIT UNION ("PENFED"), et al. | ) | |
| _Defendant(s)_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  C T CORPORATION SYSTEM (registered agent for: LexisNexis Risk Management, Inc.)
2 Office Park Court
Suite 103
Columbia, South Carolina 29223

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Nelson L. Bruce
c/o P.O. Box 3345
Summerville, South Carolina [29484]

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date:  1/20/2023 _____     _____
_Signature of Clerk or Deputy Clerk_

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | C/A No. 2:22-CV-02211-BHH-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Pentagon Federal Credit Union, et. al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Plaintiff Nelson L. Bruce, appearing *pro se* and *in forma pauperis*, brings this civil action alleging violations of the Fair Credit Reporting Act, among other claims. Plaintiff filed this action on July 12, 2022. (Dkt. No. 1.) On November 2, 2022, Plaintiff filed an Amended Complaint pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. (Dkt. No. 31.) The Amended Complaint adds LexisNexis Risk Solutions, Inc. ("LexisNexis") as a named defendant. The Court issued an Order authorizing service on LexisNexis on November 2, 2022, with a service deadline on January 31, 2023. (Dkt. No. 33.) On December 14, 2022, Plaintiff filed a Notice, providing an updated address for LexisNexis and a new proposed summons. (Dkt. No. 46.) The Court then issued another Order authorizing service on LexisNexis at the updated address. (Dkt. No. 48.) It has now come to the Court's attention that while a summons was again issued, it was not issued at the updated address. (Dkt. Nos. 49; 57.) Accordingly, the Court issues this Order to ensure that service is attempted on LexisNexis at the updated address provided by Plaintiff.

**TO THE CLERK OF COURT**:

The Clerk of Court is directed to issue the summons (Dkt. No. 46-1) for LexisNexis Risk Solutions, Inc. and to forward a copy of this Order, the summons, the Form USM-285, and the

1

Amended Complaint to the United States Marshal for service of process. The service deadline is extended to February 20, 2023.

**TO THE UNITED STATES MARSHAL:**

The United States Marshal shall serve the Amended Complaint on Defendant LexisNexis Risk Solutions, Inc. As stated above, service must be accomplished by **February 20, 2023**. The United States Marshals Service is advised that it must expend a reasonable investigative effort to locate a defendant once a defendant is properly identified. *See Greene v. Holloway*, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. 2000) (citing with approval *Graham v. Satkoski*, 51 F.3d 710 (7th Cir. 1995)). If the information provided on the Form USM-285 is not sufficient for the Marshal to effect service of process, after reasonable investigative efforts have been made to locate a properly identified Defendant, the Marshal should so note in the "Remarks" section at the bottom of the Form USM-285.

**TO DEFENDANTS:**

Defendants are directed to file an answer to the Amended Complaint or otherwise plead in accordance with Rule 12 of the Federal Rules of Civil Procedure.

AND IT IS SO ORDERED.

January 20, 2023
Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

2

**FILE ON DEMAND**

RECEIVED USDC
CHARLESTON SC
U.S.P.S. Priority Mail Express No.: EL9 981 742 363 US

**UNITED STATES DISTRICT COURT** 2023 OCT -2  AM 8: 43
**FOR THE DISTRICT OF SOUTH CAROLINA**

**RECEIVED**

FEB 08 2023

| | |
|---|---|
| Nelson L. Bruce, | ) |
| | ) |
| Plaintiff's, | ) Case No.: 2:22-cv-02211-BHH-MGB |
| | ) |
| v. | ) 1ˢᵗ AMENDED |
| | ) VERIFIED COMPLAINT for violations |
| PENTAGON FEDERAL CREDIT UNION | ) of the Fair Credit Reporting Act (FCRA), 15 |
| A.K.A. PENTAGON FEDERAL CREDIT | ) U.S.C.§ 1681 et seq., 15 U.S.C. § 1692 et |
| UNION FOUNDATION ("Collectively" | ) seq., commonly known as the Fair Debt |
| PENFED) Experian Information Solutions, | ) Collections Practices Act (FDCPA), |
| Inc., Trans Union, LLC, Equifax | ) the Financial Identity Fraud and Identity Act |
| Information Services, LLC, LEXISNEXIS | ) as codified under 37-20-170 et seq. and 37- |
| RISK SOLUTIONS, INC., ALL | ) 20-200 et seq., Failure to comply U.C.C. 9- |
| UNKNOWN DOE'S 1-100, et al. | ) 210 et seq., and 36-9-210 et seq., The South |
| | ) Carolina Unfair Trade Practices Act" As |
| Defendants. | ) Codified Under 39-5-20, Common Law |
| | ) Defamation of Character "Libel" Negligent |
| | ) Infliction Of Emotional Distress And |
| | ) Intentional Infliction Of Emotional Distress |
| | ) DEMAND FOR JURY TRIAL BY |
| | ) JURY |
| | ) |

## VERIFIED COMPLAINT

Comes now Plaintiff, **Nelson L. Bruce,** hereby individually and separately sues each

Defendant identified in this matter. Plaintiff is amending his complaint to add additional parties

and claims. Plaintiff does not consent to magistrate jurisdiction. Plaintiff respectfully sets forth,

complains, and states as follows with his complaint:

## PRELIMINARY STATEMENT

1. This is an action for damages (actual, statutory, compensatory and punitive costs and if

    applicable, attorneys' fees) brought by an individual consumer for Defendants' Violations of

    the Fair Debt Collection Practices Act, 15 U.S.C, § 1692, et seq. (the "FDCPA"), the Fair

Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA"), the Financial Identity Fraud

and Identity Theft Protection Act" as codified under 37-20-170 et seq. and 37-20-200 et seq.

of the South Carolina Consumer Protection Code ("SCCPC"), Failure to comply with U.C.C.

9-210 et seq., and 36-9-210 et seq., "THE SOUTH CAROLINA UNFAIR TRADE

PRACTICES ACT ("SCUTPA") AS CODIFIED UNDEER 39-5-20, Common Law

Defamation of Character "Libel", and NEGLIGENT INFLICTION OF EMOTIONAL

DISTRESS AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

2. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing,

Willful, intentional, reckless, negligent, done with malice, the intent to injure plaintiff, to

harm and damage the plaintiff and his credit worthiness as Defendants did not maintain

procedures reasonably adapted to avoid any such violations and/or did not do a reasonable

nor a proper investigation and/or reinvestigation into the matter.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1692k(d) et seq. as well

as 15 U.S.C. § 1681p et seq.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331

because the rights and obligations of the parties in this action are defined by 15 U.S.C. §

1681 and also 15 U.S.C. § 1692 pursuant to 15 U.S.C. § 1681p et seq. and 15 U.S.C. §

1692k(d) et seq., which in general provides that an action to enforce any liability created

under 15 U.S.C. § 1681 and 15 U.S.C. § 1692 may be brought in any appropriate United

States district court, without regard to the amount in controversy.

5. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a).

6.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in South Carolina.

7.  Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA").

8.  Plaintiff brings this action for damages arising from the Defendants' violations of Title 37-20-170 et seq. ("SCCPC").

9.  Plaintiff also brings this action for damages arising from the Defendant PENTAGON FEDERAL CREDIT UNION A.K.A. PENTAGON FEDERAL CREDIT UNION FOUNDATION (hereinafter referred to as "PENFED") for violations of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

10. Plaintiff, **Nelson L. Bruce,** is a natural person, who resides in the State of South Carolina.

11. At all times material hereto, Plaintiff was and is a "consumer" as said term is defined under 15 U.S.C. § 1681a(c) and 37-20-110 (1) of the SCCPC.

12. As part of its business, Defendant PENFED is a "furnisher" of consumer credit information, are persons who furnished information to consumer reporting agencies such as Defendants, Trans Union, Equifax, LexisNexis and Experian as that term is used in Section 1681s-2 et seq.  PENFED is a Corporation with its principal place of business in Virginia and is authorized to do business in this judicial district. PENFED conducts business in this jurisdiction, and may be served with process through their registered agent SCOTT LIND at **2930 Eisenhower Avenue, Alexandria, Virginia 22313.**

13. Defendants PENFED is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6)

of the FDCPA and Section 37-1-301(28) of the SCCPC and was acting as debt collectors with respect to the collection of the Plaintiff's alleged debt. PENFED is also "Persons" as that term is defined in 37-20-110(10).

14. Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation with its principal place of business in California. Experian is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f) of the FCRA and a Consumer Credit Reporting Agency as defined in Section 37-20-110(2) of the SCCPC and conducts substantial and regular business activities in this judicial district. Defendant Experian is a Ohio corporation registered to do business in the State of South Carolina and may be served with process upon the C T CORPORATION SYSTEM, its registered agent for service of process at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223.

15. Equifax Information Services, LLC (hereinafter "Equifax") is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f) of the FCRA. And a Consumer Credit Reporting Agency as defined in Section 37-20-110(2) of the SCCPC and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of South Carolina, upon information and belief its members are citizens of the state of Georgia and may be served with process upon the CORPORATION SERVICE COMPANY, its registered agent for service of process at 508 Meeting Street, West Columbia, South Carolina 29169.

16. Trans Union, LLC (hereinafter "Trans Union" or "TransUnion") is a limited liability company, a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f) of the FCRA. And a Consumer Credit Reporting Agency as defined in Section 37-20-110(2) of the SCCPC and conducts substantial and regular business activities in this

judicial district. Defendant TransUnion is a Delaware corporation registered to do business in the State of South Carolina, upon information and belief, its members are citizens of the state of Delaware and may be served with process upon the Prentice-Hall Corporation System, its registered agent for service of process at 508 Meeting Street, West Columbia, South Carolina 29169.

17. LexisNexis Risk Solutions, Inc. (hereinafter "LexisNexis") is a corporation with its principal place of business in Georgia. LexisNexis is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f) of the FCRA and a Consumer Credit Reporting Agency as defined in Section 37-20-110(2) of the SCCPC and conducts substantial and regular business activities in this judicial district. Defendant LexisNexis is a Georgia corporation registered to do business in the State of South Carolina and may be served with process upon the C T CORPORATION SYSTEM, its registered agent for service of process at 75 Beattie Place, Greenville, South Carolina 29601.

18. At all times material here to, Defendants, TransUnion, Experian, and Equifax are consumer reporting agencies regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers such as plaintiff for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) and 15 U.S.C. §1681a(f) to third parties.

19. Upon information and belief TransUnion, Experian and Equifax disburse consumer reports to third parties for monetary compensation.

20. All events herein occurred in this judicial district.

## STATEMENT OF FACTS
### BACKGROUND

21. At all times relevant to this matter, Plaintiff was and is an individual, a natural person, a

consumer residing within the State of South Carolina.

22. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

23. On information and belief, on a date better known to Defendants TransUnion, Experian and Equifax, hereinafter ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to a PENFED, and/or REV collection accounts.

24. PENFED and REV improperly and in violation of the FCRA, continued to report the debt accounts on Plaintiff's credit report which defendant knows or has reasonable cause to believe that the information is inaccurate.

25. The information furnished by PENFED and REV and published by the Bureaus is inaccurate and misleading because the Plaintiff disputed information as evidenced by his disputes (See…ECF No. 1-2, Exhibit A (Evidencing a copy of disputes to the Bureaus), which is hereby incorporated by reference in its entirety) including the balance allegedly owed on the PENFED and REV alleged debts which is hereby incorporated by reference in its entirety which the Bureaus should have properly investigated.

26. Additionally, the accounts reported were not marked as disputed by defendants in violation of the FCRA.

27. Defendant PENFED violated the FDCPA in that it did not report that Plaintiff had disputed the Alleged Debt.

28. The reporting of a debt to a credit reporting agency by a debt collector is a communication covered by the FDCPA, as is the failure to communicate information.

29. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various third parties, persons and credit grantors, both known and unknown.

30. Plaintiff notified both the Bureaus, PENFED and REV that he disputed the accuracy of the information the Bureaus were reporting.

31. Dispute letters were sent to Experian via U.S.P.S. Priority Mail Express, signature required, Equifax via certified mail return receipt requested and Trans Union online. (See…ECF No. 1-2, Exhibit A, which is hereby incorporated by reference in its entirety).

32. "Verification" is the legal context refers to a declaration under oath or upon penalty of perjury that a statement or pleading is true. The verification is located at the end of a document. This is the legal definition of verification.

33. On or about September 24, 2021, Plaintiff pulled his consumer credit report and sent out disputes triggering an investigation disputing an account and information reported by REV Federal Credit Union and a credit card account, a line of credit account and an auto loan account and information reported by PENFED related to these accounts, reported and published allegedly belonging to plaintiff to which PENFED claims plaintiff is liable for with Equifax and Experian. These disputes provided information in an effort to assist the credit bureaus and help with their reinvestigation of the accounts and the information being reported and published on plaintiff's consumer report (See…ECF No.1-2, Exhibit A, which is hereby incorporated by reference in its entirety) and pointed out to all Defendants the improper, inaccurate derogatory tradelines to be investigated and requested that the tradelines be deleted/removed.

34. Equifax received Plaintiff's dispute and request for investigation on or about September 26, 2021.

35. Experian received Plaintiff's dispute and request for investigation on or about September 27, 2021.

36. On or about 1-12-2022 Plaintiff received a copy of his consumer file/report that LexisNexis was reporting and publishing with inaccuracies. (See...Exhibit E)

37. On or about June 2, 2022 LexisNexis received a verbal dispute (over the phone) from Plaintiff disputing all accounts and information reported by PenFed and REV and requested that any and all accounts and information reported by PenFed and REVFCU be investigated for inaccuracies.

38. On or about June 30, 2022 LexisNexis provided a letter stating that they have removed the disputed information from plaintiffs file reported to which is related to his June 2, 2022 dispute. (See...Exhibit E) but failed to provide a copy of the updated file/report in violation of the FCRA which plaintiff requested a copy be sent.

39. On or about July 29, 2022 Plaintiff received a copy of the updated consumer credit file/report from LexisNexis which evidence the exact same information disputed therefore LexisNexis provided false and misleading information regarding the removal of information as the updated file/report did not show that anything was removed as alleged by LexisNexis on or about June 30, 2022. (See...Exhibit E)

40. On or about August 15, 2022, LexisNexis received another verbal dispute (over the phone) from Plaintiff disputing all accounts and information reported by PenFed and REV and requested that any and all accounts and information reported by PenFed and REVFCU be Re-investigated for inaccuracies.

