# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| NELSON L. BRUCE,<br><br>      Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC., *et al.*<br><br>      Defendants. | Case No.:  2:22-cv-02211-BHH-MGB |

## DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S REPLY IN SUPPORT OF MOTION TO SET ASIDE DEFAULT

Defendant LexisNexis Risk Solutions Inc. ("LNRS"), by special appearance of counsel, pursuant to Federal Rule of Civil Procedure 55(c), respectfully files this reply brief in support of its Motion to Set Aside Entry of Default, Dkt. No. 81.

## INTRODUCTION

This Court should set aside the entry of default and deny Plaintiff's amended motion for default judgment because LNRS was not properly served. LNRS provided proof – an affidavit of Tamara Kling – that affirmed LNRS never received the summons or amended complaint. Under these circumstances, Fourth Circuit precedent counsels strongly in favor of setting aside the default.

In addition to the lack of proper service, LNRS has meritorious defenses to Plaintiff's claims and acted promptly to move to set aside the default, further counselling in favor of the relief requested. The Court should provide relief from the "onerous consequences" of default and permit the parties to litigate this matter on the merits.

LNRS accordingly respectfully requests that the Court set aside the default and deny Plaintiff's amended motion for default judgment.

## ARGUMENT

**I.   There is good cause to set aside the default because LNRS never received the Summons and Amended Complaint.**

"[A]n extensive line of decisions has held that Federal Rule of Civil Procedure 55(c) must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987) (citing *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir.1969)).  The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).   Accordingly, the "good cause" standard for setting aside the entry of default should be liberally construed.  *Lolatchy*, 816 F.2d at 954.

LNRS has established the requisite "good cause" to set the entry of default.  As explained in its opening brief, LNRS' registered agent read the Summons as being directed to Defendant PENFED, rejected service, and never forwarded the Summons or Amended Complaint to LNRS. *See* Mot. to Set Aside at 3, 5 (citing Aff. of Tamara Kling ¶¶ 5–7).  Under these circumstances, the Fourth Circuit has found default should be set aside. *Colleton Preparatory Academy*, 616 F.3d at 419–21.  In *Colleton*, the Fourth Circuit found it was an abuse of discretion to refuse to set aside the entry of default where the defendant's registered agent never forwarded the summons and complaint to the defendant, even where the summons properly identified the defendant (which is not the case here). *Id.* at 419–20.  The Court emphasized its "time-worn commitment to the resolution of disputes on their merits" and reversed the district court's denial of the defendant's motion to set aside default. *Id.* at 420.  Plaintiff's position that "[a]ny lack of forwarding such

2

documents to the Defendant . . . is not good cause nor a defense for setting aside the default," Pl.'s Opp. at 3, is not supported by Fourth Circuit precedent and accordingly should be rejected.[1]

Moreover, given that Plaintiff seeks $1,988,256 in damages in his Motion for Default Judgment, the consequences of a default judgment would be particularly onerous for LNRS if the entry of default is not set aside. Given the nature of Plaintiff's claims and alleged damages that relate entirely to consumer credit reporting, an entry of default in this case would be "severely prejudicial" to LNRS, thus weighing in favor of setting aside the default. *Miller v. U.S. Dept. of Housing and Urban Development*, No. 1:05-cv-1045, 2006 U.S. Dist. LEXIS 61890, at *21–22 (M.D.N.C. Aug. 29, 2006) (setting aside default where it would "several prejudice [defendant]. In his Complaint, [plaintiff] requests relief in the amount of one million dollars against Defendant.").

## II.   LNRS holds several meritorious defenses to Plaintiff's claims, which further supports setting aside the default.

In addition to failing to properly serve LNRS, the entry of default should be set aside and Plaintiff's motion for default judgment denied so the parties can litigate this case on the merits. *See Payne v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006) ("When deciding whether to set aside an entry of default, a district court should consider [among other factors] whether the moving party

---

[1] Similarly, Plaintiff's citation to *FTC v. Pukke* is clearly distinguishable. *See* Pl.'s Opp. at 7 (citing *FTC v. Pukke*, 53 F.4th 80 (4th Cir. 2022)). In *Pukke*, the district court denied a Rule 60 motion to set aside a default judgment, a different standard than a motion under Rule 55(c). *Id.* at 106. The Fourth Circuit upheld the default judgment based on the factual circumstances specific to that case – namely, the defendant was "notified multiple times about the ongoing proceedings" and the defendant's "counsel confirmed receipt and told the FTC that [the defendant] was aware of the proceedings," yet the defendant never appeared. *Id.* at 107. The other defendants were "duly served" but failed to make an appearance. *Id.* Based on those facts, the Fourth Circuit found it was a "clear-cut case for default judgment." *Id.* No similar facts are present here.

has a meritorious defense"). LNRS has meritorious defenses that will defeat Plaintiff's claims. *See* Mot. to Set Aside at 6–7.[2]

