IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| NELSON L. BRUCE,<br><br>   Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC., *et al.*,<br><br>   Defendants. | Case No.:  2:22-cv-02211-BHH-MGB |

**DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant LexisNexis Risk Solutions Inc. ("LNRS") files this Memorandum in Support of its Motion to Dismiss Plaintiff Nelson Bruce's ("Plaintiff") Amended Complaint, Dkt. No. 31.

**INTRODUCTION**

Plaintiff fails to state any claim for relief against LNRS in the Amended Complaint. He alleges LNRS violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and South Carolina Consumer Identity Theft Protection Act, S.C. Code Ann. § 37-20-110, *et seq.* ("SCCITPA") and alleges claims for common law defamation and negligent and intentional infliction of emotional distress. But setting aside the legal conclusions and formulaic recitations of the elements of the causes of action, the Amended Complaint includes no factual allegations that plausibly support his claims.

Generously construing the Amended Complaint, Plaintiff's claims appear to arise from the alleged inaccurate reporting of certain accounts from Defendant Pentagon Federal Credit Union ("PENFED") and REV Federal Credit Union ("REV") with a past due balance owed after the accounts were purportedly charged off and sold. That alleged "inaccuracy" is a legal defense that

cannot support his claims against LNRS. And, regardless, an unpaid balance may still in fact be reported after an account is charged off. Accordingly, Plaintiff has not (and cannot) plead any viable inaccuracy, thus requiring dismissal of his claims. Plaintiff's negligent and intentional infliction of emotional distress claims fare no better. Plaintiff alleges no facts supporting the limited circumstances in which such claims may survive.

For those reasons, and the reasons more fully described below, LNRS respectfully requests the Court dismiss each of the claims asserted against LNRS in the Amended Complaint.

## FACTUAL ALLEGATIONS[1]

The Amended Complaint alleges LNRS is a "consumer reporting agency" ("CRA") that reported "inaccurate information to other third parties, persons, entities, and credit grantors." Am. Compl. ¶ 17, 73. The Amended Complaint does not identify or describe specifically the alleged "inaccurate information" LNRS reported, nor does it identify the third parties to whom LNRS allegedly reported such information. Rather, the Amended Complaint simply claims that Plaintiff's consumer file disclosure showed "inaccuracies." *Id.* ¶ 36.

Based on the exhibits attached to the Amended Complaint, Plaintiff appears to take issue with certain accounts reported by PENFED and REV. *See id.* Ex. E at 18–25, 31–33, 39–40. Those accounts were reported with the following notation: "UNPAID BALANCE REPORTED AS A LOSS BY CREDIT GRANTOR/CHARGE OFF."

---

[1] For the sole purpose of this Motion, LNRS accepts as true the allegations as pled by Plaintiff.

```
                                                                              EXHIBIT E
   FORMER: POSITION:                                        DATE LEFT:
           FIRM/LOC:
   ---------------------------TRADE ACCOUNT ACTIVITY-------------------------------
   Date  Current         High   Now    Past   Terms Mos.Date     Acct         Firm
   Rpdt  Status          Credit Owes   Due    /Pymt Rev Opened   Type         Name & No
   ----  -------------   ------ ------ ------ ----- --- ------   ------------ ---------

-> 09/2021R9/ Bad Debt 0020000 0013777 013777  REV   67 02/2016Individual    PENTAGON FED
-> ERAL CR UN
         -> LAST ACTIV.: 09/2021    ACCT. NO.:                   *120NU0209
-> TIMES LATE - BY 30 DAYS: 01     BY 60 DAYS: 01    BY 90 DAYS: 02
-> PREV DELNQ.:  07/20219/ Bad Debt     06/20219/ Bad Debt     08/20219/ Bad Debt
-> UNPAID BALANCE REPORTED AS A LOSS BY CREDIT GRANTOR/CHARGE OFF
-> CREDIT CARD, TERMS REV

-> 06/2017R1/On Time   0005000 0000000 000000  REV   17 03/2016Individual    PENTAGON FED
-> ERAL CR UN
         -> LAST ACTIV.: 06/2017    ACCT. NO.:                   *171FC0180
-> CREDIT LINE CLOSED
-> CLOSED ACCNT


-> 09/2021I9/ Bad Debt 0000571 0000471 000471  1     26 06/2016Individual    HERITAGE TRU
-> ST/REV FCU
         -> LAST ACTIV.: 09/2021    ACCT. NO.:                   *171FC0209
-> PREV DELNQ.:  07/20219/ Bad Debt     06/20219/ Bad Debt     08/20219/ Bad Debt
-> UNPAID BALANCE REPORTED AS A LOSS BY CREDIT GRANTOR/CHARGE OFF
-> DEPOSIT RELATED


-> 06/2017I1/On Time   0033478 0000000 000000  60    16 04/2016Individual    PENTAGON FED
-> ERAL CR UN
         -> LAST ACTIV.: 06/2017    ACCT. NO.:                   *171FC0180
-> AUTO LOAN
```

