IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, ) | Civil Action No. 2:22-cv-02211-BHH-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Pentagon Federal Credit Union, ) | |
| *a.k.a. Pentagon Federal Credit Union* ) | |
| *Foundation ("collectively" PenFed)*; ) | |
| Experian Information Solutions, Inc.; ) | |
| Trans Union, LLC; Equifax Information ) | |
| Services, LLC; All Unknown Doe's 1-100; ) | |
| LexisNexis Risk Solutions, Inc., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Nelson L. Bruce, proceeding *pro se* and *in forma pauperis*, filed this civil action on July 12, 2022, asserting claims pursuant to the Fair Credit Reporting Act and Fair Debt Collection Practices Act, among others.[1] (Dkt. No. 1.) Plaintiff filed an Amended Complaint on November 2, 2022, adding LexisNexis Risk Solutions, Inc. as a Defendant. (Dkt. No. 31.) On November 16, 2022, Defendant Pentagon Federal Credit Union filed a Motion to Dismiss, and the Motion was fully briefed. (Dkt. Nos. 40; 52; 56; 64.) On February 7, 2023, the undersigned issued a Report and Recommendation ("R&R") recommending that the Motion be granted in part and denied in part because, *inter alia*, Plaintiff failed to sufficiently allege certain claims. (Dkt. Nos. 66.) The District Judge has not yet adopted or rejected the R&R.

On May 1, 2023, Defendant Equifax Information Services, LLC filed a Motion for Judgment on the Pleadings (Dkt. No. 90), and on May 9, 2023, Defendant LexisNexis Risk

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C.

1

Solutions, Inc. filed a Motion to Dismiss (Dkt. No. 93.) On May 23, 2023, Plaintiff filed a Motion to Amend the Complaint and submitted a 40-page proposed Amended Complaint. (Dkt. No. 96.) Noting that there is not yet a scheduling order in this case, Plaintiff states that he has "remove[d] and add[ed] claims" and he asserts the proposed amendments will not prejudice any parties. (*Id.* at 1.) It appears that Plaintiff has filed this Motion to Amend in lieu of directly responding to the pending dispositive motions.

**DISCUSSION**

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff, subject to certain time limitations, to amend a pleading once as a matter of course. *See* Fed. R. Civ. P. 15(a). Otherwise, a plaintiff may amend the complaint only with leave of the court or with the consent of the defendant. *See id.*; *see also Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Rule 15(a) provides, however, that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber*, 438 F.3d at 426 (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999)). The Fourth Circuit has interpreted "Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber*, 438 F.3d at 426–27 (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

Upon careful review, the Court finds no basis to deny Plaintiff's Motion to Amend. It is not obvious that the sought amendments are futile, they do not appear prejudicial to the opposing parties, and there is no indication they are otherwise sought in bad faith by Plaintiff. *See Laber*, 438 F.3d at 426. However, given the procedural history of this case, the Court does not make this

decision lightly. This case has been pending almost one year, and Plaintiff has had ample time to amend his complaint. Further, entering the proposed Amended Complaint impacts the previously filed dispositive motions. Thus, this is Plaintiff's final opportunity to amend his complaint. Absent extraordinary circumstances, the Court will not entertain further requests from Plaintiff to amend his complaint.

Based on the foregoing, the Court GRANTS Plaintiff's Motion to Amend (Dkt. No. 96) and instructs the Clerk of Court to file Dkt. No. 96 as the operative Amended Complaint. Because the dispositive motions (Dkt. Nos. 40; 90; 93) filed by Defendants Pentagon Federal Credit Union, Equifax Services, LLC, and LexisNexis Risk Solutions, Inc. pertain to allegations in an outdated pleading, the Court finds they are MOOT. The Court also VACATES the February 7, 2023 R&R (Dkt. No. 66). Defendants are to file an amended answer or otherwise plead in accordance with the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

May 25, 2023

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE