**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| NELSON L. BRUCE, | |
| Plaintiff, | |
| v. | Case No.: 2:22-cv-02211-BHH-MGB |
| LEXISNEXIS RISK SOLUTIONS INC., *et al.* | |
| Defendants. | |

**DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant LexisNexis Risk Solutions Inc. ("LNRS"), files this reply brief in support of its Motion to Dismiss Plaintiff's Second Amended Complaint.  Dkt. No. 103.

**INTRODUCTION**

Plaintiff's Second Amended Complaint ("SAC") should be dismissed because Plaintiff fails to allege any viable inaccuracy to support his claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), the South Carolina Consumer Identity Theft Protection Act, S.C. Code Ann. § 37-20-110, *et seq.* ("SCCITPA"), and for defamation.  As Plaintiff confirms in his opposition brief, his claims revolve around the alleged reporting of the Pentagon Federal Credit Union ("PENFED") and REV Federal Credit Union ("REV") accounts with a balance and without noting a transfer to another entity after the accounts were charged off and sold.  However, the question of whether such alleged reporting was "inaccurate" is a legal question that a consumer reporting agency ("CRA") has neither the ability nor obligation to resolve.

Plaintiff's opposition offers nothing to change the conclusion that his claims against LNRS must be dismissed.  Instead, Plaintiff: (1) apparently misconstrues the Rule 12(b)(6) pleading

standard, (2) attempts to offer allegations and evidence beyond that found in his SAC, and (3) "objects" to LNRS' arguments without any legal authority supporting such objections.

For those reasons, LNRS respectfully requests the Court grant its Motion to Dismiss and dismiss the claims asserted against LNRS in the SAC.

## **ARGUMENT**

### I.    The SAC fails to allege an inaccuracy to support Plaintiff's FRCA claims.

To support his claims under sections 1681e(b) and 1681i of the FCRA and the SCCITPA, Plaintiff must first plausibly allege that LNRS reported *factually* inaccurate information about him. *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). Plaintiff acknowledges this is an essential element of his claim, yet the SAC is devoid of any inaccuracy that supports his claims for relief. *See* Pl.'s Opp. at 11–12.

Plaintiff's claims revolve around the reporting of PENFED and REV accounts. He argues it is inaccurate to report a sold or transferred account with a balance and without noting that the account was sold or transferred. *Id.* at 7 (citing SAC ¶ 68). In other words, Plaintiff claims that (1) a sold or transferred account must have a zero balance and (2) the account must be reported as sold or transferred to another entity.

However, both of these purported "inaccuracies" present *legal* inaccuracies only, and CRAs are neither qualified nor obligated to resolve legal inaccuracies under the FCRA. *Perry v. Toyota Credit Corp.*, No. 1:18-cv-00034, 2019 U.S. Dist. LEXIS 12125, at *13 (W.D. Va. Jan. 25, 2019) (CRAs "are 'neither qualified not obligated' to resolve legal issues under the FCRA."); *see also Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 567 (7th Cir. 2021) (recognizing the "dichotomy between factual inaccuracies that consumer reporting agencies are statutorily obligated to reinvestigate, and 'legal inaccuracies' which are outside the competency of the

consumer reporting agencies."); *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 270 (2d Cir. 2023) ("Every other circuit to have considered an analogous question has agreed: inaccuracies that turn on legal disputes are not cognizable under the FCRA.") (collecting cases). "Whether a debt was assigned—absent a previous decision by a tribunal—is a question that requires a legal determination, placing it outside the competency of a consumer reporting agency." *Chuluunbat*, 4 F.4th at 568. Indeed, Plaintiff's claims relating to the PENFED and REV accounts "question[s] the legal relationship of different parties to these debts, which is a task for the court." *Id.*; *see also Parker v. Experian Info. Sols., Inc.*, No. 22-C-1768, 2022 U.S. Dist. LEXIS 220445, at *6–7 (N.D. Ill. Dec. 7, 2022) ("whether the debt has been assigned to Southwest" and the "legal validity of [the] debt" were "questions that require legal determinations placing them outside the competency of a CRA.").

Likewise, whether the accounts should be reported with a zero balance because they were charged off and/or sold to another entity is a legal question. In essence, Plaintiff is claiming that the legal effect of a sale or transfer of an account causes a zero balance to be owed. This is nothing more than a challenge to the "legal validity of [the] debt" that LNRS has no duty to resolve. *Parker*, 2022 U.S. Dist. LEXIS 220445, at *7; *Chuluunbat*, 4 F.4th at 568; *see also Bauer v. Target Corp.*, 2013 U.S. Dist. LEXIS 201316, at *40–41 (M.D. Fla. June 19, 2013) (finding a dispute as to the "charged-off status" of an account was a "legal dispute" that the defendant had no duty to investigate).

