**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| NELSON L. BRUCE, <br><br> Plaintiff, <br><br> v. <br><br> LEXISNEXIS RISK SOLUTIONS INC., *et al.*, <br><br> Defendants. | Case No.: 2:22-cv-02211-BHH-MGB |

**DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S OBJECTION TO THE
REPORT AND RECOMMENDATION ON ITS MOTION TO DISMISS**

Pursuant to 28 U.S.C. 636(b)(1)(C), Defendant LexisNexis Risk Solutions Inc. ("LNRS") files this Objection to the Court's Report and Recommendation ("R&R"), Dkt. No. 130, on LNRS' Motion to Dismiss Plaintiff Nelson Bruce's ("Plaintiff") Second Amended Complaint ("SAC"), Dkt. No. 103.

**INTRODUCTION**

Plaintiff alleges claims against LNRS under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") and South Carolina Consumer Identity Theft Protection Act, S.C. Code Ann. § 37-20-110, *et seq.* ("SCCITPA") and asserts a claim for common law defamation based on the reporting of Plaintiff's delinquent debts. Plaintiff's claims against LNRS hinge on the alleged reporting of a balance owed on certain accounts from Defendant Pentagon Federal Credit Union ("PENFED") and REV Federal Credit Union ("REV"). Plaintiff claims the reporting of a balance owed on the accounts is inaccurate based on two legal theories: (1) the accounts have been sold or assigned to another entity; and (2) the accounts have been charged off. Both theories present legal inaccuracies that LNRS has neither the qualification nor obligation to resolve under the FCRA.

LNRS moved to dismiss Plaintiff's SAC and the Court entered the R&R denying in part and granting in part LNRS' Motion. For the reasons discussed below, LNRS respectfully requests the Court sustain its Objection and dismiss each of the claims asserted against LNRS in the SAC.

## FACTUAL ALLEGATIONS[1]

### I.     Plaintiff's allegations in the SAC.

The SAC alleges LNRS is a "consumer reporting agency" ("CRA") that reported "inaccurate information to other third parties, persons, entities, and credit grantors." SAC ¶¶ 15, 24, 96. Based on the exhibits attached to the Amended Complaint and the parties' briefing of LNRS' Motion, Plaintiff's alleged inaccuracies center on certain accounts reported by PENFED and REV with a balance owed. *See* SAC ¶¶ 35, 36; *see also* Am. Compl., Dkt. No. 31, Ex. E at 18–25, 31–33, 39–40.[2] LNRS' reporting of those accounts included the following notation: "UNPAID BALANCE REPORTED AS A LOSS BY CREDIT GRANTOR/CHARGE OFF."

```
                                                                      EXHIBIT G
   FORMER: POSITION:                              DATE LEFT:
           FIRM/LOC:
   ---------------------------TRADE ACCOUNT ACTIVITY------------------------------
   Date   Current       High      Now     Past    Terms Mos.Date  Acct       Firm
   Rpdt   Status        Credit    Owes    Due     /Pymt Rev Opened Type      Name & No
   -----  -----------   -------   ------  ------  ----- --- ------ ---------- ---------

→ 09/2021R9/ Bad Debt  0020000 0013777 013777    REV   67  02/2016Individual    PENTAGON FED
→ ERAL CR UN
      → LAST ACTIV.: 09/2021     ACCT. NO.:                      *120NU0209
→ TIMES LATE - BY 30 DAYS: 01    BY 60 DAYS: 01     BY 90 DAYS: 02
→ PREV DELNQ.: 07/20219/ Bad Debt      06/20219/ Bad Debt     08/20219/ Bad Debt
→ UNPAID BALANCE REPORTED AS A LOSS BY CREDIT GRANTOR/CHARGE OFF
→ CREDIT CARD, TERMS REV

→ 06/2017R1/On Time    0005000 0000000 000000    REV   17  03/2016Individual    PENTAGON FED
→ ERAL CR UN
      → LAST ACTIV.: 06/2017     ACCT. NO.:                      *171FC0180
→ CREDIT LINE CLOSED
→ CLOSED ACCNT
```

---

[1] For the sole purpose of this Motion, LNRS accepts as true the allegations as pled by Plaintiff.

