Record/FILE ON DEMAND                U.S.P.S. PRIORITY EXPRESS TRACKING No. EL 597 357 318 05

RECEIVED
2023 OCT 10  AM 9:37

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Nelson L. Bruce, | Case No.: 2:22-cv-02211-BHH-MGB |
| Plaintiff, | PLAINTIFF'S OBJECTIONS TO MAGISTRATE REPORT AND RECOMMENDATION (ECF NO. 132) RELATED TO PENFED |
| v. | |
| Pentagon Federal Credit Union; et al. | |
| Defendants. | |

Comes now Plaintiff, **Nelson L Bruce**, above the age of 18, of the age of the majority, with the exercise of any and all his natural reserved and retained rights hereby respectfully presents his objections to **Magistrate Judge Mary Gordon Baker Report and Recommendation(R&R) (ECF No. 132).** Plaintiff objects to the Magistrates R & R to the extent that plaintiff has exercised his right to a trial by jury on all matters presented in plaintiff's 2nd Amended Verified Complaint ("SAVC'), to the extent that any decisions of a magistrate or judge could be construed as a waiver of plaintiff's right to a trial by jury on all matters, to the extent that the Magistrate has not considered plaintiff's claims that are clearly undisputed by PENFED therefore are "undisputed facts" as presented in his SAVC (see…for example, ¶¶'s 73, 75-76, 152) his opposition to PenFed motion to dismiss (ECF No. 121 **at 12-13 and 34** and plaintiff's sur-reply (ECF No. 126-1 **at 13** which are hereby reiterated and incorporated by reference in their entirety as claims to support a relief for damages for causes of action 1 through 6 and for the reasons specified below:

**PLAINTIFFS OBJECTIONS TO MAGISTRATE'S REPORT AND**
**RECOMMENDATION SECTION "D" (Violations of SCUTPA)**

Plaintiff objects to this section of the Magistrate's R & R in its entirety for the reasons

presented in plaintiff's opposition to PenFed and his sur-reply (ECF No.'s 121 and 126-1). Plaintiff objects to the Magistrate statement that, "Upon review, the undersigned finds that Plaintiff has not alleged an adverse impact on the public interest sufficient to establish a SCUTPA claim. Notably, the allegations in the SAC relate to the parties in this lawsuit. The few references to other "members" of PenFed are entirely speculative and conclusory. Further, Plaintiff's assertion that PenFed's "policies and procedures" are "unfair and deceptive as it relates to their process of writing off debts" does not sufficiently suggest that Plaintiff's experience is likely to be the experience of others (See…ECF No. 132 at 21)" because defendant has continuously failed to dispute or object to any of plaintiff's claims under his sixth cause of action nor any claims pertaining to their policies and procedures therefore are undisputed facts which this court must consider as facts before the court as plaintiff's complaint is verified. Penfed appears to only argue that, "The Court previously recommended dismissing Bruce's SCUTPA claim because the first amended complaint did not allege that PenFed engaged in actions that adversely affected the public interest, as opposed to affecting Bruce's personal interests (see…ECF No.'s 106-1 at 17 and 124 at 7). Paragraphs 75, 151 and 152 of plaintiff's SAVC clearly evidences and states that Penfed engaged in activities that affect the public interest which can be liberally construed as a standard policy and procedure of PenFed therefore having a potential for repetition. PenFed does not dispute no argue that it receives promissory notes from its members. That fact that PenFed charged off the account is clear evidence that they have a policy and procedure for doing so therefore is evidence that a policy and procedure exists. It appears that Plaintiff has a private individual right of action under SECTION 39-5-140(a) for violation s of SECTION 39-5-20 that individually affect him as the acts plain text and terms clearly prescribes.

