Record/FILE ON DEMAND        U.S.P.S. PRIORITY EXPRESS TRACKING No. EI 597 357 318 US

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce,<br><br>                    Plaintiff,<br><br>v.<br><br>Pentagon Federal Credit Union; et al.<br><br>                    Defendants. | Case No.: 2:22-cv-02211-BHH-MGB<br><br>PLAINTIFF'S OBJECTIONS TO MAGISTRATE REPORT AND RECOMMENDATION (ECF NO. 130) RELATED TO LEXISNEXIS |

Comes now Plaintiff, **Nelson L Bruce**, above the age of 18, of the age of the majority, with the exercise of any and all his natural reserved and retained rights hereby respectfully presents his objections to **Magistrate Judge Mary Gordon Baker Report and Recommendation(R&R) (ECF No. 130).** Plaintiff objects to the Magistrates R & R to the extent that plaintiff has exercised his right to a trial by jury on all matters presented in plaintiff's 2nd Amended Verified Complaint, to the extent that any decisions of a magistrate or judge could be construed as a waiver of his right to be before a jury on all matters and for the reasons specified below:

**PLAINTIFF PARTIALLY OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION SECTION "A (3)" (Claim under the South Carolina Financial Identity Fraud And Identity Theft Protection Act)**

Plaintiff partially objects to this section of the Magistrate's R & R to the extent that the Magistrate overlooked the fact that plaintiff is also suing LexisNexis for releasing plaintiff's consumer report to a person (Trans Union, LLC), without express authorization by the Plaintiff (see…opposition to LexisNexis Motion to Dismiss at "17" referencing ¶¶'s 34 and 107 of plaintiff's 2nd amended verified complaint which LexisNexis has failed to dispute therefore is an undisputed fact before the

court. This also applies a claim for violations of plaintiff's rights to privacy/privacy rights under the FCRA section 1681(a)(4) which the unauthorized disclosure of has caused plaintiff harm and damages.

### PLAINTIFFS OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION SECTION "B" (Alleged Violation of FCRA as a Furnisher under § 1681s-2(b))

Plaintiff partially objects to this section of the Magistrate's R & R to the extent that the Magistrate by their analyses allege that, "Upon careful review, the SAC is entirely devoid of any allegation that Plaintiff notified Trans Union of the disputed bankruptcy information reported by LexisNexis. (See…ECF No. 130 at 19)". Plaintiff objects because it appears that the magistrate has misconstrued and or overlooked plaintiff's 2nd Amended Verified Complaint ("SAVC"). It appears that the magistrate has not construed plaintiff's 2nd amended complaint in a light more favorable to the plaintiff. Plaintiff's SAVC clearly evidences that, "Plaintiff notified both the Bureaus and data furnishers that he disputed the accuracy, completeness, correctness of the information the Bureaus were reporting (see…SAVC at ¶ 39)." Trans Union is a CRA therefore any claims of disputes to a CRA included Trans Union even if not individually referenced. It can liberally be construed by the above referenced paragraph that all parties to this complaint have been notified, both CRA's and data furnishers which include Trans Union and LexisNexis. Paragraph 65 of plaintiff's SAVC also evidences that, "The Furnishers have failed to report an accurate investigative/reinvestigation outcome to the CRA's that notified the parties of plaintiff's disputes". There are no facts before the court that can construe paragraph 65 to include LexisNexis as a data furnisher therefore it does apply to them. The example presented in paragraph 65 is only an example, it does not rule out a dispute received from a CRA related to the bankruptcy because is in not referenced as part of the example. Further paragraphs 116, 119 and 120 (pages 28 - 29 of plaintiff's SAVC) also cannot be construed as

specific to PenFed as alleged by the Magistrate (see…ECF No. 130 at 19) as these paragraphs are not referenced as being specific to PenFed accounts especially when paragraph 121 of plaintiff's SAVC clearly can be construed that the claims in paragraph 121 are "additional", and are specific to the PenFed accounts as paragraph 121 clearly states that:

> Additionally, the Defendants continued to report accounts which Defendants knew or has reasonable cause to believe that the information is inaccurate as it is clear that by their own words, their internal records document the accounts was sold, assigned and/or transferred to a debt buyer and/or external collections in this case United Holding Group and National Credit Corporation. Defendant continuously failed to not mark the account as sold, transferred, disputed, failed to provide accurate information regarding the entire accounts reported and published to the bureaus which the bureaus published to third parties;

Paragraph 116 of the SAVC clearly and briefly states that, "Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff." Because plaintiff has stated in his SAVC that, "the Bureaus" (which include Trans Union as a CRA) was notified via a dispute from plaintiff of disputed information (see…SAVC at ¶ 39), it can clearly be construed that Trans Union notified the data furnisher (LexisNexis) of his dispute therefore plaintiff respectfully objects to the Magistrates R&R.

