UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |
|---|---|
| Nelson L. Bruce, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:22-cv-02211-BHH-MGB |
| ) | |
| Pentagon Federal Credit Union; *et al.* ) | District Judge Bruce Howe Hendricks |
| ) | Magistrate Judge Mary Gordon Baker |
| Defendants. ) | |

**PENTAGON FEDERAL CREDIT UNION'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION ON PENFED'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pentagon Federal Credit Union ("PenFed") filed a motion [ECF 106] seeking dismissal with prejudice of all claims asserted against it in Nelson Bruce's second amended complaint [ECF 98] ("the complaint"). The Court issued a Report and Recommendation on September 25, 2023 [ECF 132] ("the R&R"). The R&R recommends that the Court dismiss, with prejudice, the Sixth Cause of Action set forth in the complaint, which attempts to assert a claim under the South Carolina Unfair Trade Practices Act ("SCUTPA"). (R&R at 19-22.) Bruce objects to the R&R to the extent that it recommends dismissal of his SCUTPA claim.[1] (Pl.'s Objection [ECF 138].) PenFed respectfully requests that the Court overrule Bruce's objection and dismiss his SCUTPA claim with prejudice because the complaint fails to allege a coherent factual basis for such a claim.

---

[1] The R&R recommends against dismissal of Bruce's claims for: (I) alleged violations of the Fair Credit Reporting Act; (II) defamation; and (III) alleged violations of the Uniform Commercial Code. On October 9, 2023, PenFed filed an objection to the R&R to the extent that it recommends against dismissal of those claims. (PenFed's Objection [ECF 135].)

1

## FACTUAL AND PROCEDURAL BACKGROUND

The complaint focuses primarily on Bruce's allegations that PenFed furnished erroneous information to credit reporting agencies by reporting accounts that PenFed had charged off and sold. (*See generally* 2d Am. Compl. [ECF 106].) The section titled "Sixth Cause of Action" also contains unclear allegations about transactions involving federal reserve banks, tax reporting, and a federal regulation that applies to sellers in consumer credit transactions. (*Id*. ¶¶ 150-158.) Bruce contends that those allegations are sufficient to state a viable claim under SCUTPA.

The R&R recommends that the Court dismiss Bruce' SCUTPA claim because the complaint does not adequately allege that PenFed engaged in conduct that "'adversely affected the public interest[,]'" as opposed to Bruce's personal interests. (R&R at 19-22 (quoting *Morgan v. HSBC Bank USA, Nat. Ass'n*, No. 6:13-CV-03593-JMC, 2015 WL 3888412, at *4 (D.S.C. June 24, 2015)) (citing *Noack Enterprises Inc. v. Country Corner Interiors, Inc.*, 351 S.E.2d 347, 349–50 (S.C. Ct. App. 1986)).) The R&R also states that dismissal should be with prejudice because Bruce "has had multiple opportunities to properly plead a SCUPTA claim[.]" (*Id*. at 22.)

## ARGUMENT

Bruce does not dispute the R&R's holding that a plaintiff must allege an adverse impact on the public interest to state a viable claim under SCUTPA. Indeed, the Supreme Court of South Carolina has repeatedly held that "[p]laintiffs must allege and prove that the defendant's actions adversely affected the public interest." *Singleton v. Stokes Motors, Inc.*, 595 S.E.2d 461, 466 (S.C. 2004) (citing *Daisy Outdoor Adver. Co., Inc. v. Abbott*, 473 S.E.2d 47, 49 (S.C. 1996)).

Bruce argues that paragraphs 75, 151, and 152 of the complaint satisfy the public interest requirement. (Pl.'s Objection at 2.) Those paragraphs state as follows:

> 75.    PENDFED [*sic*] has a continuous policy and procedure when making loans to its members which they do not

        disclose to its members that they are prohibited from lending their credit and their depositor's credit to other members such as the Plaintiff as plaintiff was lent such credit and charged interest on these credits that they were prohibited by law from lending which is a unfair and deceptive act or practice.

…

151.    PENFED violated this section by loaning plaintiff and its members their credit and depositors credit which is an unfair, deceptive act or practice that affects commerce and all of the members of the bank receiving loans from PENFED[.]

152.    PENFED's continuous policies and procedures violates this section by taking and receiving from plaintiff and other PenFed member's, "consumer credit contracts" such as a to loan contracts which fails to contain a "Notice" in at least ten point, bold face, type stating that:

- "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.; Or
- "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WIDCH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

which is an unfair and deceptive act or practice as prescribed under 16 CFR § 433.2 which affects commerce and public interest and affects all of its members and third party buyers.

(2d Am. Compl. ¶¶ 75, 151, 152.)

