**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| NELSON L. BRUCE,<br><br>Plaintiff,<br><br>v.<br><br>LEXISNEXIS RISK SOLUTIONS INC., *et al.*,<br><br>Defendants. | Case No.: 2:22-cv-02211-BHH-MGB |

**DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendant LexisNexis Risk Solutions Inc. ("LNRS") files this Response in Opposition to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation ("R&R"), Dkt. No. 130, on LNRS' Motion to Dismiss Plaintiff Nelson Bruce's ("Plaintiff") Second Amended Complaint ("SAC"), Dkt. No. 103.[1]

## INTRODUCTION

The Magistrate Judge's R&R with respect to Plaintiff's claim under 15 U.S.C. § 1681s-2(b) should be adopted, and Plaintiff's objections overruled. The Magistrate Judge correctly found that Plaintiff failed to adequately allege (or make any allegations at all) that he made any dispute to a consumer reporting agency ("CRA") that was then forwarded to LNRS by the CRA, as required under § 1681s-2(b). Because Plaintiff failed to allege this essential element, the R&R recommended dismissal of Plaintiff's claim under § 1681s-2(b).

[1] LNRS previously filed its Objection to the R&R on its Motion to Dismiss, Dkt. No. 136, and incorporates its objection and argument that the Motion should be granted in its entirety.

To state a claim under Section 1681s-2(b), a plaintiff must plead that (1) he notified a consumer reporting agency of the disputed inaccurate information, (2) the consumer reporting agency notified the furnisher of the dispute, and (3) the furnisher failed to investigate and modify the inaccurate information. *Wilson v. Wells Fargo Bank, N.A.*, No. 2:20-cv-02780-BHH-MHC, 2021 U.S. Dist. LEXIS 95171, at *10–11 (D.S.C. Apr. 30, 2021), *R&R adopted by*, 2021 U.S. Dist. LEXIS 94579; *Perkins v. S.C. Community Bank*, 3:14-cv-3245, 2017 U.S. Dist. LEXIS 4499, at *5–6 (D.S.C. Jan. 12, 2017).

Plaintiff's objects to the recommendation to dismiss his claim under § 1681s-2(b) arguing that (1) his vague reference to CRAs in his SAC and Response in Opposition to Defendant's Motion to Dismiss are *meant* to be factual allegations that he notified a CRA of the disputed inaccurate information and should thus be read into the text of his complaint, and (2) because he is appearing *pro se*, he should be permitted to ignore the Federal Rules of Civil Procedure and well-established case law and file as many amended complaints as needed.[2] For the reasons set forth below, LNRS respectfully requests the Court overrule Plaintiff's Objection, adopt the Magistrate Judge's R&R in part, grant LNRS' Motion to Dismiss Plaintiff's Second Amended Complaint, and dismiss Plaintiff's claims with prejudice.

## FACTUAL ALLEGATIONS

LNRS moved to dismiss the claims asserted by Plaintiff in the SAC. Dkt. No. 103. With respect to Plaintiff's section 1681s-2(b) claim of the FCRA, LNRS requested dismissal because the SAC fails to allege a CRA sent his dispute to LNRS. *See* Mot. to Dismiss, Dkt. No. 103, at

[2] In his Objection, Plaintiff also argues his right to privacy under 15 U.S.C. § 1681(a)(4) was violated. While there is a reference to this statute in Plaintiff's SAC (*see* Dkt. No. 98, ¶¶ 34, 107), Plaintiff has not alleged this as a separate cause of action and the R&R does not discuss this allegation. LNRS will not address the futility of this argument but reserves the right to respond should Plaintiff attempt to raise this issue later. Objection at 1–2.

11–14. Specifically, the SAC contains no allegation that Plaintiff disputed the bankruptcy with Trans Union, nor does it allege Trans Union sent notice of Plaintiff's bankruptcy dispute to LNRS. *See generally* SAC.

