IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Nelson L. Bruce,                            )
                                            )
                     Plaintiff,             )
                                            )      Civil Action No. 2:22-cv-2211-BHH
v.                                          )
                                            )
Pentagon Federal Credit Union (a/k/a        )           **ORDER**
"PENFED"); Experian Information             )
Solutions, Inc.; Trans Union, LLC;          )
Equifax Information Services, LLC;          )
LexisNexis Risk Solutions, Inc.; all        )
unknown Does 1-100, *et. al*,               )
                                            )
                     Defendants.            )
_____            )

Plaintiff Nelson L. Bruce ("Plaintiff" or "Bruce"), proceeding *pro se* and *in forma pauperis*, filed this civil action on July 12, 2022. (ECF No. 1.) Plaintiff filed an amended complaint on November 2, 2022, and a second amended complaint and on May 25, 2023. (ECF Nos. 31 and 98.) The second amended complaint is the operative pleading and includes the following causes of action against the above-named Defendants: (1) wilful and negligent violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, as to Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and LexisNexis Risk Solutions, Inc. ("LexisNexis"); (2) willful and negligent violation of FCRA, 15 U.S.C. § 1681, as to Pentagon Federal Credit Union (a/k/a PENFED) ("PenFed"), LexisNexis, and Experian as data furnishers; (3) defamation as to all Defendants; (4) knowing, wilful, and negligent violations of the South Carolina Consumer Protection Code, S.C. Code §§ 32-30-170 and 37-20-200 ("SC Financial Identity Fraud Act"), as to Defendants Trans Union, Equifax, Experian, and

LexisNexis; (5) knowing, wilful, and negligent violations of Uniform Commercial Code ("UCC"), §§ 9-210 and 36-9-210, as to Defendant PenFed; and (6) knowing, wilful, and negligent violations of the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code § 39-5-20, as to Defendant PenFed.  (ECF No. 98 at 25-39.)

On June 5, 2023, Defendant Equifax filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  (ECF No. 100.)  Plaintiff filed a response in opposition to the motion on July 10, 2023.  (ECF No. 114.)

On June 6, 2023, Defendant LexisNexis filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 103.)  Plaintiff filed a response in opposition to the motion on August 14, 2023.  (ECF No. 116.)  LexisNexis filed a reply, and Plaintiff filed a sur-reply.  (ECF Nos. 125 and 129.)

On June 8, 2023, Defendant PenFed filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 106.)  Plaintiff filed a response in opposition on August 14, 2023, and an amended response in opposition on August 18, 2023, the latter of which has been deemed the operative response.  (ECF Nos. 115, 121, and 122.)  PenFed also filed a reply on August 21, 2023, and Plaintiff filed a sur-reply. (ECF Nos. 120, 126, and 127.)

Defendants Trans Union and Experian each filed answers to Plaintiff's second amended complaint on June 8, 2023.  (ECF Nos. 107 and 108.)

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to a United States Magistrate Judge for preliminary review. On September 25, 2023, the Magistrate Judge issued three separate Reports and Recommendations ("Reports") addressing each of the pending motions.  (ECF Nos. 130,

2

131, and 132.)  Specifically, the Magistrate Judge analyzed the record and the applicable law and recommended in her three Reports that the Court: (1) grant in part and deny in part LexisNexis's motion to dismiss; (2) deny Equifax's motion to dismiss; and (3) grant in part and deny in part PenFed's motion to dismiss.  (*See* ECF Nos. 130, 131, and 132.)

Defendants LexisNexis, Equifax, and PenFed each filed objections to the Reports addressing their respective motions.  (ECF Nos. 134, 135, and 130.)  Plaintiff also filed objections to each of the Reports.  (ECF Nos. 130, 131, and 132.)  Additionally, Plaintiff filed replies to each of Defendants' objections.  (ECF Nos. 140, 135, and 136.)  And Defendants filed replies to Plaintiff's objections.  (ECF Nos. 146, 147, and 148.)  Plaintiff also filed a motion to strike Equifax's reply as untimely, and Equifax filed a response in opposition to Plaintiff's motion to strike.[1]  (ECF Nos. 151 and 152.)

## BACKGROUND

In her Reports, the Magistrate Judge first outlined the relevant background facts related to Defendants' pending motions.  After review, the Court finds that the Magistrate Judge fairly summarized the facts, and the Court briefly repeats herein only the following facts that are relevant to the pending motions.

Plaintiff's claims arise out of his assertion that Defendant PenFed provided inaccurate and misleading account information to certain consumer reporting agencies ("CRA")[2] about a balance Plaintiff "allegedly owed to PenFed and REV" Federal Credit

---

[1] After review, the Court finds that Equifax's reply was not filed egregiously late under the circumstances, and the Court will consider the reply.  Accordingly, the Court denies Plaintiff's motion to strike Equifax's reply.  (ECF No. 151.)

[2] "The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information or consumers for the purpose of furnishing consumer reports

Union,[3] and that the CRAs then published this inaccurate and misleading information in consumer reports and failed to properly investigate the matter.  (ECF No. 98 at 8.)

