IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| NELSON L. BRUCE, <br><br> Plaintiff, <br><br> v. <br><br> LEXISNEXIS RISK SOLUTIONS INC., *et al.*, <br><br> Defendants. | Case No.: 2:22-cv-02211-BHH-MGB |

**DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED VERIFIED COMPLAINT TO INCLUDE ADDITIONAL PARTIES**

Pursuant to Federal Rule of Civil Procedure 15(a)(1), Defendant LexisNexis Risk Solutions Inc. ("LNRS") files this Brief in Opposition to Plaintiff's Motion for Leave to File Third Amended Verified Complaint to Include Additional Parties, Dkt. No. 163.

**INTRODUCTION**

Plaintiff Nelson Bruce belatedly moves this Court pursuant to FED. R. CIV. P. 15(a)(2) and FED. R. CIV. P. 19 for leave to file a Third Amended Complaint to add additional parties, LexisNexis Risk Solutions Inc. FL ("LNRS FL") and LexisNexis Risk Data Management Inc. ("LNRDM"), alleging that he only just learned of these additional entities, and that these entities also violated his rights. Further, Plaintiff seeks to add a claim against the three "LexisNexis" entities collectively for alleged violations of the South Carolina Unfair Trade Practices Act.

Plaintiff seeks to amend his complaint for a third time despite the Court previously warning him, nearly a year ago, "the Court will not entertain further requests from Plaintiff to amend his complaint." May 25, 2023 Order, Dkt. 97. Plaintiff also failed to file his motion to amend until *after* the Scheduling Order's April 22, 2024 deadline. Dkt. 156. Substantively, LNRS FL and

LNRDM are not required parties that would require joinder pursuant to FED. R. CIV. P. 19. Adding additional LexisNexis entities without identifying new material facts or allegations against either entity is futile. Further, allowing Plaintiff to amend his complaint to add a new claim against LNRS would result in prejudice to LNRS, as discovery has begun, the deadline to amend pleadings has passed based on the Court's Amended Scheduling Order, and a new allegation would require LNRS to defend a claim not presently before the Court. For those reasons, and the reasons more fully described below, LNRS respectfully requests the Court deny Plaintiff's motion for leave to file a third amended complaint, and in doing so, does not waive its right to dispute the allegations of Plaintiff's proposed complaint pursuant to FED. R. CIV. P. 12(b).

## **FACTUAL ALLEGATIONS**

Plaintiff filed his initial complaint almost two years ago on July 12, 2022, Dkt. 1. At the time of the filing, LNRS was not a named defendant, and was later added when Plaintiff moved to amend his complaint on November 2, 2022, Dkt. 32. Plaintiff further amended his complaint, Dkt. 98, on May 25, 2023 in response to LNRS' first Motion to Dismiss. When permitting Plaintiff to amend his complaint, Plaintiff was advised by this Court that "[a]bsent extraordinary circumstances, the Court will not entertain further requests from Plaintiff to amend his complaint," Dkt. 97. LNRS as well as Defendant Pentagon Federal Credit Union moved to dismiss Plaintiff's Second Amended Complaint. Dkt. 104, 106. The Court granted in part and denied in part LNRS' and Pentagon Federal Credit Union's Motions to Dismiss, Dkt. 154.

On April 8, 2024, LNRS filed its Answer in response to Plaintiff's Second Amended Complaint, which, included claims against LNRS for two alleged violations of the Fair Credit Reporting Act ("FCRA"), one claim for defamation, and one claim for violations of the South Carolina Consumer Protection Act, Dkt. 161. The other Defendants also filed answers. *See* Dkt.

158-160.  The case proceeded to discovery.  On April 26, 2024, LNRS served Plaintiff with written discovery requests.

