IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Civil Action No. 2:22-cv-02211-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Pentagon Federal Credit Union, | ) | |
| *a.k.a. Pentagon Federal Credit Union* | ) | |
| *Foundation ("collectively" PenFed)*; | ) | |
| Experian Information Solutions, Inc.; | ) | |
| Trans Union, LLC; Equifax Information | ) | |
| Services, LLC; All Unknown Doe's 1-100; | ) | |
| LexisNexis Risk Solutions, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Nelson L. Bruce, proceeding *pro se* and *in forma pauperis*, filed this civil action on July 12, 2022, asserting claims pursuant to the Fair Credit Reporting Act ("FCRA") and Fair Debt Collection Practices Act, among others. (Dkt. No. 1.) Currently before the Court is Plaintiff's Motion for leave to file a third amended complaint.[1] (Dkt. No. 163.) Defendants Equifax Information Services, LLC ("Equifax") and LexisNexis Risk Solutions ("LexisNexis") have filed responses in opposition to the Motion. (Dkt. Nos. 167; 169.) Additionally, Defendant Trans Union LLC has filed a Motion for Leave to Filed its First Amended Answer and Defenses to Plaintiff's Second Amended Complaint. (Dkt. No. 162.) For the reasons set forth below, the undersigned grants in part and denies in part Plaintiff's Motion (Dkt. No. 163) and finds Defendant Trans Union LLC's Motion (Dkt. No. 162) is moot.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C.

**BACKGROUND**

As noted above, Plaintiff first filed this action on July 12, 2022. (Dkt. No. 1.) Plaintiff filed his first amended complaint on November 2, 2022, adding LexisNexis as a Defendant. (Dkt. No. 31.) Thereafter, Defendant Pentagon Federal Credit Union ("PenFed") filed a motion to dismiss, and, after the motion was fully briefed, the undersigned issued a Report and Recommendation ("R&R") on February 7, 2023. (Dkt. Nos. 40; 52; 56; 64; 66.) On May 1, 2023, Defendant Equifax filed a motion for judgment on the pleadings (Dkt. No. 90), and on May 9, 2023, Defendant LexisNexis filed a motion to dismiss (Dkt. No. 93.) On May 23, 2023, Plaintiff filed a motion to amend the complaint and submitted a 40-page proposed amended complaint. (Dkt. No. 96.) Noting that the District Judge had not yet ruled on the R&R, the undersigned granted Plaintiff's motion to amend, vacated the R&R, and mooted the pending dispositive motions. (Dkt. No. 97.) When granting the motion to amend, the undersigned cautioned that "given the procedural history of this case, the Court does not make this decision lightly. . . [T]his is Plaintiff's final opportunity to amend his complaint. Absent extraordinary circumstances, the Court will not entertain further requests from Plaintiff to amend his complaint." (*Id*. at 2–3.)

After Plaintiff filed his second amended complaint, Defendants PenFed, LexisNexis, and Equifax filed separate motions to dismiss. (Dkt. Nos. 100; 103; 106.) Those motions were fully briefed, and R&Rs were entered on September 25, 2023, recommending the motions be granted in part and denied in part. (Dkt. Nos. 130; 131; 132.) The District Judge adopted the R&Rs in an Order issued on March 20, 2024. In this Order the Court dismissed, with prejudice, Plaintiff's claims against LexisNexis under section 1681s-2(b) and against PenFed for violation of the South Carolina Unfair Trade Practices Act ("SCUPTA"). (Dkt. No. 154.) The Court found that the following claims should remain pending: (1) willful and negligent violation of the FCRA, 15

U.S.C. § 1681, as to Defendants Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), Equifax, and LexisNexis; (2) willful and negligent violation of FCRA, 15 U.S.C. § 1681, as to PenFed, LexisNexis, and Experian as data furnishers; (3) defamation as to all Defendants; (4) knowing, willful, and negligent violations of the South Carolina Consumer Protection Code, S.C. Code §§ 32-30-170 and 37-20-200 ("SC Financial Identity Fraud Act"), as to Defendants Trans Union, Equifax, Experian, and LexisNexis; (5) knowing, willful, and negligent violations of Uniform Commercial Code ("UCC"), §§ 9-210 and 36-9-210, as to PenFed. (*Id*.) Specific to Plaintiff's FCRA § 1681i claim against Equifax, the District Judge adopted the undersigned's finding that two of the three communications Plaintiff alleged making to support this claim did not trigger any duty of Equifax under the statute. (Dkt. Nos. 131 at 10; 154.)

