IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE,<br><br>    Plaintiff,<br><br>v.<br><br>PENTAGON FEDERAL CREDIT UNION a/k/a PENTAGON FEDERAL CREDIT UNION FOUNDATION, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, LEXISNEXIS RISK SOLUTIONS, INC., and UNKNOWN DOES 1-100,<br><br>    Defendants. | CASE NO.: 2:22-cv-02211-BHH-MGB |

**TRANS UNION LLC'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED VERIFIED COMPLAINT**

  Defendant Trans Union LLC ("Trans Union"), through its counsel of record and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby files its Memorandum in Support of its Motion to Dismiss Plaintiff's Third Amended Verified Complaint ("Complaint"), and seeks dismissal of Plaintiff Nelson L. Bruce's ("Plaintiff") Complaint in its entirety for the reasons set forth below.

### I. SUMMARY

  Plaintiff's claims against Trans Union are based on allegedly inaccurate credit reporting of three Pentagon Federal Credit Union ("PenFed") accounts on his Trans Union credit file prior to July 2, 2019. Plaintiff also claims that Trans Union's reinvestigation of his 2018 dispute of the accounts was unreasonable. Critically, Plaintiff's Complaint and attached exhibits unequivocally show that he knew of the allegedly inaccurate PenFed accounts and the results of Trans Union's investigation of his dispute by July 2, 2019, at the latest.

Therefore, under the allegations in the Complaint, Plaintiff's Fair Credit Reporting Act ("FCRA") claim is barred by the two-year statute of limitation provided by 15 U.S.C. § 1681p. See *Croft v. Bayview Loan Servicing, LLC*, 166 F. Supp. 3d 638 (D.S.C. 2016). Plaintiff's, South Carolina Consumer Protection Code ("the SCCPC claim")—which is based on the same allegations giving rise to his FCRA claim—is barred by the three-year statute of limitation prescribed by S.C. Code Ann. § 15-3-540(2). See *Tilley v. Pacesetter Corp.*, 508 S.E. 2d 16, 20 (S.C. Sup. Ct. 1998) (applying a three-year statute of limitation of § 15-3-540(2) to SCCPC chapter that contained no other limitation period). Finally, Plaintiff's common law defamation claim – which is based solely on Trans Union's reporting of the PenFed accounts – is barred by the statute of limitations as prescribed by *S.C. Code Ann. § 15-3-530(2).*

To justify his facially time-barred claims, Plaintiff now contends that the respective limitation periods should be tolled because he discovered, within the past two years, reasons to believe that Trans Union's 2018 reinvestigation was unreasonable. Plaintiff's novel tolling argument has already been rejected by this court in another of Mr. Bruce's cases, and should similarly be rejected here. *See Bruce v. Bank of Am., NA.*, No. CV21903456BHHKDW, 2020 WL 7249876, at *3 (D.S.C. Oct. 22, 2020), report and recommendation adopted, No. CV 2:19-3456-BHH, 2020 WL 6737647 (D.S.C. Nov. 17, 2020). Trans Union therefore requests that Plaintiff's Complaint be dismissed in its entirety, with prejudice, as to Trans Union.

## II.   FACTUAL BACKGROUND

Plaintiff filed his original Complaint on July 12, 2022, asserting claims against Trans Union for (1) violation of §§ 1681e(b) and 1681i of the Fair Credit Reporting Act ("FCRA"); (2) defamation; and (3) violation of the South Carolina Consumer Protection Code ("SCCPC").

(ECF No. 1.). On May 30, 2024, the Court partially granted Plaintiff's Motion for leave to file a third amended Complaint. (ECF. No. 170.).

In his Complaint, Plaintiff alleges that on or about June 2018, he disputed the accuracy of three PenFed accounts that were reporting on his Trans Union credit file. (ECF 171 at ¶¶ 70 & 71, *see also* ECF 163-2, at pp. 43-47). In response, Trans Union reinvestigated the disputed accuracy of the PenFed accounts and on July 4, 2018, mailed Plaintiff written reinvestigation results, informing Plaintiff that the disputed PenFed accounts would not be taken off his report. *See* Trans Union's Reinvestigation Results *(*ECF 163-3 at p. 36). On June 4, 2019, Plaintiff submitted a second written dispute of the PenFed accounts. (ECF 171 at ¶ 71) Following a reinvestigation of Plaintiff's second dispute, on July 11, 2019, Trans Union sent Reinvestigation Results informing Plaintiff that the disputed PenFed accounts had been deleted from his credit file. (*Id* at ¶*72. see also* ECF 163-3 at pp. 75-76).

### III.  APPLICABLE LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This Court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). "The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001).

While a *pro se* pleading is afforded a liberal construction, the court cannot ignore a clear failure to allege facts that set forth a claim currently cognizable in federal court. *See Gordon v.*

*Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *see also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). A court may not construct the *pro se* plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). To show that the Plaintiff is "entitled to relief," the complaint must provide "more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" do not qualify as well pled facts. *McEachern v. Gray*, No. 4:14-CV-1234-BHH, 2015 WL 5089613, at *5 (D.S.C. Aug. 27, 2015). In *McEachern,* this Court previously held that "although a court must accept all facts alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). While legal conclusions can provide the framework of a complaint, factual allegations must support the complaint for it to survive a motion to dismiss. *Id*. Therefore, a pleading that provides only "labels and conclusions" or "naked assertion[s]" lacking "some further factual enhancement" will not satisfy the requisite pleading standard. *Id*. (citing Twombly, 550 U.S. at 555, 557).

"In considering motions to dismiss under Rule 12(b)(6), the court may properly consider exhibits attached to the complaint." *Smith v. McCarthy*, 349 F. App'x 851, 856 (4th Cir. 2009) (citing *Fayetteville Invs.*, 936 F. 2d at 1465); *see also* Fed. R. Civ. P. 10(c).

## IV.    ARGUMENT AND AUTHORITIES

A.    **Plaintiff's Claims Against Trans Union Are All Time Barred**

### 1.  Plaintiff's FCRA's Claim is Barred by Two-Year Statute of Limitation

Plaintiff's FCRA claim is barred by the two-year statute of limitation provided by 15 U.S.C. § 1681p. See *Croft v. Bayview Loan Servicing, LLC*, 166 F. Supp. 3d 638 (D.S.C. 2016)

4

The FCRA precludes claims asserted more than two years after discovery of an FCRA violation as follows:.

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, *not later than the earlier of—*
>
> > (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
> >
> > (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p (emphasis added)

### i.     Plaintiff's § 1681e(b) Claim is Barred by Two-Year Statute of Limitations

Plaintiff alleges that Trans Union violated 15 USC § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in preparation of Plaintiff's credit report. (*See* ECF No. 171 at ¶ 114). In his Complaint, Plaintiff acknowledges that he disputed the accuracy of the PenFed accounts with Trans Union in June 2018 and June 2019. (*Id.* at ¶¶ 70 & 71, *see also* ECF 163-2, at 43-47) .Plaintiff further acknowledges in his Complaint that Trans Union deleted the PenFed accounts from his file in July of 2019 in response to his June 2018 dispute. (*Id* at ¶72. *see also* ECF 163-3 at 75-76). Based on the factual allegations in the complaint, the allegedly inaccurate PenFed accounts stopped reporting on July 2, 2019, and therefore any § 1681e(b) claims based on the publication of the PenFed accounts necessarily had to be filed within two years, or by July 2, 2021. Yet, Plaintiff did not file this action until July 12, 2022, more than 12 months beyond the expiration of the two-year statute of limitations. Accordingly, Plaintiff's § 1681e(b) claim is barred by the FCRA's statute of limitations and should be dismissed with prejudice.

### ii.     Plaintiff's § 1681i Claim is Barred by Two-Year Statute of Limitations

Plaintiff alleges that Trans Union violated 15 USC § 1681i by failing to delete inaccurate information in his credit file after receiving notices of such inaccuracies and by failing to conduct a reasonable reinvestigation of the same. (*See* ECF No. 171 at ¶ 113).  Plaintiff's § 1681i claim is based solely on Trans Union's allegedly unreasonable reinvestigation of his June 2018 dispute, in which Trans Union verified the accuracy of the Plaintiff's accounts. (*Id.* at 70 and 71*)*. Cite Plaintiff admits that he received the results of Trans Union's 2018 reinvestigation on July 2, 2018, notifying him that the PenFed accounts would not be removed. (*Id.)*. Therefore any § 1681i claim based on the 2018 dispute would necessarily have had to been filed by July 2, 2020, at the latest.  As justification for filing his time-barred claim, Plaintiff contends that the statute of limitations should be tolled because, within the past two years, he discovered reasons to believe that Trans Union's 2018 reinvestigation was unreasonable.  This novel tolling argument has already been rejected by this court in another of Mr. Bruce's cases, and should similarly be rejected here. *See Bruce v. Bank of Am., NA.*, at *3 (D.S.C. Oct. 22, 2020), (Rejecting Plaintiff's assertion that the statute of limitations is tolled until he discovers that the reports reinvestigation was unreasonable) citing *Croft v. Bayview Loan Servicing, LLC*, at 642. ("A plaintiff alleging an FCRA claim need not be fully aware of the specific failures of the furnisher's investigation before the two-year statute of limitations commences. Rather, Plaintiff discovered the alleged FCRA violation when she received Defendant's October 30, 2012, letter informing her that it would not change the credit entry.")

At the latest, Plaintiff was aware of his potential 1681i claim on July 4, 2018, when he received Trans Union's reinvestigation results indicating that the PenFed accounts would not be removed from his credit file. Accordingly, because Plaintiff did not file this action until July

7110466.2

2022, Plaintiff's § 1681(i) claim is barred by the FCRA's statute of limitations and should be dismissed with prejudice.

### 2. Plaintiff's SCCPC Claim is Barred by Three-Year Statute of Limitation

The SCCPC claim identified in the Complaint is also time-barred. According to Plaintiff, the SCCPC claim is based on the reasonableness of Trans Union's reinvestigation of his 2018 dispute. (ECF 171 at ¶¶ 110-112.) As was previously demonstrated, Plaintiff admits that he received the results of Trans Union's 2018 reinvestigation, and the circumstances giving rise to the SCCPC claims on July 2, 2018. Under South Carolina law, claims asserted under S.C. Code Ann. § 37-20-110 *et seq.* are subject to the three-year statute of limitation provided by S.C. Code Ann. § 15-3-540(2). *See Tilley v. Pacesetter Corp.,* 508 S.E. 2d 16, 20 (S.C. Sup. Ct. 1998) Because Plaintiff's initial complaint was filed on July 12, 2022, which is more than four years after he discovered he received the results of the 2018 dispute reinvestigation, the SCCPC claim is time-barred under South Carolina law and should be dismissed with prejudice.

### 3. Plaintiff's Common Law Defamation ("Libel") Claim is Barred by Two-Year Statute of Limitations

Plaintiff's common law Defamation claim, based on the allegedly inaccurate and defamatory reporting of the PenFed accounts is time-barred. Under South Carolina Common law there is a two-year statute of limitations for defamation claims (libel and slander), *See S.C. Code Ann. § 15-3-530(2).* Although he doesn't plead any supporting facts regarding the date(s) of publication, Plaintiff contends that Trans Union intentionally reported false, misleading, inaccurate and/or unverified information, the PenFed accounts, to third parties. (*See* ECF 171 at ¶¶ 95-96). In his Complaint Plaintiff acknowledges receiving notice that Trans Union deleted the PenFed accounts from his credit file on July 2, 2019. (*Id* at ¶72. *see also* ECF 163-3 at pp. 75-76). Therefore, based on the allegations in his Complaint, any defamation claim had to be

7110466.2

filed within two years, or by July 2, 2021. Yet, Plaintiff did not file this action until July 2022, more than 12 months beyond the expiration of the statute of limitations. Accordingly, Plaintiff's common defamation ("libel") claim is barred by South Carolina's statute of limitations and should be dismissed with prejudice.

**B.    Plaintiff Should Not Be Allowed to Amend His Complaint to Cure the Deficiencies**

Plaintiff has already amended his Complaint three times in the two-years this case has been proceeding, and should not be permitted any further amendments. Plaintiff, although *pro se,* is an experienced litigant in this jurisdiction, who has been provided with every opportunity to develop and properly pursue his baseless claims against Trans Union and other corporate defendants.

Pursuant to FED. R. CIV. P. 15(a)(1), a plaintiff may amend a complaint "once as a matter of course" within either 21 days of serving it, or 21 days after service of a responsive pleading or a motion under Rule 12(b), "whichever is earlier." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).

"After the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Noursion Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). FED. R. CIV. P. 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge." *Id.* Courts apply a "good cause" standard that considers the diligence of the party seeking the amendment, which is taken to mean that scheduling deadlines cannot be met despite a party's diligent efforts. *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C. 1997).

Here, when Plaintiff was granted leave to file a second Amended Complaint, the Court specifically warned Plaintiff that it was his "final opportunity to amend his complaint," and that

"[a]bsent extraordinary circumstances, the Court will not entertain further requests from Plaintiff to amend his complaint." (ECF No. 97, at 3.) To the extent that Plaintiff seeks leave to amend his Complaint to cure deficiencies in his Complaint, Plaintiff cannot demonstrate any "extraordinary circumstances" to justify his failure to cure deficiencies in multiple prior amendments. Accordingly, Trans Union's Motion to Dismiss Plaintiff's Third Amended Complaint with prejudice should be granted.

## V.     CONCLUSION

Defendant Trans Union respectfully requests that this Court dismiss Plaintiff's Third Amended Verified Complaint with Prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and for such other relief as the Court deems necessary.

Respectfully Submitted,

*s/ Wilbur E. Johnson*
Wilbur E. Johnson
wjohnson@ycrlaw.com
Federal ID No.: 2212
Clement Rivers, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
(843) 724-6659
(843) 579-1332 Fax
**Counsel for Trans Union LLC**

7110466.2

# CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June 2024, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

G. Troy Thames
tthames@wjlaw.net
Willson Jones Carter and Baxley
421 Wando Park Boulevard, Suite 100
Mt Pleasant, SC 29464
(843) -284-0832
(843) 284-1081 Fax
and
Michael A. Graziano
mgraziano@eckertseamans.com
Eckert Seamans Cherin and Mellott LLC
1717 Pennsylvania Avenue NW, Suite 1200
Washington, DC 20006
(202) 659-6671
(202)659-6699 Fax
***Counsel for Pentagon Federal Credit Union a/k/a Pentagon Federal Credit Union Foundation***

Lyndey Ritz Zwing Bryant
lyndey.bryant@arlaw.com
Adams and Reese LLP
1221 Main Street, Suite 1200
Columbia, SC 29201
(803) 212-4958
(803) 779-4749 Fax
***Counsel for Experian Information Solutions, Inc.***

Rita Bolt Barker
rbarker@wyche.com
Wyche PA
200 E Broad Street, Suite 400
Greenville, SC 29601-2892
(864) 242-8235
and
Eric F. Barton
ebarton@seyfarth.com
Seyfarth Shaw LLP
1075 Peachtree Street NE, Suite 2500
Atlanta, GA 30309
(404) 885-1500
***Counsel for Equifax Information Services, LLC***

William Joseph Farley, III
will.farley@troutman.com
Troutman Sanders LLP
301 S Tryon Street, Suite 3400
Charlotte, NC 28202
(704) 998-4099
***Counsel for LexisNexis Risk Solutions, Inc.***

I further certify that I forwarded a copy of the foregoing by U.S. First Class Mail to the following non-CM/ECF participants:

Nelson L. Bruce
PO BOX 3345
Summerville, SC 29484-3345
***Pro Se Plaintiff***

*s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**

10

7110466.2