Record/FILE ON DEMAND                    U.S.P.S. PRIORITY MAIL TRACKING NO. 9405 8301 0935 5113 6701 05

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Pentagon Federal Credit Union; et al.<br><br>　　　　　　　Defendants. | Case No.: 2:22-cv-02211-BHH-MGB<br><br>**PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM EQUIFAX INFORMATION SERVICES, LLC** |

Pursuant to **Fed. R. Civ. P. 37**, Plaintiff **Nelson L. Bruce,** hereby moves this court for an order compelling Equifax Information Services, LLC ("Defendant") to provide a sufficient response to and produce documents related to plaintiff's first set of requests for discovery as provided below.

## REQUEST TO COMPEL DISCOVERY FROM TRANS UNION, LLC

On or about May 8, 2024, Plaintiff sent Equifax his 1st set of discovery (See…Exhibit 2.1). On or about 6-7-2024 Equifax responded and raised objections to plaintiff's 1st set of discovery. (See…Exhibit 2.2). Plaintiff finished reviewing Equifax response to his 1st set of discovery on June 30, 2024, two days after the deadline to file a motion to compel. On 6-30-2024 after reviewing all of the defendant's objections and responses to plaintiff's 1st set of requests for interrogatories and production, plaintiff responded by email to defendant's objections and made a good faith attempt to work with the defendant to produce a sufficient response to his interrogatories and produce the requested documents by stating the following in his email to defendants attorney dated 6-30-2024:

"Attention Rita and Eric

Upon review of your responses to my 1st set of discovery, there appears to be a failure to properly address and respond to my specific requests. This is my good faith effort to try to resolve this issue. If a meeting is required to resolve this issue, please propose a time after 3 p.m. EST M-F that we can schedule a meeting within the next 10 calendar day to discus. Furthermore, in light of a potential need to file a motion to compel further responses should this request not be resolved, I request your consent to an extension of the 21-day extension for Plaintiff to file such a motion which will allow the parties to attempt to resolve the discovery matters without court involvement.

I need a sufficient response and or production of the following:

- **INTERROGATORY NO. 6:** Please explain in full complete detail whether Your procedures require a data furnisher to upload updated account/information to You every 30 days to be reported and published by You?

- Your response does not answer my specific request. You have not produced any procedures for data furnishers that are specifically designed for that specific data furnisher therefore the request does not have to relate to a specific date. It is related to your requirements of a data furnisher to report updated account information.

- **REQUEST FOR PRODUCTION NO. 6:** Please produce any and all documents and electronically stored information related to Interrogatory No. 6.

- Your response does not answer my specific request. You have not produced any procedures for data furnishers that are specifically designed for that specific data furnisher therefore the request does not have to relate to a specific date. It is related to your requirements of a data furnisher to report updated account information.

- **INTERROGATORY NO. 9:** Please specify whether the accounts and information referenced in this case furnished by PENFED and REV reported to plaintiff's consumer credit file/report was investigated for maximum possible accuracy (100% accuracy) before You allowed the accounts/information to be published?

- Your response does not address my specific request.

- **REQUEST FOR PRODUCTION NO. 9:** Please produce any and all documents and electronically stored information related to Interrogatory No. 9.

- Your response does not address my specific request.

- **INTERROGATORY NO. 10:** Please explain in full complete detail the procedure you use to determine maximum possible accuracy when a data furnisher uploads to You information to be published on a Consumer credit file/report every month?

- Your responses only addresses disputes, not the procedures you use and follow to determine maximum possible accuracy of the information you report when received by a data furnisher to be published on a consumers report every month. Section 1681e(b) does not state a dispute is required therefore this is not a request for dispute

procedures and or policies which is what you provided therefore your response is not a sufficient response to my request.

- **REQUEST FOR PRODUCTION NO. 10:** Please produce any and all documents and electronically stored information related to Interrogatory No. 10.

- Your responses only addresses disputes, not the procedures you use and follow to determine maximum possible accuracy of the information you report when received by a data furnisher to be published on a consumers report every month. Section 1681e(b) does not state a dispute is required therefore this is not a request for dispute procedures and or policies which is what you provided therefore your response is not a sufficient response to my request.

- **INTERROGATORY NO. 16:** Please explain in full complete detail whether your automated checks catch missing data fields on submitted forms uploaded to you by data furnishers?

- Your response does not address my specific request.

- **REQUEST FOR PRODUCTION NO. 16:** Please produce any and all documents and electronically stored information related to Interrogatory No. 16.

- Your response does not address my specific request.

- **REQUEST FOR PRODUCTION NO. 22:** Please produce the first, middle, and last names of any and all parties who has firsthand knowledge of your policies, procedures related to disputes and investigations by you that can be called on as a witness at trial.

- Your response does not address my specific request."

The defendants' attorney failed to respond to plaintiff's 6-30-2024 email. On 7-12-2024, plaintiff made a final attempt to meet and confer, this time defendants' attorney "Eric Barton" responded stating the following:

"Mr. Bruce-

Under Local Rule 37.01, you were required to file a motion to compel within 21-days after receipt of Equifax's discovery responses, unless Equifax agreed to extend the time. Equifax timely served its discovery responses on June 7, 2024. Your deadline for filing a motion to compel was therefore June 28, 2024. You first reached out to us to request a meet and confer on June 30, 2024, after the deadline had already expired. Equifax does not agree to extend the deadline for your motion to compel, and, therefore, meeting-and-conferring would be fruitless, as any motion to compel you might be inclined to file would be untimely."

Had defendants responded this way to his 6-30-2024 email, plaintiff would have filed a motion to compel while he was only 2 days past the deadline to file a motion to compel against Equifax.

All of the above requests are relevant to the claims in this matter in some way, shape or form and the failure to provide a sufficient response and or produce such documents affects plaintiff's ability to support his claims and any or and any foreseeable defenses by the defendants at trial. Because of the amount of discovery that plaintiff had received and was required to respond to in this case from the 5 different defendants (Equifax discovery requests received on 4-4-2024, LNRS discovery requests received on 4-26-2024, Experian discovery requests received on 4-30-2024, PenFed request for discovery received on 5-31-2024, and Trans Union discovery request received on 5-9-2024) and also reviewing responses to his 1st set of discovery from defendants which was sent out between May 6, 2024 and May 8, 2024 it is impossible to view all discovery received from defendants within 21 days and timely be able to request a meet and confer and or motion to compel within 21 days from receipt of discovery responses from defendants to his discovery requests. For these reasons, plaintiff moves this court for an order against defendant Equifax directing them to fully respond to plaintiff's discovery requests and produce the documents requested by the plaintiff no later than 15 days from the order of this court without any further delays.

**WHEREFORE**, since Equifax refuses to comply with plaintiff's discovery requests, Plaintiff respectfully moves this court for an order to compel Equifax to comply with plaintiff's above referenced requests for production of documents so that plaintiff has the opportunity to complete discovery without any further delays. For the reasons presented above, this court should

also consider any untimely filings of plaintiff's motion to compel for good cause as presented above and grant the plaintiff's motion to compel against Equifax.

**Certification of Plaintiff:**

I <u>Nelson L. Bruce</u> hereby certify that I have in good faith attempted to meet and confer with the defendant for discovery as presented above in an effort to obtain it without court action but it appear that the defendant is being uncooperative as of the date of the filing of this motion. Date this <u>12</u>$^{th}$ day of **June, 2024**.

**RESPECTFULLY PRESENTED,**

"Without Prejudice"

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com