# NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Nelson L. Bruce,<br><br>Plaintiff(s),<br><br>vs.<br><br>PENTAGON FEDERAL CREDIT UNION ("PENFED"), et al.<br><br>Defendant(s). | **CASE NO.: 2:22-cv-02211-BHH-MGB** |

1. My name is ________________________________________. I am competent to testify and have personal firsthand knowledge of the facts stated herein.

2. I am employed by and am the Senior Manager, Financial Reporting at Pentagon Federal Credit Union and or VP, Corporate Controller at the bank, Pentagon Federal Credit Union Attached hereto are ____ pages of records asked of me to produce.

3. The attached records were made at or near the time of the occurrence of the matters set forth in the attached records by, or from information transmitted by, a person with personal knowledge of those matters. The attached records were kept by the bank, Pentagon Federal Credit Union in the regular course of its business, and as a regular practice of the bank, Pentagon Federal Credit Union. The attached records were made in the course of the regularly conducted business activities of the bank, Pentagon Federal Credit Union and as a regular practice of Pentagon Federal Credit Union.

4. The records attached hereto are exact duplicates of the originals.

5. I declare under penalty of perjury that the forgoing is true and correct.

Print Name: __________________________________

Signature: ___________________________________

Dated: ____________________

## NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

I Nelson L. Bruce, the consumer and Plaintiff in the associated case as defined below hereby demand with this subpoena that you produce for my inspection the following:

1. Any and all information and documentation in your Possession, custody or control related to the financial information you reported on Call Report Form's 5300 to the NATIONAL CREDIT UNION ADMINISTRATION ("NCUA") referencing dates of March 31, 2016, September 30, 2016, December 31, 2017 and March 31, 2024 related to Pentagon Federal Credit Union. (See…Definitions Below)

2. Any and all documents in your Possession, custody or control specifying the assets pledged/and or deposited with the Federal Reserve Bank/Reserve Bank which you referenced in the call reports between February 2, 2016 to January 30, 2017 that you filed with the NCUA between the dates referenced in this request. (See…Definitions Below)

3. Any and all documents in your Possession, custody or control specifying the Assets Pledged to Secure Borrowings and or credits which you referenced in the call reports you filed for the bank between February 2, 2016 and January 30, 2017. (See…Definitions Below)

4. Any and all documents in your possession, custody or control filed by you with the NCUA for the bank associated with transactions related to the "Federal Reserve Banks/Reserve Bank which include transactions related to Operating Circular No. 10 LENDING" which include "FORM OF OFFICIAL OC-10 AUTHORIZATION LIST" and any and all forms identified in this Circular No. 10 that has been filed by you on behalf of the bank in relation to any and all alleged loans of the Plaintiff from January March 1, 2016 to January 30, 2017. (See…Definitions Below)

5. Produce any and all Balance Sheets and Off-Balance sheets exposures used to report the amounts for the bank located in the call reports you filed on behalf of the bank between February 2, 2016 and January 30, 2017.

6. Produce Any and all documents, information and records related to the banks "Allowance for loan and lease losses accounts (the "ALLL" account) documented on the call reports that you filed with the NCUA between August 1, 2016 to present.

7. Produce Any and all documents, information and records that you received and reviewed which was used to document the information you included in the call reports you filed with the NCUA on behalf of the bank between February 2, 2016 and January 30, 2017.

8. Produce the full name and address of the person or person's natural or individual persons who are familiar with the information and documentation you used to complete and file a call report with the NCUA between February 2, 2016 and January 30, 2017 (See…Definitions Below). Please include their current position with the bank and what information they have knowledge of.

9. I request a complete audit of the accounts of the plaintiff associated with the bank. Please get your records in order because this information shall be presented to the jury to bolster the claims raised within the complaint! As the accountant familiar with all the banks

financials and information related to Call Report Form's 5300 filed with the NCUA, the requests in this subpoena can neither be construed as overburdening or cumbersome, as you have a duty and responsibility to supply these records on demand.

If you claim that any portion of this request for production is subject to any privilege or is otherwise objectionable or protected from discovery, you are to identify the subject matter, proof that such information is privileged from the consumer as it relates to the consumer, objection, or protection is thought to apply, and state the ground or basis of each such claim, objection, privilege or protection, including any statutory or decisional reference; and identify all documents, including the author and date thereof, or other information, including contracts and communications which you believe to be embraced by the privilege involved.

Should you have any question of what is being demanded for production, you have permission to reach me on my cell phone at 843-437-7901. I do hereby place you on notice that to the extent that these records exist and are accurate in documenting the facts I incorporate each directly and or indirectly, specifically and generally by reference!

## DEFINITIONS

1. **"You"** and **"your"** shall mean **"Jay Ferrin"** Senior Manager, Financial Reporting at Pentagon Federal Credit Union and or VP, Corporate Controller at Pentagon Federal Credit Union.

2. **"Bank" or "Banks"** shall mean Pentagon Federal Credit Union ("A.K.A." Pentagon, PenFed, its affiliates, its holding companies, partners, trustees, denture trustees, agents in fact under a power of attorney and assigns) who are a member bank of the Federal Reserve.

3. **"Case"** shall mean matters related to Case No. 2:22-cv-02211-BHH-MGB.

4. "**Accounts**" shall mean and or relate to any and all debts related to Credit Card account No. 4306791605251366, Auto Loan No. 30368703812 and Line of Credit No. 30382186770, whether sold, assigned, and or transferred from the bank that are or was Associated with the plaintiff in the past, present and future.

5. **"Deposit"** shall mean any assets of Pentagon Federal Credit Union (A.K.A. "PENTAGON, PENTAGON FEDERAL CREDIT UNION, PENFED and or any other names used to represent Pentagon Federal credit union"), PENTAGON FEDERAL CREDIT UNION FOUNDATION their affiliates, holding companies, partners, trustees, denture trustees, agents in fact under a power of attorney, their successors and assigns including but not limited to financial instruments such as promissory notes, consumer loans transferred to the Federal Reserve, being pledged as collateral to any Federal Reserve Bank/Reserve Bank/Treasury/agent, any assets and or collateral governed under the Federal Reserve Act, used in exchange for Federal Reserve notes and or credits of any form from any Federal Reserve Bank/Reserve Bank in the amount documented on the asset/instrument and or in credits.

6. "**Person**" or "**entity**" means and or relate to any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons or other

association separately identifiable, whether or not such association has a separate juristic existence in its own right.

7. The **NCUA** shall mean "NATIONAL CREDIT UNION ADMINISTRATION".

8. **"Plaintiff"** shall mean **"Nelson L. Bruce"** with the following associated identifying information:

| | |
|---|---|
| Name: | Nelson Leon Bruce and any derivatives there of this name |
| Current Address: | P.O. Box 3345, Summerville, SC 29484 |
| Previous Addresses: | 1605 Central Avenue, Suite 6, Summerville, SC 29483<br>144 Pavilion Street, Summerville, SC 29483 |

9. **"Document"** or **"media"** includes, but is not limited to, recorded material in any form, including the original and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), picture of any notes/promissory notes signed by plaintiff (front and back pictures), including, without limitation, correspondence, writings, drawings, graphs, charts, records, emails, financials, call reports, accounts, accounts with the federal reserve bank, assets, loans pledged, documents specifying what each code means, fed wires, transactions, loan transactions, credits from federal reserve banks, federal reserve notes, allowance for loan and lease loss accounts, credit loss accounts, photographs, sound, electronically stored computer files, recordings, images, memoranda, account statements, loan applications, Federal Reserve Bank circular 10 and required accompanying documents, corresponding documents or paperwork accompanying the application, reports containing information about the plaintiff, consumer reports to review or otherwise, comprehensive reports, interest rates offered, contracts/agreements executed, credit decisions, loan officer working file, all disputes and correspondences to and from plaintiff or anyone acting on behalf of plaintiff, letters, purchase and sale contracts with third party debt buyers, repurchase contracts with third party debt buyers, transfer of debt agreements with third party collections, power of attorneys, applications, checks, invoices, receipts, from January 2016 to present.

10. **"Possession, custody or control"** includes the joint or several possession, to whom these subpoenas are addressed, but also the joint or several possession, custody or control by each or any other person, entity or affiliate acting or purporting to act on behalf of you.

RESPECTFULLY PRESENTED

"Without Prejudice"

Nelson L. Bruce 7-12-24

Nelson L. Bruce, Propria Persona, Sui Juris
All Anural Rights Explicitly Reserved and Retained
c/o P.O. Box 3345, Summerville, South Carolina 29483
Ph.: 843-437-7901
Email: leonbruce81@yahoo.com

# NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Nelson L. Bruce,<br><br>Plaintiff(s),<br><br>vs.<br><br>PENTAGON FEDERAL CREDIT UNION ("PENFED"), et al.<br><br>Defendant(s). | **CASE NO.: 2:22-cv-02211-BHH-MGB** |

1. My name is ______________________________________. I am competent to testify and have personal firsthand knowledge of the facts stated herein.

2. I am employed by and am the a member of The Reserve Bank, Federal Reserve Bank of Richmond, Board of Governors of the Federal Reserve System and or Reserve Banks their successors, partners, trustees, denture trustees, affiliates and assigns. Attached hereto are ____ pages of records of asked of me to produce.

3. The attached records were made at or near the time of the occurrence of the matters set forth in the attached records by, or from information transmitted by, a person with personal firsthand knowledge of those matters. The attached records were kept by The Reserve Banks, Federal Reserve Bank of Richmond, Board of Governors of the Federal Reserve System and or Reserve Banks their successors, partners, trustees, denture trustees, affiliates and assigns and in the regular course of its business, and as a regular practice. The attached records were made in the course of the regularly conducted business activities of The Reserve Banks, Federal Reserve Bank of Richmond, Board of Governors of the Federal Reserve System and or Reserve Banks their successors, partners, trustees, denture trustees, affiliates and assigns and as a regular practice.

4. The records attached hereto are exact duplicates of the originals.

5. I declare under penalty of perjury that the forgoing is true and correct.

Print Name: ________________________________

Signature: _________________________________ Dated: ____________________

## NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

I Nelson L. Bruce, the consumer and Plaintiff in the associated case as defined below hereby demand with this subpoena that you produce for my inspection the following:

1. Any and all information and documentation in your Possession, custody or control related to the Bank, their master account or any other account with you and all transactions through these accounts from February 1, 2016 to present related any and all accounts, collateral, security, collateral security associated with the plaintiff. (See…Definitions Below)

2. Any and all documents in your Possession, custody or control related to the deposit of any and all collateral, security, collateral security, promissory notes ("Notes"), drafts, bills of exchanges, bankers acceptances and applications and other instruments which you accept as collateral and security and what you issue to the banks as a result of receiving and or the deposit of these collateral and securities. (See…Definitions Below)

3. Any and all documents in your Possession, custody or control that evidences that The Bank is a Member bank of the Federal Reserve and that they borrow from the Federal Reserve including its discount window since July 11, 1994, that they service loans that they pledge to you on your behalf or on behalf of your investors and or that they purchase security from you as a result of a deposit/pledge of the plaintiff's accounts, collateral, security, collateral security associated with the plaintiff.

4. All original promissory notes/notes received by you from the bank since February 1, 2016 to present related to the plaintiff. Include notes, received by the bank or organization operating via the Treasury or the Federal Reserve Bank under the declared emergency (see…Presidential Proclamation 2039). Records of all endorsements made on the collateral, security, collateral security, Promissory Notes, drafts, bills of exchange, bankers' acceptances, and trade acceptances of the plaintiff received from the bank since February 1, 2016 to present.

5. Any and all documents in your Possession, custody or control filed by the bank related to "Federal Reserve Banks Operating Circular No. 10 LENDING" which include "FORM OF OFFICIAL OC-10 AUTHORIZATION LIST" and any and all forms identified in this Circular No. 10 that has been and is required to be completed by the bank in relation to any and all deposits of collateral, security, collateral security, promissory notes/notes and alleged loans of the Plaintiff from January 1, 2016 to present. (See…Definitions Below)

6. Produce any and all Operating Circulars 1 through 12 including the associated appendixes and other required documents that you received from the Bank from February 1, 2016 to Present related to and or associated with any collateral, security, collateral security, debts and accounts of the plaintiff.

7. Produce Any and all documents and records in your Possession, custody or control documenting any advancements of credits and or Fed Wires/wires and or Federal Reserve notes to the Bank from February 1, 2016 to present as a result of a deposit of collateral, security, collateral security of the plaintiff associated with any account of the plaintiff. (See…Definitions Below)

## NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

8. Produce the full complete name, and address of a natural person or persons who has firsthand personal knowledge of your policies, procedures, circular 10, collateral, security, collateral security and all associated document to process with circular 10, the master account and any other accounts set up by the bank or used by the bank that is active or was active with you at some point between February 1, 2016 to present, any requests received from the bank to borrow money, credit on behalf of a U.S. Borrower and or Person, any and all collateral pledged by the bank and any and all other matters association with transactions and requests by the bank, their agents, successors, assigns, trustee, grantors, executors, presidents, chief financial officers, chief executive officers.

9. Please produce a copy of your policies and procedures for pledging collateral and security in order for you to issue credits, Fed wires or wires and or Federal Reserve Notes to the banks as required by law, the Federal Reserve Act. Please include information related to the timeframe for which you issue these credits, Fed wires or wires and or Federal Reserve Notes once you receive the deposit of the pledged collateral, security, collateral security.

10. Please produce a list of what you accept as collateral and security in order for you to issue credits, wires and or Federal Reserve Notes to the banks.

11. Please produce the accounts of the bank that you have issued credits to as a result of collateral, security, collateral security being pledged and/or deposited with you by the bank related to plaintiff's collateral, security, and collateral security which include but is not limited to his note and consumer loan/loan.

12. Produce the full name and address of a natural person or persons who are familiar with and involved in receiving collateral, security, collateral security from the bank, pledges from the bank, what constitutes as collateral security from the bank that can and has been pledged by the bank and deposited with you, what collateral the Bank pledged and what you disbursed to the Bank or applied to the Bank's account(s) setup with you as a result of the collateral and or security pledged from February 1, 2016 to August 30, 2017. The individual who has firsthand knowledge of all collateral pledged by the Bank, all Operating Circular's 1 through 12 completed by the Bank and given to you from February 1, 2016 to August 30, 2017 for which you received.

13. Any and all information related to fractional reserve transactions conducted by the bank with you from February 1, 2016 to present related to the plaintiff and his collateral, security, collateral security.

14. I request a complete audit of the accounts of the bank associated with the plaintiff and any transactions through the Federal Reserve Bank, fedwire associated with any and all collateral, security, collateral security of the plaintiff deposited and or pledged by the bank including loans/consumer loans of the plaintiff. Please get your records in order because this information shall be presented for deposition and or the jury to bolster the claims raised within the complaint of the plaintiff! As the custodians of records, the source of the transactions with the bank, the requests in this subpoena can neither be construed as overburdening or cumbersome, as you have a duty and responsibility to supply these records on demand.

## NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

If you claim that any portion of this request for production is subject to any privilege or is otherwise objectionable or protected from discovery, you are to identify the subject matter, proof that such information is privileged from the consumer as it relates to the consumer, objection, or protection is thought to apply, and state the ground or basis of each such claim, objection, privilege or protection, including any statutory or decisional reference; and identify all documents, including the author and date thereof, or other information, including contracts and communications which you believe to be embraced by the privilege involved.

Should you have any question of what is being demanded for production, you have permission to reach me on my cell phone at 843-437-7901. I do hereby place you on notice that to the extent that these records exist and are accurate in documenting the facts I incorporate each directly and or indirectly, specifically and generally by reference!

## DEFINITIONS

1. **"You"** and **"your"** shall mean all of "Reserve Bank of Richmond, All of the Federal Reserve Banks, Board of Governors of the Federal Reserve System and or Reserve Banks their successors, partners, trustees, denture trustees, affiliates and assigns.

2. **"Bank" or "Banks"** shall mean Pentagon Federal Credit Union ("A.K.A." Pentagon, PenFed, its affiliates, its holding companies, partners, trustees, denture trustees, agents in fact under a power of attorney and assigns) who are a member bank of the Federal Reserve.

3. "**Accounts**" shall mean and or relate to any and all debts related to Credit Card account No. 4306791605251366, Auto Loan No. 30368703812 and Line of Credit No. 30382186770, whether sold, assigned, and or transferred from the bank that are or was Associated with the Plaintiff in the past, present and future.

4. **"Case"** shall mean matters related to Case No. 2:22-cv-02211-BHH-MGB.

5. **"Deposit"** shall mean any collateral/instrument/security pledged to you by the bank which you issue Federal Reserve notes and or credits to the bank in the amount of the collateral/instrument/security pledged to you which include Promissory Notes/Notes associated with any and all accounts of the plaintiff.

6. **"Accounts"** shall mean the PenFed accounts of the Plaintiff that are referenced in this case and or any accounts PenFed has with you that are associated with the plaintiff in any way shape or form.

7. "**Collateral**", "**Security**", "**Collateral Security**" shall have the same meaning referenced at 12 U.S. Code § 412 and The Federal Reserve Act section 16 paragraph 2 relating to promissory notes (notes) and as specified on the Federal Reserve website at https://www.frbdiscountwindow.org/Pages/Collateral/collateral_eligibility which include loans.

8. **"Plaintiff"** shall mean **"Nelson L. Bruce"** with the following associated identifying information:

Name: Nelson Leon Bruce and any derivatives there of this name

## NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

| | |
|---|---|
| Current Address: | P.O. Box 3345, Summerville, SC 29484 |
| Previous Addresses: | 1605 Central Avenue, Suite 6, Summerville, SC 29483<br>144 Pavilion Street, Summerville, SC 29483 |
| Social Security #: | XXX-XX-7185 |
| Date of Birth: | 9-28-1982 |

9. **"Document"** or **"media"** includes, but is not limited to, Operating Circulars 1 through 12, APPENDIX 2: TERMS OF CONTROL AGREEMENT, FORM OF LETTER OF AGREEMENT, SCHEDULE A To Letter of Agreement, FORM OF AUTHORIZING RESOLUTIONS FOR BORROWERS, FORM OF CERTIFICATE, FORM OF OFFICIAL OC-10 AUTHORIZATION LIST, FORM OF OPINION OF FOREIGN OUTSIDE COUNSEL, FORM OF OPINION OF UNITED STATES OUTSIDE COUNSEL, EXHIBIT 1:FORM OF LETTER OF AGREEMENT TO CORRESPONDENT CREDIT AND PAYMENT AGREEMENT [Letterhead of Depository Institution], APPENDIX 3, recorded material in any form, including the original and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), picture of any original notes/promissory notes signed by plaintiff (front and back pictures), Master notes/promissory notes, including, without limitation, correspondence, writings, drawings, records, photographs, electronically stored computer files, recordings, images, memoranda, loan applications, corresponding documents or paperwork accompanying the application, contracts/agreements executed, power of attorneys, requests for federal reserve notes as a result of a deposit of a promissory notes, deposit of collateral from January 2009 to present.

10. **"Possession, custody or control"** includes the joint or several possession, to whom these subpoenas are addressed, but also the joint or several possession, custody or control by each or any other person, entity or affiliate acting or purporting to act on behalf of you.

RESPECTFULLY PRESENTED

"Without Prejudice"

Nelson L. Bruce 7-12-24

Nelson L. Bruce, Propria Persona, Sui Juris
All Rights Explicitly Reserved and Retained
U.C.C. 1-207/1-308, 1-103
c/o P.O. Box 3345, Summerville, South Carolina 29483
Ph.: 843-437-7901
Email: leonbruce81@yahoo.com

**NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Nelson L. Bruce,<br><br>Plaintiff(s),<br><br>vs.<br><br>PENTAGON FEDERAL CREDIT UNION ("PENFED"), et al.<br><br>Defendant(s). | **CASE NO.: 2:22-cv-02211-BHH-MGB** |

1. My name is ________________________________________. I am competent to testify and have personal firsthand knowledge of the facts stated herein.

2. I am employed by and am a member of National Credit Corporation their affiliates, successors and or assigns. Attached hereto are ____ pages of records asked of me to produce.

3. The attached records were made at or near the time of the occurrence of the matters set forth in the attached records by, or from information transmitted by, a person with personal firsthand knowledge of those matters. The attached records were kept by National Credit Corporation their affiliates, successors and or assigns in the regular course of its business, and as a regular practice.

4. The attached records were made in the course of the regularly conducted business activities of National Credit Corporation their affiliates, successors and or assigns and as a regular practice.

5. The records attached hereto are exact duplicates of the originals.

6. I declare under penalty of perjury that the forgoing is true and correct.

Print Name: ________________________________

Signature: ________________________________ Dated: ____________________

# NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

I Nelson L. Bruce, the consumer and Plaintiff in the associated case as defined below hereby demand with this subpoena that you produce for my inspection the following:

1. Any and all information and documentation and media in your Possession, custody and/or control associated with your communications with the Bank regarding the alleged debts of the initial accounts of the Plaintiff with the bank or with the bank name associated with it from January 1, 2017 to present which include the exact dates associated with each communication (See…Definitions Below)

2. Any and all documents in your Possession, custody and/or control which support whether the accounts referenced in this case that are associated with the bank related to the plaintiff were purchased by you, assigned/transferred to you by the bank or another third party person from January 1, 2017 to present which you relied on to attempt to collect an alleged debt related to the plaintiff.

3. Any and all documents in your Possession, custody and/or control associated with your communications with the plaintiff regarding the alleged debts related to the initial accounts of the bank or with the bank name associated with it related to the accounts associated with the plaintiff's from January 1, 2017 to present which include the exact dates associated with each communication. (See…Definitions Below)

4. Any and all documents in your Possession, custody and/or control associated with any and all accounts assigned transferred and/or sold to you relate to the alleged debts of the plaintiff for initial accounts related to the bank or with the bank name associated with it from January 1, 2017 to present which include the exact dates the accounts were initially assigned/transferred and or sold to you.

5. Any and all documents in your Possession, custody and/or control associated with any and all your collection attempts related to the collection of the alleged debts associated with the initial accounts related to the plaintiff and the bank from January 1, 2017 to present which include all documents referencing the exact dates associated with each collection attempts. (See…Definitions Below)

6. Any and all documents in your Possession, custody and/or control associated with who you were collecting on behalf of as a result of an assignment/transfer or sale of the alleged debts related to the initial accounts of the plaintiff from January 1, 2017 to Present which include documents referencing the exact dates you agreed to collect on their behalf.

7. Any and all documents in your Possession, custody and/or control associated with any third party mediators and or mediator agencies/organizations that were associated with and helped in coordinating and or conducting any and all assignments/transfers, sales, and or collections of the alleged debts related to the plaintiff and the initial accounts of the bank from Janaury 1, 2017 to present.

8. Any and all documents in your Possession, custody and/or control associated with any and all agreements/contracts you have or had with the bank, or any other third party

**NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION**

person, third party debt buyer, third party collection to collect on their behalf an alleged debt associated with the plaintiff related to initial accounts of the bank from February 1, 2016 to present to include agreements to collect, purchase, transfer/assign the debts related to the initial accounts of the bank to third parties. (See…Definitions Below)

9. Any and all documents in your Possession, custody and/or control associated with any and all transfers/assignments and or sales of the accounts back to the bank which include the exact dates transferred/assigned and sold the accounts back to the bank thereby returning the alleged debts and accounts back to the bank.

10. Any and all documents in your Possession, custody and/or control that documents whether or not you are affiliated with the bank.

If you claim that any portion of this request for production is subject to any privilege or is otherwise objectionable or protected from discovery, you are to identify the subject matter, proof that such information is privileged from the consumer as it relates to the consumer, objection, or protection is thought to apply, and state the ground or basis of each such claim, objection, privilege or protection, including any statutory or decisional reference; and identify all documents, including the author and date thereof, or other information, including contracts and communications which you believe to be embraced by the privilege involved.

Should you have any question of what is being demanded for production, you have permission to reach me on my cell phone at 843-437-7901. I do hereby place you on notice that to the extent that these records exist and are accurate in documenting the facts I incorporate each directly and or indirectly, specifically and generally by reference!

**DEFINITIONS**

1. **"You"** and **"your"** shall include and or relate to the party to who these discovery requests are directed to, shall include **Nationwide Credit Corporation** their members, representatives, partners, affiliates, successors and or assigns as well as current and former attorneys, agents, investigators, consultants, accountants, officers, directors, subsidiaries, holding companies, partners, assignors, assignees, investors, and employees.

2. **"Bank" or "Banks"** shall mean and or relate to Pentagon Federal Credit Union ("A.K.A." Pentagon, PenFed, its affiliates, its holding companies, partners, trustees, denture trustees, agents in fact under a power of attorney and assigns).

3. "**Person**" or "**entity**" means and or relate to any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons or other association separately identifiable, whether or not such association has a separate juristic existence in its own right.

4. **"Case"** shall mean matters related to Case No. 2:22-cv-02211-BHH-MGB.

5. The terms "**relate to**", "**related to**", "**relating to**", "**pertain to**", and "**pertaining to**" are used in the broadest sense and mean to refer to, discuss, involve, reflect, deal with, include, consist of, represent, constitute, emanate from, directed at, support, evidence, describe or mention.

**NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION**

6. **"Accounts"** shall mean and or relate to any and all debts related to Credit Card account No. 4306791605251366, Auto Loan No. 30368703812 and Line of Credit No. 30382186770, whether sold, assigned, and or transferred from the bank that are or was Associated with Nelson L. Bruce in the past, present and future.

7. **"Plaintiff"** shall mean and or relate to **"Nelson L. Bruce"** with the following associated identifying information:

| | |
|---|---|
| Name: | Nelson Leon Bruce and any derivatives there of this name |
| Current Address: | P.O. Box 3345, Summerville, SC 29484 |
| Previous Addresses: | 1605 Central Avenue, Suite 6, Summerville, SC 29483<br>144 Pavilion Street, Summerville, SC 29483 |
| Social Security #: | XXX-XX-7185 |
| Date of Birth: | 9-28-1982 |

8. **"Document"** or **"media"** shall mean and or relate to recorded material in any form, including the original and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), picture of any original notes/promissory notes signed by plaintiff (front and back pictures), Master notes/promissory notes, including, without limitation, correspondence, writings, drawings, records, photographs, electronically stored computer files, recordings, images, memoranda, account statements, loan applications, corresponding documents or paperwork accompanying the application, credit reports reviewed, interest rates offered, contracts/agreements executed, credit decisions, loan officer working file, all disputes and correspondences to and from plaintiff or anyone acting on behalf of plaintiff, letters, purchase agreements, third party debt buyers, repurchase agreements, assignments/transfers of the debts, collections attempts, power of attorneys, applications, checks, invoices, receipts, returns, recordings, images, memoranda, emails, loan applications, corresponding documents or paperwork associated with the accounts, phone records.

9. **"Third Party Debt Buyer"** shall mean and or relate to any agency, person, corporation, bank, financial institution, who purchases any type of debts from you related to plaintiff's accounts.

10. **"Third Party Collection"** shall mean and or relate to any agency, person, corporation, bank, financial institution, entity, or organization who a debt has been transferred to external collection to for the purposes of collecting a payment from the plaintiff on behalf of you.

11. "**Affiliate**" means any company that controls, is controlled by, or is under common control or ownership with another company.

12. **"Sold"** shall mean and or relate to any debts related to the plaintiff's alleged account(s) that have been sold to a third party debt buyer as a result of a sale between you and the buyer or a sale has been mediated between you and the third party debt buyer.

13. **"Possession, custody and/or control"** shall mean and or relate to the joint or several possessions, to whom this subpoena is addressed, but also the joint or several possessions, custody and/or control by each or any other person, entity or affiliate, contractor, successor or assign acting or purporting to act on behalf of you.

RESPECTFULLY PRESENTED

"Without Prejudice"

Nelson L. Bruce 7-12-24

Nelson L. Bruce, Propria Persona, Sui Juris
All Rights Explicitly Reserved and Retained
U.C.C. 1-207/1-308, 1-103
c/o P.O. Box 3345, Summerville, South Carolina 29483
Ph.: 843-437-7901
Email: leonbruce81@yahoo.com

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN

*See "Instructions for Service of Process by U.S. Marshal"*

| | |
|---|---|
| PLAINTIFF<br>Nelson L. Bruce, | COURT CASE NUMBER<br>2:22-cv-02211-BHH-MGB |
| DEFENDANT<br>PENTAGON FEDERAL CREDIT UNION et al. | TYPE OF PROCESS<br>Civil |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
United Holdings Group, LLC (A.K.A. "United Holdings Group" and "UHG")
ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
6400 Sheridan Dr, Ste. 138, Williamsville, NY 14221

| | | |
|---|---|---|
| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW<br>Nelson L. Bruce<br>c/o P.O. Box 3345<br>Summerville, South Carolina 29484 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 4 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE ***(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):***

Fold Fold

Contact information number: 844-511-2047
Monday - Friday: 9:00 am to 5:00 pm Eastern Time

Plaintiff

| | | | |
|---|---|---|---|
| Signature of ~~Attorney~~ other Originator requesting service on behalf of: Nelson L. Bruce | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>843-437-7901 | DATE<br>7-12-24 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. ____ | No. ____ | | |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| | | |
|---|---|---|
| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode | |
| Address *(complete only different than shown above)* | Date | Time ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | **$0.00** |

REMARKS:

**DISTRIBUTE TO:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of South Carolina

| | | |
|---|---|---|
| Nelson L. Bruce<br>*Plaintiff*<br>v.<br>PENTAGON FEDERAL CREDIT UNION ("PENFED"), et al.<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 2:22-cv-02211-BHH-MGB |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: United Holdings Group, LLC
6400 Sheridan Dr, Ste. 138, Williamsville, NY 14221

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See...Attached "NOTICE OF SUBPOENA"

| Place: United Holdings Group, LLC<br>6400 Sheridan Dr, Ste. 138, Williamsville, NY 14221 | Date and Time:<br>Within 10 days from receipt of this subpoena |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____________

*CLERK OF COURT*

OR

_________________________ *Signature of Clerk or Deputy Clerk*

_________________________ *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ____________ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:22-cv-02211-BHH-MGB

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________________

______________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN

*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF<br>Nelson L. Bruce, | COURT CASE NUMBER<br>2:22-cv-02211-BHH-MGB |
|---|---|
| DEFENDANT<br>PENTAGON FEDERAL CREDIT UNION et al. | TYPE OF PROCESS<br>Civil |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Nationwide Credit Corporation (A.K.A. "NCC")
ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
5503 Cherokee Ave, Suite 100, Alexandria, VA 22312

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Nelson L. Bruce
c/o P.O. Box 3345
Summerville, South Carolina 29484

| | |
|---|---|
| Number of process to be served with this Form 285 | 1 |
| Number of parties to be served in this case | 4 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE ***(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):***

Fold

Fold

Contact information number: (800) 882-7271 or 703-642-7513
Monday - Friday: 8:30 am to 5:00 pm Eastern Time

Plaintiff

| Signature of ~~Attorney~~ other Originator requesting service on behalf of: | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| Nelson L. Bruce | | 843-437-7901 | 7-12-24 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. ____ | No. ____ | | |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address *(complete only different than shown above)*

Date

Time ☐ am ☐ pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | **$0.00** |

REMARKS:

**DISTRIBUTE TO:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of South Carolina

Nelson L. Bruce
*Plaintiff*
v.
PENTAGON FEDERAL CREDIT UNION ("PENFED"), et al.
*Defendant*

Civil Action No. 2:22-cv-02211-BHH-MGB

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Nationwide Credit Corporation
5503 Cherokee Ave, Suite 100, Alexandria, VA 22312

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See...Attached "NOTICE OF SUBPOENA"

| Place: Nationwide Credit Corporation<br>5503 Cherokee Ave, Suite 100, Alexandria, VA 22312 | Date and Time:<br>Within 10 days from receipt of this subpoena |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____________

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ____________, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:22-cv-02211-BHH-MGB

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________

____________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ____________________

____________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN

*See "Instructions for Service of Process by U.S. Marshal"*

| | |
|---|---|
| PLAINTIFF<br>Nelson L. Bruce, | COURT CASE NUMBER<br>2:22-cv-02211-BHH-MGB |
| DEFENDANT<br>Pentagon Federal Credit Union ("PenFed"), et al.; | TYPE OF PROCESS<br>Civil |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Jay Ferrin

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
2930 Eisenhower Avenue, Alexandria, Virginia 22313

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Nelson L. Bruce
c/o P.O. Box 3345
Summerville, South Carolina 29484

| | |
|---|---|
| Number of process to be served with this Form 285 | 1 |
| Number of parties to be served in this case | 4 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE ***(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):***

Fold Fold

Contact information number: (724) 473-6333
Monday - Friday: 8:00 am to 5:00 pm Eastern Time

Plaintiff

| Signature of ~~Attorney~~ other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| Nelson L. Bruce | ☒ PLAINTIFF<br>☐ DEFENDANT | 843-437-7901 | 7-12-24 |

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | ______ | No. ______ | No. ______ | ______ | ______ |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| | |
|---|---|
| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
| Address *(complete only different than shown above)* | Date / Time ☐ am ☐ pm<br>Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | **$0.00** |

REMARKS:

**DISTRIBUTE TO:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of South Carolina

Nelson L. Bruce
*Plaintiff*
v.
Pentagon Federal Credit Union, et al.,
*Defendant*

Civil Action No. 2:22-cv-02211-BHH-MGB

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Jay Ferrin
2930 Eisenhower Avenue, Alexandria, Virginia 22313
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See...Attached "NOTICE OF SUBPOENA"

| Place: PENTAGON FEDERAL CREDIT UNION, 2930 Eisenhower Avenue, Alexandria, Virginia 22313 | Date and Time: Within 10 days from receipt of this subpoena |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:22-cv-02211-BHH-MGB

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________
*Server's signature*

______________________
*Printed name and title*

______________________
*Server's address*

Additional information regarding attempted service, etc.:

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN

See "Instructions for Service of Process by U.S. Marshal"

| | |
|---|---|
| PLAINTIFF<br>Nelson L. Bruce, | COURT CASE NUMBER<br>2:22-cv-02211-BHH-MGB |
| DEFENDANT<br>PENTAGON FEDERAL CREDIT UNION et al. | TYPE OF PROCESS<br>Civil |

**SERVE AT**
NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
FEDERAL RESERVE BANK OF RICHMOND , et al.
ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
701 E Byrd St, Richmond, VA 23219

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Nelson L. Bruce<br>c/o P.O. Box 3345<br>Summerville, South Carolina 29484 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 4 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE ***(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):***

Fold

Fold

Contact information number: (804) 697-8000
Monday - Friday: 8:00 am to 5:00 pm Eastern Time

| Signature of ~~Attorney~~ Plaintiff other Originator requesting service on behalf of: | | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| Nelson L. Bruce | ☒ PLAINTIFF<br>☐ DEFENDANT | 843-437-7901 | 7-12-24 |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin<br>No. ____ | District to Serve<br>No. ____ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| | | |
|---|---|---|
| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode | |
| Address *(complete only different than shown above)* | Date | Time ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | **$0.00** |

REMARKS:

**DISTRIBUTE TO:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of South Carolina

Nelson L. Bruce
*Plaintiff*
v.
PENTAGON FEDERAL CREDIT UNION ("PENFED"), et al.
*Defendant*

Civil Action No. 2:22-cv-02211-BHH-MGB

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Federal Reserve Bank of Richmond, et al.
701 E Byrd St, Richmond, VA 23219

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See...Attached "NOTICE OF SUBPOENA"

| Place: FEDERAL RESERVE BANK OF RICHMOND 701 E Byrd St, Richmond, VA 23219 | Date and Time: Within 10 days from receipt of this subpoena |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____________

*CLERK OF COURT*

OR

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ____________, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:22-cv-02211-BHH-MGB

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________
____________________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ____________________
____________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc.:

U.S. Department of Justice
United States Marshals Service

# PROCESS RECEIPT AND RETURN

See "Instructions for Service of Process by U.S. Marshal"

PLAINTIFF
Nelson L. Bruce,

COURT CASE NUMBER
2:22-cv-02211-BHH-MGB

DEFENDANT
PENTAGON FEDERAL CREDIT UNION et al.

TYPE OF PROCESS
Civil

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
THE FEDERAL RESERVE BANK OF RICHMOND

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
701 E Byrd St, Richmond, VA 23219

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Nelson L. Bruce
c/o P.O. Box 3345
Summerville, South Carolina 29484

| | |
|---|---|
| Number of process to be served with this Form 285 | 1 |
| Number of parties to be served in this case | 4 |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE ***(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):***

Fold

Fold

Contact information number: (804) 697-8000
Monday - Friday: 8:00 am to 5:00 pm Eastern Time

Signature of ~~Attorney~~ Plaintiff other Originator requesting service on behalf of:
Nelson L. Bruce

☒ PLAINTIFF
☐ DEFENDANT

TELEPHONE NUMBER
843-437-7901

DATE
7-12-24

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | | No. ____ | No. ____ | | |

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address *(complete only different than shown above)*

Date

Time ☐ am ☐ pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | **$0.00** |

REMARKS:

PRIOR EDITIONS MAY BE USED

**DISTRIBUTE TO:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

Form USM-285
Rev. 11/13

## NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

I Nelson L. Bruce, the consumer and Plaintiff in the associated case as defined below hereby demand with this subpoena that you produce for my inspection the following:

1. Any and all information and documentation and media in your Possession, custody and/or control associated with your communications with the Bank regarding the alleged debts of the initial accounts of the Plaintiff with the bank or with the bank name associated with it from January 1, 2017 to present which include the exact dates associated with each communication (See…Definitions Below)

2. Any and all documents in your Possession, custody and/or control which support whether the accounts referenced in this case that are associated with the bank and the plaintiff were purchased by you, assigned/transferred to you by the bank or another third party person from January 1, 2017 to present which you relied on to attempt to collect an alleged debt related to the plaintiff.

3. Any and all documents in your Possession, custody and/or control associated with your communications with the plaintiff regarding the alleged debts related to the initial accounts of the bank or with the bank name associated with it related to the accounts associated with the plaintiff's from January 1, 2017 to present which include the exact dates associated with each communication. (See…Definitions Below)

4. Any and all documents in your Possession, custody and/or control associated with any and all accounts assigned transferred and/or sold to you relate to the alleged debts of the plaintiff for initial accounts related to the bank or with the bank name associated with it from January 1, 2017 to present which include the exact dates the accounts were initially assigned/transferred and or sold to you.

5. Any and all documents in your Possession, custody and/or control associated with any and all your collection attempts related to the collection of the alleged debts associated with the initial accounts related to the plaintiff and the bank from January 1, 2017 to present which include all documents referencing the exact dates associated with each collection attempts. (See…Definitions Below)

6. Any and all documents in your Possession, custody and/or control associated with who you were collecting on behalf of as a result of an assignment/transfer or sale of the alleged debts related to the initial accounts of the plaintiff from January 1, 2017 to Present which include documents referencing the exact dates you agreed to collect on their behalf.

7. Any and all documents in your Possession, custody and/or control related to the persons you communicated with to purchase debts from PenFed from January 1, 2016 to present. Please also produce the person names, addresses and phone numbers where they can be reached.

8. Any and all documents in your Possession, custody and/or control associated with any and all agreements/contracts you have or had with the bank, or any other third party person, third party debt buyer, third party collection to collect on their behalf an alleged

debt associated with the plaintiff related to initial accounts of the bank from January 1, 2017 to present to include agreements to collect, purchase, transfer/assign the debts related to the initial accounts of the bank to third parties. (See…Definitions Below)

9. Any and all documents in your Possession, custody and/or control associated with any and all transfers/assignments and or sales of the accounts back to the bank which include the exact dates transferred/assigned and sold the accounts back to the bank thereby returning the alleged debts and accounts back to the bank.

10. Any and all documents in your Possession, custody and/or control that documents whether or not you are affiliated with the bank.

If you claim that any portion of this request for production is subject to any privilege or is otherwise objectionable or protected from discovery, you are to identify the subject matter, proof that such information is privileged from the consumer as it relates to the consumer, objection, or protection is thought to apply, and state the ground or basis of each such claim, objection, privilege or protection, including any statutory or decisional reference; and identify all documents, including the author and date thereof, or other information, including contracts and communications which you believe to be embraced by the privilege involved.

Should you have any question of what is being demanded for production, you have permission to reach me on my cell phone at 843-437-7901. I do hereby place you on notice that to the extent that these records exist and are accurate in documenting the facts I incorporate each directly and or indirectly, specifically and generally by reference!

## DEFINITIONS

1. **"You"** and **"your"** shall include and or relate to the party to who these discovery requests are directed to, shall include **United Holdings Group, LLC** their members, representatives, partners, affiliates, successors and or assigns as well as current and former attorneys, agents, investigators, consultants, accountants, officers, directors, subsidiaries, holding companies, partners, assignors, assignees, investors, and employees.

2. **"Bank" or "Banks"** shall mean and or relate to Pentagon Federal Credit Union ("A.K.A." Pentagon, PenFed, its affiliates, its holding companies, partners, trustees, denture trustees, agents in fact under a power of attorney and assigns).

3. "**Person**" or "**entity**" means and or relate to any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons or other association separately identifiable, whether or not such association has a separate juristic existence in its own right.

4. **"Case"** shall mean matters related to Case No. 2:22-cv-02211-BHH-MGB.

5. The terms "**relate to**", "**related to**", "**relating to**", "**pertain to**", and "**pertaining to**" are used in the broadest sense and mean to refer to, discuss, involve, reflect, deal with, include, consist of, represent, constitute, emanate from, directed at, support, evidence, describe or mention.

## NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

6. **"Accounts"** shall mean and or relate to any and all debts related to Credit Card account No. 4306791605251366, Auto Loan No. 30368703812 and Line of Credit No. 30382186770, whether sold, assigned, and or transferred from the bank that are or was Associated with Nelson L. Bruce in the past, present and future.

7. **"Plaintiff"** shall mean and or relate to **"Nelson L. Bruce"** with the following associated identifying information:

| | |
|---|---|
| Name: | Nelson Leon Bruce and any derivatives there of this name |
| Current Address: | P.O. Box 3345, Summerville, SC 29484 |
| Previous Addresses: | 1605 Central Avenue, Suite 6, Summerville, SC 29483<br>144 Pavilion Street, Summerville, SC 29483 |
| Social Security #: | XXX-XX-7185 |
| Date of Birth: | 9-28-1982 |

8. **"Document"** or **"media"** shall mean and or relate to recorded material in any form, including the original and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), picture of any original notes/promissory notes signed by plaintiff (front and back pictures), Master notes/promissory notes, including, without limitation, correspondence, writings, drawings, records, photographs, electronically stored computer files, recordings, images, memoranda, account statements, loan applications, corresponding documents or paperwork accompanying the application, credit reports reviewed, interest rates offered, contracts/agreements executed, credit decisions, loan officer working file, all disputes and correspondences to and from plaintiff or anyone acting on behalf of plaintiff, letters, purchase agreements, third party debt buyers, repurchase agreements, assignments/transfers of the debts, collections attempts, power of attorneys, applications, checks, invoices, receipts, returns, recordings, images, memoranda, emails, loan applications, corresponding documents or paperwork associated with the accounts, phone records.

9. **"Third Party Debt Buyer"** shall mean and or relate to any agency, person, corporation, bank, financial institution, who purchases any type of debts from you related to plaintiff's accounts.

10. **"Third Party Collection"** shall mean and or relate to any agency, person, corporation, bank, financial institution, entity, or organization who a debt has been transferred to external collection to for the purposes of collecting a payment from the plaintiff on behalf of you.

11. "**Affiliate**" means any company that controls, is controlled by, or is under common control or ownership with another company.

12. **"Sold"** shall mean and or relate to any debts related to the plaintiff's alleged account(s) that have been sold to a third party debt buyer as a result of a sale between you and the buyer or a sale has been mediated between you and the third party debt buyer.

## NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

13. **"Possession, custody and/or control"** shall mean and or relate to the joint or several possessions, to whom this subpoena is addressed, but also the joint or several possessions, custody and/or control by each or any other person, entity or affiliate, contractor, successor or assign acting or purporting to act on behalf of you.

RESPECTFULLY PRESENTED

"Without Prejudice"

Nelson L. Bruce, Propria Persona, Sui Juris
All Rights Explicitly Reserved and Retained
U.C.C. 1-207/1-308, 1-103
c/o P.O. Box 3345, Summerville, South Carolina 29483
Ph.: 843-437-7901
Email: leonbruce81@yahoo.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

# NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

**CHARLESTON DIVISION**

| | |
|---|---|
| Nelson L. Bruce,<br><br>Plaintiff(s),<br><br>vs.<br><br>PENTAGON FEDERAL CREDIT UNION ("PENFED"), et al.<br><br>Defendant(s). | **CASE NO.: 2:22-cv-02211-BHH-MGB** |

1. My name is ______________________________________. I am competent to testify and have personal firsthand knowledge of the facts stated herein.

2. I am employed by and am a member of United Holdings Group, LLC their affiliates, successors and or assigns. Attached hereto are ____ pages of records asked of me to produce.

3. The attached records were made at or near the time of the occurrence of the matters set forth in the attached records by, or from information transmitted by, a person with personal firsthand knowledge of those matters. The attached records were kept by United Holdings Group, LLC their affiliates, successors and or assigns in the regular course of its business, and as a regular practice.

4. The attached records were made in the course of the regularly conducted business activities of United Holdings Group, LLC their affiliates, successors and or assigns and as a regular practice.

5. The records attached hereto are exact duplicates of the originals.

6. I declare under penalty of perjury that the forgoing is true and correct.

Print Name: ______________________________

Signature: ________________________________ Dated: ____________________