IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Civil Action No. 2:22-cv-02211-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Pentagon Federal Credit Union, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Nelson L. Bruce, proceeding *pro se* and *in forma pauperis*, filed this action on July 12, 2022, bringing claims pursuant to the Fair Credit Reporting Act ("FCRA"), among others. (Dkt. Nos. 1; 171.) Plaintiff has amended his complaint three times since filing this action.[1] Most recently, Plaintiff filed a Third Amended Complaint on May 30, 2024. (Dkt. No. 171.) The latest amendments to the pleading only affect Defendants LexisNexis Risk Solutions, Inc.; LexisNexis Risk Solutions FL Inc,; and LexisNexis Risk Data Management Inc. (*Id*.) Relevant here, the allegations specific to Defendant Pentagon Federal Credit Union ("PenFed") are largely unchanged from the prior version of the complaint, filed on May 25, 2023. (Dkt. No. 98.) On June 13, 2024, PenFed filed an Answer to the Third Amended Complaint and asserted Counterclaims for the first time.[2] (Dkt. No. 186.)

Currently before the Court is Plaintiff's Motion for Issuance of Subpoenas. (Dkt. No. 202.) Plaintiff asks the Court to issue subpoenas seeking documents from the following non-parties: (1) "Jay Ferrin, Senior Manager, Financial Reporting at Pentagon Federal Credit Union and/or VP, Corporate Controller at Pentagon Federal Credit Union"; (2) Federal Reserve Bank of Richmond

---

[1] Here, the Court incorporates by reference the procedural background exhaustively detailed in the Order granting Plaintiff's motion for leave to file a third amended complaint. (Dkt. No. 170 at 2–5.)
[2] Plaintiff's motion to dismiss these counterclaims is currently pending. (Dkt. No. 209.)

1

Virginia"; (3) National Credit Corporation; and (4) United Holdings Group. (Dkt. No. 202; 205.) Plaintiff states these non-parties "all have relevant information related to the claims in Plaintiff's 3rd amended complaint." (Dkt. No. 202 at 1.) He further claims that the documents sought from the Federal Reserve Bank of Richmond Virginia are relevant because, verbatim,

> The Federal Reserve Bank of Richmond Virginia who is an Expert in monetary instruments, the deposit of and the pledging of both novel and routine draft notes, negotiable instruments, bonds, securities and other financial instruments in connection with the discount window of the federal reserve bank, the U.S. Treasury Department and parts of the open market trading desk to enable the Federal Reserve to make advances of credit and or Federal Reserve notes that are connected with plaintiffs alleged loans, accounts and eligible paper/financial instruments tendered to PenFed. Who is familiar with and associated with the transactions and deposits of PenFed With The Federal Reserve Bank, Reserve Bank their discount window.

(Dkt. No. 205 at 1.) Specific to Jay Ferrin, Plaintiff states, verbatim, "Jay Ferrin is an expert assigned to PenFed's Financials and therefore has relevant information related to the assets of PenFed and accounting of PenFed." (*Id*. at 1–2.) Plaintiff further states, verbatim, that National Credit Corporation and United Holdings Group have "relevant information related to the assignment/transfer and or sale of the plaintiff's alleged debt and associated original accounts." (*Id*. at 2.) Plaintiff has submitted the proposed subpoenas with his Motion. (Dkt. Nos. 202-2; 205-1.)

## **STANDARD**

All civil discovery, whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) in two fundamental ways.[3] First, the matter sought must be "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevance is not, on its own, a high bar. There may be a mountain of documents and emails that are relevant in some way to the parties' dispute, even

---

[3] Subpoenas issued to nonparties are governed by Rule 45 of the Federal Rules of Civil Procedure, which "adopts the standard codified in Rule 26" in determining what is discoverable. *Schaaf v. SmithKline Beecham Corp*., 233 F.R.D. 451, 453 (E.D.N.C. 2005).

though much of it is uninteresting or cumulative." *Virginia Dep't of Corr. V. Jordan*, 921 F.3d 180, 188–90 (4th Cir. 2019). Rule 26 therefore imposes another requirement: discovery must also be "proportional to the needs of the case." *Id*. Proportionality requires courts to consider, among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*.

"When discovery is sought from nonparties, however, its scope must be limited even more." *Id.* at 189. "Bystanders should not be drawn into the parties' dispute without some good reason, even if they have information that falls within the scope of party discovery." *Id.* "For example, a party's email provider might well possess emails that would be discoverable from the party herself. But unless the email provider can offer important information that cannot be obtained from the party directly, there would be no cause for a subpoena against the provider." *Id*.

## DISCUSSION

In his Motion, Plaintiff does not offer any reason for his delay in seeking this discovery, which appears specific to his claims against PenFed. Plaintiff's allegations against PenFed have remained substantially the same since May 25, 2023. (*See* Dkt. Nos. 98; 171.) Regardless, the Court recognizes that discovery does not end until September 20, 2024, and so the subpoenas will not be denied as untimely.

After careful consideration, the Court finds Plaintiff has established the relevance and proportionality of the subpoenas specific only to National Credit Corporation and United Holdings Group. (Dkt. No. 205-1 at 10–14, 30–34.) The documents sought in those subpoenas are relevant to the time-period at issue and to Plaintiff's allegations against PenFed.[4] As for Plaintiff's proposed

---

[4] The Third Amended Complaint alleges that "PENFED intended not to furnish accurate . . . information related to the current status of the accounts to the reporting agencies because their internal records prior to about January 22, 2018, show that": (1) "PENFED knew that the credit card account being reported and published on [Plaintiff's] consumer reports . . . allegedly belonging to the Plaintiff, was sold and transferred" by PenFed to United Holding Group"; and (2) "PENFED knew the line of credit account being reported and published on [Plaintiff's] consumer reports . . . allegedly belonging to the Plaintiff was assigned and transferred to National Credit Corporation." (Id. at 15–16.)

subpoena to Jay Ferrin, the purported "Senior Manager [of] Financial Reporting at Pentagon Federal Credit Union," Plaintiff offers no explanation as to why those documents cannot be sought directly from PenFed, which is a party to this case. Moreover, in light of the significant discovery that has already been allowed in this case, it is unclear why Plaintiff needs this additional discovery about "the assets of PenFed and accounting of PenFed." (Dkt. No. 205 at 1–2.)

Finally, Plaintiff offers no compelling reason why the documents sought from the Federal Reserve Bank of Richmond Virginia are relevant and proportional to this case, and the proposed subpoena does not clarify this issue. (Dkt. No. 205-1 at 5–9.) Plaintiff's cursory and confusing explanation contained within his Motion does not establish that this discovery is warranted under the Federal Rules of Civil Procedure.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion for Issuance of Subpoenas (Dkt. No. 202) is GRANTED IN PART AND DENIED IN PART. The Court grants Plaintiff's motion to issue the proposed subpoenas to National Credit Corporation and United Holdings Group and denies Plaintiff's motion to issue the proposed subpoenas to Jay Ferrin, Senior Manager, Financial Reporting at Pentagon Federal Credit Union and/or VP, Corporate Controller at Pentagon Federal Credit Union and the Federal Reserve Bank of Richmond Virginia.

The Clerk of Court is instructed to issue the subpoenas to National Credit Corporation (Dkt. No. 205-1 at 10–14, 19–22) and United Holdings Group (Dkt. No. 205-1 at 15–18, 30–34). To the extent Plaintiff later seeks the Court's involvement in enforcing these subpoenas, the Court would consider exercising jurisdiction over any such discovery motions. Here, the Court reminds the

---

According to Plaintiff, these accounts "all were charged off/written off therefore no accounts nor debts existed as an asset of PENFED that could have been validated and/or verified by PENFED." (Dkt. No. 171 at 19.)

parties that this case has now been pending over two years and discovery ends on September 20, 2024. (Dkt. No. 193.) Going forward, the timeliness of any discovery motions must be evident or otherwise explained in the briefing.[5]

    IT IS SO ORDERED.

July 19, 2024

Charleston, South Carolina

                        _____
                        MARY GORDON BAKER
                        UNITED STATES MAGISTRATE JUDGE

---

[5] Local Civil Rule 37.01, D.S.C. provides:
    Motions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed or, where no response has been received, within twenty-one (21) days after the response was due. If counsel are actively engaged in attempts to resolve the discovery dispute, they may agree to extend the time to comply with the discovery request so long as the extension does not place the due date beyond thirty (30) days before the deadline for completion of discovery as set by the scheduling order.

5