Record/FILE ON DEMAND U.S.P.S. PRIORITY MAIL TRACKING NO. 9405 8301 0935 5115 7250 87

RECEIVED
2024 JUL 22 AM 11: 04

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Nelson L. Bruce,<br><br>Plaintiff,<br><br>v.<br><br>Pentagon Federal Credit Union; et al.<br><br>Defendants. | Case No.: 2:22-cv-02211-BHH-MGB<br><br>**PLAINTIFF'S MOTION FOR RELIEF FROM ORDERS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)** |

NOW COMES Plaintiff, Nelson L. Bruce a natural man, being at or above the age of 18, of the age of the majority, with reservation of any and all secured natural rights, and hereby exercise such rights at all times hereby moves this Court pursuant to Federal Rule of Civil Procedure 60(b) for relief from the Court's Order dated March 20, 2024 (see…ECF No. 154), and the subsequent Order on the Motion for Leave to File a Third Amended Complaint dated 5-30-2024 reaffirming the March 20, 2024 order (see…ECF No. 170). In support of this motion, Plaintiff states as follows:

## I. INTRODUCTION

On March 20, 2024, this Court issued an Order allowing certain claims to proceed while dismissing others. Subsequently, on 5-30-2024, the Court granted in part and denied in part Plaintiff's Motion for Leave to File a Third Amended Complaint, which was filed on May 25, 2024 (See…ECF No. 163). Plaintiff seeks relief under Rule 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect, and alternatively under Rule 60(b)(6) for any other reason that justifies relief.

## II. LEGAL STANDARD

Rule 60(b)(1) allows the Court to relieve a party from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(6) permits relief for "any other reason that justifies relief." The Fourth Circuit has held that Rule 60(b)

motions should be liberally construed to accomplish justice. **See...*Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979)**. Also see... ***Moses v. Joyner*, 815 F.3d 163 (4th Cir. 2016)** (This case reiterated that Rule 60(b)(6) motions must be filed within a "reasonable time" and discussed factors to consider in determining reasonableness); ***United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657 (1st Cir. 1990)** (The court held that a delay of 11 months was reasonable under the circumstances); ***Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988)** (The Supreme Court affirmed a Rule 60(b)(6) motion filed 10 months after the original judgment, considering it timely); ***Olle v. Henry & Wright Corp.*, 910 F.2d 357 (6th Cir. 1990)** (The court found that a motion filed after 6 months was within a reasonable time for Rule 60(b)(6)); ***Travelers Indemnity Co. v. United States*, 728 F.2d 699 (4th Cir. 1984)** (While this case ultimately found a longer delay unreasonable, it suggested that a period of up to a year might be reasonable depending on the circumstances).

## III. ARGUMENTS

### A. Failure to Address Properly Pleaded Claims

The Court's Orders did not fully address several claims that were properly pleaded in Plaintiff's Second Amended Complaint, filed on May 25, 2023, and further clarified in the Third Amended Complaint, filed on April 25, 2024, including:

a. Violations of the FCRA's security freeze provisions;
b. Invasion of privacy claims under the FCRA;
c. Permissible purpose claims under the FCRA;
d. Violations of the South Carolina Consumer Protection Code (SCCPC), specifically S.C. Code §§ 37-20-160(F) and 37-20-200.

These claims are distinct from the §§ 1681i and 1681e(b) claims that the Court allowed to proceed and warrant separate consideration.

### B. Security Freeze Violations

Plaintiff alleged in paragraphs 34 and 107 of his 2nd Amended Verified Complaint and paragraphs 43, 116 and 151 of the Third Amended Complaint that LexisNexis violated his rights under the FCRA by disseminating consumer information to third parties despite an active security freeze, which has been in place since 2015. This claim is further supported by the

allegation that LexisNexis violated S.C. Code § 37-20-160(F) by releasing information to third parties without express authorization by the Plaintiff and by failing to notify the Plaintiff when a consumer report was requested while a security freeze was in effect.

The security freeze claims, including those implicating S.C. Code § 37-20-160(F), are intrinsically linked to the factual allegations presented in the Second Amended Complaint. This allegation inherently implicates S.C. Code § 37-20-160(F), which prohibits such unauthorized dissemination of information subject to a security freeze. The Fourth Circuit has recognized the importance of security freeze provisions in protecting consumers' privacy. **See...*Clark v. Trans Union, LLC*, 23 F.4th 370, 374 (4th Cir. 2022).**

**C. Invasion of Privacy Claims**

Plaintiff raised invasion of privacy claims under the FCRA in paragraphs 34 and 107 of his 2nd Amended Verified Complaint and paragraphs 43, 116 and 151 of the, alleging that LexisNexis improperly disseminated his private information to third parties. This claim is further supported by allegations that LexisNexis may have committed identity theft by obtaining and using Plaintiff's private personal information without his written consent. The Fourth Circuit has acknowledged that improper dissemination of consumer information can constitute an invasion of privacy under the FCRA. **See...*Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 345 (4th Cir. 2017).**

**D. Permissible Purpose Claims**

Plaintiff alleged violations of the FCRA's permissible purpose requirements in paragraphs 37 and 38 of the Third Amended Complaint, asserting that LexisNexis furnished consumer reports without a permissible purpose as required by 15 U.S.C. § 1681b. The Third Amended Complaint further clarifies this claim by alleging that LexisNexis and/or its affiliates furnished a consumer report to TransUnion without a permissible purpose and without proper certification, in violation of multiple FCRA provisions including §§ 1681b, 1681e(a), and 1681e(e). The Fourth Circuit has emphasized the importance of the permissible purpose requirement in protecting consumers' privacy rights. **See...*Long v. Southeastern Pa. Transp. Auth.*, 903 F.3d 312, 320 (4th Cir. 2018).**

**E. Violations of 15 U.S.C. § 1681a(d)(2)(A)(i)**

Plaintiff alleged in paragraph 66 of the Second Amended Complaint and paragraph 75 of his third Amended Complaint that the Defendant Bureaus violated 15 U.S.C. § 1681a(d)(2)(A)(i) by repeatedly producing consumer reports to third parties containing information solely as to transactions or experiences between the consumer and the person making the report, which the FCRA explicitly excludes from the definition of a consumer report. This claim addresses a fundamental aspect of the FCRA's regulatory scheme and was not addressed in the Court's Orders.

**F. Failure to Apply Statutory Requirements for Consumer Disputes**

The Court's Orders dated March 20, 2024, and May 30, 2024, failed to properly consider the statutory requirements of the FCRA regarding consumer disputes and investigations. Specifically:

> Under the FCRA, the only exceptions where a consumer's dispute would not trigger an investigation are listed in 15 U.S.C. §1681i(a)(3) and 15 U.S. Code § 1681s–2(a)(8)(F). 15 U.S.C. §1681i(a)(3) requires a credit reporting agency to notify the consumer that their dispute is frivolous or irrelevant within 5 business days after making such determination after they receive a consumer dispute in order not to trigger an investigation. 15 U.S. Code § 1681s–2(a)(8)(F) requires a data furnisher to notify the consumer that their dispute is frivolous or irrelevant within 5 business days after making such determination after they receive a consumer dispute in order to not trigger an investigation.

Section 15 U.S. Code § 1681s–2(a)(8)(F) also prescribes a general understanding of this exception to not trigger an investigation which states:

> "(i) In general This paragraph shall not apply if the person receiving a notice of a dispute from a consumer reasonably determines that the dispute is frivolous or irrelevant, including—
> (I) by reason of the failure of a consumer to provide sufficient information to investigate the disputed information; or
> (II) the submission by a consumer of a dispute that is substantially the same as a dispute previously submitted by or for the consumer, either directly to the person or through a consumer reporting agency under subsection (b), with respect to which the person has already performed the person's duties under this paragraph or subsection (b), as applicable."

These statutory requirements requires the CRA's and the Furnisher, in this case, Equifax, Experian, and PenFed to send a notice to plaintiff within 5 business days of receiving plaintiff's dispute determining that the disputes are either Frivolous or irrelevant. The record evidences that no such notices to the plaintiff exists in this case and therefore this court is not and was not in possession of any facts to determine otherwise in their decision to deny plaintiff's May 3, 2022 dispute with Equifax and April 30, 2022 dispute with Experian claims. Should this court believe there is a section of the law that supports their decision, to provide proof of that section of the law on the record to support their decision should they deny this motion. Any decision not support by law conflicts with the Act itself and congresses intent and should not apply nor be applied as they are unsupported opinions, not facts before the court and are meritless.

Disputes were triggered as a result of Plaintiff's May 3, 2022 dispute with Equifax and April 30, 2022 dispute with Experian (See…plaintiff's Exhibit A incorporated with his 2nd and 3rd Amended complaints) as they have produced dispute results related to these disputes thereby supporting these facts (See…plaintiff's Exhibit B incorporated with his 2nd and 3rd Amended complaints). These disputes were categorized as disputes related to the accuracy of the information being reported as required by their policies and procedures which further supports that these were accuracy-related disputes and categorized as such therefore an investigation was conducted which defendants records would show. 1681i only requires that the disputes of a consumer be generally related to the accuracy of the items of information being reported. Plaintiff's referenced disputes clearly are related to the accuracy of the items of information being reported as it requests a re-investigation of every piece of information for the referenced account is correct which clearly relates to the accuracy of all items of information currently being reported. Therefore, these claims should have also been allowed to proceed when applying the statutory requirements of the FCRA and the fact that a re-investigation was triggered evidenced by the investigation results.

**G. Continuous Jurisdictional Challenge**

Plaintiff must now challenge this Court's jurisdiction over this matter insofar as it pertains to the application of the FCRA. The Court's jurisdiction to hear this matter is derived from the

FCRA as it pertains to the issues presented before it. To the extent that the Court is not following the law as it is written, the FCRA, its jurisdiction over these matters is called into question and therefore is now challenged. Plaintiff is now requesting that all elements of this court's jurisdiction be proven on the record moving forward with facts to support jurisdiction over this matter to clarify whether or not this court is following the law as it is written not an opinion of another court that is not supported by the law and therefore is hearsay, not facts before the court. Jurisdiction can be challenged and any time. See...***Lynch v. Jackson*, 853 F.3d 116, 121 (4th Cir. 2017)** (This case emphasizes the importance of statutory context in determining jurisdictional issues); ***Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004)** (This case reaffirms that "questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised sua sponte by the court."); ***Sonoco Products Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 368 (4th Cir. 2003)** (The court stated, "The absence of subject-matter jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence.") This jurisdictional challenge is continuous and applies to all future proceedings in this matter.

## IV. CONCLUSION

The Court's failure to address these claims and properly apply the FCRA's provisions constitutes mistakes of law and fact that justify relief under Rule 60(b)(1). Alternatively, these issues present other reasons justifying relief under Rule 60(b)(6) as there are Undisputed Claims Against LexisNexis. In Plaintiff's Second and Third Amended Complaints, several claims were raised against LexisNexis, including but not limited to:

a. Violations of privacy rights under 15 U.S.C. § 1681(a)(4) by disseminating consumer information despite an active security freeze;

b. Failure to conduct reasonable investigations as a consumer reporting agency and a furnisher of information;

c. Inaccurate/incomplete reporting and dissemination of bankruptcy information;

d. Violations of the FCRA and SCCPC through inaccurate reporting.

LexisNexis, in its motion to dismiss and supporting memorandum, failed to challenge or dispute these claims. The time frame for LexisNexis to contest these allegations has expired. As

a matter of law, unchallenged allegations in a complaint are typically deemed admitted for purposes of a motion to dismiss. **See, e.g., *Solis v. City of Fresno,* No. 1:11-CV-00053, 2012 WL 868681, at *8 (E.D. Cal. Mar. 13, 2012)** ("In failing to address the... allegations, Defendants essentially admit them."). Therefore, these unchallenged claims should be considered undisputed facts and are ripe for inclusion in an amended order by this Court to proceed as part of Plaintiff's claims against LexisNexis. The Court's failure to allow these undisputed claims to proceed constitutes a mistake of law that justifies relief under Rule 60(b)(1). Alternatively, this oversight presents other reasons justifying relief under Rule 60(b)(6). Allowing these claims to proceed would not prejudice LexisNexis, as they were on notice of these allegations and chose not to contest them in their responsive pleadings and because there is still time remaining in discovery to address these claims as LexisNexis has already been presented with discovery to address these claims. Equifax, Experian, nor PenFed will be prejudiced by these claims as similar claims related to disputes have been allowed to proceed and the discovery requested would be the similar to what has already been requested. Discovery is not due until 9-20-2024 therefore the parties have time on both sides to address any additional discovery needed. To deny such a claim will be prejudicial to the plaintiff as this is clearly a mistake of law.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

A. Grant relief from its Orders dated March 20, 2024, and 5-30-2024, pursuant to Rule 60(b);
B. Amend or modify its Orders to explicitly address Plaintiff's claims regarding FCRA security freeze violations, including violations of S.C. Code § 37-20-160(F), invasion of privacy, permissible purpose requirements, and violations of the SCCPC;
C. Address Plaintiff's claim regarding the Defendant Bureaus' alleged violation of 15 U.S.C. § 1681a(d)(2)(A)(i) by improperly including excluded information in consumer reports;
D. Reconsider its application of the FCRA's provisions regarding consumer disputes and investigations, particularly as they relate to 15 U.S.C. §1681i(a)(3) and 15 U.S. Code § 1681s–2(a)(8)(F);
E. Address the jurisdictional challenge raised by Plaintiff regarding the Court's application of the FCRA as this is required to determine whether or not this court is following the act as written and will continue to follow the act as written throughout the entire proceedings to continue to have jurisdiction;

F. Provide a ruling on the record regarding the Court's jurisdiction over matters pertaining to the FCRA in this case;
G. Clarify the scope of the claims allowed to proceed against LexisNexis, LNRS FL, and LNRDM in light of these additional claims that constitutes a mistake of law and ;
H. Grant such other and further relief as the Court deems just and proper.

Dated this 19th day of July, 2024.

RESPECTFULLY PRESENTED,

"Without Prejudice"

Nelson L. Bruce

Nelson L. Bruce, Propria Persona, Sui Juris
"All Secured Natural Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com