IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE,<br><br>    Plaintiff,<br><br>v.<br><br>PENTAGON FEDERAL CREDIT UNION a/k/a PENTAGON FEDERAL CREDIT UNION FOUNDATION, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, LEXISNEXIS RISK SOLUTIONS, INC., and UNKNOWN DOES 1-100,<br><br>    Defendants. | CASE NO.: 2:22-cv-02211-BHH-MGB |

**DEFENDANT TRANS UNION LLC'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

COMES NOW, Trans Union LLC ("Trans Union"), and files its Reply to Plaintiff's Opposition/Objections to its Motion to Dismiss Plaintiff's Third Amended Complaint ("Motion to Dismiss"), and would respectfully show the Court as follows:

### I.     INTRODUCTION

As demonstrated in Trans Union's Motion to Dismiss, Plaintiff Nelson L. Bruce's ("Plaintiff") claims under the Fair Credit Reporting Act ("FCRA"), South Carolina Consumer Protection Code ("SCCPC"), and common law are all time-barred under the applicable statutes of limitations. Plaintiff incorrectly believes that the statutes of limitations should not apply to his claims because he recently "discovered" information leading him to question the reasonableness of Trans Union's 2018 investigation of disputed information on his credit report. He also misinterprets the FCRA as allowing him five years to bring his claims. Both assertions are incorrect.

Through his Opposition/Objections to Trans Union's Motion to Dismiss ("Opposition"), Plaintiff further attempts to salvage his deficient claims and even add new claims by improperly attempting to allege new facts and attach new exhibits, which were not included in his Complaint.

Based on the points and authorities filed in Support of Trans Union's Motion to Dismiss and this Reply, the Court should find that Plaintiff's claims are time-barred and grant Trans Union's Motion to Dismiss Plaintiff's Third Amended Complaint with prejudice.

## II.  ARGUMENTS AND AUTHORITIES

### 1.  Plaintiff Fails to Explain Why His Claims are Not Time Barred.

Plaintiff correctly identifies that the statute of limitations for his FCRA claims is governed by 15 U.S.C. § 1681p. However, he misinterprets the statute, believing that he has five years to bring his claim, incorrectly asserting that "the FCRA's five-year time bar is a 'statute of repose that runs from the defendant's last culpable act' regardless of the plaintiff's awareness of the act" (ECF No. 199, p.7).  The plain language of § 1681p is clear: that a claim must be brought <u>no later than the earlier of</u> (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs. *See* 15 U.S.C. § 1681p.

In an attempt to save his time-barred claims, Plaintiff also misapplies the "discovery rule," suggesting that the statute of limitations "did not start until about December 27, 2022, as it was still unclear who was in possessions of plaintiff's alleged debts…" (ECF No. 199 at p.6).

Plaintiff cites *Grayson v. Equifax Credit Info. Servs., 17 CV 6977 at 18 (DG(LB) (E.D.N.Y. Aug 24, 2023)*. However, Counsel for Trans Union was unable to locate this case as cited.  Plaintiff also cites *Marcinski v. RBS Citizens Bank, N.A.,* 36 F.Supp.3d 286 (S.D.N.Y. 2014) and *Manes v.*

2

*JPMorgan Chase Bank, N.A.*, No. 20-CV-11059, 2022 WL 671631 (S.D.N.Y. Mar. 7, 2022), neither of which supports his claims.

Despite Plaintiff's refusal to accept this Court's rejection of his same argument in another of his many cases, *See Bruce v. Bank of Am., NA.*, at *3 (D.S.C. Oct. 22, 2020), Plaintiff cannot ignore this Court's application of *Croft v. Bayview Loan Servicing, LLC*, 166 F. Supp. 3d 638, 642, (D.S.C. 2016) ("A plaintiff alleging an FCRA claim need not be fully aware of the specific failures of the furnisher's investigation before the two-year statute of limitations commences. Rather, Plaintiff discovered the alleged FCRA violation when she received Defendant's October 30, 2012, letter informing her that it would not change the credit entry.") For these reasons, the court should disregard Plaintiff's misapplication of the discovery rule, hold that Plaintiff's Claims are all time-barred under their respective statutes of limitations, and grant Trans Union's Motion to Dismiss, with Prejudice.

**2.  Plaintiff's Opposition Impermissibly Introduces Facts and Evidence Not Pleaded in His Complaint.**

Plaintiff's Opposition asserts – for the first time-that:

"The PenFed line of credit was reinserted for at least 3 months after it was initially deleted beginning in November of 2022 and being deleted again in February of 2023.  Causing at least 3 publications of the references PenFed account (see…Exhibit A-1)"

(ECF No. 199, p.10) (ECF No. 199-2)

"Defendant reinserted the PenFed Line of Credit Account in November of 2022 (*See. ..* Exhibit A-1) after it was deleted on or about April 2, 2019, as admitted to be the defendant (see… ECF No. 186-1 at 2) but failed to follow reasonable procedures under the FCRA as codified under 15 U.S.C. § 1681i(a)(5)(B) to notify plaintiff of such reinsertion."

(ECF No. 199, p.15) (ECF No. 199-2, 199-3)

Plaintiff's attempt to avoid the statute of limitation by introducing new facts and exhibits through his Opposition is impermissible and such new information should not be considered in

3

ruling on Trans Union's Motion to Dismiss. It is well established that Plaintiff cannot defeat a 12(b)(6) Motion by incorporating facts outside the face of the Complaint. *Scottsdale Ins. Co. v. ULGM, Inc.,* 2014 11906638, at *2 (S.D. Fla. Jul. 14, 2014) ("because the . . . Affidavit was not attached to or incorporated in [Plaintiff's] amended complaint, the District Court cannot consider it in ruling on the motion to dismiss"); *Grynberg v. BP PLC d/b/a BP Corp. North America et al.,* 855 F. Supp. 2d 625, 639 (S.D. Tex. Mar. 27, 2012) ("As a general rule, when considering motions to dismiss made pursuant to Rule 12(b)(6), a Court may not consider matters outside of the pleadings"); *See also, Bryant v. Ciminelli*, 267 F. Supp. 3d 467, 472-73 (W.D. N.Y. 2017) ("[i]n deciding a Rule 12(b)(6) motion, the [c]ourt is generally limited to reviewing the allegations contained within the four corners of [p]laintiff's complaint). Accordingly, Plaintiff's attempt to add factual allegations and exhibits through his Opposition is improper and should not be considered in ruling on this Motion.

### 3. Plaintiff's Amendment to Paragraph 106 does not satisfy Pleading Requirement.

Plaintiff claims that he sufficiently alleged these claims in his Seconded Amended Complaint, when he added the following:

> ¶106. Defendants failed to comply with the FCRA, including but are not necessarily limited to the following:
>
> l) Failed to notify plaintiff that an account and information that was deleted was reinserted.
>
> m) Failed to have reasonable policies and procedures that prevent information that was deleted from being re-inserted on a consumer report.
>
> *(See* ECF No. 98[1])

Plaintiff's addition of a few conclusory legal terms, without any related facts alleged, does not insulate Plaintiff's Complaint from dismissal under Rule 12(b)(6). *Young v. City of Mount*

---

[1] Renumbered as ¶115 in Plaintiff's Third Amended Complaint (*See* ECF No. 171)

4

*Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Subparagraphs (l) and (m) merely state the elements of a potential new claim without providing any factual basis such as identifying which of five defendants is implicated, what information was allegedly reinserted, or when it was inserted. (*See ECF No 171*)

As stated in Trans Union's Motion to Dismiss, "[L]egal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" do not qualify as well pled facts. *McEachern v. Gray*, No. 4:14-CV-1234-BHH, 2015 WL 5089613, at *5 (D.S.C. Aug. 27, 2015). While legal conclusions can provide the framework of a complaint, factual allegations must support the complaint for it to survive a motion to dismiss. *Id*. Therefore, a pleading that provides only "labels and conclusions" or "naked assertion[s]" lacking "some further factual enhancement" will not satisfy the requisite pleading standard. *Id*. (citing *Twombly*, 550 U.S. at 555, 557). Accordingly, Plaintiff's allegations as added through the amendment to Paragraph 106 (para l & m) do not provide a sufficient factual basis to support his claims.

### 4. Plaintiff's Complaint Fails to State a Claim

As set forth in Trans Union's Motion to Dismiss, under the factual allegations in the Complaint, Plaintiff's Fair Credit Reporting Act ("FCRA") claim is barred by the two-year statute of limitation provided by 15 U.S.C. § 1681p. See *Croft v. Bayview Loan Servicing, LLC*, 166 F. Supp. 3d 638 (D.S.C. 2016). Plaintiff's, South Carolina Consumer Protection Code ("the SCCPC claim")—which is based on the same allegations giving rise to his FCRA claim—is barred by the three-year statute of limitation prescribed by S.C. Code Ann. § 15-3-540(2). See *Tilley v. Pacesetter Corp.*, 508 S.E. 2d 16, 20 (S.C. Sup. Ct. 1998) (applying a three-year statute of limitation of § 15-3-540(2) to SCCPC chapter that contained no other limitation period). Finally, Plaintiff's common law defamation claim – which is based solely on Trans Union's reporting of

the PenFed accounts – is barred by the two-year statute of limitations as prescribed by *S.C. Code Ann. § 15-3-530(2)*. Despite Plaintiff's misunderstanding of the statute of limitations and his efforts to save his claims by improperly adding facts and exhibits through his Opposition to Trans Union's Motion to Dismiss, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**5. Plaintiff Should Not Be Allowed to Amend His Complaint to Cure the Deficiencies**

Finally, Plaintiff asserts that "the statements provided in this memorandum/opposition clearly present to this court that there are no deficiencies as to the claims presented." (ECF No. 199, p.16). However, despite Plaintiff's confidence, he nevertheless reserves the right to amend his complaint "when justice so requires." *Id.* Considering this Court's prior warnings that "[a]bsent extraordinary circumstances, the Court will not entertain further requests from Plaintiff to amend his complaint." (*See* ECF No. 97, at 3.), should Plaintiff seek leave to amend his Complaint for a fourth time, such leave should be denied.

### III. CONCLUSION

For the reasons set forth hereinabove, and in Trans Union's previously filed Motion to Dismiss Plaintiff's Third Amended Complaint, Trans Union respectfully requests that its Motion be granted in its entirety and Plaintiff's Third Amended Complaint be dismissed with prejudice.

<   SIGNATURE BLOCK IS ON NEXT PAGE   >

6

Respectfully Submitted,

*s/ Wilbur E. Johnson*
Wilbur E. Johnson
wjohnson@ycrlaw.com
Federal ID No.: 2212
Clement Rivers, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
(843) 724-6659
(843) 579-1332 Fax

Kyle Pietrzak, Esq.
 (admitted *Pro Hac Vice*)
kpietrzak@qslwm.com
Quilling, Selander, Lownds, Winslett & Moser, P.C.
6900 N Dallas Parkway, Suite 800
Plano, TX 75024
(214) 560-5458
(214) 871-2111 Fax

**Counsel for Trans Union LLC**

Date:  July 23, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd of July 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

G. Troy Thames
tthames@wjlaw.net
Willson Jones Carter and Baxley
421 Wando Park Boulevard, Suite 100
Mt Pleasant, SC 29464
(843) -284-0832
(843) 284-1081 Fax
and
Michael A. Graziano
mgraziano@eckertseamans.com
Eckert Seamans Cherin and Mellott LLC
1717 Pennsylvania Avenue NW, Suite 1200
Washington, DC 20006
(202) 659-6671
(202)659-6699 Fax
And
Sarah A. James
sjames@eckertseamans.com
Eckert Seamans Cherin & Mellott, LLC
1717 Pennsylvania Ave., 12th Floor
Washington, DC 20006
(202) 659-6609
(202) 659-6699 Fax
**Counsel for Pentagon Federal Credit Union a/k/a Pentagon Federal Credit Union Foundation**
Grant E. Schenll
gschnell@jonesday.com
Jones Day
1221 Peachtree St. NE, Suite 400
Atlanta, GA 30361
(404) 581-8023
and
Lyndey Ritz Zwing Bryant
lyndey.bryant@arlaw.com
Adams and Reese LLP
1221 Main Street, Suite 1200
Columbia, SC 29201

Rita Bolt Barker
rbarker@wyche.com
Wyche PA
200 E Broad Street, Suite 400
Greenville, SC 29601-2892
(864) 242-8235
and
Eric F. Barton
ebarton@seyfarth.com
Seyfarth Shaw LLP
1075 Peachtree Street NE, Suite 2500
Atlanta, GA 30309
(404) 885-1500
**Counsel for Equifax Information Services, LLC**
William Joseph Farley, III
will.farley@troutman.com
Troutman Sanders LLP
301 S Tryon Street, Suite 3400
Charlotte, NC 28202
(704) 998-4099
and
Susan J. Lloyd
susie.lloyd@troutman.com
Troutman Pepper
One Wachovia Center
301 South College St., Suite 3400
Charlotte, NC 28202
(724) 561-7546
**Counsel for LexisNexis Risk Solutions, Inc.**

(803) 212-4958
(803) 779-4749 Fax
*Counsel for Experian Information Solutions, Inc.*

      I further certify that I forwarded a copy of the foregoing by U.S. First Class Mail to the following non-CM/ECF participants:

Nelson L. Bruce
leonbruce81@yahoo.com
PO BOX 3345
Summerville, SC 29484-3345
*Pro Se Plaintiff*

                                  *s/ Wilbur E. Johnson*
                                  **WILBUR E. JOHNSON**