# EXHIBITS 4.2

RECEIVED
USDC CLERK, CHARLESTON, SC
2024 JUL 30 AM 9:07

**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **Nelson L. Bruce,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Pentagon Federal Credit Union a/k/a Pentagon Federal Credit Union Foundation ("Collectively" PENFED), *et al.*,**<br><br>**Defendants.** | **Case No. 2:22-cv-02211-BHH-MGB** |

**DEFENDANT PENTAGON FEDERAL CREDIT UNION'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pentagon Federal Credit Union ("PenFed") provides the following responses to interrogatories served by Nelson L. Bruce.

1. Issuance of Federal Reserve Notes: Please confirm if Federal Reserve notes were issued to the local Federal Reserve agent on behalf of the borrower to complete the transactions in question? If yes, please provide the date of issuance and the amount.

**OBJECTION: PenFed objects to Request No. 1 on the grounds that the information it seeks is irrelevant as to Plaintiffs claims or defenses in this matter.**

2. Notification of Receipt: Did you or the local Federal Reserve agent notify the borrower of the receipt of such monies as required by the agreement between the parties? If yes, please provide a copy of the notification, with the date indicated, and proof of service and/or notification.

**OBJECTION: PenFed objects to Request No. 2 on the grounds that the information it seeks is irrelevant as to Plaintiffs claims or defenses in this matter. PenFed further objects to this request as it seeks the production of a document and this is not a proper use of an Interrogatory.**

3. Cease Collection Attempts: Upon the receipt of Federal Reserve notes and or by the local Federal Reserve agent as specified in law 59 STAT 237 §2, were all collection attempts ceased as stipulated by the Fair Debt Collections Practices Act, the Fair Credit Reporting Act, and the Consumer Financial Protection Act's? Please provide details of any communication sent to the borrower regarding the cessation of collection attempts.

**OBJECTION: PenFed objects to Request No. 3 on the grounds that the information it seeks is irrelevant as to Plaintiffs claims or defenses in this matter and calls for a legal conclusion.**

4. Statement of Accounting: If the local Federal Reserve agent, also known as the lender, operates as a "collective entity" or custodian of the records, has a comprehensive statement of accounting as prescribed by the Uniform Commercial Code Article 9 Section 210 been provided upon request? If yes, please attach a copy of the statement with the attachment as to its accuracy. 26 IRC 166: (a) General rule (1) Wholly worthless debts… There shall be allowed as a deduction any debt which becomes worthless within the taxable year.

**OBJECTION: PenFed objects to Request No. 4 on the grounds that it is generally confusing, vague, and unclear as to what Plaintiff is referring to in referencing "comprehensive statement of accounting." PenFed further objects as this Request on the grounds that the information it seeks is irrelevant as to Plaintiffs claims or defenses in this**

**matter. PenFed further objects to this request as it seeks the production of a document and this is not a proper use of an Interrogatory.**

5. Do you have a TRUE BILL associated with the debts referenced in the 2nd amended complaint? Is so provide a certified copy, if not explain why not in full and complete detail!

**OBJECTION: PenFed objects to Request No. 5 on the grounds that it is generally confusing, vague, and unclear as to what Plaintiff is referring to in referencing "TRUE BILL." PenFed further objects to this Request on the grounds that the information it seeks is irrelevant as to Plaintiffs claims or defenses in this matter. PenFed further objects to this request as it seeks the production of a document and this is not a proper use of an Interrogatory.**

6. Eligible papers: The United States Government has recognized that "notes, drafts, bills of exchange, bankers acceptances, trade acceptances" are eligible papers, at par with Federal Reserve notes and when tendered to the local Federal Reserve agent accompanied by the application for the advancement of Federal Reserve notes, such are, for the same purposes as "national bank (the Federal Reserve) notes." See: TITLE IV SECTION 401 SUBSECTION 18 PARAGRAPH 6. The government has held that these "eligible papers" are the "security and gold" backing Federal Reserve notes, and/or tender (and since such is defined within the law, they equate to "legal tender"), *i.e.*: "collateral security- "new money" *page 80* "The … bill provides for the issuance of a new money... this new money is to be handled. I refer to section 401, which reads: Upon deposit with the Treasurer of the United States of all contract obligations of the United States, or any notes-- And so forth. • Under the Federal Reserve Act obligations that are deposited as the security and gold for reserve notes are placed in the hands of the Federal Reserve agent… This provision is for the issuance of Federal … Reserve notes; and the security back of it is the

obligations, notes, drafts, bills of exchange, bank acceptances." When the promissory note is defined in law as "tender" for the issuance of Federal Reserve Notes', ibid what is the justification for claiming that a security interest remains?

**OBJECTION: PenFed objects to Request No. 6 on the grounds that it is generally confusing, vague, and unclear. PenFed further objects to this Request on the grounds that the information it seeks is irrelevant as to Plaintiffs claims or defenses in this matter.**

7. Dollar for dollar: JOINT RESOLUTION June 5, 1933 "An Act to uniform the value of the coins and currencies of the United States" makes it clear that it is perpetually against public policy and the laws of the United States for any creditor (obligor) to demand payment from the debtor (obligee), that any debt is to be discharged upon payment (tender), "dollar for dollar" in any coin or currency which is at the time legal tender for the payment of debts!' 59 STAT 237 §2 holds that, the eligible papers (referred to as interrogatory number 6) or to receive at par value, and can at no time, "in no event, be less than the total amount of Federal Reserve notes applied for!" The United States has made the aforementioned, "eligible papers" obligations of the United States, guaranteeing their value backing them by the "full faith and credit of the United States" stating on the Congressional Record their intent to have these items backed thereby, being worth "100 cents on the dollar" as they represent "a mortgage on all the homes and other property of the people of the United States." Is it your contention, that Congress did not have the power and/or authority to assume responsibility for such eligible papers? That such eligible papers are not tender for the payment of debts? That Congress does not have the authority to regulate the coins and currencies of the United States? That Congress did not state that the eligible papers were to have equal power along with the dollars coined and/or issued? If the answers to any of these questions is yes, please support your conclusion with facts and conclusions of the law and not code, as the

laws of the United States is not the U.S. Code, as the U.S. Code is always *prima facie* and not law! Unless you have evidence to the contrary, and again, you must provide such evidence supported by facts and conclusions of "the law!"

**OBJECTION: PenFed objects to Request No. 7 on the grounds that it is vague, confusing, unclear, and calls for a legal conclusion as to Congress' "power and authority to assume responsibility" over "eligible papers." PenFed further objects to this Request on the grounds that the information it seeks is irrelevant as to Plaintiffs claims or defenses in this matter. PenFed further objects to this request as it seeks the production of a document and this is not a proper use of an Interrogatory.**

8. The bond and insurance information: What is your bond number('s) (this shall reference any and all)? What is the name of the company that issued your bond and/or insurance? What is their contact information? What is the value of the bond and/or the insurance policy('s)? Do you have a copy of the policy('s)? If so, you are to supply a copy('s) for review and inspection without delay. You are, in accordance with the "Liabilities Act" required to submit to your insurance company, confirmation upon request and notification of a damage claim. Such will result in a additional and separate claim being filed against the bond and insurance companies for your breach of trust!

**OBJECTION: PenFed objects to Request No. 8 on the grounds that the information it seeks is irrelevant as to Plaintiffs claims or defenses in this matter. PenFed further objects to this request as it seeks the production of a document and this is not a proper use of an Interrogatory.**

9. ALLEGED FRAUDULENT SECURITY: Since the promissory note appears to be traded on the public market, and the Federal Reserve Act Section 16 Paragraphs 2 and 4 (Acts of

June 21, 1917 (40 Stat. 237); Jan. 30, 1934 (48 Stat. 338); June 12, 1945 (59 STAT 237 §2)))), if the promissory note is indeed "collateral and security" assuming the capacity of collateral for the presumed loan and the capacity for the security interest, directly associated with the borrower's interest and promissory note, from the trade of this instrument on the market, what is the income derived from the trade of this instrument on the market? What is the borrower's interest in the trade of the instrument on the market? Has the borrower receive any documented compensation and/or offset, as a result of the trade on the market? Did the very fact that the promissory note was tendered along with the application, which is identified as FEDERAL RESERVE OPERATING CIRCULAR 10 APPENDIX 3, and the law requires Federal Reserve notes to be issued to the lending institution *i.e.* the local Federal Reserve agent, on behalf of the borrower, did this transaction which is coupled with an interest, not satisfy the debt obligation? If it did not, please indicate by providing proof of an outstanding balance and/or transaction and/or provide and/or furnish evidence that the promissory note is neither collateral nor security as prescribed in law?

**OBJECTION: PenFed objects to Request No. 9 on the grounds that it is generally confusing, vague, unclear, and calls for a legal conclusion. PenFed further objects to Request No. 9 on the grounds that the information it seeks is irrelevant as to Plaintiffs claims or defenses in this matter.**

10. Please explain in full complete detail whether the Federal Reserve have a policy and or procedure where they issues credits instead of federal reserve notes in exchange for notes, drafts, bills of exchange, bank acceptances?

**OBJECTION: PenFed objects to Request No. 10 on the grounds that it is vague, unclear, confusing, and because the information it seeks is irrelevant as to Plaintiffs claims or defenses in this matter.**

11. Please explain in full completed detail whether or not you have a "Master Account" setup with the Federal Reserve and or any of its affiliates? Please explain what you utilize this account for?

**OBJECTION: PenFed objects to Request No. 11 on the grounds that it is vague, unclear, confusing, and because the information it seeks is irrelevant as to Plaintiffs claims or defenses in this matter.**

12. According to the Federal Reserve, by their payment and risk system, The Reserve Banks accept a wide range of loan types as collateral such as consumer loans (auto, revolving credit plans, single payment and installment loans); consumer leases (other); 1-4 family mortgage loans (second lien, home equity); 1-4 family residential mortgage loans; student loans; and credit card receivables; the federal reserve also generally accepts original notes, original note amendments/assignments are generally accepted. Please explain in full completed detail have you ever received any Federal Reserve notes or credits from the Federal Reserve in exchange for any of the above referenced generally accepted collateral? If so, please explain in full complete detail how you received such Federal Reserve notes and or credits in exchange for the pledging of a borrowers collateral and what accounts you apply them to or how you apply them where you document you received it.

**OBJECTION: PenFed objects to Request No. 12 on the grounds that it is vague, unclear, confusing, and because the information it seeks is irrelevant as to Plaintiffs claims or defenses in this matter.**

13. Until further notice: THE INTERNAL REVENUE SERVICE has provided guidance, that until further notice, there will be no penalties for financial institutions such as yours and/or the one you claim to represent, for failing to provide the recipient copies of the 1099C to

the borrower for The Cancellation of The Debt. Charge-Off, Write-Off, Forgiveness, Extinguishment, Offset, Setoff, Discharge, if any of these are associated with the alleged debt[1], please indicate which, the date that they apply, the dates the borrower was notified, and any and all financial records documenting discounts, deductions and/or reductions and/or credit in tax liability for you and/or your organization associated with the alleged debt? Please take special notice, that any discount, any deductions, any reductions in tax liabilities associated with the instant alleged debts, equate to some sort of benefit, usually "dollar for dollar" if this is the case, such was received directly related to and/or associated with the borrower's interest. If you received any of the aforementioned associated reduction and/or deduction and/or offset and/or benefit directly associated with or indirectly to the borrower's interest, the borrower was to be notified, the borrower's alleged account balance was to be adjusted, was this done (please note that throughout this presentment each paragraph is contextually construed unless otherwise indicated)? when was it done? when was the borrower notified? Please take further notice, that although the Internal Revenue Service has elected not to enforce penalties for these members to supply the "recipient copy" to the borrower indicating a calculation of the obligation, this does not absolve the alleged creditor of the duty and obligations of the borrower's, for failure to supply this information to the borrower equates to malfeasance and a breach of fiduciary duty, breach of fiduciary duty of care and is actionable!

**OBJECTION: PenFed objects to Request No. 13 on the grounds that it is vague, unclear, confusing, and because the information it seeks is irrelevant as to Plaintiffs claims**

---

[1] **"(g) Requiring writing off of doubtful or worthless assets of banks to require the writing off of doubtful or worthless assets upon the books and balance sheets of Federal reserve banks.**
**(h) Suspending operations of or liquidating or reorganizing banks to suspend, for the violation of any of the provisions of this chapter, the operations of any Federal reserve bank, to take possession thereof, administer the same during the period of suspension, and, when deemed advisable, to liquidate or reorganize such bank. (i) Requiring bonds of agents; safeguarding property in hands of agents to require bonds of Federal reserve agents, to make regulations for the safeguarding of all collateral, bonds, Federal reserve notes, money, or property of any kind deposited in the hands of such agents, and said board shall perform the duties, functions, or services specified in this chapter, and make all rules and regulations necessary to enable said board effectively to perform the same."**
**94 Stat 248**

**or defenses in this matter.**

14. Altering a notarized document: Do you have a copy of the original promissory note? Has the original promissory note been altered in any way? Did you know that altering a notarized document is unlawful, as a notarized document carrying the seal representing THE SOVEREIGN STATE full faith and credit, is prohibited by law? Did you know that it is unlawful for anyone to trespass on a notary seal, since the notary seal is backed by the full faith and credit of the State for which the notary is registered? Has the promissory note been converted to a negotiable instrument as outlined in the Uniform Commercial Code Article 9 Section 102 (65)? ['(65) "Promissory note" means an instrument that evidences a promise to pay a monetary obligation, does not evidence an order to pay, and does not contain an acknowledgment by a bank that the bank has received for deposit a sum of money or funds.']

Is there any evidence and/or indication on the promissory note in its present condition which states "An order to pay?" Since a promissory note "does not evidence an order to pay" and it appears that the promissory note has a specific endorsement, and appears to carry an assignment after an endorsement of "pay to the order of… Without recourse" would indicate that the promissory note has been converted to a negotiable instrument as defined under Uniform Commercial Code Article 3 Sections 104, under what premise for you asserting that there is an outstanding obligation *via* a "promise to pay?"

**OBJECTION: PenFed objects to Request No. 14 on the grounds that it is vague, unclear, confusing, , and because the information it seeks is irrelevant as to Plaintiffs claims or defenses in this matter.**

15. Regarding Loan Funding: You shall provide detailed documentation and evidence that directly confirms the actual funding of the loans in question referenced in plaintiff's 2nd

amended complaint, specifying the source of the funds for each loan of credit? Was the plaintiff's promissory notes used as a means of funding the loan by converting it into a monetary instrument upon receipt? If the answer is either yes or no, you will provide proof attesting to the accuracy and validity of your response.

**OBJECTION: PenFed objects to Request No. 15 on the grounds that it is vague, unclear, confusing, and because the information it seeks is irrelevant as to Plaintiffs claims or defenses in this matter. PenFed further objects to this request as it seeks the production of a document and this is not a proper use of an Interrogatory.**

16. Please clarify how the promissory note is treated as collateral for the loan according to 59 STAT 237 §2. Was it considered a direct obligation of value by your institution? Is Federal Reserve operating 10 appendix 3 associated in any capacity with the aforementioned account and/or loan and/or security interest? If the answer is yes or no, please provide documentation and/or other evidence proving your asserted claim. According to the Federal Reserve Act, as amended on March 9, 1933, promissory notes serve as collateral and security for a loan. How does your institution's handling of the promissory note align with these provisions?

**OBJECTION: PenFed objects to Request No. 16 on the grounds that it is vague, unclear, confusing, and because the information it seeks is irrelevant as to Plaintiffs claims or defenses in this matter. PenFed further objects to this request as it seeks the production of a document and this is not a proper use of an Interrogatory.**

17. Have you ever reported to any credit reporting agency any consumer accounts that has or had an account with you (credit card, installment loan, auto loan, line of credit) with a zero balance because it was closed, charged-off, transferred to another lender and or purchased by

another lender? If the answer is yes, please explain in full complete detail the reason why you reported it this way.

**OBJECTION: PenFed objects to Request No. 17 on the grounds that it is vague, unclear, calls for speculation, and is not tied to the specific facts of the case. PenFed further objects to Request No. 17 because the information it seeks is irrelevant. The question of whether PenFed reported to a credit reporting agency another consumer's account, other than the Plaintiff, is immaterial to the issues in dispute.**

18. Please explain in full complete detail the exact month, day and year each of the plaintiff's accounts referenced in his 2nd amended complaint were sold, assigned and transferred to a third party? Please provide the contact information for these third parties including the names, addresses and phone number of the third parties sold, assigned and transferred to which are associated with your agreements with them.

**OBJECTION: PenFed objects to Request No. 18 on the grounds that the information it seeks is irrelevant as to Plaintiffs claims or defenses in this matter**

**ANSWER: Subject to this objection, and without waiving, PenFed states that Plaintiff's account was not sold, assigned, or transferred.**

Dated: June 11, 2024.

**PENTAGON FEDERAL CREDIT UNION**

*/s/ Sarah A. James*
G. Troy Thames (Federal ID No.: 07713)
WILLSON JONES CARTER & BAXLEY, P.A.
4922 O'Hear Avenue, Suite 301
North Charleston, SC 29405
Telephone: (843) 284-0832
Facsimile: (843) 606-3300
Email: tthames@wjcblaw.com

Michael A. Graziano (*pro hac vice*)
Sarah A. James (*pro hac vice*)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C. 20006
Telephone: 202.659.6671
Facsimile: 202.659.6699
E-mail: mgraziano@eckertseamans.com
sjames@eckertseamans.com

*Attorneys for Pentagon Federal Credit Union*

**VERIFICATION OF INTERROGATORY ANSWERS**

I, Ryan Wolf, believe, based on reasonable inquiry, that the foregoing answers are true and correct.

I verify under penalty or perjury that the foregoing is true and correct.

**DATED**: June 11, 2024

Ryan Wolf
Title: Director
Pentagon Federal Credit Union

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of June, 2024, I served the foregoing via e-mail and first class mail on:

Nelson L. Bruce
P.O. Box 3345
Summerville, SC 29484
*Pro Se Plaintiff*

*/s/ Sarah A. James*
Sarah A. James

**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| **Nelson L. Bruce,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Pentagon Federal Credit Union a/k/a Pentagon Federal Credit Union Foundation ("Collectively" PENFED),** ***et al.*****,**<br><br>**Defendants.** | **Case No. 2:22-cv-02211-BHH-MGB** |

**DEFENDANT PENTAGON FEDERAL CREDIT UNION RESPONSES**
**TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

Pentagon Federal Credit Union ("PenFed") provides the following responses to the requests for production served by Nelson L. Bruce.

1. Please produce any and all documents and electronically stored data related to Interrogatories No. 1 through 16 and 18.

**RESPONSE: PenFed objects to this Request to the extent that Request Nos. 1-16, 18 seek documents that are irrelevant to Plaintiffs claims or defenses in this matter. PenFed objects to this Request to the extent the requested documents are protected by the attorney-client or the work product doctrine, such as emails between PenFed and undersigned counsel about PenFed's interrogatory answers or other materials created for or at the direction of PenFed's counsel. PenFed incorporates herein, each objection stated in its Response to Plaintiff's Interrogatories No. 1 through 16 and 18.**

2. Please produce the names, addresses and phone numbers of the third parties that you sold assigned and transferred plaintiffs accounts referenced in his 2nd amended complaint to.

**RESPONSE: PenFed objects to this Request to the extent it improperly requests information and not documents.**

3. Please produce any and all documents and electronically stored data supporting the exact dates that plaintiff's accounts were sold, assigned and transferred to third parties.

**RESPONSE: PenFed has no responsive documents in its possession.**

4. Please produce any and all insurance policies that are associated with the plaintiff's alleged debts referenced in his 2nd amended complaint.

**RESPONSE: PenFed objects to this Request to the extent it is overbroad and seeks documents irrelevant and disproportionate to the claims and defenses in this case.**

5. Please produce any and all your procedures for following and being in compliance with the FCRA and the Data Furnisher Rules.

**RESPONSE: PenFed will produce the requested Policies subject to a Confidentiality Order.**

6. Please produce any and all ACDV's that were created by any and all credit reporting agencies related to plaintiffs disputes from January 2019 to present.

**RESPONSE: PenFed will produce all relevant ACDVs related to Plaintiff's claims and defenses in this case.**

7. Please produce any and all documents you sent to plaintiff given him the opportunity, before the time that you disclosed nonpublic personal information to a nonaffiliated third such as the credit reporting agencies and the third parties referenced in plaintiff's 2nd amended complaint was initially disclosed to them so that he can direct that such information not be

disclosed to such third party explaining how the plaintiff can exercise that nondisclosure option giving him the opportunity to opt-out of his non-public personal information being report to a non-affiliated third party as required by The Gramm-Leach-Bliley Act as codified under 15 U.S.C. 6802.

**RESPONSE: PenFed objects to this Request as it is vague, confusing in its syntax, and calls for a legal conclusion, and as a result, PenFed is unable to provide a response. PenFed also objects to this Request to the extent that it seeks documents that are irrelevant to Plaintiffs claims or defenses in this matter. PenFed also objects to this Request to the extent Plaintiff seeks documents sent to him, and PenFed contends such documents are within Plaintiff's possession and equally available to him.**

8. Please produce any and all documents and electronically stored information related to your master account with any and all federal reserves. This would include your account number, any and all agreement, applications, transactions and balances transacted through this account from September 2016 to September 2017.

**RESPONSE: PenFed objects to this Request as it is vague, confusing in its syntax, expansively overbroad, unduly burdensome, and seeks documents that are irrelevant to Plaintiffs claims or defenses in this matter. Moreover, seeking confidential and highly confidential financial information from PenFed is wholly disproportionate to the needs of this case.**

9. Please produce any and all documents and electronically stored information related to the pools of loans that are securitized where plaintiff's alleged loan debts are or were associated with and pooled in. Produce all agreements associated, the names of the pools, cusip number

associated and the organizations associated with these pools of securities included the insurance policies associated with these pools.

**RESPONSE: PenFed objects to this Request as it is vague, confusing in its syntax, and seeks documents that are irrelevant to Plaintiffs claims or defenses in this matter.**

10. Please produce any and all documents and electronically stored data that has you deductions you received from the IRS related to any and all uncollectible worthless business bad debts from 2016 to present. Include the required statement that are associated with these deductions and all Schedule-C's filed with the IRS which documents your losses.

**RESPONSE: PenFed objects to this Request to the extent it is overbroad, unduly burdensome, and calls for a legal conclusion. PenFed further and seeks documents that are irrelevant to Plaintiffs claims or defenses in this matter.**

11. Please produce any and all your policies and procedures concerning the accuracy and integrity of furnished information as required under 16 C.F.R. § 660.3 et seq.

**RESPONSE: See document produced in response to Request No. 5.**

12. Please produce the name, address, and phone number of any and all indenture trusties that you are associated with that are associated with plaintiff's alleged debt accounts referenced in plaintiff's 2nd amended complaint.

**RESPONSE: PenFed objects to this Request to the extent it improperly requests the production of information and not documents. To the extent this request seeks the production of any documents related to the contact information of "any and all indenture trusties," PenFed objects to this Request as it is unclear how documents and electronically stored information could pertain to Plaintiff's claims or any defenses that may be asserted in this case.**

14. Please produce all of the EIN and FEIN numbers that you are using in your business and the names associated with these tax identification numbers.

**RESPONSE: PenFed objects to this Request to the extent it improperly requests the production of information and not documents. To the extent this request seeks the production of any documents related to PenFed's "EIN and FEIN numbers," PenFed objects to this Request on the grounds that it is overly broad and seeks documents which do not relate to the specific transaction and credit reporting dispute at issue in this case.**

15. Please produce any and all Bank accounts that you have and have created that are in the plaintiff's name.

**RESPONSE: PenFed objects to this Request as this request is vague, unclear, and confusing in its syntax as this request seeks the production of "any and all Bank accounts" that PenFed "created." PenFed further objects to this Request because this Request fails to identify any documents for which it seeks the production. To the extent this request seeks copies of Plaintiff's account statements, PenFed will produce the requested documents.**

16. Please produce any and all of your charge-off policies.

**RESPONSE: PenFed will produce the requested Policies subject to a Confidentiality Order.**

17. Please produce any and all information related to your ALLL account such as the amounts associated and the debits that you made from in this account to credit the receivables of charged-off debts from September 2016 to present. This would include documentation related to the amounts you have set as reserves to cover any and all loan and lease losses as required by the NCUA.

**RESPONSE: PenFed objects to this Request to the extent it improperly requests information and not documents. To the extent this request seeks the production of any**

**documents "related to [PenFed's] ALLL account," PenFed objects to this Request to the extent it is overbroad and seeks documents irrelevant and disproportionate to the claims and defenses in this case.**

18. Please produce a copy of your Call Reports to include your NCUA 5300 Call Reports from September 2016 to present.

**RESPONSE: PenFed objects to this Request on the grounds that it is overly broad and not reasonably limited in time or scope in that it seeks call reports that are irrelevant to Plaintiffs claims or defenses in this matter. Moreover, seeking confidential and highly confidential financial documents from PenFed is wholly disproportionate to the needs of this case.**

19. Please produce a colored picture of the front and back of any and all plaintiff's original "Notes" bearing his wet ink signature and or electronic signature in its current state as it stand today that is alleged to be in your custody control or possession.

**RESPONSE: PenFed objects to this Request on the grounds that it is overly broad, unduly burdensome, not limited in time or scope, and it is disproportionate to the needs of the case to the extent it seeks to require PenFed to produce original "colored picture[s]" of "any and all" of Plaintiff's "original 'Notes' bearing his wet ink signature and or electronic signature[.]" PenFed objects to this Request to the extent it is overbroad and seeks documents irrelevant and disproportionate to the claims and defenses in this case. PenFed also objects to the request to the extent that it seeks documents that are already in the possession of Plaintiff or is equally available to Plaintiff from some other source that is more convenient, less burdensome and/or less expensive.**

20. Please produce any and all transactions associated with account number 0000490847 with a routing number of 256078446 that is a PENFED account and the name this account is associated with who the owner of this account and where the funds generated from that were credited to this account.

**RESPONSE: PenFed objects to this Request to the extent it is overbroad and seeks documents irrelevant and disproportionate to the claims and defenses in this case. Moreover, seeking confidential and highly confidential financial information from PenFed, such as account information of an undisclosed PenFed member is wholly disproportionate to the needs of this case.**

21. Please produce the full names of any and all persons who have personal firsthand personal knowledge of any fact related to any claims and defenses that you may have at trial and can sufficiently answer questions at trial on behalf of you related to this case. Please produce a statement of their positions, and their day to day tasks, functions and responsibilities.

**RESPONSE: PenFed objects to this Request to the extent it improperly requests information and not documents. PenFed also objects to Request No. 21 to the extent it seeks to require PenFed to create new documents or to provide narrative statements by asking PenFed to "identify" persons and documents because such a request is beyond the scope of Rule 34 of the Federal Rules of Civil Procedure.**

22. Please produce any and all documents and electronically stored information that you will be using at trail to support any claims and defenses you may have.

**RESPONSE: PenFed has not yet determined what documents and electronically stored information it intends to introduce at trial, and will provide any such documents in**

**accordance with the Federal Rules of Civil Procedure, the Local Rules, and any applicable scheduling order in this matter.**

Dated: June 11, 2024.

**PENTAGON FEDERAL CREDIT UNION**

*/s/ Sarah A. James*
G. Troy Thames (Federal ID No.: 07713)
WILLSON JONES CARTER & BAXLEY, P.A.
4922 O'Hear Avenue, Suite 301
North Charleston, SC 29405
Telephone: (843) 284-0832
Facsimile: (843) 606-3300
Email: tthames@wjcblaw.com

Michael A. Graziano (*pro hac vice*)
Sarah A. James (*pro hac vice*)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C. 20006
Telephone: 202.659.6671
Facsimile: 202.659.6699
E-mail: mgraziano@eckertseamans.com
sjames@eckertseamans.com

*Attorneys for Pentagon Federal Credit Union*