# EXHIBITS 4.3

RECEIVED
USDC CLERK CHARLESTON,SC
2024 JUL 30 AM 9:07

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Pentagon Federal Credit Union; et al.<br><br>　　　　　Defendants. | Case No.: 2:22-cv-02211-BHH-MGB<br><br>PLAINTIFF'S AMENDED SECOND SET OF REQUESTS FOR INTERROGATORIES AND PRODUCTION OF DOCUMENTS TO PENTAGON FEDERAL CREDIT UNION ("PENFED") |

### PLAINTIFF'S AMENDED SECOND SET OF REQUESTS FOR INTERROGATORIES AND PRODUCTION OF DOCUMENTS TO PENFED

Pursuant to Fed. R. Civ. P. 26, 33, and 34 Plaintiff hereby Presents the following Interrogatories and request for production of documents to **PENTAGON FEDERAL CREDIT UNION (herein PENFED)** to serve its answers, in writing and under oath, to the Plaintiff at c/o P.O. BOX 3345, Summerville, South Carolina 29484, within 30 days of service of these Interrogatories and requests for the production of documents. INTERROGATORIES (are to be answered contextually, without regard to typo, sentence structure and/or grammar. Everyone is deemed to know the law, everyone is deemed to have a reasonable understanding of law, the following is founded on the maxim i.e.: principles of law, please be advised)-Purported and alleged as identified, unsecured creditor Pentagon Federal Credit Union "PenFed", shall be whom "you" and/or "your" is referenced in the next set of sections: please answer each item numbered below clearly and concisely. Pursuant to the Federal Reserve Operating Circular No. 10 Appendix 3, when a promissory note, accompanied by the application identified therein, is used as collateral and security for a loan, and upon approval by the Federal Reserve Board of Governors.

**INTERROGATORY NO. 19:** Please explain in full complete detail what type of transactions that you conduct on a daily, weekly, monthly and or yearly basis that are associated with your Master account or any other accounts you have setup with the Federal Reserve Bank, Federal Reserve Bank Services, and or Federal Reserve Discount Window?

**ANSWER:**

**INTERROGATORY NO. 20:** Please explain in full completed detail whether you ever pledged any collateral with any Federal Reserve Bank and or its affiliates successors or assigns as collateral is defined on the Federal Reserve Bank website at https://www.frbdiscountwindow.org/Pages/Collateral/collateral_eligibility related to any consumer since you were granted access and service on 7-11-1994?

**ANSWER:**

**INTERROGATORY NO. 21:** Please explain in full complete detail whether or not you ever completed any operating circular 10's plus associated documents that the Federal Reserve require be completed [see… https://www.frbservices.org/resources/rules-regulations/operating-circulars.html#7##7] with any Federal Reserve Bank its affiliates or assigns between January 1, 2016 to present? If so, please explain in full complete detail what was your purpose for completing the operating circulars and what did you receive as a result of doing so?

**ANSWER:**

**INTERROGATORY NO. 22:** Please explain in full completed detail whether or not you fully disclosed/communicated to the plaintiff and or any other member of your banking association at the time of signing any alleged agreements with you to any and all loans you allegedly provided to us that it was your intent to pledge our alleged loans and or promissory notes as collateral and security for the alleged loans with a federal reserve bank as documented in your "call reports"?

**ANSWER:**

**INTERROGATORY NO. 23:** Please explain in full complete detail have you ever sold, assigned/transferred any of the plaintiff's accounts referenced in this case to any third parties at any time since their open dates to the present date and then had it transferred/assigned and or sold back to you? If so please explain in full complete details the exact dates you sold, assigned/transferred these accounts to third parties and the exact dates you repurchased the accounts and/or the accounts were re-assigned/transferred back to you.

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

These requests for production include the original media and all copies that differ from the original in any respect, such as notations made on the copy. These requests are also intended to include all media of any nature that are now or have at any time been within your care, custody or control. If a document or media is no longer in your care, custody or control, identify its disposition.

If you contend that any document or media responsive to any request is privileged, in whole or in part, or if you otherwise object to its production, then with respect to each such document or media, Identify the date of the media, the nature or type of media, the individual that prepared the media, any recipients of the media, including anybody that may have the media in their possession, and from whom you obtained the media. State with particularity the reason or reasons for your objection and/or the nature of any privilege asserted together with sufficient proof supporting your alleged privilege exemption. All requests for production include electronically stored documents rather mentioned below or not.

Please identify each person who provides documents to these demands and each person (attach pages if necessary) who assisted, including attorneys, accountants, employees of third party entities, or any other person consulted, however briefly, on the content of any document to provide a statement under oath stating that the documents being sent are true and correct copies of the original.

**PLEASE NOTE** the maxim on notice's, if you are not the appropriate agent/principle or have knowledge of whom the actual party happens to be you are to notify myself and that party immediately, and have or cause to have delivered these demanded request[s] without delay, as is required via your internal policies and due process.

**REQUEST FOR PRODUCTION NO. 23:** Please produce any and all documents and electronically stored data related to Interrogatories No.'s 19 - 23.

**REQUEST FOR PRODUCTION NO. 24:** Please produce any and all documents and supporting law(s) that support your claim that the alleged loans are legal.

**REQUEST FOR PRODUCTION NO. 25:** Please produce any and all documents and agreements mutually agreed upon between you and the plaintiff where you fully disclosed to the plaintiff that you would be pledging his alleged loans and promissory notes as collateral and security with the Federal Reserve Bank in exchange for Federal Reserve notes and or credits.

**REQUEST FOR PRODUCTION NO. 26:** Please produce the law that states that credit is not currency/money of the United States that can be used in the United States as payments.

**REQUEST FOR PRODUCTION NO. 27:** Please produce any and all documents and electronically stored data, information and transactions related to any and all accounts you have and or had used with any federal reserve bank from February 1, 2016 to December 31, 2018.

**REQUEST FOR PRODUCTION NO. 28:** Please produce any and all documents and electronically stored data, information and transactions related to your U102 restricted securities account with the Federal Reserve from February 1, 2016 to December 31, 2018.

**REQUEST FOR PRODUCTION NO. 29:** Please produce any and all documents and electronically stored data, related to any and all Federal Reserve notes received, credit received from the Federal Reserve Bank related to any and all collateral that you have pledged and or deposited with the Federal Reserve Bank from February 1, 2016 to December 31, 2018 including any and all Fed wire transactions or any transactions with the Federal Reserve Bank. Produce a detail list of what accounts these transactions are associated with.

**REQUEST FOR PRODUCTION NO. 30:** Please produce the full complete names of all Representatives that plaintiff spoke to on the phone and or answered plaintiff's call and or called plaintiff back on December 27, 2021 as a result of a call to related to the PenFed accounts referenced in this case.

**REQUEST FOR PRODUCTION NO. 31:** Please produce the names of the organizations, entities, persons you use to mediate the sales of your accounts to third party debt buyers, lenders, collection agencies.

**REQUEST FOR PRODUCTION NO. 32:** Please produce the contact information (name, address, phone number) for any and all trustees of the trusts where plaintiff's accounts, alleged loans, alleged loan debts, collateral/security, collateral/security instruments, collateral loans have been pooled with and traded on along with other members accounts, alleged loans, alleged loan debts, collateral/security, collateral/security instruments, on the secondary market. Please include the pool numbers which is the identification numbers identifying the pool of collateral/security being traded and cusip numbers.

**REQUEST FOR PRODUCTION NO. 33:** Please produce evidence that you compensated the plaintiff for using his collateral/security to make additional profits and gains, to enrich yourselves.

**REQUEST FOR PRODUCTION NO. 34:** Please produce any and all assets pledged to secure borrowings that you documented in your call report in the "CREDIT AND BORROWING ARRANGEMENTS" section of your Call Report you filed on September 30, 2016 referencing what assets you pledged to secure borrowings in the amount of $10,436,910,592, pledged to the Federal Reserve Bank of West Virginia and or any other Federal Reserve Bank in any district as of September 30, 2016 which you reported to the National Credit Association on call report form 5300.

## DEFINITIONS

The following are definitions of the terms used in these interrogatories and requests for production. Please read these definitions carefully as some of the words used in these discovery requests may be more expansive than those terms are given in common usage.

1. "You" and "your" shall refer to and include the party to whom these discovery requests are directed as well as current and former attorneys, agents, investigators, consultants, accountants, officers, directors, subsidiaries, holding companies, partners, assignors, assignees, investors, and employees.

2. "Person" or "entity" means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons or other association separately identifiable, whether or not such association has a separate juristic existence in its own right.

3. "Document" or "media" means recorded material in any form, including the original and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including, without limitation, correspondence, memoranda, notes, desk calendar, diaries, statistics, letters, telegrams, minutes, contracts, applications, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls, voice mails, chat rooms, meetings or other communications, bulletins, bulletin boards, magazines, publications, printed matter, photographs, video, computer stored or generated information, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recording transcripts, graphic or aural records or representations of any kind, of which you have knowledge or which are or were formally in your actual or constructive possession, custody, or control.

4. "Possession, custody or control" includes the joint or several possession, custody or control not only by the person to whom these interrogatories and requests are addressed, but also the joint or several possession, custody or control by each or any other person or entity acting or purporting to act on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesman or otherwise.

5. The terms "relate to", "relating to", "pertain to", and "pertaining to" are used in the broadest sense and mean to refer to, discuss, involve, reflect, deal with, consist of, represent, constitute, emanate from, directed at, support, evidence, describe or mention.

6. "Describe" means to state every material fact and circumstance specifically and completely (including, but not limited to, date, time, location and the identity of all participants) and whether each such fact or circumstance is stated on knowledge, information, or belief, or is alleged without foundation.

7. "Account" means any account reported to plaintiff's consumer report by PENFED related to the claims in this case.

8. "Hard" or "Soft" Inquiry" means a credit check. A request to a credit reporting agency for a copy of Plaintiff's consumer credit file/report.

9. "Computer" shall include, but is not limited to, microcomputers (also known as personal computers or desktops), laptop computers, portable computers, personal digital assistants, Blackberrys, minicomputers and mainframe computers.

10. "Electronic data" and "Electronically Stored" means all information stored in a digital format. Electronic data also includes, but is not limited to, electronic mail messages and attachments, contacts, stored IP Addresses, journal entries, calendar entries, word processing documents, spreadsheets, databases including all records and fields and structural information, charts, graphs, and Any and all correspondence or other document/records that are not privileged as per rules of evidence that are in your possession and or expected to be in your possession either expressly through the original agreement and or statute; miscellaneous files responsive to the following requests. The responding party is expected to search for Any and all correspondence or other document/records that are not privileged as per rules of evidence that are in your possession and or expected to be in your possession either expressly through the original agreement and or statute; information stored on hard disks, floppy disks, CDs, DVDs, USB devices, Personal Digital Assistants (such as Palm Pilots, Blackberrys and Treos), and in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with the information described above.

11. "Evidentiary Image" means a true bit-stream copy of the data requested.

12. "Deleted File" means any electronic data file that has been erased or deleted from the electronic media on which it resided.

13. "File", when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored.

    a. Throughout these discovery requests language should be read in light of the context in which it is used. Consequently, the singular includes the plural and the plural includes

the singular, where appropriate. Furthermore, the masculine is intended to also refer to the feminine, where appropriate and vice versa.

14. "Investigative consumer report" means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information.

15. "Verified" means to check that it is in fact true by careful examination or investigation, and through the receipt of physical documentation.

16. "Data Furnisher" means PENTAGON FEDERAL CREDIT UNION (F.K.A. PENFED).
17. "Third Party" as it relates to this matter means any person, organization, entity, individual, trustee, indenture trustee, affiliate, agent, representative other than PENFED.

RESPECTFULLY PRESENTED,

Dated this 13th day of June, 2024.

"Without Prejudice"

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Secured Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

Page 7 | 8