IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PENTAGON FEDERAL CREDIT UNION a.k.a. PENTAGON FEDERAL CREDIT UNION FOUNDATION ("collectively" PENFED), EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, all unknown Does 1-100, et al.,<br><br>　　　　Defendants. | Case No. 2:22-cv-02211-BHH-MGB<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 60(B) MOTION** |

Defendant Equifax Information Services LLC ("Equifax"), by Counsel, hereby submits its Response in Opposition to Plaintiff's Rule 60(b) Motion (Doc. 220), and shows the Court as follows:

**INTRODUCTION**

Plaintiff's Rule 60(b) motion is difficult to decipher. (*See generally* Doc. 220.)  As it concerns Equifax, Plaintiff appears to move for reconsideration of that part of the District Judge's March 20, 2024 Order (Doc. 154) that overruled Plaintiff's Objections (Doc. 137) to that part of the Magistrate Judge's Report and Recommendation (Doc. 131) concluding that Plaintiff's May 3, 2022 letter to Equifax (Doc. 1-2, at 48) did not trigger any obligation of Equifax to reinvestigate under 15 U.S.C. § 1681i because it did not provide Equifax notice of a dispute sufficient to trigger its reinvestigation duty. (*See* Doc. 220, at 5 ("Disputes were triggered as a result of Plaintiff's May

3, 2022 dispute with Equifax . . . . Therefore, these claims should have also been allowed to proceed . . . .").)[1]

## STANDARD

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

To prevail, on a Rule 60(b) motion, "a party must first demonstrate (1) timeliness, (2) a meritorious [claim], (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Justus v. Clarke*, 78 F.4th 97, 105 (4th Cir. 2023) (citations omitted). After meeting this threshold showing, a party must establish that he meets one of the six categories listed

---

[1] In his Rule 60(b) Motion, Plaintiff also references the allegation contained within paragraph 66 of his Second Amended Complaint (reiterated at paragraph 75 of the Third Amended Complaint) that the "Defendant Bureaus violated 15 U.S.C. § 1681a(d)(2)(A)(i) by repeatedly producing consumer reports to third parties containing information solely as to transactions or experiences between the consumer and the person making the report, which the FCRA explicitly excludes from the definition of a consumer report." (Doc. 22, at 4.) Equifax is at a loss as to what Plaintiff purports to mean by this. There are no specific factual allegations explaining what this means. In any event, the claim that because certain types of reports are not regulated as consumer reports therefore consumer reports are prohibited from containing information that would otherwise fall outside the FCRA's regulation if compiled on a standalone basis is nonsensical. Moreover, the FCRA contains a provision that expressly lists the information that cannot be included in a consumer report, 15 U.S.C. § 1681c(a), and "information solely as to transactions or experiences between the consumer and the person making the report" is not included in the list.

in Rule 60(b). *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). A Rule 60(b) motion "may not be used to relitigate claims already decided by the court." *Saunders v. City of Petersburg Police Dept.*, 158 Fed. App'x 491 (4th Cir. Dec. 28, 2005) (*per curiam*); *accord CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 400 (4th Cir. 1995) ("Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue.") (citation omitted); *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982) ("Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)."); *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F.Supp.2d 612, 620 (D. Md. 2013) ("A motion for reconsideration is not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.") (citation and quotations omitted).

## ARGUMENT

### I. Plaintiff's Motion Is Nothing More Than A Request That The District Court Change Its Mind

In his Motion, as relates to Equifax, Plaintiff asserts that "[t]he Court's Order[] dates March 20, 2024 . . . failed to properly consider the statutory requirements of the FCRA regarding consumer disputes and investigations." (Doc. 220, at 4.) Plaintiff appears to claim that, because the FCRA requires a consumer reporting agency to notify a consumer within 5 days if it determines their dispute is frivolous, and he alleges that he received no such notification, therefore it was incorrect for the Court to determine that Plaintiff's May 3, 2022 letter could not trigger a reinvestigation obligation under 1681i. (*Id.*, at 5.) He asserts that Equifax "categorized" his May 3, 2022 letter "as [a] dispute[] related to accuracy" and "therefore an investigation was conducted." (*Id.*) His argument appears to be that *because Equifax took some action* on his May 3, 2022 letter, therefore the letter *necessarily triggered Equifax's legal obligation* to do so under 1681i.

Plaintiff's argument is nothing more than an attempt to relitigate a legal issue already decided by the Court: namely, whether the May 3, 2022 letter (incorporated into the pleadings) was legally sufficient under § 1681i to put Equifax on notice of a dispute of an inaccuracy. The Magistrate Judge already concluded that the May 3, 2022 letter's "request that Equifax 're-investigate if every piece of information' reported for three PenFed accounts 'is correct' does not provide Equifax notice of a dispute sufficient to trigger its reinvestigation duty under § 1681i." (Doc. 131, at 10). The District Judge already overruled Plaintiff's Objection to this conclusion. (*See* Doc. 154, at 13-14.)  Indeed, in his Objection, Plaintiff made the very same argument that he does now. (*See* Doc. 137, at 2 ("[T]he Magistrate's decision conflicts with what has conspired . . . as the record clearly evidences that a re-investigation was triggered evidenced by Equifax results[.]").)  Accordingly, Plaintiff's Rule 60(b) Motion, as it relates to Equifax, is nothing more than a request that the Court "change its mind," and, therefore, "is not authorized by Rule 60(b)." *Williams*, 674 F.2d at 313.

Moreover, Plaintiff's argument is as wrong now as it was before. Equifax, by its conduct, cannot transmogrify a legally insufficient letter into a letter that triggers a § 1681i reinvestigation duty.  That Equifax took some action upon receipt of Plaintiff's May 3, 2022 letter does not mean it was legally obligated to do so, such that Plaintiff can manipulate perceived deficiencies in Equifax's action into a claim for violation of the FCRA. Any contrary holding would allow for even more abuse of the FCRA, for a consumer could gin up a claim that would survive to trial (imposing huge litigation costs and the concomitant settlement pressure) merely by submitting a generic-to-the-point-of-meaningless dispute of an account on his credit file and then claiming in a

lawsuit that a specific aspect of the account wasn't properly reinvestigated.[2] Without fair notice, "including an explanation of *why* a consumer believes his or her report is inaccurate or incomplete, a CRA generally would not know *what* information to reinvestigate, *how* to reinvestigate it, or *whether* upon reinvestigation the information is indeed inaccurate or incomplete." *Petty v. Equifax Info. Servs. LLC*, 2010 WL 4183542, at *3 (D. Md. Oct. 25, 2010) (emphasis added). It is for this reason that "if a consumer later sues a CRA for a violation of its reinvestigation duty under § 1681i(a), he or she may only sue based on alleged violations of which the consumer provided notice to the CRA." *Id*.

All of this was already considered and decided by the Court. Plaintiff's Rule 60(b) motion is nothing more than an attempt to relitigate these issues. It is due to be denied.

## CONCLUSION

For the reasons set forth herein, Equifax respectfully requests the Court deny Plaintiff's Rule 60(b) Motion to the extent it seeks to overturn that part of the District Judge's March 20, 2024 Order that overruled Plaintiff's Objections to that part of the Magistrate Judge's Report and Recommendation concluding that Plaintiff's May 3, 2022 letter to Equifax did not trigger any obligation of Equifax to reinvestigate under 15 U.S.C. § 1681i.

[*Signature on following page*]

---

[2] To be clear, it is Equifax's belief that the opposite – as demonstrated by Plaintiff's September 21, 2021 dispute – is equally abusive: a kitchen-sink dispute chock full of frivolous and boilerplate reasons for disputing an account, followed by a lawsuit pin-pointing a specific issue (whether the accounts were transferred or sold) not fairly presented in the mish mash dispute letter.

DATED: August 5, 2024

Respectfully submitted,

WYCHE, P.A.


By: */s/ Rita Bolt Barker*
Rita Bolt Barker (Fed. ID No. 10566)
200 East Broad Street, Suite 400
Greenville, South Carolina 29601
Telephone: (864) 242-8235
Facsimile: (864) 235-8900
E-mail: rbarker@wyche.com

***Counsel for Defendant***
***Equifax Information Services LLC***

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2024, I presented the foregoing **RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 60(B) MOTION** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.  A copy has also been sent via U.S. Mail to the following:

> Nelson L. Bruce *(plaintiff pro se)*
> c/o P.O. Box 3345
> Summerville, South Carolina  29484
> Telephone:  (843) 437-7901
> Email:  leonbruce81@yahoo.com

>     */s/ Rita Bolt Barker*
>     Rita Bolt Barker
>     ***Counsel for Defendant***
>     ***Equifax Information Services LLC***