IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE,<br><br>    Plaintiff,<br><br>v.<br><br>PENTAGON FEDERAL CREDIT UNION a/k/a PENTAGON FEDERAL CREDIT UNION FOUNDATION, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, LEXISNEXIS RISK SOLUTIONS, INC., and UNKNOWN DOES 1-100,<br><br>    Defendants. | CASE NO.: 2:22-cv-02211-BHH-MGB |

**TRANS UNION LLC'S MOTION TO COMPEL
PLAINTIFF'S DISCOVERY RESPONSES AND MEMORANDUM IN SUPPORT**

  COMES NOW, Defendant Trans Union LLC ("Trans Union") pursuant to Local Civ. Rule 7.04 and 37.01 (D.S.C.) and moves this Court for an order compelling *Pro Se* Plaintiff Nelson L. Bruce ("Plaintiff"), to provide supplemental responses to Trans Union's First Set of Interrogatories and First Requests for Production, within seven days of the Court's Order. As grounds therefore, Trans Union would respectfully show the Court as follows:

### I.  INTRODUCTION

  1.  Plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, South Carolina's Consumer Protection Code ("SCCPC") § 37-20-170, and Common Law Defamation of Character "Libel" by Trans Union stemming from allegedly inaccurate reporting of three Pentagon Federal Credit Union ("PenFed") accounts reporting adversely on his Trans Union credit file. As a result of Trans Union's reporting, Plaintiff claims that he suffered actual damages in the form of "loss of credit, denial of credit and credit card applications, and higher interest rates on loans and credit cards."

1

2. In order to examine Plaintiff's claimed damages pertaining to loss of credit, denied applications, and higher interest rates, Trans Union sought limited written discovery related to Plaintiff's income history, a crucial factor in the lending decisions at issue. Despite multiple conferences regarding the relevancy of this request, Plaintiff refuses to provide any information about his income during the relevant period.

3. Having exhausted all other avenues, Trans Union now moves for an order compelling Plaintiff to provide supplemental answers, under oath, to Trans Union's Interrogatories, supplemental responses to Trans Union's Requests for Production, as well as any documents responsive thereto. Additionally, Trans Union seeks an award against Plaintiff for its reasonable expenses, including its attorney's fees, incurred in connection with this Motion.

## II.     SUMMARY OF DISCOVERY

4. In Plaintiff's 3rd Amended Verified Complaint, Plaintiff claims that "As a result of Defendants failure to comply with the FCRA, the SCCPC…, and the erroneous derogatory information, Plaintiff suffered concrete harm in one or more of the following forms:… loss of credit, loss of the ability to purchase and benefit from credit, bank account denials, denial of credit and credit card applications, [and] higher interest rates on loans and credit cards.." *See* ECF No. 171 at ¶ 106, 117, 144, 154, 159.

5. On May 9, 2024, Trans Union served its First Set of Interrogatories and First Requests for Production on Plaintiff, by email and U.S. First Class Mail. *See* the Declaration of Kyle Pietrzak ("Pietrzak Dec.") at ¶3, attached hereto as **Exhibit A**, and the correspondence to Plaintiff dated May 9, 2024, attached hereto as **Exhibit A-1**.

6.  On June 9, 2024, Plaintiff served his Discovery Responses, but failed to sufficiently answer Trans Union's Interrogatories and Requests for Production. *See* Pietrzak Dec. ¶4, **Exhibit A-2**.

7.  On July 1, 2024, counsel for Trans Union and Plaintiff met and conferred telephonically in a good faith attempt to resolve the discovery disputes. Following the conference, Plaintiff and Trans Union agreed, in writing, as required by Local Rule 37.01(A), that Plaintiff would supplement his Discovery Responses by July 22, 2024, and Trans Union would have until August 5, 2024, to bring a Motion to Compel, if necessary[1]. *See Id.* at ¶5, **Exhibit A-3**.

8.  Plaintiff served his First Supplemental responses to Trans Union's First Set of Interrogatories and Requests for Production ("Supplemental Discovery Responses") on July 22, 2024. *See Id.* at ¶7 . **Exhibit A-4**.

9.  Plaintiff's Supplemental Discovery Responses remain deficient as to Interrogatory No. 13, in that he still refused to provide any information regarding his income history; and, Request for Production No. 38, as he still refused to provide Trans Union with the tax authorization form allowing Trans Union to obtain the necessary income information directly from the IRS. *Id.* at ¶8.

10. Trans Union has been forced to incur attorney fees as a result of having to prepare and file the instant Motion to Compel. *See Id.* at ¶10.

---

[1] Plaintiff and Trans Union originally agreed that Plaintiff's Supplemental Responses would be due July 15, 2024, giving Trans Union until July 29, 2024, to bring a Motion to Compel. On July 12, 2024, the original agreement was extended by 7 days at Plaintiff's request. *See Id.* at ¶6, **Exhibit A-3**.

### III.     ARGUMENTS AND AUTHORITIES

As amended, the Federal Rule of Civil Procedure provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case…" *Lynch v. Dining Concepts Grp., LLC.*, No. 2:15-cv-580-PMD, 2016 WL 1448478, at *1 (D.S.C. Apr. 13, 2016). Relevant information does not need to be admissible at trial to be discoverable. *Id.* The standard for relevance is broad at the discovery stage. *U.S. ex rel Pogue v. Diabetes Treatment Ctrs. Of Am.*, 235 F.R.D. 521, 525 (D.D.C. 2006). "Although pleadings are the starting point from which relevancy and discovery are determined…[r]elevancy is not limited to the exact issues identified in the pleadings…[r]ather, the general subject matter of the litigation governs the scope of relevant information for discovery purposes." *Billioni v. Bryan*, No. 0:14-cv-03060-JMC, 2015 WL 9122776, at *1 (citation omitted).

Federal Rule of Civil Procedure 37 provides the Court with broad discretion to compel a party to respond to discovery requests. *Acosta v. Hilton Worldwide*, No. 4:15-cv-00495-RBH, 2015 WL 5089640, at *1 (D.S.C. Aug 27, 2015). The party opposing a motion to compel bears the burden of demonstrating why it should be denied. *See Beazer Homes Corp. v. Hartford Fire Ins. Co.*, No. 4:10-cv-2419-RBH-TER, 2012 WL 6210323, at *4 (D.S.C. Dec. 13, 2012). Local Rule 7.02 does not require counsel to consult with a *pro se* litigant prior to filing a motion to compel.

Plaintiff has placed his financial information at issue, claiming significant damages including loss of credit, denial of credit applications, and higher interest rates on loans and credit cards. To examine these claims, and its possible defenses, Trans Union seeks discovery of Plaintiff's income history during the relevant period, which would have been a critical factor in the lending decisions at issue. Lenders, as part of the "Ability to Pay" analysis as required under

4

the Truth in Lending Act ("TILA"), would have requested such information from Plaintiff and would have considered the same, before finalizing their lending decisions. *See 24 15 U.S.C. § 1665e (2012); see also 12 C.F.R. § 1026.51(a) (2013).*

Trans Union is entitled to discovery related to Plaintiff's alleged damages for loss of credit, denial of credit application, and higher interest rates on loans and credit cards. In order to prepare its defense, it is essential that Trans Union examine the full picture of Plaintiff's "credit worthiness" during the relevant period, including his income information. Should Plaintiff have any concerns regarding the privacy of the information, he may designate the requested information as "confidential" pursuant to the Protective Order. Therefore, Trans Union respectfully requests that the Court issue an Order compelling Plaintiff to respond to Trans Union's Interrogatories and Requests for Production of Documents, as described below, within seven (7) days of the issuance of such Order.

### A. Discovery Responses Requiring Supplementation

The following Discovery Responses are relevant to Plaintiff's § 1681e(b) and § 1681i claims against Trans Union and require immediate supplementation:

> **INTERROGATORY NO. 13:** Identify and describe Plaintiff's total income for each year from five (5) years preceding the filing of the Lawsuit to the present, including the amount of income derived from each source.
>
> **Plaintiff's Response:** Plaintiff objects to this entire interrogatory as being overly broad, unduly burdensome and vague in nature, irrelevant to this matter and would not lead to any facts, nor derive from a violation of any laws presented in plaintiff's amended complaint related to any inaccurate, incomplete, unverified reporting of the accounts, and bankruptcy by Trans Union in this case that would constitute as a defense, and is further objected to, to the extent that it request [sic] information that is outside the claims in this complaint which are outside the 2-5 year statute of limitation. To the extent this interrogatory has been answered in response to interrogatory no. 12.
>
> **Plaintiff's Supplemental Response:** Plaintiff objects to this entire interrogatory as being overly broad, unduly burdensome and vague in nature, irrelevant to this

matter and would not lead to any facts, nor derive from a violation of any laws presented in plaintiff's amended complaint related to any inaccurate, incomplete, unverified reporting of the accounts, and bankruptcy by Trans Union in this case that would constitute as a defense, and is further objected to, to the extent that it request [sic] information that is outside the claims in this complaint which are outside the 2-5 year statute of limitation. To the extent this interrogatory has been answered in response to interrogatory no. 12.

**REQUEST FOR PRODUCTION NO. 38**: Please execute and return the original attached Tax Authorization attached hereto.

**Plaintiff's Response:** Plaintiff objects to this production as it is an invasion of privacy and to the extent that production of the request would not lead to any defenses related to the claims in this case.

**Plaintiff's Supplemental Response:** Plaintiff objects to this production as it is an invasion of privacy and to the extent that production of the request would not lead to any defenses related to the claims in this case.

*See* **Ex. A-2, A-4**

"[P]roof of damage is an essential element of an action under the FCRA." *Pettus v. TRW Consumer Credit Srv.,* 879 F.Supp. 695, 697-98 (W.D. Tex. Aug. 18, 1994) (citing *Cahlin v. General Motors Acceptance Corp.,* 936 F.2d 1151, 1160-61 (11th Cir. 1991)). Plaintiff claims that "As a result of Defendants failure to comply with the FCRA, the SCCPC…, and the erroneous derogatory information, Plaintiff suffered concrete harm in one or more of the following forms:… loss of credit, loss of the ability to purchase and benefit from credit, bank account denials, denial of credit and credit card applications, higher interest rates on loans and credit cards.." *See* ECF No. 171 at ¶ 106, 117, 144, 154, 159. Although Plaintiff suggests that these credit decisions were solely based on his credit report, it is common knowledge that lenders consider many other factors, including a person's income when evaluating an application to assess the applicant's ability to repay any debt incurred. In fact, TILA requires issuers to evaluate an applicant's ability to make required payments based on their income or assets, ensuring that credit is extended responsibly. Income information helps credit card companies set

6

appropriate credit limits and interest rates, aligning with regulatory requirements and promoting sound financial practices. *See* 15 U.S.C. § 1665e (2012*); see also* 12 C.F.R. § 1026.51(a) (2013). Therefore, Plaintiff's income information and tax returns are clearly relevant to the calculation or substantiation of Plaintiff's claimed damages related to loss of credit, denied applications or higher interest rates.

Although the Fourth Circuit has not developed a clear rule as to the discoverability of tax returns, in general, disclosure of tax returns is disfavored. *Susko v. City of Weirton*, Civ. Action No. 5:09-CV-1, 2010 WL 3584425, at *3 (N.D. W. Va., Sept. 10, 2010) ("[J]udicial consensus exists that, as a matter of policy, great caution should be exercised in ordering the disclosure of tax returns"). "The majority rule that has emerged from federal case law is that a two-prong test should be applied to determine if the qualified privilege protecting tax returns is overcome." *Hastings v. OneWest Bank, FSB*, Civil Case No. GLR-10-3375, 2013 WL 1502008, at *2 (D. Md. Apr. 11, 2013) (quoting *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.,* No. 1:02CV00146, 2004 WL 444570, at *2 (M.D.N.C., Feb. 24, 2004) ). "Under this test, tax returns are discoverable if (1) they are relevant to a matter in dispute; and (2) they are needed, because the information is not available from other sources." *Id.* "The party seeking disclosure carries the burden to show that the tax returns are relevant, and the resisting party carries the burden to identify an alternate source of the information." *Id.* As demonstrated above, Plaintiff's income information is relevant to his claims in this case. As to the second prong, Plaintiff's tax information from the IRS is only needed due to Plaintiff's continued refusal to provide the requested income information in response to Interrogatory No. 13.

Therefore, Trans Union seeks an order compelling Plaintiff to fully respond, without any further objection to Interrogatory No. 13. In addition, or in the alternative, Trans Union seeks an order compelling Plaintiff to execute a Tax Authorization form allowing Trans Union to obtain Plaintiff's tax and income information directly from the IRS.

**B.     This Court Has Broad Discretion to Impose Sanctions Against Plaintiff for Failure to Sufficiently Respond to Discovery**

Pursuant to Federal Rule of Civil Procedure 37, Trans Union requests that the Court order Plaintiff to pay Trans Union's reasonable attorney's fees that were unjustly incurred a result of Plaintiff's unreasonable failure to fully respond to Trans Union's Discovery Requests. Federal Rule of Civil Procedure 37(a)(4)(A) provides that if a motion to compel is granted, the court shall, after giving an opportunity to be heard, require the party whose conduct necessitated the motion, to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees… FRCP 37(a)(4)(A). Plaintiff has been given ample opportunity to comply with Trans Union's relevant and reasonable discovery requests, yet Plaintiff has refused to fully respond to Trans Union's Discovery Requests without sufficient justification. Therefore, Trans Union respectfully requests that this Court make an award in favor of Trans Union for expenses that were unjustly accrued as a result of Plaintiff's unreasonable failure to fully respond to Trans Union's Discovery Requests.

### IV.     CONCLUSION

Trans Union respectfully requests that this Court issue an Order (i) overruling Plaintiff's objections to Interrogatory No. 13 and Request for Production No. 38; (ii) compelling Plaintiff to provide supplemental responses to Trans Union's Discovery Requests within seven (7) days of the date of the Court's order; (iii) compelling Plaintiff to serve on Trans Union's counsel, within ten (7) days of the date of the Court's order, a copy of all documents responsive to Request for

8

Production No. 38; (iv) finding that Trans Union is entitled to an award against Plaintiff for its reasonable expenses, including its attorney's fees, incurred in connection with this Motion; and (v) awarding Trans Union any such other and further relief to which Trans Union may show itself justly entitled.

Respectfully Submitted,

*s/ Wilbur E. Johnson*
Wilbur E. Johnson
wjohnson@ycrlaw.com
Federal ID No.: 2212
Clement Rivers, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
(843) 724-6659
(843) 579-1332 Fax
**Counsel for Trans Union LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August 2024, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

G. Troy Thames
tthames@wjlaw.net
Willson Jones Carter and Baxley
421 Wando Park Boulevard, Suite 100
Mt Pleasant, SC 29464
(843) -284-0832
(843) 284-1081 Fax
and
Michael A. Graziano
mgraziano@eckertseamans.com
Eckert Seamans Cherin and Mellott LLC
1717 Pennsylvania Avenue NW, Suite 1200
Washington, DC 20006
(202) 659-6671
(202)659-6699 Fax
***Counsel for Pentagon Federal Credit Union a/k/a Pentagon Federal Credit Union Foundation***

Lyndey Ritz Zwing Bryant
lyndey.bryant@arlaw.com
Adams and Reese LLP
1221 Main Street, Suite 1200
Columbia, SC 29201
(803) 212-4958
(803) 779-4749 Fax
***Counsel for Experian Information Solutions, Inc.***

Rita Bolt Barker
rbarker@wyche.com
Wyche PA
200 E Broad Street, Suite 400
Greenville, SC 29601-2892
(864) 242-8235
and
Eric F. Barton
ebarton@seyfarth.com
Seyfarth Shaw LLP
1075 Peachtree Street NE, Suite 2500
Atlanta, GA 30309
(404) 885-1500
***Counsel for Equifax Information Services, LLC***

William Joseph Farley, III
will.farley@troutman.com
Troutman Sanders LLP
301 S Tryon Street, Suite 3400
Charlotte, NC 28202
(704) 998-4099
***Counsel for LexisNexis Risk Solutions, Inc.***

I further certify that I forwarded a copy of the foregoing by U.S. First Class Mail to the following non-CM/ECF participants:

Nelson L. Bruce
PO BOX 3345
Summerville, SC 29484-3345
***Pro Se Plaintiff***

*s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**

10