# Exhibit A-1

Correspondence to Plaintiff dated May 9, 2024

**QSLWM**

QUILLING · SELANDER · LOWNDS · WINSLETT · MOSER

A PROFESSIONAL CORPORATION
ATTORNEYS AND COUNSELORS

6900 N. DALLAS PARKWAY, SUITE 800
PLANO, TEXAS 75024

KYLE PIETRZAK
kpietrzak@qslwm.com

Direct: (214) 560-5458
Main: (214) 871-2100
Fax: (214) 871-2111

May 9, 2024

**VIA EMAIL & FIRST-CLASS MAIL**
Nelson L. Bruce
leonbruce81@yahoo.com
P.O. Box 3345
Summerville, SC 29484

Re:    Case No. 2:22-cv-02211-BHH-MGB (Dist. of SC – Charleston Div.)
       *Nelson L. Bruce v. Pentagon Federal Credit Union, et al.*

Dear Mr. Bruce:

Regarding the above referenced matter, enclosed please find:

1. Defendant Trans Union LLC's First Set of Interrogatories to Plaintiff;
2. Defendant Trans Union, LLC's First Request for Admission to Plaintiff; and
3. Defendant Trans Union LLC's First Requests for Production to Plaintiff.

If you have any questions, do not hesitate to contact me.

Sincerely,

Kyle Pietrzak

KP/de
Enclosures
cc:    *via email (w/encs)*
       G. Troy Thames
       Michael A. Graziano
       Lyndey Ritz Zwing Bryant
       Rita Bolt Barker
       Eric F. Barton
       William Joseph Farley, III

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| NELSON L. BRUCE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PENTAGON FEDERAL CREDIT UNION | ) | |
| a/k/a PENTAGON FEDERAL CREDIT | ) | |
| UNION FOUNDATION, EXPERIAN | ) | CASE NO.:  2:22-cv-02211-BHH-MGB |
| INFORMATINO SOLUTIONS, INC., | ) | |
| TRANS UNION, LLC, EQUIFAX | ) | |
| INFORMATION SERVICES, LLC, and | ) | |
| UNKNOWN DOES 1-100, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT TRANS UNION LLC'S**
**FIRST SET OF INTERROGATORIES TO PLAINTIFF**

TO:   NELSON L. BRUCE, Pro Se Plaintiff, PO BOX 3345, Summerville, SC 29484.

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Defendant Trans Union LLC (hereinafter referred to as "Trans Union"), hereby serves upon Plaintiff the following Interrogatories.  You are required to serve responses to the following Interrogatories within thirty (30) days of the date of service by serving your responses on Trans Union's counsel of record.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions shall apply to Trans Union's First Set of Interrogatories:

1.      "You," "Your," and "Plaintiff" mean the plaintiff or plaintiffs who brought the Lawsuit and any of their authorized agents or representatives.

2.      "Trans Union" means Defendant Trans Union LLC and its employees, agents, or representatives.

3.      "Person or Entity" means any natural person, individual, partnership, corporation, trust, estate, cooperative, association, business, legal or government entity, governmental subdivision or agency, or other entity.

1

4.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in the Federal Rule of Civil Procedure 34(a), is used in the broadest sense contemplated by FRCP 34 and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge slips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced

5.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes every manner of transmitting or receiving facts spoken by one person and from one person to another person, information, opinions, or thoughts, whether orally, by documents, writing, or copy thereof, or otherwise, including, but not limited to, words transmitted by telephone, radio, or any method of voice recording.

6.     "Complaint" refers to the original and any amended complaint or petition filed by Plaintiff in this action.

7.     The "FCRA" refers to the federal Fair Credit Reporting Act, codified at 15 U.S.C. § 1681, *et seq*.

8.    "Credit Report" and "Consumer Report" mean any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.

9.    "Credit File" means all of the information on that consumer recorded and retained by a consumer reporting agency for resale to third parties.

10.    "Lawsuit" means this action in which this discovery is served.

11.    "Identify and describe" means the following:

(1)    When used in connection with natural persons, "identify and describe" means to give the person's full name, present or last known address, present or last known place of employment, and present or last known telephone number(s).

(2)    When used in connection with an entity, "identify and describe" means to state the entity's full name, present or last known address(es), present or last known telephone number(s), and organization form.

(3)    When used in connection with an act, event, or claim, "identify and describe" means to provide a detailed description of the act, event, or claim, including the place, date, and time of its occurrence, and the persons and/or entities engaged in the act, event, or claim

(4)    When used in connection with documents, "identify and describe" means to state the nature or type of the document, its author(s), its addressee(s) or recipient(s), its title or subject matter, and its date. If the document has already been produced, it can be identified by the number given to it at the time of production. If the document has not been previously produced, then Trans Union requests that it be produced, pursuant to Fed. R. Civ. P. 34.

(5)    When used in connection with a contact or communication, "identify and describe" means to state the time, date, place, and means of the contact or communication, the identity of all persons participating in the contact or communication, the identity of persons hearing the contact or communication, and a detailed description of the contact or communication.

3

12.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.  The use of the word "including" shall be construed to mean "without limitation."

13.     The use of the singular shall be deemed to include the plural, and the masculine and feminine, as appropriate in the context.

14.     In answering these Interrogatories, Plaintiff shall furnish all information known by or available to Plaintiff.  If any of these Interrogatories cannot be answered in full, Plaintiff shall so state, and the Interrogatory shall be answered to the extent possible.  Do not simply refer to your Pleadings or Disclosures.

15.     Unless indicated otherwise, the time period covered by these Interrogatories is from ten (10) years preceding the filing of the Lawsuit to the present.

16.     If any information responsive to these Interrogatories is withheld on the basis of privilege, provide a privilege log as and when required by Fed. R. Civ. P. 26.

## **INTERROGATORIES**

**INTERROGATORY NO. 1:**  State Plaintiff's full name (including middle name and previous names), social security number, date of birth, and addresses where Plaintiff has resided or received mail, including the dates for each such address, from ten (10) years preceding the filing of the Lawsuit to the present.

**ANSWER:**

**INTERROGATORY NO. 2:**  For each item or category of damage You claim to have suffered because of some action or inaction by Trans Union, identify and describe the nature and amount of the damages sought, how the damages were calculated, and the facts supporting Your claim that the damages resulted from some action or inaction of Trans Union.

4

**ANSWER:**

**INTERROGATORY NO. 3:** If You contend that Trans Union reported inaccurate information regarding You, identify and describe the person or entity to whom Trans Union reported such information, the dates on which such information was reported, and what was inaccurate about the information.

**ANSWER:**

**INTERROGATORY NO. 4:** For each person or entity with which You have applied for credit or that has otherwise reviewed Your Consumer Report or Credit Report from five (5) years preceding the filing of the Lawsuit to the present, identify and describe the date that You applied for credit or other transaction, the type of transaction involved, and the terms offered and/or received.

**ANSWER:**

**INTERROGATORY NO. 5:** If You contend any application for credit or other transaction identified in response to the previous interrogatory was affected in any way by any action and/or inaction of Trans Union, identify and describe what effect such action and/or inaction allegedly had and any damage You claim to have suffered.

**ANSWER:**

**INTERROGATORY NO. 6:** Identify and describe each and every inaccuracy You contend exists or ever existed in any Consumer Report, Credit Report, or Credit File disclosure that forms the basis of this suit or any claims You believe You have against Trans Union, including how and when You first became aware of the alleged inaccuracy.

**ANSWER:**

5

**INTERROGATORY NO. 7:**    State all of the facts, describe all relevant action or inaction on the part of Trans Union, and relate the substance of any statement made by Trans Union or any of its employees on which You rely in support of Your allegations that Trans Union violated the FCRA.

**ANSWER:**

**INTERROGATORY NO. 8:**  Identify and describe all contacts and communications, between You (or anyone acting on Your behalf) and any consumer reporting agency, credit reporting agency, or reseller, including but not limited to Trans Union.

**ANSWER:**

**INTERROGATORY NO. 9:**    Identify and describe all contacts and communications, between You (or anyone acting on Your behalf) and any furnisher of information that forms the basis of Your claims against any of the Defendants or former Defendants in this action or the furnisher of any other information that was reported as adverse in any of Your Consumer Reports, Credit Reports, or Credit File disclosures.

**ANSWER:**

**INTERROGATORY NO. 10:**  If Plaintiff has sought medical treatment, mental health, or psychiatric treatment, advice, or counseling of any type, identify and describe every medical, psychiatric or mental health practitioner, therapist, counselor or professional You have seen or any medical or mental health facility to which You have been admitted from ten (10) years preceding the filing of the Lawsuit to the present.

**ANSWER:**

**INTERROGATORY NO. 11:**  Identify and describe each Person or Entity that You believe has knowledge of facts relating to the claims that were or are asserted in this case and describe the facts of which You believe they have knowledge.

**ANSWER:**

**INTERROGATORY NO. 12:** Identify and describe Plaintiff's work history from ten (10) years preceding the filing of the Lawsuit to the present, including name of employer, address, dates of employment, and rate of pay.

**ANSWER:**

**INTERROGATORY NO. 13:** Identify and describe Plaintiff's total income for each year from five (5) years preceding the filing of the Lawsuit to the present, including the amount of income derived from each source.

**ANSWER:**

**INTERROGATORY NO. 14:**  If You have settled Your claims with any Defendant or former Defendant in this action, identify and describe the settlement, including all monetary and non-monetary terms.

**ANSWER:**

**INTERROGATORY NO. 15:**  Identify and describe in detail Your relationship to, use of, and payment for the account(s) or other information made the basis of Your claims in the Lawsuit.

**ANSWER:**

**INTERROGATORY NO. 16:**  Identify and describe each method of payment used by You to pay the account(s) made the basis of Your claims in the Lawsuit, including the name of the bank

7

or account issuer used to make the payment, account number, and the dates on which payments were made using each such method of payment.

**ANSWER:**

                  Respectfully submitted,

                  */s/ Wilbur E. Johnson*
                  Wilbur E. Johnson
                  wjohnson@ycrlaw.com
                  Federal ID No.: 2212
                  Clement Rivers, LLP
                  25 Calhoun Street, Suite 400
                  Charleston, SC 29401
                  (843) 724-6659
                  (843) 579-1332 Fax
                  ***Counsel for Trans Union LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of May 2024, a true and correct copy of the above

and foregoing document has been sent by Electronic Mail to the following parties:

G. Troy Thames
tthames@wjlaw.net
Willson Jones Carter and Baxley
421 Wando Park Boulevard, Suite 100
Mt Pleasant, SC 29464
(843) -284-0832
(843) 284-1081 Fax
and
Michael A. Graziano
mgraziano@eckertseamans.com
Eckert Seamans Cherin and Mellott LLC
1717 Pennsylvania Avenue NW, Suite 1200
Washington, DC 20006
(202) 659-6671
(202)659-6699 Fax
*Counsel for Pentagon Federal Credit Union a/k/a Pentagon Federal Credit Union Foundation*

Lyndey Ritz Zwing Bryant
lyndey.bryant@arlaw.com
Adams and Reese LLP
1221 Main Street, Suite 1200
Columbia, SC 29201
(803) 212-4958
(803) 779-4749 Fax
*Counsel for Experian Information Solutions, Inc.*

Rita Bolt Barker
rbarker@wyche.com
Wyche PA
200 E Broad Street, Suite 400
Greenville, SC 29601-2892
(864) 242-8235
and
Eric F. Barton
ebarton@seyfarth.com
Seyfarth Shaw LLP
1075 Peachtree Street NE, Suite 2500
Atlanta, GA 30309
(404) 885-1500
*Counsel for Equifax Information Services, LLC*

William Joseph Farley, III
will.farley@troutman.com
Troutman Sanders LLP
301 S Tryon Street, Suite 3400
Charlotte, NC 28202
(704) 998-4099
*Counsel for LexisNexis Risk Solutions, Inc.*

I further certify that I forwarded a copy of the foregoing document has been sent by

Electronic Mail and by U.S. First Class Mail to the following parties:

Nelson L. Bruce
leonbruce81@yahoo.com
PO BOX 3345
Summerville, SC 29484-3345
*Pro Se Plaintiff*

*/s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**

5857574.1

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| NELSON L. BRUCE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | |
| PENTAGON FEDERAL CREDIT UNION a/k/a PENTAGON FEDERAL CREDIT UNION FOUNDATION, EXPERIAN INFORMATINO SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, and UNKNOWN DOES 1-100, | ) ) ) ) ) ) ) ) ) | CASE NO.:  2:22-cv-02211-BHH-MGB |
| Defendants. | ) ) | |

**DEFENDANT TRANS UNION LLC'S**
**FIRST REQUESTS FOR PRODUCTION TO PLAINTIFF**

TO:   NELSON L. BRUCE, Pro Se Plaintiff, PO BOX 3345, Summerville, SC 29484.

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Defendant Trans Union LLC (hereinafter referred to as "Trans Union"), hereby serves upon Plaintiff the following Requests for Production.  You are required to produce those documents in the possession, custody or control of the Plaintiff, which are responsive to this Request for Production of documents by forwarding same within thirty (30) days of the date of service to Trans Union's counsel of record.

**DEFINITIONS AND INSTRUCTIONS**

The following definitions shall apply to Trans Union's First Requests for Production:

1.      "You," "Your," and "Plaintiff" mean the plaintiff or plaintiffs who brought the Lawsuit and any of their authorized agents or representatives.

2.      "Trans Union" means Defendant Trans Union LLC and its employees, agents, or representatives.

1

3.     "Person or Entity" means any natural person, individual, partnership, corporation, trust, estate, cooperative, association, business, legal or government entity, governmental subdivision or agency, or other entity.

4.     "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in the Federal Rule of Civil Procedure 34(a), is used in the broadest sense contemplated by FRCP 34 and includes, but is not limited to, the following items: agreements; drafts; communications; correspondence; telegrams; cables; facsimiles; memoranda; records; books; financial statements; summaries of records or notes of personal conversations or interviews; diaries; calendars; forecasts; statistical statements; accountants work papers; graphs; charts; maps; diagrams; blue prints; tables; indexes; pictures; recordings; tapes; microfilm; charge slips; accounts; analytical records; minutes or records of meetings or conferences; reports and/or summaries of investigations; opinions or reports of consultants; appraisals; reports and/or summaries of negotiations; brochures; pamphlets; circulars; trade letters; press releases; contracts; stenographic, handwritten or any other notes; projections; working papers; federal and state income tax returns; checks, front and back; check stubs or receipts; shipping documents; manifests; invoice vouchers; computer printouts and computer disks and tapes; and tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched, taped, filmed or graphic matters; however produced or reproduced.

5.     "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) and includes every manner of transmitting or receiving facts spoken by one person and from one person to another person, information, opinions, or thoughts, whether orally, by documents, writing, or copy thereof, or otherwise, including, but not limited to, words transmitted by telephone, radio, or any method of voice recording.

6.      "Complaint" refers to the original and any amended complaint or petition filed by Plaintiff in this action.

7.      The "FCRA" refers to the federal Fair Credit Reporting Act, codified at 15 U.S.C. § 1681, *et seq*.

8.      "Credit Report" and "Consumer Report" mean any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living.

9.      "Credit File" means all of the information on that consumer recorded and retained by a consumer reporting agency for resale to third parties.

10.     "Lawsuit" means this action in which this discovery is served.

11.     "Identify" or "describe" means the following:

> (1)     When used in connection with natural persons, "identify and describe" means to give the person's full name, present or last known address, present or last known place of employment, and present or last known telephone number(s).

> (2)     When used in connection with an entity, "identify and describe" means to state the entity's full name, present or last known address(es), present or last known telephone number(s), and organization form.

> (3)     When used in connection with an act, event, or claim, "identify and describe" means to provide a detailed description of the act, event, or claim, including the place, date, and time of its occurrence, and the persons and/or entities engaged in the act, event, or claim.

> (4)     When used in connection with Documents, "identify and describe" means to state the nature or type of the document, its author(s), its addressee(s) or recipient(s), its title or subject matter, and its date. If the Document has already been produced, it can be identified by the number given to it at the time of production. If the Document has not been previously produced, then Trans Union requests that it be produced, pursuant to Fed. R. Civ. P. 34.

> (5)     When used in connection with a contact or communication, "identify and describe" means to state the time, date, place, and means of the contact or communication, the identity of all persons participating in the contact or

communication, the identity of persons hearing the contact or communication, and a detailed description of the contact or communication.

12.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the requests inclusive rather than exclusive.  The use of the word "including" shall be construed to mean "without limitation."

13.     The use of the singular shall be deemed to include the plural, and the masculine and feminine, as appropriate in the context.

14.     In producing Documents and other materials, Plaintiff is requested to furnish all Documents or things in Plaintiff's possession, custody or control, regardless of whether such Documents or materials are possessed directly by Plaintiff or Plaintiff's agents, employees, adjusters, attorneys, accountants, auditors, adjusters, representatives or investigators.

15.     In the event that the response to any document request is "not applicable" or any similar phrase or answer, explain in detail why that document request is not applicable.

16.     In the event that the response to any document request is "don't know" or "unknown" or any similar phrase or answer, explain in detail all efforts made by the named party or Plaintiff's attorneys or representatives to obtain the response to that document request.

17.     These document requests are intended as continuing requests, requiring you to respond by supplemental response, setting forth any Documents within the scope of the document request as may be required by you, your agents, attorneys or representatives following your original response.

18.     If any part of a Document is responsive to any request, produce the whole Document.  If any requested Document or thing cannot be produced in full, produce it to the fullest extent possible.

19.     Unless indicated otherwise, the time period covered by these Requests is from ten (10) years preceding the filing of the Lawsuit to the present.

4

20.    If any information responsive to these Requests is withheld on the basis of privilege, provide a privilege log as and when required by Fed. R. Civ. P. 26.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**    All Documents identified or requested to be identified in response to Defendant Trans Union's First Set of Interrogatories to Plaintiff.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**    A true and correct copy of every Social Security card that has been issued to or used by Plaintiff or otherwise in Plaintiff's possession.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**    A true and correct copy of every form of identification, i.e., driver's license, voter's registration card, birth certificate, passport, that has been issued to or used by Plaintiff in the ten (10) years prior to the filing of the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**    All    applications,    contracts,    notices, correspondence, consumer reports, credit reports, notes, invoices, statements, past due notices, or other Documents You relied upon in answering, or otherwise identified in Your responses, to any Interrogatories served upon You in this action.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**    All statements taken by Plaintiff or on Plaintiff's behalf from any person or entity identified by any party in response to any interrogatories or in any disclosure in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**    All contracts, agreements, invoices, bills, notices, collection notices, past due notices, correspondence, canceled checks, evidence of payments made, evidence of fraud, evidence of FCRA violations or other Documents pertaining to any account or other information that forms the basis of Your claims against any of the Defendants or former Defendants in this action or any account that was reported as adverse in any of Your consumer reports, credit reports or credit files.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**    A true and correct copy, front and back, of each credit card or charge card that Plaintiff possesses or has any rights to use, or has used in any manner, during the five (5) years prior to the filing of the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:**    True and correct copies of all statements, invoices, or bills received by Plaintiff during the ten (10) years prior to filing of the Complaint from any third party that claimed that amounts were due from Plaintiff as the result of any credit transaction or any other alleged extension of credit for any purpose.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:**    All mortgage applications, mortgage deeds, mortgage notes, underwriting documents, collection notices or other Documents evidencing or referring to Plaintiff's real property ownership or liability or responsibility for payment on real property which Plaintiff has sent or received during the ten (10) years prior to filing of the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:**    All correspondence, notices, disputes, complaints, notes, fraud statements, affidavits, police reports or other Documents You have received from or sent to any creditor, consumer reporting agency, credit reporting agency, reseller, or any of their employees concerning Your credit file or consumer report or credit report or any accounts contained therein, including any notes or memoranda made by You (or anyone on Your behalf) which reflect any conversations with any such persons or entities.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:**    All credit card statements, credit agreements, contracts, correspondence, disputes, complaints, notes, fraud statements, notices or other Documents You have received from or sent to any creditor or potential creditor, concerning any of Your accounts or applications, that form the basis of Your claims against any Defendant or former Defendant in this action or any account that was reported as adverse in any of Your consumer reports, credit reports or credit files.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:**    All court papers, decrees, pleadings, judgments, or other Documents reflecting any criminal conviction of any party to this case or any person identified by any party as having knowledge of relevant facts or as having knowledge of discoverable information.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:**    All correspondence, disputes, notes, complaints, notices, or other Documents that evidence or reflect any communications between You and any creditor or furnisher of information, whose account forms the basis of Your claims against any of

the Defendants or former Defendants in this action or any account that was reported as adverse in any of Your consumer reports, credit reports or credit files.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:**    All solicitations, applications, denials, contracts, adverse action letters, notices, correspondence, or other Documents that evidence or reflect any credit denials or adverse action received by You from five (5) years prior to the filing of the Complaint to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:**    All applications, contracts, denials, adverse action letters, notices, correspondence, or other Documents that evidence or reflect any credit applications You have completed from five (5) years prior to the filing of the Complaint to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:**    All applications, contracts, statements, notices, invoices, bills, past due notices, correspondence, or other Documents that evidence or reflect any new credit accounts You have opened from five (5) years prior to the filing of the Complaint to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:**    All correspondence, applications, denials, adverse action letters, contracts, or other Documents related or referring to any credit, loan, or other opportunity You claim to have been denied or otherwise experienced adverse action because of some action or inaction on the part of Trans Union.

8

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:**   All correspondence, complaints, notes, disputes, notices, or other Documents that evidence or reflect communications between You and Trans Union.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:**   All statements made by an employee or representative of Trans Union concerning the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:**   All credit applications, denial letters, adverse action letters, or other Documents that evidence or support the establishment (including existence and amount) of damages You claim to have suffered as a result of anything Trans Union did or failed to do.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:**   All applications, contracts, invoices, notes, notices, or other Documents, which reflect any costs, charges, or expenses incurred by You, for which You are seeking reimbursement in this lawsuit, including attorney fees, costs and expenses.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:**   Please produce all correspondence, memoranda, notes, notices, consumer reports, credit reports, disputes, complaints, file disclosures, affidavits, police reports, evidence of fraud, or other Documents You have received from or sent to any

consumer reporting agency, credit reporting agency or reseller from five (5) years prior to the filing of the Complaint to the present, including, but not limited to Trans Union LLC, Experian Information Solutions, Inc., and/or Equifax Information Services, LLC.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:**  All consumer reports, credit reports, credit files, disclosures, or other Documents reflecting Your credit history prepared by any consumer reporting agency, credit reporting agency or reseller, including but not limited to Equifax Information Services, LLC, Trans Union LLC, and/or Experian Information Solutions, Inc.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:**  All files, correspondence, notes, records or other documents made or kept by you (or anyone on your behalf) regarding the subject matter or matters of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:**  All    medical    records,    counseling    notes, prescriptions, diagnoses, invoices, states, bills, or other Documents that evidence, reflect, support or contradict Your claim for discomfort and/or mental anguish or similar types of injury as a result of the conduct alleged in this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:**  All medical records or other Documents, which relate to medical or psychiatric treatment, advice or counseling received or sought by You from ten (10) years prior to the filing of the Complaint to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:**  If You are claiming damages for any medical symptom, medical condition, mental anguish, or emotional distress, sign and return the original Authorization for Disclosure of Protected Health Information attached hereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:**  All releases or settlement agreements between You and any other person or entity signed from five (5) years prior to the filing of the Complaint to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:**  All correspondence, bills, data, reports, invoices records, notes, denials, adverse action letters, or other Documents received from third parties or produced to You, formally or informally, in response to a request or subpoena from You regarding the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:**  All reports, including factual observations, tests, supporting data, calculations, photographs, reports, analysis, correspondence, notes, computer printouts, databases, portions of scholarly works, opinions, or other Documents prepared by or for each expert or lay opinion witness Plaintiff expects to call at the trial of this cause.  In the event such reports have not been recorded or reduced to a tangible form, a request is hereby made that they be reduced to a tangible form and produced.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:**  All Documents or tangible evidence of every sort, including but not limited to, reports, analysis, correspondence, notes, computer printouts,

11

databases, scholarly works, or other Documents provided by You or Your attorney to any consulting expert whose opinion or impressions have been reviewed by an expert expected to testify at trial.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:**   All files, correspondence, notes, records, or other Documents which Plaintiff expects to introduce as evidence at trial or which Plaintiff intends to use at trial in any matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:**   All correspondence, declaration pages, interest rate charts, data compilations, tangible things, or any other Documents or evidentiary material on which a computation of damages is based, including materials bearing on the nature and extent of damages allegedly suffered.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:**   All correspondence, letters, notes, or other Documents that support Your allegations in the Complaint that You contacted Trans Union as alleged in the Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:**   If You are represented by an attorney, please produce all contracts, fee agreements, correspondence, or other Documents relating or referring to Your claim for attorneys' fees, including any fee arrangement or retainer agreements between You and Your current or former attorney(s), and fee statements, records and descriptions of hours worked, descriptions of work performed, and expenses incurred.

5857610.1

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:**    All receipts, invoices, bills, or other Documents which reflect any costs, charges, or expenses incurred by You, for which You are seeking reimbursement in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:**    Copies of Plaintiff's Federal and State Income Tax returns, with all schedules attached, for each year from five (5) years prior to the filing of the Complaint to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:**    Please execute and return the original attached Tax Authorization attached hereto.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:**    All correspondence, brochures, papers, books, manuals, notebooks, checklists, outlines, or other Documents You have received or reviewed relating to repairing, restoring, or modifying Your credit report or credit score.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:**    Please produce all correspondence, memoranda, notes, notices, consumer reports, credit reports, disputes, complaints, answers, responses, file disclosures, affidavits, police reports, fraud statements, evidence of fraud, or other Documents made, sent, or received by You (or anyone on Your behalf) to or from any state or federal agencies or authorities, from five (5) years prior to the filing of the Complaint to the present,

including, but not limited to, any attorney general or the Consumer Financial Protection Bureau

concerning Your credit file, consumer report, credit report or any accounts contained therein.

**RESPONSE:**

Respectfully submitted,

/s/ Wilbur E. Johnson
Wilbur E. Johnson
wjohnson@ycrlaw.com
Federal ID No.: 2212
Clement Rivers, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
(843) 724-6659
(843) 579-1332 Fax
**Counsel for Trans Union LLC**

5857610.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 9th day of May 2024, a true and correct copy of the above

and foregoing document has been sent by Electronic Mail to the following parties:

G. Troy Thames
tthames@wjlaw.net
Willson Jones Carter and Baxley
421 Wando Park Boulevard, Suite 100
Mt Pleasant, SC 29464
(843) -284-0832
(843) 284-1081 Fax
and
Michael A. Graziano
mgraziano@eckertseamans.com
Eckert Seamans Cherin and Mellott LLC
1717 Pennsylvania Avenue NW, Suite 1200
Washington, DC 20006
(202) 659-6671
(202)659-6699 Fax
***Counsel for Pentagon Federal Credit Union
a/k/a Pentagon Federal Credit Union
Foundation***
Lyndey Ritz Zwing Bryant
lyndey.bryant@arlaw.com
Adams and Reese LLP
1221 Main Street, Suite 1200
Columbia, SC 29201
(803) 212-4958
(803) 779-4749 Fax
***Counsel for Experian Information Solutions,
Inc.***

Rita Bolt Barker
rbarker@wyche.com
Wyche PA
200 E Broad Street, Suite 400
Greenville, SC 29601-2892
(864) 242-8235
and
Eric F. Barton
ebarton@seyfarth.com
Seyfarth Shaw LLP
1075 Peachtree Street NE, Suite 2500
Atlanta, GA 30309
(404) 885-1500
***Counsel for Equifax Information Services,
LLC***

William Joseph Farley, III
will.farley@troutman.com
Troutman Sanders LLP
301 S Tryon Street, Suite 3400
Charlotte, NC 28202
(704) 998-4099
***Counsel for LexisNexis Risk Solutions, Inc.***

I further certify that I forwarded a copy of the foregoing document has been sent by

Electronic Mail and by U.S. First Class Mail to the following parties:

Nelson L. Bruce
leonbruce81@yahoo.com
PO BOX 3345
Summerville, SC 29484-3345
***Pro Se Plaintiff***

*/s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**

**<u>Authorization for the Disclosure of Protected Health Information pursuant
to the Health Insurance Portability and Accountability Act ("HIPAA")
and 45 C.F.R. § 164.508</u>**

*Name & Contact Information of Healthcare Provider Authorized to Disclose Information:*

**TO:** _____

1.    **I hereby authorize the disclosure of protected health information as described below from the record(s) pertaining to:**

      Patient Name: _____NELSON L. BRUCE_____
      Birth Date: _____09/28/1982_____
      Social Security No.: _____XXX-XX-7185_____

2.    **Persons or class of persons authorized to disclose the protected health information:**

      All health plans, health care clearinghouses, and health care providers, including but not limited to, physicians, hospitals, pharmacists and any other medical facility or health care provider that possesses protected health information pertaining to the above-named patient

3.    **Person(s) or class of persons to whom the protected health information may be disclosed:**

      Defendants in 2:22-cv-02211-BHH-MGB, styled *Nelson L. Bruce v. Pentagon Federal Credit Union a/k/a Pentagon Federal Credit Union Foundation, et al.*, pending in the United States District Court for the District of South Carolina, Charleston Division. The phrase "Defendant(s)" includes all current and future defendants in the Lawsuit.

      Attorney(s) for the Defendant(s) in the Lawsuit.  The phrase "Attorney(s)" shall include, but not be limited to, Quilling, Selander, Lownds, Winslett & Moser, P.C., located at 6900 N. Dallas Parkway, Suite 800, Plano, TX  75024.

      Agents for the Defendants and Agents for their Attorneys.  The phrase "Agents" shall include, but not be limited to, record service representatives.

4.    **Description of protected health information to be disclosed:**

      In-patient and/or out-patient records; admission and discharge records, summaries and/or forms; patient information sheet; consent forms; authorization forms; patient questionnaires; patient history and/or physical forms; operation admission and discharge records; operative reports; physician's notes; nurse's notes; skilled nurse's notes; physician orders; observation notes; procedure notes; medication notes; physical therapy records or notes; rehabilitation records or notes; social worker records or notes; face sheets; dictation; phone orders; lab reports; summaries; photographs; slides; pulmonary or cardiac diagnostic test or procedure reports; consultation reports; progress notes or reports; status notes or reports; diagnoses; treatment notes or reports; narratives; emergency room records; x-rays; CT scans; MRI scans; EEGs; EKGs; echocardiogram worksheets, reports and tapes/films; V/Q scans and/or lung scan worksheets, reports, and tapes/films; sonogram or ultrasound worksheets, reports and tapes/films; arteriogram worksheets, reports and tapes/films; cardiac catheterization worksheets, reports, tracings, and tapes/films; pathology reports, samples, specimens, paraffin blocks, unstained and/or stained slides; written prescriptions and triplicate forms; package inserts, patient information leaflets, sheets, and/or PPIs, or other information provided with prescriptions; patient counseling records, documents used by pharmacist, pharmacist technicians or assistants giving counseling, copies of prescription labels used on the bottle and package attachments showing dosage and instructions for administration of prescriptions; autopsy reports; post-mortem reports; external examination reports; toxicology reports; body transferal records, notes, correspondence; billing invoices, correspondence/memoranda, itemized statements, computer print-outs, ledger cards, doctors' liens, letters of protection, Medicare/Medicaid filing statements; correspondence

from attorneys, other physicians, insurance companies, Texas Workers' Compensation Commission, or Social Security Administration; notes or messages of telephone conversations; handwritten notes; office notes; patient charts; test results or data; calendar entries reflecting scheduled appointments for the patient. The information may be oral or written, and includes insurance records, including Medicare/Medicaid and other public assistance claims, applications, statements, eligibility materials, claims or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other document or thing pertaining to services furnished under Title XVII of the Social Security Act or other forms of public assistance (federal, state, or local). The term "correspondence" does not include correspondence between the physician and/or health care provider and his/her/its legal counsel and/or malpractice insurance carrier.

5.    **Time Frame of Requested Information:**  Birth to Present.

6.    **HIV/AIDS:** I understand that the records used and disclosed pursuant to this authorization form may include information relating to: Human Immunodeficiency Virus ("HIV") infection, Acquired Immunodeficiency Syndrome ("AIDS") or other sexually transmitted diseases.

7.    **Drug/Alcohol and Mental Health Treatment Records: I understand that the records used and disclosed pursuant to this authorization form may include information relating to treatment and counseling for drug and/or alcohol dependency or relating to mental health treatment and counseling and/or psychiatric disorders.**

8.    **The protected health Information will be disclosed for the following purposes:**

For review, analysis, evaluation and use in the Lawsuit. For use as evidence in the Lawsuit.

9.    **I understand that the protected health information described above may be redisclosed and no longer protected by federal and state privacy regulations.  However, I understand that the recipient may be prohibited from disclosing substance abuse information under the Federal Substance Abuse Confidentiality requirements.**

10.    **I understand that l: may revoke this authorization in writing at any time. I understand that I may revoke this authorization by sending or faxing a written notice to the disclosing party identified in (2.) above. This written revocation must state my intent to revoke this authorization. However, I understand that any actions already taken in reliance on this authorization cannot be reversed, and any revocation will not affect those actions.**

11.    **I understand that the entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not I sign the authorization.**

12.    **Any facsimile, copy or photocopy of this authorization shall be as valid as the original.**

13.    **This authorization shall expire at the completion of the Lawsuit (whether such completion occurs by settlement or after final judgment and expiration of all applicable appeals or deadlines for appeal) unless it is revoked as referenced above.**

Signature of Patient or Patient's Legal Representative:_____

Date: _____

Printed Name of Legal Representative (if any): _____

Representative's Authority to Act for Patient: _____

Form **4506**

(Novmeber 2021)

Department of the Treasury
Internal Revenue Service

## Request for Copy of Tax Return

▶ Do not sign this form unless all applicable lines have been completed.

▶ **Request may be rejected if the form is incomplete or illegible.**

▶ For more information about Form 4506, visit *www.irs.gov/form4506.*

OMB No. 1545-0429

**Tip: Get faster service:** Online at www.irs.gov, **Get Your Tax Record** (Get Transcript) or by calling **1-800-908-9946** for specialized assistance. We have teams available to assist. **Note:** Taxpayers may register to use Get Transcript to view, print, or download the following transcript types: **Tax Return Transcript** (shows most line items including Adjusted Gross Income (AGI) from your original Form 1040-series tax return as filed, along with any forms and schedules), **Tax Account Transcript** (shows basic data such as return type, marital status, AGI, taxable income and all payment types), **Record of Account Transcript** (combines the tax return and tax account transcripts into one complete transcript), **Wage and Income Transcript** (shows data from information returns we receive such as Forms W-2, 1099, 1098 and Form 5498), and **Verification of Non-filing Letter** (provides proof that the IRS has no record of a filed Form 1040-series tax return for the year you requested).

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Kyle Pietrzak, Quilling, Selander, Lownds, Winslett & Moser, P.C., 6900 N. Dallas Parkway, Suite 800, Plano, Texas 75024 Telepone: (214) 560-5458**

**Caution:** If the tax return is being sent to the third party, ensure that lines 5 through 7 are completed before signing. (see instructions).

**6** **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____

**Note:** If the copies must be certified for court or administrative proceedings, check here . . . . . . . . . . . . . ☐

**7** **Year or period requested.** Enter the ending date of the tax year or period using the mm/dd/yyyy format (see instructions).

12 / 31 / 2019     12 / 31 / 2020     12 / 31 / 2021     12 / 31 / 2022

12 / 31 / 2023     ___ / ___ / ___     ___ / ___ / ___     ___ / ___ / ___

**8** **Fee.** There is a $43 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order.**

| | | |
|---|---|---|
| **a** | Cost for each return . . . . . . . . . . . . . . . . | $ **43.00** |
| **b** | Number of returns requested on line 7 . . . . . . . . . . | **5** |
| **c** | Total cost. Multiply line 8a by line 8b . . . . . . . . . | $ **215.00** |

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . ☐

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☐   **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506.** See instructions.

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶ _____    **Signature** (see instructions)     Date

_____    Print/Type name     Title (if line 1a above is a corporation, partnership, estate, or trust)

▶ _____    **Spouse's signature**     Date

_____    Print/Type name

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**     Cat. No. 41721E     Form **4506** (Rev. 11-2021)

Form 4506 (Rev. 11-2021) <span style="float:right">Page **2**</span>

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506.*

## General Instructions

**Caution:** Do not sign this form unless all applicable lines, *including lines 5 through 7,* have been completed.

**Designated Recipient Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information received pursuant to the taxpayer's consent and holds the recipient subject to penalties for any unauthorized access, other use, or redisclosure without the taxpayer's express permission or request.

**Taxpayer Notification.** Internal Revenue Code, Section 6103(c), limits disclosure and use of return information provided pursuant to your consent and holds the recipient subject to penalties, brought by private right of action, for any unauthorized access, other use, or redisclosure without your express permission or request.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year or period and the chart below shows two different addresses, send your request based on the address of your most recent return.

### Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
| --- | --- |
| Florida, Louisiana, Mississippi, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alabama, Arkansas, Delaware, Georgia, Illinois, Indiana, Iowa, Kentucky, Maine, Massachusetts, Minnesota, Missouri, New Hampshire, New Jersey, New York, North Carolina, Oklahoma, South Carolina, Tennessee, Vermont, Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alaska, Arizona, California, Colorado, Connecticut, District of Columbia, Hawaii, Idaho, Kansas, Maryland, Michigan, Montana, Nebraska, Nevada, New Mexico, North Dakota, Ohio, Oregon, Pennsylvania, Rhode Island, South Dakota, Utah, Washington, West Virginia, Wyoming | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

### Chart for all other returns

| For returns not in Form 1040 series, if the address on the return was in: | Mail to: |
| --- | --- |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service RAIVS Team Stop 6705 S-2 Kansas City, MO 64999 |
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |

## Specific Instructions

**Line 1b.** Enter the social security number (SSN) or individual taxpayer identification number (ITIN) for the individual listed on line 1a, or enter the employer identification number (EIN) for the business listed on line 1a. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address, or Form 8822-B,Change of Address or Responsible Party — Business, with Form 4506.

**Line 7.** Enter the end date of the tax year or period requested in mm/dd/yyyy format. This may be a calendar year, fiscal year or quarter. Enter each quarter requested for quarterly returns. Example: Enter 12/31/2018 for a calendar year 2018 Form 1040 return, or 03/31/2017 for a first quarter Form 941 return.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines, *including lines 5 through 7,* are completed before signing.



*You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506 but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5a. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

Do not send the form to this address. Instead, see *Where to file* on this page.