# Exhibit A-2

Plaintiff's Discovery Responses to Trans Union's
Interrogatories and Requests for Production

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Civil Act. No. 2:22-cv-02211-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S RESPONSE AND |
| v. | ) | OBJECTIONS TO DEFENDANT TRANS |
| | ) | UNION FIRST SET OF INTERROGATORIES |
| PENTAGON FEDERAL CREDIT UNION | ) | TO PLAINTIFF |
| ("PENFED"), et al. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFF Nelson L. Bruce RESPONSES AND OBJECTIONS TO DEFENDANT TRANS UNION FIRST SET OF INTERROGATORIES TO PLAINTIFF

Plaintiff, Nelson L. Bruce, hereby serves his responses and objections to Defendant first of request for interrogatories to Plaintiff.

### GENERAL OBJECTIONS

1.    In responding to Defendant's Discovery Requests, Plaintiff has interpreted Defendant's words and phrases in accordance with their usual definitions and usages. To the extent Defendant intends any word to have a meaning other than that which is generally accepted, Plaintiff Objects because the discovery containing those words are vague and ambiguous, and they cannot be understood, even in context.

2.    Plaintiff objects to each of the Defendant's Discovery Requests to the extent they ask for information, documents, or other materials that concern, reflect, embody, or constitute confidential or competitively sensitive information and do not hold any merits or are irrelevant to the claims presented in this case. Information, documents, and other materials that have been determined to be confidential will be disclosed only in the event of the entry of an appropriate protective order that governs the dissemination of such information in this case.

3.    Inadvertent production of privileged information and documents by Plaintiff that are irrelevant and meritless shall not constitute a waiver of any applicable privilege.

4.    Plaintiff objects to each of Defendant's Discovery Requests to the extent they ask for communications between the Plaintiff and Defendant which they already have in their possession and have already been filed on the record as Exhibits.

5. Plaintiff objects to Defendant's Discovery Requests to the extent the requests are vague, ambiguous, overly broad, unduly burdensome, and/or are irrelevant and meritless to the claims presented in this case by Plaintiff.

6. Plaintiff objects to Defendant's Discovery Requests to the extent that they seek documents or things not within Plaintiff's possession, custody, or control or that are easily available to the Defendant.

7. Plaintiff objects to Defendant's Discovery Requests to the extent that the numbered requests are duplicative of each other or of other discovery propounded by Defendant. Subject to the foregoing objections, which are specifically incorporated by reference into each of the following responses, Plaintiff hereby respond to Defendant's Discovery Requests as follows:

## INTERROGATORIES

**INTERROGATORY NO. 1:** State Plaintiff's full name (including middle name and previous names), social security number, date of birth and addresses where plaintiff has resided or received mail, including the dates for each such address, from ten (10) years preceding the filing of the Lawsuit to the present.

**Answer:**



**INTERROGATORY NO. 2:** For each item or category of damage You claim to have suffered because of some action or inaction by Trans Union, identify and describe the nature and amount of the damages sought, how the damages were calculated, and the facts supporting Your claim that

the damages resulted from some action or inaction of Trans Union.

**Answer:**     **Plaintiff objects to this interrogatory because the answer to this interrogatory can clearly be found in plaintiff's 2nd amended complaint and any amended complaints filed and accepted by the court there after. Plaintiff further objects to the extent that Trans Union is asking plaintiff to provide damages which is up to the Jury to decide. Subject to and without waiving any such objections, Plaintiff has provided the following calculations:**

## COMPUTATION OF DAMAGES OF PLAINTIFF'S PENDING CLAIMS
## FCRA CLAIMS OF DAMAGES

Pursuant to 15 U.S.C. § 1681n et seq.    $44,766    Actual damages related to failure to do a reasonable reinvestigation of plaintiff's 6-11-2018 dispute related to the 2 PenFed Accounts as plaintiff became aware that they were sold, transferred to third parties around April 11, 2022 (see…Plaintiff's Exhibit C) which Trans Union failed to reasonable investigate. These accounts were required to be reported with a zero balance and zero amount past due as required by Metro 2 reporting standard and requirements which Trans Union adopted as their standard policies and procedures for reporting information with accuracy to them related to a consumer with maximum possible accuracy. Also willfully re-inserting the Penfed Line of credit account without notifying plaintiff within 5 business days as they had knowledge this account was deleted (see…Plaintiff's Exhibit B) in violation of 1681i(a)(5)(B)((i),(ii), 1681i(a)(5)(B)(iii)(I), (II), (III) and 1681i(a)(5)(C) ($4,427 x 6 violations = $26,562).Willful non-compliance with the FCRA ((3 PenFed Accounts) $13,777 + $4,427 = $18,204 + $26,562 = $44,766).

Pursuant to 15 U.S.C. § 1681o et seq.    $44,766    Actual damages related to failure to do a reasonable reinvestigation of plaintiff's 6-11-2018 dispute related to the 2 PenFed Accounts as plaintiff became aware that they were sold, transferred to third parties around April 11, 2022 (see…Plaintiff's Exhibit C) which Trans Union failed to reasonable investigate. These accounts were required to be reported with a zero balance and zero amount past due as required by Metro 2 reporting standard and requirements which Trans Union adopted as their standard policies and procedures for reporting information with

|  |  |  | accuracy to them related to a consumer with maximum possible accuracy. Also willfully re-inserting the Penfed Line of credit account without notifying plaintiff within 5 business days as they had knowledge this account was deleted (see...Plaintiff's Exhibit B) in violation of 1681i(a)(5)(B)((i),(ii), 1681i(a)(5)(B)(iii)(I), (II), (III) and 1681i(a)(5)(C) ($4,427 x 6 violations = $26,562).Willful non-compliance with the FCRA ((3 PenFed Accounts) $13,777 + $4,427 = $18,204 + $26,562 = $44,766). |
|---|---|---|---|
| Pursuant to 15 U.S.C. § 1681n(a)(2) |  | $134,298 | To be determined by the Jury.  Conservatively Estimated Punitive damages (actual damages multiplied by 3 ($44,766 x 3 = $134,298). |
| **Total FCRA damages** | **=** | **$223,830** |  |

## COMMON LAW DEFAMATION ("LIBEL")

| Defamation |  | $60,000 | To be determined by the Jury. Conservatively Estimated at $60,000 as presented in plaintiff's Amended Complaint to include emotional distress also from the time spent in dealing with this situation in court, drafting documents for court, etc. |
|---|---|---|---|
| **Grand Total of all Damages** | **=** | **$283,830** |  |

**INTERROGATORY NO. 3:** If You contend that Trans Union reported inaccurate information regarding You, Identify and describe the person or entity to whom Trans Union reported such information, the dates on which such information was reported, and what was inaccurate about the information.

> **Answer:** **Plaintiff objects to this interrogatory as it is overbroad, vague and overly burdensome and to the extent that Trans Union is already in possession of the information they are requesting which include the dates they reported information related to plaintiff to third parties. Subject to and without waiving any such objections, plaintiff states that Trans Union provided inaccurate, incomplete, unverified information to Capital One who provides credit products like credit cards which plaintiff was approved for with the highest interest rate possible (see...NLB2211 – 756) at that time and CreditKarma who provide offers from other financial third parties based on the information Trans Union is reporting on a daily basis therefore damaging plaintiff on a daily basis from receiving offers for credit products.  The**

information reported by Trans Union is inaccurate for the reasons calculated in plaintiff's response to interrogatory no. 2.

**INTERROGATORY NO. 4:** For each person or entity with which You have applied for credit or that has otherwise reviewed Your Consumer Report or Credit Report from five (5) years preceding the filing of the Lawsuit to the present, identify and describe the date that You applied for credit or other transactions, the type of transaction involved, and the terms offered and/or received.

<u>Answer:</u>      **Plaintiff objects to this interrogatory as it is overbroad, vague and burdensome and to the extent it is outside of the claims presented in this case and to the extent defendant is already in possession of this information and each item on plaintiff's consumer report from 2018 along with the information reported on plaintiff's consumer report as Trans Union is the source of the information on plaintiff's consumer credit file to which Trans Union is required to maintain a complete record of and to the extent that a party is not required to identify and describe the credit applied for as it is irrelevant to a claim for damages. Subject to and without waiving any such objections, Plaintiff directs defendants to review his answer to interrogatory No. 3.**

**INTERROGATORY NO. 5:** If You contend any application for credit or other transaction identified in response to the previous interrogatory was affected in any way by any action and/or inaction of Trans Union, identify and describe what effect such action and/or inaction allegedly had and any damage You claim to have suffered.

<u>Answer:</u>      **Plaintiff objects to this interrogatory as being overbroad, vague and ambiguous in nature to the extent it asks for information that is already placed on the record in this case as evidenced by plaintiff's amended complaint.   Subject to and without waiving any such objections, Plaintiff's damages are subject but not limited to being approved for with a high interest rate on a credit card limiting on where he could go and get approved for credit, limited on credit amounts granted and or granted versus applied for from Capital One and not receiving offers based in what is being rated from the information Trans Union is reporting to third parties such as CreditKarma.com.**

**INTERROGATORY NO. 6:** Identify and describe each and every inaccuracy You contend

exists or ever existed in any Consumer Report, Credit Report, or Credit File disclosure that forms the basis of this suit or any claims You believe You have against Trans Union, including how and when You first became aware of the alleged inaccuracy.

> **Answer:**   **Plaintiff objects to this interrogatory as being overbroad, vague and ambiguous in nature to the extent it asks for information that is already placed on the record in this case as evidenced by plaintiff's amended complaint, to the extent plaintiff was damaged by the third party receiving a copy of his consumer report to approve credit and determine the interest rates and amounts approved, to the extent plaintiff is not receiving beneficial offers for credit and to the extent the answers to this interrogatory can be found above in Interrogatory No. 2.**

**INTERROGATORY NO. 7:** State all of the facts, describe all relevant action or inaction on the part of Trans Union, and relate the substance of any statement made by Trans Union or any of its employees on which You rely in support of Your allegations that Trans Union violated the FCRA.

> **Answer:**   **Plaintiff objects to this interrogatory as being overbroad, vague and ambiguous in nature to the extent it asks for information that is already placed on the record in this case as evidenced by plaintiff's amended complaint and to the extent the answers to this interrogatory can be found above in Interrogatory No. 2 through 6. Subject to and without waiving any objections, plaintiff refers Trans Union to his 3rd amended complaint and exhibits, and the production of documents produced with plaintiffs answer to this discovery (see...NLB2211-97 and NLB2211-756).**

**INTERROGATORY NO. 8:** Identify and describe all contacts and communications, between You (or anyone acting on Your behalf) and any consumer reporting agency, credit reporting agency, or reseller, including but not limited to Trans Union.

> **Answer:**   **Plaintiff objects to this interrogatory as it is overbroad, vague and burdensome to the extent Trans Union is already in possession of all disputes by the plaintiff and all requests for plaintiff's consumer report within the timeframe of all injuries and damages to the plaintiff. Subject to and without waiving any objections, plaintiff refers Trans Union to the production of document produced with plaintiffs answer to this discovery which provides the contacts and communications**

between me and any consumer reporting agency, credit reporting agency, or reseller, including Trans Union. (see...Exhibits A - J and NLB2211 – 1 to NLB2211-756)

**INTERROGATORY NO. 9:** Identify and describe all contacts and communications, between You (or anyone acting on Your behalf) and any furnisher of information that forms the basis of Your claims against any of the Defendants or former Defendants in this action or the furnisher of any other information that was reported as adverse in any of Your Consumer Reports, Credit Reports, or Credit File disclosures.

**Answer:** Plaintiff objects to this interrogatory as it is overbroad, vague and burdensome and to the extent Trans Union is already in possession of all the information requested by the plaintiff. To the extent the information requested as already been answered by any of the previous answers to defendants interrogatories and requests for discovery. Subject to and without waiving any objections, plaintiff refers Trans Union to the production of documents produced with plaintiffs answer to this discovery which provides the communications sent to Trans Union and PenFed which plaintiff is able to locate at this time. (see...NLB2211 – 1 to NLB2211 – 756).

**INTERROGATORY NO. 10:** If Plaintiff has sought medical treatment, mental health, or psychiatric treatment, advice, or counseling of any type, identify and describe every medical, psychiatric or mental health practitioner, therapist, counselor or professional You have seen or any medical or mental health facility to which You have been admitted from ten (10) years preceding the filing of the Lawsuit to the present.

**Answer:** Plaintiff objects to this interrogatory as it is overbroad and vague to the extent it asks plaintiff to prove emotional mental harm by identifying some sort of medical treatment, the provider of the treatment/counsel/therapist or professional past the 2-5 year statute of limitations prescribed under the FCRA section 1681p. Subject to and without waiving any objections, Plaintiff states that he does not have any medical records of treatment.

**INTERROGATORY NO. 11:** Identify and describe each Person or Entity that You believe has knowledge of facts relating to the claims that were or are asserted in this case and describe the facts of which You believe they have knowledge.

**Answer:**    **Plaintiff believes that PenFed (has information related to the PenFed Accounts, disputes directly by the plaintiff), Trans Union (has information related to investigations and or reinvestigations, Metro 2 reporting standards and the accuracy, completeness of the information being reported), CreditKarma (has information related to matching plaintiff to offers of credit), and Capital One (has information related to the interest rate provided to plaintiff on credit approved).**

**INTERROGATORY NO. 12:** Identify and describe Plaintiff's work history from ten (10) years preceding the filing of the Lawsuit to the present, including name of employer, address, dates of employment, and rate of pay.

**Answer:**    **Plaintiff objects to this entire interrogatory as being overly broad, unduly burdensome and vague in nature, irrelevant to this matter and would not lead to any facts, nor derive from a violation of any laws presented in plaintiff's amended complaint related to any inaccurate, incompleteness, unverified reporting of the accounts and information that would constitute as a defense, and is further objected to, to the extent that it request information that is outside of the claims in this complaint which are outside of the 2-5 year statute of limitations. Subject to and without waiving any objections, plaintiff states that he has worked for his self within the past 2-5 years working on legal matters in court related to the actions and or inactions of the defendants. Plaintiff does not have an established rate of pay because he does not work for anyone and does not receive payment on a constant daily, weekly, or monthly basis as a result of having to focus on the cases he is involved in which takes the majority of his time.**

**INTERROGATORY NO. 13:** Identify and describe Plaintiff's total income for each year from five (5) years preceding the filing of the Lawsuit to the present, including the amount of income derived from each source.

**Answer:**    **Plaintiff objects to this entire interrogatory as being overly broad, unduly burdensome and vague in nature, irrelevant to this matter and would not lead to any facts, nor derive from a violation of any laws presented in plaintiff's amended complaint related to any inaccurate, incomplete, unverified reporting of the accounts, and bankruptcy by Trans Union in this case that would constitute as a defense, and is further objected to, to the extent that it request information that is outside of the claims in this complaint which are outside of the 2-5 year statute of limitations. To the extent this interrogatory has been answered in the response to interrogatory no. 12.**

**INTERROGATORY NO. 14:** If you have settled Your claims with any Defendant or former Defendant in this action, identify and describe the settlement, including all monetary and non-monetary terms.

> **Answer:**    **Plaintiff objects to defendant's further request to the extent that the request asks for confidential privileged information, to the extent it requires a court order to be disclosed to the extent notification of settlement is part of the public records which is accessible through pacer.gov and they have the same ability as the plaintiff to obtain this information. Subject to and without waiving any objections, plaintiff states that he has not settled any claims against any defendants in this matter.**

**INTERROGATORY NO. 15:** Identify and describe in detail Your relationship to, use of, and payment for the account(s) or other information made the basis of Your claims in the Lawsuit.

> **Answer:**    **Plaintiff objects to this interrogatory as it is overbroad, vague and unduly burdensome, to the extent they are answered in plaintiff's amended complaint to the extent it has been answered by plaintiff's response to the other interrogatives and is duplicative in nature. Subject to and without waiving any objections, plaintiff states that Trans Union is already in possession of this information. That there is no further business relationship with PenFed once they have charged-off the plaintiff's accounts to their allowance for loan and lease losses reserve account (the "ALLL" account) which is a debiting and crediting process the extinguishes any and all remaining balances on the account being reported. There is no agreement that exist where plaintiff agreed to be held liable for another account that consists of multiple consumer financial/credit charge-offs.**

**INTERROGATORY NO. 16:** Identify and describe each method of payment used by You to pay the account(s) made the basis of Your claims in the Lawsuit, including the name of the bank or account issuer used to make the payment, account number, and the dates on which payments were made using each such method of payment.

> **Answer:**    **Plaintiff objects to this interrogatory as it is overbroad, vague and unduly burdensome and vague in nature, irrelevant to this matter and would not lead to any facts, nor derive from a violation of the laws presented in plaintiff's amended complaint. Nor would constitute as a defense as plaintiff does not recall any methods of payment used by plaintiff to pay any accounts that are the basis of plaintiff's claims in this lawsuit, nor does plaintiff recall the dates of such payments. The**

**name of the Bank is PenFed who is a party to this lawsuit and is the party in possession of such information.**

Plaintiff, Nelson L. Bruce reserves the right to supplement its objections, production, and written response to the request upon the identification of additional information and non-privileged, responsive materials during discovery. Dated this 7th day of June, 2024.

Respectfully Presented,

"Without Prejudice"

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C.1-207/ 1-308, 1-103.6
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## **Verification**

I, Nelson L. Bruce, hereby swear under oath as follows as required by Federal Rules of Civil Procedure Rule 33(b) 3 & 4:

1. I am a Plaintiff in the present case, a consumer, and a resident of the State of South Carolina and I am of the age of the Majority, over the age of 18;

2. I have read the RESPONSE, AND OBJECTIONS TO DEFENDANT Trans Union, LLC FIRST SET OF INTERROGATORIES in its entirety and have personal firsthand knowledge of the facts presented to be true and correct to the best of my knowledge, information and belief and do so under penalty of the United States of America Constitution and the State of South Carolina Constitution as such so help me god.

Dated this 7th day of June, 2024.

_Nelson L. Bruce_
Nelson L. Bruce

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the **PLAINTIFF Nelson L. Bruce**

**RESPONSES AND OBJECTIONS TO DEFENDANT TRANS UNION LLC'S FIRST SET**

**OF REQUESTS FOR INTERROGATORIES TO PLAINTIFF** has been mailed and emailed

electronically to **PENTAGON FEDERAL CREDIT UNION. via the: UNITED STATES**

**POSTAL SERVICE by the UNITED STATES POST OFFICE via First Class Mail.**

<u>**SENT TO:**</u>
Clement Rivers LLP
Attention: Wilbur Eugene Johnson
25 Calhoun Street, Suite 400
Charleston, South Carolina 29401
*Counsel for Trans Union, LLC*


Dated this 7<u>th</u> day of June, 2024.


"Without Prejudice"

*Nelson L. Bruce*
Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Secured Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Civil Act. No. 2:22-cv-02211-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | PLAINTIFF'S RESPONSE AND |
| v. | ) | OBJECTIONS TO DEFENDANT TRANS |
| | ) | UNION LLC FIRST SET OF REQUESTS |
| PENTAGON FEDERAL CREDIT UNION | ) | FOR PRODUCTION |
| ("PENFED"), et al. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF Nelson L. Bruce RESPONSE AND OBJECTIONS TO DEFENDANT TRANS UNION LLC FIRST SET OF REQUESTS FOR PRODUCTION

Plaintiff, Nelson L. Bruce, hereby serves its responses and objections to Defendant first

set of request for production to Plaintiff.

## GENERAL OBJECTIONS

1.      In responding to Defendant's Discovery Requests, Plaintiff has interpreted Defendant's words and phrases in accordance with their usual definitions and usages. To the extent Defendant intends any word to have a meaning other than that which is generally accepted, Plaintiff Objects because the discovery containing those words are vague and ambiguous, and they cannot be understood, even in context.

2.      Plaintiff objects to each of the Defendant's Discovery Requests to the extent they ask for information, documents, or other materials that concern, reflect, embody, or constitute confidential or competitively sensitive information and do not hold any merits or are irrelevant to the claims presented in this case. Information, documents, and other materials that have been determined to be confidential will be disclosed only in the event of the entry of an appropriate protective order that governs the dissemination of such information in this case.

3.      Inadvertent production of privileged information and documents by Plaintiff that are irrelevant and meritless shall not constitute a waiver of any applicable privilege.

4.      Plaintiff objects to each of Defendant's Discovery Requests to the extent they ask for communications between the Plaintiff and Defendant which they already have in their possession and have already been filed on the record as Exhibits.

5.      Plaintiff objects to Defendant's Discovery Requests to the extent the requests are

vague, ambiguous, overly broad, unduly burdensome, and/or are irrelevant and meritless to the claims presented in this case by Plaintiff.

6. Plaintiff objects to Defendant's Discovery Requests to the extent that they seek documents or things not within Plaintiff's possession, custody, or control or that are easily available to the Defendant.

7. Plaintiff objects to Defendant's Discovery Requests to the extent that the numbered requests are duplicative of each other or of other discovery propounded by Defendant. Subject to the foregoing objections, which are specifically incorporated by reference into each of the following responses, Plaintiff hereby respond to Defendant's Discovery Requests as follows:

## PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All Documents identified or requested to be

identified in response to Defendant Trans Union's First Set of Interrogatories to Plaintiff.

**RESPONSE: Plaintiff states that any and all documents produced in response to Trans Union's First Set of interrogatories that plaintiff is currently aware of or can be found at this time that have not been objected to is accessible at the following link (NLB2211 – 1 to 756):**
**https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 2:** A true and correct copy of every Social Security

card that has been issued to or used by Plaintiff or otherwise in Plaintiff's possession.

**RESPONSE: Plaintiff objects to this production request as being overbroad, vague, ambiguous and unduly Burdensome and irrelevant to this case as Trans Union is already in possession of plaintiff's full social security information which is on his social security card ending in 7185 and Production of such card would not lead to any defenses related to the claims in the complaint.**

**REQUEST FOR PRODUCTION NO. 3:** A true and correct copy of every form of

identification, i.e., driver's license, voter's registration card, birth certificate, passport, that has

been issued to or used by Plaintiff in the ten (10) years prior to the filing of the Complaint.

**RESPONSE: Plaintiff objects to this production request as being overbroad, vague, ambiguous and unduly Burdensome and irrelevant to this case as Production of such documents would not lead to any defenses related to the claims in the complaint. Plaintiff further objects to the extent the request for production is outside of the 2-5 year statute related to the claims in this case.**

**REQUEST FOR PRODUCTION NO. 4:** All applications, contracts, notices,

correspondence, consumer reports, credit reports, notes, invoices, statements, past due notices, or

other Documents You relied upon in answering, or otherwise identified in Your responses, to any

Interrogatories served upon You in this action.

**RESPONSE: Plaintiff objects to this production request as being overbroad, vague, ambiguous and unduly Burdensome and irrelevant to this case as Production of such documents would not lead to any defenses related to the claims in the complaint. Plaintiff further objects to the extent that it requests documentation that is confidential and requires an order from the court to be produced as a result of an agreement. Subject to and without waiving any objections, plaintiff states that his notices of dispute, correspondence, consumer reports, credit reports, invoices, letters that plaintiff is currently aware of or can be found at this time in his possession related to the responses to defendants interrogatories are all being produced in response to Trans Union First Set of Discovery is accessible at the following link (NLB2211 – 1 to 756): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 5:** All statements taken by Plaintiff or on Plaintiff's

behalf from any person or entity identified by any party in response to any interrogatories or in

any disclosure in this case.

**RESPONSE: Plaintiff objects to this request to the extent that it asks for documents and information that is already in their possession and or its current or past representative's possession, to the extent that the information or documentation is confidential or cannot be disclosed without an order by the court as a result of an agreement between the parties. Plaintiff further states that any and all documents related to this request that plaintiff is currently aware of or can be found at this time that have not been objected to is accessible at the following link (NLB2211 – 1 to 756): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 6:** All contracts, agreements, invoices, bills, notices,

collection notices, past due notices, correspondence, canceled checks, evidence of payments

made, evidence of fraud, evidence of FCRA violations or other Documents pertaining to any

account or other information that forms the basis of Your claims against any of the Defendants or

former Defendants in this action or any account that was reported as adverse in any of Your

consumer reports, credit reports or credit files.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome as this information should already be in the possession of Trans Union and that production of such documents would be duplicative, and unduly burdensome or would not lead to a defense related to the claims in this case. Plaintiff further objects to the extent that it requests documentation that is confidential and requires an order from the court to be produced as a result of an agreement, to the extent it requests for information or documentation irrelevant to the claims in this case related to the accounts referenced in this case. Subject to and without waiving any such objections, plaintiff states that he is unable to locate at this time any contracts, agreements, invoices, bills, collections notices, canceled checks in his possession relevant to the parties in this case.**

**REQUEST FOR PRODUCTION NO. 7:** A true and correct copy, front and back, of each

credit card or charge card that Plaintiff possesses or has any rights to use, or has used in any

manner, during the five (5) years prior to the filing of the Complaint.

**RESPONSE:  Plaintiff objects to this request to the extent it ask for production of documents outside of the claims in this case and would not lead to a defense to the claims in this case.  To the extent the request is overbroad, vague, confidential, an invasion of privacy and unduly Burdensome as plaintiff.**

**REQUEST FOR PRODUCTION NO. 8:** True and correct copies of all statements, invoices,

or bills received by Plaintiff during the ten (10) years prior to filing of the Complaint from any

third party that claimed that amounts were due from Plaintiff as the result of any credit

transaction or any other alleged extension of credit for any purpose.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome as this information should already be in the possession of Trans Union and that production of such documents would be duplicative, and unduly burdensome or would not lead to a defense related to the claims in this case. To the extent it is outside of the 2-5 year statute of limitations.  Subject to and without waiving any such objection, plaintiff refers defendant to the document he can locate at this time which are labeled NLB2211-740-756 which is accessible at the following link: https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 9:** All mortgage applications, mortgage deeds,

mortgage notes, underwriting documents, collection notices or other Documents evidencing or

referring to Plaintiff's real property ownership or liability or responsibility for payment on real

property which Plaintiff has sent or received during the ten (10) years prior to filing of the

Complaint.

**RESPONSE: Plaintiff objects to this request to the extent it ask for production of documents outside of the claims in this case and would not lead to a defense to the claims in this case. Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome irrelevant to the claims in this case.**

**REQUEST FOR PRODUCTION NO. 10:** All correspondence, notices, disputes, complaints,

notes, fraud statements, affidavits, police reports or other Documents You have received from or

sent to any creditor, consumer reporting agency, credit reporting agency, reseller, or any of their

employees concerning Your credit file or consumer report or credit report or any accounts

contained therein, including any notes or memoranda made by You (or anyone on Your behalf)

which reflect any conversations with any such persons or entities.

**RESPONSE: Plaintiff objects to this request to the extent it ask for production of documents outside of the claims in this case and would not lead to a defense to the claims in this case. Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome, ambiguous in nature as this information should already be in the possession of Trans Union if they did a reasonable reinvestigation. Subject to and without waiving any objections, plaintiff is producing with this discovery response all documentation in his possession that he is currently aware of that has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 756): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvcjGTOBMGKd3c Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 11:** All credit card statements, credit agreements,

contracts, correspondence, disputes, complaints, notes, fraud statements, notices or other

Documents You have received from or sent to any creditor or potential creditor, concerning any

of Your accounts or applications, that form the basis of Your claims against any Defendant or

former Defendant in this action or any account that was reported as adverse in any of Your

consumer reports, credit reports or credit files.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome as this information should already be in the possession of Trans Union if they did a reasonable reinvestigation and that production of such documents would not lead to a defense related to the claims in this case. Plaintiff further objects to the extent that it requests documentation that is confidential and requires an order from the court to be produced as a result of an agreement. Plaintiff objects to the extent the request is outside of the claims in this case.**

**REQUEST FOR PRODUCTION NO. 12:** All court papers, decrees, pleadings, judgments, or other Documents reflecting any criminal conviction of any party to this case or any person identified by any party as having knowledge of relevant facts or as having knowledge of discoverable information.

**RESPONSE: Plaintiff does not have any criminal convictions nor has he been a party to any therefore has not documents in his possession related to this request.**

**REQUEST FOR PRODUCTION NO. 13:** All correspondence, disputes, notes, complaints, notices, or other Documents that evidence or reflect any communications between You and any creditor or furnisher of information, whose account forms the basis of Your claims against any of the Defendants or former Defendants in this action or any account that was reported as adverse in any of Your consumer reports, credit reports or credit files.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome, ambiguous in nature as this information should already be in the possession of Trans Union and that production of such documents would not lead to a defense related to the claims in this case and or the production of would be duplicative. Plaintiff further objects to the extent that it requests documentation that is confidential and requires an order from the court to be produced as a result of an agreement. Subject to and without waiving any objections, plaintiff refers defendant to review his Exhibits filed with his amended complaint exhibits A – J and plaintiff is producing with this discovery response all documentation in his possession that he is currently aware of that has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 756): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 14:** All solicitations, applications, denials, contracts, adverse action letters, notices, correspondence, or other Documents that evidence or reflect any

credit denials or adverse action received by You from five (5) years prior to the filing of the

Complaint to the present.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome as this information should already be in the possession of Trans Union. Plaintiff further objects to the extent that it requests documentation that is confidential and requires an order from the court to be produced as a result of an agreement. Subject to and without waiving any objections, plaintiff is producing with this discovery response all documentation in his possession that he is currently aware of that has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 756): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 15:** All applications, contracts, denials, adverse action

letters, notices, correspondence, or other Documents that evidence or reflect any credit

applications You have completed from five (5) years prior to the filing of the Complaint to the

present.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome as plaintiff is not in possession of any applications, contracts. Plaintiff further objects to the extent that it requests documentation that is confidential and requires an order from the court to be produced as a result of an agreement. Subject to and without waiving any objections, plaintiff is producing with this discovery response all documentation in his possession that he is currently aware of that has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 383): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 16:** All applications, contracts, statements, notices,

invoices, bills, past due notices, correspondence, or other Documents that evidence or reflect any

new credit accounts You have opened from five (5) years prior to the filing of the Complaint to

the present.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome and that production of such documents would not lead to a defense related to the claims in this case, to the extent the request is duplicative, to the extent Trans Union is already in possession of these documents. Subject to and without waiving any objections, plaintiff is producing with this discovery response all documentation in his**

**possession that he is currently aware of that has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 383): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 17:** All correspondence, applications, denials, adverse

action letters, contracts, or other Documents related or referring to any credit, loan, or other

opportunity You claim to have been denied or otherwise experienced adverse action because of

some action or inaction on the part of Trans Union.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome and that production of such documents would not lead to a defense related to the claims in this case, to the extent the request is duplicative, to the extent Trans Union is already in possession of these documents. Subject to and without waiving any objections, plaintiff is producing with this discovery response all documentation in his possession that he is currently aware of that has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 383): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 18:** All correspondence, complaints, notes, disputes,

notices, or other Documents that evidence or reflect communications between You and Trans

Union.

**RESPONSE:** Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome and that production of such documents would not lead to a defense related to the claims in this case, to the extent the request is duplicative, to the extent Trans Union is already in possession of these documents. Subject to and without waiving any objections, plaintiff refers defendant to Exhibits A – J and plaintiff is producing with this discovery response all documentation in his possession that he is currently aware of that has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 383): **https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 19:** All statements made by an employee or

representative of Trans Union concerning the subject matter of this lawsuit.

**RESPONSE: Plaintiff objects to this request because plaintiff is not in possession of any statements made by an employee or representative of Trans Union concerning the subject matter of this lawsuit.**

**REQUEST FOR PRODUCTION NO. 20:** All credit applications, denial letters, adverse

action letters, or other Documents that evidence or support the establishment (including

existence and amount) of damages You claim to have suffered as a result of anything Trans

Union did or failed to do.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome and that production of such documents would not lead to a defense related to the claims in this case, to the extent the request is duplicative, to the extent Trans Union is already in possession of these documents. Subject to and without waiving any objections, plaintiff refers defendant to his response to interrogatory no. 2, plaintiff refers defendant to Exhibits A – J. Plaintiff is producing with this discovery response all documentation in his possession that he is currently aware of that has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 383): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 21:** All applications, contracts, invoices, notes,

notices, or other Documents, which reflect any costs, charges, or expenses incurred by You, for

which You are seeking reimbursement in this lawsuit, including attorney fees, costs and

expenses.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome and that production of such documents would not lead to a defense related to the claims in this case, to the extent the request is duplicative, to the extent Trans Union is already in possession of these documents. Subject to and without waiving any objections, plaintiff refers defendant to his response to interrogatory no. 2, plaintiff refers defendant to Exhibits A – J. Plaintiff is producing with this discovery response all documentation in his possession that he is currently aware of that has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 383): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 22:** Please produce all correspondence, memoranda,

notes, notices, consumer reports, credit reports, disputes, complaints, file disclosures, affidavits,

police reports, evidence of fraud, or other Documents You have received from or sent to any

consumer reporting agency, credit reporting agency or reseller from five (5) years prior to the

filing of the Complaint to the present, including, but not limited to Trans Union LLC, Experian

Information Solutions, Inc., and/or Equifax Information Services, LLC.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome and that production of such documents would not lead to a defense related to the claims in this case, to the extent the request is duplicative, to the extent Trans Union is already in possession of these documents. Subject to and without waiving any objections, plaintiff refers defendant to his response to interrogatory no. 2, plaintiff refers defendant to Exhibits A – J. Plaintiff is producing with this discovery response all documentation in his possession that he is currently aware of that has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 383): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 23:** All consumer reports, credit reports, credit files,

disclosures, or other Documents reflecting Your credit history prepared by any consumer

reporting agency, credit reporting agency or reseller, including but not limited to Equifax

Information Services, LLC, Trans Union LLC, and/or Experian Information Solutions, Inc.

**RESPONSE:  Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome and that production of such documents would not lead to a defense related to the claims in this case, to the extent the request is duplicative, to the extent Trans Union is already in possession of these documents. Subject to and without waiving any objections, plaintiff refers defendant to Exhibits A – J. Plaintiff is producing with this discovery response all documentation in his possession that he is currently aware of that has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 383): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 24:** All files, correspondence, notes, records or other

documents made or kept by you (or anyone on your behalf) regarding the subject matter or

matters of this suit.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome and that production of such documents would not lead to a defense related to the claims in this case, to the extent the request is duplicative, to the extent Trans Union is already in possession of these documents. Subject to and without waiving any objections, plaintiff refers defendant to Exhibits A – J. Plaintiff is producing with this discovery response all documentation in his possession that he is currently aware of that**

has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 383):
https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0

**REQUEST FOR PRODUCTION NO. 25:** All medical records, counseling notes,

prescriptions, diagnoses, invoices, states, bills, or other Documents that evidence, reflect, support

or contradict Your claim for discomfort and/or mental anguish or similar types of injury as a

result of the conduct alleged in this suit.

**RESPONSE: Plaintiff objects to this production request as being overbroad, vague, ambiguous and unduly Burdensome and to the extent that production of the request would not lead to any defenses related to the claims in this case. Plaintiff objects for the same reasons specified in interrogatory no. 10.**

**REQUEST FOR PRODUCTION NO. 26:** All medical records or other Documents, which

relate to medical or psychiatric treatment, advice or counseling received or sought by You from

ten (10) years prior to the filing of the Complaint to the present.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome and that production of such documents would not lead to a defense related to the claims in this case. Subject to and without waiving any objections, plaintiff states that he is unaware of nor has he located any medical records or other documents related to medical or psychiatric treatment, advice or counseling received or sought in the past 10 years.**

**REQUEST FOR PRODUCTION NO. 27:** If You are claiming damages for any medical

symptom, medical condition, mental anguish, or emotional distress, sign and return the original

Authorization for Disclosure of Protected Health Information attached hereto.

**RESPONSE: Plaintiff objects to this production request as being overbroad, vague, ambiguous and unduly Burdensome, duplicative in nature, and an invasion of his privacy related to his medical records. Subject to and without waiving any objections, plaintiff states that he is unaware of any hospital visits at this time to get treated and that he purchased over the counter medication such as Tylenol to get rid of headaches and has been stressing due to the fact that he is receiving interest rates on credit cards that are at their highest, that plaintiff is unable to apply and get approved for credit as a result of defendant sending information to third parties such as creditkarma.**

**REQUEST FOR PRODUCTION NO. 28:** All releases or settlement agreements between

You and any other person or entity signed from five (5) years prior to the filing of the Complaint to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28: Plaintiff objects to this production request as being overbroad, vague, ambiguous, unduly Burdensome and to the extent such disclosure if prohibited due to the terms of such release agreement(s) and or require a court order to be disclosed, to the extent Trans Union is already aware of cases being settled, to the extent that the public records evidence such notice of settlement. Subject to and without waiving any objections, plaintiff states he has not entered into nor signed any releases or settlement agreements between any other person and or entity related to this case five (5) years prior to filing his complaint to present.**

**REQUEST FOR PRODUCTION NO. 29:** All correspondence, bills, data, reports, invoices records, notes, denials, adverse action letters, or other Documents received from third parties or produced to You, formally or informally, in response to a request or subpoena from You regarding the subject matter of this lawsuit.

**RESPONSE: Plaintiff objects to this production request as being overbroad, vague, ambiguous, unduly Burdensome and to the extent such disclosure if prohibited due to the terms of such release agreement(s) and or require a court order to be disclosed, to the extent Trans Union is already aware of cases, to the extent Trans Union is already in possession of these documents. Subject to and without waiving any objections, plaintiff is producing with this discovery response all documentation in his possession that he is currently aware of or can locate at this time that has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 756): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 30:** All reports, including factual observations, tests, supporting data, calculations, photographs, reports, analysis, correspondence, notes, computer printouts, databases, portions of scholarly works, opinions, or other Documents prepared by or for each expert or lay opinion witness Plaintiff expects to call at the trial of this cause. In the event such reports have not been recorded or reduced to a tangible form, a request is hereby made that they be reduced to a tangible form and produced.

**RESPONSE: At the moment, plaintiff does not know who he expects to call at trial therefore cannot produce documents related to this request.**

**REQUEST FOR PRODUCTION NO. 31:** All Documents or tangible evidence of every sort, including but not limited to, reports, analysis, correspondence, notes, computer printouts, databases, scholarly works, or other Documents provided by You or Your attorney to any consulting expert whose opinion or impressions have been reviewed by an expert expected to testify at trial.

**RESPONSE: Plaintiff objects to this request to the extent plaintiff is not represented by an attorney and because he is not in possession of any documents provided to any consulting expert whose opinion or impressions have been reviews by an expert expected to testify at trial.**

**REQUEST FOR PRODUCTION NO. 32:** All files, correspondence, notes, records, or other Documents which Plaintiff expects to introduce as evidence at trial or which Plaintiff intends to use at trial in any matter.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome and that production of such documents would not lead to a defense related to the claims in this case, to the extent the request is duplicative, to the extent Trans Union is already in possession of these documents. Subject to and without waiving any objections, plaintiff refers defendant to his exhibits A – J filed on the record in this case related to his amended complaint. Plaintiff is producing with this discovery response all documentation in his possession that he is currently aware of that has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 756): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 33:** All correspondence, declaration pages, interest rate charts, data compilations, tangible things, or any other Documents or evidentiary material on which a computation of damages is based, including materials bearing on the nature and extent of damages allegedly suffered.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome and that production of such documents would not lead to a defense related to the claims in this case, to the extent the request is duplicative, to the extent Trans Union is already in possession of these documents. Subject to and without waiving any objections, plaintiff refers defendant to his response to their interrogatory no. 2. Plaintiff refers defendant to his exhibits A – J filed on the record in this case related to his amended**

complaint. **Plaintiff is producing with this discovery response all documentation in his possession that he is currently aware of that has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 756): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 34:** All correspondence, letters, notes, or other

Documents that support Your allegations in the Complaint that You contacted Trans Union as

alleged in the Complaint.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome and that production of such documents would not lead to a defense related to the claims in this case, to the extent the request is duplicative, to the extent Trans Union is already in possession of these documents. Subject to and without waiving any objections, plaintiff refers defendant to his exhibits A – J filed on the record in this case related to his amended complaint. Plaintiff is producing with this discovery response all documentation in his possession that he is currently aware of that has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 383): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

**REQUEST FOR PRODUCTION NO. 35:** If You are represented by an attorney, please

produce all contracts, fee agreements, correspondence, or other Documents relating or referring

to Your claim for attorneys' fees, including any fee arrangement or retainer agreements between

You and Your current or former attorney(s), and fee statements, records and descriptions of

hours worked, descriptions of work performed, and expenses incurred.

**RESPONSE: Plaintiff objects to this production request because plaintiff is not represented by an attorney.**

**REQUEST FOR PRODUCTION NO. 36:** All receipts, invoices, bills, or other Documents

which reflect any costs, charges, or expenses incurred by You, for which You are seeking

reimbursement in this lawsuit.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome and that production of such documents would not lead to a defense related to the claims in this case, to the extent the request is duplicative, to the extent Trans Union is already in possession of these documents. Subject to and without waiving any**

objections, plaintiff refers defendant to his exhibits A – J filed on the record in this case related to his amended complaint.  Plaintiff is producing with this discovery response all documentation in his possession that he is currently aware of that has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 383): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0

**REQUEST FOR PRODUCTION NO. 37:** Copies of Plaintiff's Federal and State Income

Tax returns, with all schedules attached, for each year from five (5) years prior to the filing of the

Complaint to the present.

**RESPONSE: Plaintiff objects to this production request as being overbroad, vague, ambiguous and unduly Burdensome and to the extent that production of the request would not lead to any defenses related to the claims in this case, to the extent it is being requested to determine damages that the courts have already determined a ratio for and to the extent the statutes evidences a calculation for damages.**

**REQUEST FOR PRODUCTION NO. 38:** Please execute and return the original attached

Tax Authorization attached hereto.

**RESPONSE: Plaintiff objects to this production as it is an invasion of his privacy and to the extent that production of the request would not lead to any defenses related to the claims in this case.**

**REQUEST FOR PRODUCTION NO. 39:** All correspondence, brochures, papers, books,

manuals, notebooks, checklists, outlines, or other Documents You have received or reviewed

relating to repairing, restoring, or modifying Your credit report or credit score.

**RESPONSE: Plaintiff objects to this production request as being overbroad, vague, ambiguous and unduly Burdensome and to the extent it asks for information irrelevant to the claims in this case.  To the extent that defendant is the source of the credit report and scores.**

**REQUEST FOR PRODUCTION NO. 40:** Please produce all correspondence, memoranda,

notes, notices, consumer reports, credit reports, disputes, complaints, answers, responses, file

disclosures, affidavits, police reports, fraud statements, evidence of fraud, or other Documents

made, sent, or received by You (or anyone on Your behalf) to or from any state or federal

agencies or authorities, from five (5) years prior to the filing of the Complaint to the present,

including, but not limited to, any attorney general or the Consumer Financial Protection Bureau

concerning Your credit file, consumer report, credit report or any accounts contained therein.

**RESPONSE: Plaintiff objects to this request for production as being overbroad, vague and unduly Burdensome and that production of such documents would not lead to a defense related to the claims in this case, to the extent the request is duplicative, to the extent Trans Union is already in possession of these documents. Subject to and without waiving any objections, plaintiff refers defendant to his exhibits A – J filed on the record in this case related to his amended complaint.  Plaintiff is producing with this discovery response all documentation in his possession that he is currently aware of that has not been objected to related to this request is accessible at the following link (NLB2211 – 1 to 756): https://www.dropbox.com/scl/fo/omuxwm7p9suxvimveouvc/AOsPqD8ZvejGTOBMGKd3e Es?rlkey=6ck3vsozm4b2gfoea86fdl9w0&st=12ae4swu&dl=0**

Plaintiff, Nelson L. Bruce reserves the right to supplement its objections, denials,

production, and written response to these requests upon the identification of additional non-

privileged, responsive materials for the request. Dated this 7th day of June, 2024.

Respectfully Presented,

"Without Prejudice"

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the **PLAINTIFF Nelson L. Bruce**

**RESPONSES AND OBJECTIONS TO DEFENDANT TRANS UNION LLC'S FIRST SET**

**OF REQUESTS FOR PRODUCTION TO PLAINTIFF** has been mailed and emailed

electronically to **PENTAGON FEDERAL CREDIT UNION. via the: UNITED STATES**

**POSTAL SERVICE by the UNITED STATES POST OFFICE via First Class Mail.**

**SENT TO:**
Clement Rivers LLP
Attention: Wilbur Eugene Johnson
25 Calhoun Street, Suite 400
Charleston, South Carolina 29401
*Counsel for Trans Union, LLC*

Dated this 7th day of June, 2024.

"Without Prejudice"

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Secured Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com