Record/FILE ON DEMAND

U.S.P.S. PRIORITY MAIL TRACKING NO. 9405830109355120842250

2025 AUG -9 AM 9: 48

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce,<br><br>        Plaintiff,<br><br>v.<br><br>Pentagon Federal Credit Union; et al.<br><br>        Defendants. | Case No.: 2:22-cv-02211-BHH-MGB<br><br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM** |

NOW COMES Plaintiff, Nelson L. Bruce a natural man, being at or above the age of 18, of the age of the majority, with reservation of any and all natural secured rights, and hereby exercise such rights at all times hereby files this reply to Defendant Pentagon Federal Credit Union's ("PenFed") opposition to Plaintiff's motion to dismiss PenFed's counterclaim.

## I.    INTRODUCTION

PenFed's opposition fails to overcome the fatal flaws in its counterclaim. First, PenFed's claims are clearly time-barred by South Carolina's three-year statute of limitations. Second, PenFed improperly attempts to introduce new facts and exhibits not included in its original counterclaim, which cannot be considered on a motion to dismiss as the attempt to now allege that Plaintiff acknowledged the debt by filing a motion in forma pauperis. Finally, PenFed's argument regarding the alleged acknowledgment of debt is both procedurally improper and substantively incorrect. For these reasons, as further explained below, the Court should grant Plaintiff's motion to dismiss PenFed's counterclaim with prejudice.

## II.    ARGUMENT

### A. PenFed's Claims Are Time-Barred and Cannot Be Saved by the Alleged Acknowledgments

PenFed argues that the statute of limitations defense cannot be resolved under Rule 12(b)(6). However, this argument ignores well-established precedent that allows dismissal based on an affirmative defense where the defense is clear from the face of the complaint. See…*Goodman v. Praxair, Inc.,* **494 F.3d 458, 464 (4th Cir. 2007).** Here, PenFed's own counterclaim and exhibits clearly show that the alleged breaches occurred more than three years before the filing of the counterclaim, making the time-bar evident on the face of the pleading.

PenFed's attempt to rely on alleged acknowledgments of debt to restart the limitations period fails for several reasons:

1. **Improper Introduction of New Evidence:** PenFed attempts to introduce new facts and exhibits related to Plaintiff's Motion to proceed in forma pauperis that were not included in its original counterclaim. It is well-established that in deciding a motion to dismiss, the court may not consider matters outside the pleadings without converting the motion to one for summary judgment. Fed. R. Civ. P. 12(d); See…*E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* **637 F.3d 435, 448 (4th Cir. 2011).** Additionally, statements by counsel that raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion. See…*Id.* **at 449**

2. **Insufficient Acknowledgment:** Even if the Court were to consider these new allegations, they do not meet the legal standard for acknowledging a debt to restart the statute of limitations. South Carolina Courts have consistently stated that, an acknowledgment must be "clear, distinct, and unequivocal" to restart the limitations period. Merely listing an "alleged" debt on an in forma pauperis application does not meet this standard.

3. **Expired Statute of Limitations:** The alleged acknowledgments occurred after the statute of limitations had already expired. When a statute of limitations has run, a higher standard of "unequivocal" acknowledgment is required to revive the debt. **In re Vaughn, 536 B.R. 670, 677, 678 (Bankr. D.S.C. 2015) (citation omitted)** as also **Quoted in** *Murray v. Est. of Murray,* **871 S.E.2d 173, 181-82 (S.C. Ct. App. 2022).** **In re** *Vaughnm* when applying South Carolina state law, it was concluded that the mere listing of a debt as a claim on her bankruptcy schedules was insufficient to imply a new promise to pay such that the statute of limitations did not bar the debt. See…*Id.* **at 536 B.R. at**

**677-79.** The same would apply here, the mere listing of an alleged debt in an application is insufficient to imply a new promise to pay such that the statute of limitations did not bar the debt alleged by PenFed. PenFed has not met this higher standard.

4. **Limited Scope of Alleged Acknowledgment:** Although PenFed's exhibits cannot be used, PenFed's argument regarding the in forma pauperis motions only pertains to an alleged car loan which referenced that the debt is "alleged", and in "litigation" therefore does not acknowledge a debt nor a new promise to pay a debt. This clearly evidences that the debt is disputed and challenged. It does not address the alleged credit card debt by PenFed nor the alleged line of credit debt by PenFed, which remains time-barred along with the alleged car loan debt even under PenFed's flawed theory. Further, the courts acceptance of plaintiff motion to proceed in forma pauperis was not solely based on plaintiffs one alleged car loan debt with PenFed and any allegations of this nature are conclusory, hearsay, are without facts and therefore are meritless to survive a motion to dismiss especially when it was not raised in the initial counterclaim.

**B. PenFed's "Jurisdiction" Argument Mischaracterizes Plaintiff's Motion**

PenFed's opposition mischaracterizes Plaintiff's argument regarding "jurisdiction over the alleged debt." Plaintiff's motion challenges PenFed's standing and ability to bring these claims, not the Court's jurisdiction. PenFed's failure to address these substantive challenges further supports dismissal of the counterclaim.

**C. PenFed Has Failed to State a Claim Upon Which Relief Can Be Granted**

PenFed's opposition does not adequately address Plaintiff's arguments that the counterclaim fails to state a claim upon which relief can be granted. The counterclaim lacks sufficient factual allegations to support its claims, relying instead on conclusory statements and boilerplate language. Such pleadings are insufficient under the standards set forth in ***Bell Atlantic Corp. v. Twombly,*** **550 U.S. 544 (2007)** and ***Ashcroft v. Iqbal,*** **556 U.S. 662 (2009)**. PenFed argues that they are not required to present evidence at the pleading stage, however tries to present evidence to support their pleading at the same time with their opposition but such evidence do not support that the mere listing of an alleged debt in an application is sufficient to imply a new promise to pay such that the statute of limitations is not time-barred. PenFed's

exhibits clearly evidence breach of contract by alleged failures to pay all 3 accounts in 2017 and therefore support that PenFed's claims are time-barred as presented in plaintiff's motion to dismiss even in the light most favorable to PenFed by its counterclaim.

### III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant the motion to dismiss PenFed's counterclaim in its entirety with prejudice.  Dated this 5th day of August, 2024.

RESPECTFULLY PRESENTED,

"Without Prejudice"

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Secured Natural Secured Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com