Record/FILE ON DEMAND                    U.S.P.S. PRIORITY MAIL TRACKING NO. 9405830109355124965160

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Nelson L. Bruce,<br><br>                    Plaintiff,<br><br>v.<br><br>Pentagon Federal Credit Union; et al.<br><br>                    Defendants. | **Case No.: 2:22-cv-02211-BHH-MGB**<br><br>**PLAINTIFF'S OPPOSITION TO TRANS UNION LLC'S MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND MEMBORANDUM IN SUPPORT (ECF NO. 230)** |

NOW COMES Plaintiff, Nelson L. Bruce a natural man, being at or above the age of 18, of the age of the majority, with reservation of any and all natural secured rights, and hereby exercise such rights at all times hereby files this OPPOSITION TO TRANS UNION LLC'S MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES AND MEMBORANDUM IN SUPPORT (ECF No. 230). Plaintiff, Nelson L. Bruce, respectfully presents this Opposition to Defendant Trans Union LLC's Motion to Compel Plaintiff's Discovery Responses (the "Motion"). As demonstrated herein, Trans Union's Motion lacks merit and should be denied in its entirety.

## I. INTRODUCTION

Trans Union LLC's Motion to Compel is based on a fundamental misunderstanding of the nature of Plaintiff's claims, which are primarily for statutory damages under the Fair Credit Reporting Act ("FCRA"), as codified at 15 U.S.C. §§ 1681–1681x and its respective Statutes at Large, and secondarily for actual damages resulting from inaccurate reporting of balances that negatively impacted Plaintiff's credit report which adversely affects plaintiff's credit score resulting in higher interest rates from lenders such as Capital One. The FCRA's framework,

supported by principles of equity and justice, strongly opposes the broad and invasive discovery requests made by Trans Union, particularly when those requests are irrelevant, overly broad, unduly burdensome, and invasive of privacy. Furthermore, Trans Union has failed to act in good faith by omitting critical email correspondence that demonstrates Plaintiff's cooperation and the irrelevance of certain requested documents..

## II. LEGAL STANDARD

The FCRA, under 15 U.S.C. § 1681b, strictly regulates the conditions under which consumer reporting agencies may disclose consumer information. This statute reflects the broader legal principle encapsulated in the maxim *"Frustra probatur quod probatum non relevat,"* meaning that it is vain to prove what is not relevant. In the context of discovery, Federal Rule of Civil Procedure 26(b)(1) limits discovery to non-privileged matters that are relevant to any party's claim or defense and proportional to the needs of the case. The principle *"In jure non remota causa, sed proxima, spectatur,"* teaches that the law considers the proximate cause, not the remote cause, which aligns with the statutory focus on relevancy and proportionality in the FCRA. The party seeking to compel discovery bears the burden of demonstrating that the requested information is both relevant and necessary. The maxim *"Ei incumbit probatio qui dicit, non qui negat,"* reinforces that the burden of proof lies upon the party making the claim, here, Trans Union. See...***Oppenheimer Fund, Inc. v. Sanders***, **437 U.S. 340, 352 (1978)**. The court has broad discretion to deny motions to compel when the requests are overly broad, unduly burdensome, or irrelevant. See...***Nicholas v. Wyndham Int'l, Inc.***, **373 F.3d 537, 543 (4th Cir. 2004)**.

## III. ARGUMENT

**A. Plaintiff's Income Information is Irrelevant to the Claims and Defenses in This Case**

Trans Union seeks to compel the production of Plaintiff's income information, arguing that it is necessary to evaluate the claimed damages. However, Plaintiff's claims primarily seek statutory damages under the FCRA, which do not require a showing of actual harm, including income information, per 15 U.S.C. § 1681n. See…***Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007).** The FCRA's statutory structure supports the notion that discovery should be limited to matters directly relevant to the claims at hand. Where statutory damages are sought, the focus is on the violation itself, not the financial status of the plaintiff. Therefore, income information is irrelevant and should not be compelled.

Additionally, while Plaintiff does seek actual damages, these damages are specifically related to the inaccurate reporting of balances on Plaintiff's credit report, which directly impacted his credit score. Courts have recognized that inaccuracies in credit reporting, such as incorrect balances, can constitute actual damages under the FCRA. See…***Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995); *Stevenson v. TRW Inc.*, 987 F.2d 288, 296 (5th Cir. 1993); and *Bryant v. TRW, Inc.*, 689 F.2d 72, 79 (6th Cir. 1982).** Although plaintiff claimed he suffered concrete harm in one or more of the following forms, the forms specific to the claims against Trans Union are a significant drop in his credit score based on the inaccurate/incomplete information Trans Union allowed to be reported and or re-inserted from their failure to conduct a reasonable re-investigation or follow reasonable procedures to prevent such re-insertion, mental and emotional distress and pain, anguish, humiliation, loss of happiness, interest in outside activities, loss of sleep, headaches, sensitive stomach, higher interest rates on credit cards due to a lower credit score, none of which are relevant to the need to produce income or tax return information.

There are no claims for loss of credit, denial of credit application against Trans Union, only higher interest rates which are evaluated based on a consumers creditworthiness which is determined by the information being reported by Trans Union as it relates to the claims in this case against Trans Union. A person's income does not play a part in the interest rates given on loans, it is the information on a consumer's credit report that is taken into consideration. The full picture of plaintiff's credit worthiness is based on the credit report obtained which contains the information that they provided to the lender therefore they are already in possession of the information needed to prepare its defenses as they are the party who produced the credit report to the lender. Trans Union is not a lender required to follow TILA, they are not under writers for credit loans and lacks relevancy for the information requested as it will not change the fact that the inaccurate, incomplete information that Trans Union failed to reasonably re-investigate and allowed to be reported effected plaintiff's credit worthiness which was used in determining the interest rate approved for the capital one credit card. The issues presented in this case are related to the information Trans Union disseminated to lenders that adversely affected the plaintiff. That information is obtained as a result of a consumer report being provided to the lender which was used to determine the creditworthiness. Capital One has stated by and through their own website under "What are TransUnion credit reports used for?", that "Credit reports help inform lenders' decisions about whether they should extend credit or approve loans. Credit report information can impact <u>interest rates</u>" (see…htttps://www.capitalone.com/learn-grow/money-management/transunion-credit-report/).

Because this is the information Capital One specifies that they used to determine that impact the interest rates of a borrower, this further supports that Trans Unions request for additional information such as income and tax returns are irrelevant to any claims and defenses

in this case for the matters at hand, more importantly, the need to examine the full picture of plaintiff's creditworthiness as they claim is the purpose of their motion to compel. Trans Union is already in possession of the information needed to examine the full picture of the information in plaintiff's credit report that was used to determine the interest rate which is what plaintiff has claimed as this is the information that was used by Capital One when they approved plaintiff for credit card. Trans Union should not be granted any additional discovery as it would be an invasion of privacy, irrelevant to the claims and defenses in this case.

**B. The Requests Are Overly Broad and Disproportionate to the Needs of the Case**

Trans Union's requests for Plaintiff's financial documents, including tax authorization forms and broad categories of documents spanning multiple years, are overly broad and unduly burdensome. Rule 26(b)(1) requires that discovery be proportional to the needs of the case, considering factors such as the importance of the issues, the amount in controversy, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Trans Union's broad requests do not meet this standard and are not justified given the nature of the claims. The demand for Plaintiff's tax authorization forms, in particular, is an unnecessary invasion of privacy. The maxim *"Lex non cogit ad impossibilia"* indicates that the law does not compel the impossible, which can be interpreted to mean that it should not compel unduly burdensome or overly broad discovery, especially when the information sought is not directly relevant to the claims.

The FCRA's focus on protecting consumer privacy, as stated in its legislative history and the provisions of 15 U.S.C. §§ 1681b and 1681c, supports limiting discovery to what is strictly necessary. Here, Trans Union must demonstrate a compelling need for such intrusive discovery, which they have failed to do.

## C. Plaintiff Has Already Provided Sufficient and Relevant Documents

Plaintiff has provided all relevant documents that are within his possession and responsive to Trans Union's discovery requests. These include credit reports and other documents showing the impact of the inaccurate reporting on Plaintiff's creditworthiness as per the requirements of 15 U.S.C. § 1681e(b) affecting the interest rate for the credit card he was approved for. Trans Union's insistence on additional documents, such as credit card applications and statements unrelated to the disputed reporting and reporting with maximum possible accuracy is unwarranted amounting to a fishing expedition, which is discouraged. The FCRA's goal is to ensure accuracy and fairness in credit reporting, not to facilitate intrusive or irrelevant discovery. The statutory emphasis on accuracy (15 U.S.C. § 1681e(b)) supports limiting discovery to documents directly related to the issues of accuracy in credit reporting. In the email exchange between Plaintiff and Trans Union's counsel, Plaintiff clearly explained why certain documents were irrelevant and offered to produce statements from February 2024, which are directly related to the interest rates in question. This exchange, which Trans Union failed to include in its Motion, demonstrates Plaintiff's good faith efforts in responding to discovery requests and highlights the unnecessary nature of Trans Union's demands supported by plaintiff declaration (see Exhibit 7).

**Detailed Email Chain:**

**On Wed, Jul 24, 2024 at 7:06 PM, Leon Bruce wrote:**

Kyle,

With this card, there was a zero percent interest for 12 months. Because the interest rate had not applied until February of 2024 and since you have stated that you need the statements for calculating damages with what appears to be based on the interest rate on charges, I can provide those statements from February of 2024 as they would be relevant to damages based on the interest rate taking effect.

...

Leon Bruce

---

**On Wed, Jul 24, 2024 at 3:21 PM, Leon Bruce wrote:**

Kyle,

I still do not see the relevancy in the request for the application because the information reported on my consumer report is the bases of my claims and that information is what was used by capital one and affected the interest rate I was approved for. Regardless, I have reached out to capital one and was told they can provide a letter stating I was approved but they cannot provide a copy of the application.

Leon Bruce

---

**On July 24, 2024, at 01:23:07 PM EDT, Kyle Pietrzak wrote:**

Good afternoon Leon,

The application will capture what information you provided to Capital One, which would have factored into Capital One's review and approval of the credit card.

Kyle Pietrzak
Attorney at Law
Quilling, Selander, Lownds, Winslett & Moser, P.C.
214-871-2100 (Main)
214-560-5458 (Direct)
214-871-2111 (Fax)
6900 N. Dallas Parkway, Suite 800
Plano, TX 75024

---

**On July 24, 2024, at 12:12 PM EDT, Leon Bruce wrote:**

Kyle,

What was the purpose and need for the application again? Based on my claims and what I have provided, the interest rates on credit cards are based on a consumer's creditworthiness. As provided by my evidence produced with the Credit Karma reports, it shows that my score dropped when the PenFed account was re-inserted. The score was determined by the information Trans Union was reporting, which determines my creditworthiness and, therefore, is used to determine my interest rate on the credit card I was approved for. The higher the credit score, the

lower the interest rate. I don't see where requesting a copy of an application is relevant to the claims presented or any defenses as the application does not determine the interest rate I was approved for and, therefore, would be irrelevant, and I don't see a need to request a copy of my application from Capital One.

Leon Bruce

---

**On July 24, 2024, at 11:08 AM EDT, Kyle Pietrzak wrote:**

Also, have you requested a copy of your application from Capital One?

Kyle Pietrzak
Attorney at Law
Quilling, Selander, Lownds, Winslett & Moser, P.C.
214-871-2100 (Main)
214-560-5458 (Direct)
214-871-2111 (Fax)
6900 N. Dallas Parkway, Suite 800
Plano, TX 75024

---

**On July 23, 2024, at 11:15 PM EDT, Leon Bruce wrote:**

Kyle,

I only supplemented my responses to the following discovery requests, which were referenced in the request to meet and confer:

- **Interrogatories & Requests for Production – General Objections:**
    - Objection to Confidential Information satisfied by protective order.
- **Interrogatory #2:**
    - Damage calculations do not provide the method for determining the amount of actual damages.
    - Does not distinguish between alleged 2018-2019 damages and 2022-2023 damages.
- **Interrogatory #3:**
    - Does not specify what was inaccurate, who received the information, and when they received it.
- **Interrogatory #4:**
    - TU is entitled to know what other credit you applied for/received, as this is relevant to your denied credit damages.
- **Interrogatory #6:**
    - Nonresponsive to Interrogatory.

- **Interrogatory #13:**
    - Your income is relevant to your claims that you were denied credit. Potential creditors would likely have considered your income in their decision to approve/deny your credit applications.
- **Interrogatory #15:**
    - Your response does not provide a full description of your relationship with the PenFed accounts from inception to the present.
- **Requests for Production #11, 15 & 16:**
    - Your production of documents should include copies of all applications, correspondence, and statements from Capital One and any other creditors and potential creditors from the past 5 years. Most important are those creditors or potential creditors that form the basis of your complaint against Trans Union in this case.

Confidential information referenced has been produced to the extent it is not already in Trans Union's possession. Below is the link to the discovery produced as I have added 2 additional discovery documents. I am not in possession of applications from Capital One. My claims revolve around the PenFed account and information reported by PenFed that was seen by third parties and/or used by third parties to determine plaintiff's eligibility. I was unable to locate denials from when the PenFed account was reporting on my consumer file.

Link to Discovery: [Redacted]


Leon Bruce

---

**On July 23, 2024, at 05:32:38 PM EDT, Kyle Pietrzak wrote:**

Good afternoon Leon,

Please provide me with the link where I can obtain the supplemental document production.

Also, I've reviewed your First Supplemental Responses to Interrogatories and First Supplemental Responses to Request for Production. I don't see in the responses what information has been supplemented. Please indicate what information is different from the earlier served responses. Thank you.

Kyle Pietrzak
Attorney at Law
Quilling, Selander, Lownds, Winslett & Moser, P.C.
214-871-2100 (Main)
214-560-5458 (Direct)
214-871-2111 (Fax)

6900 N. Dallas Parkway, Suite 800
Plano, TX 75024

---

**On July 23, 2024, at 4:15 PM EDT, Leon Bruce wrote:**

Kyle,

Yes, I included 2-3 additional documents, which are accessible at the link in the supplemental production response. I believe they are labeled NLB2211-757 to 759.

Leon Bruce

---

**On July 23, 2024, at 3:38 PM EDT, Kyle Pietrzak wrote:**

Thank you, Leon.

Are there any additional documents being produced?

Kyle Pietrzak
Attorney at Law
Quilling, Selander, Lownds, Winslett & Moser, P.C.
214-871-2100 (Main)
214-560-5458 (Direct)
214-871-2111 (Fax)
6900 N. Dallas Parkway, Suite 800
Plano, TX 75024

---

**On July 22, 2024, at 6:47 PM EDT, Leon Bruce wrote:**

Kyle,

Please see attached my 1st Supplemental Response to Trans Union's First Set of Discovery as it related to our Meet and Confer. A physical copy is also being sent by mail.

Leon Bruce

---

**D. Trans Union Has Acted in Bad Faith by Omitting Critical Correspondence**

Trans Union's omission of the complete email exchange in its Motion to Compel is indicative of bad faith. This omission misleads the Court by failing to provide a full account of the discovery negotiations, particularly the fact that Plaintiff was willing to provide relevant documents. Courts have emphasized the importance of good faith in the discovery process and have denied motions to compel where the moving party has not acted in good faith. See...*Wilson v. Volkswagen of Am., Inc.*, **561 F.2d 494, 504 (4th Cir. 1977).**

### E. Inaccurate Reporting of Balances Constitutes Actual Damages

While Plaintiff's primary claim involves statutory damages, the inaccurate reporting of balances on Plaintiff's credit report has resulted in actual damages by negatively impacting Plaintiff's credit score. This is supported by the statutory framework of the FCRA, particularly 15 U.S.C. § 1681o, which allows for recovery of actual damages. The maxim *"Frustra probatur quod probatum non relevat"* supports limiting discovery to information directly relevant to these damages, such as the accuracy of reported balances, rather than Plaintiff's broader financial history. Courts and the jury have consistently recognized that the inaccurate reporting of account information can constitute actual damages under the FCRA. See...*Younger v. Experian Info. Sols., Inc.*, **No. 2:15-cv-00952, 2019 WL 1296256, at \*13 (N.D. Ala. Mar. 21, 2019).** Thus, the actual damages claimed by Plaintiff are directly tied to Trans Union's inaccurate Reporting of an account balance, a significant drop in his credit score based on the inaccurate/incomplete information Trans Union allowed to be reported and or re-inserted from their failure to conduct a reasonable re-investigation or follow reasonable procedures to prevent such re-insertion, mental and emotional distress and pain, anguish, humiliation, loss of happiness, interest in outside activities, loss of sleep, headaches, sensitive stomach, higher interest rates on credit cards due to a lower credit score therefore are unrelated to the Plaintiff's

2:22-cv-02211-BHH-MGB    Date Filed 08/20/24    Entry Number 244    Page 12 of 14

income or other financial information sought by Trans Union.

### F. Trans Union's Requests Are Unduly Burdensome and Harassing

Trans Union's requests for a broad range of financial documents, spanning multiple years and unrelated to the specific inaccuracies in Plaintiff's credit report, impose an undue burden on Plaintiff. The scope and nature of these requests appear to be more of a fishing expedition than a legitimate attempt to obtain relevant information. Courts routinely deny discovery requests that are overly burdensome or intended to harass the opposing party.

### G. Trans Union Has Misrepresented Plaintiff's 1st Supplemental Responses to interrogatories

Trans Union has presented to the court that plaintiff's supplemental responses did not change for "interrogatory no. 13" from the original response however such indication contradicts the discovery they placed on the record which shows that the plaintiff's supplemental response states as follows (see...ECF No. 230-5):

> **Plaintiff's 1st Supplemental Response to interrogatory no. 13:** Plaintiff objects to this entire interrogatory as being overly broad, unduly burdensome and vague in nature, irrelevant to this matter and would not lead to any facts, nor derive from a violation of any laws presented in plaintiff's 3rd amended complaint related to any inaccurate, incomplete, unverified reporting of the accounts, and bankruptcy by Trans Union in this case that would constitute as a defense, to the extent that there were no denials of credit, and is further objected to, to the extent that it request information that is outside of the claims in this complaint which are outside of the 2-5 year statute of limitations. To the extent this interrogatory has been answered in the response to interrogatory no. 12.

### H. Trans Union request to compel production no. 38 is in bad faith and untimely

Trans Union did not request a meet and confer on request for production no. 38 within 21 days after receipt of the discovery responses to which the motion to compel is directed as required by Local Rule 37.01. Trans Union has never requested a meet and confer on production request No. 38 only on Requests for Production #11, 15 & 16 as evidenced by the email communications. Trans Union has not tried to meet and confer with plaintiff on discovery no. 38

Page 12 | 14

within the allowed 21-days related to the execution and return or the original attached Tax Authorization. Trans Union has now introduced this issue by filing a motion to compel therefore this request is in bad faith and untimely.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that this Court deny Trans Union LLC's Motion to Compel in its entirety. Plaintiff further requests that the Court admonish Trans Union for its lack of good faith in the discovery process and award Plaintiff any further relief the Court deems just and proper. Dated this 19<u>th</u> day of August, 2024.

RESPECTFULLY PRESENTED,

"Without Prejudice"

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Secured Natural Secured Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served to all parties on the service list **via the CM/ECF system.** Dated this 19th day of August, 2024.

**SENT TO:**

Willson Jones Carter & Baxley, P.A.
**Attention: G. Troy Thames**
4922 O'Hear Avenue, Suite 301
North Charleston, SC 29405
*Attorney for Pentagon Federal Credit Union*

Eckert Seamans Cherin & Mellott, LLC
**Attn.: Michael A. Graziano & Sarah A. James**
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C. 20006
*Attorney for Pentagon Federal Credit Union*

Wyche PA
**Attention: Rita Bolt Barker**
200 E Broad Street, Suite 400
Greenville, SC 29601-2892
*Attorney for Equifax*

Seyfarth Shaw, LLP
**Attention: Eric F Barton**
1075 Peachtree Street NE, Suite 2500
Atlanta, GA 30309
*Attorney for Equifax*

Adams and Reese LLP
**Attention: Lyndey Ritz Zwing Bryant**
1221 Main Street, Suite 1200
Columbia, SC 29201
*Attorney for Experian*

Clement Rivers LLP
**Attention: Wilbur Eugene Johnson**
25 Calhoun Street, Suite 400
Charleston, SC 29401
*Attorney for Trans Union, LLC*

Quilling Selander Lownds Winslett and Moser PC
Attn: Kyle Pietrzak
6900 N Dallas Parkway, Suite 800
Plano, TX 75024
*Attorney for Trans Union, LLC*

Jones Day
ATTN: **Grant Edward Schnell**
1221 Peachtree Street NE, Suite 400
Atlanta, GA 30361
*Attorney for Experian*

William J. Farley III
**Attention: Troutman Pepper Hamilton Sanders LLP**
301 S. College Street, Suite 3400
Charlotte, NC 28202
*Attorney for Defendant LexisNexis Risk Solutions, Inc.*

Troutman Pepper
**Attn: Susan Jean Lloyd**
One Wachovia Center
301 South College Street, Suite 3400
Charlotte, NC 28202
*Attorney for Def. LNRS*

"Without Prejudice"

_Nelson L. Bruce_

Nelson L. Bruce, Propria Persona, Sui Juris
"All Secured Natural Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com