**Record/FILE ON DEMAND**                U.S.P.S. PRIORITY MAIL TRACKING NO. 9405830109355124965160

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce,<br><br>             Plaintiff,<br><br>v.<br><br>Pentagon Federal Credit Union; et al.<br><br>             Defendants. | **Case No.: 2:22-cv-02211-BHH-MGB**<br><br>**PLAINTIFF'S PETITION FOR PROTECTIVE ORDER** |

NOW COMES Plaintiff, Nelson L. Bruce a natural man, Sui Juris, being at or above the age of 18, of the age of the majority, with reservation of any and all natural secured rights, and hereby exercise such rights at all times hereby petitions this court for a protective order against Trans Union, LLC. Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Nelson L. Bruce, Sui Juris, respectfully petitions this Court for the entry of a protective order to shield him from Defendant Trans Union LLC's ("Trans Union") discovery requests presented in their motion to compel which are overly broad, irrelevant, unduly burdensome, and invasive of Plaintiff's privacy. Plaintiff presents that these requests constitute a fishing expedition, unrelated to the core issues of this case, and are intended to harass rather than to obtain relevant information. **For the reasons set forth below, this Petition should be granted.**

## I.   INTRODUCTION

Plaintiff seeks a protective order to prevent the disclosure of personal financial information, including income history, tax authorization forms, and other financial documents demanded by Trans Union. These requests are not relevant to the claims and defenses in this case and exceed the permissible scope of discovery under Rule 26(b)(1). Compliance with these

demands would impose an undue burden on Plaintiff, subject him to harassment, and invade his privacy rights. The Court's intervention is necessary to ensure that discovery remains focused on the relevant issues and is conducted in a fair and reasonable manner.

## II.   LEGAL STANDARD

Under Rule 26(c) of the Federal Rules of Civil Procedure, the Court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including by forbidding the disclosure or discovery, or by limiting the scope of discovery to certain matters. The moving party must demonstrate that specific harm or prejudice will result if the protective order is not granted. **See...*Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986),** also see...***Bridgeport Music, Inc. v. UMG Recordings, Inc.*, 248 F.R.D. 408 (D.S.C. 2008).** These cases emphasize the importance of proportionality in discovery and the need to protect against irrelevant or harassing discovery requests, which supports the argument for a protective order. In the context of this case, the Federal Rule of Civil Procedure 26(b)(1) limits discovery to non-privileged matters that are relevant to any party's claim or defense and proportional to the needs of the case.

## III.   ARGUMENT

### A. Plaintiff's Income Information is Irrelevant to the Claims and Defenses in This Case

Trans Union seeks to compel the production of Plaintiff's income information, arguing that it is necessary to evaluate the claimed damages. However, Plaintiff's claims primarily seek statutory damages under the Fair Credit Reporting Act ("FCRA"), which do not require a showing of actual harm, including income information. **See...*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57 (2007).** The FCRA's statutory structure supports the notion that discovery should be limited to matters directly relevant to the claims at hand. Where statutory damages are

sought, the focus is on the violation itself, not the financial status of the plaintiff. Therefore, income information is irrelevant and should not be compelled.

Furthermore, Plaintiff's claims for actual damages are directly tied to the inaccurate reporting of balances on his credit report, which negatively impacted his credit score and resulted in higher interest rates on credit cards. **Courts have consistently held that inaccuracies in credit reporting can constitute actual damages under the FCRA.** \*\*See...*Cushman v. Trans Union Corp.,* **115 F.3d 220, 226 (3d Cir. 1997);** *Philbin v. Trans Union Corp.,* **101 F.3d 957, 963 (3d Cir. 1996);** *Guimond v. Trans Union Credit Info. Co.,* **45 F.3d 1329, 1333 (9th Cir. 1995);** *Stevenson v. TRW Inc.,* **987 F.2d 288, 296 (5th Cir. 1993);** *Bryant v. TRW, Inc.,* **689 F.2d 72, 79 (6th Cir. 1982);** also see...*Robinson v. Equifax Info. Servs., LLC,* **560 F.3d 235 (4th Cir. 2009).** The Fourth Circuit discussed the potential for actual damages under the FCRA and the importance of accuracy in credit reporting, directly supporting the argument that inaccurate reporting can cause real harm; *Dalton v. Capital Associated Indus., Inc.,* **257 F.3d 409 (4th Cir. 2001).** This Fourth Circuit case emphasizes the necessity of a reasonable investigation by credit reporting agencies, supporting the relevance of accuracy in credit reporting to claims of actual damages.

### B. Trans Union's Requests Are Overly Broad, Unduly Burdensome, and Disproportionate to the Needs of the Case

Trans Union's requests for Plaintiff's financial documents, including tax authorization forms and broad categories of documents spanning multiple years, are overly broad and unduly burdensome. **Rule 26(b)(1)** requires that discovery be proportional to the needs of the case, considering factors such as the importance of the issues, the amount in controversy, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Trans Union's broad requests do not meet this standard and are not justified given the nature of the claims. The

demand for Plaintiff's tax authorization forms, in particular, is an unnecessary invasion of privacy.

The FCRA's focus on protecting consumer privacy, as stated in its legislative history and the provisions of **15 U.S.C. §§ 1681b et seq. and 1681c et seq.**, supports limiting discovery to what is strictly necessary. Here, Trans Union has failed to demonstrate a compelling need for such intrusive discovery.

### C. Plaintiff Has Already Provided Sufficient and Relevant Documents

Plaintiff has provided all relevant documents that are within his possession and responsive to Trans Union's discovery requests. These include credit reports and other documents showing the impact of the inaccurate reporting on Plaintiff's creditworthiness, which are directly related to the claims at hand. Trans Union's insistence on additional documents, such as income information and tax returns, is unwarranted and amounts to a fishing expedition. The statutory emphasis on accuracy and fairness in credit reporting under the **FCRA (15 U.S.C. § 1681e(b))** supports limiting discovery to documents directly related to the issues of accuracy in credit reporting.

### D. Trans Union Has Acted in Bad Faith by Omitting Critical Correspondence

Trans Union's omission of the complete email exchange in its Motion to Compel is indicative of bad faith. This omission misleads the Court by failing to provide a full account of the discovery negotiations, particularly the fact that Plaintiff was willing to provide relevant documents. **Courts have emphasized the importance of good faith in the discovery process and have denied motions to compel where the moving party has not acted in good faith.** See…*Wilson v. Volkswagen of Am., Inc.*, **561 F.2d 494, 504 (4th Cir. 1977).**

### E. The Inaccurate Reporting of Balances Constitutes Actual Damages

While Plaintiff's primary claim involves statutory damages, the inaccurate reporting of balances on Plaintiff's credit report has resulted in actual damages by negatively impacting Plaintiff's credit score. The actual damages claimed by Plaintiff are directly tied to Trans Union's inaccurate reporting of account balances and other errors, which have led to a significant drop in his credit score, mental and emotional distress, and higher interest rates on credit cards.

## IV.  CONCLUSION

For the reasons stated above, Plaintiff respectfully petitions this Court to grant his Petition for Protective Order, thereby protecting him from the undue burden, harassment, and invasion of privacy posed by Trans Union's irrelevant and overly broad discovery requests, specifically Interrogatory No. 13, and Request for Production No. 38 which are the claims presented in their motion to compel. Plaintiff further requests that the Court limit discovery to matters directly relevant to the claims and defenses in this case, consistent with the principles of fairness and proportionality outlined in Rule 26(b)(1). Dated this 19th day of August, 2024.

RESPECTFULLY PRESENTED,

"Without Prejudice"

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Secured Natural Secured Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served to all parties on the service list **via the CM/ECF system.** Dated this 19th day of August, 2024.

**SENT TO:**

Willson Jones Carter & Baxley, P.A.
**Attention: G. Troy Thames**
4922 O'Hear Avenue, Suite 301
North Charleston, SC 29405
*Attorney for Pentagon Federal Credit Union*

Eckert Seamans Cherin & Mellott, LLC
**Attn.: Michael A. Graziano & Sarah A. James**
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C. 20006
*Attorney for Pentagon Federal Credit Union*

Wyche PA
**Attention: Rita Bolt Barker**
200 E Broad Street, Suite 400
Greenville, SC 29601-2892
*Attorney for Equifax*

Seyfarth Shaw, LLP
**Attention: Eric F Barton**
1075 Peachtree Street NE, Suite 2500
Atlanta, GA 30309
*Attorney for Equifax*

Adams and Reese LLP
**Attention: Lyndey Ritz Zwing Bryant**
1221 Main Street, Suite 1200
Columbia, SC 29201
*Attorney for Experian*

Clement Rivers LLP
**Attention: Wilbur Eugene Johnson**
25 Calhoun Street, Suite 400
Charleston, SC 29401
*Attorney for Trans Union, LLC*

Quilling Selander Lownds Winslett and Moser PC
Attn: Kyle Pietrzak
6900 N Dallas Parkway, Suite 800
Plano, TX 75024
*Attorney for Trans Union, LLC*

Jones Day
ATTN: **Grant Edward Schnell**
1221 Peachtree Street NE, Suite 400
Atlanta, GA 30361
*Attorney for Experian*

William J. Farley III
**Attention: Troutman Pepper Hamilton Sanders LLP**
301 S. College Street, Suite 3400
Charlotte, NC 28202
*Attorney for Defendant LexisNexis Risk Solutions, Inc.*

Troutman Pepper
**Attn: Susan Jean Lloyd**
One Wachovia Center
301 South College Street, Suite 3400
Charlotte, NC 28202
*Attorney for Def. LNRS*

"Without Prejudice"

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
"All Secured Natural Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com