IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE, <br><br> Plaintiff, <br><br> v. <br><br> PENTAGON FEDERAL CREDIT UNION a/k/a PENTAGON FEDERAL CREDIT UNION FOUNDATION, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, LEXISNEXIS RISK SOLUTIONS, INC., and UNKNOWN DOES 1-100, <br><br> Defendants. | CASE NO.: 2:22-cv-02211-BHH-MGB |

## DEFENDANT TRANS UNION LLC'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PLAINTIFF'S DISCOVERY RESPONSES

COMES NOW, Defendant Trans Union LLC ("Trans Union") pursuant to Local Civ. Rule 7.06 and 7.07 (D.S.C.) and files this Reply in Support of Trans Union's Motion to Compel *pro se* Plaintiff Nelson L. Bruce's ("Plaintiff") Discovery Responses.

### I.    INTRODUCTION

1. Trans Union filed its Motion to Compel Plaintiff to provide supplemental responses to a single Interrogatory and a single Request for Production, seeking historical information regarding his income. This information is necessary because Plaintiff is claiming substantial damages, including loss of credit, denial of credit applications, and higher interest rates on loans and credit cards. To adequately prepare its defense, Trans Union must evaluate Plaintiff's "credit worthiness" at the time of the relevant credit applications, including Plaintiff's income information.

2. In his Response in Opposition to Trans Union's Motion to Compel (the "Opposition") argues that Trans Union should not be granted any additional discovery –

7473744.1

1

specifically income and tax information – on the grounds that it would be an invasion of privacy and is irrelevant to the case. However, Plaintiff's Opposition reflects a fundamental misunderstanding of basic legal principles such as damages and relevancy as well as his rejection of the discovery requirements of the Federal Rules of Civil Procedure.

3. Accordingly, Trans Union respectfully requests that this Court order Plaintiff to provide supplemental responses to Trans Union's First Set of Interrogatories No. 13 and First Request for Production No. 38 ("Discovery Requests") and to produce all documents responsive to Trans Union's First Request for Production, within seven days of the Court's Order.

## II.    ARGUMENTS AND AUTHORITIES

4. Plaintiff contends that Trans Union should not be granted additional discovery—specifically income and tax information—arguing it would invade his privacy and is irrelevant to the claims and defenses in this case. This contention is incorrect.

5. Plaintiff's argument that his income details are irrelevant to his damages claims lack merit and contradicts his own assertions. Notably, Plaintiff acknowledges that he seeks actual damages due to receiving "higher interest rates from lenders such as Capital One." Plaintiff's Opposition then misinforms the court by claiming that Capital One's credit decision, which allegedly resulted in a higher interest rate, did not take his income into consideration. Plaintiff provides no admissible evidence to support this claim, which, if true, would contradict Capital One's legal obligations to assess Plaintiff's ability to repay the debt, including consideration of his income.

6. Plaintiff also appears to misunderstand the definition of actual damages, as evidenced by the heading in Paragraph E, "Inaccurate Reporting of Balances Constitutes Actual Damages." To support his conclusion, Plaintiff cites *Younger v. Experian Info. Sols., Inc.*, No. 2:15-cv-00952, 2019 WL 1296256, at *13, claiming that "Courts and the Jury have consistently

2

7473744.1

recognized that the inaccurate reporting of account information can constitute actual damages under the FCRA. In reality, neither the un-published *Younger* opinion cited, nor the decision by the higher court in that case supports Plaintiff's position, much less does it collect cases with similar rulings to justify his assertion that "Courts and Juries have consistently recognized" his desired interpretation. *See Younger,* 817 F. App'x 862, 869 (11th Cir. 2020)

7.     Lastly, Trans Union has not acted in bad faith by seeking discovery related to Plaintiff's historical income information. Under Local Rule 7.02, Trans Union's counsel was not obligated to meet and confer with Plaintiff before filing its Motion to Compel since Plaintiff is proceeding pro se. Nevertheless, Trans Union voluntarily attempted to resolve this dispute by requesting that the provide the requested Plaintiff's income information through an interrogatory response. However, when it became clear that Plaintiff would not provide this information, Trans Union sought an order compelling Plaintiff to execute a Tax Authorization form, enabling Trans Union to obtain Plaintiff's tax and income information directly from the IRS.

8.     As detailed herein, Plaintiff has failed to adequately address the arguments raised in Trans Union's Motion to Compel. Therefore, the Court should view Plaintiff's Opposition as further grounds to grant Trans Union's Motion.

### III.     CONCLUSION

For the foregoing reasons, Defendant Trans Union LLC respectfully requests that this Court issue an Order (i) overruling Plaintiff's objections to Interrogatory No. 13 and Request for Production No. 38; (ii) compelling Plaintiff to provide supplemental responses to Trans Union's Discovery Requests within seven (7) days of the Court's Order; (iii) compelling Plaintiff to serve on Trans Union's counsel, within seven (7) days of the Court's Order, a copy of all documents responsive to Request for Production No. 38; (iv) finding that Trans Union is entitled to an award against Plaintiff for its reasonable expenses, including attorney's fees, incurred in connection with

3

this Motion; and (v) awarding Trans Union any other and further relief to which it may be justly entitled.

        Respectfully Submitted,

        *s/ Wilbur E. Johnson*
        Wilbur E. Johnson
        wjohnson@ycrlaw.com
        Federal ID No.: 2212
        Clement Rivers, LLP
        25 Calhoun Street, Suite 400
        Charleston, SC 29401
        (843) 724-6659
        (843) 579-1332 Fax

        Kyle Pietrzak, Esq.
        (admitted *Pro Hac Vice*)
        kpietrzak@qslwm.com
        Quilling, Selander, Lownds, Winslett & Moser, P.C.
        6900 N Dallas Parkway, Suite 800
        Plano, TX 75024
        (214) 560-5458
        (214) 871-2111 Fax
        **Counsel for Trans Union LLC**

7473744.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of August 2024, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

G. Troy Thames
tthames@wjlaw.net
Willson Jones Carter and Baxley
421 Wando Park Boulevard, Suite 100
Mt Pleasant, SC 29464
(843) -284-0832
(843) 284-1081 Fax
and
Michael A. Graziano
mgraziano@eckertseamans.com
Sarah A. James
sjames@eckertseamans.com
Eckert Seamans Cherin and Mellott LLC
1717 Pennsylvania Avenue NW, Suite 1200
Washington, DC 20006
(202) 659-6671
(202)659-6699 Fax
***Counsel for Pentagon Federal Credit Union a/k/a Pentagon Federal Credit Union Foundation***
Lyndey Ritz Zwing Bryant
lyndey.bryant@arlaw.com
Adams and Reese LLP
1221 Main Street, Suite 1200
Columbia, SC 29201
(803) 212-4958
(803) 779-4749 Fax
and
Grant Edward Schnell
gschnell@jonesday.com
Jones Day
1221 Peachtree Street NE, Suite 400
Atlanta, GA 30361
(404) 581-8023
***Counsel for Experian Information Solutions, Inc.***

Rita Bolt Barker
rbarker@wyche.com
Wyche PA
200 E Broad Street, Suite 400
Greenville, SC 29601-2892
(864) 242-8235
and
Eric F. Barton
ebarton@seyfarth.com
Seyfarth Shaw LLP
1075 Peachtree Street NE, Suite 2500
Atlanta, GA 30309
(404) 885-1500
***Counsel for Equifax Information Services, LLC***

William Joseph Farley, III
will.farley@troutman.com
Troutman Sanders LLP
301 S Tryon Street, Suite 3400
Charlotte, NC 28202
(704) 998-4099
and
Susan Jean Lloyd
susie.lloyd@troutman.com
Troutman Pepper
301 South College Street, Suite 3400
Charlotte, NC 28202
(724) 561-7546
***Counsel for LexisNexis Risk Solutions, Inc.***

5

7473744.1

I further certify that I forwarded a copy of the foregoing by U.S. First Class Mail to the following non-CM/ECF participants:

Nelson L. Bruce
PO BOX 3345
Summerville, SC 29484-3345
**Pro Se Plaintiff**

*s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**