IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, ) | Civil Action No. 2:22-cv-02211-BHH-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Pentagon Federal Credit Union, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

Nelson L. Bruce, proceeding *pro se* and *in forma pauperis*, filed this action on July 12, 2022, bringing claims pursuant to the Fair Credit Reporting Act ("FCRA"), among others. (Dkt. Nos. 1; 171.) Currently before the Court is Plaintiff's Motion to Dismiss the Counterclaim filed by Defendant Pentagon Federal Credit Union ("PenFed"). (Dkt. No. 209.)[1] For the reasons stated below, the undersigned recommends the motion be granted.

## BACKGROUND

Plaintiff has amended his complaint three times since filing this action.[2] Most recently, Plaintiff filed a Third Amended Complaint on May 30, 2024. (Dkt. No. 171.) The latest amendments to the pleading only affect Defendants LexisNexis Risk Solutions, Inc.; LexisNexis Risk Solutions FL Inc.; and LexisNexis Risk Data Management Inc. (*Id*.) The allegations specific to PenFed are largely unchanged from the prior version of the complaint, filed on May 25, 2023. (Dkt. No. 98.) On June 13, 2024, PenFed filed an Answer to the Third Amended Complaint and included a Counterclaim for the first time. The Counterclaim asserts contract and quasi-contract

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C.
[2] Here, the Court incorporates by reference the procedural background exhaustively detailed in the Order granting Plaintiff's motion for leave to file a third amended complaint. (Dkt. No. 170 at 2–5.)

claims against Plaintiff in connection with three credit and loan accounts it alleges Plaintiff failed to pay.[3] (Dkt. No. 185 at 33–42.)

On June 13, 2024, Plaintiff filed a Motion to Dismiss PenFed's Counterclaim. (Dkt. No. 186.) PenFed filed a response in opposition (Dkt. No. 199), to which Plaintiff filed a reply (Dkt. No. 232.) The motion has been fully briefed and is ripe for review.

## STANDARD

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Nor does the Court "resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)). If, however, "all facts necessary to [an] affirmative defense" such as the statute of limitations "'clearly appear[ ] on the face of the complaint,'" the Court may consider the defense. *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464

---

[3] Specifically, PenFed alleges the following causes of action in its Counterclaim: (1) breach of contract, vehicle loan; (2) breach of contract, personal line of credit; (3) breach of contract, credit card; (4) account stated, vehicle loan; (5) account stated, personal line of credit; (6) account stated, credit card; (7) unjust enrichment, vehicle loan; (8) unjust enrichment, personal line of credit; and (9) unjust enrichment, credit card. (Dkt. No. 185 at 33–42.)

(4th Cir. 2007) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

The Court's review of a Rule 12(b)(6) motion typically is limited to the pleadings, documents attached to the complaint, and the parties' briefs. *See* Fed. R. Civ. P. 12(b)(6), 12(d); *see also* Fed. R. Civ. P. 10(c). The Court also may consider facts and documents subject to judicial notice without converting the motion to dismiss into one for summary judgment. *See Zak v. Chelsea Therapeutics Int'l, Ltd*., 780 F.3d 597, 607 (4th Cir. 2015). But "when a court considers relevant facts from the public record at the pleading stage, the court must construe such facts in the light most favorable to the plaintiffs." *Id.* Here, the undersigned properly considers the exhibits attached to PenFed's Answer and Counterclaim. (Dkt. Nos. 185-1; 185-2; 185-3; 185-4.) And, as discussed further below, the undersigned also properly takes judicial notice of certain filings by Plaintiff in various federal courts.

**DISCUSSION**

In his Motion to Dismiss, Plaintiff argues PenFed's Counterclaim should be dismissed in its entirety because, *inter alia*, PenFed's claims are time-barred under the applicable statute of limitations. (Dkt. No. 209.) In response, PenFed argues that its statute of limitations defense cannot be resolved under Rule 12(b)(6) and it is entitled to discovery on this issue. (Dkt. No. 224 at 1–2.)

Upon careful review, the undersigned finds that the instant case presents one of the circumstances where dismissal of a claim as time-barred at the motion to dismiss stage is appropriate. In South Carolina, a claim for breach of contract is subject to a three-year statute of limitations. S.C. Code Ann. § 15–3–530(1); *see also Anonymous Taxpayer v. S.C. Dep't of Revenue*, 661 S.E. 2d 73, 80 (S.C. 2008). "The discovery rule applies to breach of contract actions." *Prince v. Liberty Life Ins. Co*., 700 S.E. 2d 280, 282 (S.C. Ct. App. 2010). "Pursuant to the

3

discovery rule, a breach of contract action accrues not on the date of the breach, but rather on the date the aggrieved party either discovered the breach, or could or should have discovered the breach through the exercise of reasonable diligence." *Maher v. Tietex Corp.*, 500 S.E.2d 204, 207 (S.C. Ct. App. 1998).

A review of the exhibits referenced in PenFed's Counterclaim and attached thereto unequivocally show that PenFed believed Plaintiff was in breach of the credit and loan accounts at issue between January 2017 and May 2017, thereby rendering its Counterclaim time-barred under the three-year statute of limitations. (*See* Dkt. No. 185 at 33–37; 185-1; 185-2; 185-3; 185-4.) Indeed, PenFed does not dispute that by the end of 2017, it knew Plaintiff failed to make payments that were due on the accounts at issue. Rather, PenFed argues that the statute of limitations has been revived by Plaintiff's own statements within the past three years "acknowledging the debts he owes to PenFed." (Dkt. No. 224 at 2–3.)

Here, PenFed relies on S.C. Code Ann. § 15-3-120, which provides that the statute of limitations on actions to recover debts can be revived by either partial payment of the debt or "some writing signed by the party to be charged thereby." (Dkt. No. 224 at 2.) In *Murray v. Estate of Murray*, the South Carolina Court of Appeals recently considered whether a written letter constituted a new promise to pay the debt owed to the plaintiffs, thereby reviving the applicable statute of limitations pursuant to S.C. Code Ann. § 15-3-120. 871 S.E.2d 173, 181 (S.C. Ct. App. 2022). The *Murray* court first summarized the case law applicable to this issue:

> Whether an instrument purporting to be an acknowledgment of a debt is sufficient to take it out of the bar of the statute of limitations is a question for the court, but whether the debt sued for is the one acknowledged is a question for the jury." *Hill v. Hill*, 51 S.C. 134, 140, 28 S.E. 309, 312 (1897) (quoting 1 Thomp. Trials § 1268).
>
> "After the statute [of limitations] has run out, there must be 'an express promise to pay, or an admission of a subsisting debt which the party is willing and liable to pay.'" *Horlbeck v. Hunt*, 26 S.C.L. (1 McMul.) 197, 200-01 (1841). "[I]f there be

4

> an unequivocal admission, that [the debt] is due and unpaid, unaccompanied by any expression, declaration, or qualification, indicative of an intention not to pay, the state of facts on which the law implies a promise, is then present, and the party is bound by it." *Id*. at 201 (quoting *Young v. Monpoey*, 18 S.C.L. (2 Bail. 280) 278 (1830)); *see also Suber v. Richards*, 61 S.C. 393, 403, 39 S.E. 540, 543 (1901) (stating the writing must "recognize an existing debt . . . [and] should contain nothing inconsistent with an intention on the part of the debtor to pay it") (quoting *Manchester v. Braender*, 107 N.Y. 346, 14 N.E. 405, 406 (1887)). "Such new promise . . . must amount to an unqualified admission of a subsisting legal liability and must be established by evidence unambiguous and full." *Black v. White*, 13 S.C. 37, 40 (1880).

*Id.*

Turning to the letter at issue, the *Murray* court noted that although the letter acknowledged the debt, it "essentially just established options" of payment, "which was inconsistent with an intention to repay it." *Id.* at 182. The court further cited the letter's inclusion of "equivocal" statements, including that "the debt was due 'both legally and as our father'" and was an "honor debt." *Id.* Emphasizing that "the letter contained equivocal language and an expression that was inconsistent with [the debtor's] intent to repay the debt," the court concluded "this letter was insufficient to demonstrate an unequivocal admission that the debt was due and unpaid." *Id*. For this reason, the court affirmed that the plaintiffs' claim to recover the debt at issue was barred by the statute of limitations pursuant to S.C. Code Ann. § 15–3–530.

Citing *Murray* and § 15-3-120, PenFed argues that because the Counterclaim "is silent on [the] issue" of whether Plaintiff has submitted any such qualifying signed writing, the Counterclaim does not set forth on its face all the facts necessary to conclude that PenFed's claims are barred by the statute of limitations. (Dkt. No. 224 at 2.) The undersigned finds this argument without merit. As discussed above, the allegations within the Counterclaim and the exhibits attached thereto clearly establish that the three-year statute of limitations expired before PenFed filed its Counterclaim. There is no mention in the pleading or exhibits of any signed writing from

5

Plaintiff that would support taking the debts "out of the bar of the statute of limitations," and PenFed's conclusory assertion in its response brief that such writings exist is not convincing. *Murray*, 871 S.E.2d at 181.

According to PenFed, Plaintiff has "expressly identif[ied] PenFed as [his] creditor" in various motions to proceed *in forma pauperis* ("IFP") with respect to the auto loan account identified in the Counterclaim and Plaintiff "also list[ed] credit card debt that likely includes debt owed to PenFed." (Dkt. No. 224 at 3.) PenFed has submitted two such IFP motions that Plaintiff filed in other federal courts. (Dkt. Nos. 224-1; 224-2.) These IFP motions ask Plaintiff to identify, *inter alia*, "[a]ny debts or financial obligations (described the amounts owed and to whom they are payable)." (Dkt. Nos. 224-1 at 3; 224-2 at 3.) Here, Plaintiff listed, *inter alia*, "Alleged Car Loan Payments: $601-Pentagon Federal Credit Union (In litigation)" and "Credit Cards: $18,000." (Dkt. Nos. 224-1 at 3; 224-2 at 3.)

The quoted debts listed in these IFP motions do not "amount to an unequivocal admission that the debt was due [to PenFed] and unpaid." *Murray*, 871 S.E.2d at 182 ("Whether an instrument purporting to be an acknowledgment of a debt is sufficient to take it out of the bar of the statute of limitations is a question for the court . . . ."); *see also Suber*, 39 S.E. at 543 (stating the writing must "recognize an existing debt . . . [and] should contain nothing inconsistent with an intention on the part of the debtor to pay it" (quoting *Manchester*, 14 N.E. at 406)). Indeed, Plaintiff's reference to the car loan payments with PenFed as "alleged" and "in litigation" are inconsistent with an intent to repay this debt, and his general admission of "credit card[]" debt does not imply a promise to pay any specific debt owed to PenFed. The Court has taken judicial review of the other IFP motions filed by Plaintiff in this court in the past three years and they include similar equivocal language. *See* Case No. 2:21-cv-3603-BHH-MGB, Dkt. No. 3; Case No. 2:22-cv-1292-

BHH-MGB, Dkt. No. 2. While PenFed argues it "should be permitted to conduct discovery to identify any other statements [Plaintiff] has made during the last three years acknowledging the debts he owes to PenFed," there is no reason to believe any signed writings exist that would support taking the debts allegedly owed to PenFed "out of the bar of the statute of limitations." *Murray*, 871 S.E.2d at 181; *see, e.g.*, *Hill*, 28 S.E. at 312 (reviving a stale debt requires "an express promise to pay, or such unqualified and unequivocal admission that the debt is still due, unaccompanied by any expression indicative of an intention not to pay"). The record indicates Plaintiff has been steadfast in his belief that he should not have to pay any amount to PenFed in connection to the accounts at issue. PenFed's request for discovery to show that Plaintiff "should be judicially estopped from denying that he owes debts to PenFed based on the statements he has made to avoid paying fees imposed by this Court and other federal courts" fails for similar reasons. (Dkt. No. 224 at 3.)

Based on the foregoing, the undersigned finds that PenFed's Counterclaim is barred by the applicable statute of limitations, and Plaintiff's Motion to Dismiss (Dkt. No. 209) should therefore be granted.[4]

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that Plaintiff's Motion to Dismiss (Dkt. No. 209) be GRANTED, and PenFed's Counterclaim (Dkt. No. 185 at 33–42) be dismissed.

IT IS SO RECOMMENDED.

---

[4] In his Motion to Dismiss, Plaintiff also argues that PenFed lacks "jurisdiction over the alleged debt and its creation" and asks the Court to consider the sufficiency of the evidence in the record to find PenFed cannot seek to collect the debts at issue. (Dkt. No. 209 at 4–5.) Such arguments are inappropriate at this stage in the proceedings and do not warrant dismissal of PenFed's Counterclaim under Rule 12(b)(6). See *Williams*, 45 F.4th at 765, 777 (When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader).

August 28, 2024

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).