**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Nelson L. Bruce,<br><br>Plaintiff,<br><br>v.<br><br>Pentagon Federal Credit Union; *et al.*<br><br>Defendants. | ) | CASE NO.: 2:22-cv-02211-BHH-MGB |

**PENTAGON FEDERAL CREDIT UNION'S MOTION FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S AMENDED NOTICE OF DEPOSITIONS**

Pentagon Federal Credit Union ("PenFed") respectfully requests that the Court enter a protective order under Rule 26(c) of the Federal Rules of Civil Procedure holding that PenFed is not required to present certain current and former employees for depositions. The Court should apply the "Apex doctrine" to preclude Nelson L. Bruce from deposing two high-level employees, James Schenck and Jay Ferrin, because they do not have unique or special knowledge about the facts at issue in this case. The Court should also hold that the Federal Rules of Civil Procedure do not require PenFed to present former or non-management employees for depositions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Bruce's active pleading is the Third Amended Complaint he filed on May 30, 2024 [ECF 171] ("the complaint"). The complaint asserts three claims against PenFed. (3d Am. Compl. ¶¶ 122-146, 155-159.) First, Bruce claims that PenFed violated the Fair Credit Reporting Act ("FCRA") by reporting information about loan accounts that PenFed had allegedly "sold, assigned and/or transferred to a debt buyer and/or external collections in this case United Holding Group

and National Credit Corporation." (*Id.* ¶ 130.) Second, Bruce asserts a defamation claim arising from the same credit reporting dispute. (*Id.* ¶¶ 138-146.) Third, Bruce claims PenFed violated South Carolina's version of the Uniform Commercial Code ("UCC") by not providing an authenticated accounting of his outstanding debts upon request. (*Id.* ¶¶ 155-159.)

The Order that the Court entered when it resolved PenFed's motion to dismiss Bruce's prior complaint identified a narrow set of issues that remain to be resolved with respect to the three claims Bruce is asserting against PenFed. (3/20/2024 Order [ECF 154] at 21-25.) Specifically, the Court found that the issues of whether Bruce provided adequate notice of his dispute, whether the information PenFed reported was misleading, and, if so, whether PenFed acted with malice, could not be resolved at the pleadings stage. (*Id*. at 22-23.)

On July 16, 2024, Bruce moved the Court to issue document subpoenas to several non-parties, including Jay Farrin and the Federal Reserve Bank of Richmond ("FRB") [ECF 202 & 205]. The Court denied the motion to the extent it requested subpoenas to Ferrin and the FRB because, among other reasons, Bruce had not established that the documents he sought from Ferrin and the FRB were relevant or proportional. (7/19/2024 Order [ECF 211] at 3-4.)

Bruce filed a second motion seeking to issue a document subpoena to the FRB on August 14, 2024 [ECF 241]. The Court denied that motion because, like the first motion, it did not establish that the documents Bruce sought were relevant or proportional. (8/26/24 Order [ECF 250] at 8.)

On August 30, 2024, Bruce filed a document titled "Plaintiff's Amended Notice of Deposition of the Following Parties" [ECF 263]. The notice, however, does not identify any "Parties" as deponents. Instead, it lists six non-parties, including Ferrin; an unnamed representative of the FRB; PenFed's CEO, James Schenck; a former employee of PenFed, John Dorn; and two unnamed customer service representatives with whom Bruce spoke on December 27, 2021. (*Id*.)

## II. ARGUMENT

### A. The Court Should Bar Depositions of Schenck and Ferrin Under the "Apex Doctrine"

Under Rule 26 of the Federal Rules of Civil Procedure, "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The court may issue a protective order "to protect a person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

In applying Rule 26 to depositions involving high-ranking corporate executives and government officials, this Court has consistently applied a test known as the "Apex doctrine." *See, e.g.*, *Rogers v. United States Dep't of Health & Hum. Servs.*, No. 6:19-CV-01567-JD, 2021 WL 11747920, at *4 (D.S.C. Nov. 4, 2021); *Est. of Valentine by & through Grate v. South Carolina*, No. CV 3:18-00895-JFA, 2020 WL 12783945, at *3 (D.S.C. July 9, 2020); *Cross by & Through Steele v. XPO Express, Inc.*, No. CV 4:15-2480-BHH, 2017 WL 10544634, at *1 (D.S.C. May 8, 2017); *In re Lipitor (Atorvastatin Calcium) Mktg.*, No. 2:14-MN-02502-RMG, 2014 WL 12621613, at *2 (D.S.C. Nov. 13, 2014). "The [Apex] rule is aimed to prevent the high level official deposition that is sought simply because he is the CEO or agency head—the top official, not because of any special knowledge of, or involvement in, the matter in dispute." *XPO Express, Inc.*, 2017 WL 10544634, at *1 (quotation omitted).

"The 'Apex' doctrine protects high level executives from having to submit to a deposition absent a showing of their 'unique personal knowledge' of relevant facts." *Id.* (citations omitted).

"Most courts applying the [Apex] doctrine have required that, before deposing a corporate defendant's high ranking officer, the plaintiff must show (1) the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information sought have been exhausted." *Id.* (quotations omitted).

1. The Court Should Bar Bruce from Deposing Schenck.

As Bruces acknowledges, James Schenck is "CEO/President of Pentagon Federal Credit Union[.]" (Pl.'s Am. Notice of Deposition at 1.) As such, there can be no question that Schenck is a high-ranking officer who is protected by the Apex doctrine.

Bruce cannot show that Schenck has personal knowledge of any facts that are relevant to this case, let alone the type of "unique or special knowledge" required to satisfy Bruce's burden under the "Apex doctrine." *XPO Express, Inc.*, 2017 WL 10544634, at *1 (quotations omitted). As previously explained, Bruce's claims center on a narrow credit reporting dispute and his request for an accounting of his debts to PenFed. (*See* 3d Am. Compl. ¶¶ 122-146, 155-159.) Bruce cannot point to a scintilla of evidence suggesting Schenck knows anything about the specific credit reporting dispute or request for an accounting at issue in this case.

Nor can Bruce satisfy his burden of showing that he is unable to obtain information about the facts in dispute from less burdensome avenues than deposing PenFed's President & CEO. Accordingly, the Court should bar Bruce from deposing Schenck.

2. The Court Should Bar Bruce from Deposing Ferrin.

Bruce correctly acknowledges that Jay Ferrin is PenFed's "Senior Manager, Financial Reporting[.]" (Pl.'s Am. Notice of Deposition at 1.) As a "Senior Manager," Ferrin is also a high-ranking employee who should be protected by the "Apex doctrine."

Regardless of whether the Court applies the "Apex doctrine" to Ferrin, it should bar any deposition of Ferrin because Bruce cannot show that Ferrin has any knowledge of the issues in dispute in this case. To the contrary, Ferrin has executed a declaration confirming that he does not know anything about Bruce or his accounts, does not have any job responsibilities related to credit reporting, and does not do any work related to accounts of individual members of PenFed. (Ferrin Decl., Ex. 1.) Instead, Ferrin's job responsibilities focus on general financial reporting related to the overall financial condition of PenFed. (*Id.*) As such, he does not have any personal knowledge of facts that are relevant to this case.

When Bruce previously asked the Court to issue a document subpoena to Ferrin, he described the discovery he sought as follows: "Jay Ferrin is an expert assigned to PenFed's Financials and therefore has relevant information related to the assets of PenFed and accounting of PenFed[.]" (Pl.'s Notice to Serve Subpoenas [ECF 205[ at 1.) The Court denied that request, finding that "it is unclear why Plaintiff needs this additional discovery about 'the assets of PenFed and accounting of PenFed.'" (7/19/2024 Order at 4.)

PenFed's counsel spoke with Bruce on August 13, 2024, and explained that Ferrin does not have any personal knowledge of Bruce's account or credit reporting issues generally. Bruce stated that he wants to depose Ferrin about PenFed's general financial condition and reporting.

Bruce does not need discovery about PenFed's general financial condition, its financial reporting, or its accounting practices. (*Id.*) The issues that remain to be resolved in this case center on a narrow credit reporting dispute specific to Bruce's accounts and Bruce's request for an accounting of his outstanding debts. (*See* 3d Am. Compl. ¶¶ 122-146, 155-159.) PenFed's general financial reporting and assets are not relevant to those issues. Accordingly, there is no need for Bruce to depose Ferrin regardless of whether the Court applies the "Apex doctrine."

**B. Bruce Should Not Be Permitted to Depose Former or Non-Managing Employees.**

Bruce's notice also indicates that he intends to depose a former PenFed employee, John Dorn, and two unnamed customer service representatives with whom he spoke on December 27, 2021. (Pl.'s Am. Notice of Deps. at 1.) Bruce has never asked PenFed to present these individuals for depositions. On September 10, 2024, PenFed's counsel asked Bruce via email whether these individuals or the FRB have voluntarily agreed to be deposed. Bruce responded but did not provide a clear answer. Instead, he said that the deposition dates "may" be changed because he intends to move for an extension of the discovery deadline.

1. PenFed Is Not Required to Present Former and Non-Managing Employees.

As previously explained, Bruce has not directly asked PenFed to produce any individuals for depositions. Out of an abundance of caution, however, PenFed respectfully requests that the Court enter an order holding that PenFed is not obligated to present Dorn or the unnamed customer service representatives for depositions.

"'Except where the employee has been designated by the corporation under Rule 30(b)(6),' or is an officer, director, or managing agent, 'an employee is treated in the same way as any other witness,' and 'his or her presence must be obtained by subpoena rather than notice.'" *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota*, 187 F.R.D. 578, 587 (D. Minn. 1999) (quoting Wright, Miller & Marcus, 8A *Federal Practice & Procedure: Civil 2d* § 2103, pp. 36–37). Numerous courts throughout the country, therefore, have held that a subpoena is necessary to compel the deposition of a party's employee who is not an officer, director, or managing agent. *See, e.g.*, *id.*; *Corp. Comm'n of Mille Lacs Band of Ojibwe Indians v. Money Centers of Am., Inc.*, No. CV 12-1015 (RHK/LIB), 2013 WL 12484078, at *3 (D. Minn. Aug. 14, 2013); *RP Fam., Inc. v. Commonwealth Land Title Ins. Co.*, No. 10 CV 1149 DLI CLP, 2011 WL 6020154, at *2

(E.D.N.Y. Nov. 30, 2011); *Schindler Elevator Corp. v. Otis Elevator Co.*, No. 06 CIV.5377CMTHK, 2007 WL 1771509, at *2 (S.D.N.Y. June 18, 2007); *O'Connor v. Trans Union Corp.*, No. CIV. A. 97-4633, 1998 WL 372667, at *2 (E.D. Pa. May 11, 1998).

Bruce cannot establish that Dorn, who is a former employee, or the unnamed customer service representatives identified in his amended deposition notice are officers, directors, or managing agents of PenFed. Accordingly, they are not subject to depositions without subpoenas.[1]

2. The Court Should Not Issue Subpoenas to Any of the Non-Parties.

Bruce may ask the Court to issue subpoenas to the non-parties who would not otherwise be required to appear. The Court should deny any such request because Bruce cannot establish that the non-parties in his amended deposition notice have personal knowledge of material facts.

When Dorn worked for PenFed, he was responsible for collections, not credit reporting disputes. As such, it is unlikely that he has significant personal knowledge regarding the credit reporting practices upon which Bruce's claims are based.

The mere fact that Bruce spoke with customer service representatives in 2021 does not mean they have personal knowledge of material facts. Moreover, PenFed has already produced recordings of the phone calls, so Bruce does not need to depose the representatives, who are unlikely to have any recollection of routine customer service calls from nearly three years ago.

Finally, when the Court denied both of Bruce's requests to issue document subpoenas to the FRB, the Court found that Bruce had failed to establish relevancy or proportionality. (7/19/2024 Order [ECF 211] at 3-4; 8/26/24 Order [ECF 250] at 8.) The Court should decline to issue a deposition subpoena to the FRB for the same reason.

---

[1] If the Court decides that Ferrin is not protected by the "Apex doctrine," it should also hold that he is not an officer, director, or managing agent who can be deposed without a subpoena.

## CONCLUSION

This case centers on a narrow credit reporting dispute and Bruce's request for an accounting of his debts. Bruce, however, is seeking to use discovery to conduct a broad fishing expedition into PenFed's general financial condition, its accounting and financial reporting practices, and its relationship with the Federal Reserve Bank of Richmond. The Court should bar Bruce from deposing Schenck and Ferrin under the "Apex doctrine," enter on order holding that PenFed is not obligated to present former and non-management employees for depositions, and decline to issue subpoenas to the non-parties identified by Bruce on relevancy and proportionality grounds.

Dated: September 11, 2024

**PENTAGON FEDERAL CREDIT UNION**

*/s/G. Troy Thames* ___________________
G. Troy Thames (Federal ID No.: 07713)
WILLSON JONES CARTER & BAXLEY, P.A.
4922 O'Hear Avenue, Suite 301
North Charleston, SC 29405
Telephone: (843) 284-0832
Facsimile: (843) 606-3300
Email: tthames@wjcblaw.com

Michael A. Graziano (*pro hac vice*)
Sarah A. James (*pro hac vice*)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C. 20006
Telephone: 202.659.6671
Facsimile: 202.659.6699
E-mail: mgraziano@eckertseamans.com
sjames@eckertseamans.com

*Attorneys for Pentagon Federal Credit Union*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of September, 2024, I served the foregoing via first-class mail on:

Nelson L. Bruce
P.O. Box 3345
Summerville, SC 29484
*Pro Se Plaintiff*

*/s/G. Troy Thames* ____________________