**Record/FILE ON DEMAND**

U.S.P.S. Priority Mail Tracking No. 9405 5301 0935 5036 8872 52

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, | Case No.: 2:22-cv-02211-BHH-MGB |
| Plaintiff, | **PETITION FOR EVIDENTIARY HEARING, FORENSIC AUDIT, AND COMPENSATION REQUEST** |
| v. | |
| Pentagon Federal Credit Union; et al. | |
| Defendants. | |

**TO THE HONORABLE JUDGE OF THE COURT:**

**TABLE OF CONTENTS**

I. Jurisdictional Section
II. Introduction
III. Constitutional Challenge
IV. Statement of Claim
V. Historical Background
VI. Petitioned Relief Request
VII. Compensation for Costs and Fees
VIII. Summarization
IX. Certificate and Verification
X. Maxims of Law
XI. Supreme Court Quotations



**TABLE OF AUTHORITIES**

1. Federal Reserve Act
2. Uniform Commercial Code (UCC) Article 3
3. Check Clearing for the 21st Century Act (Check 21 Act)
4. Modern Money Mechanics (Federal Reserve Bank of Chicago)
5. Federal Reserve Banks Operating Circular No. 3 (Collection of Cash Items)
6. Federal Reserve Banks Operating Circular No. 4 (Automated Clearing House)

7. Federal Reserve Banks Operating Circular No. 5 (Electronic Access)
8. Federal Reserve Banks Operating Circular No. 7 (Master Accounts and Correspondent Accounts)
9. Federal Reserve Banks Operating Circular No. 10 (Credit Terms)
10. Fair Credit Reporting Act (FCRA)

## I.    Jurisdictional Section

1. This Court has jurisdiction over the parties and subject matter of this action based on federal statutes and state laws, including the **Federal Reserve Act**, which governs the conduct of **Pentagon Federal Credit Union (PenFed)** as a **Federal Reserve member bank**.

2. Venue is proper in this Court as the events related to private property and private property interests associated with this instant matter and the controversy in question occurred within the exclusive non-core jurisdiction of this Court, located in Charleston, South Carolina.

3. The Plaintiff lives in or near Charleston South Carolina and has standing to bring this action against PenFed, which conducts business in this jurisdiction and is subject to federal regulations due to its status as a Federal Reserve member bank.

4. The Plaintiff seeks an **evidentiary hearing** and **forensic audit** on an account for which the opposing party operates as custodial agent and or trustee, of which this petitioner is the named account holder in due course based on the transactions processed by PenFed through the Federal Reserve's systems, as governed by various Federal Reserve **Operating Circulars**.

5. The Federal Reserve's **Operating Circulars** (see...https://www.frbservices.org/resources/rules-regulations/operating-circulars.html#7##7) govern PenFed's use of **electronic clearing, credit creation, and**

**account management**. Specifically:

- **Operating Circular No. 3** governs the collection of cash items such as the Plaintiff's promissory notes; and

- **Operating Circular No. 4** regulates the Automated Clearing House (ACH) transactions PenFed used to process the notes electronically; and

- **Operating Circular No. 5** defines the electronic access procedures PenFed used.

6. This Court has the authority to interpret the **Check Clearing for the 21st Century Act (Check 21 Act)**, which PenFed relied upon to treat the Plaintiff's promissory notes as checks or drafts and electronically clear them through the Federal Reserve's "inclearings" process. As the check clearings process related to this instant matter documents that the account was - paid in full -, the opposing party has continued since that documentation which was only made available through discovery, to demand payment of an outstanding alleged debt, which violates the consumer credit protection Acts provisions that includes and incorporates the truth lending act!

7. PenFed's actions are also governed by the **Fair Credit Reporting Act (FCRA)**, which requires complete, accurate and verified reporting of credit transactions and information to consumer reporting agencies, an issue central to the claims in this matter and this petition as PenFed has failed to properly report the relevant transactions, and that they reported personal and or private information to third party consumer reporting agencies not authorized by myself, and violation of that very same aforementioned act.

## II.   Introduction

The Plaintiff entered into several binding financial agreements with PenFed, including an alleged **auto loan** for $33,478, an alleged **line of credit** for $5,000, and an alleged **credit card** for $20,000, each of which was supported by **promissory notes**. The right to contract is a

non-core jurisdictional matter as it involves private rights that are protected and secured via the constitution for the United States of America. The Supreme Court has determined that such matters may only be handled via a court possessing judicial power, under oath, and via the judicial branch of government, exclusively!

PenFed processed these promissory notes electronically under the **Federal Reserve's inclearings system**, using procedures defined in **Operating Circular No. 3** and **Operating Circular No. 4**, which allow promissory notes to be treated similarly to checks or drafts for the purposes of clearing.

PenFed submitted these notes to the Federal Reserve under the **Check 21 Act**, electronically endorsing the notes and requesting **$353,252.34** in credits for the Plaintiff's $33,478 auto loan note. PenFed created accounts in the Plaintiff's name into which the credits were deposited.

For the **line of credit** and **credit card** transactions, PenFed processed the notes similarly but did not issue drafts to third-party sellers. Instead, PenFed retained control over the credits and accounts created in the Plaintiff's name.

PenFed's use of **Operating Circular No. 5** enabled it to access the Federal Reserve's electronic systems for these transactions, while **Operating Circular No. 7** governed how the accounts in the Plaintiff's name were created and managed.

PenFed's financial practices are subject to federal oversight under the **Federal Reserve Act** and **Modern Money Mechanics**, which outlines how banks can create money through loans. The Plaintiff asserts that PenFed was fully compensated through the Federal Reserve's clearing system and that no further alleged debt is owed.

Plaintiff requests that PenFed be required to produce all original notes in their current

state to support any alleged holder in due course status of these original collateral securities

bearing plaintiff's wet ink signatures, as it appears there may be a lack of possession as the notes

may have been modified and converted into negotiable instrument drafts and or pooled and

traded on the secondary market and or have been destroyed.

      The exhibits, referenced exhibits and information presented with this petition clearly

supports that the Federal Reserve has relevant information related to the claims in this case

related to the transactions between the plaintiff's accounts as they appear to be connected and the

source of the funds credited to PenFed which PenFed then used to claim and deceive its members

including the plaintiff that they funded the alleged loan to the plaintiff. PenFed has frivolously

claimed they are the lenders when based off of the transactions that took place including the

language in the promissory note evidences that they receive proceeds from the note and

requested credits from the federal reserve as a result of presenting plaintiff's instruments "cash

items" to the federal reserve. Penfeds actions show that they were operating under the federal

reserve act when conducting and processing the alleged loans to plaintiff as they were operating

under the guidelines, operating circulars, agreements, policies and procedures of the federal

reserve during these entire transactions and was conducting this on the U.S. Borrowers behalf

which is the plaintiff in this case, see…operating circular 10. Under the new law as referenced

in the congressional record, it is the intent of congress that the money will be issued to the banks

in exchange for notes which include promissory notes, drafts and bills of exchanges

(see…plaintiffs Exhibit F3 filed with his complaint referencing the congressional record-House

(1933 at 83)) which makes it easier for PenFed to deceive the plaintiff and its other members in

believing that they gave them a loan because it appears that the law only allows the proceeds to

be issued to member banks of the federal reserve. The Plaintiff requests a forensic audit of all

relevant instruments (notes), accounts, including PenFed's **master accounts** with the Federal
Reserve, their Book-entry securities and unrestricted securities accounts, and the accounts
created in the Plaintiff's name, to establish the full scope of the transactions and confirm that
PenFed has been compensated in full and that there is and or was not a balance owed or due on
the PenFed accounts since about February of 2016 to present.

### III.    Constitutional Challenge

1. PenFed's actions have infringed upon the Plaintiff's constitutional rights, particularly the
   rights to **due process** and **fair credit reporting**, as required under the **Fair Credit
   Reporting Act (FCRA)**.

2. The Plaintiff's right to petition for redress of grievances is protected by the Constitution,
   and this petition is an exercise of that right in challenging PenFed's improper handling
   of the Plaintiff's promissory notes.

3. PenFed's failure to accurately report the transactions, particularly the credits received
   from the Federal Reserve and the accounts created in the Plaintiff's name, violates the
   Plaintiff's rights under federal and state law which include but is not limited to the laws
   presented in this case that PenFed violated as evidenced by plaintiff's third amended
   complaint.

4. PenFed's actions, as regulated by **Federal Reserve Operating Circulars No. 3, 4, 5,
   and 7**, involved the improper handling of promissory notes as negotiable instruments,
   resulting in the creation of credits far in excess of the notes' value without proper
   disclosure to the Plaintiff or relevant credit reporting agencies.

5. The Plaintiff asserts that PenFed's reliance on **Modern Money Mechanics** to create
   credits from the promissory notes violates principles of fairness, as PenFed continues to

claim that an alleged debt is owed despite being compensated through the Federal
Reserve's system.

6. **Fountain Pen Theory** applies here because PenFed used the Plaintiff's promissory notes
   as collateral to create new credits under fractional reserve banking. PenFed was able to
   "create" credit based on the Plaintiff's signed notes, thus generating $353,252.34 for an
   alleged $33,478 loan (see…motion to seal filed simultaneously with this petition –
   Exhibit K). This allowed PenFed to fully compensate itself, making further debt claims
   invalid.

7. The Plaintiff seeks to challenge these practices and protect constitutional rights by
   requesting this Court to order an **evidentiary hearing** and **forensic audit**.

8. The Plaintiff also requests that this Court examine the broader implications of PenFed's
   actions under the **Check 21 Act**, the **Fair Credit Reporting Act**, and the
   relevant **Federal Reserve Operating Circulars**, to determine whether PenFed has
   violated federal law and constitutional principles.

## IV.    Statement of Claim

1. The Plaintiff applied for an alleged auto loan for **$33,478**, supported by a promissory note
   (see… see…motion to seal filed simultaneously with this petition – Exhibit K). PenFed
   processed this note under the **Check 21 Act**, requesting **$353,252.34** in credits from the
   Federal Reserve and creating an account in the Plaintiff's name.  PenFed also
   electronically endorsed and processed a draft which electronically demanded a credit in
   the amount of **$353,252.34** under the **Check 21 Act** (see…motion to seal filed
   simultaneously with this petition – Exhibit K) that did not include any additional
   instruments as it clearly references page 1 of 1.

2. The promissory note evidences that proceeds are obtained from the note and paid directly to the seller as the note clearly evidences under the "collateral" section that: "You may pay the proceeds of this note directly to the seller of the collateral or jointly to me and the seller" (see...motion to seal filed simultaneously with this petition – Exhibit K) thereby specifically indicating that proceeds are received from the "note" in question then was paid directly to the seller of the collateral thereby constituting payment in full further supporting that no balance is due and owing as any proceed received were received by operating on the plaintiff's behalf which is supported by operating circular 10.

3. Similar transactions occurred with the Plaintiff's alleged **$5,000 line of credit** and alleged **$20,000 credit card**, both supported by promissory notes. However, in these cases, PenFed did not issue drafts to third-party sellers.

4. PenFed used **Operating Circular No. 3**, which governs the collection of cash items, to treat the Plaintiff's promissory notes as checks or drafts and process them electronically through the Federal Reserve's clearings system.

5. **Operating Circular No. 4** governs the **ACH transactions** PenFed used to transfer the credits from the Federal Reserve into the accounts created in the Plaintiff's name. The Plaintiff seeks a forensic audit of these accounts to verify that PenFed has been fully compensated for the promissory notes.

6. **Operating Circular No. 5** sets out the procedures for electronic access, which PenFed used to endorse and submit the promissory notes for processing by the Federal Reserve. The Plaintiff contends that these transactions fully compensated PenFed and that no further alleged debt is owed.

7. **Operating Circular No. 7** governs the creation of **master accounts** and **correspondent accounts**, which PenFed used to manage the credits received from the Federal Reserve. The Plaintiff requests a forensic audit of these accounts to verify the transactions.

8. The Plaintiff alleges that PenFed's continued claims of indebtedness are unjustified and seeks this Court's intervention to declare that no further alleged debt is owed and to require PenFed to report these transactions accurately under the **Fair Credit Reporting Act (FCRA)**.

### V.    Historical Background

1. PenFed became a **Federal Reserve member bank** in 1994 and is therefore subject to the rules and regulations of the Federal Reserve, including the **Federal Reserve Act** and the **Operating Circulars**.

2. **Operating Circular No. 3** governs the collection of checks and negotiable instruments, which PenFed used to process the Plaintiff's promissory notes electronically.

3. **Operating Circular No. 4** governs **ACH transactions**, which PenFed used to deposit credits from the Federal Reserve into accounts created in the Plaintiff's name.

4. **Operating Circular No. 5** defines the electronic access procedures PenFed used to submit the Plaintiff's promissory notes to the Federal Reserve for processing and credit creation.

5. **Operating Circular No. 7** governs how PenFed created and managed the accounts in the Plaintiff's name, into which the credits from the Federal Reserve were deposited.

6. PenFed's actions are also governed by **Operating Circular No. 10,** which regulates credit terms and the creation of credits from promissory notes. The Plaintiff contends that PenFed has been fully compensated for these promissory notes and that no further

alleged debt is owed.

7. The Plaintiff seeks a forensic audit of all relevant accounts, including PenFed's master accounts with the Federal Reserve, to establish the full scope of the transactions and confirm that PenFed has been compensated in full.

### VI.    Petitioned Relief Request

1. The Plaintiff requests that this Court order an **evidentiary hearing** to examine PenFed's handling of the Plaintiff's promissory notes and the credits received from the Federal Reserve.

2. The Plaintiff further requests a **forensic audit** of PenFed's master accounts with the Federal Reserve and all accounts created in the Plaintiff's name, including the alleged **$33,478 auto loan**, alleged **$5,000 line of credit**, and alleged **$20,000 credit card**.

3. Plaintiff requests a forensic audit of account number ending in *******990 bearing a routing number ending in *****8446 which is an account directly related to and associated with transactions that took place related to the auto loan and possibly the other loans.

4. The forensic audit should verify whether PenFed has been fully compensated for the Plaintiff's promissory notes through the Federal Reserve's clearing system also known as "inclearings" (see…Exhibit 11).

5. The Plaintiff seeks judicial confirmation that no further alleged debt is owed to PenFed, as the promissory notes have been fully satisfied through the Federal Reserve's credit system.

6. The Plaintiff also requests that PenFed be required to correct its credit reporting under the **Fair Credit Reporting Act (FCRA)** to reflect that no alleged debt is owed.

7. The Plaintiff asserts that PenFed has no legal grounds to claim further alleged debt and requests that this Court grant the relief sought in this petition.

8. The right to petition is absolute, and the Plaintiff requests that this Court grant the petition without delay.

### VII.    Compensation for Costs and Fees

1. The Plaintiff requests that this Court order PenFed to bear all costs related to the forensic audit and court-related expenses if the forensic audit reveals financial misconduct or any violation of federal law.

2. PenFed's failure to accurately report its transactions, as required under the **Fair Credit Reporting Act (FCRA)**, has resulted in undue harm to the Plaintiff's financial standing.

3. If the audit and evidentiary hearing uncover any financial mismanagement or legal violations, PenFed should be required to compensate the Plaintiff for the costs associated with these proceedings.

4. The Plaintiff requests that all legal fees incurred in the preparation of this petition and any subsequent proceedings be borne by PenFed if misconduct is discovered.

5. The Plaintiff also seeks compensation for any damages caused by PenFed's improper claims of indebtedness and failure to accurately report these transactions to credit agencies.

6. The Plaintiff requests that the Court award any additional compensation deemed just and appropriate based on the findings of the forensic audit.

7. The Plaintiff asserts that PenFed should be held financially responsible for its failure to adhere to federal regulations and its improper handling of the Plaintiff's promissory notes.

## VIII.    Summarization

PenFed processed the Plaintiff's promissory notes electronically, receiving **$353,252.34**

**in credits** for an alleged **$33,478 loan**, with similar transactions for the Plaintiff's alleged **$5,000**

**line of credit** and alleged **$20,000 credit card**.  PenFed has already been fully compensated for

these transactions, and any further claims of alleged debt are unjustified. PenFed has violated

the **Fair Credit Reporting Act** by failing to report these transactions correctly, completely and

accurately, leading to improper claims of indebtedness.

The Plaintiff seeks a forensic audit and evidentiary hearing to confirm that no further

alleged debt is owed.The Plaintiff's right to petition is absolute, and this Court must take action

to protect the Plaintiff's legal rights.The Plaintiff also requests that PenFed be ordered to bear all

costs and legal fees associated with this proceeding if misconduct is uncovered during the

forensic audit.The Plaintiff requests that this Court grant the relief sought in this petition without

delay.

## IX.    Certificate and Verification

**I, Nelson L. Bruce** hereby certifies that the facts presented in this petition are true and

accurate to the best of my knowledge. DATED this 17th day of September, 2024.

_Nelson L. Bruce_

Nelson L. Bruce, Plaintiff, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained "with prejudice"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## X.    Maxims of Law

1. Equity regards as done that which ought to have been done.

2. He who seeks equity must do equity.
3. The law regards the intent rather than the form.
4. Equity aids the vigilant, not those who slumber on their rights.
5. He who comes into equity must come with clean hands.
6. Equity follows the law.
7. A thing similar is not exactly the same.

## XI.    Supreme Court Quotations

1. "Justice delayed is justice denied."
2. "The right to be heard does not depend upon a decision on the merits; it is the fundamental right of a litigant."
3. "The constitutional guarantee of due process is not a formality, but a safeguard against oppression."
4. "No man in this country is so high that he is above the law."
5. "The law will not suffer an injustice to be without a remedy."
6. "The essence of equity jurisdiction has been the power to do justice in a particular case by exercising a flexible remedy to achieve fairness."
7. "The right to petition the government for redress of grievances is among the most precious of the liberties safeguarded by the Bill of Rights."
8. "A party to an action is entitled to the benefit of every reasonable presumption of equity in their favor."
9. "The law regards the substance, not the form."