Record/FILE ON DEMAND                    U.S.P.S. PRIORITY MAIL TRACKING NO. 9405 5301 0935 5038 4310 26

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Nelson L. Bruce, | Case No.: 2:22-cv-02211-BHH-MGB |
|---|---|
| Plaintiff, | |
| v. | **EMERGENCY PETITION FOR ISSUANCE OF SUBPOENAS DUCES TECUM AND REQUEST FOR EXTENSION OF TIME TO RESPOND** |
| Pentagon Federal Credit Union; et al. | |
| Defendants. | |

Plaintiff, Nelson L. Bruce, respectfully presents this Emergency Petition to the Court for the issuance of subpoenas duces tecum directed to Non-party Wells Fargo Bank, N.A., Non-party Chapman I-10, LLC d/b/a Chapman BMW, Non-party The Federal Reserve Bank of Richmond, and Pentagon Federal Credit Union ("PenFed") (see...Exhibit 12), and for an extension of time for non-parties to respond to these subpoenas. This request is made in light of the Plaintiff's constitutionally secured rights to due process and access to essential information. This information is critical to substantiating Plaintiff's claims in the Petition for an Evidentiary Hearing, Petition to File Under Seal, and the 3rd Amended Complaint, and to correct the inaccurate, misleading, and incomplete information reported by PenFed.

## I. INTRODUCTION

1. Plaintiff seeks to gather essential financial transaction records and documentation from Wells Fargo Bank, N.A., Chapman I-10, LLC (Chapman BMW), The Federal Reserve Bank of Richmond, and Pentagon Federal Credit Union (PenFed). These records are crucial to verifying the processing and status of the following alleged loans:

    o $33,478 Auto Loan

- $5,000 Line of Credit
- $20,000 Credit Card

2. Plaintiff's **3rd Amended Complaint** and **Petition for Evidentiary Hearing** establish that PenFed has failed to provide accurate information related to these transactions, resulting in **incomplete, inaccurate and misleading credit reporting**. PenFed has **obstructed** Plaintiff's access to transaction records despite multiple requests, thereby **violating Plaintiff's due process rights** and hampering Plaintiff's ability to prove his claims as PenFed continued to withhold information related to the accounts referenced in this case.

3. Plaintiff's **Petition to File Under Seal** further highlights the confidential and critical nature of the documents requested, demonstrating the relevance of the transaction records held by these third-party entities and their importance in supporting Plaintiff's claims. These subpoenas are necessary to obtain transaction records from third parties and PenFed, which will support Plaintiff's claims of **misrepresentation** by PenFed and provide the necessary evidence for the Court to determine the true status of the alleged loans.

## II. SPECIFIC NEED FOR INFORMATION TO SUPPORT PLAINTIFF'S CLAIMS

1. The subpoenas directed at **Wells Fargo Bank, N.A., Chapman I-10, LLC d/b/a Chapman BMW**, and the **Federal Reserve Bank of Richmond** are essential for **supporting Plaintiff's claims** that PenFed has failed to accurately report the current status of these alleged loans, as outlined in the **3rd Amended Complaint**.

2. Plaintiff needs the financial records from these third parties to confirm whether or not **PenFed is the lender and that they are the ones who funded the alleged loans to**

**plaintiff, whether any of the alleged debts have been fully compensated through the Federal Reserve's credit clearing and settlement systems** and that there is no outstanding debt associated with the three alleged loan accounts. PenFed seems to believe that copies of outdated documents are evidence of the debt. PenFed is mistaken, the documents is only evidence that there may have been an agreement in the past between the parties that previously existed. It is not evidence of the current status of any accounting which is crucial to the legal standing of the alleged debts. These out dated debts are not proof of funding any alleged loans to the plaintiff nor is it proof that PenFed is the actual holder of any notes.

3. Plaintiff asserts that PenFed's failure to provide records has resulted in **misreporting** of alleged loan balances to consumer reporting agencies, thereby harming Plaintiff's financial standing and creditworthiness. These subpoenas are necessary to obtain **conclusive evidence** of the credits issued by the Federal Reserve, which will show that the alleged loans were satisfied, that PenFed was not the lender and did not fund any alleged loans to the plaintiff therefore there is no evidence of any loss to PenFed.

4. The requested information will prove that PenFed **misrepresented the status** of the accounts, leading to the inaccurate and incomplete information reported to third-party consumer reporting agencies, as detailed in the **3rd Amended Complaint**.

5. Additionally, the **Petition for an Evidentiary Hearing** filed by Plaintiff asserts the necessity of this information for determining the true status of the alleged loans and verifying PenFed's conduct in processing the promissory notes and drafts through the **Federal Reserve's clearing system**, specifically governed by **Operating Circulars No. 3, 4, 5, 7, and 10**.

6. The information requested will demonstrate that PenFed was **fully compensated through Federal Reserve credits** and that no outstanding debt exists on these alleged loans. This is critical for Plaintiff's **due process rights** and to rectify the harm caused by the inaccurate information reported to credit agencies.

7. As of 9-19-2024 PenFed has made unsupported allegations that the cash item/payment draft (the check) in the amount of $34,478 evidencing an electronic endorsement on the document in the amount of $353,252.34 that was negotiated and credited through a process known as the inclearings with the Federal Reserve Bank was not presented by them. They alleged that the referenced check was included in a batch of other checks in the aggregate amount of $353,252.34 however, the document produced evidences that it is "1 of 1" which indicates there were no other file(s) included. They also alleged that the $353,252.24 is an amount that they paid rather than an a "credit" they received which does not mathematically make any since because the purchase price for the vehicle was $34,478 as evidenced by the draft document filed on the record in this case as Exhibit K. So why would PenFed pay $353,252.34 to the car dealership? Chapman, the car dealership banks with is Wells Fargo Bank. The referenced draft does not evidence Wells Fargo Bank's name anywhere on the draft/cash item and there is not endorsement from the dealership on the draft that was negotiated, only PenFed's name is on the check (the draft/cash item) document and the indication on the electronic print out clearly evidences that the instrument is "1 of 1" further indicating no evidence a bulk of other checks otherwise the document would have referenced more than "1 of 1". Since PenFed has brought fourth this information and this information is needed to prove that there is a debt, that PenFed funded any alleged loans to the plaintiff that they have reported to third

parties which directly effects the reporting and status of the accounts that were reported these subpoenas are relevant to the claims in this case as PenFed has opened the door to discover the facts surrounding the transactions in question, there standing and authority to report an alleged debt and the current status of the debt. The only way to get the facts upon these issues that are currently present and proportionate to the claims in this case and will be used as defenses which as evidenced by Exhibit K, that PenFed plans to use the document referencing the check as an exhibit to their defenses, Plaintiff has a due process right to discovery from PenFed and the 3 non-parties as it is crucial and proportionate to the needs and claims in this case. All 4 parties have relevant information that they have first-hand knowledge of related to the transactions that took place which altimately resulted in account information being reported to plaintiff's consumer report giving rise to the damages claimed by the plaintiff I this case.

8. Plaintiff's claims, supported by the **Petition for an Evidentiary Hearing**, emphasize the need for these subpoenas to show that **PenFed wrongfully reported balances** on accounts that were satisfied through the **Federal Reserve's clearing system**. The relevant **Federal Reserve Operating Circulars** (No. 3, 4, 5, 7, and 10) will be referenced to confirm the validity of these processes.

9. The information sought from PenFed through this subpoena is particularly critical, as PenFed has **failed to provide accurate documentation** regarding the satisfaction of the alleged loans and has continued to report **incomplete and misleading information** to credit reporting agencies, violating the **Fair Credit Reporting Act** (FCRA).

### III.    PLAINTIFF'S DUE PROCESS RIGHTS AND FAIR CREDIT REPORTING

1. Plaintiff's **due process rights** under the Constitution guarantee access to the information necessary to fully support his claims. Especially in light of PenFed's failure to provide records essential to this case and as they continue to allege that a debt exists, that they were the lenders but have failed to produce any evidence of actual funding from their own funds. PenFed's failure to provide this information and the continued dissemination of misleading and inaccurate information to credit agencies have resulted in significant harm to Plaintiff's financial reputation.

2. The requested subpoenas will enable Plaintiff to **gather critical records** proving that PenFed's claims of outstanding balances are false and that PenFed was fully compensated through the **Federal Reserve's system**, as outlined in the **3rd Amended Complaint** and **Petition for an Evidentiary Hearing**.

3. The **Fair Credit Reporting Act** (FCRA) requires that all information reported to credit agencies be **complete, accurate, and verified**. The records requested in this petition will demonstrate that PenFed has failed to comply with these requirements, further justifying the necessity of these subpoenas.

4. PenFed's reporting of the alleged loans to consumer reporting agencies has resulted in **incomplete, misleading, and inaccurate information** being disseminated to third parties, which has negatively and adversely affected Plaintiff's financial reputation and creditworthiness.

5. The requested information is critical to confirming that PenFed is not the lenders they claim to be, there is **no outstanding debt that remains, that the debts were satified** and that PenFed was **fully compensated through the Federal Reserve's system**, as

supported by the **Petition for an Evidentiary Hearing** and the **3rd Amended Complaint**.

6. **The Fair Credit Reporting Act** (FCRA) requires that all information reported to credit agencies be complete, accurate, and verified information. The subpoenas seek to obtain the documentation needed to prove that PenFed **violated the FCRA** and other consumer and state laws by misreporting the status of the alleged loans, and to rectify the harm caused by this misleading information.

## IV.   REQUEST FOR SUBPOENAS

Plaintiff respectfully requests that this Court grant the subpoenas requiring:

1. **Wells Fargo Bank, N.A.** to produce all documents related to account number **4121832588**, held by **Chapman I-10, LLC**, including transaction records, draft deposit receipts, inclearings deposit documentation, collection item receipts, and any correspondence or transaction records related to the vehicle purchase. Wells Fargo is located at **1150 N. 54th St., Chandler, AZ 85226**.

2. **Chapman I-10, LLC (Chapman BMW)** to produce all records related to their receipt and deposit of the draft issued by Plaintiff in connection with the vehicle purchase, including any correspondence with PenFed or Wells Fargo. Chapman BMW is located at **7455 W. Orchid Lane, Chandler, AZ 85226**.

3. **The Federal Reserve Bank of Richmond** to produce records regarding PenFed's processing of Plaintiff's promissory notes and related transactions through the Federal Reserve's system, including inclearings deposits, cash items, and credits issued in connection with the three alleged loans issued to Plaintiff (auto loan, line of credit, and credit card).

4. **Pentagon Federal Credit Union (PenFed)** to produce the following records:

   **Promissory notes** for the alleged auto loan, line of credit, and credit card, including all endorsements and electronic signatures. **Transaction histories** for the alleged loans, including credits, payments, and records of funds received from the Federal Reserve or third parties. Correspondence with the Federal Reserve, payments, and the reporting of account current statuses. Documentation proving the **satisfaction** or settlement of the alleged loans. Account in the plaintiff's name and setup with the federal reserve related to any and alleged loan transactions with the federal reserve. PenFed is located at Pentagon Federal Credit Union ("PenFed") **2930 Eisenhower Avenue, Alexandria, VA 22313-2032**

## V. REQUEST FOR EXTENSION OF TIME

Plaintiff respectfully requests that the Court grant an **extension of 30 days** for PenFed and the non-parties to produce the requested documents in response to the subpoenas. This extension is necessary to allow sufficient time for compliance by PenFed, Wells Fargo, Chapman BMW, and the Federal Reserve Bank of Richmond.

## VI. CONCLUSION

For the reasons outlined above, Plaintiff respectfully presents that this Court issue the requested subpoenas to **Wells Fargo Bank, N.A., Chapman I-10, LLC (Chapman BMW), The Federal Reserve Bank of Richmond**, and **Pentagon Federal Credit Union (PenFed)**, and grant an extension of time for compliance. These subpoenas are essential to providing Plaintiff with access to **critical records** necessary to support the claims in the **3rd Amended Complaint, Petition for an Evidentiary Hearing**, and **Petition to File Under Seal**. PenFed's **failure to provide this information** has deprived Plaintiff of his **due process rights**, and the requested

records are essential to rectifying the **inaccurate and misleading information** being reported to third-party credit agencies regarding the alleged loans. Dated this 19th day of September, 2024.

**RESPECTFULLY PRESENTED,**

_____
Nelson L. Bruce, Propria Persona, Sui Juris
All Secured Natural Rights Explicitly Reserved and Retained "with prejudice"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served to all parties on the service list **via the CM/ECF system.** Dated this 19th day of September, 2024.

**SENT TO:**

Willson Jones Carter & Baxley, P.A.
**Attention: G. Troy Thames**
4922 O'Hear Avenue, Suite 301
North Charleston, SC 29405
*Attorney for Pentagon Federal Credit Union*

Eckert Seamans Cherin & Mellott, LLC
**Attn.: Michael A. Graziano & Sarah A. James**
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C. 20006
*Attorney for Pentagon Federal Credit Union*

Wyche PA
**Attention: Rita Bolt Barker**
200 E Broad Street, Suite 400
Greenville, SC 29601-2892
*Attorney for Equifax*

Seyfarth Shaw, LLP
**Attention: Eric F Barton**
1075 Peachtree Street NE, Suite 2500
Atlanta, GA 30309
*Attorney for Equifax*

Adams and Reese LLP
**Attention: Lyndey Ritz Zwing Bryant**
1221 Main Street, Suite 1200
Columbia, SC 29201
*Attorney for Experian*

Clement Rivers LLP
**Attention: Wilbur Eugene Johnson**
25 Calhoun Street, Suite 400
Charleston, SC 29401
*Attorney for Trans Union, LLC*

Quilling Selander Lownds Winslett and Moser PC
Attn: Kyle Pietrzak
6900 N Dallas Parkway, Suite 800
Plano, TX 75024
*Attorney for Trans Union, LLC*

Jones Day
ATTN: **Grant Edward Schnell**
1221 Peachtree Street NE, Suite 400
Atlanta, GA 30361
*Attorney for Experian*

William J. Farley III
**Attention: Troutman Pepper Hamilton Sanders LLP**
301 S. College Street, Suite 3400
Charlotte, NC 28202
*Attorney for Defendant LexisNexis Risk Solutions, Inc.*

Troutman Pepper
**Attn: Susan Jean Lloyd**
One Wachovia Center
301 South College Street, Suite 3400
Charlotte, NC 28202
*Attorney for Def. LNRS*

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
All Secured Natural Rights Explicitly Reserved and Retained "with prejudice"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com