IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Civil Action No. 2:22-cv-02211-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Pentagon Federal Credit Union, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Nelson L. Bruce, proceeding *pro se* and *in forma pauperis*, filed this action on July 12, 2022, bringing claims pursuant to the Fair Credit Reporting Act ("FCRA"), among others. (Dkt. Nos. 1; 171.) On June 13, 2024, Defendant Trans Union, LLC's ("Trans Union") filed a Motion to Dismiss Plaintiff's Third Amended Complaint ("TAC"), arguing that Plaintiff's claims are time-barred under the applicable statute of limitations. (Dkt. No. 186).[1] The TAC alleges claims against Trans Union for: (1) willful and negligent violation of the FCRA, 15 U.S.C. § 1681 *et. seq.*; (2) defamation; and (3) knowing, willful, and negligent violations of the South Carolina Consumer Protection Code ("SCCPC"), S.C. Code §§ 37-20-170 and 37-20-200. (Dkt. No. 171.) The claims arise from the allegedly inaccurate and misleading information Defendant Pentagon Federal Credit Union ("PenFed") provided to Trans Union, which Trans Union published in consumer reports and failed to properly investigate. (*Id.*) The claims against Trans Union appear substantively unchanged from Plaintiff's prior amended pleading, which was filed on May 25, 2023. (Dkt. No. 98.). The Court notes, however, that Trans Union only moved to dismiss the claims against it as untimely after the TAC was filed on May 30, 2024. (Dkt. No. 171.)

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C.

In his response in opposition to the instant Motion, Plaintiff submits that "the PenFed line of credit account was reinserted for at least 3 months after it was initially deleted beginning in November of 2022 and being deleted again in February of 2023, causing at least 3 publications of the referenced PenFed account." (Dkt. No. 199 at 10.) Plaintiff asserts that his claims against Trans Union arise in part from this conduct, and that he amended the complaint on May 23, 2023 to reflect this additional conduct by Trans Union. Plaintiff has attached exhibits to his response brief evidencing Trans Union's reinsertion of the deleted PenFed account and the "less than favorable interest rate" Plaintiff received on his Capital One Credit Card as a result. (Dkt. Nos. 199-1; 199-2.) Plaintiff asks that he be allowed to amend his complaint to add these factual allegations to the extent they are not adequately pled in the TAC. (Dkt. No. 233 at 3.) In its reply brief, Trans Union argues that the allegations in the TAC do not reasonably encompass Trans Union's post-2019 conduct identified by Plaintiff in his response brief and maintains that Plaintiff should not be allowed to amend his complaint again. (Dkt. No. 221 at 4–5.)

Under the cause of action against Defendants Trans Union, Experian, Equifax, and LexisNexis for violation of "the FCRA 15 U.S.C. § 1681 *et seq*.," the TAC alleges that these Defendants "have willfully and recklessly failed to comply with the FCRA" by, *inter alia*: "fail[ing] to notify plaintiff that an account and information that was deleted was reinserted" and "fail[ing] to have reasonable policies and procedures that prevent information that was deleted from being re-inserted on a consumer report." (Dkt. No. 171 at 30.) As Plaintiff asserts, these allegations were first included in the second amended complaint on May 25, 2023. (Dkt. No. 98 at 26.)

Here, the Court recognizes that the TAC offers only "naked assertions devoid of further factual enhancement" regarding the reinsertion of previously deleted information. *See McEachern*

*v. Gray*, No. 4:14-cv-1234-BHH, 2015 WL 5089613, at *2 (D.S.C. Aug. 27, 2015) (Notably, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" do not qualify as well pled facts.). Thus, the allegations do not give Trans Union sufficient notice of the grounds upon which this aspect of Plaintiff's FCRA claim rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" (quoting *Conley v. Gibson*, 355 U.S. 41 (1957));

Nevertheless, it is clear Plaintiff attempted to include allegations about Trans Union's more recent conduct as soon as he became aware that Trans Union reinserted previously deleted material into Plaintiff's consumer report. *See* 15 U.S.C. § 1681i(a)(5)(B) (CRAs are charged with preventing "reinsertion" of previously deleted material back onto the consumer's credit file). Further, the exhibits attached to Plaintiff's briefing (Dkt. Nos. 199-1; 199-2) provide the factual context currently missing from the TAC and indicate that this claim is not futile. *See* Fed. R. Civ. P. 15(a) (leave to amend should be "freely give[n] . . . when justice so requires"); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (The Fourth Circuit has interpreted "Rule 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Accordingly, given the particular circumstances described herein, the Court finds there is good cause for Plaintiff to amend the complaint to sufficiently plead claims against Trans Union based on the reinsertion of this PenFed account. This can be accomplished by attaching Dkt. Nos. 199-1 and 199-2 as exhibits to the pleading. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be

modified only for good cause . . . "); *see also Nourison Rug Corp. v. Parvizian*, 535 F.3d. 295, 298 (4th Cir. 2008) ("Given their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.").

The Court therefore instructs the Clerk of Court to file a Fourth Amended Complaint, which attaches Dkt. No. 199-1 and 199-2 as exhibits to Dkt. No. 171. Because Trans Union's Motion to Dismiss based on the statute of limitations (Dkt. No. 186) pertains to an outdated pleading, the Court finds it is MOOT.[2] Defendants shall file responsive pleadings in accordance with the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

September 26, 2024

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[2] Even without the allegations included in the Fourth Amended Complaint, the undersigned is not convinced that the statute of limitations issue can be resolved entirely at the dismissal stage. For example, Plaintiff alleges he did not discover until April of 2022 that the published PenFed accounts at issue had been sold and/or assigned, and this is one of the alleged inaccuracies giving rise to his § 1681e(b) claim against Trans Union. (Dkt. No. 171 at 21, 29.)