**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Civil Action No. 2:22-cv-02211-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Pentagon Federal Credit Union, *et. al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Nelson L. Bruce, proceeding *pro se* and *in forma pauperis*, filed this action on July 12, 2022, bringing claims pursuant to the Fair Credit Reporting Act ("FCRA"), among others. (Dkt. Nos. 1; 171.) Currently before the Court is Plaintiff's "Motion for Relief from Orders Pursuant to Federal Rule of Civil Procedure 60(b)," filed on July 22, 2024. (Dkt. No. 220.) Plaintiff seeks relief from the District Judge's March 20, 2024 Order resolving certain dispositive motions (Dkt. No. 154) and the undersigned's May 30, 2024 Order granting in part and denying in part Plaintiff's motion for leave to file a third amended complaint (Dkt. No. 170).[1] Relatedly, on September 5, 2024, Plaintiff filed a "Petition Requesting Judicial Notice in Support of Rule 60(b) Motion," which seeks to provide evidence in support of Plaintiff's motion for reconsideration. (Dkt. No. 267.) For the reasons stated below, the undersigned grants in part Plaintiff's "Motion for Relief" (Dkt. No. 220) and denies Plaintiff's "Petition Requesting Judicial Notice" (Dkt. No. 267).

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C. While the undersigned did not issue the March 20, 2024 Order contested by Plaintiff, the undersigned has authority to resolve this portion of Plaintiff's motion via the District Judge's referral on September 10, 2024. (Dkt. No. 269.)

## BACKGROUND

As noted above, Plaintiff first filed this action on July 12, 2022, bringing claims against Defendants Pentagon Federal Credit Union ("PenFed"), Trans Union, LLC ("Trans Union"), Experian Information Solutions, Inc. ("Experian"), and Equifax Information Services, LLC ("Equifax") under the FCRA and state law. Plaintiff filed his first amended complaint on November 2, 2022, adding LexisNexis Risk Solutions ("LexisNexis") as a Defendant. (Dkt. No. 31.) On May 23, 2023, Plaintiff filed a motion to amend the complaint. (Dkt. No. 96.) The Court granted Plaintiff's motion, and the second amended complaint ("SAC") was filed on May 25, 2023. (Dkt. Nos. 97; 98.)

Most relevant here, the SAC alleged claims against PenFed, Trans Union, Experian, and Equifax, and LexisNexis based on the allegedly inaccurate and misleading information PenFed provided to the Defendant consumer reporting agencies ("CRA"), which the CRAs[2] published in consumer reports and failed to properly investigate. (Dkt. No. 98.) The SAC alleged that the information reported about the specific PenFed accounts was inaccurate and misleading both because the accounts at issue had been sold and/or assigned and because the accounts were listed as charged off, rather than with a zero balance. (*Id.* at 19–21.) Relevant here, the SAC also separately alleged that LexisNexis violated the FCRA because, acting as a furnisher,[3] it "failed to

---

[2] The FCRA defines a consumer reporting agency as

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

15 U.S.C. § 1681a(f).

[3] "Although the FCRA does not define 'furnisher' of information, 'the term is understood as including any entity . . . that provides information about its customers to credit reporting agencies (CRAs), including information about a customer's payments on their accounts.'" *Wilson v. Wells Fargo Bank, N.A.*, No. 2:20-cv-2780-BHH-MHC, 2021 WL 2003524, at *3 (D.S.C. Apr. 30, 2021), adopted by, 2021 WL 2003184 (D.S.C. May 19, 2021).

do a reasonable investigation/reinvestigation" concerning "information related to a bankruptcy" that was provided by LexisNexis to Trans Union. (*Id.* at 7, 28–31.)

After Plaintiff filed his SAC (Dkt. No. 98), Defendants LexisNexis, PenFed, and Equifax filed separate motions to dismiss. (Dkt. Nos. 100; 103; 106.) Those motions were fully briefed, and R&Rs were entered on September 25, 2023, recommending the motions be granted in part and denied in part. (Dkt. Nos. 130; 131; 132.) In an Order issued on March 20, 2024, the District Judge "adopt[ed] and specifically incorporate[d] each of the" undersigned's R&Rs. (Dkt. Nos. 154 at 25.) Most relevant here, the District Judge found that the claims against LexisNexis and Equifax for violations of § 1681i and § 1681e(b) of the FCRA, defamation, and violation of S.C. Code Ann. § 37-20-170 should remain pending. The District Judge dismissed, with prejudice, Plaintiff's claims against LexisNexis as a furnisher under section 1681s-2(b), and found that specific to Plaintiff's FCRA § 1681i claim against Equifax, Plaintiff's May 3, 2022 letter to Equifax "cannot service as the requisite notice to support a claim under § 1681i because it does not allege inaccurate or incomplete reporting by PenFed." (Dkt. Nos. 131 at 10; 154.)

The Court entered a Scheduling Order on March 21, 2024, which included a deadline of April 22, 2024 for motions to amend the pleadings. (Dkt. No. 156.) Shortly thereafter, Plaintiff filed a motion for leave to file a third amended complaint ("TAC"), seeking to "add additional parties and claims related to those parties." (Dkt. No. 163.) Specifically, Plaintiff sought to add as named Defendants LexisNexis Risk Solutions FL ("LNRS FL") and LexisNexis Risk Data Management Inc. ("LNRDM"). (Dkt. No. 163-2.) LexisNexis opposed the motion, and argued, *inter alia*, that the proposed new defendants would be prejudiced by the newly asserted claim for a SCUPTA violation. (Dkt. No. 169.)

On May 30, 2024, the undersigned issued an Order granting in part and denying in part Plaintiff's motion to amend, finding "Plaintiff can add LNRDM and LNRS FL as Defendants to the existing claims brought against LexisNexis for violation of the FCRA under sections 1681i and 1681e(b), defamation, and violation of the [SCCPC], as plead in the proposed TAC." (Dkt. No. 170 at 10.) Relevant here, the Order emphasized,

> this is not an opportunity for Plaintiff to expand the scope of his claims against LexisNexis and, by extension, LNRDM and LNRS FL. Rather, based on the limited explanation provided in Plaintiff's Motion (Dkt. No. 163) and the allegations in the proposed TAC, the Court allows the amendment of these claims only to the extent they arise from the conduct originally attributed to LexisNexis. To allow a more expansive interpretation of Plaintiff's claims against LexisNexis, LNRS FL, and LNRDM would be prejudicial to these entities. LNRS FL and LNRDM cannot be expected to contemplate defenses to allegations that hinge on conduct not specified in the proposed TAC. To the extent LNRS FL and/or LNRDM are actually responsible for some or all of the conduct originally attributed to LexisNexis, as Plaintiff appears to believe, that can be explored in discovery.
> . . .
> As noted above, the Court has carefully considered the efficacy of Plaintiff's claims against Equifax and PenFed based on their prior motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (*See* Dkt. Nos. 100; 106; 131; 132; 154.) In certain instances, the Court made specific findings about the scope of the surviving claims against these Defendants. The Court cautions that Plaintiff cannot rely on any allegations included in the proposed TAC to expand the claims against [Equifax] and PenFed beyond the scope identified by the Court in its prior orders. (Dkt. Nos. 131; 132; 154.)

(*Id*. at 9–10.) The Court found that the new SCUPTA claim alleged against the LexisNexis entities in the proposed TAC was prejudicial and futile and instructed the Clerk of Court to redact this cause of action from Plaintiff's proposed TAC before filing the TAC on the docket. (*Id*. at 7–8, 10–11.)

On July 22, 2024, Plaintiff filed the instant Motion for Relief from Orders Pursuant to Federal Rule of Civil Procedure 60(b). (Dkt. No. 220.) Plaintiff asserts that the Orders issued on March 20, 2024 (Dkt. No. 154) and May 30, 2024 (Dkt. No. 170) "did not fully address several claims that were properly pleaded in Plaintiff's Second Amended Complaint . . . and further

4

clarified in the Third Amended Complaint." (Dkt. No. 220.) Plaintiff "seeks relief under Rule 60(b)(1) for mistake inadvertence, surprise, or excusable neglect, and alternatively under Rule 60(b)(6) for any other reason that justifies relief." (*Id.* at 1.) Defendants LexisNexis, LNRS FL, and LNRDM (collectively, "LexisNexis Defendants") and Defendant Equifax filed separate responses in opposition (Dkt. Nos. 231; 229), to which Plaintiff filed replies (Dkt. Nos. 239; 240).

Relatedly, on September 5, 2024, Plaintiff filed a "Petition Requesting Judicial Notice in Support of Rule 60(b) Motion," which seeks to provide evidence in support of Plaintiff's initial motion. (Dkt. No. 267.) Plaintiff's motions have been fully briefed and are ready for review.

## STANDARDS

### A.    Reconsideration

Plaintiff has filed his "Motion for Relief from Orders" pursuant to Rule 60 of the Federal Rules of Civil Procedure. Under that rule, a court may relieve a party from a final order for a limited set of circumstances, including mistake, fraud, and newly-discovered evidence. Fed. R. Civ. P. 60(b). In addition to the specific categories for relief listed, Rule 60(b)(6) allows for a relief for "any other reason that justifies relief." *Id*. "To obtain relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018). The movant bears the burden of showing timeliness. *Moses v. Joyner*, 815 F.3d 163, 166 (4th Cir. 2016). Under Rule 60(b)(6), the party must also show the existence of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

However, Rule 60(b) is applicable only to final orders. *Roberson v. Paul Smith, Inc.*, No. 5:07-cv-284-F, (E.D.N.C. Apr. 20, 2011) (citing *Fayetteville Inv'rs v. Commercial Builders, Inc.*,

936 F.2d 1462, 1469 (4th Cir. 1991); *McLaurin v. E. Jordan Iron Works, Inc.*, 666 F. Supp. 2d 590,

596 n.2 (E.D.N.C. 2009)). "Judgments are generally only final where they adjudicate and resolve

*all* claims as to the parties." *Moore v. Lightstorm Entm't*, No. RWT-11-3644, 2013 WL 4052813 at

*3 (D. Md. Aug. 8, 2013); *see also In re Topper*, 23 F. App'x 127, 128 (4th Cir. 2001) ("A final

order is one that disposes of all the issues in dispute as to all parties, and 'ends the litigation on the

merits and leaves nothing for the court to do but execute the judgment.'" (quoting *Catlin v. United

States*, 324 U.S. 229, 233 (1945))).

Here, the orders at issue were not final orders because they did not dispose of all the claims

in the case, and Rule 60(b) is therefore inapplicable. "An order dismissing fewer than all claims is

not a final judgment for which a Rule 60(b) . . . motion is appropriate, but rather an interlocutory

motion that may be contested under Rule 54(b)." *Moore*, 2013 WL 4052813 at *3. Rather than

deny Plaintiff's motion because it cites to Rule 60(b), the undersigned will construe the motion as

a Rule 54(b) motion to reconsider. *See Allen v. Cooper*, 555 F. Supp. 3d 226, 233 (E.D.N.C. 2021)

(declining to deny motion based on its citing to Rule 60(b), which is "not applicable," and instead

construing "plaintiffs' Rule 60(b) motion as a Rule 54(b) motion to reconsider"); *Burgess v. Hamm*,

No. 5:11-CT-3229-F, 2012 WL 3704688, at *2 (E.D.N.C. Aug. 27, 2012) ("As plaintiff is an inmate

proceeding *pro se*, the court will construe his 'motion' as one pursuant to Rule 54(b) rather than

deny it outright as improper pursuant to Rule 60(b).").

Under Rule 54(b), the "district court retains the power to reconsider and modify its

interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am.

Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003); *see also Moses H. Cone

Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a

final decree is subject to reopening at the discretion of the district judge"). The Fourth Circuit has

offered little guidance on the standard for evaluating a Rule 54(b) motion, but has held motions under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n*, 326 F.3d at 514; *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (the Court found it "unnecessary to thoroughly express our views on the interplay of Rules 60, 59, and Rule 54"). In this regard, district courts in the Fourth Circuit, in analyzing the merits of a Rule 54 motion, look to the standards of motions under Rule 59 for guidance. *See U.S. Home Corp. v. Settlers Crossing, LLC*, No. DKC 08-1863, 2012 WL 5193835, at *2 (D. Md. Oct. 18, 2012); *R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co.*, C/A No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006); *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005).

Accordingly, a motion for reconsideration under Rule 54(b) is appropriate "(1) to account for an intervening change in controlling law; (2) to account for newly discovered evidence; or (3) to correct a clear error of law or prevent manifest injustice."[4] *Hatch v. Demayo*, No. 1:16-cv-925, 2018 WL 6003548 at *1 (M.D.N.C. Nov. 15, 2018) (quoting *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017)). Such motions "should not be used to rehash arguments the court has already considered" or "to raise new arguments or evidence that could have been raised previously." *South Carolina*, 232 F. Supp. 3d at 793. "In determining whether to grant a motion to reconsider pursuant to Rule 54(b), a district court may look to the Rule 60(b) principles, although it is not bound by that rule." *Allen*, 555 F. Supp. 3d at 233.

---

[4] The Fourth Circuit has suggested that the law of the case doctrine has evolved as a means of guiding a district court's discretion in deciding a Rule 54(b) motion for reconsideration of an interlocutory order. *Am. Canoe Ass'n*, 326 F.3d at 515. Under the law of the case doctrine, an earlier decision of the court becomes the law of the case and must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Sejman v. Warner–Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988) (internal quotation marks omitted), *cited with approval in Am. Canoe Ass'n*, 326 F.3d at 515. The undersigned notes that the three reasons for overcoming the law of the case doctrine mirror the three reasons for granting relief under Rule 59(e). *See United States v. Duke Energy Corp.*, No. 1:00-cv-1262, 2014 WL 4659479, at *3 n.4 (M.D.N.C. Sept. 17, 2014).

### B.    Motion to Amend

Because Plaintiff's motion for reconsideration implicates the Court's findings as to his motion to amend (Dkt. No. 163), the Court summarizes the applicable standards here. Federal Rule of Civil Procedure 15 allows a plaintiff, subject to certain time limitations, to amend a pleading once as a matter of course. *See* Fed. R. Civ. P. 15(a). Otherwise, a party may amend only with either the opposing party's written consent or leave of court.[5] Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (noting that "the grant or denial of an opportunity to amend is within the discretion of the District Court"). Federal Rule of Civil Procedure 15(a)'s directive to grant leave to amend freely is "not simply a suggestion, but rather a 'mandate to be heeded.'" *Devil's Advocate, LLC v. Zurich Am. Ins. Co*., 666 Fed. App'x 256, 267 (4th Cir. 2016) (quoting Foman, 371 U.S. at 182). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires," which the Fourth Circuit has interpreted as providing that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Johnson v. Oroweat Foods Co*., 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182) (emphasis added); *see also Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) (holding that a motion for leave to amend "should generally be granted in light of this Circuit's policy to liberally allow amendment' " (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010))); *Harless v. CSX Hotels, Inc*., 389 F.3d 444, 447 (4th Cir. 2004).

*Pro se* plaintiffs' pleadings are "liberally construed" and "held to less stringent standards than [those filed] by lawyers." *Erickson*, 551 U.S. at 94 (2007). However, "liberal construction does not absolve Plaintiff from pleading a plausible claim." *Bey v. Shapiro Brown & Alt, LLP*, 997

---

[5] Because Plaintiff submitted the underlying motion to amend before the deadline to amend pleadings expired, the "good cause" standard under Federal Rule of Civil Procedure 16(b)(4) does not apply to the sought amendments.

F. Supp. 2d 310; 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014). "Moreover, a federal court may not act as an advocate for a self-represented litigant." *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (citing *Brock v. Carroll*, 107 F.3d 241, 242–43 (4th Cir. 1997)).

## <u>DISCUSSION</u>

In his motion for reconsideration, Plaintiff asks that the Court: (1) "amend or modify its Orders to explicitly address Plaintiff's claims regarding FCRA security freeze violations, including violations of S.C. Code § 37-20-160(F), invasion of privacy, permissible purpose requirements, and violations of the SCCPC"; (2) "address Plaintiff's claim regarding the Defendant Bureaus' alleged violation of 15 U.S.C. § 1681a(d)(2)(A)(i) by improperly including excluded information in consumer reports"; (3) "reconsider its application of the FCRA's provisions regarding consumer disputes and investigations, particularly as they relate to 15 U.S.C. § 1681i(a)(3) and 15 U.S. Code § 1681s-2(a)(8)(F)"; (4) "address the jurisdictional challenge raised by Plaintiff regarding the Court's application of the FCRA . . . and provide a ruling on the record regarding the Court's jurisdiction over matters pertaining to the FCRA in this case"; and (5) "clarify the scope of the claims allowed to proceed against LexisNexis, LNRS FL, and LNRDM in light of these additional claims that constitutes a mistake of law." (Dkt. No. 220 at 7–8.) Relatedly, in his "Petition Requesting Judicial Notice," Plaintiff asks that the Court consider "newly discovered documents" that Plaintiff has obtained through discovery, and which Plaintiff claims are relevant to his motion for reconsideration. (Dkt. No. 267.)

As an initial matter, the Court notes that Plaintiff's motion for reconsideration was filed on July 22, 2024 (Dkt. No. 220), which is not within twenty-eight days of the District Judge's March 20, 2024 Order resolving certain dispositive motions (Dkt. No. 154) and the undersigned's May

30, 2024 Order granting in part and denying in part Plaintiff's motion for leave to file a third amended complaint (Dkt. No. 170). Thus, Plaintiff's Motion is untimely under Rule 59(e). *See* Fed. R. Civ. P. 59 ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). However, because Rule 54(b) allows for reconsideration "any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities," the Court considers Plaintiff's Motion as timely under Rule 54(b). Fed. R. Civ. P. 54(b); *see Sanders v. Lowe's Home Centers, LLC*, No. 0:15-cv-02313-JMC, 2016 WL 5920840, at *1 (D.S.C. Oct. 11, 2016) (finding motion for reconsideration timely under Rule 54(b), despite being filed more than 28 days after the interlocutory orders at issue). Having found Plaintiff's motion for reconsideration should not be denied as untimely, the undersigned considers the specific arguments within Plaintiff's motion.

A.     **Claims against the LexisNexis Defendants**

First, the Court recognizes that the additional claims against the LexisNexis Defendants articulated in Plaintiff's motion for reconsideration were not expressly mentioned in his motion to amend (Dkt. No. 163), nor directly addressed by any party in response to that motion. The undersigned did not independently recognize Plaintiff's apparent attempt to plead these claims against the LexisNexis entities and, therefore, these claims were not expressly contemplated or addressed in the May 30, 2024 Order. Regardless, as discussed further below, the Court allowed a TAC to be filed that contains certain additional claims against the LexisNexis Defendants that are not clearly futile, prejudicial, or alleged in bad faith by Plaintiff. Because manifest injustice would occur if the Court were to deny Plaintiff the ability to pursue claims that are not clearly futile, prejudicial, or alleged in bad faith, the Court grants Plaintiff's motion to reconsider in part, to the

extent that the additional claims alleged against the LexisNexis Defendants in the TAC, as specified below, may proceed against the LexisNexis Defendants at this time.

As an initial matter, the undersigned cannot find the below additional claims alleged against the LexisNexis Defendants are futile. Specific to Plaintiff's alleged claims against the LexisNexis Defendants for "security freeze violations" under the FCRA and under the SCCPC and "invasion of privacy" under the FCRA, Plaintiff cites the same allegations in the TAC. Under his first cause of action for "Violation of FCRA § 1681 et seq.," Plaintiff alleges, relevant here, that LexisNexis[6] "violated plaintiff's right to privacy and the FCRA by reporting in a consumer report and disseminating to third parties a bankruptcy when plaintiff has requested a security freeze and have not authorized such disclosure of information to any third party nor to be reported on his consumer report." (Dkt. No. 171 at 30.) In the factual background of the TAC, Plaintiff alleges

> LexisNexis has knowingly and willfully violated plaintiff's right to privacy, privacy rights under 15 U.S.C. Code § 1681(a)(4) by disseminating consumer information and consumer reports containing information about the plaintiff and his accounts when a security freeze has been in place since 2015 as evidence by their dispute results to the Plaintiff as LexisNexis has disseminated this information to third parties without plaintiff's authorization which include but is not limited to bankruptcy information and other consumer account information stored in their files.

(*Id*. at 11–12.) Here, the "dispute results" appear to refer to an exhibit attached to the TAC, which identifies third parties that received Plaintiff's consumer report from the LexisNexis Defendants. (*See* Dkt. No. 31-1.) LexisNexis disputes the sufficiency of these allegations to allege any violation of the FCRA, arguing Plaintiff "fails to cite any specific provision of the FCRA to support the alleged security freeze violation." (Dkt. No. 231 at 12.)

---

[6] Throughout the futility analysis, the Court considers any claims pled specifically against "LexisNexis" as plead against the LexisNexis Defendants collectively based on the allegations in the TAC that LNRDM and LNRS are "are "affiliates of LexisNexis Risk Solutions Inc.[,] sharing data amongst each other to provide to third parties for compensation. Collectively 'LexisNexis.'" (Dkt. No. 171 at 6.)

The only specific section of the FCRA referenced within the allegations cited by Plaintiff is § 1681(a)(4), which "does not provide a basis for a specific cause of action." *Young v. Experian Info. Sols., Inc*., No. TDC-22-cv-1057, 2022 WL 16540838, at *4 (D. Md. Oct. 28, 2022). In his reply brief, however, Plaintiff clarifies that he brings this FCRA "security freeze" claim under 15 U.S.C. § 1681c-1, which sets forth those circumstances in which a credit reporting agency ("CRA"), at the request of a consumer and on receipt of "proper identification from the consumer" must place a security freeze on the consumer report. § 1681c–1(i)(2)(A). Section 1681c-1 defines "security freeze" as "a restriction that prohibits a consumer reporting agency from disclosing the contents of a consumer report that is subject to such security freeze to any person requesting the consumer report." § 1681c-1(i)(1)(C).

Given the foregoing allegations in the TAC, the undersigned cannot find, at this juncture, that Plaintiff's claims arising under § 1681c-1 against the LexisNexis Defendants for their alleged dissemination of Plaintiff's information to Trans Union and the third parties identified in Dkt. No. 31-1, after a security freeze was in place, are futile at this time. *See Starbuck v. Williamsburg James City Cnty. Sch. Bd*., 28 F.4th 529, 534 (4th Cir. 2022) ("[W]e liberally construe complaints even where *pro se* plaintiffs do not reference any source of law." (cleaned up) (quoting *Booker v. S.C. Dep't of Corr*., 855 F.3d 533, 540 n.4 (4th Cir. 2017))); *Glanton v. DirecTV, LLC*, 172 F. Supp. 3d 890, 894 (D.S.C. 2016) (considering whether plaintiff sufficiently alleged a violation of § 1681b(f) although "[t]he plaintiff does not point to a specific provision of the FCRA that the defendant allegedly violated"). The foregoing allegations further support Plaintiff's claim that he suffered an invasion of privacy based on this alleged FCRA violation. *See Witt v. Corelogic Saferent, LLC*, No. 3:15-CV-386, 2016 WL 4424955, at *13 (E.D. Va. Aug. 18, 2016) ("Plaintiffs need not explicitly plead a claim for "invasion of privacy" to show that their statutory right to privacy was invaded. .

. . An invasion of privacy is inherent in Plaintiffs' claim that their confidential information was improperly disseminated."). Whether Plaintiff can prove such an injury as resulting from this alleged FCRA violation is not a matter for the Court to resolve at this time.

For similar reasons, the undersigned cannot find that Plaintiff's claim against the LexisNexis Defendants for violation of § 37-20-160 of the SCCPC is futile. Here, Plaintiff alleges "LexisNexis violated section 37-20-160(F) by releasing to third parties without express authorization by the plaintiff and by failing to notify the plaintiff who requests a consumer report if a security freeze is in effect for the consumer file involved in that report."[7] (Dkt. No. 171 at 38.) While the LexisNexis Defendants argue the TAC fails to identify sufficient facts to support this claim (Dkt. No. 231 at 12–13), it can reasonably be construed as arising from the same allegations as those supporting Plaintiff's claim under § 1681c-1 of the FCRA.

Finally, Plaintiff argues he has sufficiently alleged "permissible purpose claims" against under Sections 1681b, 1681e(a) and 1681e(e) (*see* Dkt. No. 220 at 3). The TAC alleges, *inter alia*,

> Defendant [LNRS FL] and/or [LNRDM] furnished a consumer report to TransUnion containing consumer information without a permissible purpose in violation of 1681b of the FCRA and without certifying TransUnion's Purpose and that the information would only be used for that purpose only that is permissible in violation of 1681b et. seq., 1681f(2) and 1681e(a), 1681e(e) et seq.

> LexisNexis does not maintain reasonable procedures designed to avoid violations of section 1681c(d) and to limit the furnishing of consumer reports to the purposes listed under section 1681b of this title. LexisNexis procedures are not designed to avoid violations of 1681c(d) which requires them to report that cases arising or filed under title 11 is withdrawn by the consumer before a final judgment, as they are in possession of documents which they claim is certified as the FCRA requires them to report the bankruptcy as withdrawn by the consumer as they continue to report and furnish inaccurate, incomplete information to third parties.

(Dkt. No. 171 at 9.) The TAC also alleges that

---

[7] § 37-20-160 provides, "A consumer reporting agency shall notify a person who requests a consumer report if a security freeze is in effect for the consumer file involved in that report and the consumer report may not be released without express authorization by the consumer."

> LexisNexis and/or its affiliates at all times was acting as a Consumer Reporting
> Agency [t]hat regularly engages in the practice of assembling or evaluating,
> Complies and Maintains Files on Consumers on a Nationwide Basis for the
> purposes of furnishing consumer reports to third parties bearing on a consumer's
> credit worthiness, credit standing, or credit capacity regarding consumers residing
> nationwide. These reports contain public records information, such as bankruptcy
> information on individual consumers that are individualized and furnished to third
> party persons such as Trans Union, LLC, individually referencing the consumer's
> information in a format acceptable to the person such as Trans Union, LLC.

(*Id*. at 9.)

Relevant here, 15 U.S.C. § 1681b provides that CRAs may not furnish a consumer's credit

report to third parties except in the circumstances listed in § 1681b. 15 U.S.C. § 1681e(a) states:

> Every consumer reporting agency shall maintain reasonable procedures designed
> to avoid violations of section 1681c of this title and to limit the furnishing of
> consumer reports to the purposes listed under section 1681b of this title. These
> procedures shall require that prospective users of the information identify
> themselves, certify the purposes for which the information is sought, and certify
> that the information will be used for no other purpose. No consumer reporting
> agency may furnish a consumer report to any person if it has reasonable grounds
> for believing that the consumer report will not be used for a purpose listed in section
> 1681b of this title.

15 U.S.C. § 1681e(a). Relatedly, 15 U.S.C. § 1681e(e)(2) requires resellers of consumer reports to

"establish and comply with reasonable procedures designed to ensure" that the report is resold

only for a permissible purpose as set forth in § 1681b. *Id*. Also, 15 U.S.C. § 1681c(d)(1) provides,

in relevant part, "If any case arising or filed under Title 11 is withdrawn by the consumer before a

final judgment, the consumer reporting agency shall include in the report that such case or filing

was withdrawn upon receipt of documentation certifying such withdrawal." 15 U.S.C.

§ 1681c(d)(1).

Liberally construing the allegations within the TAC as a whole, the undersigned cannot

find the claims alleged here are futile at this time. Namely, that LNRS FL and LNRDM:[8] (1)

---

[8] Because the TAC specifically limits this claim to LNRS FL and LNRDM, these claims are only reasonably construed against these two entities.

furnished a consumer report to Trans Union containing Plaintiff's bankruptcy information without a permissible purpose in violation of § 1681b; (2) violated § 1681e(a) as CRAs by failing to maintain reasonable procedures designed to avoid violations of § 1681b; and (3) violated § 1681e(e) as resellers by failing to establish and comply with reasonable procedures designed to ensure that the consumer report was resold to Trans Union only for a permissible purpose as set forth in § 1681b. (*See id*. at 8–9). And, with respect to all the LexisNexis Defendants, that they violated § 1681e(a) as CRAs by failing to maintain reasonable procedures designed to avoid violations of § 1681c and § 1681b.[9] (*Id*.); *see Johnson v. Oroweat Foods Co*., 785 F.2d 503, 510 (4th Cir. 1986) ("Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face."). While the LexisNexis Defendants dispute that LNRS FL and LNRDM were acting as CRAs with respect to disclosure of the consumer reports at issue, that is not a matter for the Court to resolve at this time.

Further, the Court cannot find the foregoing additional claims against the LexisNexis Defendants are prejudicial or alleged in bad faith. In determining whether an amendment is prejudicial to a defendant, both "the nature of the amendment and its timing" are considered. *Laber*, 438 F.3d at 427. Based on the allegations in the TAC and Plaintiff's limited explanation in his motion to amend (Dkt. No. 163), it appears that discovery Plaintiff obtained in an unrelated federal case led Plaintiff to believe that LNRDM and LNRS FL have violated the rights of Plaintiff with respect to the dissemination of Plaintiff's bankruptcy information to Trans Union, and that LexisNexis was acting as a CRA rather than a furnisher with respect to that information.[10]

---

[9] Additionally, the TAC alleges a non-frivolous claim that the LexisNexis Defendants violated § 1681e(b) by failing to maintain reasonable procedures to assure maximum possible accuracy regarding Plaintiff's bankruptcy information included in a consumer report. (*See* Dkt. No. 171 at 9–10.)

[10] While the undersigned previously indicated Plaintiff's delay in seeking the amendments was prejudicial as to LexisNexis specifically (*see* Dkt. No. 170 at 8), because of the alleged interconnection between the three LexisNexis entities, the undersigned finds these claims should be allowed to proceed at this time. *See also Davis v. Piper Aircraft Co*., 615 F.2d 606, 613 (4th Cir. 1980) (holding that when a "defendant [is] from the outset made fully aware of the

Plaintiff's additional claims add a theory of recovery in part to facts already pled, and to the extent his claims here require the gathering and analysis of facts not already considered by the LexisNexis Defendants, this case has not yet reached summary judgment and no trial date has been set. Here, the Court recognizes that Plaintiff moved to amend shortly after he received a final ruling on the sufficiency of his allegations against LexisNexis and shortly after the first scheduling order was entered in this case. While the parties moved forward with discovery based on the scope of Plaintiff's claims as articulated in the Court's May 30, 2024 Order, the filed TAC included claims not addressed or contemplated in that Order. In short, while discovery progressed after Plaintiff moved to amend, because of the particular circumstances described herein, the Court will not deny the amendments as prejudicial or as alleged in bad faith.

Because manifest injustice would occur if the Court were to deny Plaintiff the ability to pursue properly amended claims within a docketed pleading, the Court grants Plaintiff's Motion for Reconsideration pursuant to Rule 54(b). *See Hartzman v. Wells Fargo & Co*., No. 1:14-cv-808, 2016 WL 6810943, at *1 (M.D.N.C. June 28, 2016) ("In the context of a motion for reconsideration, manifest injustice is defined as 'an error by the court that is 'direct, obvious, and observable.'" (quoting *Register v. Cameron & Barkley Co*., 481 F. Supp. 2d 479, 480 n.1 (D.S.C. 2007)).

However, the Court denies Plaintiff's motion to reconsider with respect to Plaintiff's claim that he has sufficiently plead "violations of 15 U.S.C. § 1681a(d)(2)(A)(i)." (Dkt. No. 220 at 4.) Here, Plaintiff cites his allegation in the TAC that

> The Defendant Bureaus have been repeatedly producing plaintiff's consumer reports to third parties containing information solely as to transactions or experiences between the consumer and the person making the report which the FCRA prescribes are to be excluded from the consumer report in violation of 15

events giving rise to the action, an allowance of [an] amendment [can] not in any way prejudice the preparation of defendant's case.")).

16

U.S.C. § 1681a(d)(2)(A)(i), such conduct has cause plaintiff damages as presented
in this entire complaint.

(Dkt. No. 171 at 19.)

In his briefing, Plaintiff continues to rely entirely on § 1681a(d)(2)(A)(i) as the source of
the alleged FCRA violation. (Dkt. No. 220 at 4.) Because it is well established that
"§ 1681a(d)(2)(A)(i) is a definitional provision which provides no right of action," and the Court
can discern no other statutory basis for this claim, the Court finds Plaintiff's claim for "violations
of § 1681(a)(d)(2)(A)(i) is futile. *McMillan v. Templin*, No. JKB-22-cv-1675, 2023 WL 3996477,
at *10 (D. Md. June 14, 2023) (dismissing claim that defendant violation 15 U.S.C.
§ 1681a(d)(2)(A)(i)), *dismissed*, 2023 WL 9022679 (4th Cir. Aug. 21, 2023).

**B.     15 U.S.C. § 1681i Claim against Equifax**

Having resolved Plaintiff's motion to reconsider specific to the issues raised in his motion
to amend, the Court turns to Plaintiff's argument that he should be allowed to proceed on his
§ 1681i claim against Equifax based on the May 3, 2022 letter Plaintiff sent to Equifax allegedly
disputing the accuracy of his claims. (Dkt. No. 220 at 5.) Relevant here, the September 25, 2023
R&R stated,

> the undersigned agrees that Plaintiff's May 3, 2022 letter to Equifax cannot serve
> as the requisite notice to support any claim under § 1681i because it does not allege
> inaccurate or incomplete reporting by PenFed. In this letter, Plaintiff indicates that
> the accounts reported by PenFed may be correct, he just is "not 100 percent sure if
> they are." (Dkt. No. 1-2 at 48.) His request that Equifax "re-investigate if every
> piece of information" reported for three PenFed accounts "is correct" does not
> provide Equifax notice of a dispute sufficient to trigger its reinvestigation duty
> under § 1681i. *See Petty*, 2010 WL 4183542, at *3 ("[A] CRA's liability under
> § 1681i is triggered only when 'the completeness or accuracy [of the information]
> . . . is disputed by the consumer and the consumer notifies the agency directly . . .
> of such dispute." (quoting § 1681i(a)(1)(A)).

(Dkt. No. 131 at 10.) The District Judge adopted this finding in her March 20, 2024 Order "after
*de novo* review and after a thorough consideration of the parties' arguments and the applicable

17

law," stating "The Court also agrees with the Magistrate Judge that Plaintiff's letter dated May 3, 2022, cannot serve as the requisite notice to support a claim under § 1681i because it does not allege inaccurate or incomplete reporting by PenFed." (Dkt. No. 154 at 14.)

In his motion for reconsideration, Plaintiff cites 15 U.S.C. Code § 1681i(a)(3), which provides,

> (3) Determination that dispute is frivolous or irrelevant
>
> (A) In general
>
> Notwithstanding paragraph (1), a consumer reporting agency may terminate a reinvestigation of information disputed by a consumer under that paragraph if the agency reasonably determines that the dispute by the consumer is frivolous or irrelevant, including by reason of a failure by a consumer to provide sufficient information to investigate the disputed information.
>
> (B) Notice of determination
>
> Upon making any determination in accordance with subparagraph (A) that a dispute is frivolous or irrelevant, a consumer reporting agency shall notify the consumer of such determination not later than 5 business days after making such determination, by mail or, if authorized by the consumer for that purpose, by any other means available to the agency.
>
> (C) Contents of notice
>
> A notice under subparagraph (B) shall include—
>
> (i) the reasons for the determination under subparagraph (A); and
>
> (ii) identification of any information required to investigate the disputed information, which may consist of a standardized form describing the general nature of such information.
>
> (4) Consideration of consumer information
>
> In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

15 U.S.C. § 1681i.[11]

Here, Plaintiff maintains that after he sent the May 3, 2022 letter, he did not receive any communication from Equifax pursuant to § 1681i(a)(3) and instead received the results of Equifax's reinvestigation on June 8, 2022. (Dkt. No. 220 at 5; Dkt. No. 1-3 at 22–32.) Based on these facts, Plaintiff argues that his § 1681i claim against Equifax should be allowed to proceed past the dismissal stage, specific to the May 3, 2022 letter. (*Id*.) Plaintiff has also submitted certain "confidential and proprietary internal documents" provided by Experian during discovery, and he asks that the Court take judicial notice of this evidence to find that his § 1681i claim can proceed against Equifax specific to the May 3, 2022 letter. (Dkt. Nos. 267; 268.)

Upon careful review, the undersigned agrees that, based on the exhibits attached to the TAC (Dkt. No. 1-2 at 2–6, 48; Dkt. No. 1-3 at 22–32), and the requirements of § 1681i(a)(3), it cannot be found, as a matter of law, that the May 3, 2022 letter did not provide Equifax the requisite notice to support any claim under § 1681i. This Court has previously found that Plaintiff's September 24, 2021 letter "disputed directly to Equifax the specific alleged inaccuracies in his consumer report." (Dkt. No. 131 at 12; *see* Dkt. No. 1-2 at 2–6.) In his May 3, 2022 letter, Plaintiff identified the same disputed PenFed accounts, and he asked Equifax to "re-investigate if every piece of information" for these accounts "is correct." (Dkt. No. 1-2 at 48.) Plaintiff asked that, upon re-investigation, Equifax "remove" any inaccurate information from his "credit report immediately." (*Id*.) The record indicates Equifax found Plaintiff's letter sufficient to reinvestigate the accounts at issue. (Dkt. No. 1-3 at 22–32); *see also* § 1681i(a)(3).

---

[11] Plaintiff also cites 15 U.S. Code § 1681s-2(a)(8)(F) in support of this argument. This provision applies only to furnishers, however. It is therefore inapplicable to Plaintiff's § 1681i claims against Equifax and has no relevance here.

Based on the foregoing, the Court cannot say, as a matter of law, that Equifax did not view the May 3, 2022 letter as "part and parcel" of the specific disputes raised in Plaintiff's September 24, 2021 letter, and conducted their reinvestigation accordingly. *See Lao v. Green Tree Fin. Corp.*, 2012 WL 12055044, at *4 (C.D. Cal. Oct. 16, 2012) (rejecting argument that inaccuracies raised in underlying dispute letter were not specific enough to establish the requisite notice for the inaccurate statements alleged in the complaint; noting "the facts may show that the alleged inaccuracy is simply part-and-parcel of the same dispute . . . . To the extent this statement represents a continuation of the same disputed inaccuracy, the law should not compel [plaintiff] to send ongoing, never-ending letters with respect to every iteration of [furnisher's] error"). While the Court recognizes these arguments are similar to what has already been presented by Plaintiff, because manifest injustice would occur were the Court were to deny this aspect of Plaintiff's § 1681i claim under Rule 12(b)(6), the Court grants this portion of Plaintiff's motion to reconsider.

Because the Court did not consider the evidence at issue in Plaintiff's "Petition Requesting Judicial Notice" to resolve this matter, the Court finds the motion (Dkt. No. 267) is moot. Alternatively, this motion (Dkt. No. 267) is denied because, at this time, the record does not establish that Equifax and Experian employed the same internal procedures for handling consumer disputes. Fed. R. Evid. 201(b) advisory committee note ("With respect to judicial notice of adjudicative facts, the tradition has been one of caution in requiring that the matter be beyond reasonable controversy.").

Finally, the Court rejects any assertion by Plaintiff that it lacks subject matter jurisdiction to consider his claims. (Dkt. No. 220 at 5–6.) The Court has authority to exercise subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

**<u>CONCLUSION</u>**

Based on the foregoing, Plaintiff's "Motion for Relief from Orders Pursuant to Federal Rule of Civil Procedure 60(b)" is granted in part and denied in part. Here, the Court clarifies the claims that are currently pending against the LexisNexis Defendants. As discussed above, the Court has already found Plaintiff has pending claims against the LexisNexis Defendants in relation to the reporting of factually inaccurate PenFed accounts for violations of § 1681i and § 1681e(b) under the FCRA, defamation, and violations of S.C. Code §§ 37-20-170 and 37-20-200.

Based on the instant Order, the Court finds Plaintiff also has pending claims against the LexisNexis Defendants under § 1681c-1 and § S.C. Code 37-20-160, as well as an invasion of privacy claim arising from that FCRA violation. Additionally, Plaintiff has pending claims against LNRS FL and LNDRM for: (1) furnishing a consumer report to Trans Union containing Plaintiff's bankruptcy information without a permissible purpose in violation of § 1681b; (2) violating § 1681e(a) as CRAs by failing to maintain reasonable procedures designed to avoid violations of § 1681c and § 1681b; and (3) violating § 1681e(e) as resellers by failing to establish and comply with reasonable procedures designed to ensure that the consumer report was resold to Trans Union only for a permissible purpose as set forth in § 1681b. Finally, Plaintiff has pending claims against the LexisNexis Defendants for: (1) violating § 1681e(a) as CRAs by failing to maintain reasonable procedures designed to avoid violations of § 1681c and § 1681b; and (2) violating § 1681e(b) in relation to the reporting of inaccurate bankruptcy information.

Additionally, as stated herein, the Court finds Plaintiff can proceed on his § 1681i claim against Equifax based on the May 3, 2022 letter Plaintiff sent to Equifax. The remainder of Plaintiff's Motion for Relief is denied.

Because the Court did not consider the evidence at issue in Plaintiff's "Petition Requesting Judicial Notice" to resolve Plaintiff's Motion for Relief, the Court finds the motion (Dkt. No. 267) is moot. Alternatively, the motion (Dkt. No. 267) is denied for the reasons explained herein.

**Given that this Order expands the claims currently pending in this action, and that the Court has allowed the filing of a Fourth Amended Complaint (Dkt. No. 291), Defendants shall file responsive pleadings in accordance with the Federal Rules of Civil Procedure. Additionally, the Court will extend the discovery deadline to January 22, 2025 <u>specific to only the additional claims articulated herein</u>. Given the proceedings in this case, no extensions of this deadline will be granted.**

IT IS SO ORDERED.

September 26, 2024

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE