# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

_____
                                        )
Nelson L. Bruce,                        )
                                        )
                    Plaintiff,          )
                                        )
          v.                            )        CASE NO.:  2:22-cv-02211-BHH-MGB
                                        )
Pentagon Federal Credit Union; *et al.* )
                                        )
                    Defendants.         )
_____)

### PENTAGON FEDERAL CREDIT UNION'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER REGARDING PLAINTIFF'S AMENDED NOTICE OF DEPOSITIONS

Pentagon Federal Credit Union's ("PenFed") motion for a protective order [ECF 277] asks the Court to: (1) bar Nelson L. Bruce from deposing PenFed's CEO, James Schenck, and its Senior Manager of Financial Reporting, Jay Ferrin, under the "Apex doctrine"; (2) hold that PenFed is not required to present former or non-managing employees who have not been subpoenaed for depositions; and (3) decline any request Bruce might make for the issuance of subpoenas to the former and non-managing employees identified in his amended notice of deposition.

Bruce's opposition [ECF 287] does not argue that PenFed is required to present former or non-managing employees for deposition, does not argue that those individuals can be compelled to appear for a deposition in the absence of a subpoena, and does not request the issuance of any subpoenas. Accordingly, the Court should hold that PenFed is not obligated to present John Dorn, who is a former employee, or the unnamed customer services representatives listed in Bruce's amended notice for depositions, and the Court should not issue subpoenas to them.

1

Bruce also concedes that the other witnesses listed in his notice, Schenck and Ferrin, are high-ranking employees who would be protected from deposition under the "Apex doctrine" unless they have "unique, personal knowledge" that is relevant to the case. (Pl.'s Opp'n at 2-4.) Bruce argues, however, that Schenck and Ferrin have knowledge warranting depositions. (*Id.*)

To avoid the "Apex doctrine," Bruce "must show (1) the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information sought have been exhausted." *Cross by & Through Steele v. XPO Express, Inc.*, No. CV 4:15-2480-BHH, 2017 WL 10544634, at *1 (D.S.C. May 8, 2017) (quotation omitted). Bruce's opposition does not come close to satisfying either of those requirements.

Bruce argues—in a conclusory manner and without citing any evidence—that Schenck has personal knowledge of relevant facts because, as CEO, he was generally responsible for PenFed's policies and procedures and its compliance with regulations. (Pl.'s Opp'n at 3.) Bruce does not, however, point to any specific policies or procedures, and he does not claim Schenck has personal knowledge related specifically to Bruce's accounts. Nor does Bruce contend that Schenck is the only person who has personal knowledge of the general subjects identified in the opposition.

Bruce's arguments with respect to Ferrin are similarly deficient. Bruce does not claim, let alone show, that Ferrin has any knowledge whatsoever that relates specifically to Bruce or his accounts. Instead, Bruce argues only that Ferrin has knowledge of general financial reporting and regulatory matters. (*Id.* at 3-4.) Moreover, Bruce does not—and cannot—claim that Ferrin is the only personal with knowledge of such general matters. As such, Bruce has failed to show that Schneck or Ferrin have unique, personal knowledge of relevant facts, or that Bruce has exhausted less burdensome avenues for discovering any such facts, as required to avoid application of the "Apex doctrine." *See*, *e.g.*, *Cross*, 2017 WL 10544634, at *1.

2

Bruce cites several cases, but none of them support his position. In fact, two of the cases directly undermine it. First, In *Liberty Mut. Ins. Co. v. Superior Ct.*, 10 Cal. App. 4th 1284 (Cal. App. 1992), an appeals court held that the trial court abused its discretion by allowing the deposition of a corporate officer because there was no evidence that he had "personal knowledge of the case" or that other methods of discovery had been exhausted. *Id*. at 1287. Since Bruce has not demonstrated that Schenck or Ferrin have "personal knowledge of the case[,]" or that Bruce exhausted other methods of discovery to obtain the generalized information he seeks, *Liberty Mut. Ins. Co. v. Superior Ct.* supports barring depositions of Schenck and Ferrin.

Second, Bruce cites *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259 (N.D. Cal. 2012). Although the court allowed shortened depositions of certain executives who had unique first-hand knowledge of specific facts that could not be discovered through less intrusive means, it barred any deposition of the president of a relevant business unit because there was no evidence that he had a personal role in orchestrating or approving the relevant business decision. *Id*. at 265-66. Since Bruce has not shown that Schenck or Ferrin had personal roles in any specific decisions that are relevant to this case, *Apple* supports barring Bruce from deposing them.

Three of Bruce's other citations are either indecipherable or refer to non-existent orders. For example, Bruce cites an order supposedly issued in 2021 by the U.S. District Court for the Southern District of New York. (Pl.'s Opp'n at 3.) However, the case number he cites, Case No. 20-CV-04793, involved different parties and was settled and dismissed before discovery even opened. Similarly, Bruce provides an invalid Westlaw citation, 2021 WL 2454267, for an order that was supposedly issued by the Northern District of Georgia in 2021, but a search of Pacer does not show any cases in that court involving the parties listed in Bruce's opposition. (Pl.'s Opp'n at 4.) Finally, Bruce cites 979 F.2d 1065, which refers to an opinion on a habeas corpus petition.

Bruce also cites two cases that are irrelevant. *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa*, 482 U.S. 522 (1987), addressed the application of the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters to foreign litigants over whom an American court has personal jurisdiction. *City of Rockford v. Mallinckrodt ARD Inc.*, 326 F.R.D. 489 (N.D. Ill. 2018), involved a dispute over an ESI protocol.

The only other case Bruce cites, *In re Bridgestone/Firestone, Inc., Tires Prod. Liab. Litig.*, 205 F.R.D. 535 (S.D. Ind. 2002), stands in stark contrast to this case. The party seeking to depose a corporate executive in that case "present[ed] evidence that [the executive] ha[d] referred to his personal knowledge of and involvement in certain relevant matters, including the Firestone tire recall, Explorer safety issues, and Ford's response to the tire and Explorer issues." *Id.* 536. Bruce, of course, has not presented any evidence whatsoever indicating that Schenck or Ferrin made any statements suggesting they have personal knowledge of any matters at issue in this case. Accordingly, *In re Bridgestone/Firestone, Inc.*, does not support authorizing their depositions.

Finally, Bruce's opposition focuses primarily on subjects that are not relevant to the issues in dispute in this case. Bruce argues that the witnesses have knowledge related to a broad range of general subjects, including "financial mismanagement," general "financial reporting" and "credit handling," compliance with regulations adopted by the National Credit Union Administration, compliance with unnamed state consumer protection laws, "tax reporting requirements," "debt transfers," and "collection practices," among others. (Pl.'s Opp'n at 1-5.) None of those matters are relevant to the simple and straightforward credit reporting dispute at issue in this case. For that additional reason, the Court should grant PenFed's motion for a protective order and preclude Bruce from subjecting the parties and numerous witnesses who do not have any relevant personal knowledge to depositions about irrelevant topics.

Dated: September 30, 2024

**PENTAGON FEDERAL CREDIT UNION**

*/s/ G. Troy Thames*
G. Troy Thames (Federal ID No.: 07713)
WILLSON JONES CARTER & BAXLEY, P.A.
4922 O'Hear Avenue, Suite 301
North Charleston, SC 29405
Telephone: (843) 284-0832
Facsimile: (843) 606-3300
Email: tthames@wjcblaw.com

Michael A. Graziano  (*pro hac vice*)
Sarah A. James (*pro hac vice*)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C. 20006
Telephone: 202.659.6671
Facsimile: 202.659.6699
E-mail: mgraziano@eckertseamans.com
          sjames@eckertseamans.com

*Attorneys for Pentagon Federal Credit Union*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of September, 2024, I served the foregoing via first-class mail on:

Nelson L. Bruce
P.O. Box 3345
Summerville, SC 29484
*Pro Se Plaintiff*

*/s/G. Troy Thames*