**Record/FILE ON DEMAND**



# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce,<br><br>Plaintiff,<br><br>v.<br><br>Pentagon Federal Credit Union; et al.<br><br>Defendants. | Case No.: 2:22-cv-02211-BHH-MGB<br><br>**PETITION FOR RELIEF UNDER RULE 59 AND 60(b) AND OR RETRIAL/RECONSIDERATION REQUEST TO VACATE DUE TO VOID ORDERS BASED ON MAGISTRATE'S LACK OF JURISDICTION AND FAILURE TO ADDRESS SPECIFIC DISCOVERY REQUESTS, CHALLENGING JURISDICTION OF THE COURT AND DEMAND FOR JUDICIAL CLARIFICATION** |

NOW COMES Plaintiff, **Nelson L. Bruce**, in propria persona, sui juris, exercising all constitutionally secured rights, and hereby moves this Court for a retrial and relief pursuant to **Rules 59** and **60(b)** of the Federal Rules of Civil Procedure, petition challenging jurisdiction of the court and demand for judicial clarification. Plaintiff incorporates by reference to include as part of this filing his entire recently filed petition for an evidentiary hearing, emergency petition for issuance of subpoenas to further support this filing. The grounds for this motion are as follows:

## TABLE OF AUTHORITIES

1. **Burns v. Superior Court of San Francisco, 140 Cal. 1 (1902)** – Ministerial officers are incompetent to receive grants of judicial power.
2. **State Department of Administration v. Stevens, 344 So. 2d 290 (Fla. 1977)** – The legislature cannot delegate judicial functions to ministerial officers.
3. **Thompson v. Smith, 155 Va. 367, 154 S.E. 579 (1930)** – Judges enforcing statutes act in an administrative capacity, not a judicial one.
4. **Dallas Fuel Co. v. Horne, 232 S.W. 547 (Tex. Civ. App. 1921)** – Ministerial officers cannot receive judicial power from the legislature.

5. **Marbury v. Madison, 5 U.S. 137 (1803)** – Courts must strike down unconstitutional laws.
6. **Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982)** – Bankruptcy courts cannot adjudicate non-core matters without judicial power.
7. **Stern v. Marshall, 564 U.S. 462 (2011)** – Non-Article III courts cannot adjudicate private rights in non-core proceedings.
8. **Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989)** – Jury trials are required for non-core proceedings involving private rights.
9. **CFTC v. Schor, 478 U.S. 833 (1986)** – Non-core matters must be reserved for Article III courts.
10. **Murray's Lessee v. Hoboken Land & Improvement Co., 59 U.S. 272 (1856)** – Article III courts must resolve private property issues.
11. **Crowell v. Benson, 285 U.S. 22 (1932)** – Agencies can make factual findings but cannot resolve constitutional issues.
12. **Palmore v. United States, 411 U.S. 389 (1973)** – Limitations on non-Article III courts in private rights disputes.
13. **Freytag v. Commissioner, 501 U.S. 868 (1991)** – Non-Article III courts must operate under judicial supervision.
14. **Butner v. United States, 440 U.S. 48 (1979)** – Property interests are determined by state law unless federal law dictates otherwise.
15. **Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982)** – Limits on non-Article III courts in non-core matters.
16. **Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015)** – Consent required for non-Article III courts to issue final judgments.
17. **Commodity Futures Trading Commission v. Schor, 478 U.S. 833 (1986)** – Clarified limits of administrative agencies handling non-core disputes.
18. **Butner v. United States, 440 U.S. 48 (1979)** – Reaffirmed that property rights should be determined by state law.
19. **United States v. Raddatz, 447 U.S. 667 (1980)** – Article III courts must resolve core constitutional disputes.
20. **United States v. Lee, 106 U.S. 196 (1882)** – Asserted that judicial authority is required for disputes involving private rights.
21. **Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555 (1935)** – Limits bankruptcy courts' powers over private property rights.
22. **Martin v. Hunter's Lessee, 14 U.S. (1 Wheat.) 304 (1816)** – Judicial power cannot be delegated to non-Article III courts.
23. **Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989)** – Non-core bankruptcy matters require Article III court adjudication.
24. **Security Industrial Bank, 459 U.S. 70 (1982)** – Confirmed that private property rights must be respected in bankruptcy.
25. **Freytag v. Commissioner, 501 U.S. 868 (1991)** – Non-Article III courts, such as tax courts, have limited judicial powers.
26. **Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015)** – Consent required for non-Article III courts to issue final judgments in non-core matters.
27. **Commodity Futures Trading Commission v. Schor, 478 U.S. 833 (1986)** – Non-core claims must be reserved for Article III courts.

28. **Murray's Lessee v. Hoboken Land & Improvement Co., 59 U.S. 272 (1856)** – Differentiated between judicial powers and non-judicial functions.
29. **Stern v. Marshall, 564 U.S. 462 (2011)** – Reinforced the limitations of non-Article III courts in adjudicating private rights.
30. **Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989)** – Clarified that private rights require jury trials in non-core matters.
31. **Butner v. United States, 440 U.S. 48 (1979)** – Established that property rights in bankruptcy are determined by state law unless there is a federal interest.
32. **Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982)** – Reaffirmed that non-Article III courts lack authority to adjudicate non-core private rights matters.
33. **Crowell v. Benson, 285 U.S. 22 (1932)** – Non-judicial agencies cannot resolve core legal issues.
34. **Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555 (1935)** – Private property cannot be reallocated in bankruptcy without due process.
35. **Murray's Lessee v. Hoboken Land & Improvement Co., 59 U.S. 272 (1856)** – Private property matters are constitutionally protected under Article III.
36. **Butner v. United States, 440 U.S. 48 (1979)** – Reaffirmed that property interests should be determined by state law unless some overriding federal interest requires otherwise.
37. **Stern v. Marshall, 564 U.S. 462 (2011)** – Reinforced that non-core private rights cannot be adjudicated by a bankruptcy court without the parties' consent.
38. **Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989)** – The ruling emphasized the need for jury trials in non-core bankruptcy matters.
39. **Wellness International Network, Ltd. v. Sharif, 575 U.S. 665 (2015)** – Bankruptcy courts cannot issue final judgments on non-core matters without proper consent.
40. **Freytag v. Commissioner, 501 U.S. 868 (1991)** – Legislative courts, such as tax courts, are limited in judicial powers, requiring oversight by Article III courts.
41. **Crowell v. Benson, 285 U.S. 22 (1932)** – Non-judicial agencies cannot resolve core legal issues.
42. **Marbury v. Madison, 5 U.S. 137 (1803)** – Established the principle of judicial review, affirming that unconstitutional acts cannot be enforced.
43. **Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982)** – Limits on bankruptcy court authority over private rights.
44. **Granfinanciera, S.A. v. Nordberg, 492 U.S. 33 (1989)** – Reaffirmed the right to a jury trial in non-core bankruptcy proceedings.
45. **Plaut v. Spendthrift Farm Inc., 514 U.S. 211 (1995)** – Finality of judicial decisions can only rest in Article III courts.
46. **United States v. Lee, 106 U.S. 196 (1882)** – The exercise of judicial power is necessary to determine property rights.

## I.  LACK OF CONSENT TO MAGISTRATE JURISDICTION

Plaintiff did not provide consent for the Magistrate Judge to exercise jurisdiction over this matter, as explicitly required by **28 U.S.C. § 636(c)**. The authority of a Magistrate Judge in

civil cases is contingent upon the **consent of the parties**, and without such consent, any orders or judgments rendered by the Magistrate Judge are void **ab initio**. In **Gomez v. United States, 490 U.S. 858, 870-71 (1989),** the Supreme Court held that 28 U.S.C. § 636(b)(1)(A) does not grant authority for Magistrates to issue dispositive orders absent explicit consent from the parties involved.

As there is no record of consent in this matter, the Magistrate's actions, including any orders on discovery, are void as per **Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 116 (11th Cir. 2000),** which affirms that actions taken without jurisdiction are null. The maxim of law, **"What is mine cannot be transferred without my consent,"** reinforces that jurisdiction cannot be conferred on a Magistrate without the parties' express agreement.

## II. VIOLATION OF PLAINTIFF'S CONSTITUTIONALLY SECURED RIGHT TO AN ARTICLE III JUDGE

The United States Constitution reserves judicial power to Article III courts, and as the Plaintiff in this matter, I have a **constitutionally secured right** to have this case heard by an **Article III judge**. This principle was affirmed by the Supreme Court in **Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 87 (1982),** which held that non-Article III officers, such as Magistrates, lack the constitutional authority to adjudicate cases involving **private rights** unless there is express consent from all parties.

Further, **United States v. Lee, 106 U.S. 196 (1882),** confirms that **judicial authority** is required in disputes involving private property, which includes the current case. Without proper consent to Article I jurisdiction, the orders issued by the Magistrate are void and must be vacated. **The burden of proof lies on him who asserts, not on him who denies;** hence, the court must demonstrate valid jurisdiction, which it has not done.

## III. VOID ORDERS DUE TO LACK OF JURISDICTION

The Plaintiff asserts that the orders made by the **Magistrate Judge (ECF No. 250)** are void because they were issued without proper jurisdiction, as the Plaintiff did not consent to such jurisdiction. This is in line with the principle in **United States v. Ziegler**, 136 F.3d 476, 479 (6th Cir. 1998), which held that orders made without proper jurisdiction are void **ab initio** and must be vacated. Given that this case concerns **non-core private property matters**, as elaborated in **Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 60-61 (1989),** these matters must be addressed by an Article III court. The current orders are void, as no valid jurisdiction existed to issue such orders. **Louisville Joint Stock Land Bank v. Radford, 295 U.S. 555 (1935),** emphasizes the limitations placed on non-Article III courts in adjudicating private property rights, reinforcing that such orders are beyond the Magistrate's scope.

## IV.     FAILURE TO ADDRESS SPECIFIC DISCOVERY REQUESTS AND THEIR IMPACT ON CREDIT REPORTING DISPUTES

The Magistrate's previous orders failed to address each of Plaintiff's specific discovery requests in detail and did not provide adequate reasons as to why these requests were deemed irrelevant or unclear. This oversight is a violation of Rule 26(b)(1) of the Federal Rules of Civil Procedure, which mandates that parties be allowed broad discovery on matters relevant to the case.

In **Hickman v. Taylor, 329 U.S. 495, 507 (1947),** the U.S. Supreme Court stated that discovery is meant to ensure that the parties may explore relevant facts and evidence, and limitations on discovery should not be imposed without clear justification. Additionally, under the **Fair Credit Reporting Act (FCRA)**, specifically **15 U.S.C. § 1681e(b)**, consumer reporting agencies and furnishers of information are required to report information with the *maximum possible accuracy*. The **Data Furnisher Rule**, under **16 C.F.R. § 660.3**, further mandates that data furnishers ensure the integrity and accuracy of the information they provide to credit

reporting agencies.

Transactions related to the accounts in question directly affect the status of these accounts and, consequently, the accuracy of the information reported to the consumer reporting agencies. The **Metro 2 Reporting Guidelines**, which set forth the industry standards for reporting consumer credit information, also require that any transactions with third parties related to these accounts be disclosed and reported accurately.

The denial of discovery concerning the transactions related to the accounts and transactions with third parties hinders Plaintiff's ability to prove that Pentagon Federal Credit Union (PenFed) failed to meet its obligations under the FCRA and the Data Furnisher Rule. It also hinders plaintiff's ability to prove his defamation claims. The transactions and status of the accounts are crucial to determining whether the information furnished to credit reporting agencies by PenFed was reported with maximum possible accuracy as required by law.

Plaintiff has entered his 1st set of discovery through a language model (specifically, ChatGPT) asking it to provide a basic understanding as a 15 year old asking it what was being requested in plaintiff's first set of discovery to PenFed (see…Exhibit 13). Plaintiff requests that the Court explain why the court and the parties cannot form a basic understand of the language of plaintiff's requests the same as ChatGPT has. Plaintiff askes the court to produce facts not assumptions or unsupported opinions explain why they do not believe each and every discovery request requested by plaintiff to be compelled and requested by subpoena does not pertain to the status of the accounts, the transactions related to the accounts in question, and why these transactions and information requested by plaintiff would not affect the information being reported to the consumer reporting agencies when they are all commonly related to the accounts in question when they clearly are. It is critical that the Court provide specific reasoning for the

denial of plaintiff motion for subpoenas and motion to compel and why they have a problem interpreting the language of plaintiff's discovery request when a language model had no problem interpreting the language of each and every discovery requests of the plaintiff and to outline the relevancy or lack thereof of the information requested, to ensure that the issues are properly reviewed and are ripe for appellate review.

In ***Miller v. Federal Land Bank of Spokane,* 587 F.2d 415, 417 (9th Cir. 1978),** the court held that detailed rulings on discovery requests are essential for meaningful appellate review, and a lack of clear, specific rulings on discovery matters can undermine the judicial process. The magistrate's unauthorized order provides no specific rulings on each and every discovery request requested to be compelled and requested by subpoena.

The Plaintiff asserts that each of the discovery requests is critical to understanding the handling of the accounts and the transactions associated with them, which directly influence the accuracy of the information reported to consumer reporting agencies. Therefore, a detailed explanation from the Court regarding the relevance or lack of necessity for these requests is required to avoid any ambiguity in the decision-making process.

The court's denial of these requests without detailed explanation is contrary to ***Hickman v. Taylor,* 329 U.S. 495, 507 (1947),** which affirms that discovery should not be limited without clear justification. The maxim **"A thing which has no foundation fails"** supports the Plaintiff's right to discovery necessary for laying the foundation for this case, and the court's failure to address this has resulted in an incomplete review of the issues presented.

## V.    JURISDICTIONAL CHALLENGE

1. **Supreme Court Rulings:** The Petitioner asserts that according to ***Northern Pipeline Construction Co. v. Marathon Pipe Line Co. and Stern v. Marshall,*** non-Article III courts,

such as bankruptcy courts or other administrative tribunals, cannot constitutionally decide non-core issues involving private property rights. The exercise of judicial power over these rights is limited to Article III courts, which provide full constitutional protections, including life tenure for judges and immunity from political pressure. The maxim *"Quod principi placuit legis habet vigorem"*—what pleases the prince has the force of law—serves as a reminder that only constitutional processes can enforce laws, and non-judicial tribunals cannot bypass this.

2. **Constitutional Separation of Powers:** As held in ***Marbury v. Madison*** and ***State Dept. of Admin. v. Stevens,*** the legislature cannot delegate judicial functions to ministerial officers or administrative bodies, as doing so violates the separation of powers doctrine. Judicial power must remain with Article III courts to maintain constitutional integrity. The maxim *"Salus populi suprema lex"*—the safety of the people is the supreme law—supports the position that only courts vested with judicial power can safeguard private rights.

3. **Administrative Nature of Non-Article III Courts:** In ***Thompson v. Smith,*** it was established that judges enforcing statutes act in an administrative capacity, not a judicial one. Therefore, any attempt by this Court, if operating as an administrative body, to adjudicate private property rights would be unconstitutional. The maxim *"Nullus videtur dolo facere qui suo jure utitur"*—no one is considered to act deceitfully who exercises his own legal right—supports the Petitioner's claim that the right to a fair judicial process cannot be compromised.

4. **Limits of Ministerial Powers:** The Supreme Court in ***Dallas Fuel Co. v. Horne*** and ***ASIS v. U.S.*** confirmed that ministerial officers are constitutionally barred from exercising judicial functions. This maxim *"Res inter alios acta alteri nocere non debet"*—things done between

others ought not to harm others—asserts that ministerial actions taken without jurisdiction should have no effect upon third parties, particularly where private rights are at stake.

5. **Judicial Review in Private Rights:** The *Granfinanciera* case made clear that non-core private rights, particularly those involving property, require the full protections of Article III courts, which include the right to trial by jury and judicial review. The maxim *"Injuria non excusat injuriam"*—an injury does not excuse another injury—supports the Petitioner's position that the failure of this Court to properly assert its jurisdiction constitutes a constitutional injury which should not be perpetuated.

6. **Void Judgments and Judicial Authority:** In *Burns v. Sup. Ct. SF,* the Supreme Court established that any attempt by a ministerial officer to exercise judicial power is null and void. This is further supported by the maxim *"Actus legis nullius gravabit"*—an act of law harms no one, meaning that the law itself prevents unauthorized acts, such as this Court exercising powers it does not constitutionally possess.

## VI.   DEMAND FOR JUDICIAL CLARIFICATION

Plaintiff formally demands that the presiding judge provide a direct answer to the following questions: "Are you operating under the judicial branch of government? Do you possess judicial power in the judicial branch, as defined by the United States Constitution?" This is necessary to confirm that the court is functioning within its constitutionally mandated jurisdiction. The Constitution's **Article III** restricts the exercise of judicial power to courts within the judicial branch, and this clarification is critical to the Plaintiff's right to a valid adjudication.

**Marbury v. Madison, 5 U.S. 137 (1803),** established the foundational principle that actions taken outside the jurisdiction of a court are void. Therefore, Plaintiff asserts the need for

a formal response from the Court as to its jurisdictional authority under **Article III**.

1. **Constitutional Authority of This Court:** The Petitioner demands that this Court formally clarify whether it is vested with full judicial authority under Article III of the U.S. Constitution, as required to adjudicate matters involving private rights. ***Granfinanciera, S.A. v. Nordberg*** and ***Murray's Lessee v. Hoboken Land & Improvement Co.*** both established that private rights can only be adjudicated by a court vested with Article III powers. The maxim *"Judicis est judicare secundum allegata et probata"*—it is the duty of a judge to decide according to the allegations and the evidence—further supports this demand for a formal determination of jurisdiction.

2. **Nisi Prius and Article III:** The Petitioner asserts that if this Court is functioning as a nisi prius court or a court established under legislative authority, it cannot lawfully adjudicate the matters at hand. The Supreme Court in ***Marbury v. Madison*** confirmed that only courts of judicial authority can resolve constitutional matters. The maxim *"Judicia sunt tanquam juris dicta, et pro veritate accipiuntur"*—judgments are taken as law, and are to be received as truth—demands that any judgment of this Court must be made by a properly constituted judicial body.

3. **Judicial Integrity:** The Supreme Court has consistently held that any court asserting judicial power must be fully vested with constitutional authority. The cases of ***Freytag v. Commissioner*** and ***Palmore v. United States*** affirm the need for judicial independence and proper constitutional oversight. The maxim *"Judicium non debet esse illusorium; suum effectum habere debet"*—a judgment ought not to be illusory but have its proper effect—supports the Petitioner's demand for an assurance that this Court operates with full judicial integrity under the Constitution.

4. **Judicial Power and Separation of Powers:** As recognized in *Martin v. Hunter's Lessee* and *Plaut v. Spendthrift Farm Inc.*, the separation of powers doctrine requires that private rights be heard by independent courts vested with full judicial power. Legislative or administrative courts are prohibited from exercising this authority, as judicial power rests solely within Article III courts. The maxim *"Separatio est interpretatio voluntatis"*—separation is an interpretation of will, applies to the firm separation of judicial powers within the Constitution.

5. **Jurisdictional Authority:** The Petitioner seeks an explicit acknowledgment from this Court that it is constitutionally prohibited from exercising jurisdiction over non-core private rights claims. In *Stern v. Marshall*, the Supreme Court confirmed that non-Article III courts cannot issue final judgments on such matters. The maxim *"Sublata causa tollitur effectus"*—remove the cause, and the effect ceases—directly applies to the issue of this Court asserting jurisdiction without judicial authority.

6. **Right to Judicial Adjudication:** The Petitioner asserts their constitutional right to have matters involving private property and contracts adjudicated by a court vested with judicial power under Article III. The *Murray's Lessee* and *Butner v. United States* decisions clarify that private property rights are reserved for judicial review by properly constituted courts. The maxim *"Ubi jus ibi remedium"*—where there is a right, there must be a remedy—supports the Petitioner's demand for an Article III court to adjudicate the private rights at issue in this case.

7. **Demand for Formal Ruling:** The Petitioner demands that this Court issue a formal ruling on its jurisdictional authority before proceeding any further with the adjudication of this case. The maxim *"Quod non apparet non est"*—what does not appear is not—is a reminder that

any judgment must be based on clear and present authority, and the failure of this Court to properly establish its jurisdiction renders its proceedings void.

## VII.    STATEMENT OF CLAIM

1. **Jurisdictional Overreach and Lack of Judicial Power:** The Petitioner asserts that this Court is acting beyond its constitutional authority in attempting to adjudicate non-core matters involving private property and contractual rights. Based on the rulings in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.* and *Granfinanciera, S.A. v. Nordberg,* only courts vested with Article III judicial power can constitutionally adjudicate private rights. The maxim *"Delegata potestas non potest delegari"*—a delegated power cannot be further delegated—applies to the legislative or administrative bodies that attempt to exercise judicial functions without constitutional authority.

2. **Private Property Rights Require Article III Adjudication:** The private property rights involved in this case fall squarely under the jurisdiction of Article III courts, as reaffirmed in *Butner v. United States.* This Court, if acting as an Article I tribunal, lacks the judicial power to adjudicate private rights over property and contracts. The Supreme Court in *Granfinanciera* further emphasized that non-core bankruptcy proceedings involving private rights require a jury trial and must be handled by an Article III court. The maxim *"Res judicata pro veritate accipitur"*—a matter adjudicated is accepted as the truth—supports the position that private rights adjudicated by the wrong body will result in legal nullity.

3. **Constitutional Violation through Non-Judicial Actions:** The Petitioner asserts that the actions of this Court, if not vested with judicial power, constitute a violation of the Fifth Amendment due process protections. In *Marbury v. Madison,* the Court established that any exercise of judicial power outside of its proper authority is void. The maxim *"Actus legis*

*nemini facit injuriam"*—an act of the law does injury to no one—applies to this situation, where non-judicial actions taken by a court without Article III authority result in harm to private property rights.

4. **Imposition of Administrative Actions on Private Rights:** The Petitioner further claims that the adjudication of private property rights by non-judicial officers constitutes an unconstitutional imposition of administrative authority. As held in ***Thompson v. Smith* and *State Dept. of Admin. v. Stevens*,** the legislature cannot delegate judicial functions to administrative or ministerial officers, as doing so undermines the separation of powers. The maxim *"Non potest quis facere per alium quod per se non potest"*—one cannot do through another what cannot be done by oneself—supports the claim that neither the legislature nor this Court may constitutionally delegate judicial power in matters involving private rights.

5. **Void Actions Taken without Judicial Authority:** The Petitioner asserts that any actions or judgments rendered by this Court in matters involving private property rights, without the proper judicial authority, are void ab initio. As held in ***Burns v. Sup. Ct. SF* and *Dallas Fuel Co. v. Horne*,** ministerial officers are incompetent to exercise judicial power, and their acts in attempting to do so are nullities. The maxim *"Quod initio vitiosum est, non potest tractu temporis convalescere"*—what is void from the beginning cannot be made valid by time—reiterates that no amount of judicial or administrative proceedings can validate the wrongful exercise of judicial power in non-core matters.

6. **Requirement for Article III Adjudication of Private Contracts:** The Petitioner asserts that all matters relating to contracts made during minority, as well as the trust assets in question, are governed by principles of private property and equity, requiring adjudication by an Article III court, as reaffirmed in ***Granfinanciera* and *Stern v. Marshall*.** The maxim *"Jura*

*naturae sunt immutabilia"*—the laws of nature are unchangeable—applies to the unalterable constitutional requirement that private rights must be adjudicated by courts vested with full judicial power.

7. **Petitioner's Right to Due Process and Proper Forum:** The Petitioner asserts the constitutional right to have this case adjudicated in a proper forum, an Article III court, which alone possesses the judicial power to resolve disputes involving private property and contractual rights. The actions of non-Article III courts violate due process protections guaranteed by the Fifth Amendment. The maxim *"Ubi jus ibi remedium"*—where there is a right, there must be a remedy—supports the Petitioner's demand for the proper adjudication of these private rights in accordance with the Constitution.

## VIII.  CONSTITUTIONAL CHALLENGE

1. **Unconstitutionality of Jurisdiction Asserted by Non-Article III Courts:** The Petitioner challenges the constitutionality of the jurisdiction asserted by this Court over non-core matters involving private rights. In ***Northern Pipeline Construction Co. v. Marathon Pipe Line Co.***, the Supreme Court held that legislative courts cannot exercise jurisdiction over private rights without violating the separation of powers. The maxim *"Jura publica anteferenda privatis"*—public rights are to be preferred to private rights—does not apply when private rights are at stake, as the Constitution mandates that private property and contractual disputes must be handled by Article III courts.

2. **Violation of Separation of Powers Doctrine:** The legislative delegation of judicial functions to non-Article III courts, including bankruptcy courts and administrative courts, violates the Constitution's separation of powers. As established in ***Marbury v. Madison* and *Stern v. Marshall*,** non-judicial bodies cannot exercise powers reserved for Article III courts.

The maxim *"Nemo dat quod non habet"*—no one can give what they do not have—underscores that neither Congress nor the legislature can grant non-Article III courts judicial authority over private rights.

3. **Denial of Due Process:** The Petitioner's Fifth Amendment rights are violated when non-Article III courts attempt to adjudicate private rights without the full protections of judicial review. In ***Granfinanciera, S.A. v. Nordberg,*** the Supreme Court held that non-core private rights matters must be resolved by Article III courts to ensure due process. The maxim *"Contra jus est injuriam remedium dare"*—it is contrary to law to give a remedy for an injury—supports the Petitioner's argument that the denial of an Article III forum constitutes a denial of due process.

4. **Unlawful Delegation of Judicial Power to Legislative Courts:** The Petitioner asserts that the delegation of judicial power to legislative courts, such as bankruptcy courts and administrative agencies, violates the Constitution. As affirmed in ***CFTC v. Schor,*** non-core matters involving private rights cannot be resolved by non-Article III courts. The maxim *"Delegatus non potest delegare"*—a delegate cannot further delegate—underscores the constitutional limitation on the delegation of judicial power in matters concerning private rights.

5. **Article III Court Required for Adjudication of Private Property:** In cases involving private property and contractual rights, Article III courts are constitutionally required to adjudicate these matters. The Supreme Court in ***Murray's Lessee v. Hoboken Land & Improvement Co.*** emphasized that only courts vested with judicial power can resolve disputes over private property. The maxim *"Justitia nemini neganda est"*—justice is to be

denied to no one—affirms that the Petitioner's right to a proper forum for the adjudication of private property must be upheld.

6. **Challenge to the Constitutionality of Non-Judicial Proceedings:** The Petitioner challenges the constitutionality of any non-judicial proceedings conducted by this Court involving private rights. As reaffirmed in *Stern v. Marshall* and *Granfinanciera, S.A. v. Nordberg*, non-Article III courts are constitutionally barred from adjudicating non-core matters involving private rights without the consent of the parties. The maxim *"Res inter alios acta alteri nocere non debet"*—things done between others ought not to harm others—supports the Petitioner's claim that non-judicial actions taken in this case are constitutionally invalid and must be corrected.

## IX.     REQUEST FOR RECLASSIFICATION AS NON-CORE PRIVATE MATTER

Plaintiff requests that this case be reclassified as a **non-core private matter**. As articulated in **Granfinanciera, S.A. v. Nordberg**, private, non-core matters require adjudication by an Article III court and must be distinguished from core proceedings handled by non-Article III officers. This case involves the violation of private rights under the FCRA and, as such, should not be adjudicated by a Magistrate lacking Article III authority.

**In re *Cook*, 83 N.Y. Supp. 1009,** affirms that limitations on private property disputes, particularly those concerning contractual obligations and financial transactions, must be handled by courts with constitutional authority. The maxim **"The law regards the intent rather than the form"** affirms that this case must be recognized for its private nature and treated accordingly under **Article III** jurisdiction.

## X.     PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court:

1. **Vacate the void orders** issued by the Magistrate Judge due to lack of jurisdiction;

2. **Transfer this case and matter ruled upon by the magistrate to an Article III judge** for all future proceedings, including rulings on discovery motions;

3. **Order a retrial** on all discovery-related matters, to be reviewed by an Article III judge;

4. **Provide specific rulings** on each of Plaintiff's discovery requests compelled and requested by subpoena and or in compliance with Rule 26 of the Federal Rules of Civil Procedure, explaining in detail the relevance or irrelevance of each request and how they relate to the FCRA, 15 U.S.C. § 1681e(b), and the Data Furnisher Rule, 16 C.F.R. § 660.3;

5. **Reclassify this case** as a non-core, private matter, ensuring adjudication by an Article III court; and

6. **Provide a clear response** as to whether the presiding judge represents the judicial power under the United States Constitution.

7. **Request for Formal Judicial Clarification:** The Petitioner demands a formal clarification from this Court regarding whether it operates under Article III authority or as a legislative body functioning under Article I. If this Court cannot affirm its Article III status, it is constitutionally prohibited from hearing this matter, as private rights can only be adjudicated by courts with judicial authority. This request is supported by *Murray's Lessee v. Hoboken Land & Improvement Co.*, where the Supreme Court held that judicial power is required for property disputes. The maxim *"Ubi jus ibi remedium"*— where there is a right, there must be a remedy—reinforces the necessity for proper judicial review.

8. **Demand for Transfer of Jurisdiction to an Article III Court:** The Petitioner requests that this matter be transferred to a competent Article III court, as only such a court possesses the requisite judicial authority to adjudicate private rights disputes. In *Granfinanciera, S.A. v. Nordberg,* the Supreme Court reaffirmed that non-core private rights matters must be heard in Article III courts. The maxim *"Justitia non est neganda, non differenda"*—justice is not to be denied or delayed—supports the Petitioner's demand for a timely and constitutionally valid resolution.

9. **Request for Injunctive Relief:** The Petitioner requests injunctive relief to prevent any further actions by this Court in relation to the adjudication of private rights, pending the determination of its jurisdictional authority. This request is supported by *Marbury v. Madison,* where the Supreme Court held that actions taken outside of constitutional authority are null and void. The maxim *"Lex non cogit ad impossibilia"*—the law does not compel the doing of impossibilities—supports the assertion that this Court cannot lawfully proceed without the proper judicial power.

10. **Request for Declaratory Relief Regarding Private Property Rights:** The Petitioner requests declaratory relief affirming that private property rights, including those related to the trust assets and contractual matters at issue, are constitutionally protected and can only be adjudicated by an Article III court. The Supreme Court's ruling in *Louisville Joint Stock Land Bank v. Radford* confirmed that private property rights cannot be adjudicated by legislative courts without violating due process. The maxim *"In re dubia, magis infitiatio quam affirmatio intelligenda"*—in cases of doubt, denial is to be understood rather than affirmation—applies to the uncertainty surrounding this Court's authority to adjudicate private rights.

11. **Demand for Protection of Constitutional Rights:** The Petitioner demands that this Court protect their constitutional rights by ensuring that the matter is transferred to a proper Article III tribunal. Any further adjudication by this Court would constitute a violation of the Fifth Amendment due process protections. The maxim *"Lex nemini operatur iniquum, nemini facit injuriam"*—the law works injustice to no one, nor does it do injury—reinforces the necessity for this Court to honor its constitutional limitations and transfer the case to a competent judicial authority.

**RESPECTFULLY PRESENTED,**

DATED this 26th day of September, 2024.

*Nelson L. Bruce*

Nelson L. Bruce, Plaintiff, Sui Juris
All Natural Secured Rights Explicitly Reserved and Retained "with prejudice"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com