**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

|  |  |
|---|---|
| Nelson L. Bruce, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) CASE NO.: 2:22-cv-02211-BHH-MGB |
| Pentagon Federal Credit Union; *et al.* | ) ) ) |
| Defendants. | ) ) |

**PENTAGON FEDERAL CREDIT UNION'S OPPOSITION TO NELSON L. BRUCE'S EMERGENCY PETITION FOR ISSUANCE OF SUBPOENAS DUCES TECUM AND REQUEST FOR EXTENSION OF TIME TO RESPOND**

On September 3, 2024, Nelson L. Bruce filed an "Emergency Petition for Issuance of Subpoenas Duces Tecum and Request for Extension of Time to Respond" ("the petition") [ECF 284]. The petition asks the Court to issue subpoenas to Pentagon Federal Credit Union ("PenFed") and three non-parties, Wells Fargo Bank, N.A. ("Wells Fargo"), Chapman I-10, LLC ("Chapman"), and the Federal Reserve Bank of Richmond ("FRB").

The Court should deny Bruce's request to issue a subpoena to PenFed for at least four reasons. First, PenFed is a named party to this case. As such, the appropriate method for Bruce to request documents from PenFed is by serving requests for production under Rule 34 of the Federal Rules of Civil Procedure, not by serving a subpoena.

Second, discovery has already closed with respect to Bruce's claims against PenFed. The discovery deadline passed on September 20, 2024. (1st Am. Sched. Order [ECF 193] at ¶ 4.) The Court extended the deadline, but the extension is "**specific to only the additional claims**" that the

Court permitted Bruce to assert in the Order dated September 26, 2024. (9/26/2024 Order [ECF 292] at 22 (emphasis in original).) None of the new claims addressed in the Order are directed at PenFed. (*Id*. at 10-20.) Accordingly, Bruce's requests for subpoenas related to his claims against PenFed are untimely.

Third, PenFed has already produced all relevant documents that Bruce intends to seek from it via subpoena. The petition indicates that Bruce seeks copies of the "[p]romissory notes" and "[t]ransaction histories" for the loans at issue. (Pl.'s Pet. [ECF 284] at 8.) PenFed, however, has already produced the documents in its possession, custody, or control that reflect the opening of the relevant accounts as well as the account statements. In fact, PenFed has even authenticated the documents by producing a business records declaration. (Olson Decl., Ex. 1.)[1]

The other documents Bruce seeks from PenFed simply do not exist. Bruce apparently believes PenFed was "fully compensated" because the FRB paid Bruce's loans off for him, and he seeks [d]ocumentation proving the satisfaction or settlement of the alleged loans." (Pl.'s Pet. at 4-6, 8 (emphasis removed).) Bruce also suggests that PenFed setup an account with the FRB "in the plaintiff's name[.]" (*Id*. at 8.) Bruce is wrong. Since PenFed did not open any accounts in Bruce's name, and the FRB did not pay off Bruce's loans for him, the documents Bruce seeks do not exist.

Bruce's confusion appears to stem from a reference to the amount of $353,252.24 on a document that includes a copy of the check PenFed issued to fund Bruce's vehicle loan. (Pl.'s Pet. at 4-5.) As PenFed explained in response to Bruce's third set of interrogatories, however, the reference to $353,252.24 does not reflect an amount PenFed received from the FRB, or anybody else. (PenFed's Answer to Interrog. 25, Ex. 2; Check, Ex. 3.) After the car dealership negotiated

---

[1] The exhibits to PenFed's business records declaration are not attached to this motion to avoid filing unnecessary papers. Of course, PenFed will file copies upon request by the Court.

2

the check at another financial institution, the check was included in a batch that PenFed was required to reimburse in the aggregate amount of $353,252.24. (*Id*.) Not surprisingly, the financial institution that paid the car dealership sought reimbursement from PenFed and did not, as Bruce appears to contend, pay $353,252.24 to PenFed in addition to paying the car dealership. (*Id*.)

Fourth, to the extent Bruce's petition requests a subpoena to PenFed, it is nothing more than an attempt to circumvent the Court's order denying Bruce's motion to compel. (*See* 8/26/2024 Order [ECF 250].) The Court already sustained PenFed's objections to Bruce's discovery requests related to the FRB and denied Bruce's first request to issue a subpoena to the FRB. (*Id*. at 6-8.) Bruce's new petition does not provide any valid reason for the Court to reconsider those decisions.

Dated: October 7, 2024

**PENTAGON FEDERAL CREDIT UNION**

*/s/ G.. Troy Thames*
G. Troy Thames (Federal ID No.: 07713)
WILLSON JONES CARTER & BAXLEY, P.A.
4922 O'Hear Avenue, Suite 301
North Charleston, SC 29405
Telephone: (843) 284-0832
Facsimile: (843) 606-3300
Email: tthames@wjcblaw.com

Michael A. Graziano  (*pro hac vice*)
Sarah A. James (*pro hac vice*)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C. 20006
Telephone: 202.659.6671
Facsimile: 202.659.6699
E-mail: mgraziano@eckertseamans.com
           sjames@eckertseamans.com

*Attorneys for Pentagon Federal Credit Union*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the _7th day of October, 2024, I served the foregoing via first-class mail on:

> Nelson L. Bruce
> P.O. Box 3345
> Summerville, SC 29484
> *Pro Se Plaintiff*

                        */s/ G. Troy Thames*_____