UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.: 2:22-cv-02211-BHH-MGB |
| | ) |
| Pentagon Federal Credit Union; *et al.* | ) |
| | ) |
| Defendants. | ) |

**PENTAGON FEDERAL CREDIT UNION'S OPPOSITION TO
NELSON L. BRUCE'S PETITION FOR EVIDENTIARY HEARING**

On September 23, 2024, Nelson L. Bruce's filed a petition [ECF 283] asking the Court to schedule an evidentiary hearing, order Pentagon Federal Credit Union ("PenFed") to pay for a "forensic audit" of its "master accounts with the Federal Reserve and all accounts created in the plaintiff's name," make several judicial declarations, and order PenFed to compensate Bruce for "damages" and "legal fees[.]" (Pl.'s Pet. [ECF 283] at 10-12.) According to Bruce, an evidentiary hearing and forensic audit will show that PenFed has been "fully compensated" for loans it issued to Bruce because a Federal Reserve Bank ("FRB") paid PenFed $353,252.34 for some inexplicable reason. (*Id*. at 12.) The Court should deny Bruce's petition for at least four reasons.

First, Bruce's petition is predicated on a fundamental misunderstanding of the FRB's role in the financial system. Bruce argues that "banks can create money through loans" by submitting promissory notes signed by customers to the FRB and receiving "credits" in exchange. (*Id*. at 4.) Bruce's contention that the FRB hands out free money every time a consumer gets a loan from a bank is, to put it mildly, nonsense. For that reason alone, the Court should deny his petition.

1

Second, neither an evidentiary hearing nor a forensic audit is necessary to resolve the issue of fact raised by Bruce's petition. Bruce claims a document PenFed produced in discovery shows that the FRB paid PenFed $353,252.34 in exchange for a promissory note in the amount of $33,478 that Bruce signed for a vehicle loan. (*Id.* at 7.) In support of that claim, Bruce references "Exhibit K." (*Id.*) PenFed cannot access "Exhibit K" because it is filed under seal, and PenFed has not received a paper copy from Bruce. PenFed presumes, however, that Exhibit K is a copy of the check PenFed issued to fund Bruce's vehicle loan because it includes a reference to $353,252.24.

As PenFed explained in response to Bruce's third set of interrogatories, the reference to $353,252.24 does not reflect an amount that PenFed received from the FRB, or anybody else. (PenFed's Answer to Interrog. No. 25, Ex. 1; Check, Ex. 2.) After the car dealership negotiated the check at another financial institution, that financial institution sought reimbursement. (*Id.*) When the check was presented to PenFed for payment, it was included in a batch with other items, unrelated to Bruce, that PenFed was required to pay in the aggregate amount of $353,252.24. (*Id.*)

Bruce's own exhibits include a slide deck from a webinar that supports PenFed's explanation. (Pl.'s Ex. 11 [ECF 283-1].) The exhibit refers to the drawee on a check, *i.e.*, the institution that is directed to pay a sum of money, as the "Paying Institution," and it refers to the institution that sends a check to the FRB as the "Sending Bank." (*Id.* at 5 & 9.) The exhibit contains two charts showing that the FRB facilitates the clearing process by debiting the Paying Institution and crediting the Sending Bank. (*Id.* at 15 & 17.) The exhibit also confirms that check processing software can "[a]ggregate the items from various deposit sources[.]" (*Id.* at 11.) Thus, PenFed's explanation that the check at issue in this case was aggregated with other items for which PenFed was debited is consistent with the FRB's clearing process as described in Bruce's own exhibit.

Third, even if Bruce had identified a fact issue that needed to be resolved, which he has not, his petition does not even attempt to explain why a separate evidentiary hearing is necessary. Bruce can raise the arguments in his petition on summary judgment or at trial.

Fourth, to the extent it requests a "forensic audit," Bruce's petition is really an untimely motion to compel that is designed to circumvent the Court's order denying Bruce's prior motion to compel. (*See* 8/26/2024 Order [ECF 250].) The discovery deadline applicable to Bruce's claims against PenFed already passed on September 20, 2024, and the Court already sustained PenFed's objections to Bruce's discovery requests related to the FRB and denied Bruce's first request to issue a subpoena to the FRB. (*Id*. at 6-8.) Moreover, requiring PenFed to pay for a forensic audit of all transactions involving the FRB would be unduly burdensome for obvious reasons.

Dated: October 7, 2024

**PENTAGON FEDERAL CREDIT UNION**

*/s/*
G. Troy Thames (Federal ID No.: 07713)
WILLSON JONES CARTER & BAXLEY, P.A.
4922 O'Hear Avenue, Suite 301
North Charleston, SC 29405
Telephone: (843) 284-0832
Facsimile: (843) 606-3300
Email: tthames@wjcblaw.com

Michael A. Graziano  (*pro hac vice*)
Sarah A. James (*pro hac vice*)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C. 20006
Telephone: 202.659.6671
Facsimile: 202.659.6699
E-mail: mgraziano@eckertseamans.com
          sjames@eckertseamans.com

*Attorneys for Pentagon Federal Credit Union*

3

## CERTIFICATE OF SERVICE

I hereby certify that on the _7th day of October, 2024, I served the foregoing via first-class mail on:

>Nelson L. Bruce
>P.O. Box 3345
>Summerville, SC 29484
>*Pro Se Plaintiff*

>/s/ _G. Troy Thames_____