Record/FILE ON DEMAND

U.S.P.S. PRIORITY MAIL TRACKING NO. 9405 5301 0935 5046 6102 15

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

2024 OCT 11 AM 9:15

| | |
|---|---|
| Nelson L. Bruce,<br><br>Plaintiff,<br><br>v.<br><br>Pentagon Federal Credit Union; et al.<br><br>Defendants. | **Case No.: 2:22-cv-02211-BHH-MGB**<br><br>**PLAINTIFF'S PETITION TO COMPEL DISCOVERY FROM PENTAGON FEDERAL CREDIT UNION ("PENFED")** |

Pursuant to Fed. R. Civ. P. 37, Plaintiff Nelson L. Bruce respectfully moves this Court for an order compelling Defendant Pentagon Federal Credit Union ("PenFed") to provide sufficient responses and produce documents responsive to Plaintiff's third set of interrogatories and requests for production. In support of this motion, Plaintiff presents the following:

**.REQUEST TO COMPEL DISCOVERY FROM PENTAGON FEDERAL CREDIT UNION ("PENFED")**

On or about August 19, 2024, Plaintiff sent PenFed his 3rd set of discovery (See…Exhibit 15). On or about 9-19-2024 PenFed through its counsel responded to plaintiff's 3rd set of discovery but had not responded to plaintiff's interrogatories nor produced any discovery documents providing general responses alleging that the plaintiff's discovery requests are irrelevant to thie claims in the case (See…Exhibit 15.1). Based on the record and plaintiff's history with the defendant, it is clear that a meet and confer would be a waste of time as the defendant continuously claims irrelevancy to conceal information and documentation in their possession relevant to the claims in this case that are equally associated with transactions that would affect the accounts in question in this case and how they are reported to consumer reporting agencies. It is clear that

without court intervention defendant will not respond to nor produce the documents requested. For the sake of wasting the parties times in a meet and confer that will not resolve discovery disputes, plaintiff is filing this petition to compel defendant to respond and produce the discovery requested in plaintiff's third set of discovery.

## 1. Relevance of Discovery Requests

Plaintiff's third set of discovery requests, particularly Interrogatory No. 23 and Requests for Production Nos. 27-31, are directly relevant to claims outlined in the Third Amended Complaint regarding the manner in which PenFed has reported information to consumer credit reporting agencies. Specifically, Plaintiff is entitled to discovery regarding:

- **Federal Reserve Transactions (Interrogatory No. 23; Request for Production Nos. 27, 31, and unnumbered 40)**: PenFed is a federally chartered credit union subject to regulations that require the filing of call reports, and as part of its operations, it pledges collateral to the Federal Reserve (See https://www.frbdiscountwindow.org/Pages/Collateral/pledging_collateral). Understanding these transactions is crucial to determine whether PenFed retained ownership of the underlying loans or transferred them, which affects how these loans should be reported under the Fair Credit Reporting Act (FCRA) and other consumer protection statutes. PenFed has objected to the relevance of these transactions, yet the reporting and pledging of these loans are central to determining the legitimacy of PenFed's claims that it is still owed funds on Plaintiff's accounts. Such information is vital for assessing whether the accounts were securitized or sold, which would impact the reporting accuracy to credit agencies and the associated obligations.

- **Insurance Coverage (Interrogatory No. 24; Request for Production Nos. 28-30):** Plaintiff has requested documents and information about loan securitization and insurance policies relevant to the accounts at issue. PenFed's response, or lack thereof, directly impacts Plaintiff's ability to ascertain whether PenFed has transferred ownership of the debt or obtained insurance coverage, which would affect the financial reporting and the truthfulness of PenFed's representations in credit reports.

## 2. Failure to Comply with Discovery Obligations

PenFed's objections and refusal to provide complete responses hinder Plaintiff's ability to proceed with his claims and meet discovery deadlines. Plaintiff has repeatedly requested

documents and interrogatory answers that are essential to proving that PenFed's reporting of the debt is inaccurate. Without the Court's intervention, Plaintiff will be unable to obtain information necessary to establish the full scope of PenFed's involvement with the Federal Reserve and whether it has received any payments or insurance recoveries that should have been disclosed.

### 3. Federal Rule of Civil Procedure 37(a)(3)(B)

Under Rule 37(a)(3)(B), a party seeking discovery may move for an order compelling a response if another party fails to answer interrogatories submitted under Rule 33 or fails to produce documents as requested under Rule 34. PenFed has failed to provide sufficient answers to Interrogatories Nos. 23 and 24 and has refused to produce documents responsive to Requests for Production Nos. 27-31. These requests are narrowly tailored and necessary to establish the facts central to Plaintiff's claims regarding the accuracy of PenFed's credit reporting and its compliance with consumer protection laws.

### 4. No Valid Basis for Objections

PenFed's primary objections claim that the discovery requests are irrelevant to the claims and defenses in this case. However, Plaintiff has clearly demonstrated that the requested information pertains directly to PenFed's handling of the loans at issue and its pledging of assets to the Federal Reserve, both of which are central to determining the accuracy of PenFed's reporting. Additionally, PenFed's objections based on burden and privilege are unsupported, as Plaintiff's requests do not impose undue burdens and are limited to documents that PenFed should have readily available as part of its ordinary business records.

### 5. PenFed's Objections and Relevance of Federal Reserve Transactions

PenFed's objections often cite a lack of relevance, particularly regarding the Federal Reserve transactions and the ownership of accounts associated with the alleged loan. However, as discussed in detail, this information directly relates to Plaintiff's ability to verify the accuracy of

PenFed's reporting to consumer credit agencies, which is a central issue in this case. Further, plaintiff's third amended complaint clearly specifies that the information related to the Federal Reserve is part of his claims further supporting relevancy of his requests related to the Federal Reserve. (See...paragraph 82 of third amended complaint). Specifically:

- **Whether PenFed had transferred ownership of the loans or pledged the loans as collateral**, which would affect its ability to report the loans as assets owed by Plaintiff.
- **Whether PenFed has any remaining interest in the accounts**, given that Federal Reserve transactions may have satisfied the loan obligations.
- **Whether PenFed has received any insurance payouts or third-party compensation** that would affect its reporting of Plaintiff's accounts as delinquent or charged-off.
- **Whether any of Insurance policies of PenFed or associated with PenFed covers the alleged debts and account in question.**

Thus, Plaintiff respectfully presents that these requests are not only relevant but crucial to the resolution of this case.

## 6. Detailed Justification for Additional Discovery

In addition to the arguments outlined above, the Plaintiff provides the following detailed reasoning regarding the necessity of the requested discovery:

- **Interrogatory No. 23** requires PenFed to explain if the Reserve Bank has been assigned any security interest in Plaintiff's alleged loans or notes. PenFed produces Call Reports on a regular basis as a credit union, per National Credit Union Administration (NCUA) requirements. This discovery is crucial to determine if PenFed retains any interest in the loans at issue or if they were assigned to the Reserve Bank. Such information is directly relevant to understanding PenFed's claims regarding ownership of the debt, which affects its reporting obligations to consumer reporting agencies.

- **Request for Production Nos. 27 and 31**: These requests seek documents showing PenFed's policies and procedures related to pledging collateral for borrowing. This information is necessary to establish whether PenFed pledged Plaintiff's loans as collateral, which could indicate that PenFed no longer holds any legal interest in the accounts. Given PenFed's involvement in Federal Reserve transactions, understanding the pledging of collateral is crucial to determining the accuracy of PenFed's claim that Plaintiff owes any debt.

- **Interrogatory No. 24** and **Request for Production No. 28**: Plaintiff has specifically requested that PenFed provide details about the draft endorsed and presented to the Federal Reserve in connection with the alleged loan transaction. This draft, which reflects a significant transaction, is relevant to understanding how PenFed applied or credited funds

associated with Plaintiff's accounts. PenFed's failure to provide sufficient documentation regarding this draft raises serious concerns about whether it applied the credits appropriately, which would impact the remaining balance allegedly owed by Plaintiff.

- **Request for Production Nos. 29 and 30**: These requests seek documentation regarding PenFed's insurance policies and the account ledgers associated with the vehicle loan transaction. PenFed's failure to produce these documents limits Plaintiff's ability to determine whether PenFed has filed insurance claims related to the loan or received other forms of compensation that would affect the accuracy of its credit reporting. Additionally, account ledgers are necessary to trace the movement of funds, identify account ownership, and verify that PenFed's reporting aligns with the true nature of the transactions.

- **Unnumbered Request Nos. 40 and 41**: Plaintiff has requested documentation related to PenFed's policies regarding the collateral pledged to secure loans and the accounts associated with these transactions. The information is crucial to verify whether PenFed has retained any interest in the loans or has transferred ownership. If PenFed has securitized or transferred the loans, this could undermine its standing to claim Plaintiff still owes the debt, thus affecting the reporting obligations under the Fair Credit Reporting Act and related consumer protection statutes.

Plaintiff contends that all the requested discovery is directly relevant to proving the inaccuracy of PenFed's reporting of the loans and whether PenFed has transferred or securitized the loans without properly updating its reporting to consumer agencies. Although Plaintiff is filing this petition, plaintiff is also emailing a copy to PenFed should they feel we can resolve this discovery dispute outside of court intervention with a meet and confer. For these reasons, plaintiff's moves this court for an order against defendant PenFed directing them to fully sufficiently respond to plaintiff's discovery requests and produce the documents requested by the plaintiff no later than 7 days from the order of this court without any further delays.

**WHEREFORE, Plaintiff respectfully requests that this Court grant the Petition and issue an order compelling PenFed to:**

1. Provide full and complete answers to Plaintiff's Interrogatories Nos. 23 and 24;
2. Produce all documents responsive to Requests for Production Nos. 27-31, as well as the unnumbered requests regarding PenFed's policies and procedures for pledging assets to the Federal Reserve; and
3. Order PenFed to comply with this discovery within 7 days from an order of this court;

4. Award such other relief as the Court deems just and proper.

**DATED this 10th day of October, 2024.**

**RESPECTFULLY PRESENTED,**

"Without Prejudice"

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served to all parties on the service list **via the CM/ECF system.** Date this 10th day of **October, 2024**.

**SENT TO:**

Willson Jones Carter & Baxley, P.A.
Attention: G. Troy Thames
4922 O'Hear Avenue, Suite 301
North Charleston, SC 29405
Attorney for Pentagon Federal Credit Union

Eckert Seamans Cherin & Mellott, LLC
Attention: Sarah James
1717 Pennsylvania Avenue, NW, 12th Floor
Washington, D.C. 20006
Attorney for Pentagon Federal Credit Union

Eckert Seamans Cherin & Mellott, LLC
Attn.: Michael A. Graziano & Sarah A. James
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C. 20006
Attorney for Pentagon Federal Credit Union

"Without Prejudice"

Nelson L. Bruce

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com