# EXHIBITS 15

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Nelson L. Bruce,<br><br>Plaintiff,<br><br>v.<br><br>Pentagon Federal Credit Union; et al.<br><br>Defendants. | Case No.: 2:22-cv-02211-BHH-MGB<br><br>PLAINTIFF'S THIRD SET OF REQUESTS FOR INTERROGATORIES AND PRODUCTION OF DOCUMENTS TO PENTAGON FEDERAL CREDIT UNION ("PENFED") |

**PLAINTIFF'S THIRD SET OF REQUESTS FOR INTERROGATORIES AND PRODUCTION OF DOCUMENTS TO PENFED**

Pursuant to Fed. R. Civ. P. 26, 33, and 34 Plaintiff hereby Presents the following Interrogatories and request for production of documents to **PENTAGON FEDERAL CREDIT UNION** (herein **PENFED**) to serve its answers, in writing and under oath, to the Plaintiff at c/o P.O. BOX 3345, Summerville, South Carolina 29484, within 30 days of service of these Interrogatories and requests for the production of documents. INTERROGATORIES (are to be answered contextually, without regard to typo, sentence structure and/or grammar. Everyone is deemed to know the law, everyone is deemed to have a reasonable understanding of law, the following is founded on the maxim i.e.: principles of law, please be advised)-Purported and alleged as identified, unsecured creditor Pentagon Federal Credit Union "PenFed", shall be whom "you" and/or "your" is referenced in the next set of sections: please answer each item numbered below clearly and concisely. Pursuant to the Federal Reserve Operating Circular No. 10 Appendix 3, when a promissory note, accompanied by the application identified therein, is used as collateral and security for a loan, and upon approval by the Federal Reserve Board of Governors.

1. **INTERROGATORY NO. 23:** Please explain in full complete detail what Assets you Pledged to Secure Borrowing as documented on your June 30, 2016 Call Report "NCUA 5300" which was filed your accountant Jay Ferrin?

**ANSWER:**

2. **INTERROGATORY NO. 24:** You produced in discovery a document labeled "Preapproval draft" which is a copy of the draft signed by plaintiff to be negotiated and credited to the account setup for him in his name as evidenced by the draft to complete the transaction of the purchase of a vehicle which you electronically endorsed and presented to the Federal Reserve requesting a credit in the amount of $353,252.34. Please explain in full completed detail where those credits were distributed to and why wasn't those credits used to offset the alleged debts you claim plaintiff allegedly owes you and why wasn't plaintiff's account credited with the remainder amount notifying him of this excess amount?

**ANSWER:**

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

These requests for production include the original media and all copies that differ from the original in any respect, such as notations made on the copy. These requests are also intended to include all media of any nature that are now or have at any time been within your care, custody or control. If a document or media is no longer in your care, custody or control, identify its disposition.

If you contend that any document or media responsive to any request is privileged, in whole or in part, or if you otherwise object to its production, then with respect to each such document or media, Identify the date of the media, the nature or type of media, the individual that prepared the media, any recipients of the media, including anybody that may have the media in their possession,

and from whom you obtained the media. State with particularity the reason or reasons for your objection and/or the nature of any privilege asserted together with sufficient proof supporting your alleged privilege exemption. All requests for production include electronically stored documents rather mentioned below or not.

Please identify each person who provides documents to these demands and each person (attach pages if necessary) who assisted, including attorneys, accountants, employees of third party entities, or any other person consulted, however briefly, on the content of any document to provide a statement under oath stating that the documents being sent are true and correct copies of the original.

**PLEASE NOTE** the maxim on notice's, if you are not the appropriate agent/principle or have knowledge of whom the actual party happens to be you are to notify myself and that party immediately, and have or cause to have delivered these demanded request[s] without delay, as is required via your internal policies and due process.

**REQUEST FOR PRODUCTION NO. 27:** Please produce any and all documents and electronically stored data related to Interrogatories No. 23.

**REQUEST FOR PRODUCTION NO. 28:** Please produce any and all documents and electronically stored data related to Interrogatories No. 24.

**REQUEST FOR PRODUCTION NO. 29:** Please produce a copy of all your insurance policies.

**REQUEST FOR PRODUCTION NO. 30:** Please produce all transactions, account ledgers and statements in your Possession, custody or control associated with account number 1160990 with a routing number of 256078446 from February 1, 2016 to present which is the account directly associated with the alleged vehicle loan transaction.

**REQUEST FOR PRODUCTION NO. 31:** Your June 30, 2016 Call Report "NCUA 5300" page 10 documents that you Pledged Assets to Secure Borrowing, please produce your policies and procedures documenting what type of assets you pledge to secure the amount you borrowed as of June 30, 2016 in the amount of $10,410,524,209 and who you borrowed the referenced amount from.

**REQUEST FOR PRODUCTION NO. 31:** Please produce any and all information you have related to the proceeds that you received from plaintiff's note dated 4/20/2016.

Please produce all your policies and procedures related to the collateral you pledge and who you pledge them to

Please produce all documents in your custody control that is a PENFED account and the name this account is associated with who the owner of this account and where the funds generated from that were credited to this account.

## DEFINITIONS

The following are definitions of the terms used in these interrogatories and requests for production. Please read these definitions carefully as some of the words used in these discovery requests may be more expansive than those terms are given in common usage.

1. "You" and "your" shall refer to and include the party to whom these discovery requests are directed as well as current and former attorneys, agents, investigators, consultants, accountants, officers, directors, subsidiaries, holding companies, partners, assignors, assignees, investors, and employees.

2. "Person" or "entity" means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons or other association separately identifiable, whether or not such association has a separate juristic existence in its own right.

3. "Document" or "media" means recorded material in any form, including the original and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including, without limitation, correspondence, memoranda, notes, desk calendar, diaries, statistics, letters, telegrams, minutes, contracts, applications, reports, studies, checks, invoices, statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls, voice mails, chat rooms, meetings or other communications, bulletins, bulletin boards, magazines, publications, printed matter, photographs, video, computer stored or generated information, teletypes, telefax, invoices, worksheets and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recording transcripts, graphic or aural records or representations of any kind, of which you have knowledge or which are or were formally in your actual or constructive possession, custody, or control.

4. "Possession, custody or control" includes the joint or several possession, custody or control not only by the person to whom these interrogatories and requests are addressed, but also the joint or several possession, custody or control by each or any other person or entity acting or purporting to act on behalf of the person, whether as employee, attorney, accountant, agent, sponsor, spokesman or otherwise.

5. The terms "relate to", "relating to", "pertain to", and "pertaining to" are used in the broadest

sense and mean to refer to, discuss, involve, reflect, deal with, consist of, represent, constitute, emanate from, directed at, support, evidence, describe or mention.

6. "Describe" means to state every material fact and circumstance specifically and completely (including, but not limited to, date, time, location and the identity of all participants) and whether each such fact or circumstance is stated on knowledge, information, or belief, or is alleged without foundation.

7. "Account" means any account reported to plaintiff's consumer report by PENFED related to the claims in this case.

8. "Hard" or "Soft" Inquiry" means a credit check. A request to a credit reporting agency for a copy of Plaintiff's consumer credit file/report.

9. "Computer" shall include, but is not limited to, microcomputers (also known as personal computers or desktops), laptop computers, portable computers, personal digital assistants, Blackberrys, minicomputers and mainframe computers.

10. "Electronic data" and "Electronically Stored" means all information stored in a digital format. Electronic data also includes, but is not limited to, electronic mail messages and attachments, contacts, stored IP Addresses, journal entries, calendar entries, word processing documents, spreadsheets, databases including all records and fields and structural information, charts, graphs, and Any and all correspondence or other document/records that are not privileged as per rules of evidence that are in your possession and or expected to be in your possession either expressly through the original agreement and or statute; miscellaneous files responsive to the following requests. The responding party is expected to search for Any and all correspondence or other document/records that are not privileged as per rules of evidence that are in your possession and or expected to be in your possession either expressly through the original agreement and or statute; information stored on hard disks, floppy disks, CDs, DVDs, USB devices, Personal Digital Assistants (such as Palm Pilots, Blackberrys and Treos), and in any other vehicle for digital data storage and/or transmittal. The term electronic data also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with the information described above.

11. "Evidentiary Image" means a true bit-stream copy of the data requested.

12. "Deleted File" means any electronic data file that has been erased or deleted from the electronic media on which it resided.

13. "File", when used in connection with information on any consumer, means all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored.

a. Throughout these discovery requests language should be read in light of the context in which it is used. Consequently, the singular includes the plural and the plural includes

the singular, where appropriate. Furthermore, the masculine is intended to also refer to the feminine, where appropriate and vice versa.

14. "Investigative consumer report" means a consumer report or portion thereof in which information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information.

15. "Verified" means to check that it is in fact true by careful examination or investigation, and through the receipt of physical documentation.

16. "Data Furnisher" means PENTAGON FEDERAL CREDIT UNION (F.K.A. PENFED).
17. "Third Party" as it relates to this matter means any person, organization, entity, individual, trustee, indenture trustee, affiliate, agent, representative other than PENFED.

RESPECTFULLY PRESENTED,

Dated this 19th day of August, 2024.

"Without Prejudice"

Nelson L. Bruce

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Secured Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing THIRD SET OF REQUESTS FOR **INTERROGATORIES AND FOR PRODUCTION OF DOCUMENTS to PENFED** have been emailed to and mailed **via the: UNITED STATES POSTAL SERVICE by the UNITED STATES POST OFFICE via U.S.P.S First Class Mail to:**

**SENT TO:**

Willson Jones Carter & Baxley, P.A.
**Attention: G. Troy Thames**
4922 O'Hear Avenue, Suite 301
North Charleston, SC 29405
*Attorney for Pentagon Federal Credit Union*

Eckert Seamans Cherin & Mellott, LLC
**Attention: Michael A. Graziano**
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C. 20006
*Attorney for Pentagon Federal Credit Union*

Dated this 19th day of August, 2024.

"Without Prejudice"

Nelson L. Bruce

Nelson L. Bruce, Propria Persona, Sui Juris
"All Natural Secured Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com