IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Civil Action No. 2:22-cv-02211-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Pentagon Federal Credit Union, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Nelson L. Bruce, proceeding *pro se* and *in forma pauperis*, filed this action on July 12, 2022, bringing claims pursuant to the Fair Credit Reporting Act ("FCRA"), among others. (Dkt. Nos. 1; 291.) Currently before the Court is Plaintiff's Motion to Compel Discovery from Equifax Information Services, LLC ("Equifax") (Dkt. Nos. 204; 216); Defendant Trans Union, LLC's ("Trans Union") Motion to Compel (Dkt. No. 230); Plaintiff's Motion for Protective Order (Dkt. No. 246); Defendant Pentagon Federal Credit Union's ("PenFed") Motion for Protective Order (Dkt. No. 277); Plaintiff's Motion for Miscellaneous Relief (Dkt. No. 283); Plaintiff's Motion for Issuance of Subpoena (Dkt. No. 284); Plaintiff's Motion for Miscellaneous Relief (Dkt. No. 288); Plaintiff's Motion to Reconsider (Dkt. No. 300); and Plaintiff's Motion to Compel Discovery from PenFed (Dkt. No. 323).[1] A hearing was held on these motions on October 16, 2024. The instant Order summarizes the rulings made during that hearing.

**A.    Plaintiff's Motion for Miscellaneous Relief (Dkt. No. 288); Plaintiff's Motion to Reconsider (Dkt. No. 300)**

At the hearing, Plaintiff's Motion for Miscellaneous Relief (Dkt. No. 288) and Plaintiff's Motion to Reconsider (Dkt. No. 300) were granted in part and denied in part. First, pursuant to

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C.

Rule 54(b) of the Federal Rules of Civil Procedure, the Court granted in part Plaintiff's request that the Court reconsider certain findings as to Plaintiff's July 30, 2024 Motion to Compel (Dkt. No. 225).

As ordered by the Court, PenFed must supplement its responses to Plaintiff's First Set of Interrogatories Number 18 and Second Set of Interrogatories Number 23, with clarification as to the exhibit found at page 3 of Dkt. No. 1-4. PenFed must also supplement its response to Plaintiff's First Set of Requests for Production Numbers 1, 2, and 3 and Second Set of Requests for Production Number 23, by providing any non-privileged documents and electronically stored data related to Interrogatories Numbers 18 and 23. PenFed must also supplement its response to Plaintiff's First Set of Requests for Production Number 21 by identifying those individuals associated with PenFed who have personal firsthand knowledge of any fact related to any claims or defenses in this case.

The Court ordered PenFed to supplement its responses to Plaintiff's First and Second Set of Interrogatories Numbers 1, 2, 3, 6, 9, 10, 11, 12, 19, 20, 21 and 22 and Plaintiff's First and Second Set of Requests for Production Numbers 1, 8, and 9 to the extent that PenFed must produce, in the form of an affidavit, explanation as to why the documents/information Plaintiff seeks on the issues of PenFed's general financial condition, its financial reporting, its accounting practices, its collections practices, and its interactions with the Federal Reserve Bank are not relevant and/or not in their possession. This affidavit must state, with sufficient explanation, the basis for PenFed's belief that it has not been compensated by the Federal Reserve Bank for any debt owed by Plaintiff. The affidavit should also clarify whether PenFed opened any accounts with the Federal Reserve Bank in Plaintiff's name.

The Court denied Plaintiff's Motion to Compel (Dkt. No. 225) as to Plaintiff's First and Second Set of Interrogatories Numbers 4, 5, 7, 8, 13, 14, 15, 16, and 17 and Plaintiff's First and Second Set of Requests for Production Numbers 5, 6, 7, 10, 11, 12, 14, 15, 16, 17, 18, 19, 20, 22.[2]

All of the supplemental production ordered herein must be produced by PenFed to Plaintiff by **November 4, 2024**. PenFed must file a status update with the Court by **November 4, 2024**, confirming its production of the discovery ordered herein. Additionally, the Court will allow Plaintiff to depose PenFed pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure if he so chooses. Any such deposition must be appropriately noticed by **November 18, 2024**, so that the parties have time to confer in good faith about the matters for examination. Given the additional discovery allowed, the Court found no basis to reconsider its decision to deny the issuance of subpoenas to the Federal Reserve Bank and Jay Ferrin. (*See* Dkt. Nos. 211; 250.) The Court extended the discovery deadline to **January 22, 2025**, limited to allowing any Rule 30(b)(6) depositions Plaintiff wants to take.

The Court denied the remainder of Plaintiff's Motion for Miscellaneous Relief (Dkt. No. 288) and Plaintiff's Motion to Reconsider (Dkt. No. 300).

**B.    Plaintiff's Motion to Compel Discovery from PenFed (Dkt. No. 323)**

At the hearing, Plaintiff's Motion to Compel (Dkt. No. 323) was denied. For clarity, the Court referred to the discovery requests as numbered by PenFed at Dkt. No. 323-2. More specifically, the Court found PenFed did not have to supplement its production as to Plaintiff's Third Set of Interrogatories Numbers 24 and 25, and Plaintiff's Third Set of Requests for Production Numbers 35, 37, 38, 38[3], 39, 40, and 41.

---

[2] At the hearing, Plaintiff withdrew his motion to compel a response to Plaintiff's Second Set of Requests for Production Number 30.

[3] Plaintiff's Third Set of Requests for Production, as re-numbered by PenFed, included two separate numbers 38 and both were at issue in Plaintiff's underlying motion to compel. (See Dkt. No. 323-2 at 7–8.)

C.       **Plaintiff's Motion to Compel Discovery from Equifax (Dkt. No. 204; 216).**

At the hearing, Plaintiff's Motion to Compel (Dkt. Nos. 204; 216) was granted in part and denied in part.[4] The Court granted the motion to compel to the extent Equifax must supplement its responses to Interrogatories Numbers 6 and 9 by clarifying whether the procedures described in its response to Interrogatory No. 10 were followed during the time period relevant to Plaintiff's claims, the years 2019 through 2022. Plaintiff's Motion to Compel further responses to Interrogatory Numbers 6, 9, and 10 and related Request for Production Numbers 6, 9, and 10 was otherwise denied. The Court further denied Plaintiff's motion to compel as to Interrogatory No. 16 and the related Request for Production No. 16.

The Court found Equifax must supplement its response to Plaintiff's Request for Production Number 22 by identifying those individuals associated with Equifax who have personal firsthand knowledge of Equifax's policies and procedures related to credit reporting disputes and investigations during the time period relevant to Plaintiff's claims, the years 2019 through 2022. To the extent there are numerous individuals, Equifax may designate one corporate representative for purposes of Rule 30(b)(6).

Finally, given the Court's September 26, 2024 Order (*see* Dkt. No. 292 at 17–20), Equifax must supplement its discovery responses, as appropriate, to provide responsive, non-privileged documents/information relevant to Plaintiff's May 3, 2022 dispute.

All of the supplemental production ordered herein must be produced by Equifax to Plaintiff by **November 4, 2024**. Equifax must file a status update with the Court by **November 4, 2024**, confirming its production of the discovery ordered herein. Additionally, the Court will allow Plaintiff to depose Equifax pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure if he

---

[4] The Motions at Dkt. Nos. 204 and 216 are identical. Dkt. No. 216 merely corrects a scrivener's error.

so chooses. Any such deposition must be appropriately noticed by **November 18, 2024**, so that the parties have time to confer in good faith about the matters for examination. The Court extended the discovery deadline to **January 22, 2025**, limited to allowing any Rule 30(b)(6) depositions Plaintiff wants to take.

> **D.      Trans Union's Motion to Compel (Dkt. No. 230) and Plaintiff's Motion for Protective Order (Dkt. No. 246)**

At the hearing, Trans Union's Motion to Compel (Dkt. No. 230) was granted in part and denied in part, and Plaintiff's Motion for Protective Order (Dkt. No. 246) was granted in part and denied in part. In response to Trans Union's Interrogatory Number 13, Plaintiff must provide, in the form of affidavit testimony, his total income for each year from 2018 through February of 2024, and the amount of income derived from each source. This supplemental production is due by **November 18, 2024**. Because Plaintiff will be providing his income information through affidavit testimony, the Court found Trans Union cannot overcome the qualified privilege protecting Plaintiff's tax returns, and Plaintiff does not have to respond to Trans Union's Request for Production Number 38. The Court denied Trans Union's request for attorneys' fees and expenses pursuant to Rule 37(a)(5).

> **E.      Remaining Motions (Dkt. Nos. 277; 283; 284) and Miscellaneous Matters**

At the hearing, the Court further denied Plaintiff's Motion for Miscellaneous Relief (Dkt. No. 283) and Plaintiff's Motion for Issuance of Subpoena (Dkt. No. 284). The Court granted PenFed's Motion for Protective Order (Dkt. No. 277).

The Court stated that any additional discovery allowed, as articulated at the hearing, must conclude by January 22, 2025, and dispositive motions will be due by March 3, 2025. If Plaintiff's motion to compel, specific to Nationwide Credit Corporation, is not resolved by the time discovery concludes (*see* Dkt. No. 309), the Court will stay this action and the dispositive motions deadline,

pending that motion's resolution. The District Judge is currently reviewing the objections filed by Defendants LexisNexis Risk Solutions, Inc.; LexisNexis Risk Solutions FL Inc.; and LexisNexis Risk Data Management Inc. (*See* Dkt. No. 318.) The District Judge will issue a ruling shortly, so the parties will have clarity as to what remaining discovery will be allowed against these Defendants.

      AND IT IS SO ORDERED.

October 17, 2024

Charleston, South Carolina

                                    MARY GORDON BAKER
                                    UNITED STATES MAGISTRATE JUDGE