Record/FILE ON DEMAND U.S.P.S. PRIORITY MAIL TRACKING NO. 9405 5301 0935 5054 2268 97

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Nelson L. Bruce,<br><br>Plaintiff,<br><br>v.<br><br>Pentagon Federal Credit Union; et al.,<br><br>Defendants. | **Case No.: 2:22-cv-02211-BHH-MGB**<br><br>**PETITION FOR LEAVE TO AMEND 5TH AMENDED COMPLAINT TO ADD FEDERAL RESERVE BANK OF RICHMOND AS A PARTY AND TO ASSERT CLAIMS OF CONSPIRACY BETWEEN PENFED AND THE FEDERAL RESERVE BANK OF RICHMOND** |

**Comes not Nelson L. Bruce, Plaintiff,** respectfully petitions this Honorable Court for leave to file his 5th amend complaint to add Federal Reserve Bank of Richmond and its affiliates or assigns as defendants in this matter, to assert a conspiracy claim against PenFed and the Federal Reserve Bank of Richmond, and to issue subpoenas to Chapman BMW and Wells Fargo for relevant discovery pursuant to Rule 45 of the Federal Rules of Civil Procedure. Plaintiff asserts that PenFed and the Federal Reserve Bank conspired to cause financial harm to Plaintiff, infringing on Plaintiff's property and due process rights. In support of this petition, Plaintiff states as follows:

2024 NOV -1 AM 8:48

**TABLE OF CONTENTS**

I. INTRODUCTION
II. FACTUAL BASIS FOR THE CONSPIRACY CLAIM
  a. Agreement and Cooperation Between PenFed and the Federal Reserve Bank
  b. Unlawful Conduct and Deprivation of Plaintiff's Rights
  c. Overt Acts in Furtherance of the Conspiracy
  d. Damages to Plaintiff
III. ELEMENTS OF CONSPIRACY CLAIM AGAINST PENFED AND FEDERAL RESERVE BANK OF RICHMOND
IV. ENJOINING THE FEDERAL RESERVE BANK OF RICHMOND WILL NOT PREJUDICE EXISTING DEFENDANTS
  a. Lack of Prejudice to Existing Defendants
  b. Limitation of Additional Discovery to the Federal Reserve Bank of Richmond and Non-Member Entities
  c. No Undue Burden on PenFed Due to Focused Discovery
  d. Federal Reserve's Firsthand Knowledge of Collateral Transactions
V. BASIS FOR FURTHER DISCOVERY
VI. CONCLUSION

**TABLE OF AUTHORITIES**

**Cases**

1. **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 556 (2007)
   - Standard for civil conspiracy claim requirements.
2. **Hinkle v. City of Clarksburg, W. Va.**, 81 F.3d 416, 421 (4th Cir. 1996)
   - Elements for proving conspiracy and concerted actions.
3. **Dennis v. Sparks**, 449 U.S. 24, 27 (1980)
   - Liability of private parties in conspiracy with public actors to deprive rights.
4. **Sniadach v. Family Finance Corp.**, 395 U.S. 337 (1969)
   - Fourth and Fifth Amendment rights in deprivation of property.
5. **Fuentes v. Shevin**, 407 U.S. 67 (1972)
   - Due process requirements for notice and deprivation of property.
6. **Adickes v. S.H. Kress & Co.**, 398 U.S. 144 (1970)
   - Conspiracy claims involving private and quasi-public entities in deprivation of rights.

**Rules**

1. **Federal Rule of Civil Procedure 45**
   - Guidelines for issuing subpoenas for discovery from non-parties.

## I. INTRODUCTION

1. **Background**: Plaintiff's claims involve a disputed financial transaction with PenFed and the Federal Reserve Bank of Richmond, related to a deposit of $353,525.34 that allegedly affected Plaintiff's accounts. PenFed, as a member bank of the Federal Reserve since 1994 (See…Exhibit 16), benefits from privileges within the Federal Reserve System, including financial clearing and transaction processing that directly impacted Plaintiff.

2. **Conspiracy Claim**: Plaintiff alleges that PenFed and the Federal Reserve Bank of Richmond engaged in a conspiracy to deprive Plaintiff of access to funds by failing to provide adequate notice of the deposit, failing to offset or apply credits to Plaintiff's account as required, and withholding information regarding the handling of financial instruments involved in the transaction. The concerted actions of PenFed and the Federal Reserve indicate an agreement to harm Plaintiff, constituting a conspiracy.

3. **Legal Grounds for Conspiracy**: Under federal law, a civil conspiracy claim requires proof of (1) an agreement between two or more parties, (2) to commit an unlawful act or a lawful act by unlawful means, (3) with an overt act in furtherance of the conspiracy, and (4) damages resulting from the act. See…***Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)**; ***Hinkle v. City of Clarksburg, W. Va.,* 81 F.3d 416, 421 (4th Cir. 1996)**.

4. **Conspiracy Allegations in the Context of Financial Institutions**: Courts have recognized the potential for conspiracy claims against financial institutions and the need for rigorous discovery to establish concerted action. In ***Dennis v. Sparks,* 449 U.S. 24, 27 (1980),** the Supreme Court held that private parties may be held liable for conspiring

with public actors, including quasi-public financial institutions, to deprive individuals of constitutional rights.

## II. FACTUAL BASIS FOR THE CONSPIRACY CLAIM

Plaintiff alleges the following facts in support of the conspiracy claim:

1. **Agreement and Cooperation Between PenFed and the Federal Reserve Bank:**

   - PenFed and the Federal Reserve Bank of Richmond engaged in coordinated actions concerning Plaintiff's deposit as evidenced by their Inclearings (See…ECF No. 283 which is hereby reiterated an incorporated by reference in its entirety with this filing). PenFed is a member of the Federal Reserve System and therefore collaborates closely with the Federal Reserve Bank of Richmond for financial clearing and processing of transactions.

   - Federal Reserve Bank's involvement in the clearing of financial instruments and transactions affecting Plaintiff's accounts demonstrates cooperative control over Plaintiff's funds. PenFed's and the Federal Reserve's unified actions in handling these transactions show a deliberate pattern of concerted activity that disregarded Plaintiff's rights.

2. **Unlawful Conduct and Deprivation of Plaintiff's Rights**:

   - Plaintiff asserts that PenFed and the Federal Reserve Bank unlawfully withheld Plaintiff's funds by failing to notify Plaintiff of the deposit, failing to offset the balance, and processing transactions without due process. This conduct deprived Plaintiff of property without proper notice or an opportunity to contest, constituting a violation of Plaintiff's Fourth and Fifth Amendment rights. See ***Sniadach v. Family Finance Corp.*, 395 U.S. 337 (1969)** and ***Fuentes v. Shevin*, 407 U.S. 67 (1972)**.

   - The actions of withholding funds, failing to apply credits, and the lack of transparency by PenFed and the Federal Reserve Bank amount to unlawful acts or the execution of lawful actions (such as processing transactions) by unlawful means, fulfilling the requirement of conspiracy under ***Hinkle v. City of Clarksburg*, 81 F.3d at 421**.

3. **Overt Acts in Furtherance of the Conspiracy:**

   - Specific overt acts in furtherance of the conspiracy include **PenFed's** refusal to provide documents or information related to the electronic presentment draft and the account associated with the draft which the draft was drawn upon, the

Federal Reserve's clearing and handling of the transactions, and **PenFed's** reliance on its employees who lack firsthand personal knowledge to present affidavits that misrepresent the nature of the transactions as the affiants were not present at the time of the initial transactions and therefore lacks the capacity to have firsthand personal knowledge of the initial transaction that is required by an affidavit.

- By failing to communicate directly with Plaintiff and withholding essential information, PenFed and the Federal Reserve Bank have actively impeded Plaintiff's ability to investigate and address the wrongful deprivation of funds.

4. **Damages to Plaintiff**:

   - As a result of the conspiracy between PenFed and the Federal Reserve Bank of Richmond, Plaintiff has suffered significant financial harm and an ongoing lack of access to funds. It appears that Plaintiff has been denied the use of funds totaling $353,525.34 and or any other funds issued directly to the Bank, PenFed as a result of pledged instruments that have been deposited with the Federal Reserve that should have offset any and all alleged balances, which has caused economic injury, reputational harm, and deprivation of Plaintiff's constitutionally protected property rights.

## III. ELEMENTS OF CONSPIRACY CLAIM AGAINST PENFED AND FEDERAL RESERVE BANK OF RICHMOND

Plaintiff's claim for conspiracy against PenFed and the Federal Reserve Bank of Richmond meets each required element:

1. **Agreement Between PenFed and Federal Reserve Bank**:

   - The relationship between PenFed and the Federal Reserve Bank is a formalized partnership as PenFed is a member bank of the Federal Reserve System. This relationship provides PenFed with access to Federal Reserve services for financial clearing and transaction processing. The coordinated actions and refusal to disclose transaction details to Plaintiff suggest a shared intent to restrict Plaintiff's rights.

2. **Unlawful Acts or Lawful Acts by Unlawful Means**:

   - The actions of PenFed and the Federal Reserve Bank in withholding funds, failing to provide proper notification of deposits, and obstructing Plaintiff's access to information constitute either an unlawful deprivation of Plaintiff's property or the execution of transactions (lawful acts) by unlawful means—namely, without due process or transparency.

3. **Overt Acts in Furtherance of the Conspiracy**:

    - **PenFed's** and the **Federal Reserve's** deliberate acts of failing to disclose the nature of transactions, combined with **PenFed's** submission of affidavits by employees lacking firsthand personal knowledge, are overt acts that further the conspiracy. The presentation of these insufficient affidavits would represent an attempt to delay Plaintiff's discovery rights and prevent an accurate determination of the facts.

4. **Damages**:

    - Plaintiff has suffered quantifiable damages resulting from the inability to access funds and the failure of PenFed and the Federal Reserve Bank to properly offset or credit Plaintiff's account(s). These actions have caused substantial financial harm, denied Plaintiff access to funds, and impaired Plaintiff's ability to manage financial affairs effectively.

## IV. ENJOINING THE FEDERAL RESERVE BANK OF RICHMOND WILL NOT PREJUDICE EXISTING DEFENDANTS

1. **Lack of Prejudice to Existing Defendants**:

    - The addition of the Federal Reserve Bank of Richmond and its affiliates as parties to this action will not prejudice the existing defendants—PenFed, Equifax, Experian, TransUnion, and the LexisNexis defendants. Plaintiff's claims against these other defendants remain unchanged, with no new allegations or claims made against Equifax, Experian, TransUnion, or the LexisNexis defendants. This amendment does not impact the nature or scope of Plaintiff's claims against these parties.

    - Through recent discovery, Plaintiff became aware of specific documents and transactions that reveal a coordinated relationship between PenFed and the Federal Reserve in the handling of Plaintiff's funds and the alleged conspiracy to withhold credits or payments owed to Plaintiff. These newly discovered facts support the need to enjoin the Federal Reserve Bank of Richmond as a co-conspirator with PenFed.

2. **Limitation of Additional Discovery to the Federal Reserve Bank of Richmond and Non-Member Entities**:

    - Plaintiff emphasizes that any further discovery resulting from the joinder of the Federal Reserve Bank of Richmond will be limited to the Federal Reserve and non-member entities directly involved in the transactions at issue, namely Chapman BMW and Wells Fargo or any other bank named by Chapman BMW that were involved in this transacton. No additional discovery will be sought from Equifax, Experian, TransUnion, or the LexisNexis defendants, as

their roles and responsibilities remain distinct from the claims involving the conspiracy between PenFed and the Federal Reserve Bank.

- This limited scope of discovery ensures that existing defendants are not subjected to increased discovery demands, thus eliminating any potential prejudice to Equifax, Experian, TransUnion, or LexisNexis. Further discovery will focus exclusively on obtaining firsthand evidence from parties with personal knowledge regarding the alleged conspiracy and the financial transactions between PenFed and the Federal Reserve Bank of Richmond.

3. **No Undue Burden on PenFed Due to Focused Discovery**:

- The addition of the Federal Reserve Bank of Richmond as a party will not cause undue burden or prejudice to PenFed, as the focus of new discovery will be on the Federal Reserve and other non-member entities involved in the transaction, not on PenFed itself. This petition is intended to secure discovery from parties with firsthand personal knowledge of the initial transaction—including the Federal Reserve's role and knowledge of pledged collateral and issuance of credits—not to impose further demands on PenFed.

- The discovery directed to the Federal Reserve Bank of Richmond is expected to clarify key aspects of the transactions, reducing the need for affidavits or further responses from PenFed outside of any discovery they are currently supplemental responses to. This streamlined approach will ensure that PenFed is not subjected to repetitive discovery requests and instead can rely on the Federal Reserve's responses to address the underlying facts and issues in this case.

- By enjoining the Federal Reserve Bank of Richmond, Plaintiff seeks to access primary records and evidence regarding the $353,525.34 transaction and any credits and or federal reserve notes issued to PenFed as a result of any deposits and or pledges of collateral. This clarification and reliance on the Federal Reserve's firsthand information minimizes any discovery obligations on PenFed and allows PenFed to benefit from a more efficient and fact-based resolution process, free from duplicative or burdensome requests.

4. **Federal Reserve's Firsthand Knowledge of Collateral Transactions**:

- The Federal Reserve Bank of Richmond and or its affiliates possesses firsthand personal knowledge of the collateral that PenFed pledged as part of its financial transactions within the Federal Reserve System, whether those pledges included any of plaintiff's consumer loans, revolving lines of credit, collateral, promissory notes and drafts. Specifically, the Federal Reserve holds direct information on what assets PenFed pledged to secure any credits or federal reserve notes received, as well as whether those pledged assets such as collateral which the federal reserve defines as collateral and or security to

include promissory notes or other financial instruments backed by federal reserve notes.

- Discovery of the Federal Reserve's records is essential to determine if credits or federal reserve notes were issued to PenFed as a result of pledged collateral, and whether these funds should have been applied to Plaintiff's account(s) to offset any alleged balances. The Federal Reserve's firsthand knowledge of these transactions is necessary to clarify the extent to which Plaintiff's funds were impacted by the alleged conspiracy and any failure by PenFed to apply credits that may have resulted from these deposits.

## V. BASIS FOR FURTHER DISCOVERY

- **Federal Rule of Civil Procedure 45 (Subpoenas)**:
  - In light of the conspiracy allegations, Plaintiff petitions the Court to issue subpoenas to Chapman BMW and Wells Fargo to compel the production of records and evidence concerning the transaction (see...ECF No. 284 and Exhibit 12 Subpoenas filed this filing which is hereby reiterated and incorporated by reference in its entirety.). These parties have firsthand personal knowledge of the initial transaction and can provide objective evidence regarding the deposit, presentment, and clearing of the draft in question.
- **Due Process Rights**:
  - Plaintiff's right to due process guarantees Plaintiff the opportunity to contest the deprivation of property and uncover the facts related to how PenFed and the Federal Reserve Bank processed the transaction. The lack of transparency in the conspiracy between PenFed and the Federal Reserve Bank infringes upon these rights and justifies further discovery to clarify the facts and establish whether funds were unlawfully withheld.
- **Application of Conspiracy Doctrine in Financial Context**:
  - The conspiracy doctrine applies to cases where financial institutions act in concert to deprive individuals of constitutional rights. See...***Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970)**, where the Supreme Court affirmed that conspiracy claims could be brought against private parties acting in concert with quasi-public entities when the conspiracy resulted in the deprivation of rights.

## VI. CONCLUSION

For the reasons set forth above, Plaintiff respectfully petitions this Court to:

Grant leave to amend the complaint to add the Federal Reserve Bank of Richmond and its affiliates or assigns as a party to this case and to assert a conspiracy claim against PenFed and the

Federal Reserve Bank of Richmond (see…Exhibit 17). To Issue subpoenas to Chapman BMW and Wells Fargo to compel the production of documents, records, and communications related to the $353,525.34 draft, including any transactions processed through the Federal Reserve System. Plaintiff seeks any other relief deemed appropriate by this Court. Dated this 29th day of **October, 2024**.

RESPECTFULLY PRESENTED,

Nelson L. Bruce

Nelson L. Bruce, Propria Persona, Sui Juris
All Secured Natural Rights Explicitly Reserved and Retained "with prejudice"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com