Record/FILE ON DEMAND                    U.S.P.S. PRIORITY MAIL TRACKING NO. 9405 5301 0935 5056 3508 42

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce,<br><br>                    Plaintiff,<br><br>v.<br><br>Pentagon Federal Credit Union; et al.<br><br>                    Defendants. | Case No.: 2:22-cv-02211-BHH-MGB<br><br>**PLAINTIFF'S PETITION TO COMPEL DISCOVERY FROM PENTAGON FEDERAL CREDIT UNION ("PENFED")** |

Pursuant to **Fed. R. Civ. P. 37**, Plaintiff **Nelson L. Bruce,** hereby moves this court for an order compelling defendant, PENTAGON FEDERAL CREDIT UNION ("PENFED") to provide a sufficient response to and produce documents related to plaintiff's 4th Set of requests for discovery as provided below.

### REQUEST TO COMPEL DISCOVERY FROM PENTAGON FEDERAL CREDIT UNION ("PENFED")

On or about September 13, 2024, Plaintiff sent PenFed his 4th set of discovery before the discovery period ended on September 20, 2024 (See...Exhibit 18.1). On October 14, 2024 PenFed through its counsel "Sarah James" responded to plaintiff's 4th set of requests for production (See...Exhibit 18.2). On October 31, 2024 Plaintiff requested by email a meet and confer by which Sarah stated that she would be available on November 1, 2024. On November 1, 2024 plaintiff and Sarah meet and plaintiff clarified what he was looking for as it pertained to requests for production no.'s 46, 47, 49, 51, 52, 54, and 59. On November 4, 2024, PenFed provided supplemental responses to previous discovery requests ordered by the court but it did not contain any all information related to the meet and confer on November 1, 2024. The affidavits presented by PenFed (See...Exhibit 18-3) are without firsthand personal knowledge because the representative

was not physically involved in the transactions therefore lacks the firsthand personal knowledge required to support an affidavit and should not be considered or allowed to be used as evidence to support any allegations of the defendant.

Further, the defendant affidavit only references that the account was not sold, assigned or transferred however leaving out the fact that the account is not what is being sold, assigned, or transferred, it is the debt itself that separated from an account and affects the reporting which is why the consumer reporting agencies require the accounts to be reported a certain way when it has been sold, assigned and transferred to a third part for actions such as collections as evidenced by the Metro 2 reporting standards. Therefore, the debt itself separate from the account can be sold, assigned and transferred which is why a debt collector creates their own account number and reference that number when it communicates with the consumer they are collecting an alleged debt from and also referencing the previous account number for to inform the consumer where the debt was previously associated with. See....***Sprint Communications Co., L.P. v. APCC Services, Inc., 554 U.S. 269 (2008),*** the Supreme Court noted: "Assignees of a claim... have long been permitted to bring suit," implying that the right to pursue collection transfers with assignment.

Plaintiff also emailed Sarah on 11-4-2024 related to the meet and confer and to ask for an extension of time of 7 days to file a petition to compel discovery should PenFed need more time to comply with the discovery requests and to supplement its responses to the above referenced discovery. Because November 4, 2024 is the deadline to file a petition to compel discovery of his 4th Set of Requests for production, plaintiff if moving forward to file this petition to compel since he has not heard from Sarah as of the date of this petition as plaintiff request that Sarah respond by the end of the day today. All of the reference discovery requests are relevant to the claims in this case because PenFed is regulated under the Federal Reserve Act as they are members of the Federal Reserve utilizing and completing transactions with the Federal Reserve as part of PenFeds

ordinary course of business on a daily basis. Under this law, certain instruments such as Promissory notes, Drafts and Bills of Exchanges are treated a certain way and deposited where the federal reserve credit and or issues Federal Reserve Notes to an account managed by and associated with PenFed such as their master account and account that PenFed opens on behalf of its members some of which they fail to disclose.

Furthermore, it would prove where the credits initiated from that are associated with the loan transaction which plaintiff has a right to this information as this information would affect the current status of the alleged loans and whether or not there was a loss to PenFed as a result of funds that they actually lent out, not funds that were created as a result of a deposit of an instrument negotiated and deposited with the Federal Reserve that is associated with the plaintiff all of which would affect the reporting of the referenced accounts in this case. According to the Federal Reserve, Promissory Notes, Drafts, Bills of Exchanges, Consumer Loans are considered collateral and security for loans and the federal reserve issues credits and or Federal Reserve Notes when these instruments are transferred to them by physical and or electronic means. Plaintiff needs these documents to determine the facts of the matter not the opinions of hearsay from the parties who were not involved with any direct transactions of the referenced loans at the initial transaction stage.

For these reasons, plaintiff's motion to compel is timely and plaintiff has attempted in good faith to work with PenFed to resolve the discovery issues now presented to the court but have been unsuccessful and therefore moves this court for an order against defendant PenFed directing them to fully sufficiently respond to plaintiff's discovery requests and provide a sufficient response stating at the very least whether the documents requested does not exist, that they are not in possession of such document, have no knowledge of such documents, and or to produce the documents requested by the plaintiff no later than 7 days from the order of this court without any