UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

_____
                                                )
Nelson L. Bruce,                       )
                                                )
                 Plaintiff,         )
                                                )
                 v.                    )     CASE NO.: 2:22-cv-02211-BHH-MGB
                                                )
Pentagon Federal Credit Union; *et al.*   )
                                               )
                 Defendants.   )
_____)

**PENTAGON FEDERAL CREDIT UNION'S OPPOSITION**
**TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

On November 8, 2024, Nelson L. Bruce ("Bruce") filed a motion to compel against Pentagon Federal Credit Union ("PenFed") [ECF #348] ("the motion"). The motion asks the Court to compel PenFed to provide supplemental responses to Bruce's fourth set of requests for production.[1] (Pl.'s Mot. at 1.) The Court should deny the motion for four reasons.

First, Bruce did not serve the requests in a timely manner because PenFed's responses were not due until after the applicable discovery deadline. Second, the motion is untimely because Bruce filed it after the 21-day deadline in Local Rule 37.01 had expired. Third, the motion fails to explain why PenFed's objections and responses to the seven discovery requests identified in the motion are deficient. Fourth, Bruce's discovery requests are confusing, unclear, and, to the extent they can be understood, focus on matters that are irrelevant to the claims and defenses at issue in this case.

---

[1] The motion contains three pages, but the third page abruptly ends mid-sentence, and the footer states that it is "Page 3 of 5[.]" PenFed has not received pages four or five.

1

**1.      Bruce's Fourth Set of Requests for Production Were Untimely.**

The Amended Scheduled Order dated June 24, 2024, states as follows: "Discovery shall be completed no later than September 20, 2024. All discovery requests shall be served in time for the responses thereto to be served by this date." (6/24/2024 Order [ECF #193]). Bruce did not serve his fourth set of requests for production of documents on PenFed until September 13, 2024, just seven days before discovery was set to close. (Pl.'s Mot. at Ex. 18.1 [ECF 348-1] at 7.) Accordingly, PenFed's responses were not due until October 14, 2024, 24 days after discovery closed. *See* Fed. R. Civ. P. 34(b)(2)(A). The requests were therefore untimely.

Of course, the Court extended discovery for certain limited and specified purposes on September 26 and October 17, 2024. (9/26/2024 Order [ECF 292] at 22; 10/17/2024 Order [ECF 336] at 3.) The Court did not, however, reopen discovery generally or authorize Bruce to serve a fourth set of requests for production on PenFed. Accordingly, the requests were untimely.

**2.      Bruce's Motion to Compel is Untimely.**

Local Rule 37.01 states as follows: "Motions to compel discovery must be filed within twenty-one (21) days after receipt of the discovery response to which the motion to compel is directed or, where no response has been received, within twenty-one (21) days after the response was due." This Court routinely denies motions to compel that are filed after the 21-day window has expired. *Rowedder v. Primal Vantage Co., Inc.,* Civil Action No. 2:22-cv-2371-RMG, 2024 U.S. Dist. LEXIS 117592, at *4 (D.S.C. July 3, 2024) (collecting cases). The Court has discretion to consider an untimely motion to compel if the movant offers an acceptable explanation for the motion's tardiness. *Id*. "However, virtually all South Carolina district courts have denied motions to compel when they were filed outside the 2[1]-day window." *Id*. (quotation omitted).

The Court does not need to reach the merits of Bruce's motion to compel because Bruce failed to file it before the deadline established by Local Rule 37.01 passed. Bruce concedes that PenFed served its responses to his fourth set of requests for production by email on October 14, 2024. (Pl.'s Mot. at 1 & Ex. 18.2 [ECF 348-2] at 8.) Thus, the deadline for Bruce to file a motion challenging those responses was November 4, 2024. Since Bruce did not file the motion to compel until four days later on November 8, 2024, it was untimely. *See* Fed. R. Civ. P. Rule 5(d)(2) ("A paper not filed electronically is filed by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk.")

Significantly, Bruce was well aware of the 21-day deadline. In fact, his motion expressly acknowledges that the deadline was November 4, 2024. (Pl.'s Mot. at 1.) Moreover, the Court noted in its Order dated August 26, 2024, that a prior motion to compel filed by Bruce was untimely under Local Rule 37.01. (8/26/2024 Order [ECF 250] at 6 n.5.) Bruce was also alerted to the issue when Equifax Information Services, LLC opposed another one of Bruce's motions to compel on the grounds that it was filed after the 21-day deadline. (Equifax Opp'n [ECF 223] at 3-5.) Bruce, therefore, cannot credibly claim that he was unaware of the deadline.

Bruce has not explained why he did not file the motion until November 8, 2024. Accordingly, the Court should deny the motion as untimely.

**3.    Bruce's Motion Does Not Identify Deficiencies in PenFed's Discovery Responses.**

The Court should deny Bruce's motion to compel for the additional reason that it fails to comply with Local Rule 7.04 because it does not explain why the discovery Bruce seeks should be had and why PenFed's responses and objections are supposedly insufficient. Local Rule 7.04 requires that "[a]ny motion to compel discovery shall set forth the grounds for the motion,

3

including a statement explaining why the discovery should be had within the context of the action (where the motion challenges objections) or the relevant dates of service and facts demonstrating noncompliance or supporting a challenge to the sufficiency of the response."

Bruce's motion argues that PenFed's responses to Request Nos. 46, 47, 49, 51, 52, 54, and 59 are deficient, but it does not explain how any of those specific responses are deficient. The motion also fails to explain why the documents sought by any of the specific requests are even remotely relevant in the context of this action, as required by Local Rule 7.04.

Ignoring the specific discovery responses at issue, Bruce argues that all of the requests identified in his motion seek relevant documents by repeating a fantastical conspiracy theory that PenFed has already provided evidence to disprove. Bruce claims he is entitled to "credits" for funds that PenFed and the Federal Reserve Bank ("the FRB") "created" when PenFed issued loans to Bruce. (*See* Pl.'s Mot. at 3.) That argument is nonsense and is directly refuted by the declaration that Bruce attached as Exhibit 18.3 to his own motion. (Pl.'s Ex. 18.3 [ECF 348-3] at ¶¶ 22-35.)

**4.     Bruce's Discovery Requests Are Confusing, Vague, and Seek Irrelevant Documents.**

All of the discovery requests identified in Bruce's motion to compel are confusing, vague, unclear, irrelevant, or a combination thereof. PenFed's counsel spoke with Bruce on November 1, 2024, in an attempt to understand what documents Bruce is seeking, and why he contends that the documents are relevant, but that effort was unsuccessful.

The gravamen of Bruce's Fourth Amended Complaint [ECF #291] is that PenFed allegedly reported inaccurate information to credit reporting agencies about three credit accounts. Yet, six of the seven discovery requests identified in Bruce's motion seek information and documents that bear no relation to those accounts, to PenFed's reporting of those accounts, to the credit reporting disputes Bruce raised, or to credit reporting generally. (Pl.'s Ex. 18.1 [ECF 348-1] at Req. Nos. 46,

4

47, 49, 51, 52, & 54.) Instead, all six requests focus on Bruce's disproven and fantastical theory that the FRB paid off his loans for him. (*Id.*)

For example, Request No. 47 appears to seek "all" documents, including "legal authority," proving, as a general matter, that PenFed cannot deposit promissory notes, drafts, or bills of exchange with the FRB in exchange Federal Reserve Notes:

> **REQUEST NO. 47.** Produce all documents, correspondence, or legal authority demonstrating that promissory notes, drafts (such as checks), or bills of exchange are not backed by Federal Reserve Notes and cannot be deposited with a Federal Reserve Bank under the Federal Reserve Act or other regulations.

PenFed has already provided a declaration, which Bruce attached to his own motion, disproving Bruce's irrational and unsubstantiated belief that the FRB paid off his loans. (Pl.'s Ex. 18.3 [ECF 348-3] at ¶¶ 22-35.) Setting aside the fact that Bruce's arguments about the FRB are not relevant to any of the issues in dispute, there is nothing more PenFed can do to prove a negative, *i.e.*, to prove the FRB does not reimburse PenFed for issuing loans to Bruce or other consumers.

Similarly, Request Nos. 51 and 52 seek "policies and procedures" that do not exist:

> **REQUEST NO. 51.** Produce PenFed's policies and procedures regarding the types of collateral pledged to the Federal Reserve Bank in connection with consumer transactions, and any documentation showing what PenFed receives in return for these collateral pledges.
>
> **REQUEST NO. 52.** Produce PenFed's procedures for pledging collateral to the Federal Reserve Bank, including any internal policies and regulatory compliance documentation.

Since PenFed does not receive anything "in return" from the FRB for "collateral pledges" in connection with loans PenFed issues to consumers, it does not have any policies or procedures related to those non-existent transactions. PenFed cannot produce documents that do not exist.

Request Nos. 46, 49, and 54 are also irrelevant to the issues actually in dispute in this case:

> **REQUEST NO. 46.** Produce all documents, correspondence, or policies demonstrating PenFed's treatment or classification of promissory notes and other negotiable instruments, including the reasons such instruments are or are not considered valid tender for payment.
>
> **REQUEST NO. 49.** Produce all documents, policies, or internal guidelines evidencing that PenFed does not engage in fractional-reserve banking.
>
> **REQUEST NO. 54.** Produce all documents identifying the owner of PenFed account number [redacted] 990, including records showing the sources, transfers, and credits of any funds associated with this account.

Request No. 46 does not make sense as phrased, and, in any event, PenFed's general practices regarding the "classification of promissory notes and other negotiable instruments" has no bearing on the credit reporting dispute at issue. Request No. 47 is also irrelevant because the practice of "fractional-reserve banking" has nothing to do with credit reporting. Finally, Request No. 54 also appears to be predicated on Bruce's incorrect theory that the FRB paid off his loans.

The only other discovery request identified in Bruce's motion, Request No. 59, seeks documents that PenFed has already produced:

> **REQUEST NO. 59.** Produce all documents and transaction records that demonstrate PenFed funded any alleged loans to Plaintiff, including records showing the source of the funds used to finance the alleged loans and any transfers of funds into Plaintiff's accounts.
>
> **OBJECTION: PenFed refers Bruce to the documents it previously produced in relation to the loans it issued to Bruce, including the account statements and the check PenFed issued to a car dealership to fund Bruce's vehicle loan.**

As stated in PenFed's response, PenFed has already produced the documents sought by Request No. 59, including Bruce's account statements and the check issued for his vehicle loan.

Dated: November 22, 2024

**PENTAGON FEDERAL CREDIT UNION**

*/s/ G. Troy Thames*
G. Troy Thames (Federal ID No.: 07713)
WILLSON JONES CARTER & BAXLEY, P.A.
4922 O'Hear Avenue, Suite 301
North Charleston, SC 29405
Telephone: (843) 284-0832
Facsimile: (843) 606-3300
Email: tthames@wjcblaw.com

Michael A. Graziano (*pro hac vice*)
Sarah A. James (*pro hac vice*)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
1717 Pennsylvania Avenue, N.W., Suite 1200
Washington, D.C. 20006
Telephone: 202.659.6671
Facsimile: 202.659.6699
E-mail: mgraziano@eckertseamans.com
          sjames@eckertseamans.com

*Attorneys for Pentagon Federal Credit Union*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of November, 2024, I served the foregoing via e-mail and first class mail on:

>Nelson L. Bruce
>P.O. Box 3345
>Summerville, SC 29484
>*Pro Se Plaintiff*

>       */s/ G. Troy Thames*_____
>       G. Troy Thames