UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Nelson L. Bruce, | Case No.: 2:22-cv-02211-BHH-MGB |
|---|---|
| Plaintiff, | **PLAINTIFF'S PETITION FOR AN EVIDENTIARY HEARING TO REQUIRE THE COURT TO PRODUCE EVIDENCE SUPPORTING ITS CONCLUSION THAT NO NEWLY DISCOVERED EVIDENCE EXISTS AND REQUEST TO STAY AND EXTEND TIME FOR DEPOSITION** |
| v. | |
| Pentagon Federal Credit Union; et al. | |
| Defendants. | |

## INTRODUCTION

COMES NOW, Plaintiff **Nelson L. Bruce**, proceeding *Propria Persona, Sui Juris*, and respectfully petitions this Honorable Court to schedule an **Evidentiary Hearing** requiring the **Court to produce evidence supporting its decision** that no newly discovered evidence exists, which served as the basis for its denial of Plaintiff's **Rule 60(b) Petition for Relief from Prior Court Orders**. Plaintiff further requests that the Court **stay and extend the deadline for conducting a deposition of Defendant Pentagon Federal Credit Union (PenFed)** pending the resolution of this evidentiary hearing.

This petition is made in the interest of **due process, judicial integrity, and the rule of law**, ensuring that all legal determinations are based on **actual evidence rather than conclusory statements**.

## LEGAL ARGUMENT

I. **The Court's Conclusion That No Newly Discovered Evidence Exists Lacks Supporting Evidence and Must Be Factually Justified**

1. The Court, in **ECF No. 385**, denied Plaintiff's **Rule 60(b) motion**, stating that Plaintiff had not presented newly discovered evidence. However, the Court did not **cite any specific evidence or findings** supporting this conclusion.

2. **ECF No. 374 explicitly ordered Defendants to address Plaintiff's substantive arguments and "clarify when the evidence at issue was provided to Plaintiff."**

3. **Defendant PenFed, in its opposition (ECF No. 378), openly admitted that it did not produce any of the evidence at issue to Plaintiff. Instead, Defendant claimed that the documents Plaintiff submitted were publicly available.** However, it failed to provide any concrete proof that Plaintiff had actual prior knowledge of these public records before his discovery of the evidence at issue.

4. **The mere existence of public records does not establish that a party previously discovered them or had knowledge of their contents.** Case law supports that a party may **only be charged with knowledge of a public record if there is specific evidence that they accessed and reviewed it prior to bringing forth the newly discovered evidence.**

5. The Court cannot **legally or logically conclude that no newly discovered evidence exists without producing evidence to show when Plaintiff previously accessed the records.** A conclusory statement from the Court does not satisfy the **Federal Rules of Civil Procedure** or **Due Process Clause of the Fifth Amendment**.

## II. The Court Must Conduct an Evidentiary Hearing to Present Factual Findings Supporting Its Conclusion

1. Here, the Court has made a determinative factual ruling—that Plaintiff's evidence is not newly discovered—without citing any factual findings or supporting evidence.

2. The only way to properly determine whether the evidence was indeed previously discovered or reasonably discoverable is through an Evidentiary Hearing where the Court is required to present the factual basis for its conclusion.

## III. The Court Lacks Jurisdiction to Issue Orders Through a Magistrate Judge Without Plaintiff's Consent

1. Plaintiff has never consented to the jurisdiction of a magistrate judge in this matter. Therefore, any orders issued by the magistrate judge, including those related to discovery and depositions, are unconstitutional.

2. **28 U.S.C. § 636(b)(1)** states that a magistrate judge may only issue recommendations on dispositive matters, not final orders, absent consent. See…***Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982)** (confirming that magistrates lack Article III authority to issue dispositive rulings without consent).

3. Because Plaintiff has not consented to the magistrate's jurisdiction, all prior orders issued by the magistrate must be vacated as unconstitutional.

### IV. Request for Stay and Extension of Time to Conduct Depositions Pending Resolution of This Petition

1. Plaintiff respectfully requests that the Court **stay and extend the deposition deadline** for PenFed **until the Court produces evidence at an evidentiary hearing** that justifies its ruling on the newly discovered evidence issue.

2. The **current deposition deadline of February 17, 2025**, must be extended because the Court's prior ruling is **premised on unproven factual conclusions** regarding Plaintiff's discovery of new evidence. Until this issue is resolved, proceeding with depositions would be **procedurally unjust and prejudicial** to Plaintiff's case.

3. An extension of time is also needed because plaintiff is only available to schedule a deposition on Mondays and because plaintiff did not receive this court's 2-4-2025 (ECF No. 385) decision until the end of the day on the 7th of February 2025, it is not enough notice to confer with PenFed and the parties conducting the deposition to prepare and schedule a deposition. Plaintiff is not available on the 17th because of a scheduled appointment.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff **respectfully requests the following relief**:

1. That this Honorable Court **grant an evidentiary hearing requiring the Court to present factual evidence supporting its conclusion that no newly discovered evidence exists**;
2. That this Honorable Court **vacate all orders issued by the magistrate judge due to Plaintiff's lack of consent to magistrate jurisdiction**;
3. That this Honorable Court **stay and extend the deposition deadline** for Defendant Pentagon Federal Credit Union **pending the resolution of this petition**; and
4. That the Court grant **any additional relief deemed just and proper in the interest of justice.**

Dated this 12th day of February, 2025.

RESPECTFULLY PRESENTED,

_Nelson L. Bruce_

Nelson L. Bruce, Propria Persona, Sui Juris
"All Secured Natural Rights Explicitly Reserved and Retained"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com