IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, ) | Civil Action No. 2:22-cv-02211-BHH-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Pentagon Federal Credit Union, *et. al*., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Nelson L. Bruce ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action on July 12, 2022, bringing claims pursuant to the Fair Credit Reporting Act ("FCRA"), among others. (ECF Nos. 1; 291.) Before the Court is Plaintiff's motion for miscellaneous relief. (ECF No. 387.)

First, Plaintiff essentially asks the Court to reconsider its February 4, 2025, order, which denied Plaintiff's Rule 60(b) petition for relief. (ECF Nos. 373; 385.) In his Rule 60(b) petition, Plaintiff sought relief from this Court's order filed on March 20, 2024, resolving certain dispositive motions (ECF No. 154) and from the following orders issued by the Magistrate Judge: (1) August 26, 2024, order denying Plaintiff's motion to compel and motion for issuance of subpoena (ECF No. 250); (2) October 17, 2024, order resolving various discovery motions filed by the parties (ECF No. 336); (3) December 9, 2024, order denying Plaintiff's motion to compel and fifth motion to amend the complaint (ECF No. 358); and (4) January 9, 2025, order granting in part and denying in part Plaintiff's motion for issuance of subpoenas (ECF No. 371). This Court denied Plaintiff's Rule 60(b) petition, finding that "Plaintiff has not offered any newly discovered evidence or

1

otherwise established any clear errors of law indicating manifest injustice in the record." (ECF No. 385.)

Specific to Plaintiff's instant request for an evidentiary hearing, "[h]earings on motions may be ordered by the court in its discretion." Local Civil Rule 7.08, D.S.C. After review, the Court, in its discretion, finds that an evidentiary hearing is not warranted in this instance. Turning to Plaintiff's purported newly discovered evidence, "the evidence must not have been discoverable prior to judgment by the exercise of reasonable due diligence." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 292 (4th Cir. 2021). Plaintiff has failed to meet his burden of demonstrating that the evidence meets this requirement. *See id*. Upon review, ten of the twelve exhibits that Plaintiff describes as "newly discovered evidence" are public records, and there is no evidence that Plaintiff could not have obtained these records prior to the issuance of above-mentioned orders. (*See* ECF Nos. 373-1; 373-2; 373-3; 373-4; 373-6; 373-7; 373-8; 373-9; 373-10; 373-11.) And while Plaintiff relies on the promissory note as "newly discovered evidence," this note is signed by Plaintiff and dated April 20, 2016. (ECF No. 373-12.) Thus, Plaintiff knew of its existence prior to filing the instant action. As to the final exhibit, the second declaration of Craig Olson (ECF No. 373-5), this was produced to Plaintiff on November 4, 2024, prior to the orders issued on December 9, 2024, and January 9, 2025 (ECF Nos. 358; 371).

Moreover, the Court finds that this proffered evidence is not "likely to produce a new outcome" on reconsideration of the orders at issue in Plaintiff's prior Rule 60(b) petition. *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989) (To proceed based on newly discovered evidence, the party moving for reconsideration must demonstrate that, *inter alia*, "the evidence is such that is likely to produce a new outcome if the case were retried."). The mere fact that financial institutions can pledge their assets, including promissory notes, as collateral to borrow money from

other lenders does not impact any prior rulings made in this case. And, to the extent Plaintiff claims that using a promissory note as collateral to obtain a loan automatically extinguishes the maker's obligations under the note, such a claim lacks an arguable basis in fact or law. The Court, therefore, denies Plaintiff's request for reconsideration of the February 4, 2025, order and for an evidentiary hearing.

Next, Plaintiff again challenges "the jurisdiction of a magistrate judge in this matter" and asks the Court to "vacate all orders issued by the magistrate judge." (ECF No. 387 at 2-3; *see also* ECF Nos. 288; 300; 342.) Upon review, the Court finds that the Magistrate Judge has appropriately exercised her authority pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), D.S.C. Contrary to Plaintiff's assertion, his consent is not required for a magistrate judge's participation in the pretrial proceedings of this case. Therefore, the Court denies Plaintiff's request to vacate all orders issued by the Magistrate Judge.

Finally, Plaintiff asks for an extension of time to conduct the depositions set forth in ECF No. 371. The Court grants this request and extends this deadline to March 7, 2025. The Court also extends the dispositive motions deadline to March 14, 2025.

Based on the foregoing, the Court grants in part and denies in part Plaintiff's motion (ECF No. 387), as specifically outlined in this order.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks  
United States District Judge

February 20, 2025  
Charleston, South Carolina

3