# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce, | ) | Civil Action No. 2:22-cv-02211-BHH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Pentagon Federal Credit Union, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

    Nelson L. Bruce, proceeding *pro se* and *in forma pauperis*, filed this action on July 12, 2022, bringing claims pursuant to the Fair Credit Reporting Act ("FCRA"), among others. (Dkt. Nos. 1; 171.) Per the First Amended Scheduling Order, discovery in this case ended on September 20, 2024, and a limited extension was granted through January 22, 2025. (Dkt. Nos. 193; 336.) Relevant here, on July 19, 2024, the Court granted Plaintiff's motion for issuance of a subpoena on third party, National Credit Corporation ("NCC"). (Dkt. Nos. 205-1 at 10–14; 211.) Plaintiff subsequently moved to compel NCC to comply with Plaintiff's subpoena, which was served upon NCC by the United States Marshals Service on July 30, 2024. (Dkt. Nos. 264; 264-1.) The Court denied Plaintiff's motion to compel on September 23, 2024, finding that the jurisdiction requirements of Rule 45 of the Federal Rules of Civil Procedure require Plaintiff to file his motion in the district where the sought documents are located. (Dkt. No. 281.)

    The Court takes judicial notice that Plaintiff then moved to compel NCC's compliance with the subpoena in the United States District Court for the Eastern District of Virginia.[1] *See* Case No.

---

[1] *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (explaining that a federal court may take judicial notice of the contents of its own records, as well as those records of other courts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (same).

1:24-mc-00026 (E.D. Va. Oct. 11, 2024). After holding a virtual hearing, the Virginia district court denied Plaintiff's motion to compel on February 14, 2025. *Id*.; Dkt. No. 12. On February 25, 2025, the court denied Plaintiff's "Request for Relief from Final Order under Federal Rules of Civil Procedure 59(e) and 60(b)." *Id*.; Dkt. No. 14. In its latter order, the court stated that it denied Plaintiff's "Petition and Default Judgment Request" because Plaintiff "failed to properly serve both the subpoena and the Petition to Compel Discovery" on NCC and because "the stated place for compliance was at NCC's office and [Plaintiff] did not appear at NCC's office on the day for compliance to receive any response to the subpoena."[2] *Id.*

On March 4, 2025, Plaintiff filed an "Emergency Petition to Subpoena to Non-Party Nationwide Credit Corporation ('NCC') Request for Extension of Time."[3] (Dkt. No. 392.) Plaintiff signed the instant motion on February 28, 2025. (*Id.*) Plaintiff has attached to his filing the Virginia court's February 25, 2025 order. (Dkt. No. 392-1.) Here, Plaintiff "moves this court for an order as soon as possible re-issuing the subpoena which was originally granted against NCC which Plaintiff has made the modifications that appear to have led to the Virginia district court's denial of the petition to compel discovery against NCC." (Dkt. No. 392 at 1.) Plaintiff also seeks "an extension of time on discovery of approximately 30-60 days to perfect service" of this subpoena. (*Id*. at 1–2.)

For the reasons that follow, Plaintiff's Emergency Petition is denied. First, the discovery deadline has expired, and Plaintiff's initial failure to properly complete the forms to execute service of the underlying subpoena does not establish good cause to amend the discovery deadline. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the

---

[2] It appears service was not proper because, *inter alia*, the completed AO 88B subpoena form was not directed to NCC's registered agent.
[3] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(e), D.S.C.

judge's consent."). This case has been pending approximately two and a half years, and Plaintiff has had ample time to pursue discovery to support his claims.

Additionally, given the development of the record in this case, Plaintiff has not established the requisite relevance and proportionality of the materials sought in the underlying subpoena. *See* Fed. R. Civ. P. 26(b)(1). When issuing the subpoena on July 19, 2024, the Court found the materials sought from NCC were relevant because the Third Amended Complaint alleges that Defendant Pentagon Federal Credit Union ("PenFed") "knew the line of credit account being reported and published on [Plaintiff's] consumer reports . . . allegedly belonging to the Plaintiff was assigned and transferred to" NCC. (*See* Dkt. Nos. 171 at 19–20; 211.) However, after the Court issued the subpoena, PenFed submitted affidavit testimony from its Vice President of Legal Operations, averring that as of November 1, 2024, "PenFed has never sold, assigned, or transferred its ownership rights with respect to any of the accounts" at issue in this action. (Dkt. No. 345-1 at 3.)

Based on the foregoing, Plaintiff's Emergency Petition and his related request for an extension of the discovery deadline (Dkt. No. 392) are DENIED.

IT IS SO ORDERED.

March 5, 2025

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE