IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, ) | Civil Action No. 2:22-cv-02211-BHH-MGB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Pentagon Federal Credit Union, *et. al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Nelson L. Bruce, proceeding *pro se* and *in forma pauperis*, filed this action on July 12, 2022, bringing claims pursuant to the Fair Credit Reporting Act ("FCRA"), among others. (Dkt. Nos. 1; 291.) Before the Court is "Plaintiff's Rule 54(b) Petition for Relief from Order Denying Reissuance of Subpoena and Request to Seal Deposition Exhibit 1.7 under the Confidential Order (ECF No. 179)." (Dkt. No. 400.)

Plaintiff first asks the Court to reconsider its March 5, 2025 order, denying Plaintiff's motion for issuance of a subpoena to Nationwide Credit Corporation ("NCC"). The Court exhaustively detailed the relevant procedural history in the March 5, 2025 order and incorporates that history by reference herein. (*See* Dkt. No. 395.) In his instant Motion, Plaintiff argues that the Virginia district court erred in denying Plaintiff's motion to compel a response from NCC to the subpoena. (Dkt. No. 400 at 1–2.) He further argues that this Court erred in finding that Plaintiff had not established the requisite relevance and proportionality of the materials sought in the underlying subpoena. (*Id*. at 2–5.)

Upon careful review, Plaintiff has failed to offer any compelling newly discovered evidence or otherwise established any clear errors of law indicating manifest injustice in the record. *See South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017) ("[R]econsideration

1

under Rule 54(b) is appropriate on the following grounds: (1) to account for an intervening change in controlling law; (2) to account for newly discovered evidence; or (3) to correct a clear error of law or prevent manifest injustice."). Indeed, Plaintiff largely rehashes arguments that the Court has already considered and rejected, which is not appropriate under Rule 54(b). *See id*. ("[A] motion to reconsider an interlocutory order should not be used to rehash arguments the court has already considered merely because the movant is displeased with the outcome."). As stated in the March 5, 2025 order, Plaintiff's "emergency petition" to subpoena NCC (Dkt. No. 392) is untimely, and Plaintiff has not established good cause to amend the discovery deadline and issue the underlying subpoena.[1] Plaintiff's "Rule 54(b) Petition" is therefore DENIED.

Pursuant to Local Civil Rule 5.03, DSC and the parties' Confidentiality Order (Dkt. No. 179) the Court GRANTS Plaintiff's request to seal Dkt. No. 400-4.

Plaintiff's Motion (Dkt. No. 400) is therefore GRANTED IN PART AND DENIED IN PART. Dispositive motions remain due by April 11, 2025.

IT IS SO ORDERED.

March 18, 2025

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] Specific to the issue of relevance, the affidavit testimony cited by Plaintiff makes clear that NCC was "assigned" Plaintiff's past-due account solely as a debt collector. (Dkt. No. 345-1 at 4.) There is no indication the Metro 2 reporting guidelines cited by Plaintiff are applicable in such a situation. Regardless, the underlying emergency petition was untimely, and it was denied correctly on this basis.