# EXHIBIT C

## Second Declaration of Craig Olson

**Nelson L. Bruce**
**v.**
**Pentagon Federal Credit Union, et al.**

**Case No.:  2:22-cv-2211-BHH-MGB**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:22-cv-02211-BHH-MGB |
| ) | |
| Pentagon Federal Credit Union; *et al*. ) | District Judge Bruce Howe Hendricks |
| ) | Magistrate Judge Mary Gordon Baker |
| Defendants. ) | |

## SECOND DECLARATION OF CRAIG OLSON

1. I, Craig Olson, am over the age of eighteen and can competently testify in the above-captioned case.

2. Unless otherwise stated, I have personal knowledge of the matters stated herein.

3. I am currently employed by Pentagon Federal Credit Union ("PenFed") as Vice President, Legal Operations, and have held that position since May 2024.

4. From December 2017 to May 2024, I was employed by PenFed as Vice President, Credit Risk Operations.

5. Prior to December 2017, I was employed by PenFed in various additional positions beginning in February 2009.

6. As part of its regular business activities, PenFed creates, receives, and keeps records related to accounts opened by its members, including but not limited to signature cards, account agreements, promissory notes, checks and other financial instruments, account statements, and communications related to collections activities, including communications involving third-parties PenFed engages to collect past due debts owed by members.

1

7. In connection with my current position with PenFed as Vice President, Legal Operations, as well as the previous positions I held with PenFed from February 2009 until May 2024, I have access to the records described in paragraph 6 above.

8. Nelson L. Bruce opened three credit accounts with PenFed: (1) a vehicle loan with an account number ending in 3812 (the "vehicle loan"); (2); a personal line of credit with an account number ending in 6770 (the "PLOC"); and (3) a credit card account with an account number ending in 1336 (the "credit card account").

9. As of the date of this declaration, PenFed has never sold, assigned, or transferred its ownership rights with respect to any of the accounts referenced in paragraph 8.

10. As of the date of this declaration, PenFed has retained sole legal ownership over the accounts referenced in paragraph 8.

11. An April 11, 2022, letter from PenFed to Bruce, which is attached hereto as Exhibit 1, advised Bruce that the vehicle loan, PLOC, and credit card account are legally established debts that he is liable to repay, and PenFed had charged off the accounts as bad debt due to nonpayment.

12. The April 11, 2022, letter from PenFed to Bruce indicated that PenFed sold the credit card account to United Holdings Group, LLC ("UHG").

13. While PenFed planned to sell Bruce's credit card account to UHG, the sale was never completed, and PenFed still owns the credit card account as of the date of this declaration.

14. In general, when a loan account becomes the subject of a lawsuit, PenFed's routine practice is to refrain from selling the loan account while the lawsuit is pending.

15. My understanding is that UHG's response to a subpoena Bruce issued in this case confirms that UHG did not acquire the credit card account.

16. Specifically, UHG's response to Bruce's subpoena, which is attached hereto as Exhibit 2, states as follows: "After a thorough search of all records, UHG is unable to locate an account with the information provided."

17. The April 11, 2022, letter from PenFed to Bruce also indicated that PenFed had "assigned" Bruce's PLOC to Nationwide Credit Corporation ("NCC").

18. My understanding is that NCC is a debt collection agency that specializes in recovering past-due accounts for others.

19. PenFed "assigned" the PLOC to NCC so that NCC could collect the past due debt on behalf of PenFed.

20. Although PenFed "assigned" NCC as the debt collector for the PLOC, PenFed did not assign its ownership rights with respect to the PLOC to NCC.

21. A copy of check that PenFed issued to Chapman BMW to fund Bruce's vehicle loan is attached hereto as Exhibit 3.

22. My understanding is that the Federal Reserve Bank ("FRB"), as a general matter, assists in the process of clearing a check by acting as an intermediary to facilitate the flow of funds between the financial institutions that are involved in drawing and negotiating the check.

23. The FRB does not pay or settle debts owed to PenFed by consumers, does not fund loans PenFed issues to its members, and does not reimburse PenFed for issuing loans to consumers.

24. When another financial institution negotiates a check drawn on a PenFed account and presents the check to the FRB for clearing, the FRB debits PenFed's account with the FRB and credits the account of the financial institution that negotiated the check.

25. Conversely, when PenFed negotiates a check drawn on another financial institution and presents the check to the FRB for clearing, the FRB credits PenFed's account with the FRB in the amount of the check.

26. The FRB submits checks and other items to PenFed electronically in batches instead of settling items on an individual basis.

27. PenFed received the copy of the check attached hereto as Exhibit 3 from the FRB as part of its check-clearing process after another financial institution negotiated the check.

28. The FRB included the check in a batch with other items that were not related to Bruce or any of his accounts with PenFed.

29. Since the check was drawn on a PenFed account, the FRB debited PenFed's account with the FRB in the amount of the check so that the FRB could issue a credit in the same amount to the account of the financial institution that negotiated the check.

30. PenFed did not receive any credits or payments from the FRB, or anybody else, in connection with the check PenFed issued to Chapman BMW.

31. To the contrary, the FRB debited PenFed's account in the amount of the check so that it could credit the account of the other financial institution that negotiated the check.

32. The bottom of the document containing the copy of the check that PenFed received from the FRB references a "Credit Amount" of $353,252.34.

33. The reference to $353,252.34 reflects the aggregate amount of the items in the batch that included the check PenFed issued to Chapman BMW as well as other items unrelated to Bruce.

34. PenFed has not been compensated by the FRB, Bruce, or anybody else, for the debt Bruce owes in connection with the vehicle loan, the PLOC, or the credit card account.

35. PenFed has never created or otherwise opened any accounts with the FRB in Bruce's name.

36. After a reasonable inquiry, PenFed is not aware of any current employees, other than the attorneys working on this case, having personal knowledge related to Bruce, Bruce's accounts with PenFed, or the transactions involving Bruce that are at issue in this case beyond the information available in PenFed's business records, including the records described in this declaration and my first declaration, which is dated August 19, 2024.

37. PenFed's general financial condition, its general financial reporting, its general accounting practices, and its general collections practices are not relevant to the credit reporting disputes Bruce has raised because those matters do not have any bearing on the accuracy of the information PenFed furnished to credit reporting agencies about Bruce's accounts.

38. The documents and information Bruce has requested with respect to PenFed's interactions with the FRB are not relevant to the credit reporting disputes Bruce has raised because, as explained in paragraphs 23-35, the FRB does not fund loans PenFed issues to consumers generally, and the FRB has not paid off or settled Bruce's loans.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED: November 1, 2024.

Craig Olson
Vice President, Legal Operations
Pentagon Federal Credit Union

**From:** Leon Bruce [mailto:cadillacflippin@yahoo.com]
**Sent:** Saturday, June 03, 2017 7:09 PM
**To:** Repo Desk
**Subject:** [EXTERNAL] Regards Final Payments sent

Sarah,

   Attached are the money orders presented to the payoff department which was received by them on May 15, 2017 under certified mail number 7016 1970 0001 2084 5113 to set-off and discharge the balances stated in Penfed's statements. The bottom half of the documents are the money orders and are to be processed through my private primary treasury direct account setup with the U.S. Treasury as required under 31 C.F.R. 363.27(f). If something is missing, an authorization form needs to be signed or there is an issue processing these money orders through my private account, please have your financial department provide what the issue is so that I may correct the issue so we can get these accounts settled. Thanks!

2



DEFENDANT'S EXHIBIT 10

From the office of the Grantor AN EXECUTIVE ORDER

From: Nelson Bruce
PMB ▓▓▓ Pavilion Street
Summerville, South Carolina 29483-8444

Beneficiary/Administrator
Executor/Presenter

To: Pentagon Federal Credit Union, USA (A.K.A. – PenFed)
ATTN: Denise McGlone – CFO
c/o Payoff Dept.
Address: PO Box 247009
OMAHA, NE 68124-7009

Certified Mail #<u>7016 1970 0001 2084 5113</u>

May 9, 2017

Account Number: ▓▓▓▓▓▓▓3-81-2

NOTICE OF CHANGE IN TERMS OF THE AGREEMENT; The Original Payment Acceptance Arrangement is now being reinstated with the following additions, any and all presentment, Bill of exchanges, money orders, checks, letters of credit, bills of credit, negotiable instruments, and or payments of any type are to be credited to this account upon receipt without delay (within 12 hours of receipt of such presentments) and the trustees/fiduciaries are at no time permitted and/or allowed to change the terms of the agreement henceforth, heretofore and/or forever. The credits are to be applied to the account of the PAYOR, and Are To Be Made immediately available upon receipt of any presentment presented and received by the trustees/fiduciaries within 12 hours of receipt of the presentment.

Fair debt collection Practices ACT (FDCPA), 15 U.S.C §1692 et seq., 1978; Title VIII of the Consumer Credit Protection ACT of 1978; THE EMERGENCY ECOMONIC ACT May 12, 1933; The Indentured Trust ACT of 1939; THE GOLD REPEAL ACT of 1933; The Securities Exchange Act of 1934; The Fair Credit reporting Act 1970; Public Law No. 91-508 enacted in 1970; The Bankruptcy ACT of 1933; 12 USC 411, P.L 97.280; UCC 1-103, 1-308,2-221, 2-104, 3-415-419. 3-501 thru 510: 31 U.S. Code § 5312: TITLE 12—BANKS AND BANKING 12 USC 411 - Sec. 411, 12 U.S.C. § 1813(i)(1), 12 U.S. Code § 1831n.

---

The Nelson Bruce Estate a foreign state
U.N.C.I.T.R.A.L AND w\out the United States
▓▓▓▓ PAVILION STREET
SUMMERVILLE THE REPUBLIC OF SOUTH CAROLINA STATE

A TREASURY DIRECT ITEM OF CREDIT BIN of Exchange

**MONEY ORDER**

Date: _____ MAY 9, 2017 _____

Remit at PAR
Pay at sight to
The order of

_Penfed Credit Union_

Amount: **FORTY THOUSAND DOLLARS AND ZERO CENTS**

$ 40,000.00 xxxxxxx

Reference- Offer, Acceptance, and Pledges; by the Beneficiary A Presentment is Without Recourse, This is an Original Issue Priority, An active Private Issue Account, Treasury Direct Accrual to be passed thru Acct # 0247637185 and routing # 053904483 with the processing of this International Bill of Exchange A Money Order, The Fiduciary is To Be Held Harmless And has exempt status in compliance with The Accompanying Money Order/BOE and when Passing through the PRINCIPLE ACCOUNT of NELSON BRUCE as noted above. NOT A CASH ITEM, SEE: 31 C.F.R. 363.27 FOR STATUTORY OPERATION OF LAW AND AUTHORITY.

Nelson L. Bruce
Administrator/Beneficiary W/OUT RECOURSE



From the office of the Grantor AN EXECUTIVE ORDER

Beneficiary/Administrator
Executor/Presenter

**From: Nelson Bruce**
**PMB** ▮ **Pavilion Street**
**Summerville, South Carolina 29483-8444**

To: Pentagon Federal Credit Union, USA (A.K.A. - PenFed)
ATTN: Denise McGlone - CFO
c/o Payoff Dept.
Address: PO Box 247009
OMAHA, NE 68124-7009

Certified Mail #7016 1970 0001 2084 5113

May 9, 2017

Account Number: ▮▮▮6-77-0

NOTICE OF CHANGE IN TERMS OF THE AGREEMENT; The Original Payment Acceptance Arrangement is now being reinstated with the following additions, any and all presentment, Bill of exchanges, money orders, checks, letters of credit, bills of credit, negotiable instruments, and or payments of any type are to be credited to this account upon receipt without delay (within 12 hours of receipt of such presentments) and the trustees/fiduciaries are at no time permitted and/or allowed to change the terms of the agreement henceforth, heretofore and/or forever. The credits are to be applied to the account of the PAYOR, and Are To Be Made immediately available upon receipt of any presentment presented and received by the trustees/fiduciaries within 12 hours of receipt of the presentment.

Fair debt collection Practices ACT (FDCPA), 15 U.S.C §1692 et seq., 1978; Title VIII of the Consumer Credit Protection ACT of 1978; THE EMERGENCY ECOMONIC ACT May 12, 1933; The Indentured Trust ACT of 1939; THE GOLD REPEAL ACT of 1933; The Securities Exchange Act of 1934; The Fair Credit reporting Act 1970; Public Law No. 91-508 enacted in 1970; The Bankruptcy ACT of 1933; 12 USC 411, P.L. 97.280; UCC 1-103, 1-308, 2-221, 2-104, 3-415-419, 3-501 thru 510; 31 U.S. Code § 5312; TITLE 12—BANKS AND BANKING 12 USC 411 - Sec. 411, 12 U.S.C. § 1813(l)(1), 12 U.S. Code § 1831n.

---

The Nelson Bruce Estate a foreign state
U.N.C.I.T.R.A.L. AND w\out the United States
▮▮▮ PAVILION STREET
SUMMERVILLE THE REPUBLIC OF SOUTH CAROLINA STATE

A TREASURY DIRECT ITEM OF CREDIT Bill of Exchange

**MONEY ORDER**

Date: _MAY 9, 2017_

Remit at PAR
Pay at sight to
The order of

_PenFed Credit Union_

$7,000.00 xxxxxxx

Amount **SEVEN THOUSAND DOLLARS AND ZERO CENTS**

Reference- Offer, Acceptance, and Pledges; by the Beneficiary A Presentment Is Without Recourse. This is an Original Issue Priority, An active Private Issue Account, Treasury Direct Accrual to be passed thru Acct # 0247637185 and routing # 053904483 with the processing of this International Bill of Exchange A Money Order, The Fiduciary is To Be Held Harmless And has exempt status in compliance with The Accompanying Money Order/BOE and when Passing through the PRINCIPLE ACCOUNT of NELSON BRUCE as noted above. NOT A CASH ITEM, SEE: 31 C.F.R. 363.27 FOR STATUTORY OPERATION OF LAW AND AUTHORITY.

Administrator/Beneficiary W/OUT RECOURSE



From the office of the Grantor AN EXECUTIVE ORDER

From: Nelson Bruce
PMB [redacted] Pavilion Street
Summerville, South Carolina 29483-8444

To: Pentagon Federal Credit Union, USA (A.K.A. – PenFed)
ATTN: Denise McGlone – CFO
c/o Payoff Dept.
Address: PO Box 247009
OMAHA, NE 68124-7009

Beneficiary/Administrator
Executory Presenter

Certified Mail #7016 1970 0001 2084 5113

May 9, 2017

Account Number: [redacted]1336

NOTICE OF CHANGE IN TERMS OF THE AGREEMENT; The Original Payment Acceptance Arrangement is now being reinstated with the following additions, any and all presentment, Bill of exchanges, money orders, checks, letters of credit, bills of credit, negotiable instruments, and or payments of any type are to be credited to this account upon receipt without delay (within 12 hours of receipt of such presentments) and the trustees/fiduciaries are at no time permitted and/or allowed to change the terms of the agreement henceforth, heretofore and/or forever. The credits are to be applied to the account of the PAYOR, and Are To Be Made immediately available upon receipt of any presentment presented and received by the trustees/fiduciaries within 12 hours of receipt of the presentment.

Fair debt collection Practices ACT (FDCPA), 15 U.S.C.§1692 et seq., 1978; Title VIII of the Consumer Credit Protection ACT of 1978; THE EMERGENCY ECOMONIC ACT May 12, 1933; The Indentured Trust ACT of 1939; THE GOLD REPEAL ACT of 1933; The Securities Exchange Act of 1934; The Fair Credit reporting Act 1970; Public Law No. 91-508 enacted in 1970; The Bankruptcy ACT of 1933; 12 USC 411, P.L. 97.280; UCC 1-103, 1-308,2-221, 2-104, 3-415-419. 3-501 thru 510: 31 U.S. Code § 5312: TITLE 12—BANKS AND BANKING 12 USC 411 - Sec. 411, 12 U.S.C. § 1813(l)(1), 12 U.S. Code § 1831n.

---

The Nelson Bruce Estate a foreign state
U.N.C.I.T.R.A.L AND w\out the United States
[redacted] PAVILION STREET
SUMMERVILLE THE REPUBLIC OF SOUTH CAROLINA STATE

A TREASURY DIRECT ITEM OF CREDIT Bill of Exchange

**MONEY ORDER**

Date: MAY 9, 2017

Remit at PAR
Pay at sight to
The order of

PenFed Credit Union

SIXTEEN THOUSAND DOLLARS AND ZERO CENTS

$ 16,000.00 xxxxxxx

Reference- Offer, Acceptance, and Pledges; by the Beneficiary A Presentment Is Without Recourse, This is an Original Issue Priority, An active Private Issue Account, Treasury Direct Accrual to be passed thru Acct # 0247637185 and routing # 053904483 with the processing of this International Bill of Exchange A Money Order, The Fiduciary is To Be Held Harmless And has exempt status in compliance with The Accompanying Money Order/BOE and when Passing through the PRINCIPLE ACCOUNT of NELSON BRUCE as noted above. NOT A CASH ITEM, SEE: 31 C.F.R. 363.27 FOR STATUTORY OPERATION OF LAW AND AUTHORITY.

Administrator/Beneficiary W/OUT RECOURSE

