# EXHIBIT D

## Declaration of Craig Olson

Nelson L. Bruce
v.
Pentagon Federal Credit Union, et al.

Case No.: 2:22-cv-2211-BHH-MGB

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nelson L. Bruce, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 2:22-cv-02211-BHH-MGB |
| ) | |
| Pentagon Federal Credit Union; *et al.* ) | District Judge Bruce Howe Hendricks |
| ) | Magistrate Judge Mary Gordon Baker |
| Defendants. ) | |
| ) | |

## DECLARATION OF CRAIG OLSON

1. I, Craig Olson, am over the age of eighteen and can competently testify in the above-captioned case.

2. Unless otherwise stated, I have personal knowledge of the matters stated herein.

3. I am currently employed by Pentagon Federal Credit Union ("PenFed") as Vice President, Legal Operations, and have held that position since May 2024.

4. From December 2017 to May 2024, I was employed by PenFed as Vice President, Credit Risk Operations.

5. Prior to December 2017, I was employed by PenFed in various additional positions beginning in February 2009.

6. As part of its regular business activities, PenFed creates, receives, and keeps records related to accounts opened by its members, including but not limited to signature cards, account agreements, promissory notes, checks and other financial instruments, account statements, and communications related to collections activities, including communications involving third-parties PenFed engages to collect past due debts owed by members.

1

7. In connection with my current position with PenFed as Vice President, Legal Operations, as well as the previous positions I held with PenFed from February 2009 until May 2024, I have access to the records described in paragraph 6 above.

8. As part of its regular business activities, PenFed creates and maintains internal policies and procedures related to its operations, including but not limited to ensuring the accuracy of data reported to credit reporting agencies and responding to credit reporting disputes.

9. In connection with my current position with PenFed as Vice President, Legal Operations, as well as the previous positions I held with PenFed from February 2009 until May 2024, I have access to the records described in paragraph 8 above.

10. Attached hereto as Exhibit 1 is a true and accurate copy of a signature card signed by Nelson L. Bruce on February 12, 2016.

11. Attached hereto as Exhibit 2 is a true and accurate copy of a promissory note Bruce signed in connection with a vehicle loan PenFed issued to Bruce in 2016.

12. Attached hereto as Exhibit 3 is a true and accurate copy of a check in the amount of $33,478.00 that was issued by PenFed on behalf of Bruce, was endorsed by Bruce, and was cashed by Chapman BMW in connection with the vehicle loan referenced in paragraph 11 above.

13. Attached hereto as Exhibit 4 is a true and accurate copy of a document signed by Bruce on February 11, 2016, acknowledging his intent to open a credit card account with PenFed.

14. Attached hereto as Exhibit 5 are true and accurate copies of the consolidated accounts statements that PenFed sent to Bruce from 2016 through 2018 reflecting the balance of the vehicle loan referenced above and a personal line of credit PenFed issued to Bruce.

15. Attached hereto as Exhibit 6 are true and accurate copies of the credit card statements that PenFed sent to Bruce from 2016 through 2017 reflecting the balance of the credit card account PenFed issued to Bruce.

16. Attached hereto as Exhibit 7 are true and accurate copies of documents PenFed received from Bruce in or around July 2016 purporting to make payments to PenFed via documents apparently created by Bruce.

17. Attached hereto as Exhibit 8 is a true and accurate copy of a letter PenFed sent to Bruce on July 22, 2016, in response to the documents referenced in paragraph 16 above.

18. Attached hereto as Exhibit 9 are true and accurate copies of payoff statements PenFed sent to Bruce on May 3, 2017, in connection with the vehicle loan and personal line of credit referenced above.

19. Attached hereto as Exhibit 10 are true and accurate copies of documents PenFed received from Bruce in or around May 2017 purporting to make payments to PenFed via documents apparently created by Bruce and a related email from Bruce dated June 3, 2017.

20. Attached hereto as Exhibit 11 is a true and accurate copy of a letter PenFed sent to Bruce in or around 2017 in response to the documents referenced in paragraph 19 above.

21. Attached hereto as Exhibit 12 is a true and accurate copy of a letter PenFed sent to Bruce on August 29, 2017, in relation to his personal line of credit with PenFed.

22. Attached hereto as Exhibit 13 is a true and accurate copy of a letter PenFed sent to Bruce on September 4, 2017, in relation to his vehicle loan with PenFed.

23. Attached hereto as Exhibit 14 is a true and accurate copy of a letter sent to Bruce on April 13, 2018, in connection with his credit card account with PenFed by a third party PenFed engaged to collect the debt Bruce owed to PenFed, Nationwide Credit Corporation ("NCC").

24. Attached hereto as Exhibit 15 is a true and accurate copy of a letter sent by NCC to Bruce on April 27, 2018, in connection with his vehicle loan and credit card account with PenFed.

25. Attached hereto as Exhibit 16 are true and accurate copies of checks dated April 30, 2020, that PenFed received from Bruce, but which are payable to the United States Treasury instead of PenFed.

26. Attached hereto as Exhibit 17 is a true and accurate copy of a letter sent to Bruce on December 14, 2022, by NCC confirming that PenFed was still the creditor with respect to Bruce's credit card account and that NCC had closed its file related to that account.

27. Attached hereto as Exhibit 18 is a true and accurate copy of an internal policy and procedure adopted and followed by PenFed titled "Ensuring the Accuracy of Data Reported to and the Integrity of the Data Received from the Credit Reporting Agencies Procedures."

28. Attached hereto as Exhibit 19 is a true and accurate copy of an internal policy and procedure adopted and followed by PenFed titled "Credit Bureau Reporting and Dispute Procedures."

29. Attached hereto as Exhibit 20 is a true and accurate copy of an internal policy and procedure adopted and followed by PenFed titled "Credit Bureau Reporting and Dispute Policy."

30. Exhibits 1 through 20 are business records that were made at or near the relevant time by persons with knowledge, and they were kept in the ordinary course of PenFed's regular business activities as described in paragraphs 6 to 9 above.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED: August 19, 2024.

Craig Olson
Vice President, Legal Operations
Pentagon Federal Credit Union