UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE,<br><br>   Plaintiff,<br><br> v.<br><br>PENTAGON FEDERAL CREDIT UNION, A/K/A. PENFED; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; LEXISNEXIS RISK SOLUTIONS, INC., LEXISNEXIS RISK SOLUTIONS FL INC.; LEXISNEXIS RISK DATA MANAGEMENT INC.; ALL UNKNOWN; and DOE'S 1-100,<br><br>   Defendants. | Case No. 2:22-cv-02211-BHH-MG |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

  Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56, files this Motion for Summary Judgment, respectfully requesting the Court enter an Order granting summary judgment in favor of Experian on all claims asserted by Plaintiff Nelson L. Bruce as there are no issues of material fact remaining for trial. As set forth in greater detail in Experian's accompanying Memorandum of Law, Plaintiff's claims against Experian fail for at least the following reasons:

  *First*, Plaintiff's claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* (the "FCRA") all fail because he cannot show with competent evidence that any Experian credit report contained inaccurate information. Experian's reporting of each of the disputed tradelines reflected data that was verified by Plaintiff's creditors. His theory that the debts were "assigned" to other

entities fails because there is no evidence of assignment. His theory that an account cannot report as charged off with no balance is unsupported by the law. And, his theory that the Federal Reserve paid his debts is frivolous.

*Second*, Plaintiff has no evidence supporting his claim that Experian's procedures to assure maximum possible accuracy or that Experian's reinvestigations into his disputes were unreasonable under Sections 1681e(b) or 1681i of the FCRA. Plaintiff intentionally chose to not take the deposition of an Experian representative during discovery, and he is therefore now unable to rebut any of the sworn testimony provided by Experian with this motion regarding Experian's procedures and reinvestigations, which is fatal to his case. Thus, the unrefuted evidence shows that Experian properly processed, handled, and reinvestigated each of Plaintiff's disputes.

*Third*, Plaintiff has not presented any evidence that Experian is a "furnisher" of information, which is required to sustain his claim under FCRA Section 168ls-2(b). Indeed, the only record evidence is that Experian is a "consumer reporting agency" as defined by the FCRA. A wealth of federal case law supports this uncontroversial fact.

*Fourth*, Plaintiff's FCRA claims also fail because he cannot prove publication or damages. There is no record evidence demonstrating that any document which any creditor may or may not have looked at in considering to lend credit to Plaintiff (i) was an Experian credit disclosure, or (ii) even referenced the reporting of the accounts Plaintiff complains of. To the extent Plaintiff intends to rely on some adverse action letter or alleged credit denial from a third-party, there is no factual foundation. Plaintiff never deposed any such entity in discovery and therefore his argument concerning what actions that entity took and why are nothing more than speculation piled on top of unauthenticated hearsay.

*Fifth*, Plaintiff's South Carolina state law claims fail as a matter of law.  Not only does Plaintiff have no evidence to show an inaccurate statement was published by Experian to support any defamation claim, that claim is specifically preempted by the FCRA in any event.  Plaintiff's state law statutory claim fails as a matter of law for the same reasons his Section 1681i claim fails.

Experian respectfully requests the Court grant its Motion for Summary Judgment and enter judgment in favor of Experian and against Plaintiff Nelson L. Bruce on all claims.

Respectfully submitted this 11th day of April, 2025.

       */s/ Lyndey R. Z. Bryant*
Lyndey R. Z. Bryant (Fed. ID No. 11506)
Adams & Reese LLP
1221 Main Street, Suite 1200
Columbia, South Carolina 29201
Telephone: 803-212-4958
lyndey.bryant@arlaw.com

Grant Edward Lavelle Schnell
(*Admitted Pro Hac Vice*)
JONES DAY
1221 Peachtree Street N.E., Suite 400
Atlanta, Georgia 30361
Phone: (404) 581-8023
Email: gschnell@jonesday.com

*Attorneys for Defendant*
*Experian Information Solutions, Inc.*