**UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| NELSON L. BRUCE, <br><br> Plaintiff, <br><br> v. <br><br> PENTAGON FEDERAL CREDIT UNION, A/K/A. PENFED; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; LEXISNEXIS RISK SOLUTIONS, INC., LEXISNEXIS RISK SOLUTIONS FL INC.; LEXISNEXIS RISK DATA MANAGEMENT INC.; ALL UNKNOWN; and DOE'S 1-100, <br><br> Defendants. | Case No. 2:22-cv-02211-BHH-MGB |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S REPLY
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant Experian Information Solutions, Inc. ("Experian") submits this Reply in Support of its Motion for Summary Judgment (the "Motion") (ECF No. 415), responding as best as it can to Plaintiff Nelson L. Bruce's ("Plaintiff") largely incoherent, inconsistent, stream-of-consciousness arguments in his opposition to Experian's Motion (the "Response") (ECF No. 441).

**I.    PLAINTIFF DOES NOT IDENTIFY ANY COMPETENT SUMMARY JUDGMENT EVIDENCE IN HIS OPPOSITION**

As initial matter, Plaintiff's Response does not comply with Local Civil Rule 7.05(A)(4), which requires "a concise statement of the material facts in dispute with reference to the location in the record." The section of Plaintiff's Response titled, "Statement of Undisputed Facts," is not only incorrectly labeled, but also argumentative, largely incoherent, and contains very few actual record citations. *See* Response, pp. 4–8; *cf. Rountree v. Fairfax Cnty. Sch. Bd.*, 933 F.2d 219, 223

(4th Cir. 1991) (noting party's arguments in briefing, if not supported by sworn affidavits, declarations, or other competent summary judgment evidence, cannot create a genuine issue of material fact) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986)). In fact, Plaintiff appears to concede he has no competent record summary judgment evidence to dispute Experian's Motion because he asks the Court to take "judicial notice" of every one of the purported "undisputed facts" he lists in his opposition. Response, p. 4 (stating "Judicial Notice is respectfully requested for the following material facts, which are undisputed by the Defendant and or supported by record evidence . . . .").

The closest Plaintiff gets to providing anything directly opposing Experian's summary judgment evidence is the suggestion that his "verified" pleading is considered an affidavit at this stage of the case. Response, p. 8. While Plaintiff is correct that given his *pro se* status "a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes," *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991), in order for the court to consider it, the actual contents of the verified pleading must still "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); *see also Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (stating "summary judgment affidavits cannot be conclusory or based upon hearsay") (citations omitted).

Not only does Plaintiff fail to identify specific allegations in his complaint that he intends to rely on as opposing Experian's Motion, even a cursory review of his operative pleading shows that it fails to meet the requirements of Rule 56. This is particularly true with respect to Plaintiff's allegations concerning Experian's procedures or handling of Plaintiff's disputes of which there is no foundation or basis for Plaintiff to provide such statements and he did not depose an Experian

corporate representative. *See, e.g.*, (ECF. No. 291 at ¶¶ 29–49). And, of course, the Court can only construe "factual allegations in the nonmoving party's favor" by treating them as true, "but is not so bound with respect to the complaints legal conclusions." *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 217–18 (4th Cir. 1993) (citation omitted).

## II.    EXPERIAN IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S FCRA CLAIMS

Plaintiff does not dispute that he borrowed substantial amounts of money from PenFed and failed to repay those debts. There is nothing in the Response or any of the various references to other motions or pleadings in this case where Plaintiff even suggests that is untrue. Even still, as best Experian can tell, Plaintiff identifies two arguments as to why he claims Experian reported the PenFed accounts inaccurately: (1) it was inaccurate to report unpaid balances after PenFed charged off the accounts and (2) it was inaccurate to report the accounts as sold or transferred upon PenFed engaging a third-party debt collector. These arguments are baseless.[1]

---

[1] To the extent Plaintiff continues to suggest that PenFed charging off the underlying debts on its internal accounting books and records means that he no longer owes the debt, this argument so completely frivolous and addressed at length in each of the defendants' motions for summary judgment. Courts obviously rejected this frivolous theory. *See Artemov v. TransUnion, LLC*, No. 20-cv-1892 (BMC), 2020 WL 5211068 (E.D.N.Y. Sept. 1, 2020). In *Artemov*, Judge Cogan of the Eastern District of New York held:

> Any other conclusion would be illogical; it would simply encourage a consumer to take out massive amounts of debt and wait around six months for it to be wiped away.
>
> . . . .
>
> If I were to adopt plaintiff's reasoning–that a charge off categorically precludes a creditor from reporting the total past due amount–it would vitiate the entire existence and purpose of credit reporting companies: to present an evenhanded and fair representation of a particular consumer's ability and willingness to pay off debt . . . [.]

*Id.* at *4-*6.

### A.      It is Not Inaccurate to Report the Unpaid Balance on a Charged Off Account

Courts throughout the country have uniformly held that it is not inaccurate to list the unpaid balance of an account after the account has been charged off. *Makela v. Experian Info. Sols., Inc.*, No. 6:21-cv-00386-MC, 2021 WL 5149699, at *3 (D. Or. Nov. 4, 2021); *Artemov v. TransUnion, LLC*, 2020 WL 5211068, at *5; *Christian v. Equifax Info. Servs., LLC*, No. 18-13862, 2020 WL 2087869, at *4 (E.D. Mich. Apr. 30, 2020); *cf. Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1297 (11th Cir. 2016); *Kelly v. Wolpoff & Abramson, L.L.P.*, 634 F. Supp. 2d 1202, 1210 (D. Colo. 2008). Plaintiff does not grapple with any of these authorities cited by Experian and the other defendants, nor does he provide any authorities to the contrary in his opposition.

As argued by Experian in its Motion, "a 'write off' or 'charge off' is an internal accounting practice and does not have the legal effect of discharging a debtor from the underlying debt." *In re Washington*, 581 B.R. 150, 159 n.15 (Bankr. D.S.C. 2017) (citing *S.C. Dep't of Rev. v. Anonymous*, 401 S.C. 513, 516 n. 2, 678 S.E.2d 255, 257 n. 2 (S.C. 2009)); *cf. Portfolio Recovery Assocs., LLC v. Campney*, 441 S.C 36, 892 S.E.2d 332, 327-28 (S.C. App. 2023). This Court acknowledged that fact in *Burns v. Trans Union, LLC*, 4:18-03120-MGL, 2019 WL 3890833 (D.S.C. Aug. 19, 2019), describing a charged off account as follows: "a monthly payment is no longer due, but the total amount of the loan remains due and owing." *Id.* at *1. Since a balance remains due after an account is charged off, it cannot be inaccurate or misleading to report the amount that remains due to a CRA. In fact, it would be inaccurate to report the balance as "zero" because it would suggest the debt is no longer owed.

Also, regardless of whether Experian or any other CRA reported a zero balance, the undisputed evidence in front of the Court is that PenFed has never been compensated by Plaintiff, the Federal Reserve, or anybody else, for the debt Plaintiff owes in connection with the auto loan, the line of credit, or the credit card account. (Olson Decl. ¶ 34.) Before this Court is Plaintiff's

admission that he did not repay the debts because of his frivolous belief that the Federal Reserve would pay it for him. (N. Bruce Depo. 25:10-26:21; 41:6-41:11; 42:16-43:1 & 48:14-49:9 & 58:3-59:20). Any alleged misreporting of Plaintiff's debts as $0 balance does not change these facts.

**B.     Plaintiff's Arguments About Industry Standards Do Not Demonstrate an Inaccuracy**

In his Opposition, Plaintiff continues to repeat arguments about perceived noncompliance with technicalities of industry standards for credit reporting, as detailed in the Consumer Data Industry Association's Credit Reporting Resource Guide ("CRRG"). (*See* Response at 1–2, 5, 10, 12–13, *etc.*). Regardless of whether the particular technicalities of the CRRG were complied with here, the CRRG is neither the law nor the arbiter of accuracy. Simply showing that some aspect of the CRRG was not complied with does not suffice to state a claim of inaccuracy, as numerous courts have recognized. *See, e.g., Thomas v. Equifax Info. Servs. LLC*, No. 3:19-cv-286, 2020 WL 1987949, at *5 (S.D. Ohio Apr. 27, 2020) ("[A]lleged failure to abide by the requirements of the CRRG is insufficient to establish a violation of the FCRA."); *Gibson v. Equifax Info. Servs., LLC*, 5:18-cv-00465-TES, 2019 WL 4731957, at *3 (M.D. Ga. July 2, 2019) ("Failure to comply with the CRRG does not create a federal claim where one does not already exist."); *Cowley v. Equifax Info. Servs., LLC*, No. 2:18-cv-02846-TLP-cgc, 2019 WL 5310205, at *2 (W.D. Tenn. Oct. 21, 2019) (holding that the CRRG "does not control the outcome of this Court's accuracy finding" because, inter alia, "[t]he FCRA does not mandate perfect compliance with the [CRRG]—it prohibits false and misleading credit reports."); *Hupfauer v. Citibank*, No. 16 C 475, 2016 WL 4506798, at *4 n.5 (N.D. Ill. Aug. 19, 2016) ("Plaintiff's argument that Experian's reporting deviated from guidelines set by the Consumer Data Industry Association is beside the point, as these guidelines do not establish the standards for accuracy under the FCRA and cannot form the basis for FCRA liability.") (citing *Mortimer v. Bank of Am., N.A.*, No. 12-cv-01959, 2013 WL 1501452, at *12 (N.D. Cal. Apr. 10, 2013) (explaining that failure to comply with the guidelines

"does not render the report incorrect")).

Rather, whether a credit item is "inaccurate" under the FCRA hinges on whether it is "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Dalton v. Capital Associated Industries, Inc.,* 257 F.3d 409, 415 (4th Cir. 2001) (cleaned up). It is neither "patently incorrect" nor "materially misleading" to report balances on the PenFed accounts—it is undisputed that Plaintiff borrowed the money and did not repay it.

**C.    Plaintiff's Arguments That Experian is a "Furnisher" Lack Any Supporting Evidence**

Plaintiff also continues to repeat the similar frivolous theory that Experian is a "furnisher" of information under the FCRA. But no amount of repeating the same thing is going to make that true, and certainly there is no evidence cited by Plaintiff in support of these arguments (other than his self-serving statements and hearsay).

The unrefuted record evidence demonstrates that Experian a CRA and not a "furnisher of information."  (Experian Decl., ¶¶ 7–8); *see also Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 812 (7th Cir. 2023) ("But Experian is not a furnisher, so § 1681s-2 is, by its own terms, inapplicable."); *West v. TransUnion LLC*, No. 2:23-cv-04051-JDW, 2024 WL 2925959, at *3 (E.D. Pa. June 10, 2024) ("Experian is not a furnisher; it's a CRA. So Mr. West cannot maintain a claim under this provision."); *Bettcher v. Experian Info. Sols., Inc.*, No. 20-CV-0319, 2021 WL 4290907, at *1 (D. Minn. Sept. 21, 2021) (explaining that Experian is a CRA under 15 U.S.C. § 1681a(f)); *cf. Benz-Puente v. Transunion LLC*, No. 24-cv-2835, 2024 WL 3276411, at *2 n.3 (E.D. Pa. July 2, 2024) ("As state above, a CRAs like Transunion collect consumer credit data from furnishers, such as banks and other lenders. A CRA is not itself a furnisher.").[2]

---

[2] To the extent Plaintiff continues to argue that Experian was acting as a "furnisher" in connection with correspondence involving LexisNexis® Risk Solutions ("LexisNexis"), *see, e.g.* (ECF No. 31-1), Plaintiff is again wrong. As that correspondence confirms, LexisNexis acts a reseller of information. (*Id.*, pp. 12) (informing Plaintiff to contact LexisNexis at "Attention:

### III. PLAINTIFF HAS NO EVIDENCE EXPERIAN'S REINVESTIGATIONS OR PROCEDURES WERE UNREASONABLE

Plaintiff's Response fails entirely to engage with the body of case law cited in Experian's Motion that use of the ACDV process is reasonable as a matter of law. *See, e.g., Ghazaryan v. Equifax Info. Servs., LLC*, 740 Fed. App'x 157, 158 (9th Cir. Oct. 18, 2018) ("Equifax's investigation was reasonable as a matter of law. Equifax notified Discover that Ghazaryan disputed being late on her credit card . . . using ACDV, the 'automated system' envisioned by the FCRA[.]"); *Jianqing Wu v. Trans Union*, No. AW-03-1290, 2006 WL 4729755, at *8-9 (D. Md. May 2, 2006) *aff'd* 219 F. App'x 320 (4th Cir. Feb. 27, 2007) ("The only way for Equifax to verify Plaintiff's claims was for Equifax to contact these creditors directly. While the CDVs did not include all of Plaintiff's arguments to justify his late payments, these forms contained enough information for the creditors to investigate Plaintiff's disputes. . . . Defendant's reliance upon Plaintiff's creditors' investigations of Plaintiff's accounts in this case was reasonable."); *cf. Alston v. Equifax Info. Servs. LLC*, No. TDC-13-1230, 2016 WL 5231708, at *12 (D. Md. Sep. 21, 2016) ("Equifax's timely and appropriate use of ACDVs … stand in contrast to CRA reinvestigations in cases where the question of reasonableness was submitted to a jury. In such cases, the CRA typically fails to include in its ACDV critical information about the dispute. . . .").

Indeed, as explained by Experian in its Motion, it is *Plaintiff's* burden to show that Experian failed to follow reasonable procedures. But in situations like this where a consumer's dispute to a CRA contests the ownership of an account or requires verification of an account's status and details, Experian's use of the ACDV process, which it utilized in connection with each

---

Reseller"). Therefore, even this or other similar correspondence does not support Plaintiff's claims as it otherwise remains undisputed that Experian was conducting a reinvestigation as a CRA under Section 1681i. *See* 15 U.S.C. § 168li (stating a CRA must conduct a reinvestigation if information contained in a consumer's file is disputed by the consumer and the "the consumer notifies the agency *directly, or indirectly through a reseller*, of such dispute.") (emphasis added).

of Plaintiff's disputes, is reasonable as a matter of law. *Westbrook v. Equifax Info. Servs. LLC*, No. 23-cv-477, 2025 WL 399940, at \*8 (M.D. Fla. Feb. 5, 2025) (concluding that "Equifax's response to the First Dispute was reasonable as a matter of law" where the consumer made an ownership dispute and Equifax "asked Capital One to verify whether the Account existed in Plaintiff's name").

And Plaintiff capable of testifying—throughout a verified Complaint or otherwise—about Experian's procedures or challenging them since he deliberately chose not to take Experian's deposition during discovery. *See Gadson v. Experian Information Sols., Inc.*, No. 2:23-cv-00029-BHH-MHC, 2024 WL 3745476, at \*8–11 (D.S.C. July 18, 2024) (granting summary judgment to Experian where plaintiff failed to depose Experian in discovery and thus could not rebut Experian's procedures or reinvestigations were reasonable); *cf. Gannon v. IC Sys., Inc.*, No. 09-60302-CIV, 2009 WL 3199190, at \*1–2 (S.D. Fla. Sept. 25, 2009) (finding "Plaintiff is not the custodian of the information and is not qualified to testify regarding the procedures for compilation and creation of the information on the [credit] report").

While the reasonableness of a CRA's procedures is sometimes a question of fact, the implementing regulations for the FCRA explain that a CRA follows reasonable procedures where it relies on "information that it receives from a source that it reasonably believes to be reputable" unless "the information furnished appears implausible or inconsistent" or the CRA has some notice of systemic problems with the accuracy of information from a particular source. *Jianqing Wu*, 2006 WL 4729755, \*7 (citing Commentary on the Fair Credit Reporting Act, 16 C.F.R. pt. 600 app.). Consistent with these regulations, "courts have found with respect to the initial collection of information that, absent reason to believe information from generally credible sources is inaccurate, a CRA is not required under Section 1681e(b) to go beyond its initial source of

information to verify that information." *Burke v. Experian Info. Sols.*, No. 1:10-CV-1064 (AJT/TRJ), 2011 WL 1085874, *5 (E.D. Va. Mar. 18, 2011) (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 286–86 (7th Cir. 1994) ("Requiring credit reporting agencies to look beyond the face of every court document to find the rare case when a document incorrectly reports the result of the underlying action would be unduly burdensome and inefficient" in the absence of a consumer dispute).).

Plaintiff has no evidence that any of the Disputed Accounts involved furnishers who were not "reputable," that any of the information furnished by those entities appeared "implausible or inconsistent," or that Experian had some notice of systemic problem with the accuracy of information received from these furnishers. *See id.*

## IV.     PLAINTIFF HAS NO EVIDENCE OF DAMAGES

Experian pointed out in its Motion that Plaintiff has no evidence regarding the contents of the consumer reports allegedly published by Experian (which does not generally keep copies of the consumer reports it issues), and therefore Plaintiff cannot meet his burden to show that Experian prepared a consumer report containing inaccurate information. This is fatal to Plaintiff's damages claims.

Summary judgment is proper in an FCRA case when the plaintiff cannot present evidence establishing that a defendant caused her damages. *See, e.g., Burns v. Bank of Am.*, 655 F. Supp. 2d 240, 250 (S.D.N.Y. 2008); *Caltabiano v. BSB Bank & Trust Co.*, 387 F. Supp. 2d 135, 141 (E.D.N.Y. 2005) (citing *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995)). Without a causal relationship between the alleged violation of the FCRA and the loss of credit, or some other harm, a plaintiff cannot obtain an award of damages. *See Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 664 (7th Cir. 2001); *Casella*, 56 F.3d at 473; *Konter v. CSC Credit Servs., Inc.*, 606 F. Supp. 2d 960, 967 (W.D. Wis. 2009).

None of the various letters or arguments identified in Plaintiff's Response can overcome the fact that they cannot be considered. As explained by Experian in its Motion, Plaintiff never deposed any such entity and therefore his argument concerning what actions that entity took and why would be nothing more than pure speculation couched in multiple levels of hearsay. *Ransom v. Equifax Inc.*, No. 09-80280-CIV, 2010 WL 1258084, *4 (S.D. Fla. Mar. 30, 2010) (holding in an FCRA case that letters from creditors are hearsay documents); *Chiang v. Verizon New England Inc.*, No. 06-cv-12144-DPW, 2009 WL 102707, at *5 (D. Mass. Jan. 13, 2009), *aff'd*, 595 F.3d 26 (1st Cir. 2010) (sustaining objection to letters sent from financial institutions to consumer "regarding the basis for their denials of his loan applications . . . ."). And, as the Court knows, in analyzing a motion for summary judgment, a district court cannot consider such hearsay evidence that would be inadmissible at trial. *Lasher v. Day & Zimmerman Int'l, Inc.*, 516 F. Supp. 2d 565, 569 (D.S.C. 2007) (holding "[h]earsay evidence may not be considered on a motion for summary judgment.") (citations omitted). Plaintiff does nothing to address these arguments in his opposition.

## IV.     EXPERIAN IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S DEFAMATION CLAIM

Experian is also entitled to summary judgment on Plaintiff's defamation claim because "[t]ruth of the matter or substantial truth is a complete defense to a claim for defamation." *Gregg v. Am. Coll. Of Med. Genetics & Genomics*, No. 22-cv-01218, 2023 WL 2047504, at *3 (D.S.C. Feb. 16, 2023) (quoting *A Fisherman's Best, Inc. v. Recreational Fishing All.*, 310 F.3d 183, 196 (4th Cir. 2002)); *see also WeSav Fin. Corp. v. Lingefelt*, 316 S.C. 442, 445, 450 S.E.2d 580, 582 (S.C. 1994) (per curiam). As explained above, it was accurate and true to report that Plaintiff owed PenFed the tens of thousands of dollars that he had not repaid.

And not only does this claim fail because Experian's reporting was accurate, but Plaintiff also has no evidence that Experian furnished anything to a third party "with malice or willful intent

to injure" him, and, therefore, his defamation claim is specifically preempted by the FCRA regardless. 15 U.S.C. § 1681h(e) (stating "no consumer may bring any action or proceeding in the nature of defamation . . . with respect to the reporting of information . . . except as to false information furnished with malice or willful intent to injure such consumer.").

Under South Carolina law, "'[m]alice' is established only if 'the defendant acted with ill will toward the plaintiff or acted recklessly or wantonly, meaning with conscious indifference toward the plaintiff's rights.'" *Beattie v. Nations Credit Fin. Servs. Corp.*, 69 Fed. App'x. 585 (4th Cir. 2003) (citing *Murray v. Holnam, Inc.*, 344 S.C. 129, 542 S.E.2d 743, 750 (S.C. App. 2001)). As set forth in Experian's Motion, Experian three times reasonably reinvestigated Plaintiff's disputes regarding the Disputed Accounts—a far cry from "malice or willful intent to injure."

## IV.    EXPERIAN IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S S.C. CODE § 37-20-170 CLAIM

In his Response, Plaintiff also argues that his South Carolina § 37-20-170 state law claim is not preempted, citing *Ross v. F.D.I.C. and Gorman v. Wolpoff & Abramson, LLP*. But, in *Ross*, the Fourth Circuit held that the state law _was_ preempted. *Ross*, 625 F.3d 808, 812-813 ("[T]he original preemption provision, 15 U.S.C. § 1681t(a), preempted state laws only 'to the extent that those laws are inconsistent with any provision of [the FCRA].' As part of the ongoing process of fine-tuning this statutory scheme, Congress … added a strong preemption provision, 15 U.S.C. § 1681t(b), to this comprehensive legislative framework. 12 "). *Gorman* concerned a California statute that was expressly exempted from § 1681t(b)'s strong preemption provision. *Gorman*, 584 F.3d at 1169. In any event, Plaintiff's S.C. Code. § 37-20-170 claim fails because it is in *pari materia* with his § 1681i claim; because there was no inaccuracy and because Experian reasonably reinvestigated his disputes and provided him results confirming that PenFed had verified the

accounts, the claim necessarily fails.[3]

## **CONCLUSION**

For the reasons set forth in Experian's Motion and this reply brief, Experian respectfully requests that this Honorable Court grant its Motion for Summary Judgment, enter summary judgment in favor of Experian and against Plaintiff on all claims, and award Experian any additional relief the Court deems just and proper.

Respectfully submitted this 15th day of August, 2025.

> /s/ Lyndey R. Z. Bryant
> Lyndey R. Z. Bryant (Fed. ID No. 11506)
> Adams & Reese LLP
> 1221 Main Street, Suite 1200
> Columbia, South Carolina 29201
> Telephone: 803-212-4958
> lyndey.bryant@arlaw.com
>
> Grant Edward Lavelle Schnell
> Florida Bar No. 108109
> (*Admitted Pro Hac Vice*)
> JONES DAY
> 1221 Peachtree Street N.E., Suite 400
> Atlanta, Georgia 30361
> Phone: (404) 581-8023
> Email: gschnell@jonesday.com
>
> *Attorney for Defendant Experian*
> *Information Solutions, Inc.*

---

[3] Plaintiff also "refers to" and "incorporates" various arguments made in his responses to motions for summary judgment filed by Experian's co-defendants in this case. To the extent the Court even considers those arguments, Experian, in turn, refers to the PenFed's and Equifax's reply briefs which cogently explain why all of Plaintiff's arguments fails as a matter of law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed on August 15, 2025, with

the Court via the CM/ECF system, causing it to be served on all counsel of record. In addition, a

copy of the foregoing was sent via mail and email to *pro se* Plaintiff at the physical address and

email address listed below:

Nelson L. Bruce
P.O. Box 3345
Summerville, SC 29484

*Pro Se*

 */s/ Lyndey R. Z. Bryant*
Lyndey R. Z. Bryant