IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE, | ) |
|         Plaintiff, | ) |
| v. | ) Case No.: 2:22-cv-02211-BHH-MGB |
| PENTAGON FEDERAL CREDIT UNION a.k.a. PENTAGON FEDERAL CREDIT UNION FOUNDATION ("collectively" PENFED), EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, all unknown Does 1-100, | ) |
|         Defendants. | ) |

**DEFENDANT TRANS UNION LLC'S REPLY
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant Trans Union LLC ("Trans Union") and hereby files this, its Reply in Support of its Motion for Summary Judgment ("Motion"), and would respectfully show the Court as follows:

### I.    INTRODUCTION

Plaintiff has failed to produce any competent summary judgment evidence to support his claims against Trans Union. Instead, he relies almost entirely on his own subjective beliefs, speculation, and conclusory assertions. Such unsupported allegations are insufficient to create a genuine issue of material fact at the summary judgment stage. As a result, all of Plaintiff's claims against Trans Union fail as a matter of law. The most telling aspect of Plaintiff's Opposition to Trans Union's Motion ("Response") is the key point he does not address. Nowhere does Plaintiff deny that he opened and utilized accounts with Pentagon Federal Credit Union ("PenFed"), nor does he dispute that he ceased making payments on those accounts, resulting in default and unpaid

1

balances that were eventually charged off. As outlined in Trans Union's Motion, the PenFed accounts at issue were accurately reported, which defeats each of Plaintiff's claims. ECF No. 414-1 at p. 9.

## II. OBJECTIONS TO PLAINTIFF'S "UNDISPUTED FACTS"

Trans Union objects to Plaintiff's Statement of Undisputed Facts and the Court should disregard such "Facts" on the following grounds:

| "Facts" | Objection |
|---|---|
| 7, 8 | Improperly states a legal conclusion, not an undisputed fact. |
| 9 | Inconsistent reporting is not a claim against Trans Union. Also, inconsistencies and/or discrepancies between CRAs does not rise to a liability under the FCRA. Plaintiff would have to show that the inaccuracy or incompleteness is objectively and readily verifiable. *See Roberts v. Carter-Young Inc.*, 2025 WL 1188763 (4th Cir. Mar. 14, 2025). |
| 10, 11, 14, 16, 17 | These "facts" are refuted by Trans Union's summary judgment evidence: "PenFed has never sold, assigned, or transferred its ownership rights with respect to any of the [PenFed] accounts. ECF No. 414-1 at p. 9. |
| 13 | These "facts" are refuted by Trans Union's summary judgment evidence: "Plaintiff admits that he is not seeking emotional damages from Trans Union." ECF No. 414-1 at p. 13. Further, Plaintiff has not produced any competent summary judgment evidence establishing the existence or amount of his alleged damages. |
| 15 | Improperly states a legal conclusion, not an undisputed fact. These "facts" are also refuted by Trans Union's summary judgment evidence. ECF No. 414-1 at pp. 28-29. |

## III. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). Plaintiff contends that the alleged reinsertion of his account constitutes a material fact warranting submission to a jury. ECF. No. 442 at p. 3. Interestingly,

2

this is the only issue that Plaintiff's Response raises, which ultimately concedes that summary judgment on all the other claims is warranted. Either way, Plaintiff cannot simply create a genuine dispute of material fact, without producing competent summary judgment evidence—which he has not done. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986). Summary judgment is proper if the reasonableness of the defendant's procedures is beyond question and if the plaintiff has failed to adduce evidence that would tend to prove that the CRA's procedures were unreasonable. *See Oyathelemi v. L.J. Ross Assocs.*, No. CV DKC 20-3424, 2022 WL 4368156, at *7 (D. Md. Sept. 21, 2022) (*citing Jainqing Wu v. Trans Union*, No. 03-cv–1290-AW, 2006 WL 4729755, at *8 (D.Md. May 2, 2006); *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005)).

### IV.   ARGUMENT AND AUTHORITIES

#### A.   Trans Union's Reporting of the Accounts Was Accurate

Plaintiff's failure to prove any inaccuracy is dispositive of all claims. Plaintiff maintains that Trans Union inaccurately reported his PenFed accounts because they did not report with a sold, assigned, or transferred notation and also should have reported with a zero balance and zero past due amount. ECF No. 414-1 at p. 6. Plaintiff solely relies on the correspondence he received from PenFed on April 11, 2022, which he interprets to suggest that one of his PenFed accounts was sold. ECF No. 442 at p. 5. However, Plaintiff ignores the Declaration of Craig Olson in which he explains that the Visa credit card account was not sold the UHG and the ownership of the Personal Line of Credit ("PLOC") account was not assign or transferred. ECF No. 414-1 at p. 9.

Plaintiff's Response also vaguely references Metro 2 without providing any proper citation or authority to support his argument. ECF No. 442 at p. 9. Plaintiff has not produced summary judgment evidence regarding the specific Metro 2 standards he contends are relevant, nor has he

identified which version or year of publication he is relying on and how he believes it applies to this case.[1] However, the law is clear that Metro 2 reporting formats, though widely used, do not define the legal standard for accuracy under the FCRA. *See Gibson v. Equifax Info. Servs., LLC*, No. 5:18-cv-00465-TES, 2019 WL 4731957, at *3 (M.D. Ga. Jul. 2, 2019) (noting Metro 2 and the Credit Reporting Resource Guide "is not the law of the land"); *Giovanni v. Bank of Am., N.A.*, No. C 12-02530 LB, 2013 WL 1663335, at *5-6 (N.D. Cal. Apr. 17, 2013) (alleging a violation of Metro 2 guidelines did not make information inaccurate or incomplete without specifying how that deviation from those instructions constitutes an inaccurate or misleading statement.) As the district court in *Co v. JPMorgan Chase Bank* explained: "non-compliance with [Metro 2] guidelines does not constitute a violation of the FCRA or CCRAA." *Co v. JP Morgan Chase Bank*, No. 12-6560 PJH, 2013 WL 1788061, at *2 (N.D. Cal. Apr. 26, 2013). Similarly, other courts have reaffirmed that the FCRA addresses only information that is "patently incorrect" or "misleading," not mere noncompliance with industry standards. *See Deysi Arriaza v. Experian Information Solutions, Inc., et al.*, Civil No. 20-3073, 2021 WL 1019937 (D. Md, Mar. 17, 2021) (rejecting plaintiff's claim

---

[1] While Plaintiff's vague references to Metro 2 might have been enough to survive motions to dismiss, they are not sufficient to survive at the summary judgment stage. *See Bruce v. Pentagon Fed. Credit Union*, No. 222CV02211BHHMGB, 2023 WL 7923861, at *9 (D.S.C. Sept. 25, 2023), *report and recommendation adopted,* No. 2:22-CV-2211-BHH, 2024 WL 1191107 (D.S.C. Mar. 20, 2024), *on reconsideration in part,* No. 2:22-CV-02211-BHH-MGB, 2024 WL 4693296 (D.S.C. Sept. 26, 2024) ("To prove his case, Plaintiff will need to establish 'through admissible evidence that [updating the status of a charged off account as sold or assigned with a zero balance] is in fact the industry standard, that [PenFed] deviated from it, and that this particular deviation might adversely affect credit decisions.' … Alternatively, Plaintiff will need to establish through admissible evidence that inconsistently reporting a charged off account with an unpaid balance, regardless of its status as sold and/or assigned, would mislead lenders and adversely affect credit decisions when those same charged off accounts were reported to other CRAs with a zero balance. Whether Plaintiff's allegations on these issues turn out to be true is a question of proof that is not suited for resolution in a motion to dismiss.")

4

that Experian violated the FCRA by reporting an account that deviated from the Metro 2 guidelines).

Even considering Metro 2's guidelines, which are not binding on Trans Union, all of Plaintiff's claims fail because there was no inaccuracy in Trans Union's reporting. Trans Union put forth summary judgment evidence which directly refutes Plaintiff's theory of inaccuracy. The summary judgment record shows that while PenFed "assigned" Plaintiff's PenFed PLOC account to NCC for collection purposes *only*, PenFed did not assign ownership rights to NCC and never sold, assigned, or transferred its ownership rights in any of Plaintiff's PenFed accounts. ECF No. 414-1 at p. 9. Because the PenFed accounts were never sold, assigned, or transferred, no transferred notation was required to be added to the account and it was not inaccurate to report the account balances and past due amounts.

Although Plaintiff's reliance on Metro 2 as a legal standard is misplaced, the Court need not reach that issue. As demonstrated above, the summary judgment evidence establishes that no inaccuracy existed, and without an inaccuracy, Plaintiff's FCRA claims fail as a matter of law. Accordingly, Plaintiff has not produced any summary judgment evidence to create a genuine issue of material fact; therefore, summary judgment should be granted in Trans Union's favor on all claims.

B.     **Plaintiff's 2018 and 2019 Claims are Time-barred**

Any claim based on alleged conduct in 2018 and 2019 is time-barred. Specifically, Plaintiff's §§ 1681e(b) and 1681i claims are barred by the two-year statute of limitation provided by 15 U.S.C. § 1681p. *See Croft v. Bayview Loan Servicing, LLC*, 166 F. Supp. 3d 638 (D.S.C. 2016). In his Response, Plaintiff asserts that he first discovered the alleged inaccuracy on his Trans Union credit report in December 2021. ECF No. 442 at p. 10. However, Plaintiff misrepresents the facts. Plaintiff's first dispute of

5

the PenFed accounts took place in 2018. ECF No. 414-1 at p. 7. Plaintiff argues that although he submitted disputes in 2018 and 2019, he discovered new facts in 2021. Plaintiff believes that the newly discovered facts restart the statute of limitations. Plaintiff's assertion of this identical theory in a prior case was soundly rejected by this Court. *See Bruce v. Bank of Am., NA.*, No. CV21903456BHHKDW, 2020 WL 7249876, at *3 (D.S.C. Oct. 22, 2020), *report and recommendation adopted*, No. CV 2:19-3456-BHH, 2020 WL 6737647 (D.S.C. Nov. 17, 2020). In *Bruce v. Bank of Am.*, Magistrate West opined "[Bruce] appears to try and sidestep the applicable statutes of limitations by arguing he raised new disputes in 2018 and 2019. However, a new dispute over the same alleged inaccurate report does not toll the statute or create a separate and distinct cause of action." *Id.*, at *4 (D.S.C. Oct. 22, 2020). The Fourth Circuit has been clear that FCRA claims accrue upon discovery of the allegedly violative conduct. In *Broccuto v. Experian Info. Sols., Inc.*, the defendant argued, and the court agreed, that the plaintiff could not "rekindle" her FCRA claim by adding new facts to her dispute submitted three years prior, ultimately giving rise to multiple violations, each with their own statute of limitations. *Broccuto v. Experian Info. Sols., Inc.*, No. 3:07cv782, 2008 WL 1969222, at 4 (E.D. Va. May 6, 2008), aff'd, 276 F. App'x 255 (4th Cir. 2008).

      Here, Plaintiff's own representations confirm that he, at a minimum, knew of alleged inaccurate reporting in 2018. Plaintiff even states that the 2018 and 2019 disputes were "part of a continuous chain of reporting violations" which are related to his 2021 and 2022 disputes. ECF No. 442 at p. 11. The record is clear, Plaintiff was on notice of the alleged inaccuracies in 2018 when he made his dispute with Trans Union. Plaintiff's reliance on a continuing violation theory is misplaced and must be rejected, as the statute of limitations does not restart merely because Plaintiff adds new facts to an old dispute. *Bruce,* WL 7249876, at *3. Accordingly, he was required

to file suit by 2020. Because he failed to do so, any claims related to Trans Unions conduct in 2018 and 2019 are barred by the statute of limitations.

    C.    **Plaintiff's 1681e(b) Claim Fails as a Matter of Law**

        1.  <u>Plaintiff Has Failed to Meet His Burden to Show that Trans Union Failed to Follow Reasonable Procedures Under § 1681e(b)</u>

In a conclusory manner, Plaintiff contends that the alleged "reinsertion" of the PenFed account demonstrates that Trans Union's procedures were unreasonable. *See* ECF No. 442 at p. 15. This assertion is flawed. To survive summary judgment, a plaintiff must present evidence showing that the reporting agency failed to follow reasonable procedures designed to ensure maximum possible accuracy. *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 416 (4th Cir. 2001). Plaintiff has not produced any admissible evidence demonstrating that Trans Union's procedures were deficient, let alone that any alleged reinsertion rendered the report inaccurate. Plaintiff's mere conclusory allegations are not enough to survive summary judgment.

The FCRA is not a strict liability statute and does not demand error-free reporting. *Hammer v. Equifax Info. Servs., L.L.C.*, 974 F.3d 564, 568 (5th Cir. 2020) (holding that section 1681e(b) does not hold a CRA strictly liable for all inaccuracies. Rather, the adequacy of a CRA's procedures is judged according to "what a reasonably prudent person would do under the circumstances."); *Pettus v. TRW Consumer Credit Serv.*, 879 F. Supp. 695, 697 (W.D. Tex. 1994) (the FCRA does not impose strict liability for errors or provide a means for merely correcting an erroneous report). Trans Union's Motion sets forth summary judgment evidence regarding the manner in which Trans Union followed reasonable procedures in the preparation of its consumer reports. ECF No. 414-1 at pp.11-12. Plaintiff, however, has not produced *any* competent summary judgment evidence regarding Trans Union's procedures, much less showing that they were somehow unreasonable. Instead, he relies almost entirely on conclusory allegations, speculation,

and vague references to the Metro 2 guidelines—which Trans Union has already addressed as not binding law under the FCRA. *See* Section IV.A. Accordingly, summary judgment is warranted on Plaintiff's §1681e(b) claim.

### 2. Plaintiff Cannot Prove Recoverable Damages

Plaintiff asserts that his credit score dropped 41 points as a result of the alleged inaccuracy reporting on his Trans Union credit report. ECF No. 442 at p. 16. Plaintiff's assertion, even if true, is unavailing. It is well-established that an alleged decrease in credit score, standing alone, is not sufficient to state a claim for damages under the FCRA. *Evans v. Am. Collection Enter.*, 624 F. Supp. 3d 593, 601 (D. Md. 2022); *Nowlin v. Avis Budget Grp.*, No. 1:11CV511, 2011 WL 7087108, at *2 (M.D.N.C. Dec. 22, 2011), *report and recommendation adopted*, No. 1:11CV511, 2012 WL 204162 (M.D.N.C. Jan. 24, 2012); *Ackerman v. Maximus Educ., LLC*, No. 1:24-CV-00975-MSN-WBP, 2025 WL 51476, at *4 (E.D. Va. Jan. 8, 2025), *appeal dismissed*, No. 25-1118, 2025 WL 2237445 (4th Cir. May 13, 2025).

Plaintiff also alleged that he received "higher interest rates and suppressed credit limits from Capital One" on his business credit card. *Id*. Plaintiff relies on his own statements contained in his pleading and contends that his "verified" Fourth Amended Complaint should be "treated as a sworn affidavit under Rule 56(c)(4) to support his alleged damages. *Id*. Plaintiff is correct that a verified complaint can sometimes be used as an affidavit to oppose summary judgment under Rule 56(c)(4); however, Plaintiff fails to acknowledge that the affidavit and/or declaration must be "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters states." Fed. R. Civ. P. 56(c)(4). The Fourth Circuit has held that a verified pleading, or summary judgment affidavit, is insufficient if it lacks factual specificity, relies on legal conclusions, or hearsay. *See Evans v. Techs.*

8

*Applications & Serv. Co.*, 80 F.3d 954, 958 (4th Cir. 1996). However, Plaintiff's Fourth Amended Complaint does not set out facts that would be admissible in evidence, and show that he is competent to testify to regarding his alleged lower credit score, higher interest rate, or what caused them. Plaintiff has not set out facts that would be admissible in evidence nor has he established that he is competent to testify, which is required under Rule 56. Plaintiff's Fourth Amended Complaint lacks factual specificity and relies on legal conclusions and hearsay. Plaintiff has produced no competent evidence of his credit score either before or after the alleged inaccuracy or that Trans Union's reporting caused such change to support his claim of a decreased credit score. Similarly, Plaintiff has not presented any evidence of being subjected to a higher interest rate or suppressed credit limits from Capital One or that Trans Union's reporting caused such alleged damages. Because Plaintiff has produced no summary judgment evidence raising a genuine issue of material fact or meeting Rule 56(c)(4)'s requirements, summary judgment in favor of Trans Union should be granted on Plaintiff's §1681e(b) claim.

    **D.    Plaintiff's § 1681i Claim Fails as a Matter of Law**

        1. <u>Plaintiff failed to dispute the alleged inaccuracy to Trans Union which is a required element of a § 1681i claim</u>

Plaintiff's Response claims that his PenFed accounts inaccurately reported "with balance[s] and no transfer notation[s]." ECF No. 442 at p. 19. His assertion is grounded on the erroneous claim that his PenFed accounts were sold, assigned, or transferred and reported with balances and past due amounts. *Id*. at p. 20. Section 1681i of the FCRA provides that "if the completeness or accuracy of any item of information contained in consumer's file . . . is disputed by a consumer and the consumer *notifies* the agency directly . . . of such dispute, the agency shall . . . conduct a reasonable investigation." 15 U.S.C. § 1681i(a)(1)(A) (emphasis added). The FCRA imposes obligations on a consumer reporting agency only after a consumer provides the agency

9

with notice of a dispute regarding specific information in his credit file. Absent such notice, no reinvestigation duty arises. *See Saunders v. Branch Banking & Tr. Co.*, 526 F.3d 142, 149 (4th Cir. 2008); *see also Dawkins v. Experian Info. Sols., Inc.*, No. 622CV00774TMCJDA, 2022 WL 17668425, at *6 (D.S.C. Oct. 19, 2022), *report and recommendation adopted*, No. 6:22-CV-774-TMC, 2022 WL 17351761 (D.S.C. Dec. 1, 2022).

Plaintiff's 2018 and 2019 disputes made no mention of the PenFed accounts being sold, assigned, or transferred, and therefore, provided no notice to Trans Union of the alleged inaccuracies forming the basis of his §1681i claims. As detailed in Trans Union's Motion, Plaintiff's *2018 dispute* alleged that "[t]he full amount of this [PenFed] account was tendered and has been discharged by the principle of law related to tender of payment which may have been refused by the creditor.[2]" ECF No. 414-2 at ¶ 11. Plaintiff's *2019 dispute* claimed "identity fraud." *Id*. at ¶ 14. Plaintiff has not and cannot produce any summary judgment evidence that Trans Union was ever on notice that the PenFed accounts were allegedly inaccurately reported with a balance and no transferred notation. Plaintiff's Response even acknowledged that "new facts [were] discovered in December 2021" (ECF No. 442 at p. 21), which makes clear that these alleged inaccuracies could not have been a part of his 2018 or 2019 disputes. As a result, Trans Union was never notified directly by Plaintiff of these claims and his § 1681i claim fails. Therefore, summary judgment should be granted on Plaintiff's §1681i claim.

    2. <u>Plaintiff has failed to meet his burden to show Trans Union failed to conduct reasonable reinvestigations Under § 1681i</u>

---

[2] Plaintiff's Response never challenges Trans Union's evidence that he submitted fake money orders to PenFed in a failed attempt to pay off the accounts, and then later challenged Trans Union's reporting because the accounts continued to reflect a charged-off status and past-due balances. ECF No. 414-1 at p. 2.

10

Plaintiff argues that it was unreasonable for Trans Union to rely on the statutorily-required and court-approved ACDV process to reinvestigate his 2018 dispute. Plaintiff relies on *Cushman v. Trans Union*, 115 F.3d 220 (3d Cir. 1997), but misapplies the holding. In *Cushman*, the plaintiff was the victim of alleged identity theft. The court found that it was unreasonable for a CRA to solely rely on the original source of information to verify accuracy, but *only* because the consumer challenged the reliability of the furnisher and the reported information. *See Cushman v. Trans Union*, 115 F.3d 220 (3d Cir. 1997). Importantly, when reinvestigating disputed information, a CRA is required to go beyond the original source of information only "in certain circumstances" when the CRA is on notice that the original source of the information is unreliable. *Id.* (*citing Henson v. CSC Credit Servs.*, 29 F.3d 280, 286 (7th Cir. 1994). Cases applying *Cushman* and *Henson* have noted that the consumer's dispute itself is not enough to put a CRA on notice of unreliability because all disputes challenge the accuracy of the information in some respect. There must be something more to put the CRA on notice. *See Bagby v. Experian Info. Sols., Inc.,* 162 F. App'x 600, 606 (7th Cir. 2006) ("[She also failed to inform Experian that she believed Sears and Discover to be unreliable sources."); *Becker v. Early Warning Servs., LLC.*, No. CV 19-5700, 2020 WL 2219142, at *9 (E.D. Pa. May 7, 2020) ("There was no reason for the defendant to suspect that Wells Fargo reported unreliable information, nor did the plaintiff claim that Wells Fargo was an unreliable source.").

Courts have routinely held that the ACDV process is reasonable as a matter of law. In *Wu,* the court granted summary judgment in favor of the CRA where the CRA's reinvestigation consisted of sending creditors two different ACDVs summarizing the plaintiff's disputes. *Jianqing Wu v. Trans Union*, No. CIVA AW-03-1290, 2006 WL 4729755, at *1-2, 8 (D. Md. May 2, 2006), aff'd sub nom. *Jianqing Wu v. Equifax*, 219 F. App'x 320 (4th Cir. 2007); *see also Kelly v. SunTrust*

11

*Bank*, No. 3:14-CV-121, 2016 WL 775781, at *5 (E.D. Va. Feb. 25, 2016) (holding that the CRA defendants responding to plaintiff's disputes using the ACDV process was reasonable as a matter of law); *see also Burke v. Experian Info. Sols., Inc.,* No. 1:10-CV-1064 AJT/TRJ, 2011 WL 1085874, at *7 (E.D. Va. Mar. 18, 2011).

Here, Plaintiff never notified Trans Union of any issues with the reliability of the original source. As discussed in Trans Union's Motion, Plaintiff submitted an online dispute on June 11, 2018, after which Trans Union sent ACDVs to PenFed. In response to each ACDV, PenFed verified the accuracy of each disputed account and updated the effective date to the date of their ACDV response. Finally, Trans Union's reinvestigation results were sent to Plaintiff on July 4, 2018. ECF No. 442 at p. 19. Absent any notice to Trans Union that PenFed was unreliable, Trans Union's reliance on the industry-standard ACDV process was reasonable, and summary judgment should be granted in Trans Union's favor.

E.    **Plaintiff Has Failed to Meet His Burden to Establish a § 1681i(a)(5)(B) Claim[3]**

Plaintiff alleges that Trans Union violated the FCRA by failing to verify the accuracy of the account information provided by the furnisher and by not notifying him of the alleged PenFed account reinsertion. However, this claim fails because Plaintiff does not address the threshold issue of inaccuracy. As stated in Trans Union's Motion, in order to prevail under 15 U.S.C. § 1681i(a), the first element requires a consumer to show that inaccurate or incomplete information was deleted from his credit file after being disputed by the consumer. As detailed in Section IV.A, the PenFed accounts were accurately reported at all times. Plaintiff has not presented, and cannot present, any summary judgment evidence to the contrary.

---

[3] Plaintiff's Response confirms that he only pled a § 1681i(a)(5)(B) claim, therefore he cannot assert a new claim under § 1681i(a)(5)(C).

12

To the extent that this Court looks beyond the accuracy requirement of Plaintiff's claim—which it should not—Plaintiff has still failed to prove that a reinsertion occurred. Section 1681i(a)(5)(B) states "if a consumer reporting agency reinserts any previously deleted information, it must "notify the consumer of the reinsertion." 15 U.S.C. § 1681i(a)(5)(B). Trans Union has submitted competent summary judgment evidence demonstrating material differences between the initial and subsequent versions of the PenFed account, including the first reported date, date of first delinquency, closed date, and portfolio type. ECF No. 414-1 at p. 21. Under the plain language of the statute, reinsertion could not have occurred because these data points were not previously included in Plaintiff's credit report and therefore could not have been deleted and subsequently reinserted. As in *Jordan* and *Okocha*, outlined in Trans Union's Motion, re-reporting the same account, with different account details, is not a reinsertion under the FCRA. See ECF No. 414-1 at p. 26.

Furthermore, Plaintiff has not produced any competent summary judgment evidence showing that Trans Union's procedures were unreasonable. Nor has Plaintiff offered any expert testimony to that effect. Accordingly, the only evidence before the Court is that presented by Trans Union which shows that Trans Union has reasonable procedures in place to prevent a reinsertion. Plaintiff has failed to produce any summary judgment evidence to support his reinsertion claim. Moreover, he does not address—let alone distinguish—any of the legal authorities cited by Trans Union. Accordingly, Plaintiff's § 1681i(a)(5)(B) claim cannot survive summary judgment.

F.  **Plaintiff Cannot Prove Trans Union Willfully Violated the FCRA**

Plaintiff contends that Trans Union has mischaracterized both the facts and the legal standard governing his willfulness claim under the FCRA. ECF No. 442 at pp. 29-30. However, Plaintiff has not presented any evidence in support of his willfulness claim. Plaintiff has no

evidence that Trans Union negligently violated the FCRA; therefore, it could not have done so willfully, nor has Plaintiff produced any evidence to show otherwise. The term "willfully," found in § 1681n, means a defendant either knowingly, or with reckless disregard, violated the particular statute. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 58-59 (2007). In order to prove willfulness, a plaintiff must show: (1) the CRA had a practice or policy that was objectively unreasonable in light of the FCRA's statutory language; and (2) the CRA ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless. *Id.* Plaintiff must show that Trans Union acted in a manner that made it highly probable harm would follow. *Id.* at 69. However, neither the failure to correct alleged errors after receiving notification of an alleged inaccuracy in a consumer's file, nor the mere existence of inaccuracies in a consumer's file alone, can amount to willful noncompliance with the FCRA. *See Barrepski v. Capital One Bank (U.S.A.) N.A.*, No. CIVA. 11-30160-NMG, 2014 WL 9355893, at *12 (D. Mass. Jan. 24, 2014).

As with the bulk of Plaintiff's Response, he makes conclusory assertions and simply restates allegations from his Fourth Amended Complaint to support his willfulness claim, yet offers no competent summary judgment evidence to support his claim. Conclusory assertions are legally insufficient to create a genuine issue of material fact, and they cannot sustain a claim for willfulness. *Pyle v. First Nat. Collection Bureau*, No. 1:12-CV-00288-AWI, 2012 WL 1413970, at *3 (E.D. Cal. Apr. 23, 2012). Plaintiff notably ignores the binding and persuasive authority set forth in Trans Union's Motion which states that Plaintiff must prove Trans Union had a practice or policy that was objectively unreasonable and ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless. Instead, his willfulness argument rests entirely on the flawed assertion that Trans Union's use of the ACDV

14

process was *per se* unreasonable. ECF No. 442 at p. 29. Plaintiff has not brought any evidence regarding Trans Union's policies and procedures, much less proving their unreasonableness in the light of the FCRA's text. Nor does he show that Trans Union knowingly disregarded its obligations or ran an unjustifiable risk of violating the statute. Accordingly, Plaintiff has failed to offer competent summary judgment evidence of willfulness. As a result, summary judgment must be granted.[4]

## V. CONCLUSION

For the foregoing reasons, Trans Union respectfully requests that this Court grant its Motion for Summary Judgment, and award such other and further relief, both in law and in equity, as the court deems just and proper.

Respectfully Submitted,

*s/ Wilbur E. Johnson*
Wilbur E. Johnson
wjohnson@ycrlaw.com
Federal ID No.: 2212
Clement Rivers, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
Telephone: (843) 724-6659
Facsimile: (843) 579-1332
**Counsel for Trans Union LLC**

Dated: August 22, 2025

---

[4] Plaintiff also "refers to" and "incorporates other various arguments made in his responses to motions for summary judgment filed by Trans Union's Co-Defendants in this case. To the extent the Court considers any of those arguments, Trans Union refers to PenFed's, Experian's, and Equifax's reply briefs which explain why all of Plaintiff's arguments fails as a matter of law.

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of August 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to use the CM/ECF system in this action.

I further certify that I forwarded a copy of the foregoing by U.S. First Class Mail to the following non-CM/ECF participant:

Nelson L. Bruce
P.O. Box 3345
Summerville, SC 29484
Telephone: (843) 437-7901
leonbruce81@yahoo.com
*Pro Se Plaintiff*

*s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**