Record/FILE ON DEMAND          U.S.P.S. PRIORITY MAIL TRACKING NO. 9405 5301 0935 5245 8814 16

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Nelson L. Bruce,<br><br>            Plaintiff,<br><br>v.<br><br>Pentagon Federal Credit Union; et al.<br><br>            Defendants. | Case No.: 2:22-cv-02211-BHH-MGB<br><br>PLAINTIFF'S PETITION FOR RECONSIDERATION, MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e), AND MOTION FOR RELIEF UNDER RULE 60(b) TO THE COURTS ORDER GRANTING SUMMARY JUDGMENT TO EQUIFAX (ECF No. 472) |

Plaintiff Nelson L. Bruce respectfully moves the Court to reconsider and vacate its Order granting summary judgment to Equifax Information Services LLC (ECF No. 472), alter or amend the judgment under Rule 59(e), and in the alternative grant relief under Rule 60(b)(1) and Rule 60(b)(6). Reconsideration is warranted to correct clear errors of law and fact, address issues the Court did not reach, and prevent manifest injustice. Plaintiff incorporates and restates all arguments previously presented.

## I. INTRODUCTION

The Court's Order granting summary judgment to Equifax contains clear errors of law and fact concerning:

- whether Plaintiff disputed inaccurate or incomplete information in 2021, triggering §1681i;
- whether Equifax's reporting violated §1681e(b)'s "maximum possible accuracy" requirement;
- whether materially misleading reporting under ***Dalton, Saunders, Bibbs,*** and ***Seamans*** created inaccuracy;
- whether Equifax conducted a reasonable reinvestigation under *Johnson* and *Hinkle*;
- whether Equifax improperly omitted required dispute notations;
- whether cross-bureau inconsistencies demonstrate misleadingness;

- whether Plaintiff presented admissible evidence of damages; and
- whether state-law claims (defamation and S.C. §37-20-170) survive based on malice or reckless disregard.

These issues create multiple genuine disputes of material fact, requiring vacatur of the Order.

## II. LEGAL STANDARDS

### A. Rule 59(e)

Relief is appropriate to correct:

1. Clear error of law;
2. Clear error of fact; or
3. Manifest injustice.

### B. Rule 60(b)

Relief under Rule 60(b)(1) is appropriate for judicial mistake of law or fact. Rule 60(b)(6) applies in extraordinary circumstances.

## III. KEY DETERMINATIONS IN THE COURT'S ORDER (ECF 472)

1. Plaintiff "could not have disputed" any sale/transfer in 2021; §1681i not triggered.
2. Equifax entitled to summary judgment on all FCRA claims.
3. Equifax's ACDV procedures were reasonable and required "no changes."
4. No admissible evidence of damages exists.
5. State-law claims dismissed as preempted or unsupported; no malice shown.
6. Experian/Equifax reporting differences not material.
7. Misleadingness arguments rejected as legally insufficient.

## IV. ARGUMENT: SPECIFIC ERRORS WARRANTING RECONSIDERATION

### A. §1681i Error — The Court Misapplied the Dispute Trigger Standard

#### 1. Plaintiff's 2021 Disputes Triggered Reinvestigation

Plaintiff disputed balance, completeness, and account status in 2021. Equifax opened ACDVs in response. This contradicts the finding that Plaintiff "could not have disputed" and thus triggers §1681i.

### 2. Reasonableness Required a Substantive Review

Under *Johnson*, reinvestigation must address the **substance** of a dispute, not its label. Equifax's investigations failed to examine:

- status-transition fields;
- transfer/assignment indicators;
- dispute condition codes;
- conflicting bureau data.

These failures constitute a factual dispute improperly resolved against Plaintiff.

### B. §1681e(b) Error — Maximum Possible Accuracy Not Applied Properly

### 1. Misleading Information Constitutes Inaccuracy

Under *Dalton* and *Saunders*, a report is inaccurate when it creates a **misleading impression**, even if technically correct.

### 2. Equifax's Reporting Was Misleading

Equifax omitted:

- transfer/assignment signaling;
- accurate post-charge-off status;
- $0 balance reporting after charge-off;
- required dispute notations;
- accurate date-field representations (DOFD vs. DLP changes).

These omissions create a misleading depiction of a continuing balance owed to PenFed.

### 3. Cross-Bureau Reporting Conflicts Support Inaccuracy

Experian reported a $0 balance while Equifax reported ongoing charged-off balances. This inconsistency is probative of misleadingness and supports jury determination.

### C. Materially Misleading Reporting — Errors Under *Dalton, Saunders, Bibbs, Seamans*

### 1. The Court Applied an Over-Narrow View of "Inaccuracy"

The Order focused on ownership retention and absence of a second tradeline. But misleadingness analysis does not depend on ownership.

### 2. Proper Standard

A report is inaccurate when it is "misleading in such a way and to such an extent that it can be expected to have an adverse effect." (*Dalton*)

### 3. Equifax's Omission of Transfer Indicators and Dispute Codes Was Materially Misleading

Omitted dispute codes (XE/XG) and transfer indicators/Codes materially affect creditor interpretation. Under *Saunders*, failure to report known disputes is actionable.

## D. Reasonableness Under §1681i and §1681e(b) — Anti-Parroting Standard Violated

### 1. The Court Accepted Parroting Without Analysis

The Order adopted Equifax's assertion that its "policies and procedures did not require" changes.

### 2. This Contradicts Controlling Law

*Johnson*, *Hinkle*, and *Gorman* establish that:

- CRAs may **not** blindly parrot furnisher responses;
- reinvestigations must address the **substance** of the dispute.

### 3. Omitted Steps Demonstrate Unreasonableness

Equifax failed to review:

- transfer/assignment signals;
- Metro 2 status codes;
- dispute indicators;
- relevant date fields.

These failures create triable issues.

## E. Omitted Dispute Codes — Material Misleadingness and Malice

Plaintiff documented that Equifax omitted dispute codes despite receiving disputes. Under *Saunders*, this omission is:

- evidence of misleading reporting; and
- evidence of reckless disregard (malice) defeating FCRA preemption of defamation.

## F. Date-Field Misleadingness — Errors Under *Seamans*

1. **Date of First Delinquency (DOFD) vs. Date of Last Payment (DLP) Adjustments Can Mislead**

Changes to date fields may misstate the age of delinquency or suggest payments were made when they were not.

2. ***Seamans* Requires Accurate Date Fields**

Under *Seamans*, date-field misrepresentations are independently actionable.

3. **The Order Did Not Address This Argument**

This is a material omission requiring reconsideration.

### G. Damages Evidence Improperly Disregarded

Plaintiff submitted:

- a verified complaint (treated as an affidavit);
- credit denials and rate increases;
- inquiries consistent with publication;
- emotional distress testimony.

The Court resolved publication and causation against Plaintiff, contrary to *Anderson*, *Reeves*, and *Tolan*.

### H. State-Law Claims — Defamation and S.C. §37-20-170

1. **Defamation**

The Court found no malice. But Equifax:

- received multiple disputes;
- omitted dispute codes;
- continued publishing disputed information.

This constitutes reckless disregard (*Saunders*), defeating preemption.

2. **S.C. Identity Theft Protection Act**

The Order adopted a broad preemption theory but did not address:

- statutory duties independent of §1681i;
- Equifax's failure to provide evidence of accuracy as required under S.C. §37-20-170.
- The court did not specify exactly what areas and language maybe inconsistent with the FCRA 15 U.S. Code § 1681t(a) which would preempt state law claims.

- 15 U.S. Code § 1681t only preempts section 1681i to an extent relating to the time to respond to a dispute or provide notice. It does not preempt claims arising from any failure to accurately report or correct information on a consumer's credit report as the court alleges which the court provides no FCRA language to support this theory.

This omission requires reconsideration.

## V. SUPPORTIVE PRINCIPLES FROM PLAINTIFF'S PENFED RECONSIDERATION MOTION

The following principles, drawn from Plaintiff's Rule 59(e)/60(b) motion challenging the Court's PenFed summary-judgment ruling, apply directly to Equifax as a Consumer Reporting Agency and support Plaintiff's grounds for reconsideration of the Equifax Order and reinforce the existence of genuine issues of material facts under §§1681e(b) and 1681i.

### 1. Cross-Bureau Inconsistencies Demonstrate Inaccuracy and Misleadingness

- Experian reported **$0 balances** for the same PenFed accounts.
- Equifax reported **charged-off balances** that appeared ongoing.
- TransUnion also conflicted with Experian.

These inconsistencies support:

- materially misleading reporting under *Dalton, Bibbs, Seamans*, and *Saunders*; and
- violations of §1681e(b)'s "maximum possible accuracy."

Cross-bureau conflicts create triable issues requiring jury resolution.

### 2. A Consumer Need Not Know the Internal Error to Trigger §1681i Duties

- The PenFed motion reinforces that disputes remain valid even when a consumer lacks internal knowledge of an assignment, transfer, or servicing change.
- Under *Johnson* and *Hinkle*, the consumer must identify the disputed item—**not** its internal cause.

### 3. Misleading Omissions Constitute Inaccuracy Under §§1681e(b) and 1681i

Applicable authority includes:

- *Dalton* **(binding Fourth Circuit precedent),**
- *Saunders,*
- *Bibbs,*
- *Chaitoff v. Experian,*

- *Koropoulos*, and
- *Sepulvado*.

These cases confirm that Equifax's omissions transfer indicators, dispute codes, date-field accuracy, and status transitions can independently create inaccuracy.

### 4. The Court's Own Findings in the PenFed Order Reinforce Factual Disputes Relevant to Equifax

The Court acknowledged evidence in the PenFed decision showing:

- external collection involvement since 2018;
- internal PenFed records inconsistent with what Equifax published;
- significant cross-bureau differences.

These findings support Plaintiff's position that Equifax's reporting was materially misleading and factually disputed.

### 5. Industry Standards (Metro 2 and Appendix E) Are Probative of Reasonableness

- The PenFed reconsideration motion confirms Metro 2 / CRRG and CFPB Appendix E are evidence of what a reasonable CRA should review.
- Courts regularly consider these standards in assessing **reasonable procedures**.

This supports Plaintiff's argument that Equifax failed to follow procedures ensuring "maximum possible accuracy."

### 6. Date-Field Discrepancies Support Misleadingness Claims

- The PenFed motion reinforces that DOFD, DLP, and similar date-fields must be accurate.
- Under *Seamans*, inaccurate or misleading date fields violate the FCRA even absent other errors.

This supports Plaintiff's argument regarding Equifax's misleading date-field representations.

### 7. Violations of Summary-Judgment Standards Occurred in Both Orders

The PenFed motion identifies summary-judgment errors also present in the Equifax Order:

- resolving factual conflicts against Plaintiff;
- rejecting reasonable inferences in Plaintiff's favor;
- improperly weighing evidence.

These errors violate *Tolan*, *Reeves*, and *Anderson*, supporting reconsideration.

### 8. Causation and Damages Principles Are Applicable to Equifax

- Lenders relied on Equifax reports containing the PenFed tradelines.
- PenFed accounts were the only derogatory items on Plaintiff's Equifax reports.
- Circumstantial evidence is sufficient under Fourth Circuit precedent.

This strengthens Plaintiff's damages arguments under §§1681e(b) and 1681i.

### 9. Publication Principles Support Plaintiff's State-Law Defamation Claim Against Equifax

- Retrieval of an Equifax report by any creditor constitutes publication.
- Publication may be shown through circumstantial evidence.

These principles reinforce Plaintiff's position that Equifax acted with reckless disregard when continuing to publish disputed information.

## VI. GENUINE ISSUES OF MATERIAL FACT AND CONTROVERSIES BEFORE THE COURT

The following genuine disputes preclude summary judgment:

1. Whether Equifax's reporting was materially misleading.
2. Whether Equifax followed reasonable procedures under §1681e(b).
3. Whether Equifax conducted a reasonable reinvestigation under §1681i.
4. Whether Plaintiff disputed inaccuracies in 2021, triggering §1681i.
5. Whether transfer/assignment status required $0 balance reporting.
6. Whether dispute notations were required but omitted.
7. Whether date-field adjustments misled creditors.
8. Whether cross-bureau inconsistencies show inaccuracy.
9. Whether Plaintiff suffered damages, including emotional distress.
10. Whether Equifax acted with reckless disregard, supporting state-law claims.
11. Whether publication and causation can be inferred circumstantially.
12. Whether deletion of the REV tradeline eliminates earlier statutory violations.

Each issue is for the jury under *Anderson*, *Reeves*, and *Tolan*.

## VII. CASE CITATION LEGEND (FULL AUTHORITIES REFERENCED IN THIS MOTION)

The following authorities are referenced in this Motion. Full case citations are provided for the Court's convenience and to accompany the record as a citation legend:

**A. Federal Appellate & Supreme Court Authority:**

1. *Dalton v. Capital Associated Industries, Inc.*, 257 F.3d 409 (4th Cir. 2001).
2. *Saunders v. Branch Banking & Trust Co.*, 526 F.3d 142 (4th Cir. 2008).
3. *Bibbs v. Trans Union LLC*, 43 F.4th 331 (3d Cir. 2022).
4. *Seamans v. Temple Univ.*, 744 F.3d 853 (3d Cir. 2014).
5. *Johnson v. MBNA America Bank, NA*, 357 F.3d 426 (4th Cir. 2004).
6. *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295 (11th Cir. 2016).
7. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147 (9th Cir. 2009).
8. *Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800 (7th Cir. 2023).
9. *Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37 (D.C. Cir. 1984).
10. *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890 (5th Cir. 1998).
11. *Tolan v. Cotton*, 572 U.S. 650 (2014).
12. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).
13. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

**B. Additional Federal Authority Used for Supporting Principles**

14. *Frazier v. Dovenmuehle Mortgage, Inc.*, 44 F.4th 968 (7th Cir. 2022).
15. *Chandler v. Southwest Credit Systems, L.P.*, 2023 WL 5971094 (E.D. La. Sept. 14, 2023) (supportive CRA omission analysis).
16. *Cushman v. Trans Union Corp.*, 115 F.3d 220 (3d Cir. 1997) (reinvestigation standard).
17. *Philbin v. Trans Union Corp.*, 101 F.3d 957 (3d Cir. 1996) (reasonable procedures).

**C. Fourth Circuit & District of South Carolina Principles (Summary Judgment Standards)**

18. *Holley v. North Carolina Dep't of Admin.*, 846 F. Supp. 2d 416 (E.D.N.C. 2012) (application of *Tolan* and *Reeves*).
19. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954 (4th Cir. 1996).

## VIII. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Vacate the Order (ECF 472);
2. Reinstate Plaintiff's FCRA claims under §§1681e(b) and 1681i;
3. Reinstate Plaintiff's state-law claims (defamation and S.C. §37-20-170);
4. Alternatively, grant relief under Rule 60(b)(1) or (b)(6); and
5. Grant any other relief deemed proper.

## IX. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion for Reconsideration. **Dated this 1ˢᵗ day of December, 2025.**

**Respectfully Presented,**

*Nelson L Bruce*

Nelson L. Bruce, Sui Juris
All Secured Natural Rights Explicitly Reserved and Retained "with prejudice"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
leonbruce81@yahoo.com