IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE,<br><br>    Plaintiff,<br><br>    v.<br><br>PENTAGON FEDERAL CREDIT UNION a.k.a. PENTAGON FEDERAL CREDIT UNION FOUNDATION ("collectively" PENFED), EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, all unknown Does 1-100, et al.,<br><br>    Defendants. | Case No. 2:22-cv-02211-BHH-MGB<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Defendant Equifax Information Services LLC ("Equifax"), by Counsel, hereby submits its Response in Opposition to Plaintiff's Motion for Reconsideration (Doc. 490).

## ARGUMENT & CITATION TO AUTHORITY

### I.   PLAINTIFF'S ARGUMENTS FOR RECONSIDERATION ARE FRIVOLOUS

Plaintiff's Motion for Reconsideration makes numerous arguments for reconsideration that are frivolous. First and foremost, Plaintiff contents that reconsideration is warranted because the Court "applied an over-narrow view of inaccuracy" and "misleadingness analysis does not depend on ownership." (*Id.* at 3.) Specifically, he makes various frivolous allegations against Equifax to argue that Equifax "create[d] a misleading depiction of a continuing balance owed to PenFed." (*Id.*) But Plaintiff *did* continue to owe balances to PenFed. The record evidence, considered by the Court, conclusively established that PenFed did *not* relinquish the debts at issue in this litigation. (*See* Doc. 472, at 8-9.) Moreover, to the extent PenFed may have hired a collections agency as its agent to recover one of the debts owed to PenFed, any such collections agency did

322315120v.1

*not* report a separate tradeline to Equifax, and, therefore, there was no possibility of any misleading confusion, as the Court recognized:

> As discussed above, the admissible evidence shows that Plaintiff failed to pay the reported unpaid balances on the PenFed Accounts, and there is no evidence that any internal collection agency or third-party collections was reporting a separate tradeline on those accounts. . . . Thus, there is no basis to find that failing to report these charged off accounts with a zero balance and as transferred with the applicable status codes would have an adverse effect on credit decisions.

(Doc. 473, at 27.)

Thus, this Court correctly applied the Fourth Circuit's precedent in *Dalton v. Capital Associated Industries, Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (credit reporting is "inaccurate" when it is "patently incorrect or when it is misleading in such a way and to such an extent that it can be expected to have an adverse effect"). Plaintiff's arguments to the contrary are simply frivolous. Plaintiff's Motion for Reconsideration is due to be denied.

Plaintiff's remaining arguments in his Motion for Reconsideration are as frivolous as his argument that the Court misapplied the Fourth Circuit's guidance on accuracy. For example, Plaintiff continues to claim that Equifax failed to conduct "the substance of [his] dispute" when it "failed to examine . . . transfer/assignment indicators" even though: 1) his September 2021 dispute could not possibly have included a dispute regarding the "transfer/assignment indicators" given that his (unsupported) claim that PenFed sold one of the debts was based on a *December* 2021 phone call, and 2) his May 2022 dispute continued no information whatsoever. (*See* Doc. 472, at 21-22.) Plaintiff also contends that the Court "accepted parroting without analysis," (Doc. 490, at 4), presumably an intended challenge to the Court's discussion at pages 19 through 21 of its Order granting Equifax's Motion for Summary Judgment. But the Court's conclusion was that *Plaintiff* "failed to submit admissible evidence that would create a genuine dispute as to whether Equifax followed reasonable procedures." (Doc. 472, at 20.) The court noted all the various categories of

evidence that Plaintiff failed to submit. (*Id.* at 20-21.) Plaintiff's Motion for Reconsideration does not, and cannot, contend that he did in fact submit these categories of evidence. Here, too, Plaintiff's Motion for Reconsideration is due to be denied.

Finally, Plaintiff's Motion for Reconsideration with respect to his state law claims presents no real argument at all, and, instead, consists of nothing but vague bullet points. (See Doc. 490, at 5-6.) He provides no persuasive argument why the Court's reasoned decision was erroneous. Here, too, Plaintiff's Motion for Reconsideration is due to be denied.

Any remaining contentions as Plaintiff's Motion for Reconsideration are likewise unpersuasive in light of the arguments set forth in Equifax's summary judgment briefing, which it incorporates herein in their entirety. (*See generally* Docs. 410, 427.)

## CONCLUSION

Accordingly, Equifax respectfully requests the Court deny Plaintiff's Motion.

DATED: December 8, 2025

Respectfully submitted,

WYCHE, P.A.

By: */s/ Rita Bolt Barker*
Rita Bolt Barker (Fed. ID No. 10566)
WYCHE, P.A.
200 East Broad Street, Suite 400
Greenville, South Carolina 29601
Telephone: (864) 242-8235
Facsimile: (864) 235-8900
E-mail: rbarker@wyche.com

***Counsel for Defendant***
***Equifax Information Services LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2025, I presented the foregoing **RESPONSE IN OPPOSITION** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record. A copy has also been sent via U.S. Mail to the following:

> Nelson L. Bruce *(plaintiff pro se)*
> c/o P.O. Box 3345
> Summerville, South Carolina  29484
> Telephone:  (843) 437-7901
> Email:  leonbruce81@yahoo.com

*/s/ Rita Bolt Barker*
Rita Bolt Barker
***Counsel for Defendant***
***Equifax Information Services LLC***

322315120v.1