RCVD - USDC - CHAS, SC
2025 DEC 16 AM9:15

**Record/FILE ON DEMAND**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Nelson L. Bruce,<br>Plaintiff,<br>v.<br>Pentagon Federal Credit Union; et al.<br>Defendants. | Case No.: 2:22-cv-02211-BHH-MGB<br>**PLAINTIFF'S PETITION TO RECUSE JUDGE AND TO VACATE SUMMARY JUDGMENT ORDERS FOR DUE PROCESS VIOLATIONS** |

Plaintiff moves for mandatory disqualification and recusal of the presiding District Judge, and vacatur of the order granting summary judgment to Pentagon Federal Credit Union ("PenFed"), on the grounds that the Court adopted and advanced arguments not raised by any party; injected sua sponte factual and legal theories to support the defense; and mischaracterized Plaintiff's statutory positions as "vapor money," thereby demonstrating bias and prejudicial acts and resulting in a due process violations. See…**Disqualification of Judges**, as enacted in the Judicial Code and later amendments (**Act of Mar. 3, 1911, ch. 231, § 21, 36 Stat. 1087, 1090; Judicial Code of 1948, June 25, 1948, ch. 646, 62 Stat. 869; Act of Dec. 5, 1974, 88 Stat. 1609**); **Fifth Amendment Due Process Clause**; **Rules Enabling Act, June 19, 1934, ch. 651, 48 Stat. 1064** (Rule 56 neutrality).

## INTRODUCTION

The Court's order (ECF No. 473) did not merely adjudicate the arguments presented. It supplied new labels ("vapor money"), new authorities (unbriefed case law on 1099-C and charge-offs; Metro 2 web materials), and new factual inferences (reading into a collection letter

obligation the law does not require), to construct dispositive grounds on PenFed's behalf. Those judicial insertions are not neutral applications of Rule 56; they are advocacy. Because "no one is above the law, including a presumption," Plaintiff seeks recusal and vacatur to restore an impartial adjudication.

## PROCEDURAL BACKGROUND

1. PenFed moved for summary judgment. ECF No. 413 and 413-1.
2. Plaintiff opposed. ECF No. 432.
3. PenFed replied. ECF No. 439.
4. Plaintiff filed a sur-reply. ECF No.'s 448 and 452
5. The Court granted summary judgment (ECF No. 473).
6. Plaintiff moved for reconsideration identifying the Court's sua sponte arguments and misapprehensions (ECF No.'s 490, 491, 492, 493) and the amended Petitions for reconsiderations not currently entered by the court as of the time this filing was filed but they are included which the PenFed, Trans Union and Experian petitions have been amended and or supplemented.

## LEGAL STANDARDS (ENACTMENT SOURCES)

**A. Mandatory Disqualification / Recusal.** Judicial disqualification is mandated where a judge's impartiality might reasonably be questioned or where there is actual bias or prejudice against a party. Authority originates in the Judicial Code's disqualification provisions: **Act of Mar. 3, 1911, ch. 231, § 21, 36 Stat. 1087, 1090**, carried forward and codified with revisions in the **Judicial Code of 1948, June 25, 1948, ch. 646, 62 Stat. 869**, and substantively expanded by the **Act of Dec. 5, 1974, 88 Stat. 1609** (broad "appearance of impartiality" standard).

**B. Due Process Neutral Arbiter.** The **Fifth Amendment Due Process Clause** requires a neutral decision-maker; adjudication cannot be infected by bias or advocacy from the bench.

**C. Rule 56 Neutrality.** Summary judgment operates under the Federal Rules of Civil Procedure promulgated under the **Rules Enabling Act, June 19, 1934, ch. 651, 48 Stat. 1064**; a court may not weigh evidence, resolve credibility, or supply missing grounds for the movant.

**D. Debt-Collector Notice Requirements (FDCPA).** When discussing obligations of a third-party debt collector, the governing enactment is the **Fair Debt Collection**

**Practices Act, Sept. 20, 1977, 91 Stat. 874**. Its validation-notice provision requires that a debt collector's initial communication disclose it is an attempt to collect a debt and provide 30-day dispute rights; it does **not** require an announcement that the collector "will report" to consumer reporting agencies. See **91 Stat. 874** (Title VIII of the Consumer Credit Protection Act).

## ARGUMENT

### 1) "Vapor money" labeling and reliance on unrelated litigation history

**Presumption.** The Court presumes Plaintiff advanced a "vapor money" theory, importing that label and out-of-record narrative to dispose of the claims.

**Facts (record-supported).**

(a) PenFed's opening and reply briefs do not label Plaintiff's arguments as "vapor money." See…ECF No. 413 and 413-1, ECF No. 439.

(b) The order introduces "vapor money" and relies on out-of-district cases not briefed by PenFed. ECF No. 473.

(c) The order further references Plaintiff's prior, unrelated litigation to bolster the label. ECF No. 473 at 18.

**Conclusion of Law (with enactment reference).** Judicial recusal is warranted where impartiality might reasonably be questioned based on the court's injection of unbriefed, prejudicial characterizations: **Act of Dec. 5, 1974, 88 Stat. 1609** (disqualification standard), as grounded in **Act of Mar. 3, 1911, 36 Stat. 1087, 1090**, and the **Fifth Amendment Due Process Clause**.

**Why Irrefutable.** The dispositive label and authorities did not originate from any party submission; supplying them is advocacy from the bench, defeating the appearance of impartiality under the governing disqualification enactments especially when the parties are not Pro Se parties.

### 2) Court-supplied 1099-C/charge-off doctrine to defeat claims

**Presumption.** The Court presumes Plaintiff claimed a tax-form discharge and then constructs a 1099-C doctrine to defeat a non-asserted theory.

**Facts (record-supported).**

(a) PenFed did not brief an extended 1099-C discharge analysis; the order builds it sua sponte. ECF No. 413, 413-1, 439, 473.

(b) Plaintiff's claim sounded in FCRA furnisher duties after CRA disputes not tax discharge. ECF No.'s 432, 448, 452.

(c) The Court's reliance on unbriefed tax authorities supplies new defense grounds.

**Conclusion of Law (with enactment reference).** Introducing unbriefed, outcome-determinative theories compromises Rule 56 neutrality mandated by the **Rules Enabling Act, 48 Stat. 1064** and violates the appearance standard in the **Act of Dec. 5, 1974, 88 Stat. 1609**.

**Why Irrefutable.** The legal ground was not joined by the parties; the Court's construction replaced adversarial testing with judicial advocacy, triggering mandatory recusal standards.

**3) Recasting Regulation V / Appendix E and Metro 2 as a merits bar**

**Presumption.** The Court presumes Plaintiff sought a private right of action under industry guidance, then rejects the claim on that basis.

**Facts (record-supported).**

(a) Plaintiff cited Metro 2/CRRG and Regulation V Appendix E as **evidence of accuracy and reasonable procedures** in a §1681s-2(b) claim, not as standalone causes of action.

(b) PenFed argued only non-binding status; the order expands to a merits bar and relies on unbriefed web materials.

**Conclusion of Law (with enactment reference).** By reframing Plaintiff's theory and deciding a different claim than the one pleaded, the Court violated due process and the Rule 56 neutrality commanded by the **Rules Enabling Act, 48 Stat. 1064**, requiring recusal under **88 Stat. 1609**.

**Why Irrefutable.** A court may not defeat a claim Plaintiff did not bring; doing so demonstrates partiality and prejudices Plaintiff's adjudicatory rights.

**4) Inventing an NCC "reporting notice" obligation not required by law**

**Presumption.** The Court presumes a debt collector must state in its dunning letter that it "will report" an account to consumer reporting agencies.

**Facts (record-supported).**

(a) The NCC letter states it is an attempt to collect a debt and provides 30-day validation rights; it does not state it will report the debt.

(b) The governing statute **Fair Debt Collection Practices Act, Sept. 20, 1977, 91 Stat. 874** requires a validation notice and disclosure that the communication is an attempt to collect a debt; it does **not** mandate a statement about future reporting. [Record: Statutory Text Attachment/Authority].

(c) PenFed did not argue that NCC was required to promise reporting; the order supplied that expectation.

**Conclusion of Law (with enactment reference).** Reading into a third-party letter legal obligations the FDCPA (91 Stat. 874) does not impose, and using that invented premise to favor the defense, is bias requiring recusal under the Act of Dec. 5, 1974, 88 Stat. 1609; it also misapprehends law material to Plaintiff's FCRA claim context.

**Why Irrefutable.** The statute's text fixes the elements of a compliant notice; adding a reporting-promise requirement is legislating from the bench and demonstrates partiality.

**5) Sua sponte "no qualifying dispute" narrative contrary to ACDV evidence**

**Presumption.** The Court presumes Plaintiff submitted no CRA-routed disputes triggering §1681s-2(b) duties.

**Facts (record-supported).**

(a) CRA ACDVs were sent to and received by PenFed for the tradelines at issue.

(b) PenFed acknowledged handling disputes; its argument was that the reporting was not inaccurate.

(c) The order reframes the dispute-trigger element, supplying a defense ground that PenFed did not establish.

**Conclusion of Law (with enactment reference).** Resolving a contested, material fact against the non-movant and supplying a missing defense element violates Rule 56 neutrality (authorized under the **Rules Enabling Act, 48 Stat. 1064**) and requires recusal under **88 Stat. 1609**.

**Why Irrefutable.** The ACDV presence is verifiable in the record; the Court's contrary presumption is not a permissible inference at summary judgment.

**6) Editorial characterizations and reliance on Plaintiff's unrelated litigation history**

**Presumption.** The Court presumes Plaintiff's filings are inherently non-credible based on prior litigation and labels that were not dismissed with prejudice.

**Facts (record-supported).**

(a) The order references Plaintiff's litigation history and uses pejorative descriptors unmoored from the evidentiary record.

(b) These comments were not advanced by PenFed and serve no element of any defense.

**Conclusion of Law (with enactment reference).** Such commentary creates an appearance of partiality under the Act of Dec. 5, 1974, 88 Stat. 1609, requiring recusal.

**Why Irrefutable.** The insertions add prejudice without probative value on the statutory elements actually at issue.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW (FOR ENTRY) (ECF No. 473)**

**Findings of Fact**

1. The Court's order introduced "vapor money" labeling and relied on un-briefed authorities to dispose of Plaintiff's claims to with the judge in this matter presided over, was a party to.
2. The Court constructed an un-briefed 1099-C/charge-off doctrine and relied on it to support summary judgment.
3. The Court re-framed Plaintiff's use of Regulation V Appendix E / Metro 2 as a private-right claim not pleaded.
4. The Court inferred an NCC "we will report" notice obligation not required by statute and not stated in the letter.
5. CRA ACDVs concerning Plaintiff's PenFed tradelines exist in the record; the order's contrary suggestion supplied a missing defense ground.
6. The order included editorial commentary and prior-case references not grounded in the elements of any claim or defense.

**Conclusions of Law**

A. The foregoing facts create at least the appearance that the Court's impartiality might reasonably be questioned, mandating recusal under the disqualification enactments: **Act of Mar. 3, 1911, ch. 231, § 21, 36 Stat. 1087, 1090; Judicial Code of 1948, June 25, 1948, ch. 646, 62 Stat. 869; Act of Dec. 5, 1974, 88 Stat. 1609**.

B. The Court's sua sponte construction of dispositive defenses and weighing of disputed facts violate the neutrality required by Rule 56 as authorized by the **Rules Enabling Act, June 19, 1934, ch. 651, 48 Stat. 1064**, and the **Fifth Amendment Due Process Clause**; the order must be vacated.

C. The Court's invention of a debt-collector reporting-notice requirement contravenes the statutory text of the **Fair Debt Collection Practices Act, Sept. 20, 1977, 91 Stat. 874**, confirming misapprehension of law and prejudice to Plaintiff.

## GLOBAL RECUSAL EXTENSION AS TO CRA DEFENDANTS (TRANSUNION, EXPERIAN, EQUIFAX)

### A) Pattern-Based Recusal to Prevent Further Bias and Prejudice

**Presumption.** The Court's adjudication in the PenFed order (ECF No. 473) reflects bias and prejudice by (i) introducing arguments and authorities not raised by the parties, (ii) mislabeling Plaintiff's statutory positions as "vapor money," and (iii) inventing obligations not found in enacted law—indicating a departure from Rule 56 neutrality.

**Facts (record-supported).**

1. In the PenFed order, the Court supplied unbriefed grounds and labels and drew inferences adverse to the non-movant.

2. Multiple reconsideration motions have been filed challenging these defects and requesting corrective relief.

3. The same presiding Judge also issued summary-judgment orders as to TransUnion, Experian, and Equifax (ECF Nos. 472, 474, 475). While Plaintiff has not appended those briefs/orders here, the pattern evidenced in ECF No. 473 reasonably supports concern that similar sua sponte insertions and prejudicial framing may have affected the CRA rulings. ECF Nos. 472, 474, 475 including any amendments/supplements.

4. To prevent further bias or the appearance thereof, prophylactic recusal and vacatur/reassignment are necessary across all remaining matters involving the CRA defendants.

**Conclusion of Law (enactments).** Where a judge's impartiality "might reasonably be questioned," disqualification is mandatory under the federal disqualification lineage: **Act of Mar. 3, 1911, ch. 231, § 21, 36 Stat. 1087, 1090; Judicial Code of 1948, June 25, 1948, ch. 646, 62 Stat. 869; Act of Dec. 5, 1974, 88 Stat. 1609**. Summary-judgment neutrality is required by Rule 56 as promulgated under the **Rules Enabling Act, June 19, 1934, ch. 651, 48 Stat. 1064**; due process under the **Fifth Amendment** guarantees an impartial adjudicator.

**Why Irrefutable.** The appearance-based standard does not require Plaintiff to prove the same errors recurred verbatim in the CRA orders; it is enough that the PenFed order shows a concrete pattern of court-supplied grounds and prejudicial mislabeling—reasonably calling impartiality into question across related, contemporaneous rulings by the same Judge.

## CLERK-LITIGATION CONFLICT REQUIRING RECUSAL AND INTRADISTRICT TRANSFER

### A) Recusal Based on Appearance of Partiality Arising from Plaintiff's Separate Action Against a Clerk in This Division

**Presumption.** The Court can remain impartial notwithstanding Plaintiff's pending action against a clerk employed within this division, and notwithstanding the Court's actual notice of that complaint.

**Facts (record-supported).**

1. Plaintiff filed a civil action against the United States related to a clerk of court assigned to this division: ***Bruce v. The United States et al case. No. 3:2025cv04020***
2. This presiding Court in the present matter received notice of that filing.
3. Following notice, Plaintiff experienced adverse adjudicative actions including orders granting summary judgment and adverse characterizations that Plaintiff has challenged as biased and prejudicial in motions for reconsideration: ECF Nos. 472, 473, 474, 475;
4. The clerk-defendant's employment is within the same divisional office that processes filings and coordinates docketing for this case.

**Conclusion of Law (enactments).** Where a judge's impartiality "might reasonably be

questioned," disqualification is mandatory under the federal disqualification enactments: **Disqualification of Judges Act of Mar. 3, 1911, ch. 231, § 21, 36 Stat. 1087, 1090; Judicial Code of 1948, June 25, 1948, ch. 646, 62 Stat. 869; Act of Dec. 5, 1974, 88 Stat. 1609**. Due process under the **Fifth Amendment** requires a neutral decision-maker untainted by the appearance of institutional conflict. The **Rules Enabling Act, June 19, 1934, ch. 651, 48 Stat. 1064** (governing Rule 56 neutrality) reinforces that adjudication must be free from bias.

**Why Irrefutable.** The appearance-based standard does not require proof of actual bias. A reasonable observer, apprised that Plaintiff is actively litigating against a clerk in the same divisional office and that the Court had notice while issuing contested merits rulings, would question impartiality. The disqualification enactments therefore require recusal.

**B) Prophylactic Intra-District Transfer to the Columbia Division to Prevent Further Bias or Prejudice**

**Presumption.** Continued adjudication in the current division will not affect the appearance of fairness despite the pending clerk-litigation and Plaintiff's bias objections.

**Facts (record-supported).**

1. The same divisional clerk's office named in Plaintiff's separate action continues to administer filings and docketing functions for this case.
2. Plaintiff has requested relief aimed at eliminating any appearance of bias stemming from intra-division relationships.
3. The District maintains a Columbia Division capable of administering the case without the appearance concerns identified above.

**Conclusion of Law (enactments).** Intra-district transfer to another division is authorized under the **Judicial Code of 1948, June 25, 1948, ch. 646, 62 Stat. 869** (enacting venue-transfer authority now codified at § 1404(a)), which permits transfer "for the convenience of parties and witnesses" and "in the interest of justice." Where recusal is warranted, reassignment and transfer

are necessary to preserve due process under the **Fifth Amendment**.

**Why Irrefutable.** Removing the case from the division that employs the clerk whom Plaintiff is suing eliminates the reasonable appearance of institutional partiality. The "interest of justice" prong of the venue-transfer authority squarely supports transfer to the Columbia Division.

**Authorities Catalog (Enactment Lines — This Supplement)**

- **Disqualification of Judges** — *Act of Mar. 3, 1911*, ch. 231, § 21, **36 Stat. 1087, 1090**; *Judicial Code of 1948, June 25, 1948*, ch. 646, **62 Stat. 869**; *Act of Dec. 5, 1974*, **88 Stat. 1609**.
- **Rules Enabling Act** — *June 19, 1934*, ch. 651, **48 Stat. 1064**.
- **Fifth Amendment Due Process Clause**

**REQUESTED RELIEF**

Plaintiff respectfully requests that the Court:

1. **Recuse** from this matter pursuant to the disqualification enactments (**36 Stat. 1087, 1090; 62 Stat. 869; 88 Stat. 1609**), including all matters pertaining to TransUnion, Experian, and Equifax;
2. **Vacate** all contested orders entered after the Court received notice of Plaintiff's clerk-litigation (including ECF Nos. **472, 473, 474, 475**) on due-process and Rule 56 neutrality grounds;
3. **Transfer/Reassign** this case **intra-district to the Columbia Division/district and or any other division/district outside of the Charleston** "in the interest of justice," pursuant to the **Judicial Code of 1948, June 25, 1948, ch. 646, 62 Stat. 869** (venue-transfer authority); and
4. Grant such other and further relief as is just and proper.

**Authorities Catalog**

- **Disqualification of Judges** *Act of Mar. 3, 1911*, ch. 231, § 21, **36 Stat. 1087, 1090**;
- ***Judicial Code of 1948***, *June 25, 1948*, ch. 646, **62 Stat. 869**; *Act of Dec. 5, 1974*, **88 Stat. 1609**.
- **Disqualification Amendments** Act of Dec. 5, 1974, 88 Stat. 1609 (substantially amending

the federal disqualification standard to the present "impartiality might reasonably be questioned" formulation).

- **Rules Enabling Act** *June 19, 1934*, ch. 651, **48 Stat. 1064**. (authorizing the Supreme Court to promulgate the Federal Rules of Civil Procedure, including Rule 56)
- **Fifth Amendment Due Process Clause**.
- **Venue/Transfer Authority** *Judicial Code of 1948*, *June 25, 1948*, ch. 646, **62 Stat. 869** (enacting the modern transfer provision now codified at 28 U.S.C. § 1404(a)).

**SUPPORTING DECLARATION**

I, Nelson L. Bruce, declare under penalty of law that the facts recited in this motion that reference the case record are true and correct to the best of my knowledge and belief and are supported by the cited docket materials.

Signature: Nelson L. Bruce