**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

_____
)
Nelson L. Bruce,                                         )
                                                                  )
                 Plaintiff,                        )
                                                                  )
                v.                                    )     CASE NO.: 2:22-cv-02211-BHH-MGB
                                                                  )
Pentagon Federal Credit Union; *et al.*      )
                                                                  )
                 Defendants.                   )
_____)

**PENTAGON FEDERAL CREDIT UNION'S OPPOSITION**
**TO NELSON L. BRUCE'S MOTION FOR RECONSIDERATION**

On September 29, 2025, the Court entered an Order (Dkt. No. 473) granting Pentagon Federal Credit Union's ("PenFed") motion for summary judgment and dismissing in full all claims Nelson L. Bruce ("Plaintiff") asserted against PenFed ("the Order"). (Order, Dkt. No. 473 at 39). The Order—which is 39 pages long—clearly demonstrates that the Court conducted a detailed review of the evidentiary record, thoroughly analyzed the applicable law, and gave fair consideration to each argument Plaintiff raised before the Court concluded that no genuine dispute of material fact exists and PenFed is entitled to judgment as a matter of law. (*See id.*) Indeed, the Court even provided a detailed explanation of its rationale for rejecting Plaintiff's nonsensical theories about financial institutions creating new money despite noting that it had already rejected those same theories as "frivolous" in one of Plaintiff's prior lawsuits. (*Id.* at 17-18.)

Nevertheless, Plaintiff filed a 35-page motion for reconsideration ("Plaintiff's Motion"). (Pl.'s Mot., Dkt. No. 498.) Despite the obvious fact that the Court spent considerable time and

1

effort addressing Plaintiff's meritless claims, Plaintiff now accuses the Court of "improper prejudice[,]" a "bias[ed] opinion[,] "due process violation[s,]" and "fail[ing] to review the documentary evidence," among other perceived transgressions. (*Id.* at 7 & 28.)

Besides unfounded accusations against the Court, there is nothing new in Plaintiff's Motion. It does not cite any new evidence. Nor does it cite an intervening change in the law. Instead, Plaintiff's Motion simply rehashes arguments the Court has already considered and rejected. As such, Plaintiff's Motion does not provide any basis, let alone a valid one, for the Court to reconsider its well-reasoned decision. For that reason alone, the Court should deny Plaintiff's Motion. *See*, *e.g.*, *Metaldyne Powertrain Components, Inc. v. Sansera Eng'g Ltd.*, No. 2:21-CV-3588-BHH, 2024 WL 4579149, at *2 (D.S.C. Oct. 25, 2024).

The procedural basis for Plaintiff's Motion is unclear. The title describes it alternatively as a "PETITION FOR RECONSIDERATION," which is not a recognized procedural device for challenging a final order under the Federal Rules of Civil Procedure; a "MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e)"; and a "MOTION FOR RELIEF UNDER RULE 60(b)[.]" (Pl.'s Mot., Dkt. No. 498 at 1.) Plaintiff's Motion fails to satisfy the basic requirements for altering a final order regardless of which standard the Court applies.

Motions for reconsideration of interlocutory orders are governed by Rule 54(b), whereas motions to reconsider final orders are governed by Rule 59(e). *Metaldyne Powertrain Components, Inc.*, 2024 WL 4579149, at *1-2. A court may revise an interlocutory order in three circumstances: "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (quotation omitted and cleaned up). "This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such

standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." *Id.* (quotation omitted). Neither motion can be used to "to raise arguments which could have been raised" before the order was issued. *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *Metaldyne Powertrain Components, Inc.*, 2024 WL 4579149, at *2.

Rule 60(b) establishes a narrow set of circumstances in which a final order can be set aside even after the time for reconsideration or appeal have passed. *See* Fed. R. Civ. P. 60(c)(1). "Rule 60(b) 'does not authorize a motion merely for reconsideration of a legal issue.'" *Singletary v. S.C. Dep't of Educ.*, No. CIV.A. 3:11-01449, 2013 WL 2470147, at *2 (D.S.C. June 7, 2013) (quoting *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982)). "Where the motion is nothing more than a request that the district court change its mind ... it is not authorized by Rule 60(b)." *Id.* (quoting *United States v. Williams*, 674 F.2d at 313).

Plaintiff's Motion is improper regardless of whether the Court construes it as a motion for reconsideration under Rule 54(b), a motion to alter the judgment under Rule 59(e), or a motion to for relief from a final judgment under Rule 60(b). As previously noted, Plaintiff does not cite any new evidence or any change in the law whatsoever. In fact, Plaintiff does not even make any new substantive arguments. Rather, Plaintiff's Motion argues that the Court got it wrong and should change its mind. Since a simple disagreement with the Court's determination is not a proper basis to move for reconsideration, the Court should deny Plaintiff's Motion.

Finally, other glaring omissions in Plaintiff's Motion are worth noting. Plaintiff does not deny he entered into loan agreements with PenFed; he does not claim he repaid his debts; he does not suggest any person besides PenFed has claimed ownership of the debts, or furnished the accounts to credit reporting agencies; and he does not argue that any credit reports contain

inaccurate payment histories. Plaintiff concedes, therefore, that he borrowed the money from PenFed, that he failed to repay the debts, that the accounts appeared only once on his credit reports, and that the balances and payment histories PenFed furnished were accurate. In other words, the Court got it right the first time, and Plaintiff's claims against PenFed fails as a matter of law.

Dated: December 29, 2025.

    Respectfully submitted,

    **PENTAGON FEDERAL CREDIT UNION**

    */s/ G. Troy Thames*
    G. Troy Thames (Federal ID No.: 07713)
    WILLSON JONES CARTER & BAXLEY, P.A.
    4922 O'Hear Avenue, Suite 301
    North Charleston, SC 29405
    Telephone: (843) 284-0832
    Facsimile: (843) 606-3300
    Email: tthames@wjcblaw.com

    Michael A. Graziano (*pro hac vice*)
    Sarah A. James (*pro hac vice*)
    ECKERT SEAMANS CHERIN & MELLOTT, LLC
    1717 Pennsylvania Avenue, N.W., Suite 1200
    Wahington, D.C. 20006
    Telephone: 202.659.6671
    Facsimile: 202.659.6699
    E-mail: mgraziano@eckertseamans.com
           sjames@eckertseamans.com

    *Attorneys for Pentagon Federal Credit Union*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December, 2025, I served the foregoing via e-mail and first class mail on:

>Nelson L. Bruce
>P.O. Box 3345
>Summerville, SC 29484
>*Pro Se Plaintiff*

>*/s/ G. Troy Thames*_____