IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No.: 2:22-cv-02211-BHH-MGB |
| PENTAGON FEDERAL CREDIT UNION a.k.a. PENTAGON FEDERAL CREDIT UNION FOUNDATION ("collectively" PENFED), EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, EQUIFAX INFORMATION SERVICES, LLC, all unknown Does 1-100, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**DEFENDANT TRANS UNION LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED PETITION FOR RECONSIDERATION**

Defendant Trans Union LLC ("Trans Union"), by and through its attorneys of record, pursuant to Fed. R. Civ. P. 59(e), files this Response in Opposition to Plaintiff's Amended Petition for Reconsideration ("Motion") and states as follows:

**I.      INTRODUCTION**

On September 29, 2025, the Court granted Trans Union's Motion for Summary Judgment. Dkt. No. 474. Plaintiff filed a Motion for Reconsideration on December 5, 2025. Dkt. No. 492. Plaintiff filed an Amended Motion for Reconsideration on December 16, 2025.[1] Dkt. No. 497. Plaintiff's motion identifies no new evidence, no intervening change in controlling law, and no manifest error of law or fact. *See generally* Dkt. No. 497. Instead,

---

[1] Although docketed as a Motion for Reconsideration, Plaintiff's document is actually titled Plaintiff's Amended Petition for Reconsideration, Petition to Alter or Amend Judgment Under Rule 59(e),and Petition for Relief Under Rule 60(b). Dkt. No. 497. Trans Union interprets this to be an amended motion for reconsideration of the Order granting Trans Union summary judgment.

8107361.9

1

Plaintiff attempts to re-argue matters the Court already resolved after reviewing the full record. Reconsideration is not an appeal, nor an opportunity to re-litigate. Because Plaintiff's motion merely repeats arguments already addressed by the Court, Plaintiff's motion should be denied in its entirety.

## II.     LEGAL STANDARD

Reconsideration under Rule 59(e) of the Federal Rules of Civil Procedures is an extraordinary remedy which permits an aggrieved party to file a motion to alter or amend judgment. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). There are three grounds for amending a judgment, "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id*. A motion to reconsider may not be used to repackage arguments, present evidence previously offered, or simply express disagreement with the Court's reasoning. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D.Miss.1990) (holding that mere disagreement does not support a Rule 59(e) motion).

## III.     ARGUMENTS

### A.  Plaintiff Does Not Identify Any Intervening Change in Law

Plaintiff's motion does not cite any new controlling authority decided after the Court entered judgment. Plaintiff's motion simply relies on the same, previously cited authorities argued. Plaintiff's mere dissatisfaction with the Court's reasoning is not a basis for reconsideration under Rule 59(e). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise argument or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008).

Here, Plaintiff simply attempts to re-litigate issues this Court has already considered and resolved. *See* Dkt. No. 497. Plaintiff's motion reflects nothing more than disagreement with the Court's conclusions and a desire for the Court to revisit the same evidentiary record. But Plaintiff identifies no authority suggesting the Court misapplied the law. Nor does Plaintiff present any evidence that, if considered, would alter the Court's prior analysis. In short, the motion offers no legitimate basis for reconsideration and should be denied.

B. **Plaintiff Has Not Presented Any New Evidence**

Plaintiff has not presented any new evidence that was not previously before the Court. Instead, Plaintiff devotes twenty-one pages to rearguing the same theories and allegations already considered at summary judgment. This Court expressly held that Plaintiff failed to establish any inaccuracy in his Trans Union credit report. *See* Dkt. No. 474 at 27. Plaintiff's motion does not identify any new evidence that undermines or contradicts that determination.

Plaintiff asserts that the Court "misapplied" the legal standard and failed to "separately analyze" his claims. *See* Dkt. No. 497. But those assertions merely reflect disagreement with the Court's analysis. They are not supported by newly discovered facts, intervening precedent, or any authority indicating that the Court's decision was erroneous. The motion simply repackages arguments already addressed on the existing record, and it therefore provides no basis for reconsideration.

C. **Plaintiff Fails to Present a Clear Error of Law**

As discussed above, Plaintiff's motion does nothing more than express disagreement with the Court's reasoning. Sections III.A–III.B. Plaintiff does not identify any specific factual error or legal misapplication by the Court. Instead, he simply reiterates the same theories advanced at summary judgment and takes issue with the outcome. The Court correctly determined that Trans

3

8107361.9

Union did not report any inaccuracy and that Trans Union complied with its obligations under the FCRA. *See* Dkt. No. 474. A motion for reconsideration is not a vehicle to reargue matters previously decided, nor is it a substitute for appeal. Plaintiff's dissatisfaction with the Court's ruling does not constitute manifest error and provides no basis for disturbing the Court's judgment.

Plaintiff has not shown any intervening change in law, newly discovered evidence, or manifest error of law or fact. Instead, he seeks to relitigate claims already resolved by the Court.

### IV.   CONCLUSION

For the foregoing reasons, Trans Union respectfully requests that this Court grant its Motion for Summary Judgment, and award such other and further relief, both in law and in equity, as the court deems just and proper.

Respectfully Submitted,

*s/ Wilbur E. Johnson*
Wilbur E. Johnson, Esquire
wjohnson@ycrlaw.com
Federal ID No.: 2212
Clement Rivers, LLP
25 Calhoun Street, Suite 400
Charleston, SC 29401
Telephone: (843) 724-6659
Facsimile: (843) 579-1332
**Counsel for Trans Union LLC**

Date: December 30, 2025

4

8107361.9

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of December 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to use the CM/ECF system in this action.

I further certify that I forwarded a copy of the foregoing by U.S. First Class Mail to the following non-CM/ECF participant:

Nelson L. Bruce
P.O. Box 3345
Summerville, SC 29484
*Pro Se Plaintiff*

*s/ Wilbur E. Johnson*
**WILBUR E. JOHNSON**

5

8107361.9