# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| NELSON L. BRUCE,<br><br>           Plaintiff,<br><br>v.<br><br>PENTAGON FEDERAL CREDIT UNION, A/K/A. PENFED; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, LLC; LEXISNEXIS RISK SOLUTIONS, INC., LEXISNEXIS RISK SOLUTIONS FL INC.; LEXISNEXIS RISK DATA MANAGEMENT INC.; ALL UNKNOWN; and DOE'S 1-100,<br><br>           Defendants. | Case No. 2:22-cv-02211-BHH |

### EXPERIAN INFORMATION SOLUTIONS, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR RECONSIDERATION

Defendant Experian Information Solutions, Inc. ("Experian") respectfully opposes Plaintiff's Amended Motion for Reconsideration under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. (ECF No. 496). The motion identifies no intervening change in controlling law, no previously unavailable evidence, and no clear error of law or manifest injustice. Instead, Plaintiff reiterates the same accuracy, reinvestigation, "assignment," and damages theories the Court has already considered and rejected on a full summary judgment record. Reconsideration is an extraordinary remedy and is not a vehicle to relitigate matters that were or could have been raised before judgment. The motion should be denied.

### LEGAL STANDARD

Under Rule 54(b), a "district court retains the power to reconsider and modify its

interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) (noting "an order of partial summary judgment is interlocutory in nature"); *see also Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (noting that "every order short of a final decree is subject to reopening at the discretion of the district judge"). District courts in the Fourth Circuit, in analyzing the merits of a Rule 54 motion, look to the standards of motions under Rule 59 for guidance. *R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co.*, C/A No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006). Therefore, reconsideration under Rule 54 is appropriate on the following grounds: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Beyond Sys., Inc. v. Kraft Foods, Inc.*, C/A No. PJM-08-409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010) ("This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing an[ ] interlocutory order.") (citing *Am. Canoe Ass'n*, 326 F.3d at 514).

## ARGUMENT

**A.     Plaintiff identifies no intervening change in controlling law, no new evidence, and no clear error; he merely repackages arguments the Court has already rejected.**

Plaintiff cites no new controlling authority post-dating the Court's judgment and instead relies on the same decisions—*Dalton*, *Saunders*, *Bibbs*, *Seamans*, *Cushman*, and others—previously presented and considered by the Court. That is not a basis for Rule 59(e) relief. Nor does Plaintiff present new evidence unavailable prior to the court entering summary judgment. The motion recycles the same PenFed correspondence, inter-bureau claims, Metro 2 points, and "Federal Reserve" materials that were either already presented or could have been presented earlier. The Court reviewed a complete record in granting summary judgment, including

Experian's evidence of its procedures and reinvestigations and PenFed's sworn testimony that PenFed never sold or transferred ownership of Plaintiff's accounts. Plaintiff's disagreement with the Court's analysis does not demonstrate clear error or manifest injustice sufficient to justify reconsideration.

**B.     The Court correctly applied the FCRA accuracy standard and found no inaccuracy.**

Plaintiff insists the Court "constricted" accuracy to an ownership-only inquiry and ignored the "materially misleading" test. (Motion, p. 3). But the Court expressly addressed the record showing PenFed retained ownership and that no separate tradeline from a collection agency was reporting. (ECF No. 475, p. 8). In this context, Experian's reporting was not patently incorrect or misleading in a way expected to adversely affect credit decisions. (*Id.*, pp. 16–19). The Court's reasoning aligns with the Fourth Circuit's standard under *Dalton* and with the record evidence confirming ownership and verified status. Moreover, Plaintiff's reliance on Metro 2 standards to manufacture an inaccuracy similarly fails. Metro 2 conventions may be probative in some contexts, but they are not themselves law and do not transform accurate reporting into an FCRA violation. The Court correctly treated them as non-dispositive in light of the undisputed ownership evidence and verified reporting. (*Id.*).

**C.     Plaintiff's § 1681i notice and reinvestigation arguments were correctly rejected.**

The Court also correctly held, alternatively, that Plaintiff did not notify Experian of a sale, transfer, or assignment in a manner triggering a reinvestigation duty as to that specific theory, and even if he had, Experian conducted reasonable reinvestigations by transmitting ACDVs, reviewing responses, and updating where appropriate. (*Id.*, p. 23). Experian's sworn declaration demonstrated the standard reinvestigation workflow and repeated verifications from furnishers; Plaintiff elected not to depose Experian and offered no admissible evidence that Experian's reinvestigation was unreasonable. (*Id.*, pp. 20–21). Plaintiff's reconsideration motion simply reprises the same

"parroting" and "ACDV-only" arguments that the Court considered and found unpersuasive on the summary judgment record, which is not grounds for Rule 59(e) relief.

**D.  Plaintiff's "Federal Reserve collateral" theory provides no basis for reconsideration.**

The Court properly rejected Plaintiff's recharacterization of his debts based on speculative "Federal Reserve" theories. Plaintiff's motion for reconsideration merely reasserts these frivolous collateral-pledge suppositions to recast his ownership and status claims, but those arguments were either presented already, could have been presented earlier, or remain immaterial to Experian's obligations under the FCRA on this record. They do not constitute new evidence nor reveal clear error in the Court's accuracy and reasonableness rulings.

**E.  The Court correctly held that Plaintiff failed to establish publication/causation and damages.**

The Court also correctly concluded Plaintiff failed to present admissible evidence that any adverse action was caused by an Experian report referencing the challenged information, rejecting Plaintiff's post hoc denial letters which lacked admissible foundation and third-party testimony as insufficient at summary judgment. These arguments, based on hearsay and speculation were inadequate to prove publication and causation at summary judgment, and Plaintiff presents no additional or new information in his motion showing error. Reconsideration does not permit reoffering the same materials with the same deficiencies, and Plaintiff identifies no new admissible evidence or legal error.

**F.  The Court properly disposed of Plaintiff's state-law claims.**

Finally, the Court correctly held that Plaintiff's defamation claim fails because Experian's reporting was not shown to be false and, in any event, the claim is preempted absent malice or willful intent to injure, which the record does not support given Experian's repeated reinvestigations. (ECF No. 475, p. 26–27). The Court also correctly held that Plaintiff's state law

claim failed for the same reasons as his FCRA claim and is preempted to the extent it imposes duties with respect to subject matter regulated by Section 1681i. Again, Plaintiff's reconsideration motion merely re-asserts the same preemption and malice arguments that the Court considered and rejected. There is no intervening law or clear error warranting a different result.

## **CONCLUSION**

Plaintiff's motion identifies no intervening change in controlling law, no new evidence, and no clear error or manifest injustice. It simply rehashes arguments that the Court already considered and rejected in granting summary judgment to Experian. Reconsideration is an extraordinary remedy and is not a substitute for appeal. Plaintiff's motion should be denied.

Respectfully submitted this 30th day of December, 2025.

                                         *s/Lyndey R. Z. Bryant*
                                         Lyndey R. Z. Bryant (Fed. ID No. 11506)
                                         ADAMS & REESE LLP
                                         1221 Main Street, Suite 1200
                                         Columbia, South Carolina 29201
                                         Telephone: 803-212-4958
                                         lyndey.bryant@arlaw.com

                                         Grant Edward Lavelle Schnell
                                         Florida Bar No. 108109
                                         (*Admitted Pro Hac Vice*)
                                         JONES DAY
                                         1221 Peachtree Street N.E., Suite 400
                                         Atlanta, Georgia 30361
                                         Phone: (404) 581-8023
                                         Email: gschnell@jonesday.com

                                         *Attorney for Defendant Experian*
                                         *Information Solutions, Inc.*

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing was filed on December 30, 2025, with the Court via the CM/ECF system, causing it to be served on all counsel of record. In addition, a copy of the foregoing was sent via mail and email to *pro se* Plaintiff at the physical address and email address listed below:

Nelson L. Bruce<br>
P.O. Box 3345<br>
Summerville, SC 29484<br>
<br>
*Pro Se*

<u>s/Lyndey R. Z. Bryant</u><br>
Lyndey R. Z. Bryant