41. On or about September 8, 2022 LexisNexis provided another letter stating that they have removed the disputed information from plaintiffs file reported to which is related to his August 15, 2022 dispute (See...Exhibit E) but yet again failed to provide a copy of the updated file/report in violation of the FCRA yet again which plaintiff requested a copy of the updated report be sent to him.

42. On or about September 8, 2022 Plaintiff received a copy of the updated consumer credit file/report from LexisNexis which evidence the exact same information disputed on June 2, 2022 therefore LexisNexis provided false and misleading information regarding the removal of information as the updated file/report did not show that anything was removed as alleged by LexisNexis on or about September 8, 2022. (See...Exhibit E).

43. Defendant Equifax as a result of their reinvestigations alleged that the information reported by PENFED has been verified as accurate but correcting the "date of first delinquency" which is still inaccurate as the date of last payment is showing 2-1-2017 therefore date of delinquency cannot be the date of last payment and deleted the account Reported by REV as a result of their investigation thereby admitting to the inaccuracy of the accounts reported. Equifax did not provide plaintiff with written results 5 days from completion of the September 2021 reinvestigation until plaintiff sent out a notice dated November 2, 2021 notifying Equifax that he did not receive the results (See...ECF.No. 1-2, Exhibit A, which is hereby incorporated by reference in its entirety) in violation of 15 U.S.C. 1681i(6)(A) which they later sent out by first class mail which plaintiff received after the 5 days required (See...ECF No. 1-3, Exhibit B, copy if investigation and updated report, which is hereby incorporated by reference in its entirety).

44. Defendant Experian as a result of their reinvestigations alleged that the information reported

by PENFED and REV has been verified as accurate and information has been updated thereby admitting to the inaccuracy of the accounts reported which has been updated. Experian did not provide plaintiff with written results 5 days from completion of the September 2021 nor a copy of his updated report by mail as requested even after receiving plaintiff's notice dated November 2, 2021 notifying Experian that he did not receive the results by mail (See...ECF No. 1-2, Exhibit A, which is hereby incorporated by reference in its entirety) in violation of 15 U.S.C. 1681i(6)(A).

45. Based on the evidence provided, the disputes by plaintiff (See...ECF No. 1-2, Exhibit A, which is hereby incorporated by reference in its entirety) one can clearly see that even when Plaintiff pointed out the specific areas of the account information reported to be investigated, defendants repeatedly ignore all signs and will continue to not do a proper, reasonable investigation otherwise all account information reported therefore it is clear that the accounts are being or has been reported inaccurately, that the information reported is not 100% accurate.

46. The defendant bureaus are required under 15 U.S.C. § 1681e(b) to investigate all information being reported to assure maximum possible accuracy in the preparation of the credit report and credit files they publish and maintain concerning the Plaintiff.

47. On or about June 2018, Plaintiff disputed credit card account, line of credit account and Auto account information reported by PENFED published by the bureaus allegedly belonging to plaintiff with defendant Trans Union. (See...ECF No. 1-2, Exhibit A, which is hereby incorporated by reference in its entirety).

48. Trans Union received Plaintiff's dispute and request for reinvestigation on June 11, 2018.

49. As a result of another online dispute by plaintiff which triggered an reinvestigation by Trans

Union on or about 6-4-2019, the PENFED accounts were deleted without any information
nor explanation of why the accounts was deleted (See...ECF No. 1-3, Exhibit B, copy of
investigation from TransUnion), which is hereby incorporated by reference in its entirety.

50. Between December 27, 2021 and April 16, 2022, upon reaching out to PENFED directly,
plaintiff discovered the defendants did not do a proper investigation and unreasonable
investigation, if they did do a proper and reasonable investigation, they would have found
that based on PENFED's own internal records, PENFED intended not to furnish accurate
information to the reporting agencies because their internal records, prior to January 22,
2018, show that PENFED knew that the credit card account being reported and published on
plaintiff's consumer reports (See...ECF No. 1-2, Exhibit A, which is hereby incorporated by
reference in its entirety) allegedly belonging to the Plaintiff was sold and transferred to
United Holding Group "UHG" (See...ECF No. 1-4, Exhibit C (letter from PENFED
evidencing these accounts was sold, assigned and/or transferred), which is hereby
incorporated by reference in its entirety) and PENFED knew the line of credit account being
reported and published on plaintiff's consumer reports (See...ECF No. 1-2, Exhibit A, which
is hereby incorporated by reference in its entirety) allegedly belonging to the Plaintiff was
sold, assigned and/or transferred to National Credit Corporation (See...ECF No. 1-4, Exhibit
C, which is hereby incorporated by reference in its entirety) therefore no account exists as an
asset of PENFED that could have been validated and/or verified by PENFED after January
22, 2018 (the date of sale, assignment and or transfer) nor reported with a balance as required
for the accounts to be accurately reported.

51. PENFED knew that defendant was not liable to pay them anything after the accounts was
sold, assigned and/or transferred because as evidenced by their own records and their letter

dated 4-11-2022, they direct the plaintiff to United Holdings Group and National Credit

Corporation to make arrangements regarding these alleged accounts. (See…ECF No. 1-4,

Exhibit C, which is hereby incorporated by reference in its entirety)

52. It appears that PENFED may have sold to investors and securitized plaintiff's alleged auto

loan and have pooled the auto loan account with other auto loans and trading it on the

secondary market therefore are no longer in possession of the original signed note collateral

security as it has been pooled with others therefore they are no longer considered an alleged

creditor and are hired as the servicer of the pool associated with plaintiff's account therefore

are debt collectors as they are not trying to collect their own debts, they have sold those

rights to investors of the pool and now are third parties servicing the loan on behalf of the

investors trying to collect on behalf of the investors.

53. The reporting and publishing of PENFED's inaccurate accounts and information are

misleading to lenders because it gives the false impression that a debt and/or account balance

is owed or still owed to PENFED, that the accounts are paid or not paid as the information

reported does not match what the other reporting agencies are or were reporting which

negatively affects plaintiff's credit score which lenders look at to approve or deny credit to a

consumer and is also confusing to a lender who sees a balance on one report and a zero

balance on another report.

54. It has not yet been discovered if PENFED has written off the alleged debts as they have has

alleged in their correspondence letter dated 4-11-2022, that "PenFed has not filed any IRS

forms for any of the aforementioned obligations" (See…ECF No. 1-4, Exhibit C, which is

hereby incorporated by reference in its entirety), it is hard to trust what PENFED has alleged

without PENFED swearing to it under penalty of perjury as they have knowingly, willfully,

negligently concealed information and reported information they knew was inaccurate, false

in an attempt to continue injuring the plaintiff expressing their ill will towards the plaintiff

therefore plaintiff reserves and hereby exercises his right to discovery, to request discovery

related to the write-off from the source of the write-off filing, the IRS.

55. It has not yet been discovered if REV has written off the alleged debts as they have remained

silent and have failed to respond directly to this specific request verifying such facts

evidenced by plaintiffs request (See…ECF No. 1-2, Exhibit A, which is hereby incorporated

by reference in its entirety), therefore plaintiff reserves and hereby exercises his right to

discovery, to request discovery related to the write-off from the source of the write-off filing,

the IRS.

56. The FCRA requires Trans Union, Experian, LexisNexis and Equifax to review all

information reported to determine maximum possible accuracy of the information being

reported.  Their policies require PENFED and REV to report accurate information and

account status regarding an account which include but is not limited to, balance information,

open date, date of first delinquency, whether an account is sold which should be reported

with a zero balance if sold or that an account has been transferred to external collections.

57. As a Standard, Accounts are required to be reported to the credit reporting agencies in Metro

2 Format which the bureaus have all adopted.  The reported accounts are considered

inaccurate if not in compliance with Metro 2 Standard Format.  (See…

https://www.experian.com/business/solutions/regulatory-compliance/metro-2-compliance

and https://www.cdiaonline.org/resources/furnishers-of-data-overview/metro2-information/ )

Plaintiff states that the accounts PENFED and REV are reporting are in Metro 2 Format

evidenced by the bureaus policies for furnishing information to them as referenced above

therefore the defendants which are data furnishers know what is required when reporting the accounts to assure that the accounts are being reported correctly and accurately for maximum accuracy under the proper segments representing the current status of the accounts.

58. The CDIA provides the policies known to the bureaus that the furnishers must follow.

59. On or about April 22, 2022 plaintiff received a copy of his consumer credit report that was updated by the bureaus and data furnishers with accounts and information reported and published in April 2022 which identifies multiple inaccuracies (See…Exhibit E) and on or about May 2022, Plaintiff sent out another request for reinvestigation via U.S.P.S. Priority Mail to Equifax and U.S.P.S. Priority Express Mail to Experian requesting another reinvestigation of every piece of information that was allegedly being reported in regards to the accounts reported by PENFED and REV to be published. (See…ECF No. 1-2, Exhibit A, which is hereby incorporated by reference in its entirety)

60. Equifax received Plaintiff's dispute and request for reinvestigation on or about May 15, 2022 via U.S.P.S. Priority Mail.

61. Experian received Plaintiff's dispute and request for reinvestigation on or about May 4, 2022 via U.S.P.S. Priority Express Mail signature required.

62. Plaintiff is a consumer who is the victim of inaccurate false reporting by Defendants who have failed to provide plaintiff with written results of the reinvestigation of his dispute related to the accuracy of his consumer report within thirty days after receiving a notice of inaccuracy from plaintiff in the form of a dispute either electronically or written.

63. At all times, plaintiff states and claims that defendants acts were willful, grossly negligent, knowing, done with "reckless disregard" of their obligations under the statutes, codes and laws presented in this complaint therefore have clearly demonstrate reckless disregard of its

statutory obligations by repeatedly ignoring warning signs (plaintiff's numerous disputes and requests for reinvestigation) that it is violating the law, by repeatedly refusing to do a proper and reasonable investigation and by failing to take corrective action to prevent future violations in a reasonable amount of time. See *Am. Arms Int'l v. Herbert,* **563 F.3d 78, 85 (4th Cir. 2009)** (applying the Safeco "willfulness" standard to the Gun Control Act of 1968, 18 U.S.C. § 921 et seq., and concluding that "repeated failure to comply with known regulations can move . . . conduct from inadvertent neglect into reckless or deliberate disregard (and thus willfulness)").

64. Defendants did not send anything to the plaintiff identifying (1) the basis for the denial of his dispute, (2) with a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information, and (3) sufficient evidence that the information is true and accurate information as it relates to that consumer and his dispute.

65. Defendants intentionally allowed and continued to report disputed inaccurate consumer records which as the CRA transmits via an automatic credit dispute verification (ACDV) form to the furnisher of the contested information reported to plaintiffs consumer credit report by knowingly, willfully, recklessly and negligently failing to provide the basis for the denial of the disputed accounts and the information being reported, failed to provide the description or the procedure used to determine the accuracy and completeness of the information being reported supported by sufficient evidence that the information that is being reported is true and accurate information as it relates to the consumer,

66. As explained in *Wilhelm v. Credico, Inc.,* **519 F.3d 416 (8th Cir.2008)** - "The relevance of the portion of **§ 1692e(8)** on which [plaintiff] relies—'including the failure to communicate that a disputed debt is disputed'—is rooted in the basic fraud law principle that, if a debt

collector elects to communicate "credit information" about a consumer, Defendant violated the FDCPA in that it omitted a piece of information that is always material, namely, that the consumer has disputed the Alleged Debt.

67. Many district courts have followed *Wilhelm*, holding that a debt collector who knows that a debt is disputed by the Consumer and reports it to a credit bureau must report it as disputed. See, e.g., *Jacques v. Solomon & Solomon P. C.,* 2012 U.S. Dist. LEXIS 118092, ** 11 (D.Del.2012) (holding that the duty to report a debt under [Section 1692e(8) ] arises if one elects to report credit information); *Edeh v. Aargon Collection Agency, LLC,* 2011 U.S. Dist. LEXIS 79160, *10-11 (D.Minn.2011) ( "[I]f a debt collector knows or should know that a given debt is disputed, the debt collector must disclose the debt's disputed status to persons inquiring about a consumer's credit history"); *Benson v. Med–Rev Recoveries, Inc. (In re Benson),* 445 B.R. 445, 449–50 (Bankr.E.D.Pa.2010); *Kinel v. Sherman Acquisition II LP,* 2006 U.S. Dist. LEXIS 97073, *57 (S.D.N.Y.2006) ("holding that a cause of action under Section 1692e(8) is stated where defendant is alleged to have communicated inaccurate information to a third party about a disputed debt); *Black v. Asset Acceptance, LLC,* 2005 U.S. Dist. LEXIS 43264, *13 (N.D.Ga.2005) (noting that if a debt collector reports a consumer debt to a credit bureau under Section 1692e(8), and the debt collector knows that the debt is disputed by the consumer, then the debt collector must also report that debt as disputed).

68. All conduct specifically prohibited or disclosures specifically required by the FDCPA is "material." *Mark v. J. C. Christensen & Assoc., Inc.,* 09cv100, 2009 WL 2407700, 2009 U.S.Dist. LEXIS 67724, *11 (D.Minn. Aug. 4, 2009); *Warren v. Sessoms & Rogers, P.A.,* 676 F.3d 365, 374 (4th Cir. 2012) (violations of §1692e(11) are always "material"). For

example, providing a compliant §1692g notice is specifically required and should always be "material." *Janetos v. Fulton Friedman & Gullace, LLP,* **825 F.3d 317 (7th Cir. 2016)**. Similarly, informing a credit bureau that a debt is disputed is specifically required and material. *Evans v. Portfolio Recovery Associates, LLC,* **889 F.3d 337 (7th Cir. 2018)**.

69. Here, Defendant PENFED, reported the alleged debt on the Plaintiff's credit report, after knowing of the Plaintiff's dispute and after failing to validate and verify and provide proper verification of the alleged debt.

70. The defendants acted maliciously, with ill will, recklessly or wantonly, or with conscious indifference to the plaintiff's rights in violation of 15 U.S.C. § 1681h(e) See...*Beattie v. Nations Credit Fin. Servs. Corp.,* **69 Fed. Appx. 585, 590-91 (4th Cir. 2003)** which because of their actions allows for state claims to be asserted and proceed.

71. Defendants has failed to provide plaintiff with sufficient evidence that the information is true and accurate information as it relates to that consumer in violation of 37-20-170(A) of the SCCPC.

72. Defendants have failed to provide plaintiff the basis for the denial, provide the consumer with a description of the procedure used to determine the accuracy and completeness of the information, and sufficient evidence that the information is true and accurate information as it relates to plaintiff within thirty days after receiving a notice of inaccuracy/notice of dispute from the plaintiff in violation of 37-20-170(B) et seq. and FCRA et seq.

73. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

74. As a result of the Defendants failure to comply with the FCRA, the FDCPA, the SCCPC, U.C.C. 9-210 and 36-9-210, and the erroneous derogatory information, Plaintiff has suffered significant damages, Plaintiff suffered concrete harm in one or more of the following forms: a significant drop in his credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation, loss of happiness, interest in outside activities, loss of sleep, headaches, sensitive stomach and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denial of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date.

75. Plaintiff has tried to settle these matters before exercising his right to a remedy in a court of law by sending Notices of Intent to all defendants between March 2021 and June 2022 via mail and email (See...ECF No.'s 1-2 and 1-5, Exhibits A and D, which is hereby incorporated by reference in its entirety) only to be ignored by defendants therefore plaintiff is exercising his right to litigate these matters before a court of law.

76. On or about Oct. 17, 2022, plaintiff saw a post by CNBC (See...https://www.cnbc.com/2022/10/17/transunion-equifax-experian-may-have-violated-credit-reporting-rules-rep-jim-clyburn-says.html) reporting that the Democrats want the CFPB to investigate Experian, Equifax, and Trans Union for allegedly failing to address consumer disputes during the pandemic and that these reporting agencies did not do an investigation and that the CFPB have cited Data furnishers such as PENFED in this case for failing to conduct a sufficient investigation which further supports plaintiffs statements and claims in his complaint against these agencies/defendants for doing the exact same thing they

are now being investigated for.

## RESERVATIONS OF RIGHTS

77. Plaintiffs hereby reserves the right to request leave of court at a later date to amend his

Complaint to add more claims and enjoin defendants relevant to the case.

78. Plaintiff reserves the right to add additional damages under this section throughout the

litigation as an addition to the damages presented herein as part of any and all judgments.

## FIRST CAUSE OF ACTION
**(Willful and Negligent Violation of the FCRA 15 U.S.C. § 1681 et seq. as to TransUnion,
Experian, Equifax and LexisNexis)**

79. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully

stated herein with the same force and effect as if the same were set forth at length herein;

80. This is an action for willful and negligent violation of the Fair Credit Reporting Act U.S.C. §

1681 et seq.;

81. Trans Union, Experian, Equifax and Lexis Nexis violated 15 U.S.C. §1681i by failing to

delete inaccurate information in the Plaintiff's credit file after receiving actual notices of

such inaccuracies; by failing to conduct a reasonable and lawful investigation and/or

reinvestigation; by failing to investigate all the information PENFED and REV Federal

Credit Union was reporting and publishing; by failing to maintain reasonable procedures with

which to filter and verify disputed information in the Plaintiff's credit file; and by relying

upon verification from a source they have reason to know is unreliable;

82. Defendants Trans Union, Experian LexisNexis and Equifax violated 15 U.S.C. § 1681e(b) by

failing to establish or to follow reasonable procedures to assure maximum possible accuracy

in the preparation of the credit report and credit files they publish and maintain concerning

the Plaintiff;

83. Defendants Trans Union, Experian, Equifax and LexisNexis have willfully and recklessly

failed to comply with the FCRA. The failure of Defendants to comply with the Act include

but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

    h) The failure to take adequate steps to verify information the defendants had reason to believe was inaccurate before including it in the credit report of the consumer;

    i) The failure to provide the exact procedure used to allegedly verify the alleged accounts disputed or requested for reinvestigation;

    j) The Failure to insure and exercise their grave responsibilities with fairness, and impartiality;

    k) The Inaccurate Reporting of accounts without the written consent of plaintiff and without being properly verified in violation of plaintiff's right;

84. As a result of the wrongful conduct, action and inaction of Defendants, and the erroneous derogatory information reported, Plaintiff has suffered significant damages, concrete harm in one or more of the following forms which include but are not limited to: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denials of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be

ascertained at a later date;

85. The wrongful conduct, action and/or inaction of Defendants was willful, negligent, and reckless done with the intent to injure the plaintiff rendering Defendants separately liable for actual or statutory damages, compensatory and/or punitive damages in an amount to be determined by a Jury pursuant to 15 U.S.C. § 1681(n) to be calculated at a Ratio of 98:1 or higher" as determined in **Daugherty v. Ocwen Loan Servicing, LLC, 701 F. App'x 246 (4th Cir. 2017), also see... Younger v. Experian Info. Sols., Inc., No. 2:15-cv-00952, 2019 WL 1296256, at \*13 (N.D. Ala. Mar. 21, 2019)** to punish and deter the defendants; A higher ratio is should be considered against each individually separate defendant to deter defendants in this matter because it is clear that even the 98:1 ratio rendered in the cases above is not enough to deter the defendants from violating consumer's rights as the defendants continue to repeat the same violations against other consumers as a result of defendants' actions and/or inactions as evidenced by the above cases and the many cases filed against the defendants throughout the several states continuously damaging consumers since the above cases;

86. Plaintiff's claims are within 2 years from the date of discovery of the violation that is the basis for such liability (knowing that PENFED accounts was sold, assigned and/or transferred) and within 5 years after the date on which the violation that is the basis for such liability occurs pursuant to 15 U.S.C. § 1681p et seq. as a result of a dispute triggering a duty to investigate and discovering defendant's investigations was unreasonable and improper regarding all current and previous disputes and reinvestigations;

87. The wrongful conduct, action and/or inaction of Defendants was knowing, willful, negligent, reckless, done with the intent to injure the plaintiff in one or more forms or fashion entitling the Plaintiff to damages actual and/or statutory damages of $1,000 per violation each month as prescribed under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o from the past 5 years to be calculated at a later date;

88. The Plaintiff is entitled to recover reasonable costs and attorney's fees from defendants in an

amount to be determined by the Jury pursuant to 15 U.S.C. § 1681n and 1681o if applicable;

**WHEREFORE**, Plaintiff, Nelson L. Bruce, an individual, demands judgement in his favor against Defendants, for damages together with, if applicable, attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n;

## SECOND CAUSE OF ACTION
### (Willful and Negligent Violation of the FCRA 15 U.S.C. § 1681 et seq. as to PENFED)

89. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

90. This is an action for willful and negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*;

91. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report;

92. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation/reinvestigation of the disputed information and review all relevant information provided by the agency;

93. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which supplied such information;

94. The Defendant PENFED violated 15 U.S.C. § 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review or consider all relevant information regarding same; and by failing to correctly report results of an accurate investigation to the credit reporting agencies. By continuing to publish to Trans Union, Experian LexisNexis and Equifax the inaccurate information regarding the alleged accounts;

and by failing report accurate information which is identified in its own records to prevent the re-reporting of inaccurate misleading information;

95. Specifically, the Defendant continued to report these accounts on the Plaintiff's credit report after being notified of his dispute/request for reinvestigation regarding the accounts and all aspects of the information and balances being reported and published;

96. Additionally, the Defendant continued to report accounts which PENFED knows or has reasonable cause to believe that the information is inaccurate as it is clear that by their own words, their internal records documents the accounts was sold, assigned and/or transferred to a debt buyer and/or external collections in this case United Holding Group and National Credit Corporation. Defendant continuously failed to not mark the account as sold, transferred, disputed, failed to provide accurate information regarding the entire accounts reported and published to the bureaus which the bureaus published to third parties;

97. A reasonable investigation would require a furnisher such as Defendant to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher;

98. After receiving notification from Trans Union, Equifax and Experian about Plaintiff's disputed accounts, PENFED did not contact any third parties other than the Defendant credit reporting agencies when investigating Plaintiff's dispute. Further, PENFED allegedly verified the Plaintiff's accounts that are no longer an asset of the PENFED, no longer existed, no longer had authority over as a result of a sale, assignment and/or transfer to Trans Union, Equifax and Experian in response to each dispute it received from the credit bureaus;

99. As a result of the wrongful conduct, action and inaction of Defendants, and the erroneous derogatory information reported, Plaintiff has suffered significant damages, concrete harm in one or more of the following forms which include but are not limited to: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank

account denials, denials of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date;

100.    The wrongful conduct, action and/or inaction of Defendant was willful, negligent, and reckless done with the intent to injure the plaintiff rendering Defendant liable for actual or statutory damages, compensatory and/or punitive damages in an amount to be determined by a Jury pursuant to 15 U.S.C. § 1681(n) to be calculated at a Ratio of 80:1 or higher" as determined in **Daugherty v. Ocwen Loan Servicing, LLC, 701 F. App'x 246 (4th Cir. 2017), also see... Younger v. Experian Info. Sols., Inc., No. 2:15-cv-00952, 2019 WL 1296256, at *13 (N.D. Ala. Mar. 21, 2019)** to punish and deter the defendant;

101.    Plaintiff's claims are within 2 years from the date of discovery of the violation that is the basis for such liability and within 5 years after the date on which the violation that is the basis for such liability occurs pursuant to 15 U.S.C. § 1681p et seq. as a result of a dispute triggering a duty to investigate and discovering defendant's investigations was unreasonable and improper;

102.    The wrongful conduct, action and/or inaction of Defendants was knowing, willful, negligent,

reckless, done with the intent to injure the plaintiff in one or more forms or fashion entitling the Plaintiff to damages actual and/or statutory damages of $1,000 per violation each month as prescribed under 15 U.S.C. § 1681n and 15 U.S.C. § 1681o from the past 5 years to be calculated at a later date;

103.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from defendants in an

amount to be determined by the Jury pursuant to 15 U.S.C. § 1681n and 1681o if applicable;

**WHEREFORE**, Plaintiff, Nelson L. Bruce, an individual, demands judgement in his favor against Defendants, for damages together with, if applicable, attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## THIRD CAUSE OF ACTION
### (COMMON LAW DEFAMATION ("LIBEL") AS TO ALL DEFENDANTS)

104.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully

stated herein with the same force and effect as if the same were set forth at length herein;

105.    The defendants are guilty of defamation per se, in that defendants intentionally reported

and/or allowed third parties to submit inaccurate information which was published and sold

to third parties evidenced by plaintiff's inquiries showing on his consumer report (See...ECF

No. 1-3, Exhibit B, which is hereby incorporated by reference in its entirety) that showed

account information that they knew or should have known was false, misleading, inaccurate,

unverified, and/or the correct nature of the accounts as it relates to the plaintiff and his rights.

Defendants by reporting the accounts inaccurately, unverified and/or without the written

consent of the plaintiff was intended to harm and defame plaintiff's reputation when

published to third parties who request for reports to qualify or approve Plaintiff based off of

his credit and credit worthiness;

106.    Said false representations made by PENFED and published by Trans Union, Experian

LexisNexis and Equifax were not privileged and were not consented to by Plaintiff;

107.    Defamation of Plaintiff was willful, done with malice, willful intent to injure the plaintiff;

108.    Defendants did not have any reasonable basis to believe that the Plaintiff was responsible

for the account reported to Trans Union, Experian, LexisNexis and Equifax nor that there

should be a balance reported. Defendants also had substantial evidence by which to have

verified that the Plaintiff's debt was sold, assigned and/or transferred therefore no longer due

or owing to the person reporting the accounts;

109.    Further, PENFED cannot plead ignorance, because it knew, evidenced by its own internal

records that Plaintiff's accounts was sold and who it was sold to, assigned and/or transferred

to external collections and what external collection it was assigned and/or transferred to;

110.    As a result of the wrongful conduct, action and inaction of Defendants, and the erroneous

derogatory information reported, Plaintiff has suffered significant damages, concrete harm in

one or more of the following forms which include but are not limited to: a diminished credit

score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on

credit applications, and the mental and emotional distress and pain, anguish, humiliation and

embarrassment caused by the inability to obtain financing for everyday expenses, bank

account denials, denials of credit and credit card applications, higher interest rates on loans

and credit cards that would otherwise be affordable and other damages that may be

ascertained at a later date;

111.    Defendants are each separately and individually liable to plaintiff for damages caused by

their actions and this court should award plaintiff an amount equal to or greater than

$250,000 as courts have frequently sustain emotional distress awards in the range of

$250,000 in defamation cases. *See, e.g., Stamathis v. Flying J, Inc.,* **389 F.3d 429, 439 (4th**

**Cir. 2004)** (upholding an award of $240,000 for "insult, pain, and mental suffering"); *Simon*

*v. Shearson Lehman Bros., Inc.,* **895 F.2d 1304, 1319-20 (11th Cir. 1990)** (upholding an

award of $250,000, given that the slander caused "an impairment of [the plaintiffs]

reputation, personal humiliation, and mental anguish and suffering");

112.    The conduct of Defendants was a direct and proximate cause, as well as a substantial

factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more

fully above and, as a result, Defendants are liable to Plaintiff;

    **Wherefore,** Plaintiff seeks judgment in his favor against Defendants for compensatory

and punitive damages in such sums as the jury may assess, plus interest and costs along with

such other and further relief as may be necessary, just and proper.

### FOURTH CAUSE OF ACTION
#### (Violation of the FDCPA as to Defendant PENFED)

113.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;

114.    When Defendant PENFED re-reported the inaccurate credit accounts after it received Plaintiff's disputes/request for reinvestigation, Defendant PENFED failed to list the accounts as "disputed by consumer" despite being required to do so by the FDCPA;

115.    As a result of the failure to remove the trade line, or mark same as disputed, Plaintiff's credit score suffered, which has resulted in Plaintiff's in inability to obtain credit, less favorable interest rates and may have the result of hindering future employment opportunities;

116.    Defendant's failure to list the account as "disputed by consumer" despite being required to do so by the FDCPA, constituted a violation of various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692e(11) and 1692f;

117.    Based on Plaintiff's recent discovery that defendant has sold the alleged debt, Defendant has violated the FDCPA (15 U.S.C. § 1692e(5)) by threatening to report inaccurate information, by threatening legal action which they knew they could not legally take and/or did not have authority to take and/or did not intend to take evidenced by its Feb. 8, 2021 and April 11, 2022 letters to plaintiff (see...ECF No. 1-4, Exhibit C, which is hereby incorporated by reference in its entirety) because they have voluntarily sold all their alleged interests and authority and the statute of limitations have already passed for any legal actions;

118.    As a result of the wrongful conduct, action and inaction of Defendants, and the erroneous derogatory information reported, Plaintiff has suffered significant damages, concrete harm in one or more of the following forms which include but are not limited to: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on

credit applications, and the mental and emotional distress and pain, anguish, humiliation and embarrassment caused by the inability to obtain financing for everyday expenses, bank account denials, denials of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date;

## FIFTH CAUSE OF ACTION
## (KNOWING, WILLFUL AND NEGLIGENT VIOLATIONS OF THE SCCPC "37-20-170 ET SEQ. AND 37-20-200 ET SEQ." AS TO ALL DEFENDANTS)

119.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein;

120.    At all times, Defendants knowingly, willfully and intentionally reported and/or allowed to be reported, inaccurate information, acted with malice and the willful intent to injure the plaintiff, the consumer as they failed to provide the basis for their denial of plaintiff's notice of dispute/request for reinvestigation, failed to provide a description of the procedure used by the consumer reporting agency to determine the accuracy and completeness of the information as requested by the consumer, and failed to provide to the consumer, sufficient evidence that the information being reported is true and 100% accurate information as it relates to the consumer and his rights which they voluntarily signed up for when they became a consumer reporting agency or person furnishing information to credit bureaus;

121.    Defendants failed to correct, delete information found to be inaccurate, unauthorized, unverified, and in a reasonable time instead reinserted the information and failed to reasonably and properly investigate Plaintiff's disputes;

122.    Defendants failed to promptly investigate and/or re-investigate the accuracy of the accounts being reported and failed to provide plaintiff with the basis for the denial, provide the consumer with a description of the procedure used to determine the accuracy and

completeness of the information, and sufficient evidence that the information is true and

accurate information as it relates to plaintiff within thirty days after receiving a notice of

inaccuracy/notice of dispute/request to reinvestigate from the plaintiff in violation of SC

Consumer Protection Code **SECTION 37-20-170 (A) & (B) (1)(3) and (4);**

123.    As a result of Defendants violations, Defendants are each separately and individually

liable to Plaintiff's for actual damages, and or statutory damages as provided under 37-20-

170(D) & (E), and if applicable, 37-20-200(A) & (B) along with if applicable, attorneys' fees

and the costs of litigation, as well as such further relief, as may be permitted by law within 3

years from the date of discovery;

124.    The conduct of Defendants was a direct and proximate cause, as well as a substantial

factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined in this

complaint;

125.    As a result of the wrongful conduct, action and inaction of Defendants, and the erroneous

derogatory information reported, Plaintiff has suffered significant damages, concrete harm in

one or more of the following forms which include but are not limited to: a diminished credit

score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on

credit applications, and the mental and emotional distress and pain, anguish, humiliation and

embarrassment caused by the inability to obtain financing for everyday expenses, bank

account denials, denials of credit and credit card applications, higher interest rates on loans

and credit cards that would otherwise be affordable and other damages that may be

ascertained at a later date;

## SIXTH CAUSE OF ACTION
### (KNOWING, WILLFUL AND NEGLIGENT VIOLATIONS OF U.C.C. 9-210 ET SEQ. and 36-9-210 ET SEQ. AS TO DEFENDANT "PENFED")

126.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully

stated herein with the same force and effect as if the same were set forth at length herein;

127.    Defendant has a duty to comply with plaintiff's 4-4-2022 request for an authenticated

(See...ECF No. 1-2, Exhibit A, which is hereby incorporated by reference in its entirety)

accounting related to the alleged outstanding debt and has failed to comply as required under

U.C.C. 9-210 and 9-36-210 as of the date of this filing;

128.    As a result of Defendants conduct and failure to comply, Defendant is liable to Plaintiff

for damages, and statutory damages as provided under U.C.C. 9-625 ET SEQ. and 36-9-625

ET SEQ., which include but is not limited to sections "b", "c" and "f" and any other such

further relief, as may be permitted by law;

129.    The conduct of Defendant was a direct and proximate cause, as well as a substantial

factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more

fully above;

130.    As a result of the wrongful conduct, action and inaction of Defendants, and the erroneous

derogatory information reported, Plaintiff has suffered significant damages, concrete harm in

one or more of the following forms which include but are not limited to: a diminished credit

score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on

credit applications, and the mental and emotional distress and pain, anguish, humiliation and

embarrassment caused by the inability to obtain financing for everyday expenses, bank

account denials, denials of credit and credit card applications, higher interest rates on loans

and credit cards that would otherwise be affordable and other damages that may be

ascertained at a later date;

### SEVENTH CAUSE OF ACTION
### (KNOWING, WILLFUL AND NEGLIGENT VIOLATIONS OF "THE SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT" AS CODIFIED UNDEER 39-5-20 AS TO PENFED")

131.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully

stated herein with the same force and effect as if the same were set forth at length herein;

132.   Reporting an account which PENFED knows or has reasonable cause to believe that the information is inaccurate as their internal records documents was sold, assigned and/or transferred to a debt buyer and/or external collections in this case United Holding Group and National Credit Corporation gives the false impression that an amount is still due and owing to PENFED and or that PENFED is the party to pay an alleged debt to;

133.   As a result of Defendants failure to properly credit and accurately report the alleged debt account, zero out the balance, and provide accurate history dates of activity and status, defendant is liable to Plaintiff for damages as provided under Section 39-5-140 et Seq. and 15 USC 45 et Seq.

134.   The acts of the Defendant, PenFed, is material in that their reporting of inaccurate information to the credit bureaus is a unfair or deceptive act or practice and conduct which occurred within the United States and in the district of State of South Carolina where the consumer is located.

135.   The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully throughout this complaint and, as a result, Defendant is liable to Plaintiff for the full amount of damages, statutory or otherwise and any other such further relief, as may be permitted by law Section 39-5-140 et Seq.;

136.   As a result of the wrongful conduct, action and inaction of Defendants, and the erroneous derogatory information reported, Plaintiff has suffered significant damages, concrete harm in one or more of the following forms which include but are not limited to: a diminished credit score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on credit applications, and the mental and emotional distress and pain, anguish, humiliation and

embarrassment caused by the inability to obtain financing for everyday expenses, bank

account denials, denials of credit and credit card applications, higher interest rates on loans

and credit cards that would otherwise be affordable and other damages that may be

ascertained at a later date;

## EIHTH CAUSE OF ACTION
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS against Defendants

137.    Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully

stated herein with the same force and effect as if the same were set forth at length herein;

138.    Defendants knew or should have known that the information reported by PENFED and

REVFCU was inaccurate after receiving disputes from plaintiff which in some cases

identified the inaccuracies.

139.    As a direct and proximate result of Defendants negligent, willful, reckless and intentional

acts and failures to follow the law, Plaintiff has suffered and been emotionally destressed

because he has obtained denial for financial products, a decreased credit score, higher interest

rates, and a limited selection of financial agencies that would extend credit to him.

140.    Defendant's actions and inactions were taken with reckless disregard for whether they

would cause Plaintiff to suffer severe emotional distress.

141.    As a result of the wrongful conduct, action and inaction of Defendants, and the erroneous

derogatory information reported, Plaintiff has suffered significant damages, concrete harm in

one or more of the following forms which include but are not limited to: a diminished credit

score, loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on

credit applications, and the mental and emotional distress and pain, anguish, humiliation and

embarrassment caused by the inability to obtain financing for everyday expenses, bank

account denials, denials of credit and credit card applications, higher interest rates on loans and credit cards that would otherwise be affordable and other damages that may be ascertained at a later date

142. The actions described above constitutes the tort of Negligent Infliction and Intentional infliction of Emotional Distress under the laws of South Carolina and the Defendants actions are a direct cause of plaintiff's damages and injuries as presented above.

## PLAINTIFF DEMANDS A TRIAL BY JURY

143. Plaintiff demands and hereby respectfully demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against all Defendants individually and separately as follows:

a) Actual damages in an amount to be proved at trial;
b) An Declaration and Injunction against all defendants, their successors, assigns, affiliates, partners, both known and unknown does, etc. al., pursuant to 37-20-170(G) and if applicable 37-20-200(D) to restrain all parties from future acts constituting a violation of this chapter.
c) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;
d) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);
e) For Compensatory and/or Punitive Damages to be calculated in a Ratio of 98:1 as determined by the court in *Daugherty v. Ocwen Loan Servicing, LLC,* **701 F. App'x 246 (4th Cir. 2017),** also see… *Younger v. Experian Info. Sols., Inc.,* No. 2:15-cv-**00952, 2019 WL 1296256, at \*13 (N.D. Ala. Mar. 21, 2019)** or higher to punish and deter the defendant as it is clear that the 98:1 will not deter the defendants from violating the FCRA;
f) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);
g) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);
h) For attorney fees and costs provided if applicable and pursuant to 15 U.S.C. § 1692k(a)(3); 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2), 37-20-170(D) & (E), and if applicable, 37-20-200 (A) & (B);
i) For damages as specified under U.C.C. 9-625 ET SEQ. and 36-9-625 ET SEQ., which include but is not limited to sections "b", "c" and "f";
j) For defamation "Libel" award in an amount equal to or greater than $250,000;
k) For damages as specified under 39-5-140 et seq.;

l)  Offset of any alleged debt still in existence that can be verified and sworn to under penalty of perjury that is still existing that has not already been written-off and no tax credits have been received and/or has not been sold and transferred.

m)  For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Date this 31st day of **October, 2022.**

RESPECTFULLY PRESENTED,

"Without Prejudice"

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C.1-207/ 1-308, 1-103.6
c/o P.O. Box 3345, Summerville, South Carolina [29484]
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

# EXHIBITS E

RECEIVED USDC
CLERK CHARLESTON, SC

2022 NOV -2  AM 8: 43



## PRIVACY & SECURITY PROTECTED
We are committed to protecting your information.

  

Dashboard > **Credit Report**

# CREDIT REPORT

Credit reports are key to helping you confidently protect and manage your identity. You can rest assured - reviewing your report does not negatively impact your standing or score.

Financial institutions, employers and insurers use credit reports to gain insight into your financial profile. Because they provide a record of your present and past credit use, credit reports may determine whether or not you will be offered credit, and on what terms. Inaccurate or fraudulent account information on credit reports can result in denial of credit, higher loan and insurance rates and even rejection for employment. The Federal Trade Commission (FTC) has prepared A Summary of Your Rights Under the Fair Credit Reporting Act, you may also find additional information on their website www.FTC.gov/credit.

Understanding your credit score and the factors that impact it will prepare you to make the best possible decisions for your financial future. Want help reading your report? We've prepared a quick educational guide for you: How to Read, Use and Act on Your Credit Report. If you find inaccurate information on your report, you may contact one of our Credit Specialists to help dispute this information directly with the credit reporting agencies.

See Less

**PURCHASE REPORT**

Report History: | 04/22/2022 - 3B ∨ |          🖶 **Print this page**          ⬇ **Download this report**

### Three Bureau Credit Report

**Reference #**   M37432448                                    **Report Date:**   04/22/2022

Quick Links: **Credit Score** / **Summary** / **Account History** / **Inquiries** / **Creditor Contacts**

### Personal Information

ⓘ  Below is your personal information as it appears in your credit file. This information includes your legal name, current and previous addresses, employment information and other details.

4/22/22, 11:23 PM                          Credit Report - IdentityIQ                          **EXHIBIT E**

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Credit Report Date: | 04/22/2022 | 04/22/2022 | 04/22/2022 |
| Name: | NELSON L BRUCE | NELSON L BRUCE | NELSON BRUCE |
| Also Known As: | BRUCE,NELSON,LEON | | |
| Former: | - | - | - |
| Date of Birth: | 9/28/1982 | 1982 | 9/28/1982 |
| Current Address(es): | 3345 PO BOX 3345 SUMMERVILLE, SC 29484 | 144 PAVILION ST SUMMERVILLE, SC 29483-8444 09/2021 | 144 PAVILION ST SUMMERVILLE, SC 29483 |
| Previous Address(es): | 4501 9G HARBOUR LAKE DR GOOSE CREEK, SC 29445 4118 GENESEE AV. SAN DIEGO, CA 92111 | 4501 HARBOUR LAKE DR APT G-9 GOOSE CREEK, SC 29445-5927 01/2008 PO BOX 3345 SUMMERVILLE, SC 29484-3345 06/2021 | PO BOX 3345 SUMMERVILLE, SC 29484 1605 CENTRAL AVE STE 6 SUMMERVILLE, SC 29483 |



## Credit Score                                                                    🔼 Back to Top

ℹ️ Your Credit Score is a representation of your overall credit health. Most lenders utilize some form of credit scoring to help determine your credit worthiness.

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Credit Score: | ▮ | ▮ | ▮ |
| Lender Rank: | ▮ | ▮ | ▮ |
| Score Scale: | ▮ | ▮ | ▮ |

### Risk Factors

| | |
|---|---|
| TransUnion: | There is a bankruptcy on your credit report [•]<br>Lack of sufficient credit history [•]<br>You have too many delinquent or derogatory accounts [•]<br>The date that you opened your oldest account is too recent [•] |
| Experian: | Total of all balances on bankcard or revolving accounts is too high<br>Lack of sufficient relevant real estate account information<br>The total of your delinquent or derogatory account balances is too high<br>The date that you opened your oldest account is too recent |
| Equifax: | |

The score(s) on your IdentityIQ credit report (using the VantageScore® 3.0 model) are provided as a tool to help you understand how lenders may view the data contained in your credit reports and evaluate your credit risk. We provide these scores solely for educational purposes. IdentityIQ does not offer credit; delivery of these scores does not qualify you for any loan. The scoring model your lender uses may be different than the VantageScore® 3.0. As a result, the score and score factors we have delivered may show differences when compared to the score and score factors produced by your lender's scoring model. Please also understand that lenders use multiple sources of information when underwriting a loan and making lending decisions. Credit scores are just one factor that may be used and each lender will have different criteria they consider.

IdentityIQ provides informational materials along with your credit report(s) and score(s) these materials are educational in nature and intended to broaden your understanding of how credit scoring works. They should not be construed as advice in handling your

4/22/22, 11:23 PM                    Credit Report - IdentityIQ                    **EXHIBIT E**



4/22/22, 11:23 PM                    Credit Report - IdentityIQ                    **EXHIBIT E**

| | Experian | Equifax |
|---|---|---|
| Account #: | 30382** | 30382** |
| Account Type: | Credit Line | Credit Line |
| Account Type - Detail: | Check credit/Line of credit | Line of credit |
| Bureau Code: | Individual | Individual |
| Account Status: | Closed | Derogatory |
| Monthly Payment: | $0.00 | $0.00 |
| Date Opened: | 03/01/2016 | 03/01/2016 |
| Balance: | $0.00 | $4,427.00 |
| No. of Months (terms): | 0 | 0 |
| High Credit: | $4,432.00 | $4,818.00 |
| Credit Limit: | $5,000.00 | $0.00 |
| Past Due: | $0.00 | $0.00 |
| Payment Status: | Current | Collection/Chargeoff |
| Last Reported: | 06/13/2017 | 03/01/2022 |
| Comments: | Credit line closed - consumer request - reported by subscriber. | Charged off account Line of credit |
| Date Last Active: | 06/01/2017 | 02/01/2017 |
| Date of Last Payment: | 06/13/2017 | 02/01/2017 |

**Two-Year payment history**

[≡ Legend]

| Month | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Year | 22 | 22 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 |
| TransUnion | | | | | | | | | | | | | | | | | | | | | | | | |
| Experian | | | | | | | | | | | | | | | | | | | | | | | | |
| Equifax | OK | OK | OK | OK | OK | OK | OK | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |

**PENTAGON FEDERAL CR UN**

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account #: | | 30368** | 30368** |
| Account Type: | | Installment | Installment |
| Account Type - Detail: | | Auto Loan | Auto Loan |
| Bureau Code: | | Individual | Individual |
| Account Status: | | Paid | Derogatory |
| Monthly Payment: | | $0.00 | $0.00 |
| Date Opened: | | 04/01/2016 | 04/01/2016 |
| Balance: | | $0.00 | $31,794.00 |
| No. of Months (terms): | | 60 | 60 |
| High Credit: | | $33,478.00 | $32,658.00 |
| Credit Limit: | | $0.00 | $0.00 |
| Past Due: | | $0.00 | $0.00 |
| Payment Status: | | Current | Collection/Chargeoff |
| Last Reported: | | 06/13/2017 | 03/01/2022 |
| Comments: | | | Charged off account Auto |
| Date Last Active: | | 06/01/2017 | 10/01/2016 |
| Date of Last Payment: | | 06/13/2017 | 10/01/2018 |

**Two-Year payment history**

[≡ Legend]

| Month | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Year | 22 | 22 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 |

4/22/22, 11:23 PM                              Credit Report - IdentityIQ ·                                      **EXHIBIT E**

TransUnion

Experian

| Equifax | OK | OK | OK | OK | OK | OK | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

## PENTAGON FEDERAL CR UN

|  | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account #: |  | 43067916**** | 43067916**** |
| Account Type: |  | Revolving | Revolving |
| Account Type - Detail: |  | Credit Card | Credit Card |
| Bureau Code: |  | Individual | Individual |
| Account Status: |  | Derogatory | Derogatory |
| Monthly Payment: |  | $0.00 | $0.00 |
| Date Opened: |  | 02/01/2016 | 02/01/2016 |
| Balance: |  | $13,777.00 | $13,777.00 |
| No. of Months (terms): |  | 0 | 0 |
| High Credit: |  | $0.00 | $13,777.00 |
| Credit Limit: |  | $20,000.00 | $0.00 |
| Past Due: |  | $13,777.00 | $13,777.00 |
| Payment Status: |  | Collection/Chargeoff | Collection/Chargeoff |
| Last Reported: |  | 04/08/2022 | 04/01/2022 |
| Comments: |  | Unpaid balance reported as a loss by the credit grantor | Charged off account Credit card |
| Date Last Active: |  | 07/01/2019 | 01/01/2017 |
| Date of Last Payment: |  | 12/06/2016 | 01/01/2017 |

**Two-Year payment history**                                                                                        ⊞ Legend

| Month | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Year | 22 | 22 | 22 | 22 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 |
| TransUnion |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |  |
| Experian | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| Equifax |  | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

## CARRINGTON MORTGAGE SE

|  | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account #: |  | 700012**** |  |
| Account Type: |  | Mortgage |  |
| Account Type - Detail: |  | FHA real estate mortgage |  |
| Bureau Code: |  | Individual |  |
| Account Status: |  | Derogatory |  |
| Monthly Payment: |  | $1,957.00 |  |
| Date Opened: |  | 03/01/2009 |  |
| Balance: |  | $244,528.00 |  |
| No. of Months (terms): |  | 0 |  |
| High Credit: |  | $161,385.00 |  |
| Credit Limit: |  | $0.00 |  |
| Past Due: |  | $98,446.00 |  |
| Payment Status: |  | Foreclosure |  |
| Last Reported: |  | 09/30/2021 |  |
| Comments: |  | Customer disputed account - reported by subscriber. |  |



4/22/22, 11:23 PM

Credit Report - IdentityIQ

**EXHIBIT E**

Forectosure proceeding
started.

| | |
|---|---|
| Date Last Active: | 09/01/2021 |
| Date of Last Payment: | 07/01/2015 |

Two-Year payment history



4/22/22, 11:23 PM

Credit Report - IdentityIQ

**EXHIBIT E**



### REVFCU

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account #: | 1000000233140**** | 1000000233140**** | |
| Account Type: | Open Account | Open Account | |
| Account Type - Detail: | Deposit related | Unknown - credit extension, review, or collection | |
| Bureau Code: | Individual | Individual | |
| Account Status: | Derogatory | Derogatory | |
| Monthly Payment: | $0.00 | $0.00 | |
| Date Opened: | 08/07/2016 | 08/01/2016 | |
| Balance: | $471.00 | $471.00 | |
| No. of Months (terms): | 0 | 1 | |
| High Credit: | $571.00 | $571.00 | |
| Credit Limit: | $0.00 | $0.00 | |
| Past Due: | $471.00 | $471.00 | |
| Payment Status: | Collection/Chargeoff | Collection/Chargeoff | |
| Last Reported: | 04/01/2022 | 02/01/2022 | |
| Comments: | Charged off as bad debt Profit and loss write-off | Unpaid balance reported as a loss by credit grantor | |
| Date Last Active: | 08/01/2019 | 08/01/2019 | |
| Date of Last Payment: | | | |

**Two-Year payment history**

| Month | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar | Feb | Jan | Dec | Nov | Oct | Sep | Aug | Jul | Jun | May | Apr | Mar |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Year | 22 | 22 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 21 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 | 20 |
| TransUnion | | | | | | | | | | | | | | | | | | | | | | | | |
| Experian | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO | CO |
| Equifax | | | | | | | | | | | | | | | | | | | | | | | | |

4/22/22, 11:23 PM                         Credit Report - IdentityIQ                         **EXHIBIT E**

## Inquiries                                                      ↟ Back to Top

ℹ Below are the names of people and/or organizations who have obtained a copy of your Credit Report. Inquiries such as these can remain on your credit file for up to two years.

| Creditor Name | Type of Business | Date of inquiry | Credit Bureau |
|---|---|---|---|
| P S E C U | Credit Unions | 04/05/2022 | Experian |
| SECU | | 12/10/2021 | Equifax |
| ALLIANT CRED | Credit Union | 12/10/2021 | TransUnion |
| TOWER FEDERA | Credit Union | 12/08/2021 | TransUnion |
| NAVY FCU | Credit Union | 11/21/2021 | TransUnion |
| NAVY FCU | Credit Union | 12/08/2020 | TransUnion |
| CAPITAL ONE | Bank | 11/16/2020 | TransUnion |

## Public Information                                             ↟ Back to Top

ℹ Below is an overview of your public records and can include details of bankruptcy filings, court records, tax liens and other monetary judgments. Public records typically remain on your Credit Report for 7 - 10 years.

### Bankruptcy



| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Type: | Chapter 13 Bankruptcy | | |
| Status: | Dismissed | | |
| Date Filed/Reported: | 08/13/2017 | | |
| Reference#: | 1702941 | | |
| Closing Date: | 07/07/2017 | | |
| Asset Amount: | $0.00 | | |
| Court: | U.S. Bankruptcy Court | | |
| Liability: | $0.00 | | |
| Exempt Amount: | $0.00 | | |
| Remarks: | - | | |

## Creditor Contacts                                             ↟ Back to Top

ℹ The names of people and/or organizations who have obtained a copy of your credit report are listed below.



| Creditor Name | Address | Phone Number |
|---|---|---|
| CAPITAL ONE | 15000 CAPITAL ONE<br>RICHMOND, VA 23238 | (800) 955-7070 |
| NAVY FCU | 820 FOLLIN LANE<br>VIENNA, VA 22180 | (803) 255-8062 |
| TOWER FEDERAL CU | 7901 SANDY SPRING<br>LAUREL, MD 20707 | (800) 787-8328 |

**EXHIBIT E**

 LexisNexis®

LexisNexis® Consumer Center

Consumer Number: 11121161

Case Number: 30099921

June 30, 2022

NELSON BRUCE
PO BOX 3345
SUMMERVILLE, SC 29484

Dear NELSON BRUCE,

RE: Results of Reseller Dispute

*Please be advised that you may receive multiple communications if you disputed multiple items in your LexisNexis file.*

You recently contacted LexisNexis® Risk Solutions (LexisNexis) regarding information associated to your file. In accordance the Fair Credit Reporting Act (FCRA) (15 U.S.C. § 1681 et seq.), LexisNexis filed your dispute regarding the following data with the listed entity.

Dispute Date: 06/02/2022
Dispute Filed With: Experian

As of the date of this letter LexisNexis has removed the disputed information from your file. Should you wish to reach out to the entity, we are providing the following contact information:

Experian
P.O. Box 4500
Allen, TX 75013
866-200-6020
www.experian.com

Please visit us at **https://consumer.risk.lexisnexis.com** to learn more about the personal information LexisNexis Risk Solutions maintains about you in accordance with the Fair Credit Reporting Act.

LexisNexis Consumer Center
Attention: Reseller
P.O. Box 105289
Atlanta, GA 30348-5289

Consumers with disabilities or who need other special assistance can email us:
Accessibility@lexisnexisrisk.com

**Further Information**
If you have any further questions, you may contact the LexisNexis Risk Solutions Consumer Center via email at Consumer.Documents@LexisNexis.com or by phone at 866-323-0932. The LexisNexis Risk Solutions Consumer Center hours of operation are Monday – Friday from 8:00 A.M. to 7:00 P.M. Eastern Time. In an effort to protect your privacy and

**EXHIBIT E**

deliver prompt service, please have your Case Number (located at the top of this letter) accessible when you call our support number.





**EXHIBIT E**

 LexisNexis®

LexisNexis® Consumer Center

Consumer Number: 16029711

Case Number: 39124481

September 08, 2022

NELSON BRUCE
PO BOX 3345
SUMMERVILLE, SC 29484



Dear NELSON BRUCE,

RE: Results of Reseller Dispute

*Please be advised that you may receive multiple communications if you disputed multiple items in your LexisNexis file.*

You recently contacted LexisNexis® Risk Solutions (LexisNexis) regarding information associated to your file. In accordance the Fair Credit Reporting Act (FCRA) (15 U.S.C. § 1681 et seq.), LexisNexis filed your dispute regarding the following data with the listed entity.

Dispute Date: 08/15/2022
Dispute Filed With: Experian

As of the date of this letter LexisNexis has removed the disputed information from your file. Should you wish to reach out to the entity, we are providing the following contact information:

Experian
P.O. Box 4500
Allen, TX 75013
866-200-6020
www.experian.com

Please visit us at **https://consumer.risk.lexisnexis.com** to learn more about the personal information LexisNexis Risk Solutions maintains about you in accordance with the Fair Credit Reporting Act.

LexisNexis Consumer Center
Attention: Reseller
P.O. Box 105289
Atlanta, GA 30348-5289

Consumers with disabilities or who need other special assistance can email us:
**Accessibility@lexisnexisrisk.com**



**Further Information**
If you have any further questions, you may contact the LexisNexis Risk Solutions Consumer Center via email at Consumer.Documents@LexisNexis.com or by phone at 866-323-0932. The LexisNexis Risk Solutions Consumer Center hours of operation are Monday – Friday from 8:00 A.M. to 7:00 P.M. Eastern Time. In an effort to protect your privacy and

deliver prompt service, please have your Case Number (located at the top of this letter) accessible when you call our support number.



**EXHIBIT E**

LexisNexis® Consumer Center

Consumer Number: 6378461

Case Number: 15929681

January 11, 2022

NELSON BRUCE
PO BOX 3345
SUMMERVILLE, SC 29484

Dear NELSON BRUCE,

Thank you for contacting LexisNexis Risk Solutions regarding information contained in your consumer file. LexisNexis Risk Solutions is a leading provider of reliable, risk management information. We are providing this information to you, pursuant to Section § 609 of the Fair Credit Reporting Act (15 U.S.C. § 1681g).

LexisNexis Risk Solutions provides consumer reports to customers who have a permissible purpose to access your information. Our customers include companies in various industries, such as financial services, insurance, government and healthcare.

Included with this letter, may be some, or all, of the following:

1. Consumer statements that you requested be placed on your file;
2. Alerts or flags indicating the existence of a security freeze, identity theft alert or security fraud alert that you requested;
3. Data that is currently under dispute by you, with an indicator of the dispute;
4. Information pertaining to the source of the data contained on the report;
5. Identification of the entities whom have requested your information in the prior 12 months (or longer if requested for an employment eligibility purpose);
6. Copies of actual reports ordered by and provided to companies with a permissible purpose to access your information, if any exist in our system;
7. "How to Read" documentation, explaining information that may be contained in your file; and
8. Applicable Federal and State Summary of Rights.

In order to access your LexisNexis Consumer Disclosure Report, please use this one-time URL, which will expire in 30 days.

https://consumer.risk.lexisnexis.com/files/354H2WM

You will be asked to enter the following PIN, once you access the URL –

If prompted to enter password after entering the PIN, please re-enter the PIN. Please review your file carefully and notify us of any concerns or disputes you may have with the information at the address or tollfree number below. To expedite your request, be prepared to provide us with proper identification and any information that will help us resolve your concerns.

While LexisNexis delivers information to various industries, we are not involved in decisions made by our customers based on the information we provide and are not provided the reasons regarding those decisions.

Please be aware that an affiliate of LexisNexis Risk Solutions Inc. provides debt collectors with "contact and locate"

Total Pages  1  of  64          Page 1          CC25-12-20b

**EXHIBIT E**

information about consumers. That information is not a "consumer report" under the FCRA and is not enclosed in this mailing. For more information about this "contact and locate" information, or to request a copy of such report about you, please visit http://www.lexisnexis.com/privacy/forconsumers/requestpersonalinformation.aspx or call 866-868-9534.

If you have any further questions, you may contact the LexisNexis Consumer Center via email at consumer.documents@LexisNexis.com or by phone at 888-497-0011. The LexisNexis Consumer Center's hours of operation are Monday – Friday from 8:00 A.M. to 7:00 P.M. Eastern Time. In an effort to protect your privacy and deliver prompt service, please have your case number (located at the top of this letter) accessible when you call our support number.

LexisNexis Consumer Center
P.O. Box 105108
Atlanta, GA 30348-5108

**EXHIBIT E**

1/11/2022



## SECTION 13:
# Inquiry Records

The following inquiries are not reported to any third party or used in credit scoring. The purpose of each inquiry is noted below under Inquiry Permissible Purpose.

| Date of Inquiry (Year/Mo/Day) | Inquiry Permissible Purpose | Inquiring Company and Contact Details |
|---|---|---|
| 20211001 | Insurance Renewals | State Farm Mut 1 State Farm Plaza Bloomington IL 61701 |
| 20210921 | Insurance Renewals | State Farm Mut 1 State Farm Plaza Bloomington IL 61701 |
| 20210803 | Written Consent - Prequalification | Capital One 77 W Wacker Drive 9th Floor Chicago IL 60601 312-739-4856 |
| 20210523 | Written Consent - Prequalification | Capital One 77 W Wacker Drive 9th Floor Chicago IL 60601 312-739-4856 |
| 20210523 | Written Consent - Prequalification | AMERICAN EXPRESS 1801 NW 66th Ave Ste 103 Plantation FL 33313 9543895585 |
| 20210509 | Written Consent - Prequalification | Capital One 77 W Wacker Drive 9th Floor Chicago IL 60601 312-739-4856 |
| 20210505 | Written Consent - Prequalification | Capital One 77 W Wacker Drive 9th Floor Chicago IL 60601 312-739-4856 |

The following inquiries are shared with companies that view your Consumer file, may be used in credit scoring and may impact a credit rating. The purpose of each inquiry is noted below under Inquiry Permissible Purpose and may include applying for credit or financing, debt collection activities, or tenant screening.

| Date of Inquiry (Year/Mo/Day) | Inquiry Permissible Purpose | Inquiring Company and Contact Details |
|---|---|---|
| 20211205 | Demand Deposit | STATE EMPLOYEES CU OF MARYLAND, INC 971 CORPORATE BLVD #110, LINTHICUM, MD |
| 20211128 | Demand Deposit | ALLIANT CREDIT UNION PO BOX 66945, CHICAGO, IL |
| 20211124 | Credit Application | FUNDATION GROUP LLC 9 E 37TH ST FL 2 2ND FLOOR NEW YORK NY 10016-2809 |

**EXHIBIT E**

1/11/2022

|  |  | 6467067319 |
|---|---|---|
| 20210831 | Credit Application | Upgrade, Inc. 275 BATTERY ST FL 23RD 23RD FLOOR SAN FRANCISCO CA 94111-3305 9253664219 |
| 20210804 | Credit Application | Capital One 77 W Wacker Drive 9th Floor Chicago IL 60601 312-739-4856 |
| 20210427 | Credit Application | Upgrade, Inc. 275 BATTERY ST FL 23RD 23RD FLOOR SAN FRANCISCO CA 94111-3305 9253664219 |
| 20210329 | Collections | NATIONAL LOAN EXCHANGE INC 10 SUNSET HILLS PROFESSIONAL CTR EDWARDSVILLE IL 62025-3785 6186929500 |

# Military Lending Act Covered Borrower Status

This status indicates whether you are considered an active military service member, spouse of a service member, or a dependent of a service member as maintained by the Department of Defense. LexisNexis is an authorized reseller of this data provided by Equifax Information Services LLC and does not retain a copy of that information in your file. In order to see what information Equifax has on you, please contact them directly at 800-203-7843; PO Box 105873 Atlanta GA 30374; www.equifax.com.

**EXHIBIT E**

LexisNexis - NATIONAL CREDIT FILE REPORT



----------------------------SEARCH INFORMATION----------------------------
```
  NAME: BRUCE, NELSON L                                  SSN: XXX-XX-7185
  SPOUSE:                                                SSN:
  ADDRESS: 144 PAVILION ST, SUMMERVILLE SC 29483-8444  . ORDER TYPE: INDIV
  FMR ADD:
```

----------------------------SUBJECT IDENTIFICATION----------------------------
```
  NAME: BRUCE, NELSON L                                  SSN: XXX-XX-0000
  A/K/A: NELSON, BRUCE
  DOB/AGE: 000  SEX:     MARITAL:   DEPENDENTS: 00
  ADDRESS: 144 PAVILION ST, SUMMERVILLE SC 29483-8444         RPDT: 09/00/2021
          SINCE: 04/00/2009 STATUS: R
  FMR ADD:  PO BOX 3345, SUMMERVILLE SC 29484-3345            RPDT: 06/00/2021
```
----------------------------------SUMMARY----------------------------------
```
  BANKRUPTCIES: NO                    FILE ESTABLISHED: 00/00/0000
  PUBLIC RECORDS: NO            OLDEST OPENING DATE OF TRADE: 02/2008
  COLLECTION ITEMS: NO         LATEST REPORTING DATE OF TRADE: 09/2021
  HIGH CREDIT RANGE: 300-161385      LATEST FILE ACTIVITY: 09/00/2021
     TOTAL TRADE LINES: 018
     ACCT STATUS: CURRENT HIST DELNQ DESCRIPTION
                 ------- ---------- -----------
           0:     00               Accounts too new to rate
           1:     13               Pays account as agreed
           2:     00        01     Pays/paid 30-60 days or max 2 paymts past due
           3:     00        01     Pays/paid 60-90 days or max 3 paymts past due
           4:     00        00     Pays/paid 90-120 days or max 4 paymts past due
           5:     01        02     Pays/paid 120+ days or max 4+ paymts past due
           7:     00        00     Making regular payments under W.E.P.
           8:     00        03   . Repossession
           9:     03        07     Bad debt
           :     01               Status not known
```

**EXHIBIT E**

```
FORMER: POSITION:                                      DATE LEFT:
        FIRM/LOC:
-------------------------TRADE ACCOUNT ACTIVITY-------------------------------
Date   Current        High    Now    Past    Terms Mos.Date   Acct              Firm
Rpdt   Status         Credit  Owes   Due     /Pymt Rev Opened Type              Name & No
-----  ------------   ------- ------ ------- ----- --- ------ ---------------   ---------
```



```
 -> 09/2021R9/ Bad Debt 0020000 0013777 013777  REV   67  02/2016Individual       PENTAGON FED
 -> ERAL CR UN
        -> LAST ACTIV.: 09/2021    ACCT. NO.:                       *120NU0209
 -> TIMES LATE - BY 30 DAYS: 01   BY 60 DAYS: 01    BY 90 DAYS: 02
 -> PREV DELNQ.:  07/20219/ Bad Debt     06/20219/ Bad Debt     08/20219/ Bad Debt
 -> UNPAID BALANCE REPORTED AS A LOSS BY CREDIT GRANTOR/CHARGE OFF
 -> CREDIT CARD, TERMS REV

 -> 06/2017R1/On Time   0005000 0000000 000000  REV   17  03/2016Individual       PENTAGON FED
 -> ERAL CR UN
        -> LAST ACTIV.: 06/2017    ACCT. NO.:                       *171FC0180
 -> CREDIT LINE CLOSED
 -> CLOSED ACCNT
```

**EXHIBIT E**



09/2021I9/ Bad Debt 0000571 0000471 000471 1    26 06/2016Individual      HERITAGE TRU
ST/REV FCU
         LAST ACTIV.: 09/2021    ACCT. NO.:                    *171FC0209
PREV DELNQ.: 07/20219/ Bad Debt      06/20219/ Bad Debt      08/20219/ Bad Debt
UNPAID BALANCE REPORTED AS A LOSS BY CREDIT GRANTOR/CHARGE OFF
DEPOSIT RELATED

06/2017I1/On Time   0033478 0000000 000000 60   16 04/2016Individual      PENTAGON FED
ERAL CR UN
         LAST ACTIV.: 06/2017    ACCT. NO.:                    *171FC0180
AUTO LOAN

**EXHIBIT E**

LexisNexis® Consumer Center
P.O. Box 105289
Atlanta, Georgia 30348-5289
1-866-323-0932 (Toll Free) Monday - Friday, 8:00 AM to 7 PM Eastern Time

**EXHIBIT E**

### LexisNexis - NATIONAL CREDIT FILE REPORT



```
----------------------------SEARCH INFORMATION----------------------------
   NAME: BRUCE,  NELSON L                          .       SSN: XXX-XX-7185
   SPOUSE:                                                 SSN:
ADDRESS: 144 PAVILION ST, SUMMERVILLE SC 29483-8444    ORDER TYPE: INDIV
FMR ADD:

----------------------------SUBJECT IDENTIFICATION----------------------------
   NAME: BRUCE,  NELSON L                                  SSN: XXX-XX-0000
  A/K/A: NELSON,  BRUCE
DOB/AGE: 000   SEX:   MARITAL:    DEPENDENTS: 00
ADDRESS: 144 PAVILION ST, SUMMERVILLE SC 29483-8444        RPDT: 09/00/2021
         SINCE: 04/00/2009 STATUS: R
FMR ADD: PO BOX 3345, SUMMERVILLE SC 29484-3345            RPDT: 06/00/2021
--------------------------------SUMMARY--------------------------------
   BANKRUPTCIES: NO                   FILE ESTABLISHED: 00/00/0000
  PUBLIC RECORDS: NO           OLDEST OPENING DATE OF TRADE: 02/2008
COLLECTION ITEMS: NO           LATEST REPORTING DATE OF TRADE: 09/2021
HIGH CREDIT RANGE: 300-161385         LATEST FILE ACTIVITY: 09/00/2021
   TOTAL TRADE LINES: 018
   ACCT STATUS: CURRENT HIST DELNQ DESCRIPTION
               ------- ---------- -----------
         0:    00              Accounts too new to rate
         1:    13              Pays account as agreed
         2:    00       01     Pays/paid 30-60 days or max 2 paymts past due
         3:    00       01     Pays/paid 60-90 days or max 3 paymts past due
         4:    00       00     Pays/paid 90-120 days or max 4 paymts past due
         5:    01       02     Pays/paid 120+ days or max 4+ paymts past due
         7:    00       00     Making regular payments under W.E.P.
         8:    00       03     Repossession
         9:    03       07     Bad debt
         :    01              Status not known
```

EXHIBIT E

```
        FIRM/LOC:
---------------------------TRADE ACCOUNT ACTIVITY--------------------------------
Date   Current        High     Now     Past    Terms Mos.Date   Acct            Firm
Rpdt   Status         Credit   Owes    Due     /Pymt Rev Opened Type            Name & No
-----  -------------  -------  ------- ------- ----- --- ------ --------------- ---------
```

↗ 09/2021R9/ Bad Debt 0020000 0013777 013777  REV   67  02/2016Individual       PENTAGON FED
↗ERAL CR UN
       ↗ LAST ACTIV.: 09/2021    ACCT. NO.:                   *120NU0209
↗ TIMES LATE - BY 30 DAYS: 01    BY 60 DAYS: 01    BY 90 DAYS: 02
↗ PREV DELNQ.: 07/20219/ Bad Debt      06/20219/ Bad Debt     08/20219/ Bad Debt
↗UNPAID BALANCE REPORTED AS A LOSS BY CREDIT GRANTOR/CHARGE OFF
↗CREDIT CARD, TERMS REV


↗ 06/2017R1/On Time   0005000 0000000 000000  REV   17  03/2016Individual       PENTAGON FED
↗ERAL CR UN
↗      ↗ LAST ACTIV.: 06/2017    ACCT. NO.:                   *171FC0180
↗CREDIT LINE CLOSED
↗ CLOSED ACCNT

EXHIBIT E

09/2021I9/ Bad Debt 0000571 0000471 000471  1    26  06/2016Individual        HERITAGE TRU
ST/REV FCU
        LAST ACTIV.: 09/2021      ACCT. NO.:                      *171FC0209
PREV DELNQ.:  07/20219/ Bad Debt      06/20219/ Bad Debt   · 08/20219/ Bad Debt
UNPAID BALANCE REPORTED AS A LOSS BY CREDIT GRANTOR/CHARGE OFF
DEPOSIT RELATED



06/2017I1/On Time   0033478 0000000 000000  60    16  04/2016Individual        PENTAGON FED
ERAL CR UN
        LAST ACTIV.: 06/2017      ACCT. NO.:                      *171FC0180
AUTO LOAN

-----------------Prepared by: NATIONAL CREDIT FILE SYSTEM---------------------

**EXHIBIT E**

P.O. Box 105289
Atlanta, Georgia 30348-5289
1-866-323-0932 (Toll Free) Monday - Friday, 8:00 AM to 7 PM Eastern Time

**EXHIBIT E**

 **LexisNexis®**

LexisNexis® Consumer Center

Consumer Number: 14459111

Case Number: 36720191

July 30, 2022

NELSON BRUCE
PO BOX 3345
SUMMERVILLE, SC 29484

Dear NELSON BRUCE,

Thank you for contacting LexisNexis Risk Solutions regarding information contained in your consumer file. LexisNexis Risk Solutions is a leading provider of reliable, risk management information. We are providing this information to you, pursuant to Section § 609 of the Fair Credit Reporting Act (15 U.S.C. § 1681g).

LexisNexis Risk Solutions provides consumer reports to customers who have a permissible purpose to access your information. Our customers include companies in various industries, such as financial services, insurance, government and healthcare.

Included with this letter, may be some, or all, of the following:

1. Consumer statements that you requested be placed on your file;
2. Alerts or flags indicating the existence of a security freeze, identity theft alert or security fraud alert that you requested;
3. Data that is currently under dispute by you, with an indicator of the dispute;
4. Information pertaining to the source of the data contained on the report;
5. Identification of the entities whom have requested your information in the prior 12 months (or longer if requested for an employment eligibility purpose);
6. Copies of actual reports ordered by and provided to companies with a permissible purpose to access your information, if any exist in our system;
7. "How to Read" documentation, explaining information that may be contained In your file; and
8. Applicable Federal and State Summary of Rights.

In order to access your LexisNexis Consumer Disclosure Report, please use this one-time URL, which will expire in 30 days.

https://consumer.risk.lexisnexis.com/files/13EJSK6

You will be asked to enter the following PIN, once you access the URL —

██████████

If prompted to enter password after entering the PIN, please re-enter the PIN. Please review your file carefully and notify us of any concerns or disputes you may have with the information at the address or tollfree number below. To expedite your request, be prepared to provide us with proper identification and any information that will help us resolve your concerns.

While LexisNexis delivers information to various industries, we are not involved in decisions made by our customers based on the information we provide and are not provided the reasons regarding those decisions.

Please be aware that an affiliate of LexisNexis Risk Solutions Inc. provides debt collectors with "contact and locate"

**EXHIBIT E**

information about consumers. That information is not a "consumer report" under the FCRA and is not enclosed in this mailing. For more information about this "contact and locate" information, or to request a copy of such report about you, please visit http://www.lexisnexis.com/privacy/forconsumers/requestpersonalinformation.aspx or call 866-868-9534.

If you have any further questions, you may contact the LexisNexis Consumer Center via email at consumer.documents@LexisNexis.com or by phone at 888-497-0011. The LexisNexis Consumer Center's hours of operation are Monday – Friday from 8:00 A.M. to 7:00 P.M. Eastern Time. In an effort to protect your privacy and deliver prompt service, please have your case number (located at the top of this letter) accessible when you call our support number.

LexisNexis Consumer Center
P.O. Box 105108
Atlanta, GA 30348-5108

EXHIBIT E

7/30/2022

**SECTION 11:**



**SECTION 12:**





**EXHIBIT E**

7/30/2022



## SECTION 13:
## Inquiry Records

The following inquiries are not reported to any third party or used in credit scoring. The purpose of each inquiry is noted below under Inquiry Permissible Purpose.

| Date of Inquiry (Year/Mo/Day) | Inquiry Permissible Purpose | Inquiring Company and Contact Details |
|---|---|---|
| 20220723 | Written Consent - Prequalification | Credit Karma, LLC 1100 Broadway Suite 1800 Oakland CA 07946 415-510-5238 |
| 20220723 | Written Consent - Prequalification | Credit Karma, LLC 1100 Broadway Suite 1800 Oakland CA 07946 415-510-5238 |
| 20220723 | Written Consent - Prequalification | Credit Karma, LLC 1100 Broadway Suite 1800 Oakland CA 07946 415-510-5238 |
| 20220723 | Written Consent - Prequalification | Credit Karma, LLC 1100 Broadway Suite 1800 Oakland CA 07946 415-510-5238 |
| 20220722 | Written Consent - Prequalification | Credit Karma, LLC 1100 Broadway Suite 1800 Oakland CA 07946 415-510-5238 |
| 20220722 | Written Consent - | Credit Karma, LLC 1100 Broadway Suite 1800 Oakland CA 07946 415-510-5238 |

**EXHIBIT E**

7/30/2022

| | Prequalification | |
|---|---|---|
| 20220720 | Written Consent - Prequalification | Credit Karma, LLC 1100 Broadway Suite 1800 Oakland CA 07946 415-510-5238 |
| 20220720 | Written Consent - Prequalification | Credit Karma, LLC 1100 Broadway Suite 1800 Oakland CA 07946 415-510-5238 |
| 20220718 | Written Consent - Prequalification | Credit Karma, LLC 1100 Broadway Suite 1800 Oakland CA 07946 415-510-5238 |
| 20220718 | Written Consent - Prequalification | Credit Karma, LLC 1100 Broadway Suite 1800 Oakland CA 07946 415-510-5238 |
| 20220705 | Insurance Underwriting | Liberty Mut Ins Co-ADPF 10 SAINT JAMES AVE BOSTON MA 02116-3813 |
| 20220705 | Insurance Underwriting | Liberty Mut Ins Co-ADPF 10 SAINT JAMES AVE BOSTON MA 02116-3813 |
| 20220622 | Insurance Underwriting | NATIONAL GENERAL HOLDINGS CORP 5630 UNIVERSITY PKWY WINSTON SALEM NC 27105-1312 |
| 20220616 | Insurance Underwriting | PGR SAQ CC 6085 PARKLAND BLVD CLEVELAND OH 44124-4184 |
| 20220616 | Insurance Underwriting | PGR POS 6085 PARKLAND BLVD CLEVELAND OH 44124-4184 |
| 20220616 | Insurance Underwriting | PGR POS 6085 PARKLAND BLVD CLEVELAND OH 44124-4184 |
| 20220604 | Insurance Underwriting | Geico 4295 Ocumulgee Blvd Macon GA 31216 |
| 20220530 | Insurance Underwriting | State Farm Mutual 1 State Farm Plaza BLOOMINGTON IL 61701 |
| 20220530 | Insurance Underwriting | State Farm Mutual 1 State Farm Plaza BLOOMINGTON IL 61701 |
| 20220530 | Insurance Underwriting | State Farm Mutual 1 State Farm Plaza BLOOMINGTON IL 61701 |
| 20220530 | Insurance Underwriting | State Farm Mutual 1 State Farm Plaza BLOOMINGTON IL 61701 |
| 20211001 | Insurance Renewals | State Farm Mut 1 State Farm Plaza Bloomington IL 61701 |
| 20210921 | Insurance Renewals | State Farm Mut 1 State Farm Plaza Bloomington IL 61701 |
| 20210803 | Written Consent - Prequalification | Capital One 77 W Wacker Drive 9th Floor Chicago IL 60601 312-739-4856 |

The following inquiries are shared with companies that view your Consumer file, may be used in credit scoring and may impact a credit rating. The purpose of each inquiry is noted below under Inquiry Permissible Purpose and may include applying for credit or financing, debt collection activities, or tenant screening.

| Date of Inquiry (Year/Mo/Day) | Inquiry Permissible Purpose | Inquiring Company and Contact Details |
|---|---|---|
| 20220406 | Demand Deposit | PENNSYLVANIA STATE EMPLOYEES CU 1500 ELMERTON AVE, HARRISBURG, PA |
| 20211205 | Demand Deposit | STATE EMPLOYEES CU OF MARYLAND, INC 971 CORPORATE BLVD #110, LINTHICUM, MD |
| 20211128 | Demand Deposit | ALLIANT CREDIT UNION PO BOX 66945, CHICAGO, IL |
| 20211124 | Credit Application | FUNDATION GROUP LLC 9 E 37TH ST FL 2 2ND FLOOR NEW YORK NY 10016-2809 6467067319 |
| 20210831 | Credit Application | Upgrade, Inc. 275 BATTERY ST FL 23RD 23RD FLOOR SAN FRANCISCO CA 94111-3305 9253664219 |
| 20210804 | Credit Application | Capital One 77 W Wacker Drive 9th Floor Chicago IL 60601 312-739-4856 |

EXHIBIT E

LexisNexis - NATIONAL CREDIT FILE REPORT



```
-------------------------------SEARCH INFORMATION-----------------------------
   NAME: BRUCE, NELSON L                              SSN: XXX-XX-7185
   SPOUSE:                                            SSN:
   ADDRESS: 144 PAVILION ST, SUMMERVILLE SC 29483-0000    ORDER TYPE: INDIV
   FMR ADD:

   ------------------------------SUBJECT IDENTIFICATION--------------------------
   NAME: BRUCE, NELSON L                              SSN: XXX-XX-7185
   A/K/A: NELSON, BRUCE
   DOB/AGE: 000  SEX:   MARITAL:   DEPENDENTS: 00
   ADDRESS: PO BOX 3345, SUMMERVILLE SC 29484-3345            RPDT: 05/00/2022
           SINCE: 05/00/2021 STATUS: R
   FMR ADD: 144 PAVILION ST, SUMMERVILLE SC 29483-8444        RPDT: 09/00/2021
   ----------------------------------SUMMARY------------------------------------
      BANKRUPTCIES: NO                      FILE ESTABLISHED: 00/00/0000
      PUBLIC RECORDS: NO          OLDEST OPENING DATE OF TRADE: 02/2008
      COLLECTION ITEMS: NO       LATEST REPORTING DATE OF TRADE: 05/2022
   HIGH CREDIT RANGE: 300-33478           LATEST FILE ACTIVITY: 05/00/2022
      TOTAL TRADE LINES: 017
      ACCT STATUS: CURRENT HIST DELNQ DESCRIPTION
                   ------- ---------- -----------
          0:     00                   Accounts too new to rate
          1:     15                   Pays account as agreed
          2:     00        00         Pays/paid 30-60 days or max 2 paymts past due
          3:     00        00         Pays/paid 60-90 days or max 3 paymts past due
          4:     00        00         Pays/paid 90-120 days or max 4 paymts past due
          5:     00        00         Pays/paid 120+ days or max 4+ paymts past due
          7:     00        00         Making regular payments under W.E.P.
          8:     00        00         Repossession
          9:     02        06         Bad debt
          :     00                    Status not known
```

EXHIBIT E



```
        FIRM/LOC:
--------------------------TRADE ACCOUNT ACTIVITY--------------------------------------
Date    Current      High    Now     Past    Terms Mos.Date    Acct              Firm
Rpdt    Status       Credit  Owes    Due     /Pymt Rev Opened  Type              Name & No
-----   ------------ ------- ------- ------- ----- --- ------  ----------------  ---------

  05/2022 R9/ Bad Debt 0020000 0013777 013777  REV   75  02/2016 Individual       PENTAGON FED
ERAL CR UN
        LAST ACTIV.: 05/2022    ACCT. NO.:                       *120NU0209
TIMES LATE - BY 30 DAYS: 01    BY 60 DAYS: 01    BY 90 DAYS: 02
PREV DELNQ.:  03/20229/ Bad Debt      02/20229/ Bad Debt      04/20229/ Bad Debt
UNPAID BALANCE REPORTED AS A LOSS BY CREDIT GRANTOR/CHARGE OFF
CREDIT CARD, TERMS REV

  06/2017 R1/On Time   0005000 0000000 000000  REV   17  03/2016 Individual       PENTAGON FED
ERAL CR UN
        LAST ACTIV.: 06/2017    ACCT. NO.:                       *171FC0180
CREDIT LINE CLOSED
CLOSED ACCNT
```

**EXHIBIT E**

05/2022I9/ Bad Debt 0000571 0000471 000471 1    34  06/2016Individual       REV FCU
     LAST ACTIV.: 05/2022      ACCT. NO.:                    *171FC0209
PREV DELNQ.:  03/20229/ Bad Debt      02/20229/ Bad Debt     04/20229/ Bad Debt
UNPAID BALANCE REPORTED AS A LOSS BY CREDIT GRANTOR/CHARGE OFF
DEPOSIT RELATED

06/2017I1/On Time    0033478 0000000 000000  60    16  04/2016Individual       PENTAGON FED
ERAL CR UN
     LAST ACTIV.: 06/2017      ACCT. NO.:                    *171FC0180
AUTO LOAN

        --------------------------------INQUIRY HISTORY--------------------------------

          INQ. DATE              MEMBER NO.             FIRM
          04/05/2022             670FC0020              F S E C U


        -----------------Prepared by: NATIONAL CREDIT FILE SYSTEM----------------------
LexisNexis® Consumer Center
P.O. Box 105289
Atlanta, Georgia 30348-5289
1-866-323-0932 (Toll Free) Monday - Friday, 8:00 AM to 7 PM Eastern Time

**EXHIBIT E**

 **LexisNexis**

LexisNexis® Consumer Center

Consumer Number: 19257721

Case Number: 44162191

September 15, 2022

NELSON BRUCE
PO BOX 3345
SUMMERVILLE, SC 29484

Dear NELSON BRUCE,

Thank you for contacting LexisNexis Risk Solutions regarding information contained in your consumer file. LexisNexis Risk Solutions is a leading provider of reliable, risk management information. We are providing this information to you, pursuant to Section § 609 of the Fair Credit Reporting Act (15 U.S.C. § 1681g).

LexisNexis Risk Solutions provides consumer reports to customers who have a permissible purpose to access your information. Our customers include companies in various industries, such as financial services, insurance, government and healthcare.

Included with this letter, may be some, or all, of the following:

1. Consumer statements that you requested be placed on your file;
2. Alerts or flags indicating the existence of a security freeze, identity theft alert or security fraud alert that you requested;
3. Data that is currently under dispute by you, with an indicator of the dispute;
4. Information pertaining to the source of the data contained on the report;
5. Identification of the entities whom have requested your information in the prior 12 months (or longer if requested for an employment eligibility purpose);
6. Copies of actual reports ordered by and provided to companies with a permissible purpose to access your information, if any exist in our system;
7. "How to Read" documentation, explaining information that may be contained in your file; and
8. Applicable Federal and State Summary of Rights.

In order to access your LexisNexis Consumer Disclosure Report, please use this one-time URL, which will expire in 30 days.

https://consumer.risk.lexisnexis.com/files/YYUC6TR

You will be asked to enter the following PIN, once you access the URL –

█████████

If prompted to enter password after entering the PIN, please re-enter the PIN. Please review your file carefully and notify us of any concerns or disputes you may have with the information at the address or tollfree number below. To expedite your request, be prepared to provide us with proper identification and any information that will help us resolve your concerns.

While LexisNexis delivers information to various industries, we are not involved in decisions made by our customers based on the information we provide and are not provided the reasons regarding those decisions.

Please be aware that an affiliate of LexisNexis Risk Solutions Inc. provides debt collectors with "contact and locate"

information about consumers. That information is not a "consumer report" under the FCRA and is not enclosed in this mailing. For more information about this "contact and locate" information, or to request a copy of such report about you, please visit http://www.lexisnexis.com/privacy/forconsumers/requestpersonalinformation.aspx or call 866-868-9534.

If you have any further questions, you may contact the LexisNexis Consumer Center via email at consumer.documents@LexisNexis.com or by phone at 888-497-0011. The LexisNexis Consumer Center's hours of operation are Monday – Friday from 8:00 A.M. to 7:00 P.M. Eastern Time. In an effort to protect your privacy and deliver prompt service, please have your case number (located at the top of this letter) accessible when you call our support number.

LexisNexis Consumer Center
P.O. Box 105108
Atlanta, GA 30348-5108

**EXHIBIT E**

9/15/2022

## SECTION 13:
# Inquiry Records

The following inquiries are not reported to any third party or used in credit scoring. The purpose of each inquiry is noted below under Inquiry Permissible Purpose.

| Date of Inquiry (Year/Mo/Day) | Inquiry Permissible Purpose | Inquiring Company and Contact Details |
|---|---|---|
| 20220723 | Written Consent - Prequalification | Credit Karma, LLC 1100 Broadway Suite 1800 Oakland CA 07946 415-510-5238 |
| 20220723 | Written Consent - Prequalification | Credit Karma, LLC 1100 Broadway Suite 1800 Oakland CA 07946 415-510-5238 |
| 20220722 | Written Consent - Prequalification | Credit Karma, LLC 1100 Broadway Suite 1800 Oakland CA 07946 415-510-5238 |
| 20220720 | Written Consent - Prequalification | Credit Karma, LLC 1100 Broadway Suite 1800 Oakland CA 07946 415-510-5238 |
| 20220718 | Written Consent - Prequalification | Credit Karma, LLC 1100 Broadway Suite 1800 Oakland CA 07946 415-510-5238 |
| 20220705 | Insurance Underwriting | Liberty Mut Ins Co-ADPF 10 SAINT JAMES AVE BOSTON MA 02116-3813 |
| 20220705 | Insurance Underwriting | Liberty Mut Ins Co-ADPF 10 SAINT JAMES AVE BOSTON MA 02116-3813 |
| 20220622 | Insurance Underwriting | NATIONAL GENERAL HOLDINGS CORP 5630 UNIVERSITY PKWY WINSTON SALEM NC 27105-1312 |
| 20220616 | Insurance Underwriting | PGR SAQ CC 6085 PARKLAND BLVD CLEVELAND OH 44124-4184 |
| 20220616 | Insurance Underwriting | PGR POS 6085 PARKLAND BLVD CLEVELAND OH 44124-4184 |
| 20220616 | Insurance Underwriting | PGR POS 6085 PARKLAND BLVD CLEVELAND OH 44124-4184 |
| 20220604 | Insurance Underwriting | Geico 4295 Ocumulgee Blvd Macon GA 31216 |
| 20220530 | Insurance Underwriting | State Farm Mutual 1 State Farm Plaza BLOOMINGTON IL 61701 |
| 20220530 | Insurance Underwriting | State Farm Mutual 1 State Farm Plaza BLOOMINGTON IL 61701 |
| 20220530 | Insurance Underwriting | State Farm Mutual 1 State Farm Plaza BLOOMINGTON IL 61701 |
| 20220530 | Insurance Underwriting | State Farm Mutual 1 State Farm Plaza BLOOMINGTON IL 61701 |
| 20211001 | Insurance Renewals | State Farm Mut 1 State Farm Plaza Bloomington IL 61701 |
| 20210921 | Insurance Renewals | State Farm Mut 1 State Farm Plaza Bloomington IL 61701 |

The following inquiries are shared with companies that view your Consumer file, may be used in credit scoring and may impact a credit rating. The purpose of each inquiry is noted below under Inquiry Permissible Purpose and may include applying for credit or financing, debt collection activities, or tenant screening.

| Date of Inquiry (Year/Mo/Day) | Inquiry Permissible Purpose | Inquiring Company and Contact Details |
|---|---|---|
| 20220406 | Demand Deposit | PENNSYLVANIA STATE EMPLOYEES CU 1500 ELMERTON AVE, HARRISBURG, PA |
| 20211205 | Demand Deposit | STATE EMPLOYEES CU OF MARYLAND, INC 971 CORPORATE BLVD #110, |

EXHIBIT E

9/15/2022

| | | LINTHICUM, MD |
|---|---|---|
| 20211128 | Demand Deposit | ALLIANT CREDIT UNION PO BOX 66945, CHICAGO, IL |
| 20211124 | Credit Application | FUNDATION GROUP LLC 9 E 37TH ST FL 2 2ND FLOOR NEW YORK NY 10016-2809 6467067319 |

# Military Lending Act Covered Borrower Status

This status indicates whether you are considered an active military service member, spouse of a service member, or a dependent of a service member as maintained by the Department of Defense. LexisNexis is an authorized reseller of this data provided by Equifax Information Services LLC and does not retain a copy of that information in your file. In order to see what information Equifax has on you, please contact them directly at 800-203-7843; PO Box 105873 Atlanta GA 30374; www.equifax.com.

EXHIBIT E



```
                LexisNexis - NATIONAL CREDIT FILE REPORT
```

```
-------------------------------SEARCH INFORMATION----------------------------
   NAME: BRUCE,  NELSON L                              SSN: XXX-XX-7185
   SPOUSE:                                             SSN:
   ADDRESS: 144 PAVILION ST, SUMMERVILLE SC 29483-0000  ORDER TYPE: INDIV
   FMR ADD:


   -------------------------------SUBJECT IDENTIFICATION----------------------
   NAME: BRUCE,  NELSON L                              SSN: XXX-XX-7185
   A/K/A: NELSON,  BRUCE
   DOB/AGE: 000   SEX:     MARITAL:    DEPENDENTS: 00
   ADDRESS:  PO BOX 3345, SUMMERVILLE SC 29484-3345        RPDT: 05/00/2022
        SINCE: 05/00/2021 STATUS: R
   FMR ADD: 144 PAVILION ST, SUMMERVILLE SC 29483-8444     RPDT: 09/00/2021
   ----------------------------------------SUMMARY---------------------------
   BANKRUPTCIES: NO                      FILE ESTABLISHED: 00/00/0000
   PUBLIC RECORDS: NO           OLDEST OPENING DATE OF TRADE: 02/2008
   COLLECTION ITEMS: NO         LATEST REPORTING DATE OF TRADE: 05/2022
   HIGH CREDIT RANGE: 300-33478         LATEST FILE ACTIVITY: 05/00/2022
      TOTAL TRADE LINES: 017
   ACCT STATUS: CURRENT HIST DELNQ DESCRIPTION
                ------- ---------- -----------
           0:     00                Accounts too new to rate
           1:     15                Pays account as agreed
           2:     00        00      Pays/paid 30-60 days or max 2 paymts past due
           3:     00        00      Pays/paid 60-90 days or max 3 paymts past due
           4:     00        00      Pays/paid 90-120 days or max 4 paymts past due
           5:     00        00    . Pays/paid 120+ days or max 4+ paymts past due
           7:     00        00      Making regular payments under W.E.P.
           8:     00        00      Repossession
           9:     02        06      Bad debt
           :      00                Status not known
```

**EXHIBIT E**

```
          FIRM/LOC:
---------------------------TRADE ACCOUNT ACTIVITY-------------------------------------
Date   Current       High     Now     Past     Terms  Mos.Date    Acct          Firm
Rpdt   Status        Credit   Owes    Due      /Pymt  Rev Opened  Type          Name & No
-----  ------------- -------  ------- -------  -----  --- ------  -------------- ---------
```



→ 05/2022R9/ Bad Debt 0020000 0013777 013777  REV   75  02/2016Individual      PENTAGON FED
→ ERAL CR UN
        →  LAST ACTIV.: 05/2022    ACCT. NO.:                      *120NU0209
→ TIMES LATE - BY 30 DAYS: 01    BY 60 DAYS: 01    BY 90 DAYS: 02
→ PREV DELNQ.: 03/20229/ Bad Debt    02/20229/ Bad Debt    04/20229/ Bad Debt
→ UNPAID BALANCE REPORTED AS A LOSS BY CREDIT GRANTOR/CHARGE OFF
→ CREDIT CARD, TERMS REV

→ 06/2017R1/On Time   0005000 0000000 000000  REV   17  03/2016Individual      PENTAGON FED
→ ERAL CR UN
        →  LAST ACTIV.: 06/2017    ACCT. NO.:                      *171FC0180
→ CREDIT LINE CLOSED
→ CLOSED ACCNT

**EXHIBIT E**

→ 05/2022I9/ Bad Debt 0000571 0000471 000471  1    34  06/2016Individual      REV FCU
    → LAST ACTIV.: 05/2022      ACCT. NO.:                    *171FC0209
→ PREV DELNQ.:  03/20229/ Bad Debt    02/20229/ Bad Debt     04/20229/ Bad Debt
→ UNPAID BALANCE REPORTED AS A LOSS BY CREDIT GRANTOR/CHARGE OFF
→ DEPOSIT RELATED

→ 06/2017I1/On Time   0033478 0000000 000000  60   16  04/2016Individual      PENTAGON FED
→ ERAL CR UN
    → LAST ACTIV.: 06/2017      ACCT. NO.:                    *171FC0180
→ AUTO LOAN

-------------------------------INQUIRY HISTORY-------------------------------

         INQ. DATE              MEMBER NO.            FIRM
         04/05/2022             670FC0020            P S E C U


------------------Prepared by: NATIONAL CREDIT FILE SYSTEM----------------------
LexisNexis® Consumer Center
P.O. Box 105289
Atlanta, Georgia 30348-5289
1-866-323-0932 (Toll Free) Monday - Friday, 8:00 AM to 7 PM Eastern Time

**Affidavit of Verification**

I, Nelson L. Bruce, hereby swear, attest, affirm, ascribe, and declare as follows:

1. I am a consumer, the Plaintiff in the present case, and a resident of the State of South Carolina and I am of the age of the Majority, over the age of 18;

2. I have reviewed the complaint in its entirety and have personal knowledge of myself, my activities, and my intentions, including those set out in the foregoing **1st Amended Verified Complaint** for Declaratory and Injunctive relief and the Relief requested in this **1st Amended Verified Complaint**;

3. I have personal knowledge of all the allegations in this **1st Amended Verified Complaint** for Declaratory and Injunctive Relief and the relief requested, and swear all of them to be true and correct to the best of my knowledge, information and belief;

4. I do hereby swear, attest, affirm, ascribe, and declare that the aforementioned claims are true, correct and accurate and that I have firsthand knowledge of the foregoing facts stated in this **1st Amended Verified Complaint** as being true, correct and accurate, and I do so under penalty of the Constitution of the United States of America as such so help me god.

FURTHER AFFIANT SAYETH NOT.

_____

Nelson L. Bruce

**NOTARY**

STATE OF South Carolina )
)
COUNTY OF Dorchester )

On this 31st day of October, **2022**, before me _Tamara S. Boyd_
(Notary Public) personally appeared **Nelson L. Bruce**, a natural person, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same, and that by his signature on the instrument the person, acted, executed the instrument.

_Tamara S. Boyd_   10-31-2022
Notary Public Signature:                                    Date:

_January 8, 2030_
My Commission expires:

SEAL

# EXHIBIT B



February 17, 2023

**Notice of Rejected Service of Process – Log# 543244099**

Agent Served:   CT Corporation
Party Served:   PENTAGON FEDERAL CREDIT UNION (PENFED)
Jurisdiction Served:   South Carolina
Title of Action:   Nelson L. Bruce vs. Pentagon Federal Credit Union
Case No.  222CV02211BHHMGB

Dear Sir/Madam:

We have received documents from you in the above-referenced matter, but we are not able to forward the documents to any party due to the reason indicated below.

☑ Not Agent: According to our records and/or the records of the Secretary of State, we are not the registered agent for the company you are attempting to serve.

☐ Documents Do Not Correctly Identify the Intended Recipient: The name of the party that you are trying to serve appears to be incomplete and/or there are other errors in how you have identified the party that you are trying to serve. Our company is the registered agent for service of process for hundreds of thousands of entities, and because of your errors in identifying the party that you are trying to serve, we are unable to determine the identity of the party that you are attempting to serve.

☐ Inactive Entity: The entity that you are attempting to serve is either discontinued on our records and/or inactive with the Secretary of State. Accordingly, we no longer have any active agreement with the entity to operate as its registered agent for service of process, and we no longer have current delivery instructions on file.

To be clear, for the aforementioned reason(s), we have not been able to forward the documents that you are attempting to serve to any entity. We are writing this letter to you so that you can take action to address the problems that we have identified. If you do not correct the errors identified herein, the party you are trying to serve will not receive notice of these documents.

Please email SOPInquiries@wolterskluwer.com if you believe that you have received this letter in error or if you need further assistance.

Very truly yours,
C T Corporation System

**(Returned To)**

NELSON L. BRUCE
P.O. Box 3345,
SUMMERVILLE, SC  29484