Plaintiff unsurprisingly disagrees with LNRS' arguments. *See* Pl.'s Opp. at 8–10. His opposition brief primarily focuses on his reinvestigation claim under section 1681i of the FCRA. *See id.* Plaintiff claims LNRS failed to conduct a reasonable reinvestigation of the disputed PENFED credit card account. However, the exhibits attached to Plaintiff's Amended Complaint reveal fundamental flaws with his section 1681i claim. The letters LNRS sent to Plaintiff in response to his dispute explain that LNRS was acting as a "reseller" under the FCRA. *See* Am. Compl. Ex. E, Dkt. No. 31-1, at 10–13 ("Results of *Reseller* Dispute") (emphasis added). A "reseller" is exempt from the requirements of section 1681i except that "if the reseller determines that the [disputed] item of information is not incomplete or inaccurate as a result of an act or omission of the reseller, [the reseller must] convey the notice of the dispute . . . to each consumer reporting agency that provided the reseller with the information that is the subject of the dispute[.]" 15 U.S.C. § 1681i(f)(1)–(2). Based on the letters LNRS sent to Plaintiff, LNRS fulfilled its duties under section 1681i(f) by sending notice of the dispute to Experian. *See* Am. Compl. Ex. E, Dkt. No. 31-1, at 10 ("LexisNexis filed your dispute regarding the following data with the list entity. Dispute Date: 06/02/2022. Dispute Filed With: Experian."). Accordingly, LNRS has meritorious defenses to Plaintiff's section 1681i claim.

---

[2] In its motion, LNRS identified specific *examples* of its defenses to Plaintiff's claims. LNRS did not, as Plaintiff now suggests, include *every* defense. *See* Pl.'s Opp. at 6 ("Defendant does not dispute that they have emeritus defenses on plaintiff's FCRA related to their duty to do a reasonable investigation of plaintiff's dispute 1681i(a)(1)(A), plaintiff's SCCPC claims, claims for negligent and intentional infliction of emotional distress [sic] therefore judgment should be entered on these claims."). Indeed, in its Motion, LNRS specifically "reserve[d] the right to fully and completely respond to Plaintiff's Amended Complaint" and stated "[t]he defenses listed here are not intended to be an exhaustive list of each of LNRS' defenses in this case." Mot. to Set Aside at 6 n.3.

Plaintiff also argues he would be prejudiced by the Court setting aside default because "plaintiff has valid FCRA, SCCPC, Defamation, and negligent and intentional infliction of emotional distress claims *some of which* defendant has provided no meritorious defense for. . ." Pl.'s Opp. at 11 (emphasis added). First, based on that argument, Plaintiff seemingly admits that LNRS has provided meritorious defenses to at least certain of his claims, which is sufficient to set aside default. Second, there is no prejudice to Plaintiff to prove claims for which he bears the burden of proof. *Colleton Preparatory Academy*, 616 F.3d at 419 ("[N]o cognizable prejudice inheres in requiring a plaintiff *to prove* a defendant's liability, a burden every plaintiff assumes in every civil action filed in every federal court.") (emphasis in original).

### III.    LNRS acted promptly to set aside the entry of default.

"Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." *Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967). Courts have found, for instance, a motion to set aside default was made promptly when filed 34 days after entry of default. *LM Gen. Ins. v. Frederick*, No. 4:18-cv-01264, 2019 U.S. Dist. LEXIS 26005, at *8 (D.S.C. Feb. 19, 2019). Here, LNRS moved to set aside default within 17 days of the entry of default.

Plaintiff claims that LNRS did not act promptly to set aside the default because it did not respond to his original motion for default judgment against "LexisNexis Risk Management, Inc." (a non-party and non-legal entity) within the 14 days required for response briefs under the Court's Local Rules. Pl.'s Opp. at 10–11. Plaintiff filed his amended motion for default judgment against LNRS on March 27, 2023, and LNRS' Motion to Set Aside was filed just five days later on March 31.

5

In any event, the Court should set aside the default and deny Plaintiff's amended motion for default judgment because LNRS has established that: (1) it acted with reasonable promptness, (2) it holds meritorious defenses, and (3) there is no prejudice to Plaintiff.  *Payne*, 439 F.3d at 204–05.  Accordingly, following Fourth Circuit precedent, the Court should grant relief in favor of LNRS.  *See Colleton Preparatory Academy*, 616 F.3d at 421; *Lolatchy,* 816 F.2d at 954.

## **CONCLUSION**

LNRS respectfully requests the Court set aside the default entered against LNRS, deny Plaintiff's Amended Motion for Default Judgment, and grant any further relief the Court may deem appropriate.

Dated: April 17, 2023.

/s/ William J. Farley III
William J. Farley III
Fed. Bar No. 12004
Troutman Pepper Hamilton Sanders LLP
301 S. College Street, Suite 3400
Charlotte, NC 28202
Telephone: 704.998.4099
Email:  Will.Farley@troutman.com

*Counsel for Defendant LexisNexis Risk Solutions Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of April 2023, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system and also sent via U.S. Mail to the following:

Nelson L. Bruce
PO Box 3345
Summerville, SC 29484
*Pro Se Plaintiff*

/s/William J. Farley III
William J. Farley III