Am. Compl. Ex. E at 18–25.

Plaintiff alleges that he called LNRS to dispute "all accounts and information reported by PenFed and REV." *Id*. at ¶¶ 37, 40. In response to those disputes, LNRS responded that "LexisNexis filed your dispute regarding the following data with the listed entity: . . . Dispute Filed With: Experian." *Id.* Ex. E at 10–14. The Amended Complaint claims that the PENFED and REV accounts continued to appear in Plaintiff's consumer file disclosure after these disputes. *Id*. ¶¶ 39, 42.

Based on these allegations, Plaintiff alleges claims against LNRS under section 1681e(b) and 1681i of the FCRA. *Id*. ¶¶ 79–88. Plaintiff also alleges claims under South Carolina law, including defamation, negligent infliction of emotional distress, intentional infliction of emotional distress, and a claim under SCCITPA. *Id.* ¶¶ 104–12, 119–25, 137–42.

3

## **LEGAL STANDARD**

Under Rule 12(b)(6), a complaint must be dismissed when it fails to allege sufficient facts which, if true, would entitle the plaintiff to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must include allegations that provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A formulaic recitation of the elements of a cause of action will not do." *Id*. Rather, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001) ("The presence, however, of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion.). "In considering motions to dismiss under Rule 12(b)(6), the court may properly consider exhibits attached to the complaint." *Smith v. McCarthy*, 349 F. App'x 851, 856 (4th Cir. 2009).

While a *pro se* pleading is afforded a liberal construction, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), the court cannot ignore a clear failure to allege facts that set forth a claim currently cognizable in federal court, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). A court may not construct the *pro se* plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**ARGUMENT**

**I.      Plaintiff's claims under the FCRA and South Carolina state law are subject to dismissal because the Amended Complaint fails to allege LNRS reported any inaccuracy.**

To prevail on his claims under sections 1681e(b) and 1681i of the FCRA and SCCITPA, Plaintiff must first plausibly allege that LNRS reported inaccurate information about him. *Dalton v. Capital Associated Indus., Inc*., 257 F.3d 409, 415 (4th Cir. 2001) ("a consumer reporting agency violates § 1681e(b) if (1) the consumer report *contains inaccurate information* and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy") (emphasis added); *Dawkins v. Experian Info. Sols, Inc.*, No. 6:22-cv-00774, 2022 U.S. Dist. LEXIS 218459, at *16–17 (D.S.C. Oct. 19, 2022) ("[T]o succeed on claims under § 1681i(a), a plaintiff must make a threshold showing of inaccuracy.") (internal quotation marks and citation omitted). [2] A "report is inaccurate when it is patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Dalton v. Capital Associated Indus., Inc*., 257 F.3d 409, 415 (4th Cir. 2001) (quotations omitted). If a plaintiff does not plausibly allege some inaccuracy, his FCRA claims are subject to dismissal on a Rule 12(b)(6) motion to dismiss. *See, e.g., Dawkins*, 2022 U.S. Dist. LEXIS 218459 at *19; *Wilcox v. Servis One, Inc.*, No. RDP-19-2535, 2020 U.S. Dist. LEXIS 150543, at *11 (D. Md. Aug. 19, 2020) (granting motion to dismiss FCRA claims for lack of a factual inaccuracy); *Artemov v. TransUnion LLC,* No. 20-cv-1892, 2020 U.S. Dist. LEXIS 159267, at *9 (E.D.N.Y. Sept. 1, 2020) (granting motion to dismiss where plaintiff failed to allege a viable inaccuracy by claiming there was a past due balance on his charged off account).

---

[2] S.C. Code Ann. § 37-20-170 largely mirrors the obligations under section 1681i of the FCRA. The statute provides that "[i]f a consumer disputes the *accuracy* of an item in the consumer's records with a consumer reporting agency, the consumer may give notice in writing to the

"[T]o make the required showing of inaccurate reporting under FCRA §§ 1681e(b) and 1681i, a complaint's allegations must dispute *facts* underlying a purported inaccuracy, as the presentation of *legal defenses* to payment will not suffice." *Perry v. Toyota Credit Corp.*, No. 1:18-cv-00034, 2019 U.S. Dist. LEXIS 12125, at *13 (W.D. Va. Jan. 25, 2019) (internal quotation marks and citation omitted) (emphasis in original). In other words, a CRA is only required to resolve factual inaccuracies because CRAs "are 'neither qualified not obligated' to resolve legal issues under the FCRA." *Id*. at *13–14 (quoting *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008)); *see also Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 567 (7th Cir. 2021) (recognizing the "dichotomy between factual inaccuracies that consumer reporting agencies are statutorily obligated to reinvestigate, and 'legal inaccuracies' which are outside the competency of the consumer reporting agencies."); *Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015) ("A reasonable reinvestigation . . . does not require CRAs to resolve legal disputes about the validity of the underlying debts they report."). "[T]he central question is whether the alleged inaccuracy turns on applying law to facts or simply examining the facts alone." *Chuluunbat*, 4 F.4th at 568. "The paradigmatic example of a legal dispute is when a consumer argues that although his debt existed and is reported in the right amount, it is invalid due to a violation of the law." *Id*. at 567. When a plaintiff asks "consumer reporting agencies to make primarily legal determinations, [he has] not stated claims under the Fair Credit Reporting Act." *Id.* at 569.

Plaintiff's allegations in his Amended Complaint fail to establish the threshold requirement of any inaccuracy. As an initial matter, none of Plaintiff's allegations against LNRS identify a

---

consumer reporting agency specifying in what manner the report is *inaccurate* and the consumer reporting agency shall reinvestigate the inaccuracy at no charge to the consumer . . . ." S.C. Code Ann. § 37-20-170(A) (emphasis added). Accordingly, for the same reasons described below that Plaintiff cannot state a claim against LNRS under section 1681i, Plaintiff also cannot state a claim under S.C. Code Ann. § 37-20-170.

specific inaccuracy. *See* Am. Compl. ¶ 36 ("Plaintiff received a copy of his consumer file/report that LexisNexis was reporting and publishing with inaccuracies."). Rather, Plaintiff only alleges that he disputed "any and all accounts and information reported by PenFed and REVFCU . . . for [undefined] inaccuracies." *Id.* ¶ 37.

But liberally construing Plaintiff's Amended Complaint and accompanying exhibits, Plaintiff appears to be challenging purported *legal* inaccuracies related to the reporting of the PENFED and REV accounts. *First*, Plaintiff apparently alleges LNRS should not have reported a "balance allegedly owed on the PENDFED and REV alleged debts" because the accounts were charged off. *See* Am. Compl. ¶ 25; *see also id.* at ¶ 53 ("The reporting and publishing of PENFED's inaccurate accounts and information are misleading to lenders because it gives the false impression that a debt and/or account balance is owed or still owed to PENFED"); *id.* at ¶ 108 ("not that there should be a balance reported"); *see also* Feb. 7, 2023 Report & Recommendation, Dkt. No. 66, at 8–10 ("The exhibits referenced in the Amended Complaint and Plaintiff's briefing makes clear that Plaintiff is referring to PenFed's reporting of a balance on Plaintiff's account despite his accounts being charged off. According to Plaintiff, his accounts should have shown a 'zero balance' once they were charged off and sold/transferred . . . [plaintiff disputed that it was inaccurate for PENFED] to report the charged off accounts with a zero balance."). *Second*, Plaintiff also appears to allege that LNRS should have known that he was not "responsible for the account" because "Plaintiff's debt was sold, assigned and/or transferred therefore no longer due or owing to the person reporting the accounts." Am. Compl. ¶ 108. None of these allegations are sufficient to allege a viable inaccuracy to support Plaintiff's claims against LNRS.

### A.  The Amended Complaint only alleges *legal* inaccuracies.

Plaintiff's claims against LNRS do not dispute any *facts* underlying LNRS' allegedly inaccurate reporting of his PENFED and REV accounts.  Rather, his claims present *legal defenses* – namely, that the accounts were charged off and sold/transferred, so they should have been reported with a zero balance because there was no longer any obligation owed to PENFED and REV.  *See* Am. Compl. ¶¶ 25, 53, 108; Feb. 7, 2023 Report & Recommendation at 8–10.  To be sure, Plaintiff does not contest the debts' existence, or the original amount owed on the accounts.  "Rather, as with a pure challenge to a debt's legal validity, the plaintiff[s] here question[s] the legal relationship of different parties to these debts, which is a task for a court."  *Chuluunbat*, 4 F.4th at 568.

Indeed, as the Seventh Circuit recognized in *Chuluunbat*, "whether a debt was assigned—absent a previous decision by a tribunal—is a question that requires a legal determination, placing it outside the competency of a consumer reporting agency."  *Id.* at 568.  Likewise, whether LNRS should have reported an account balance of zero because the accounts were charged off is also a legal inaccuracy.  Plaintiff is apparently claiming that a charge off has the legal effect of forgiving or canceling the remaining debt owed by the Plaintiff.  As discussed below, Plaintiff's contention is legally inaccurate, but, regardless, the effect of a charge off on the reporting of Plaintiff's accounts is a legal question that LNRS is "neither qualified not obligated to resolve."  *Perry*, 2019 U.S. Dist. LEXIS 12125, at *13–14 (internal citation and quotations omitted).

As a result, Plaintiff's allegation that LNRS inaccurately reported the PENFED and REV accounts with a past due balance owed fails to state a claim under sections 1681e(b) and 1681i of the FCRA and under section 37-20-170 of the SCCITPA.  *Chuluunbat*, 4 F.4th at 569; *Perry*, 2019 U.S. Dist. LEXIS 12125, at *15.

### B. The Amended Complaint does not allege any factual inaccuracies.

Even if Plaintiff's alleged inaccuracies are somehow not legal defenses, Plaintiff's FCRA claims still fail because he has not pointed to any viable factual inaccuracies.

Plaintiff claims that LNRS inaccurately reported a balance owed on certain of his PENFED and REV accounts that were charged off. Am. Compl. ¶ 25, 53, 108; *see also* Ex. E at 18–25 ("UNPAID BALANCE REPORTED AS A LOSS BY CREDIT GRANTOR/CHARGE OFF."). "A charge off, as defined in Black's Law Dictionary, is '[t]o treat (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt.'" *Artemov,* 2020 U.S. Dist. LEXIS 159267, at \*7 (quoting Black's Law Dictionary (11th ed. 2019)). Put differently, "charging off a debt is a business practice where a creditor writes off a debt and no longer considers the account balance an asset for accounting purposes." *Artemov*, 2020 U.S. Dist. LEXIS 159267, at \*8 (citation and internal quotation marks omitted). Importantly, "charging off an account does not equate to debt forgiveness." *Id*. at \*9. The creditor may still collect the full amount of the debt. *Id*.; *see also LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1188 n.5 (11th Cir. 2010) ("The act of charging off a debt refers to a mechanism whereby creditors determine that a debt is unlikely to be repaid by the borrower and, therefore, cannot be collected. As a result, the loan is written off and deemed a loss of principal and interest. However, the charged off debt is not forgiven. As in the instant case, the charged off debt may then be sold to a collection agency for further efforts toward satisfaction."); *In re Washington*, 581 B.R. 150, 158 n.15 (Bankr. D.S.C. 2017) (A "charge off is an internal accounting practice and does not have the legal effect of discharging a debtor from the underlying debt.") (internal quotation marks omitted).

It is therefore "obvious" that even if PENFED and REV "labeled plaintiff's accounts as charged off, they have no obligation to zero out the overall or past due balance." *Artemov*, 2020

9

U.S. Dist. LEXIS 159267, at *10–11. LNRS' alleged reporting of two PENFED accounts with a "Past Due" balance and a note stating: "UNPAID BALANCE REPORTED AS A LOSS BY CREDIT GRANTOR/CHARGE OFF," *see* Am. Compl. Ex. E at 19–20, 23–24, is "factually accurate and not misleading." *Artemov*, 2020 U.S. Dist. LEXIS 159267, at *2, 11 (granting motion to dismiss FCRA claims for failure to allege an inaccuracy where the plaintiff claimed two of his accounts were reported "as 'charged off' and 'closed' and contained a non-zero past due balance" because "listing a past due balance for a charged off account was factually accurate and not misleading.").[3]

Because the Amended Complaint fails to plausibly allege that LNRS reported inaccurate information, Plaintiff's FCRA claims and claims under the SCCITPA should be dismissed.[4]

---

[3] In the Court's Report and Recommendation on PENFED's Motion to Dismiss, the Court denied PENFED's Motion as to Plaintiff's FCRA claims, finding that Plaintiff's allegations about the reporting of a balance despite his accounts being charged off were sufficient to plead a claim for relief. *See* Feb.7, 2023 Report & Recommendation at 8–9. The Court relied on three cases in support of his motion, each of which are distinguishable from the facts alleged against LNRS. *Burns v. Trans Union, LLC,* No. 4:18-cv-03120, 2019 U.S. Dist. LEXIS 139613 (D.S.C. Aug. 19, 2019); *Slaughter v. Equifax Info. Servs., LLC*, No. 4:20-cv-15, 2020 U.S. Dist. LEXIS 158648 (E.D. Va. Aug. 12, 2020); *Harden v. Residential Credit Sols, Inc.*, No. 3:16-cv-668, 2017 U.S. Dist. LEXIS 105342 (E.D. Va. June 12, 2017). Specifically, in denying motions to dismiss, those Courts relied on the fact that the CRAs reported a monthly payment amount despite the account being charged off. *Burns*, 2019 U.S. Dist. LEXIS 139613, at *8–11; *Slaughter*, 2020 U.S. Dist. LEXIS 158648, at *7–9; *Harden*, 2017 U.S. Dist. LEXIS 105342, at *10–11. Here, the exhibits attached to the Amended Complaint make clear that LNRS was *not* reporting any monthly payment amount or monthly payment history. *See* Am. Compl. Ex. E at 18–25, 31–33, 38–40.

[4] For tradeline information, such as the PENFED and REV accounts, LNRS acts as a "reseller," which is defined by the FCRA as "a consumer reporting agency that (1) assembles and merges information from other consumer reporting agencies for purposes of furnishing such information to third parties; and (2) does not maintain a database of the assembled or merged information." 15 U.S.C. § 1681a(u). LNRS does not maintain its own database of tradeline information, including the PENFED and REV accounts. Resellers are "exempt from the requirements" of section 1681i. 15 U.S.C. § 1681i(f). Instead, resellers only need to provide notice of the dispute to the CRA that provided the information in dispute and then convey the results of the dispute back to the consumer. *See* 15 U.S.C. § 1681i(f)(2), (3). LNRS satisfied that obligation here – i.e., LNRS sent

### II. Plaintiff's defamation claim must be dismissed because Plaintiff alleges no viable inaccuracy, and the claim is preempted by the FCRA.

Plaintiff's defamation claim fails for the same reason as his other claims—there is no alleged inaccuracy. To allege a claim for defamation under South Carolina law, Plaintiff must plausibly allege: "(1) *a false and defamatory statement was made*; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Fountain v. First Reliance Bank*, 398 S.C. 434, 441 (2012) (emphasis added). To be false and defamatory, a statement must be both inaccurate and defame the plaintiff's reputation. *AIDS Counseling and Testing Ctrs v. Group W Television, Inc.*, 903 F.2d 1000, 1004 (4th Cir. 1990) ("[T]rue statements, no matter how damaging to the plaintiff, may never provide the foundation for a defamation claim.") (internal quotations omitted); *see also Robins v. Nat'l Enquirer, Inc.*, No. 3:95-224-17, 1995 U.S. Dist. LEXIS 22872, at *5 (D.S.C. Apr. 10, 1995) ("[M]erely offensive or unpleasant statements are not defamatory.").

For the reasons set forth above, *see* Section I, the Amended Complaint fails to plausibly allege any inaccuracy reported by LNRS. Without such, Plaintiff's defamation claim also fails and, accordingly, should be dismissed. *See AIDS Counseling and Testing Ctrs.*, 903 F.2d at 1004.

Furthermore, Plaintiff's defamation claim is based on the same allegations as his FCRA claim. *See* Am. Compl. ¶ 104. The FCRA expressly pre-empts state law claims, including Plaintiff's defamation claim, absent a showing of malice or willful intent to injure:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or

---

notice of Plaintiff's dispute to Experian. *See* Am. Compl. Ex. E at 10–14. Accordingly, Plaintiff's section 1681i claim against LNRS should be dismissed on these independent grounds as well.

11

>negligence with respect to the reporting of information against any consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e); *see also Ross v. F.D.I.C.*, 625 F.3d 808, 817 (4th Cir. 2010).

The Amended Complaint is devoid of any factual allegations that LNRS acted with malice or willful intent to injure. Rather, the Amended Complaint only asserts legal conclusions that "[t]he defendants acted maliciously, with ill will, recklessly or wantonly, or with conscious indifference to the plaintiff's rights in violation of 15 U.S.C. § 1681h(e). *See* Am. Compl. ¶¶ 2, 70, 107. On a motion to dismiss, the Court is not required to accept as true legal conclusions and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The Amended Complaint does not plausibly allege facts that show LNRS acted with malice to overcome FCRA preemption. Plaintiff's defamation claim is, therefore, preempted by the FCRA and subject to dismissal. *See Danielson v. USAA Federal Savings Bank*, No. 6:17-cv-02849, 2018 U.S. Dist. LEXIS 92928, at *6 (D.S.C. June 1, 2018) (dismissing defamation claim for failure to plausibly allege malice or willful intent).

### III. This Court has already recognized that Plaintiff's negligent and intentional infliction of emotional distress claims are subject to dismissal.

Plaintiff's negligent and intentional infliction of emotional distress claims must likewise be dismissed for failure to state a claim for relief. "South Carolina currently recognizes negligent infliction of emotional distress ("NIED") in three contexts." *K.S. v. Richland Sch. Dist. Two*, No. 2022-UP-312, 2022 S.C. App. Unpub. LEXIS 390, at *7 (Ct. App. July 27, 2022). First, "in the 'bystander' context – when a plaintiff observes a defendant's negligence cause the death or serious injury of a relative." *Id*. Second, "when a plaintiff suffers emotional distress in addition to physical injuries." *Id*. Third, when a plaintiff's "emotional trauma proximately causes bodily injury." *Id*.

12

at 8.  With respect to intentional infliction of emotional distress ("IIED"), a plaintiff must allege "(1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain or substantially certain that such distress would result from his conduct; (2) the conduct was so extreme and outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community; (3) the actions of defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it." *Bergstrom v. Palmetto Health All.*, 596 S.E.2d 42, 48 (S.C. 2004).  "A plaintiff raising a claim of Intentional Infliction of Emotional Distress bears a heightened burden." *Awkard v. Rammelsberg*, No. 4:17-cv-01542, 2018 U.S. Dist. LEXIS 168067, at *33 (D.S.C. Mar. 13, 2018).

Plaintiff's Amended Complaint does not allege any facts to support the elements of these claims.  Indeed, this Court has already acknowledged that Plaintiff's negligent and intentional infliction of emotional distress claims should be dismissed against PENFED.  *See* Feb. 7, 2023 Report & Recommendation at 17–19.  The Court should likewise dismiss these claims against LNRS.

*First*, Plaintiff's Amended Complaint contains *no* allegations that Plaintiff was subject to one of the three limited circumstances that permit recovery under an NIED claim.  To be sure, Plaintiff does not allege that he (1) observed the death of a relative, (2) suffered emotional distress in addition to physical injuries, or (3) incurred emotional trauma that caused bodily injury.

*Second*, with respect to his IIED claim, Plaintiff's allegations do not satisfy his "heightened burden" to plausibly allege that LNRS' alleged conduct was "extreme" or "outrageous."  Indeed, the allegations in the Amended Complaint — which are limited to the alleged reporting of two accounts with an unpaid balance — are *not* "intolerable in a civilized society."  *Potter v. FIA Card*

13

*Servs., N.A.*, Civil Action No. 2:12-cv-1722, 2012 U.S. Dist. LEXIS 200808, at *7 (D.S.C. Sep. 28, 2012) (finding that a defendant sending letters requesting payment and reporting inaccurate information to CRAs could not sustain an IIED claim); *see also Barnette v. Equifax, Inc.*, No. 2:18-cv-01348, 2019 U.S. Dist. LEXIS 128764, at *24–25 (S.D. W. Va. June 12, 2019) (holding that a plaintiff did not plead a viable IIED claim under West Virginia law by simply alleging that "defendants provided false or inaccurate information to credit reporting agencies and that such information was published to unidentified third parties."). Besides his conclusory allegation that he suffered "severe emotional distress," Am. Compl. ¶ 140, Plaintiff alleges no facts supporting his IIED claim.

Therefore, Plaintiff's negligent and intentional infliction of emotional distress claims should be dismissed.

## **CONCLUSION**

For the foregoing reasons, LNRS respectfully requests the Court: (1) grant its Motion to Dismiss, (2) dismiss the claims asserted against LNRS in the Amended Complaint, and (3) grant any further relief the Court may deem appropriate.

Dated: May 9, 2023.

/s/ William J. Farley III
William J. Farley III
Fed. Bar No. 12004
Troutman Pepper Hamilton Sanders LLP
301 S. College Street, Suite 3400
Charlotte, NC 28202
Telephone: 704.998.4099
Email: Will.Farley@troutman.com

*Counsel for Defendant LexisNexis Risk Solutions Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of May 2023, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system and also sent via U.S. Mail to the following:

Nelson L. Bruce
PO Box 3345
Summerville, SC 29484
*Pro Se Plaintiff*

/s/William J. Farley III
William J. Farley III

15