Plaintiff does not squarely address LNRS' legal inaccuracy argument or the supporting caselaw. Rather, in his opposition brief, Plaintiff apparently contends the reporting of the accounts was inaccurate "as required by the CRA's on [sic] compliance procedures and the data furnisher

rules[, and] therefore cannot be a legal inaccuracy." Pl.'s Opp. at 12.[1] Plaintiff's conclusory arguments fail to rebut the well-established line of cases holding the sale or assignment of a debt and the legal effect of that sale or assignment is a legal question that a CRA is not obligated to resolve. *See* Mot. to Dismiss at 8–9. For that reason, Plaintiff's claims under section 1681e(b) and 1681i of the FCRA and SCCITPA should be dismissed.[2]

## II. Plaintiff fails to state a claim for relief under Section 1681s-2(b) claim of the FCRA.

Plaintiff's section 1681s-2(b) claim should be dismissed for two reasons: (1) Plaintiff cannot plausibly allege LNRS is both a furnisher and a CRA, and (2) the SAC lacks any allegation that a CRA sent notice of Plaintiff's dispute to LNRS, a prerequisite to stating a claim for relief. Mot. to Dismiss at 11–12. Plaintiff's arguments to the contrary should be rejected.

First, Plaintiff argues that because TransUnion's website claims it obtains bankruptcy records from "LexisNexis," LNRS must necessarily be a furnisher. Pl.'s Opp. at 16. That argument fails for various reasons, including because the SAC makes no mention of any bankruptcy record at all. Plaintiff cannot introduce new allegations or exhibits in opposition to a motion to dismiss. *Battlefield Builders, Inc. v. Swango*, 743 F.2d 1060, 1063 (4th Cir. 1984) ("On defendants' motion to dismiss, [plaintiff] cannot introduce new allegations or new facts."). Accordingly, the Court should disregard these new allegations regarding a purported bankruptcy and the related exhibits Plaintiff attaches to his opposition brief (e.g., "Exhibit G-2)", *see* Pl.'s Opp. at 16. Regardless, any alleged bankruptcy issues have no connection to the alleged PENFED and REV accounts at issue in this case.

---

[1] Plaintiff later claims this is a "fact" question for the jury, Pl.'s Opp. at 13, but factual disputes are not relevant to a Rule 12(b)(6) motion to dismiss. *See Edwards*, 178 F.3d at 244.
[2] Because the SAC does not allege a viable inaccuracy, Plaintiff's defamation claim must also be dismissed. *See Fountain v. First Reliance Bank*, 398 S.C. 434, 441 (2012) (defamation requires a "false and defamatory statement.")

Second, even if Plaintiff plausibly alleged LNRS is a furnisher (which he has not), the SAC still fails to include any allegation that TransUnion or any other CRA sent notice of Plaintiff's dispute to LNRS.  Without such allegation, Plaintiff's section 1681s-2(b) claim fails as a matter of law.  *Wilson v. Wells Fargo Bank, N.A.*, No. 2:20-cv-02780-BHH-MHC, 2021 U.S. Dist. LEXIS 95171, at *10–11 (D.S.C. Apr. 30, 2021) (dismissing section 1681s-2(b) claim because "Plaintiff does not allege any facts showing that [the furnisher] received notice of a dispute from Experian or any other consumer reporting agency."), *R&R adopted by*, 2021 U.S. Dist. LEXIS 94579; *Perkins v. S.C. Community Bank*, No. 3:14-cv-3245, 2017 U.S. Dist. LEXIS 4499, at *5–6 (D.S.C. Jan. 12, 2017) (dismissing section 1681s-2(b) claim because the plaintiff "did not allege that the [furnisher's] duties under § 1681s-2(b) were triggered by a notification from a CRA, as required by statute and case law.").

## CONCLUSION

For the foregoing reasons, LNRS respectfully requests the Court (1) grant its Motion to Dismiss; (2) dismiss the claims asserted against LNRS in the Second Amended Complaint and (3) grant any further relief the Court may deem appropriate.

Dated: August 28, 2023.

/s/ William J. Farley III
William J. Farley III
Fed. Bar No. 12004
Troutman Pepper Hamilton Sanders LLP
301 S. College Street, Suite 3400
Charlotte, NC 28202
Telephone: 704.998.4099
Email:  Will.Farley@troutman.com

*Counsel for Defendant LexisNexis Risk Solutions Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of August 2023, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system and caused to be served via U.S. Mail to the following:

> Nelson L. Bruce
> PO Box 3345
> Summerville, SC 29484
> *Pro Se Plaintiff*

/s/William J. Farley III
William J. Farley III