[2] Plaintiff incorporates by reference the exhibits to his Amended Complaint into the SAC. SAC ¶ 22.

```
→ 09/2021I9/ Bad Debt  0000571 0000471 000471   1    26  06/2016Individual      HERITAGE TRU
→ ST/REV FCU
       → LAST ACTIV.: 09/2021     ACCT. NO.:                   *171FC0209
→ PREV DELNQ.: 07/20219/ Bad Debt    06/20219/ Bad Debt   · 08/20219/ Bad Debt
→ UNPAID BALANCE REPORTED AS A LOSS BY CREDIT GRANTOR/CHARGE OFF
→ DEPOSIT RELATED

→06/2017I1/On Time   0033478 0000000 000000   60   16  04/2016Individual      PENTAGON FED
→ERAL CR UN
       → LAST ACTIV.: 06/2017     ACCT. NO.:                   *171FC0180
→ AUTO LOAN
```

Am. Compl. Ex. E at 18–25.

Plaintiff alleges he called LNRS to dispute "all accounts and information reported by PenFed and REV." SAC ¶¶ 47, 50. In response to those disputes, LNRS responded that "LexisNexis filed your dispute regarding the following data with the listed entity: . . . Dispute Filed With: Experian." Am. Compl. Ex. E at 10–14. Plaintiff alleges that the PENFED and REV accounts continued to appear in Plaintiff's consumer file disclosure after these disputes. SAC ¶¶ 49, 52.

Based on these allegations, the SAC alleges claims against LNRS under sections 1681e(b), 1681i, and 1681s-2(b) of the FCRA. SAC ¶¶ 102–28. The SAC also alleges claims under South Carolina law, including defamation and a claim under SCCITPA. SAC ¶¶ 129–44.

## II. The Court's R&R on LNRS' Motion to Dismiss.

LNRS moved to dismiss the claims asserted by Plaintiff in the SAC. Dkt. No. 103. With respect to Plaintiff's claims under sections 1681e(b) and 1681i of the FCRA, the SCCITPA, and common law defamation claim, LNRS requested dismissal of these claims because the SAC failed to allege a viable inaccuracy. *See* Mot. to Dismiss, Dkt. No. 103, at 6–10. Specifically, Plaintiff's purported inaccuracies – which center on the reporting of a balance owed for the PENFED and REV accounts that were allegedly charged off and sold to another entity – are legal inaccuracies that LNRS, as a CRA, has no obligation to resolve under the FCRA and cannot support Plaintiff's claims. *Id.* at 7–9 (citing *Chuluunbat v. Experian Info. Sols., Inc.*, 4 F.4th 562, 569 (7th Cir. 2021)).

3

The R&R, however, disagreed and concluded that the exhibits attached to Plaintiff's Amended Complaint, Dkt. No. 31-1 at 26-40, "can be relied on the plausibly allege LexisNexis's failure to report the charged-off PenFed account with a zero balance was inaccurate and misleading both because the accounts at issue had been sold and/or assigned and because the accounts were listed as charged off." R&R at 9. The R&R further found that the SAC could state a claim based on the alleged failure to "accurately report the information about the charged off accounts as sold and/or assigned by PenFed in accordance with the Metro 2 Guidelines." *Id.* at 10. The R&R recommended that the Court deny LNRS' Motion to Dismiss Plaintiff's section 1681e(b), section 1681i, SCCITPA, and defamation claims.[3]

## LEGAL STANDARD

A magistrate judge can make a recommendation as to the resolution of a motion to dismiss, but the responsibility for making a final determination remains with the district judge. 28 U.S.C.A. § 636(b)(1); Fed. R. Civ. P. 72. When a party objects to a magistrate judge's recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The magistrate judge's recommendation does not have "presumptive weight." *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

---

[3] The R&R also recommended the Court dismiss with prejudice Plaintiff's claim against LNRS under section 1681s-2(b) of the FCRA. LNRS does not object to this recommendation.

**ARGUMENT**

I.  **The SAC fails to state a claim under section 1681e(b) or 1681i of the FCRA, the SCCITPA, or for defamation.**

The R&R found that the SAC and the various documents incorporated therein were sufficient to allege an inaccuracy to support Plaintiff's claims under section 1681e(b) and 1681i of the FCRA, the SCCITPA, and for common law defamation. In doing so, LNRS respectfully submits the R&R made two errors. First, the R&R concluded that Plaintiff's purported inaccuracies are not legal inaccuracies. Second, with respect to the reporting of a balance owed on a charged off account, the R&R failed to properly consider several authorities concluding, as a matter of law, that reporting a balance owed on a charged off account is factually accurate and not misleading.

a.  **Whether Plaintiff's accounts were sold to another entity is a legal inaccuracy that cannot support Plaintiff's FCRA claims.**

To support his claims under section 1681e(b) and 1681i, Plaintiff must first plausibly allege that LNRS reported inaccurate information about him. *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Dawkins v. Experian Info. Sols, Inc.*, No. 6:22-cv-00774, 2022 U.S. Dist. LEXIS 218459, at *16–17 (D.S.C. Oct. 19, 2022). "[T]o make the required showing of inaccurate reporting under FCRA §§ 1681e(b) and 1681i, a complaint's allegations must dispute *facts* underlying a purported inaccuracy, as the presentation of *legal defenses* to payment will not suffice." *Perry v. Toyota Credit Corp.*, No. 1:18-cv-00034, 2019 U.S. Dist. LEXIS 12125, at *13 (W.D. Va. Jan. 25, 2019) (internal quotation marks and citation omitted) (emphasis in original). CRAs are only required to resolve factual inaccuracies because CRAs "are 'neither qualified not obligated' to resolve legal issues under the FCRA." *Id.* at *13–14 (quoting *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008)); *see also Chuluunbat*, 4 F.4th at 567 (7th Cir. 2021).

5

Determining the entity that owns a consumer's accounts after an alleged sale or assignment presents a legal question that cannot support Plaintiff's claims. *Chuluunbat*, 4 F.4th at 567 ("[W]hether a debt was assigned—absent a previous decision by a tribunal—is a question that requires a legal determination, placing it outside the competency of a consumer reporting agency."). The R&R acknowledges this caselaw, but still erroneously rejected LNRS' argument because of documents "incorporated into the complaint indicating it was undisputed that PenFed sold and/or assigned the accounts at issue." R&R at 10 (citing Dkt. No. 1-4 at 3). The R&R goes on to state: "[A] full record is needed to determine whether the identity of the current owner of the PenFed accounts at issue was already resolved at the time Plaintiff brought his dispute to LexisNexis…" *Id.* This latter statement affirms that Plaintiff's allegations only raise *legal* inaccuracies—i.e., LNRS would have needed a "full record" to determine the ownership of the account at the relevant time period. *Chuluunbat*, 4 F.4th at 568 (whether a debt is assigned "requires a legal determination"); *Parker v. Experian Info. Sols., Inc.*, No. 22 C 1768, 2022 U.S. Dist. LEXIS 220445, at *7 (N.D. Ill. Dec. 7, 2022) (disputing "whether the debt had been assigned" required "legal determination, placing them outside the competency of a CRA"); *Soyinka v. Wakefield & Assoc.*, No. 20-cv-01778, 2021 U.S. Dist. LEXIS 254454, at *3 (N.D. Ill. Nov. 24, 2021) (plaintiff disputing whether the defendant "is not her rightful creditor" presented a legal inaccuracy that the CRA defendant has no duty to resolve); *see also Estrada v. Experian Info. Sols., Inc.*, No. EP-21-CV-00114, 2023 U.S. Dist. LEXIS 72503, at *18 (W.D. Tex. Apr. 26, 2023) (determining legal duties under a contract "is a task for a court" that CRAs are "ill equipped to adjudicate."). That task falls well beyond the bounds of LNRS' obligations under the FCRA. *See, e.g., Perry*, 2019 U.S. Dist. LEXIS 12125, at *14-15 ("[T]he FCRA is not suited to resolving [legal inaccuracies]. The FCRA aims to prevent inaccurate credit reporting; it is not a route for debtors

to challenge the validity of underlying debts . . . the Fourth Circuit has expressed concern about collateral attacks on underlying debts via FCRA suits against CRAs."); *see also Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264, 271 (2d Cir. 2023) ("[T]he FCRA does not require . . . that credit reporting agencies resolve unsettled legal questions").

Because Plaintiff's alleged inaccuracy relating to the ownership of the PENFED and REV accounts at issue presents only a legal inaccuracy, Plaintiff's claims should be dismissed.

### b. Reporting a balance owed on Plaintiff's charged off accounts is a legal inaccuracy that cannot support Plaintiff's FCRA claims.

Plaintiff's other alleged inaccuracy is the reporting of a balance owed on Plaintiff's charged off accounts. Plaintiff does not contend the balance of the accounts is inaccurate, nor does he dispute that he incurred the debt and failed to repay. Rather, Plaintiff claims that the reporting of a balance on a charged off account "gives the false impression that a debt and/or account balance is owed." SAC ¶ 77; *see also id.* ¶¶ 35, 36.

The R&R acknowledges that courts have held *as a matter of law* that reporting a balance owed on a charged off account is factually accurate and not misleading as a matter of law. R&R at 11 (citing *Artemov v. TransUnion LLC,* No. 20-cv-1892, 2020 U.S. Dist. LEXIS 159267, at *9 (E.D.N.Y. Sept. 1, 2020); *see also In re Zilka*, 407 B.R. 684, 687 (Bankr. W.D. Penn. 2009) (holding "as a matter of law" that charging off a debt "is not the legal equivalent of forgiving [or] discharging liability on a debt.") (internal quotation omitted). Yet the R&R failed to follow this well-established case law and instead erroneously concluded that Plaintiff's legal inaccuracies were sufficient to state a claim. *Perry*, 2019 U.S. Dist. LEXIS, at *12-15 ("The proper resolution of a legal defense to payment of the debt is not generally the kind of error that a CRA could discover or resolve through a review of information consumers, furnishers, or its own files.").

7

A charge off "does not diminish the legal right of the original creditor to collect the full amount of the debt." *Artemov*, 2020 U.S. Dist. LEXIS 159267, at *7–11 (citing *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1297 (11th Cir. 2016)). Because of the *legal effect* of a charge off, Plaintiff's argument that no balance should be reported on his charged off accounts "lacks merit." *Artemov*, 2020 U.S. Dist. LEXIS 159267, at *11. But, more importantly, Plaintiff's theory that no balance should be reported because of a charge off presents a legal inaccuracy that LNRS, as a CRA, has no obligation to resolve. In essence, Plaintiff's inaccuracy theory asks this Court to consider and resolve the same legal issues presented to the court in *Artemov* but make the opposite legal conclusion. That act is something this Court—not LNRS—is qualified to do.

The R&R acknowledges that LNRS' caselaw "could prove convincing on this issue," but there must first be "a full development of the factual record." R&R at 12. Again, this only further underscores the legal nature of Plaintiff's alleged inaccuracy. If a fully developed factual record is ultimately necessary for the Court to resolve the legal effect of a charge off on Plaintiff's account balances, then LNRS cannot be expected to resolve the same issue. *See Estrada*, 2023 U.S. Dist. LEXIS 72503, at *18 ("if even the evidence compiled on summary judgment fails to conclusively show [the reporting of a consolidated account was inaccurate], then certainly Defendant was neither qualified nor obligated to resolve that issue."). Plaintiff's claims based on this purported inaccuracy should be dismissed.

### c. Reporting a balance owed on a charged off account is factually accurate and not misleading.

Even if the Court does not consider reporting a balance owed on a charged off account to be a legal question, federal caselaw is clear that a charge off does not have the legal effect of discharging a debtor from the underlying debt. *In re Washington*, 581 B.R. 150, 158 n.15 (Bankr. D.S.C. 2017) (A "charge off is an internal accounting practice and does not have the legal effect

8

of discharging a debtor from the underlying debt.") (internal quotation marks omitted); *see also see also Hinkle*, 827 F.3d at 1297 (charging off a debt "does not diminish the legal right of the original creditor to collect the full amount of the debt."); *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1188 n.5 (11th Cir. 2010) ("[C]harged off debt is not forgiven."); *Kelly v. Wolpoff & Abramson, L.L.P.*, 634 F.Supp.2d 1202, 1208–09 (D. Colo. 2008) (finding that a charge off did not extinguish the debtor's liability); *In re Zilka*, 407 B.R. at 687. Accordingly, Plaintiff's contention that a charge off requires the account to have no balance owed "lacks merit." *Artemov*, 2020 U.S. Dist. LEXIS 159267, at *11.

The reporting that Plaintiff challenges shows a balance owed for two accounts along with the conspicuous note: "UNPAID BALANCE REPORTED AS A LOSS BY CREDIT GRANTOR/CHARGE OFF." Am. Compl. Ex. E at 18–25. Plaintiff has never claimed that the balance was incorrect or that he paid these debts. Rather, Plaintiff has claimed the mere fact that he could not pay the debt and the account was charged off, means that no balance should be shown on the account. But, notably, a charge off does not absolve Plaintiff's liability for the debt; thus, there was nothing inaccurate about LNRS' reporting. *See Artemov*, 2020 U.S. Dist. LEXIS 159267, at *14 (explaining how Plaintiff's charge off theory "would vitiate the entire existence and purpose of credit reporting companies" and increase "the cost of doing business and interest rates for consumers").

Finally, the letters the R&R relies on to claim that the PENFED accounts had been sold, Dkt. No. 1-4, also prove that Plaintiff still owes a balance after the charge off. The letters both state Plaintiff's accounts are "legally established debts for which [Plaintiff] is liable to repay" even though the "accounts are now charged off." Dkt. No. 1-4 at 2–3. To the extent the Court intends to rely on these letters as indisputably establishing that Plaintiff's accounts were sold, the Court

9

must likewise rely on these letters to establish that charging off Plaintiff's accounts do not extinguish the balance owed.[4]

## CONCLUSION

For the foregoing reasons, LNRS respectfully requests the Court: (1) sustain its Objection to the Report and Recommendation, (2) grant LNRS' Motion to Dismiss; (3) dismiss the claims asserted against LNRS in the Second Amended Complaint, and (4) grant any further relief the Court may deem appropriate.

Dated: October 10, 2023.

/s/ William J. Farley III
William J. Farley III
Fed. Bar No. 12004
Troutman Pepper Hamilton Sanders LLP
301 S. College Street, Suite 3400
Charlotte, NC 28202
Telephone: 704.998.4099
Email:  Will.Farley@troutman.com

*Counsel for Defendant LexisNexis Risk Solutions Inc.*

---

[4] Because Plaintiff cannot identify an inaccuracy to support his claims under the FCRA, Plaintiff's common law defamation claim and claim under the SCCITPA also must be dismissed.  Alternatively, if the court only dismisses Plaintiff's FCRA claims, the case should be dismissed for lack of subject matter jurisdiction.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of October 2023, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system and also sent via U.S. Mail to the following:

Nelson L. Bruce
PO Box 3345
Summerville, SC 29484
*Pro Se Plaintiff*

/s/William J. Farley III
William J. Farley III