Because there are no verified answers nor affidavits filed by PenFed, Plaintiff's SAVC and

the information contained within must be considered as facts before the court as a verified complaint is considered an affidavit and therefore is prima facie evidence. **See…*United States v. Kis,* 658 F.2nd, and 526, 536 (7th Cir, 1981) Cert Denied, 50 U.SLW. 2169; U.S.LW. March 22, 1982. ("Indeed, no more than (affidavit) is necessary to make the prima facie case.")** This court lacks facts necessary to determine whether or not PenFed's policies and procedures is not a standard that has an adverse impact on the public interest nor that the claims presented are only the experience of the plaintiff based on PenFed's standard policies and procedures which the court is not in possession of.

In ***Quintero v. Garland,* 998 F.3d 612, at 634 (4th Cir. 2021)** it was held that, "district courts must carefully consider any potentially viable legal claims that a pro se plaintiff fails to raise, as long as the factual allegations in the complaint could support those claims".  Also see…***Booker v. S.C. Dep't of Corr.,* 855 F.3d 533, 540 (4th Cir. 2017); *Williamson v. Stirling,* 912 F.3d 154, 173 (4th Cir. 2018).**  Which is the case here.  In ***Alley v. Ydkin Cnty. Sheriff Dep't,* No. 17-1249, at \*4 (4th Cir. Oct. 5, 2017)** it was determined that "[C]laims of legal substance should not be forfeited because of a failure to state them with technical precision," and where a claim is potentially cognizable, the plaintiff should be afforded the opportunity to amend his complaint or particularize his allegations, Quoting ***Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir. 1965)**.  A mere defect in the pleading does not warrant **12(b)(6)** dismissal. ***See…Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978)** ("pleadings should not be scrutinized with such technical nicety that a meritorious claim should be defeated, and even if the claim is insufficient in substance, it may be amended to achieve justice."), **cert. denied, 439 U.S. 970 (1978).**

It appears that the Magistrate is stating that the delays in this case are entirely caused by the plaintiff (See…ECF No. 132 at 22)", I must respectfully object to this unfair statement which appears to be bias and/or prejudicial to the plaintiff as such statement is clearly not supported by the events

that transpired in this case evidenced by the filings on the record by all parties to this case. The record clearly evidences that the delays are equally caused by defendant's multiple challenges to plaintiff's complaint (such as motions to dismiss and or for judgment on the pleadings), other filings such as a default/default judgment. The Magistrate failed consider the defendants multiple filings which has also caused delays as there were challenges. Because there was a default filed, there was no need to amend the complaint at that time. The SAVC was presented after the default was vacated and included information LexisNexis addressed in a motion to dismiss. Plaintiff is allowed to amend his complaint when justice so requires and therefore there should be no dismissal with prejudice on the claims recommended by the magistrate. Based on the record, this case has been delayed by all parties to this case, not just by the plaintiff as stated by the magistrate and therefore any recommendations of dismissal with prejudice should be denied as such a recommendation and decision appears to be bias and prejudicial to the plaintiff and a violation of plaintiff's due process rights.

## CONCLUSION

For the reasons specified above, Plaintiff's SCUTPA claims should not be dismissed nor dismissed with prejudice against PenFed as suggested by the Magistrate's R & R and should be allowed to proceed. Dated this 6th day of **October, 2023**.

RESPECTFULLY PRESENTED,

"Without Prejudice"

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed to the party/parties below **via the: UNITED STATES POSTAL SERVICE by the UNITED STATES POST OFFICE via First Class Mail and by the Court's CM/ECF system. Dated this** 6th **Day of October, 2023.**

**SENT TO:**
Willson Jones Carter & Baxley, P.A.
Attention: G. Troy Thames
4922 O'Hear Avenue, Suite 301
North Charleston, SC 29405
*Attorney for Pentagon Federal Credit Union*

Eckert Seamans Cherin & Mellott, LLC
Attention: Michael A. Graziano
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C. 20006
*Attorney for Pentagon Federal Credit Union.*

2023 OCT 10 AM 9: 37
RECEIVED
USMC CLERK, CHARLESTON, SC

"Without Prejudice"

Nelson L. Bruce

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com