In ***Quintero v. Garland,*** **998 F.3d 612, at 634 (4th Cir. 2021)** it was held that, "district courts must carefully consider any potentially viable legal claims that a pro se plaintiff fails to raise, as long as the factual allegations in the complaint could support those claims". Also see…***Booker v. S.C. Dep't of Corr.,*** **855 F.3d 533, 540 (4th Cir. 2017)**; ***Williamson v. Stirling,*** **912 F.3d 154, 173 (4th Cir. 2018).** Which is the case here. In ***Alley v. Ydkin Cnty. Sheriff Dep't,*** **No. 17-1249, at *4 (4th Cir. Oct. 5, 2017)** it was determined that "[C]laims of legal substance should not be forfeited because of a failure to state them with technical precision," and where a claim is potentially cognizable, the plaintiff should be afforded the opportunity to amend his complaint or particularize his allegations, Quoting ***Coleman v. Peyton,*** **340 F.2d 603, 604 (4th Cir.**

1965).  A mere defect in the pleading does not warrant **12(b)(6)** dismissal. ***See…Gordon v. Leeke,*** **574 F.2d 1147, 1151 (4th Cir. 1978)** ("pleadings should not be scrutinized with such technical nicety that a meritorious claim should be defeated, and even if the claim is insufficient in substance, it may be amended to achieve justice."), **cert. denied, 439 U.S. 970 (1978).** Therefore it appears that the Magistrates findings that, "Based on the foregoing, the undersigned finds that even if the SAC could be reasonably construed to allege that Trans Union forwarded Plaintiff's dispute to LexisNexis, it does not allege any facts showing that he sent a dispute to Trans Union (See…ECF No. 130 at 21)" is not supported by facts.  It appears that plaintiff is only required to provide a "short and plain statement of the claim showing that the he is entitled to relief," Fed. R. Civ. P. 8(a)(2), there is no requirement in the rules that require plaintiff to file evidence to support his claims at the pleading/complaint stage.  As long as plaintiff has presented facts especially in a verified complaint/affidavit, it must be considered as facts before the court, prima facie evidence as it is clear by the record that plaintiff can clearly support the facts presented in his 2nd amended verified complaint. **See…*United States v. Kis,* 658 F.2nd, and 526, 536 (7th Cir, 1981) Cert Denied, 50 U.SLW. 2169; U.S.LW. March 22, 1982. ("Indeed, no more than (affidavit) is necessary to make the prima facie case.")**

      It appears that the Magistrate is stating that the delays in this case are entirely caused by the plaintiff (See…ECF No. 130 at 21)", I must respectfully object to this unfair statement which appears to be bias and/or prejudicial to the plaintiff as such statement is clearly not supported by the events that transpired in this case evidenced by the filings on the record by all parties to this case. The record clearly evidences that the delays are equally caused by defendant's multiple challenges to plaintiff's complaint (such as motions to dismiss and or for judgment on the pleadings), other filings such as a default/default judgment. The Magistrate failed consider the defendant's multiple filings which has

also caused delays as there were challenges. Because there was a default filed, there was no need to amend the complaint at that time. The SAVC was presented after the default was vacated and included information LexisNexis addressed in a motion to dismiss. Plaintiff is allowed to amend his complaint when justice so requires and therefore there should be no dismissal with prejudice on the claims recommended by the magistrate. Based on the record, this case has been delayed by all parties to this case, not just by the plaintiff as stated by the magistrate and therefore any recommendations of dismissal with prejudice should be denied as such a recommendation and decision appears to be bias and prejudicial to the plaintiff and a violation of his due process rights.

## CONCLUSION

For the reasons specified above, Plaintiff's 1682s-2(b) claims should not be dismissed nor dismissed with prejudice against LexisNexis as suggested by the Magistrate's R & R. Dated this 6th day of **October, 2023**.

RESPECTFULLY PRESENTED,

"Without Prejudice"

_____
Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been mailed to the party/parties below **via the: UNITED STATES POSTAL SERVICE by the UNITED STATES POST OFFICE via First Class Mail and by the Court's CM/ECF system.** Dated this 6th Day of October, 2023.

**SENT TO:**
William J. Farley III
Troutman Pepper Hamilton Sanders LLP
301 S. College Street, Suite 3400
Charlotte, NC 28202
*Counsel for Defendant LexisNexis Risk Solutions Inc.*

"Without Prejudice"

_Nelson L. Bruce_
Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com