Bruce's argument that paragraphs 75, 151, and 152 of the complaint satisfy the public interest requirement fails for two reasons. First, as the R&R found, "[t]he few references to other 'members' of PenFed are entirely speculative and conclusory[,]" and the complaint does not allege specific facts that suggest "Plaintiff's experience is likely to be the experience of others." (R&R at 21.) "Without more, the [Court] cannot find that Plaintiff has established a potential for repetition of any unfair or deceptive act by PenFed or otherwise indicated an adverse impact on the public interest." (*Id.* (citing *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989); *Morgan v. HSBC Bank USA, Nat. Ass'n*, No. 6:13-CV-03593-JMC, 2015 WL 3888412, at *5 (D.S.C. June 24, 2015) *Flowers v. Anderson*, No. 2:17-cv-2739-BHH-MGB, 2018 WL 3254485, at *6 (D.S.C. May 11, 2018), adopted by, 2018 WL 3980210 (D.S.C. Aug. 21, 2018); *Ethox Chem., LLC v. Coca-Cola Co.*, No. 6:12-CV-01682-TMC, 2013 WL 41001, at *3 (D.S.C. Jan. 3, 2013).

Second, the allegations in paragraphs 75, 151, and 152 of the complaint do not suggest PenFed committed any unfair or deceptive acts, let alone establish a potential for repetition. As previously explained, the complaint focuses primarily on Bruce's allegations that PenFed furnished erroneous information to credit reporting agencies. Paragraphs 75, 151, and 152, however, do not address credit reporting issues. Bruce appears to concede, therefore, that the complaint does not satisfy the public interest requirement with respect to credit reporting issues.

Paragraphs 75 and 151 are incoherent. Paragraph 75 alleges that PenFed "do[es] not disclose to its members that they are prohibited from lending their credit and their depositor's credit to other members[.]" (2d Am. Compl. ¶ 75.) Similarly, Paragraph 151 alleges that PenFed violated SCUTPA by "loaning plaintiff and its members their credit and depositors credit." (*Id.* ¶ 151.) Those allegations do not make sense because it is not clear what Bruce means by alleging that PenFed loaned his "credit" to other members or why he claims it was not permitted to do so.

4

The mere fact that Bruce mentioned other members in making incoherent factual allegations does not satisfy the requirement that Bruce allege an adverse effect on the public interest.

The only other paragraph in the complaint that Bruce cites alleges that PenFed violated 16 CFR § 433.2, which requires sellers to include certain notices in consumer credit contracts. (2d Am. Compl. ¶ 152.) The complaint, however, does not identify any transactions in which PenFed was the seller and failed to include the required notice in a consumer credit contract. Accordingly, the complaint does not adequately allege that PenFed violated 16 CFR § 433.2 in any transaction involving Bruce, much less that Bruce's experience is likely to be the experience of others.

Finally, Bruce argues that, if the Court dismisses his SCUTPA claim, it should do so without prejudice. Bruce claims the R&R is the result of "bias and prejudicial [*sic*] to the plaintiff and a violation of plaintiff's due process rights" because the R&R suggests that "the delays in this case are entirely caused by the Plaintiff." (Pl's Objection at 3-4.) Bruce's focus on the cause of any delays in the proceedings misses the point. The R&R does not recommend dismissal with prejudice based on a finding that Bruce is at fault for the passage of time in this case. Instead, the R&R recommends dismissal with prejudice because Bruce has already had several opportunities to state a viable SCUTPA claim and failed to do so even after the Court's prior recommendation that the SCUTPA claim in Bruce's first amended complaint be dismissed. (R&R at 22.)

The bottom line is that the few coherent factual allegations in the complaint relate only to transactions between PenFed and Bruce. As such, Bruce has failed to allege sufficient facts to satisfy the public interest requirement, and his SCUTPA claim fails as a matter of law. Since Bruce has already had several opportunities to cure the deficiencies in his pleadings, the Court should dismiss the SCUTPA claim with prejudice.

DATED: October 23, 2023.　　　　　　**Respectfully submitted,**

          **PENTAGON FEDERAL CREDIT UNION**


          s/ G. Troy Thames
          G. Troy Thames (Federal ID No.: 07713)
          WILLSON JONES CARTER & BAXLEY, P.A.
          4922 O'Hear Avenue, Suite 301
          North Charleston, SC 29405
          Telephone: (843) 284-0832
          Facsimile: (843) 606-3300
          Email: tthames@wjcblaw.com

          Michael A. Graziano  (*pro hac vice* pending)
          ECKERT SEAMANS CHERIN & MELLOTT, LLC
          1717 Pennsylvania Avenue, N.W., Suite 1200
          Washington, D.C. 20006
          Telephone: 202.659.6671
          Facsimile: 202.659.6699
          E-mail: mgraziano@eckertseamans.com

          *Attorneys for Pentagon Federal Credit Union*

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October, 2023, I served the foregoing via first class mail on:

Nelson L. Bruce
P.O. Box 3345
Summerville, SC 29484
*Pro Se Plaintiff*

s/ G. Troy Thames
G. Troy Thames (Federal ID No.: 07713)

8