The R&R agreed with LNRS that "the SAC is entirely devoid of any allegation that Plaintiff notified Trans Union of the disputed bankruptcy information reported by LexisNexis." Dkt. No. 130, at 19. The R&R also agreed the SAC did not allege that the CRA notified LexisNexis of the dispute. *Id.* The R&R further noted that Plaintiff had multiple opportunities and at least one year to amend his complaint to incorporate the necessary factual allegations to support a claim under section 1681s-2(b), and his failure to do so warranted a recommendation of dismissal of his claim under section 1681s-2(b) with prejudice. Dkt. No. 130, at 21–22.

## **LEGAL STANDARD**

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted).

## **ARGUMENT**

### I. Plaintiff's argument that the Court must read non-existent facts into a complaint for a *pro se* litigant is unsupported by law

Plaintiff argues that contrary to the Magistrate Judge's findings, he sufficiently alleged facts to support his claim that he notified Trans Union of the bankruptcy dispute, who in turn notified LNRS. *See* Objection, Dkt. No. 139, at 2–3. Plaintiff also argues that in the absence of

alleging these specific facts, the Court is obligated to read the facts into Plaintiff's SAC because he is appearing *pro se*. *Id*. In support of his argument, he cites paragraphs 39 and 65 of the SAC and argues that the Court must liberally read facts into the SAC, even when the facts were never alleged. *Id.*

Plaintiff cites several Fourth Circuit cases to argue that this Court must read non-existent facts into the SAC; specifically, he selects cases where the Court has determined that legal claims should not be dismissed for failure to properly plead the elements if the facts in the complaint adequately support the legal theories. *See* Objection at 3 (citing *Quintero v. Garland*, 998 F.3d 612, 634 (4th Cir. 2021) ("district courts must carefully consider any potentially viable legal claims that a *pro se* plaintiff fails to raise, as long as the factual allegations in the complaint could support those claims."); *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017); *Alley v. Yadkin Cty. Sheriff Dep't*, 698 Fed. App'x 141, 142 (4th Cir. 2017)).[3]

Plaintiff overlooks an important component of the cited cases. The complaints at issue in these cases pleaded *facts* sufficient to support the legal allegations. *See, e.g.*, *Booker*, 855 F.3d at 540 ("Booker's detailed factual allegations and his reference to the First Amendment provide a more-than-sufficient basis for us to analyze whether the right was clearly established."). And while the Court in *Alley* determined that a plaintiff could survive a Rule 12(b)(6) motion without sufficiently alleged facts, the opportunity to amend should only be granted where the court has not already given the plaintiff a chance. 698 Fed. App'x at 142–143 (citing *King v. Rubenstein*, 825 F.3d 206, at 225 (4th Cir. 2016)).

[3] Plaintiff also cites *Williamson v. Stirling*, 912 F.3d 154, 173 (4th Cir. 2018), followed by a statement: "Which is the case here." However, it is unclear how the issues in *Williamson*, which deal with whether the Complaint sufficiently pleaded a substantive due process claim, are similar to the facts or issues giving rise to Plaintiff's Objections to the R&R.

Here, Plaintiff did not actually plead facts sufficient to satisfy the elements of his claim against LNRS in connection with his bankruptcy proceeding under section 1681s-2(b). Rather, Plaintiff claims that his legal citation to the FCRA is sufficient to infer that Trans Union sent notice of his dispute to LNRS. *See* Objection at 3 ("Paragraph 116 of the SAVC clearly and briefly states that, 'Pursuant to the Act, a furnisher of information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff' . . . [so] it can clearly be construed that Trans Union notified the data furnisher (LexisNexis) of his dispute."). Yet, it is well established that "legal conclusions" and "formulaic recitation of the elements of a cause of action" are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2017)). Plaintiff's failure to plead facts to satisfy the requirements of the claim under section 1681s-2(b) is fatal to his claim, and his Objection should be overruled.

## II. Plaintiff's status as a *pro se* litigant does not negate his obligations under the Federal Rules of Civil Procedure

The examples Plaintiff highlights from his SAC only discuss where he notified "the Bureaus" of the disputes involving the REV and PenFed accounts. *See* SAC ¶¶ 39 & 65. There is no reference in his SAC to his reporting of a dispute to Trans Union in connection with the bankruptcy proceedings. *See* Objection, SAC generally. Rather, Plaintiff argues that even though he did not allege facts to support his claim under section 1681s-2(b), he provided an "example" in paragraph 65 in support of his other allegations involving REV and PenFed – this example should be read to include factual allegations of a CRA sending Plaintiff's dispute to LNRS. *Id.* at 2 ("The example presented in paragraph 65 is only an example, it does not rule out a dispute received from a CRA related to the bankruptcy because is in not [sic] referenced as part of the example."). In

other words, Plaintiff is demanding that this Court read into his allegations any unwritten allegation that could later support any claim.

While district courts are required to liberally construe *pro se* pleadings, and give unrepresented parties latitude, "procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). If the Court determines that Plaintiff, by virtue of his *pro se* status, is not required to include factual allegations in his SAC to support his claim under section 1681s-2(b), Plaintiff will be permitted to circumvent both basic pleading requirements and pleading requirements pursuant to the FCRA. As the Court in *McNeil* observed, "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." 508 U.S. at 113.

Plaintiff is not only demanding that the Court overlook his status as a serial litigant with experience filing in federal court;[4] he asks the Court to make an exception for his failure to timely file another amended complaint. Objection at 4. The R&R directly addresses this issue:

> Plaintiff's filings in this action indicate he knows how to properly plead a claim against a furnisher under § 1681s-2(b) . . . This Court and the parties have devoted significant time and resources to addressing Plaintiff's claims in this action, as currently plead. Plaintiff's prior amendments to his pleadings have already significantly delayed entry of a scheduling order . . . For these reasons, the undersigned recommends that Plaintiff should not be afforded yet another opportunity to amend his complaint.

Dkt. 130, at 22. The Fourth Circuit has routinely held that where a plaintiff has been afforded multiple opportunities over an extended period of time to correct deficiencies in a complaint, it is not an error to deny another request to amend the complaint and dismiss a plaintiff's claims with

---

[4] *See* Def. Equifax Information Services LLC's Renewed Mot. For Judgment on the Pleadings, Dkt. 100, at 1.

prejudice. *See United States ex. rel Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013); *see also Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006) ("Plaintiffs had an unprecedented thirteen months of unilateral pre-complaint discovery" and it was not an abuse of discretion to deny Plaintiffs an additional attempt to amend their complaint). Plaintiff has now filed three complaints within the past thirteen months. LNRS agrees with the R&R that permitting Plaintiff to amend his complaint, yet again, to incorporate information he has had in his possession since at least 2019,[5] would be excessive and prejudicial to LNRS. For these reasons, Plaintiff's Objection should be overruled and his claim under section 1681s-2(b) should be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, LNRS respectfully requests the Court: (1) overrule Plaintiff's Objections to the Report and Recommendation, (2) adopt the Report and Recommendation in part with respect to Plaintiff's claim under section 1681s-2(b); (3) sustain LNRS' Objection to the Report and Recommendation; (4) grant LNRS' Motion to Dismiss; (5) dismiss the claims asserted against LNRS in the Second Amended Complaint; and (6) grant any further relief the Court may deem appropriate.

[SIGNATURE ON FOLLOWING PAGE]

[5] *See* R&R at 19, 22; *see also* Dkt. No. 116 at 16. For the first time in this litigation on August 14, 2023, Plaintiff produced an exhibit in his response to LNRS' Motion to Dismiss that purports to show he disputed the bankruptcy with Trans Union. The exhibit does not contain a reference to LNRS, so even if the Court accepts this belatedly incorporated exhibit as an alleged fact, Plaintiff's claim is still not viable under section 1681s-2(b), which also requires an allegation that Trans Union sent the dispute to LNRS.

This the 24th day of October, 2023.

/s/ William J. Farley III

William J. Farley III
Fed. Bar No. 12004
Troutman Pepper Hamilton Sanders LLP
301 S. College Street, Suite 3400
Charlotte, NC 28202
Telephone: 704.998.4099
Email: will.farley@troutman.com

*Counsel for Defendant LexisNexis Risk Solutions Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of October 2023, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system and also sent via U.S. Mail to the following:

Nelson L. Bruce
PO Box 3345
Summerville, SC 29484
*Pro Se Plaintiff*

/s/William J. Farley III
William J. Farley III