### Defendant Equifax

With respect to Defendant Equifax, which is a CRA within the meaning of the FCRA, Plaintiff alleges that it "prepared and issued credit reports concerning the Plaintiff that included inaccurate, incomplete, untrue, incorrect and materially misleading information relating to PENFED, and/or REV accounts being reported."  (*Id.* at 6.)  More specifically, Plaintiff alleges that Equifax inaccurately reported "the balance allegedly owed to PENFED and REV" and failed "to report the [PenFed] accounts as sold, transferred, charged-off with a zero balance and zero amount past due."  (*Id.* at 8, 16.)

According to Plaintiff, "[a]ccounts are required to be reported to the CRAs in Metro 2 Format," and the reported accounts are considered inaccurate, incomplete, and incorrect if not in compliance with Metro 2 Standard Format.  (*Id.* at 20.)  Plaintiff alleges that to comply with "Metro 2 reporting standards," Equifax's policy "require[s] PENFED" to accurately report "balance information, open date, date of first delinquency, [and] whether an account is sold."  (*Id.* at 20-21.)  Plaintiff further alleges that the Metro 2 reporting standards require the reporting of "the accounts as sold, transferred, charged-off with a zero balance and zero amount past due to be accurate."  (*Id.* at 16.)

According to the allegations of the second amended complaint, the CRAs "have been reporting the . . . PenFed accounts and information through the issuance of false,

---

to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."  15 U.S.C. § 1681a(f).

[3] REV Federal Credit Union is not a named Defendant, but the record indicates that Plaintiff had an account with REV separate from his accounts with PenFed.

incomplete, untrue, incorrect[,] and inaccurate credit information and consumer reports that it has disseminated to various third parties, persons[,] and credit grantors." (*Id*. at 9.)

Plaintiff asserts he "notified both the [CRAs] and data furnishers that he disputed the accuracy, completeness, correctness of the information the [CRAs] were reporting." (*Id*.) Specifically, Plaintiff alleges that on September 24, 2021, he "sent out disputes . . . [that] pointed out to [Equifax] the improper, inaccurate derogatory tradelines to be reinvestigated and requested that the tradelines be deleted/removed." (*Id*. at 9.) In support, Plaintiff cites Exhibit A, which is attached to the initial complaint and includes a letter sent by certified mail from Plaintiff to Equifax dated September 24, 2021. (ECF No. 1-2 at 2-6.) Plaintiff alleges that "as a result of [Equifax's] reinvestigations," it claimed "the information reported by PENFED has been verified as accurate" and it deleted the disputed REV account. (ECF No. 98 at 12.) Plaintiff alleges, however, that Equifax did not provide him "with written results 5 days from completion of the September 2021 reinvestigation," in violation of 15 U.S.C. § 1681i(6)(A). (*Id*. at 12-13.)

Plaintiff also alleges that he received an updated copy of his consumer credit report on April 22, 2022, which "identifies multiple inaccuracies and inconsistencies." (*Id*. at 20.) Based on this report, Plaintiff sent another request for reinvestigation to Equifax on May 2022, and Plaintiff cites Exhibit A, which includes a May 3, 2022, letter sent from Plaintiff to Equifax by priority mail in which he asks Equifax to "re-investigate if every piece of information for" the three PenFed accounts is "correct." (ECF No. 1-2 at 48.)

Plaintiff further alleges that on June 17, 2022, Equifax "received a notice from Plaintiff that clearly notifies them that the PenFed accounts [were] sold, assigned and transferred to third parties . . . and [Equifax] failed to update their records and/or failed to

reinvestigate and willfully, negligently continued to report the accounts." (ECF No. 98 at 10.) In support, Plaintiff cites "Exhibit D," which is attached to the initial complaint. (ECF No. 1-5 at 5-6.) Exhibit D includes a "Notice of Intent to Sue" dated June 17, 2022, which is addressed to Equifax and indicates it is being sent "via email" to counsel, who, at the time, was representing Equifax in separate, unrelated litigation involving Plaintiff. (*Id*.; ECF No. 100 at 10 n.13.)

As to Defendant Equifax, the second amended complaint includes claims for violation of § 1681i and § 1681e(b) of the FCRA, defamation, and violation of the South Carolina Financial Identity Fraud Act.

### *Defendant LexisNexis*

With respect to Defendant LexisNexis, Plaintiff alleges that it acted as both a CRA and a "furnisher" within the meaning of the FCRA. Specifically, Plaintiff alleges that LexisNexis, while acting as a CRA, "prepared and issued credit reports concerning the Plaintiff that included inaccurate, incomplete, untrue, incorrect[,] and materially misleading information relating to PENFED, and/or REV accounts being reported." (ECF No. 98 at 6.) Like with Defendant Equifax, Plaintiff alleges that LexisNexis reported the PenFed accounts "through the issuance of false, incomplete, untrue, incorrect[,] and inaccurate information and consumer reports that it has disseminated to various third parties, persons[,] and credit grantors." (*Id*. at 9.) Plaintiff also alleges that "Defendants . . . had substantial evidence by which to have verified that the Plaintiff's debt was sold, assigned and/or transferred, therefore no longer due or owing to the person reporting the accounts." (*Id*. at 32.)

Here again, according to Plaintiff, to comply with the required Metro 2 reporting standards, LexisNexis's policy "require[s] PENFED" to accurately report "balance

information, open date, date of first delinquency, [and] whether an account is sold." (*Id*. at 20-21.) Plaintiff alleges that the Metro 2 reporting standards require that any accounts that have been sold or transferred are reported with a "zero balance." (*Id*. at 21.)

According to Plaintiff, he "notified both the [CRAs] and data furnishers that he disputed the accuracy, completeness, correctness of the information the [CRAs] were reporting." (*Id*. at 9.) Specifically, he alleges that LexisNexis "received [] verbal dispute[s] (over the phone) from Plaintiff" disputing the alleged inaccuracies in the PenFed accounts on June 2, 2022, and August 15, 2022. (ECF No. 98 at 10-11.) Additionally, Plaintiff alleges that his "updated consumer credit file/report from LexisNexis" evidence[d] the same exact information disputed" in June and August of 2022 and "did not show that any accounts disputed [were] removed as alleged by LexisNexis." (*Id*.) According to Plaintiff, this conduct by LexisNexis violated § 1681e(b) and § 1681i of the FCRA; constituted defamation under South Carolina law; and violated the SC Financial Fraud Act (*Id*. at 25-28; 31-35.)

Separately, Plaintiff also alleges that LexisNexis was "acting as a 'furnisher' of the information submitted to Trans Union . . . for inclusion in a consumer report." (*Id*. at 7.) According to Plaintiff, LexisNexis was not acting as a CRA "with respect to credit reports/consumer reports maintained by Trans Union," and Plaintiff references Exhibit E as evidence of LexisNexis' role as furnisher of information relating to Plaintiff and his creditworthiness to Trans Union, "which then used that information to generate consumer reports/credit reports." (*Id*.; ECF No. 31-1.) Plaintiff also alleges that "[a]ll data Furnishers . . . us[ed] a standardized system for receiving and processing consumer disputes from the CRAs [and] . . . understood the consumer's disputes because of this system." (*Id*. at 14.)

Thus, according to Plaintiff, "the Furnishers ignored the information in the reporting system and 'simply regurgitated the same information it had previously reported to' the CRAs." (*Id*.)

As to Defendant LexisNexis, the second amended complaint includes claims for violation of § 1681i and § 1681e(b) of the FCRA, defamation, violation of the SC Financial Identity Fraud Act, and violation of FCRA as a furnisher under § 1681s-2b of the FCRA.

### Defendant PenFed

With respect to Defendant PenFed, Plaintiff alleges that as part of its business, it is a furnisher of consumer credit information, and that it "furnished information to consumer reporting agencies such as Defendants Trans Union, Equifax, LexisNexis and Experian." (*Id*. at 3.)  According to Plaintiff, PenFed reported "inaccurate" and "misleading" information to lenders, giving "the false impression that a debt and/or account balance is owed or still owed to PenFed" and "that the accounts are paid or not paid as the information reported does not match what the other reporting agencies are or were reporting."  (*Id*. at 19.)

According to Plaintiff, PenFed "understood the consumer's disputes because" it used a "standardized system for receiving and processing consumer disputes from the CRAs." (*Id*. at 14.)  Plaintiff alleges that PenFed "ignored the information in the reporting system and 'simply regurgitated the same information it had previously reported to' the CRAs." (*Id*.)

Plaintiff further alleges that "PENFED intended not to furnish accurate . . . information related to the current status of the accounts to the reporting agencies because their internal records prior to about January 22, 2018, show that": (1) "PENFED knew that the credit card account being reported and published on [Plaintiff's] consumer reports . .

8

. allegedly belonging to the Plaintiff, was sold and transferred" by PenFed to United Holding Group"; and (2) "PENFED knew the line of credit account being reported and published on [Plaintiff's] consumer reports . . . allegedly belonging to the Plaintiff was assigned and transferred to National Credit Corporation." (*Id*. at 15-16.)  According to Plaintiff, these accounts "all were charged off/written off therefore no accounts nor debts existed as an asset of PENFED that could have been validated and/or verified by PENFED." (*Id*. at 16.)

As to Defendant PenFed, the second amended complaint includes claims for violation of § 1681s-2(b) of the FCRA, defamation, violation of the Uniform Commercial Code, and violation of the SCUTPA.

## **STANDARDS OF REVIEW**

### I.     **The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.     Rule 12(b)(6) of the Federal Rules of Civil Procedure

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014); *see Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.").  Pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant will have "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When considering a Rule 12(b)(6) motion, this Court must evaluate the complaint in its entirety, accepting the factual allegations in the pleading as true and drawing all reasonable factual inferences in favor of the party opposing the motion.  *Kolon Indus., Inc.*, 637 F.3d at 440, 448.  Moreover, the Court must evaluate "the complaint in its entirety, as well as documents attached or incorporated into the complaint."  *Id.* at 448.  The Court may consider a document not attached to the complaint, so long as the document "was integral to and explicitly relied on in the complaint," and there is no authenticity challenge.  *Id.*

(quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).  "A complaint should not be dismissed as long as it provides sufficient detail about the claim to show that the plaintiff has a more-than-conceivable chance of success on the merits."  *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 511 (4th Cir. 2015) (internal quotation marks omitted).

### III.    Rule 12(c) of the Federal Rules of Civil Procedure

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Ultimately, "a defendant may not prevail on a motion for judgment on the pleadings if there are pleadings that, if proved, would permit recovery for the plaintiff."  *BET Plant Servs., Inc. v. W.D. Robinson Elec. Co.*, 941 F. Supp. 54, 55 (D.S.C. 1996).

"[A] Rule 12(c) motion for judgment on the pleadings is decided under the same standard as a motion to dismiss under Rule 12(b)(6)."  *Deutsche Bank Nat'l Trust Co. v. IRS*, 361 F. App'x 527, 529 (4th Cir. 2010); *see Burbach Broad. Co. v. Elkins Radio*, 278 F.3d 401, 405 (4th Cir. 2002).  Thus, to survive a motion for judgment on the pleadings, the complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In reviewing the complaint, the court accepts all well-pleaded allegations as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff.  *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).  However, the Court "need not accept allegations that 'contradict matters properly subject to judicial notice or [by] exhibit.' "  *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006).

Because Plaintiff is proceeding *pro se*, the Court applies the above standards while

11

liberally construing Plaintiff's filings in this case. *See Erikson v. Pardus*, 551 U.S. 89, 94 (2007).

## DISCUSSION

I.    **Defendant Equifax's Motion for Judgment on the Pleadings[4] (ECF No. 100)**

In her Report addressing Defendant Equifax's motion for judgment (ECF No. 131), the Magistrate Judge thoroughly outlined Plaintiff's claims against Equifax, the applicable law, and the parties' arguments, and ultimately found that: (1) Plaintiff has alleged sufficient facts to state a plausible claim against Equifax under 15 U.S.C. § 1681i, stemming from Plaintiff's letter to Equifax dated September 24, 2021, wherein Plaintiff disputes specific alleged inaccuracies in his consumer report; (2) Plaintiff has alleged sufficient facts to state a plausible claim that Equifax did not follow reasonable procedures to assure maximum possible accuracy of its reports under § 1681e(b); (3) Plaintiff's allegations plausibly allege malice or wilful intent in connection with Plaintiff's defamation claim, such that the claim survives Defendant's motion; and (4) Plaintiff has sufficiently alleged a claim against Equifax under the SC Financial Identity Fraud Act, S.C. Code Ann. § 37-20-170. (*See* ECF No. 131 at 7-21.)

In its objections to the Magistrate Judge's Report, Equifax does not object to the Magistrate Judge's finding that Plaintiff's letters dates May 3, 2022, and June 17, 2022, do not satisfy the notice requirement to trigger § 1681i of the FCRA, but Equifax does object to the remainder of the Magistrate Judge's recommendations. (ECF No. 134 at 2.)

---

[4] In its objections, Equifax notes that its motion should have been filed as a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure but also notes that, regardless, the same standard applies to both motions under Rule 12(b)(6) and 12(c). (ECF No. 134 at 1 n. 2.)

Specifically, Equifax asserts that the Magistrate Judge improperly read a claim of inaccuracy regarding the PenFed accounts into Plaintiff's second amended complaint. (*Id.* at 2-4.)  Equifax also asserts that the Magistrate Judge's application of § 1681i of the FCRA is at odds with the plain language of the statute and Plaintiff's allegations.  According to Equifax, "[b]ecause Plaintiff did not directly notify Equifax of the inaccuracy he claims in the Amended Complaint, the Magistrate's recommendation that Plaintiff's FCRA § 1681i claim not be dismissed was erroneous.  Likewise, the Magistrate's recommendation regarding he disposition of Plaintiff's FCRA § 1681e(b) claim, which hinged on the analysis of the § 1681i claim, [ ] was also erroneous."  (*Id.* at 6.)

In addition to the foregoing, Equifax objects to the Magistrate Judge's finding that Plaintiff sufficiently alleged malice to support his defamation claim against Equifax because "Plaintiff's September 2021 dispute plainly belies any allegation that he told Equifax of the alleged inaccuracy that he now presents in his Amended Complaint."  (*Id.*  at 7.)  Lastly, Equifax objects to the Magistrate Judge's alleged erroneous analysis of Plaintiff's claim under the SC Financial Identity Fraud Act, asserting that it "fail[s] for the same reason that his § 1681i claim fails: he did not 'give notice in writing to the consumer report agency specifying' the alleged inaccuracy that he now claims in his Complaint, i.e. that the PENFED accounts had been sold or transferred and, therefore, inaccurately reflected a balance."  (*Id.* at 7-8.)

On the other hand, in his objections to the Magistrate Judge's Report, Plaintiff objects only to the Magistrate Judge's determination that his letter to Equifax dated May 3, 2022, cannot serve as the requisite notice to support his claim under § 1681i.  (ECF No. 137 at 1-2.)   According to Plaintiff, this letter clearly triggered Equifax's duty to

reinvestigate, and Plaintiff asserts that the Magistrate Judge did not consider this letter in the light most favorable to him.  (*Id.* at 2.)

After *de novo* review and after a thorough consideration of the parties' arguments and the applicable law, the Court is ultimately not persuaded by any of Equifax's or Plaintiff's objections.  Instead, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.  And in reviewing the allegations of Plaintiff's *pro se* second amended complaint liberally, as this Court must do, the Court agrees with the Magistrate Judge that Plaintiff has plausibly alleged a claim against Equifax under 15 U.S.C. § 1681i based on Plaintiff's letter to Equifax dated September 24, 2021.  The Court also agrees with the Magistrate Judge that Plaintiff's letter dated May 3, 2022, cannot serve as the requisite notice to support a claim under § 1681i because it does not allege inaccurate or incomplete reporting by PenFed.  (*See* ECF No. 131 at 10.)  Furthermore, the Court disagrees with Equifax that the Magistrate Judge impermissibly read a claim into Plaintiff's second amended complaint, and the Court does not find that the Magistrate Judge analyzed § 1681i in a way that is at odds with the statutory language or with Plaintiff's allegations.  In summary, then, as to Plaintiff's claim against Equifax under § 1681i, the Court wholly agrees with the Magistrate Judge that:

> Plaintiff has alleged sufficient facts to support a prima facie showing that Equifax's reporting was inaccurate or misleading when assuming all of Plaintiff's factual allegations are true, and construing them in the light most favorable to him.  To prove his case, in addition to supporting his allegations of notice, Plaintiff will need to establish "through admissible evidence that [updating the status of a charged off account as sold or assigned with a zero balance] is in fact the industry standard, that [Equifax] deviated from it, and that this particular mdeviation might adversely affect credit decisions ."  *Nissou-Rabban v. Cap. One Bank (USA), N.A.*, 2016 WL 4508241, at *5 (S.D. Cal. June 6, 2016) (finding plaintiff plausibly alleged a claim under the FCRA violation based on furnisher's failure to comply with Metro 2 reporting

14

guidelines). Alternatively, Plaintiff will need to establish through admissible evidence that reporting a charged off account with an unpaid balance, regardless of its status as sold and/or assigned, would mislead lenders and adversely affect credit decisions when those same charged off accounts were reported by other CRAs with a zero balance. Whether Plaintiff's allegations on these issues turn out to be true is a question of proof that is not suited for resolution in a motion to dismiss.

(ECF No. 131 at 17-18.) Likewise, as to Plaintiff's claim against Equifax under § 1681e(b), the Court finds Equifax's arguments for dismissal unavailing given the Court's foregoing analysis of Plaintiff's claim under § 1681i. *See Dalton v. Capital Associated Indus., Inc.,* 257 F.3d 409, 416 (4th Cir. 2001) (noting that he issue of whether a CRA followed reasonable procedures will be a "jury question in the overwhelming majority of cases") (citation and quotation marks omitted).

Next, as to Plaintiff's assertion of malice to support his defamation claim, the Court finds that at this early stage in the litigation, Plaintiff's allegation that, even after he told Equifax that he disputed the accuracy of his account, Equifax continued to publish the alleged inaccuracies to third parties, are sufficient to plausibly allege facts to show that Equifax acted with malice or wilful intent to injury Plaintiff. The Court also notes that Defendant's arguments to the contrary would be more appropriate for consideration at the summary judgment stage. Lastly, given the foregoing, the Court also agrees with the Magistrate Judge that Plaintiff has sufficiently alleged a plausible claim against Equifax under the SC Financial Identity Fraud Act, S.C. Code § 37-20-170, for the reasons set forth by the Magistrate Judge.

In short, the Court fully agrees with the Magistrate Judge's analysis of Plaintiff's claims against Equifax, and the Court does not find that any Equifax's arguments compel dismissal of Plaintiff's claims at this stage of the litigation. Nor does the Court find any

merit to Plaintiff's objections.  Accordingly, for the foregoing reasons, the Court overrules

both Equifax's and Plaintiff's objections (ECF Nos. 134 and 317); the Court adopts and

incorporates the Magistrate Judge's Report (ECF No. 131); and the Court denies Equifax's

motion to dismiss (ECF No. 100).

## II.    Defendant LexisNexis's Rule 12(b)(6) Motion to Dismiss (ECF No. 103)

In her Report evaluating the motion to dismiss filed by Defendant LexisNexis (ECF

No. 131), the Magistrate Judge carefully outlined the specific claims asserted against

LexisNexis and the applicable law.  Ultimately, the Magistrate Judge found that Plaintiff

sufficiently alleged claims against LexisNexis as a CRA under § 1681i and § 1681e(b),

noting that a full record is needed to resolve the parties' arguments.  Similar to her findings

as to Defendant Equifax, the Magistrate Judge explained:

> the undersigned finds Plaintiff has alleged sufficient facts to support a prima
> facie showing that LexisNexis's reporting is inaccurate or misleading when
> assuming all of Plaintiff's factual allegations are true, and construing them in
> the light most favorable to him.  To prove his case, Plaintiff will need to
> establish "through admissible evidence that [updating the status of a charged
> off account as sold or assigned with a zero balance] is in fact the industry
> standard, that [LexisNexis] deviated from it, and that this particular deviation
> might adversely affect credit decisions ." *Nissou-Rabban v. Cap. One Bank
> (USA), N.A.*, 2016 WL 4508241, at *5 (S.D. Cal. June 6, 2016) (finding
> plaintiff plausibly alleged a claim under the FCRA violation based on
> furnisher's failure to comply with Metro 2 reporting guidelines).  Alternatively,
> Plaintiff will need to establish through admissible evidence that reporting a
> charged off account with an unpaid balance, regardless of its status as sold
> and/or assigned, would mislead lenders and adversely affect credit decisions
> when those same charged off accounts were reported by other CRAs with a
> zero balance.  Whether Plaintiff's allegations on these issues turn out to be
> true is a question of proof that is not suited for resolution in a motion to
> dismiss.

(ECF No. 130 at 14.)

Next, the Magistrate Judge found that Plaintiff sufficiently alleged malice to state a

defamation claim against LexisNexis, noting that Plaintiff alleged that LexisNexis continued to report the alleged inaccuracies to third parties even *after* he told LexisNexis that he disputed the accuracy of his accounts.  The Magistrate Judge also found that Plaintiff sufficiently alleged a claim against LexisNexis under the Act, S.C. Code § 37-20-170, based on her findings as to Plaintiff's claims arising under § 1681i.

As to Plaintiff's claim against LexisNexis for violation of FCRA as a *furnisher* under § 1681s-2(b), however, the Magistrate Judge agreed with LexisNexis that it was not appropriate to consider Exhibit G-2, as it was not incorporated into the second amended complaint by reference.  The Magistrate Judge further found that, "even if the [second amended complaint] could be reasonably construed to allege that Trans Union forwarded Plaintiff's dispute to LexisNexis, it does not allege any facts showing that he sent a dispute to Trans Union."  (ECF No. 130 at 21.)  Thus, the Magistrate Judge found no basis to conclude that LexisNexis's duties under § 1681-2(b) were triggered, and she recommended that the Court dismiss Plaintiff's claim against LexisNexis under § 1681s-2(b) with prejudice based on the procedural history of this case.  (*Id.* at 21-22.)

In its objections, LexisNexis asserts that the Magistrate Judge erred in finding that Plaintiff's second amended complaint and the documents incorporated therein sufficiently allege claims under § 1681e(b) and § 1681i of the FCRA.[5]  LexisNexis also asserts that the Magistrate Judge erred in finding Plaintiff's allegations sufficient to allege a claim against it under the SC Financial Identify Fraud Act, S.C. Code § 37-20-170, or a claim for defamation.

---

[5] LexisNexis does not object to the Magistrate Judge's recommendation that the Court dismiss with prejudice Plaintiff's claim against it under § 1681s-2(b) of the FCRA.

First, according to LexisNexis, whether Plaintiff's accounts were sold to another entity is a legal inaccuracy that cannot support Plaintiff's FCRA claims against LexisNexis, as CRAs are only required to resolve factual inaccuracies and not legal inaccuracies. Likewise, LexisNexis asserts that its reporting of a balance owed on Plaintiff's charged-off accounts is a legal inaccuracy that cannot support Plaintiff's FCRA claims as a matter of law. Next, LexisNexis also asserts that reporting a balance owed on a charged-off account is factually accurate and not misleading. (*See* ECF No. 136 at 5-10.)

On the other hand, in his objections to the Report, Plaintiff asserts that the Magistrate Judge overlooked that he "is also suing LexisNexis for releasing Plaintiff's consumer report to a person (Trans Union, LLC), without express authorization by the Plaintiff." (ECF No. 139 at 1.) Additionally, Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss with prejudice his claim against LexisNexis for violating FCRA as a furnisher under § 1681s-2(b). (*Id.* at 2-5.)

Here, after *de novo* review, the Court finds no basis to depart from the Magistrate Judge's thorough and well-reasoned analysis of Plaintiff's claims against Defendant LexisNexis. First, the Court fully agrees with the Magistrate Judge that a liberal construction of the second amended complaint, along with the incorporated exhibits, leads to the conclusion that Plaintiff's claims against LexisNexis under § 1681i and § 1681e(b) survive Defendant's motion to dismiss. Furthermore, the Court agrees with the Magistrate Judge that a full record is needed to determine the viability of those claims, as the Court lacks the facts necessary at this time to determine the accuracy of the reporting at issue. *See, e.g.*, *Newman v. Am. Honda Fin. Corp.*, No. 1:21-cv-3, 2022 WL 657630, at *6 (M.D.N.C. Mar. 4, 2022) (explaining that courts in this circuit "have generally deemed the

question of accuracy, in FCRA cases, ill-suited for pre-discovery resolution"); *Price v. Equifax Info. Servs.*, No. 5:19-cv-00886, 2020 WL 2514885, at *5 (S.D.W. Va. May 15, 2020) ("[W]hether technically accurate information is sufficiently misleading to qualify as inaccurate for purposes of the FCRA is generally a question to be determined by the trier of fact.").

Likewise, with respect to Plaintiff's defamation claim, the Court also agrees with the Magistrate Judge that Plaintiff's allegations of malice are sufficient at this stage of the litigation to survive Defendant's motion to dismiss. *See Potter v. FIA Card Servs., N.A.*, No. 2:12-cv-1722-RMG, 2012 WL 13005806, at *2 (D.S.C. Sept. 28, 2012) (denying motion to dismiss defamation claim where plaintiff alleges he "repeatedly told the Defendants he was not an obligor on the account, but they continued to tell [credit reporting agencies] for two years that he was").

Next, with respect to Plaintiff's claim against LexisNexis under the SC Financial Identity Fraud Act, S.C. Code Ann. § 37-20-170, the Court agrees with the Magistrate Judge that Defendant's arguments are unavailing in light of the Court's finding that Plaintiff has sufficiently alleged a claim under § 1681i.

Finally, the Court also agrees with the Magistrate Judge that it is not appropriate to consider Exhibit G-2 in response to Defendant's motion, and that Plaintiff's claim against LexisNexis as a furnisher under § 1681s-2(b) is subject to dismissal with prejudice. As the Magistrate Judge aptly explained:

> given the proceedings in this case, the undersigned recommends this dismissal be with prejudice. Plaintiff filed this case on July 12, 2022. (Dkt. No. 1.) He filed an amended complaint on November 2, 2022, adding LexisNexis as a named defendant. (Dkt. No. 31.) Then, almost one year after first filing this action, without any compelling justification for the delay,

19

he again sought to amend the complaint. (Dkt. No. 96.)  When granting Plaintiff's motion to amend, the undersigned stated,

> [G]iven the procedural history of this case, the Court does not make this decision lightly.  This case has been pending almost one year, and Plaintiff has had ample time to amend his complaint.  Further, entering the proposed Amended Complaint impacts the previously filed dispositive motions.  Thus, this is Plaintiff's final opportunity to amend his complaint.  Absent extraordinary circumstances, the Court will not entertain further requests from Plaintiff to amend his complaint.

(Dkt. No. 97.)

> Plaintiff's filings in this action indicate he knows how to properly plead a claim against a furnisher under § 1681s-2(b).  Further, it appears the exhibit he now relies on to support this claim against Trans Union has been in his possession since 2019.  This Court and the parties have devoted significant time and resources to addressing Plaintiff's claims in this action, as currently plead.  Plaintiff's prior amendments to his pleadings have already significantly delayed entry of a scheduling order, which will be entered after the District Judge provides a final ruling on the pending dispositive motions.  For these reasons, the undersigned recommends that Plaintiff should not be afforded yet another opportunity to amend his complaint.

(ECF No. 130 at 21-22.)

For the foregoing reasons, and for the specific reasons set forth by the Magistrate Judge in her Report, the Court finds that LexisNexis is entitled to dismissal with prejudice of Plaintiff's claim against it as a furnisher under § 1681s-2(b) of the FCRA but that LexisNexis is not entitled to dismissal at this time of Plaintiff's other claims.  Accordingly, the Court overrules the parties' objections (ECF Nos. 136 and 139); the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 130); and the Court grants in part and denies in part Defendant LexisNexis's motion to dismiss (ECF No. 103).  Specifically, the Court grants the motion as to Plaintiff's claim against LexisNexis under § 1681s-2(b) of the FCRA and denies the motion as to Plaintiff's claims against LexisNexis under § 1681i

20

and § 1681e(b) of the FCRA, and as to Plaintiff's claims for defamation and for violation of the SC Financial Identity Fraud Act, S.C. Code Ann. § 37-20-170.

## III.    Defendant PenFed's Rule 12(b)(6) Motion to Dismiss (ECF No. 106)

In her Report addressing Defendant PenFed's motion to dismiss, the Magistrate Judge thoroughly analyzed each of Plaintiff's claims against PenFed and ultimately found that: (1) for purposes of Plaintiff's claim against PenFed under § 1681s-2(b) of the FCRA, Plaintiff has plausibly alleged that PenFed reported inaccurate information to the CRAs and that PenFed's inconsistent reporting was inaccurate and misleading such that it could be expected to adversely affect credit decisions; (2) PenFed's lack-of-notice arguments pertaining to Plaintiff's § 1681s-2(b) claim are more appropriate for resolution at summary judgment; (3) Plaintiff has plausibly alleged malice to state a defamation claim against PenFed; (4) PenFed is not entitled to dismissal of Plaintiff's UCC claim solely based on the April 11, 2022, letter contained within Exhibit C; and (5) that Plaintiff's claim for violation of the SCUTPA is subject to dismissal with prejudice based on Plaintiff's failure to state a plausible claim for relief.

In its objections to the Magistrate Judge's Report, PenFed first objects to the Magistrate Judge's finding that Plaintiff's second amended complaint states a plausible claim against PenFed under the FCRA based on (1) Plaintiff's allegation that PenFed was required to report certain charged-off accounts as having a "zero balance" and (2) Plaintiff's allegation that PenFed continued to report a debt after it sold the relevant account. According to PenFed, Plaintiff's first allegation fails "because the act of charging off a loan does not affect the balance of the debt or release the debtor," and Plaintiff's second allegation fails because naming the wrong creditor is a harmless inaccuracy that does not

21

give rise to standing or a viable FCRA claim and because Plaintiff did not notify a CRA of the dispute.  (*See* ECF No. 135 at 4-8.)

PenFed also objects to the Magistrate Judge's finding that Plaintiff has plausibly alleged malice to state a claim for defamation against it, asserting that the second amended complaint does not contain any specific factual allegations that suggest PenFed acted with malice.  And PenFed objects to the Magistrate Judge's finding that Plaintiff has alleged a plausible claim under the UCC based on the allegation the PenFed did not comply with an April 4, 2022, request for an accounting.  (*Id.* at 10 (citing ECF No. 132 at 18-19).)  According to PenFed, the Court should reject the Magistrate Judge's findings and dismiss the complaint in its entirety against PenFed.

In his objections to the Magistrate Judge's Report, Plaintiff asserts that the Magistrate Judge erred in recommending that the Court dismiss Plaintiff's claim under the SCUTPA, and Plaintiff asserts that, contrary to the Magistrate Judge's findings, the second amended complaint sufficiently alleges that PenFed engaged in actions that adversely affect the public interest and can be liberally construed as a standard policy and procedure of PenFed that has the potential for repetition.  (ECF No. 138 at 2.)  Plaintiff also objects to the Magistrate Judge's recommendation that this claim be dismissed with prejudice and asserts that the Magistrate Judge's statement that Plaintiff caused the delays in this case is a biased statement unsupported by the facts.

After *de novo* review, the Court fully agrees with the Magistrate Judge's analysis of Plaintiff's claims against PenFed, and the Court finds none of the parties' objections availing.  In other words, at this stage in the litigation, and after liberally construing the allegations of Plaintiff's second amended complaint along with the incorporated exhibits,

the Court agrees with the Magistrate Judge that Plaintiff has plausibly alleged sufficient

facts to state a claim under the FCRA against PenFed, and that PenFed's arguments to the

contrary to do not warrant dismissal at this time.  As the Magistrate Judge appropriately

explained:

> In sum, the undersigned finds Plaintiff has alleged sufficient facts to support a *prima facie* showing that PenFed's reporting is inaccurate or misleading when assuming all of Plaintiff's factual allegations are true, and construing them in the light most favorable to him.  To prove his case, Plaintiff will need to establish "through admissible evidence that [updating the status of a charged off account as sold or assigned with a zero balance] is in fact the industry standard, that [PenFed] deviated from it, and that this particular deviation might adversely affect credit decisions." *Nissou-Rabban v. Cap. One Bank (USA), N.A.*, 2016 WL 4508241, at *5 (S.D. Cal. June 6, 2016) (finding plaintiff plausibly alleged a claim under the FCRA violation based on furnisher's failure to comply with Metro 2 reporting guidelines).  Alternatively, Plaintiff will need to establish through admissible evidence that inconsistently reporting a charged off account with an unpaid balance, regardless of its status as sold and/or assigned, would mislead lenders and adversely affect credit decisions when those same charged off accounts were reported to other CRAs with a zero balance.  Whether Plaintiff's allegations on these issues turn out to be true is a question of proof that is not suited for resolution in a motion to dismiss.

(ECF No. 132 at 13.)  Likewise, the Court agrees with the Magistrate Judge that, in light of

the allegations in the second amended complaint and the documents incorporated into the

second amended complaint, PenFed's arguments about lack of notice involve issues that

are more appropriate for resolution at summary judgment.  Accordingly, the Court affirms

the Magistrate Judge's finding that Plaintiff has alleged sufficient facts to state a claim

against PenFed under 15 U.S.C. § 1681s-2(b) and to survive Defendant PenFed's motion

to dismiss.

Next, as to Plaintiff's defamation claim against PenFed, the Court also finds

Plaintiff's allegation of malice sufficient to survive PenFed's motion to dismiss.  *See, e.g.*,

*Potter v. FIA Card Servs., N.A.*, No. 2:12-cv-1722-RMG, 2012 WL 13005806, at *2 (D.S.C. Sept. 28, 2012) (denying motion to dismiss defamation claim where plaintiff alleges he "repeatedly told the Defendants he was not an obligor on the account, but they continued to tell [credit reporting agencies] for two years that he was").  As to Plaintiff's UCC claim against PenFed, the Court agrees with the Magistrate Judge that it cannot find that the April 11, 2022, letter at issue demonstrates that PenFed complied with § 36-9-210 as a matter of law.  Thus, the Court finds that PenFed is not entitled to dismissal of this claim on such basis.

Finally, as to Plaintiff's claim against PenFed for violation of the SCUTPA, the Court fully agrees with the Magistrate Judge's analysis and finds no merit to Plaintiff's objections. Stated simply, Plaintiff has not alleged an adverse impact on the public interest sufficient to establish a SCUTPA claim, as all of the allegations in the second amended complaint relate to the parties in this lawsuit and Plaintiff does not allege facts demonstrating that his experience is likely to the experience of others.  *See Morgan v. HSBC Bank USA, Nat. Ass'n*, No. 6:13-cv-03593-JMC, 2015 WL 3888412, at *4 (D.S.C. June 24, 2015) (citing *Noack Enterprises Inc. v. Country Corner Interiors, Inc.*, 351 S.E.2d 347, 349-50 (S.C. Ct. App. 1986)) ("A plaintiff bringing a private cause of action under SCUTPA must allege and prove that the defendant's actions adversely affected the public interest.").  Furthermore, because Plaintiff has had multiple opportunities to sufficiently plead a SCUTPA claim against PenFed, the Court agrees with the Magistrate Judge that the dismissal of this claim should be with prejudice.

For the above reasons, the Court finds no merit to the parties' objections (ECF Nos. 135 and 138); the Court adopts and incorporates the Magistrate Judge's Report (ECF No.

24

132); and the Court grants in part and denies in part Defendant PenFed's motion to dismiss. Specifically, the Court grants the motion as to Plaintiff's SCUTPA claim against PenFed but denies the motion as to Plaintiff's claims for violation of the FCRA under § 1681s-2(b), defamation, and violation of the UCC.

## CONCLUSION

Based on the foregoing and after *de novo* review, **the Court adopts and specifically incorporates each of the Magistrate Judge's Reports** (ECF Nos. 130, 131, and 132); the Court **denies** Defendant Equifax's motion for judgment on the pleadings (ECF No. 100); the Court **grants in part and denies in part** Defendant LexisNexis's motion to dismiss (ECF No. 103), as set forth herein; the Court **grants in part and denies in part** Defendant PenFed's motion to dismiss (ECF No. 106), as set forth herein; and the Court **denies** Plaintiff's motion to strike (ECF No. 151).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 20, 2024
Charleston, South Carolina

25