The Court's scheduling order, Dkt. 156, required any motion to amend the pleadings or add parties to be filed by April 22, 2024.  Plaintiff's present Motion seeking to amend his Complaint for a third time was filed on April 25, after the Court's deadline.  Further, the Scheduling Order sets a July 22, 2024 deadline to complete discovery.  *Id.*

Plaintiff's proposed Third Amended Complaint ("TAC") seeks to add LNRDM and LNRS FL as Defendants and adds a new claim against "LexisNexis" for allegedly violating his rights pursuant to the South Carolina Unfair Trade Practices Act.  Plaintiff does not explain in his motion why they are necessary parties to the subject litigation that would allow for their joinder after the deadline to amend pleadings to add additional parties, nor does he explain why adding LNRS FL and LNRDM would not be futile.[1]

Further, Plaintiff's proposed TAC does not include any factual allegations against LNRS FL or LNRDM, beyond contending that LNRS FL and LNRDM operate as "Nationwide Consumer Reporting Agenc[ies] within the meaning of the Fair Credit Reporting Act."  Dkt No. 163-2 at ¶¶ 16-18. Plaintiff's proposed TAC fails to include any facts referencing LNRS FL or LNRDM, relying instead on his cursory allegation that LNRS FL and LNRDM "are affiliates of" LNRS "sharing data amongst each other to provide to third parties for compensation."  *Id.* at ¶ 18. Plaintiff then then proceeds to lump all three distinct entities together as "LexisNexis." *Id.* at ¶ 19. Finally, Plaintiff seeks to add an additional count against "LexisNexis" – while the subheading of

---

[1] LNRS is not a named party in the unrelated litigation that is also pending before this Court (Case No. 2:22-CV-01292); however, LNRS and other Lexis entities have been the subject of an aggressive campaign by Plaintiff Bruce to obtain discovery through non-party subpoenas.  Nonparties LNRS and LNRDM produced documents in response to Plaintiff's subpoena and designated certain of those documents as Confidential under the Confidentiality Order.  *See* Dkt. 92 in 2:22-cv-01292.  The Order limits the use of Confidential materials to only that litigation. *Id.* at 2.  Thus, to the extent Plaintiff intends to introduce confidential documents in that lawsuit into this case, LNRS reserves its right to object to Plaintiff's use of Confidential documents.

his newly alleged claim pursuant to the South Carolina Unfair Trade Practices Act references "LexisNexis," the substance of the allegations are solely directed at Defendant Pentagon Federal Credit Union, and do not contain any reference to "LexisNexis." *Id.* at ¶¶ 160-167.

## **LEGAL STANDARD**

Pursuant to FED. R. CIV. P. 15(a)(1), a plaintiff may amend a complaint "once as a matter of course" within either 21 days of serving it, or 21 days after service of a responsive pleading or a motion under Rule 12(b), "whichever is earlier." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Generally, leave to amend a pleading should be granted unless it would result in prejudice to the opposing party, the motion was brought in bad faith, or permitting amendment would be futile. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012). A court should deny an amendment due to futility "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

"After the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Noursion Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). FED. R. CIV. P. 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge." *Id.* Courts apply a "good cause" standard that considers the diligence of the party seeking the amendment, which is taken to mean that scheduling deadlines cannot be met despite a party's diligent efforts. *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C. 1997).

While a *pro se* pleading is afforded a liberal construction, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), the court cannot ignore a clear failure to allege facts that set forth a claim

4

currently cognizable in federal court, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). A court may not construct the *pro se* plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).

## **ARGUMENT**

### **I.    This Court previously ordered that the Amended Complaint filed on May 25, 2024 was Plaintiff's last opportunity to amend his complaint.**

After Plaintiff's second attempt to amend his complaint nearly a year ago, this Court held that Plaintiff would not be permitted to file another amended complaint, "[a]bsent extraordinary circumstances," Dkt. 97. The Court highlighted in its ruling the length of time the case had already been pending, and the impact the newly filed amended complaint would have on previously filed motions to dismiss, and noted:

> This case has been pending almost one year, and Plaintiff has had ample time to amend his complaint. Further, entering the proposed Amended Complaint impacts the previously filed dispositive motions. Thus, this is Plaintiff's final opportunity to amend his complaint. Absent extraordinary circumstances, the Court will not entertain further requests from Plaintiff to amend his complaint.

*Id.* Now, after litigation of several motions to dismiss and the commencement of discovery on Plaintiff's remaining claims, Plaintiff wants to amend again. Yet, his Motion provides no explanation of extraordinary circumstances that justify another amendment. Pursuant to this Court's May 25, 2023 Order granting Plaintiff's previous Motion to Amend the Complaint, LNRS respectfully requests that this Court deny Plaintiff's present Motion.

### **II.    The deadline for amending pleadings has passed, and Plaintiff fails to explain why he could not meet the Scheduling Order's deadline.**

When a party fails to timely move to add parties or amend his pleadings, the Court must first consider whether the party has carried his burden to amend the Scheduling Order deadlines. In considering a motion to amend a scheduling order, courts apply a "good cause" standard that

5

considers the diligence of the party seeking the amendment. *Noursion Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). To prove good cause, a party must show the scheduling deadlines cannot be met despite the party's diligent efforts. *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C. 1997); *see e.g., Knox v. United States*, No. 0:17-00036-CMC, 2017 U.S. Dist. LEXIS 111445, at *5-7 (D.S.C. Oct. 24, 2017). The standard for evaluating a request for leave to amend a scheduling order is stricter than the standard for allowing leave to amend pleadings, and "a scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded." *Jordan v. E.I. du Pont du Nemours*, 867 F.Supp. 1238, 1250 (D.S.C. 1994).

Plaintiff seeks to amend his complaint, and in doing so, entirely ignores the Scheduling Order entered by this Court. His motion does not seek leave to amend the scheduling order – he disregards it altogether. The Court's scheduling order explicitly set a deadline to amend pleadings for April 22, 2024. Plaintiff has not provided any justification for his lack of diligence in discovering whether LNRS FL or LNRDM are proper parties in this litigation. He has not communicated with counsel for LNRS at any time to ask whether LNRS FL or LNRDM are implicated by LNRS' business as it relates to this litigation. Plaintiff merely advises the Court that he discovered these new entities in another litigation. Even accepting Plaintiff's statement as true, he has known about these other entities since at least January 9, 2024, when the Court identified that Plaintiff's subpoena to LNRS sought documents held by LNRDM. Case No. 2:22-CV-1292 at Dkt. 131. Yet, he waited until April 25, after the Scheduling Order deadline, to move to amend.

Plaintiff has not made any diligent effort to explain to the Court why he waited until after the Scheduling Order deadline and well after he knew about the other LexisNexis entities to attempt to amend his complaint. His Motion is devoid of any explanation as to why he could not

6

diligently meet the Scheduling Order deadline. In fact, Plaintiff does not even specifically request leave to amend the Scheduling Order. Absent a showing of good cause for failing to meet the Scheduling Order deadline, Plaintiff's motion for leave to amend the complaint should be denied.

### III.     Allowing Plaintiff to amend his complaint for a third time is prejudicial to LNRS, LNRDM, and LNRS FL.

FED. R. CIV. P. 15(a)(1) permits a party to amend his pleadings once as a matter of course, and otherwise he may amend his pleadings only on the consent of the parties or with leave from the court. Amendment should be granted absent a showing of prejudice to the parties, that the amendment would be futile, or that the motion to amend was made in bad faith. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012).

Plaintiff's attempt to amend his complaint for a third time is prejudicial to LNRS because this litigation has already been ongoing for nearly two years and there is only a little over two months left in discovery. Plaintiff has already been afforded multiple opportunities to amend his pleadings. He filed an amended complaint on November 2, 2022, in which he added LNRS as a defendant. The second amended complaint made allegations against LNRS, alleging willful and negligent violations of the FCRA, for defamation and libel, and a claim under the South Carolina Consumer Protection Act, Dkt. 31. Plaintiff filed another amended complaint on May 25, 2023, Dkt. 98. He now seeks to amend his complaint again to add a new claim against LNRS pursuant to the South Carolina Unfair Trade Practices Act. Plaintiff further seeks to join LNRS FL and LNRDM as defendants.

Plaintiff's proposed amendment to add a new claim against LNRS after the Scheduling Order deadline will result in prejudice to LNRS because discovery closes on July 22, 2024. Indeed, LNRS has already started engaging in discovery and served Plaintiff with written requests on April 26, 2024. LNRS also anticipates taking Plaintiff's deposition. LNRS only has two months to

7

obtain necessary discovery on the original allegations before the deadline to conclude discovery runs in July.  If Plaintiff is permitted leave to amend, LNRS will need to serve additional written discovery and potentially third-party discovery relating to Plaintiff's new claim with limited time before the Scheduling Order's deadline for discovery.

Over the last year, the parties have litigated LNRS' Motion to Dismiss Plaintiff's Second Amended Complaint along with similar motions from Defendants Pentagon Federal Credit Union and Equifax.  After extensive briefing, the Magistrate Judge's Report and Recommendation, and the Court's Order on LNRS' and the other Defendants' motions, LNRS and the other Defendants' filed Answers to Plaintiff's Second Amended Complaint.  After all that, Plaintiff seeks to amend his complaint for a third time, including adding new claims against LNRS, without any substance to the allegations. If permitted, the amendment would now require LNRS to contemplate a defense to an allegation without any material facts to support this allegation.  This prejudices LNRS and continues to stall the litigation.  Plaintiff should not be permitted to advance a new theory against LNRS that does not have any factual basis when there is a limited time to complete discovery, and LNRS now is left to guess as to the factual bases on which Plaintiff makes this new allegation against "LexisNexis."  Accordingly, the Court should deny Plaintiff's Motion.

**IV.    The proposed amendment is futile as adding two additional LexisNexis entities has no bearing on the facts or allegations at issue in this case.**

If adding parties or allegations to a complaint would be futile, it is within the Court's discretion to deny a party's leave to amend. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).  Futility is defined as being unable to survive a motion for summary judgment. *Akins v. Labor Ready, Inc.*, 205 F.R.D. 460, 462-63 (S.D.W. Va. 2001) (citing *e.g., Edell & Assoc., P.C. v. Law Offices of Angelos*, 246 F.3d 424, 446 (4th Cir. 2001) (*Milanese v. Rust-Oleump Corp.*,

244 F.3d 104, 110 (2nd Cir. 2001) (a motion to amend complaint should be denied as futile where opposing party would be entitled to summary judgement on proposed amended complaint)).

Plaintiff seeks to join new defendants without amending the allegations in his complaint to state claims against the additional parties – his cursory attempt to lump LNRS together with the new defendants should not be perceived as adding new claims against LNRS FL and LNRDM, as he has not supported his proposed grouping with additional facts to support identifying the additional Lexis entities as "LexisNexis" collectively, or how these entities qualify as consumer reporting agencies under the FCRA – an essential element to his claims against "LexisNexis." *See e.g., Wilson v. Wells Fargo Bank, N.A*., No. 2:20-CV-2780, 2021 U.S. Dist. LEXIS 94579, at *8 (D.S.C. May 18, 2021) ("Sections 1681c and 1681i of the FCRA apply only to consumer reporting agencies"). Further, his proposed TAC contains no "short and plain statement" showing that he is entitled to relief against the proposed additional defendants, as required by Fed. R. Civ. P. 8. Simply, Plaintiff's addition of these LexisNexis entities is not supported by Plaintiff's underdeveloped factual allegations, and he has not provided any substantive basis for adding these parties to the litigation. His motion must be denied.

## CONCLUSION

For the foregoing reasons, LNRS respectfully requests the Court to deny Plaintiff's Motion for Leave to File its Third Verified Complaint to Add Parties.

Dated: May 9, 2024.

/s/ William J. Farley III
William J. Farley III
Fed. Bar No. 12004
Susie Lloyd
Fed. Bar No. 13738
Troutman Pepper Hamilton Sanders LLP
301 S. College Street, Suite 3400
Charlotte, NC 28202

9

Telephone: 704.998.4099
Will.Farley@troutman.com
Susie.Lloyd@troutman.com

*Counsel for Defendant LexisNexis Risk Solutions Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May 2024, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system and also sent via U.S. Mail to the following:

Nelson L. Bruce
PO Box 3345
Summerville, SC 29484
*Pro Se Plaintiff*

                                                /s/William J. Farley III
                                                William J. Farley III