The Court entered a Scheduling Order on March 21, 2024 with the following deadlines: "Motions to Amend Pleadings due by 4/22/2024, Plaintiff's ID of Expert Witness due by 5/20/2024, Defendants' ID of Expert Witnesses Due by 6/20/2024, Records Custodian Affidavit due by 6/20/2024, Discovery due by 7/22/2024, Motions due by 9/20/2024, [and] Mediation Due by 8/21/2024." (Dkt. No. 156.)

On April 22, 2024, Defendants Trans Union filed a Motion for Leave to File its First Amended Answer and Defenses to Plaintiff's Second Amended Complaint. (Dkt. No. 162.) Subsequently, Plaintiff filed the instant Motion for leave to file a third amended complaint. (Dkt. No. 163.) Plaintiff's Motion was received by the Court on April 25, 2024. Based on the enclosed certificate of service, it appears Plaintiff mailed the Motion on April 20, 2024. (Dkt. No. 163-1.) In support of his Motion, Plaintiff explains that he seeks to

> add additional parties and claims related to those parties as parties who have violated the plaintiff's rights as plaintiff has become aware in pending case number

3

> 2:22-cv-01292-BHH-MGB while this case was pending a decision of the judge that there are multiple LexisNexis entities that have violated the rights of the plaintiff.

(Dkt. No. 163.) Specifically, Plaintiff seeks to add as named Defendants LexisNexis Risk Solutions FL ("LNRS FL") and LexisNexis Risk Data Management Inc. ("LNRDM"). (Dkt. No. 163-2.)

While Plaintiff fails to detail the events that gave rise to his recent discovery of the "multiple LexisNexis entities," the Court takes judicial notice of the docket in Case No. 2:22-cv-01292-BHH-MGB, an unrelated consumer credit case filed by Plaintiff in this Court on April 21, 2022. Although LexisNexis is not a party in that case, Plaintiff served a subpoena upon it based on his belief that LexisNexis furnished to the defendant Trans Union inaccurate and misleading information relating to Plaintiff's bankruptcy. In various filings, Plaintiff explained that new information led him to believe LNRDM and LNRS FL might have documents relevant to his claims and that they share the same principal address as LexisNexis. *See* Case No. 2:22-cv-01292-BHH-MGB, Dkt. Nos. 127; 146. Specific to LNRDM, on December 11, 2023, Plaintiff submitted to the Court a statement from TransUnion's website stating LNRDM "was a provider of bankruptcy information to TransUnion prior to December 1, 2018." *See* Case No. 2:22-cv-01292-BHH-MGB, Dkt. No. 102-5. Specific to LNRS FL, Plaintiff claimed that confidential documents produced by Trans Union on January 12, 2024 showed there "existed a 'Public Records Service Contract-Consumer'" between Trans Union and LNRS FL. *See* Case No. 2:22-cv-01292-BHH-MGB, Dkt. No. 146 at 2.

In the instant Motion for leave to amend, Plaintiff asserts that no parties will be prejudiced by the sought amended pleading "as this is the early stages of the proceedings and this affects the new parties as this court just recently entered a scheduling order as of 3-21-2024." (Dkt. No. 163.) Plaintiff has submitted with his Motion a proposed third amended complaint (Dkt. No. 163-2) and proposed summonses for the parties he seeks to add as named Defendants. The proposed third

amended complaint ("TAC") alleges that LNRDM and LNRS FL are "affiliates of LexisNexis Risk Solutions Inc.[,] sharing data amongst each other to provide to third parties for compensation." (Dkt. No. 163-2 at 6–7.) The TAC refers to the three entities "collectively" as "LexisNexis." (Dkt. No. 163-2 at 6–7.) The TAC appears to add certain allegations in support of Plaintiff's claims against LexisNexis and these "affiliates." (*Id.* at 9–13.) It also adds a new claim against LexisNexis for violation of the SCUPTA. (*Id*. at 41–42.) More specifically, the TAC brings the SCUPTA claim against both LexisNexis and PenFed. However, the substantive allegations underneath this cause of action are specific to PenFed. (*Id*.)

Defendant Equifax filed a response in opposition on May 8, 2024, arguing that Plaintiff has not provided any "extraordinary circumstances that might justify a fourth opportunity to plead his case." (Dkt. No. 167 at 2.) Equifax further objects that as a basis for an FCRA claim, the proposed pleading "continues to allege at least one, and possibly both," of the communications the Court previously found could not support an FCRA claim against Equifax. (*Id*.)

Defendant LexisNexis also filed a response in opposition on May 9, 2024. (Dkt. No. 169.) It argues the Motion should be denied because: (1) "his Motion provides no explanation of extraordinary circumstances that justify another amendment"; (2) Plaintiff does not show "good cause of failing to meet the Scheduling Order deadline"; (3) LexisNexis and the two parties he seeks to add will be prejudiced by the newly asserted claim for a SCUPTA violation; and (4) the proposed amendment is futile because Plaintiff does not sufficiently state any claims against the entities he seeks to join as defendants. (*Id*.) Plaintiff has not filed a reply brief.

## **STANDARD**

Rule 15(a) of the Federal Rules of Civil Procedure allows a plaintiff, subject to certain time limitations, to amend a pleading once as a matter of course. *See* Fed. R. Civ. P. 15(a). Otherwise,

a plaintiff may amend the complaint only with leave of the court or with the consent of the defendant. *See id.*; *see also Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Rule 15(a) provides, however, that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber*, 438 F.3d at 426 (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999)). The Fourth Circuit has interpreted "Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber*, 438 F.3d at 426–27 (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

A party who requests leave to amend after a deadline set by a court's scheduling order must meet the requirements of Rule 15, but also show that there is good cause to modify the scheduling order under Rule 16(b)(4) of the Federal Rules of Civil Procedure. *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d. 295, 298 (4th Cir. 2008) ("Given their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.").

**DISCUSSION**

In his Motion, Plaintiff seeks to add LNRDM and LNRS FL as Defendants to the existing claims brought against LexisNexis for violation of the FCRA under sections 1681i and 1681e(b), defamation, and violation of the South Carolina Financial Identity Fraud 23 and Identity Theft Protection Act. (Dkt. Nos. 163; 163-2 at 30–33, 36–40.) He also seeks to add a new claim against LexisNexis, LNRDM, and LNRS for violation of SCUPTA. (Dkt. Nos. 163; 163-2 at 41–42.)

6

Upon careful review, the Court finds that Plaintiff should be allowed to add LNRDM and LNRS FL as named Defendants to the existing claims against LexisNexis. However, the new substantive claim against these three entities for violation of SCUPTA is futile and prejudicial, and it cannot be included in the TAC. As an initial matter, the record indicates Plaintiff submitted the instant Motion on April 20, 2024, before the deadline to amend pleadings had expired. (Dkt. Nos. 163; 163-1.) Thus, the "good cause" standard under Rule 16(b)(4) does not apply to Plaintiff's sought amendments. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). Nevertheless, Plaintiff's delay in seeking the sought amendments here is significant, and the Court did previously warn him that further requests to amend his complaint should be supported by "extraordinary circumstances." (Dkt. No. 97.) Indeed, this case has been pending almost two years, and the parties and the Court relied on the complaint in its current form when handling the numerous prior motions to dismiss. (Dkt. Nos. 100; 103; 106; 130; 131; 132; 154.)

Here, it appears Plaintiff believes his discovery earlier this year about LNRDM and LNRS FL necessitated the instant Motion. More specifically, as discussed above, discovery in an unrelated federal case led Plaintiff to believe that these entities "have violated the rights of Plaintiff." (Dkt. No. 163.) While Plaintiff offers no explanation for why he waited to amend the complaint approximately five months after his alleged realization, the delay does not appear as the result of bad faith. Further, "[d]elay alone is an insufficient reason to deny leave to amend." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

As for consideration of futility and prejudice, the Court finds these factors bar the SCUPTA claim in the proposed TAC. Plaintiff previously only plead this claim against PenFed, and it was expressly dismissed by the Court, with prejudice, on March 20, 2024. (Dkt. Nos 98 at 36–37; 154.)

Without explanation, the proposed TAC again names PenFed as a Defendant to the SCUPTA claim. It also names LexisNexis as a Defendant to this cause of action for the first time, and by extension LNRS FL and LNRDM. (*Id.*) Critically, the substantive allegations underneath this cause of action are specific to PenFed, and largely identical to his prior pleading. (Dkt. No. 163-2 at 41–42.) The SCUPTA claim can be found futile on this basis alone. Admittedly, there are allegations against LexisNexis added to the body of the proposed TAC that could potentially be relevant to an alleged SCUPTA violation. (*Id*. at 10–12.) However, those allegations are not included underneath any specific cause of action.

  Further, it is inexplicable why Plaintiff is only now bringing this claim against LexisNexis, when it has been named as a Defendant since November 2, 2022. (Dkt. No. 31.) The Court has already carefully considered the efficacy of Plaintiff's claims against LexisNexis based on its prior motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), and discovery is now underway in accordance with the Court's findings. (Dkt. Nos. 103; 130; 154.) Given the procedural history of this case, and the proposed TAC's apparent reliance on PenFed's violations to support a SCUPTA claim against LexisNexis, the undersigned finds this proposed claim is both futile and prejudicial to LexisNexis. Further, because the TAC appears to lump together LNRS FL and LNRDM with LexisNexis, without distinguishing their conduct specific to any SCUPTA violation, the Court finds the SCUPTA claim is also futile as to these new Defendants.

  However, the Court will not deny as futile the claims against LNRDM and LNRS FL for violation of the FCRA under sections 1681i and 1681e(b), defamation, and violation of the South Carolina Financial Identity Fraud 23 and Identity Theft Protection Act. As discussed above, those claims were previously alleged against LexisNexis. The TAC refers to LNRDM, LNRS FL, and LexisNexis "collectively" as "LexisNexis," and indicates that even the allegations naming only

LexisNexis refer to all three entities. (Dkt. No. 163-2 at 6–7.) The factual allegations against LNRDM and LNRS FL appear to stem from Plaintiff's belief that one or both of these entities may have actually been responsible for the violations originally brought only against LexisNexis.[2] Relevant here, the TAC alleges, *inter alia*, that "LexisNexis an[d] its affiliates are consumer reporting agencies regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers such as plaintiff for the purpose of furnishing consumer reports, as said term is defined under § 15 U.S.C. § 1681(d) and 15 U.S.C. § 1681a(f) to third parties." (Dkt. No. 163-2 at 7.) The TAC further alleges that "Defendants TransUnion, Experian, LexisNexis and Equifax . . . prepared and issued credit reports concerning the Plaintiff that included inaccurate, incomplete, untrue, incorrect and materially misleading information relating to the PENFED and/or REV accounts being reported." (*Id.* at 8.)

While the Court cannot find the foregoing claims against LNRDM and LNRS FL are futile at this time, the Court cautions that this is not an opportunity for Plaintiff to expand the scope of his claims against LexisNexis and, by extension, LNRDM and LNRS FL. Rather, based on the limited explanation provided in Plaintiff's Motion (Dkt. No. 163) and the allegations in the proposed TAC, the Court allows the amendment of these claims only to the extent they arise from the conduct originally attributed to LexisNexis.[3] To allow a more expansive interpretation of Plaintiff's claims against LexisNexis, LNRS FL, and LNRDM would be prejudicial to these

---

[2] Accordingly, the Court finds joinder of these parties is appropriate under Rule 20(a), as Plaintiff's claims against these parties concern common questions of law and fact and arise "out of the same transaction, occurrence, or series of transactions or occurrences." *See* Fed. R. Civ. P. 20; *Adkins v. Labor Ready, Inc.*, 205 F.R.D. 460, 462 (S.D.W. Va. 2001) ("In order to amend a complaint to add additional parties after a responsive pleading has been filed, a movant must seek leave of the court pursuant to Rule 15 of the Federal Rules of Civil Procedure, and he must demonstrate compliance with either Rule 19 or Rule 20, the procedural rules pertaining to joinder of parties.").

[3] For example, the Court has found that Plaintiff's claims against LexisNexis as a consumer reporting agency ("CRA") "centers on LexisNexis's failure to accurately report the information about the charged off accounts as sold and/or assigned by PenFed in accordance with the Metro 2 Guidelines." (Dkt. Nos. 130 at 10; 154.) Plaintiff should not interpret this Order as expanding the scope of these claims against LexisNexis, and by extension, LNRDM and LNRS FL.

entities. LNRS FL and LNRDM cannot be expected to contemplate defenses to allegations that hinge on conduct not specified in the proposed TAC. To the extent LNRS FL and/or LNRDM are actually responsible for some or all of the conduct originally attributed to LexisNexis, as Plaintiff appears to believe, that can be explored in discovery. Discovery is currently due by July 22, 2024, and a limited extension of this discovery deadline may be appropriate, specific to these claims against LNRS FL, LNRDM, and LexisNexis.

The Court further acknowledges Equifax's concern that as a basis for an FCRA claim, the proposed TAC "continues to allege at least one, and possibly both," of the communications the Court previously found could not support an FCRA claim against Equifax. (Dkt. No. 167 at 2.) As noted above, the Court has carefully considered the efficacy of Plaintiff's claims against Equifax and PenFed based on their prior motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (*See* Dkt. Nos. 100; 106; 131; 132; 154.) In certain instances, the Court made specific findings about the scope of the surviving claims against these Defendants. The Court cautions that Plaintiff cannot rely on any allegations included in the proposed TAC to expand the claims against Experian and PenFed beyond the scope identified by the Court in its prior orders. (Dkt. Nos. 131; 132; 154.)

## CONCLUSION

Based on the foregoing, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion for leave to file a third amended complaint. (Dkt. No. 163.) More specifically, Plaintiff can add LNRDM and LNRS FL as Defendants to the existing claims brought against LexisNexis for violation of the FCRA under sections 1681i and 1681e(b), defamation, and violation of the South Carolina Financial Identity Fraud 23 and Identity Theft Protection Act, as plead in the proposed TAC. However, he cannot add a new claim against LexisNexis, LNRDM, and LNRS for violation of SCUPTA. Accordingly, the Clerk of Court is instructed to file Dkt. No. 163-2 as the

Third Amended Complaint on the docket, with the Sixth Cause of Action, found on pages 41 and 42, redacted.

The Clerk of Court is further instructed to issue the summonses and Form-285s provided by Plaintiff for the newly added Defendants. The 90-day limit established by Rule 4(m) of the Federal Rules of Civil Procedure begins on the date on which the summonses are issued. Additionally, defense counsel of record for LexisNexis is ORDERED to file a status report by **June 17, 2024**, stating whether they accept service on behalf of the newly added Defendants, LNRS FL and LNRDM. Should counsel accept service on behalf of these new Defendants, Plaintiff will not need to effect service on them.

Because Defendant Trans Union's Motion to Amend (Dkt. No. 162) pertains to an outdated pleading, the Court finds it is MOOT. Defendants are to file an amended answer or otherwise plead in accordance with the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

May 30, 2024

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE