IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Nelson L. Bruce,<br><br>Plaintiff,<br><br>v.<br><br>Pentagon Federal Credit Union, et. al.,<br><br>Defendants. | ) | Civil Action No. 2:22-cv-2211-BHH<br><br>**ORDER** |

On September 29, 2025, this Court entered several orders granting summary judgment in favor of Defendants Equifax Information Services LLC ("Equifax"), Pentagon Federal Credit Union ("Pen Fed"), Trans Union LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"). (*See* ECF Nos. 472, 473, 474, and 475.) The Court also entered a 60-day settlement order as to Defendants LexisNexis Risk Solutions, Inc., LexisNexis Risk Solutions Florida Inc., and LexisNexis Risk Data Management Inc. (collectively, "LexisNexis Defendants"). (ECF No. 477.)

On October 14, 2025, Pen Fed and Trans Union filed bills of costs. (ECF Nos. 480, 482.) These Defendants also filed a motion to stay deadlines pending the outcome of any appeal, or in the alternative, for an enlargement of time to file motions for attorney's fees. (ECF No. 481.) Plaintiff responded to these Defendants' bills of costs and these Defendants' motion to stay on November 3, 2025. (ECF No. 486.)

On December 5, 2025, Plaintiff filed motions to reconsider all of the Court's orders granting summary judgment in favor of Defendants. (ECF Nos. 490, 491, 492, 493.) On December 16, 2025, Plaintiff filed amended motions to reconsider as to three of his prior motions, and the Court entered a text order finding as moot the initial motions in light of the

amended motions. (*See* ECF No. 500 (finding as moot ECF Nos. 491, 492, and 493 in light of ECF Nos. 496, 497, and 498).)

In the motions to reconsider that remain pending, Plaintiff seeks relief pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure to correct clear errors of law, to address issues the Court did not reach, and to prevent manifest injustice. (*See* ECF Nos. 490, 496, 497, and 498.) Defendants filed responses to Plaintiff's motions to reconsider, and Plaintiff filed replies. (*See* ECF Nos. 494, 502, 503, 504, 505, 506, 507, 508.)

## STANDARDS OF REVIEW

Under Rule 54(b), a "district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted."[1] *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). District courts in the Fourth Circuit, when analyzing motions under Rule 54, look to the standards of motions under Rule 59 for guidance. *R.E. Goodson Constr. Co., Inc. v. Int'l Paper Co.*, No. 4:02-4184-RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006).

A motion to alter or amend a judgment under Rule 59 of the Federal Rules of Civil Procedure is "an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008). Ordinarily, such a motion should be granted for only three reasons: (1) to follow an intervening change in controlling law; (2) on account of new

[1] The Court notes that its prior orders granted summary judgment in favor of Defendants in full, such that judgment should have been entered in their favor at that time. (ECF Nos. 472, 473, 474, 475.) Due to an oversight, however, no judgment was entered in this case. As such, the Court sets forth the standard of review under Rule 54 in addition to Rules 59 and 60 of the Federal Rules of Civil Procedure.

evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Pac. Ins. Co.*, 148 F.3d at 403; *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

By contrast, Rule 60(b) provides that a court may relieve a party from an adverse judgment under six specific circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## DISCUSSION

After careful review of Plaintiff's motions, the Court finds that Plaintiff has not identified any change in controlling law or new evidence; nor has Plaintiff identified any clear error of law or shown that reconsideration of the Court's orders is warranted to prevent manifest injustice. Instead, the Court finds that Plaintiff's motions merely reiterate arguments that this Court has already carefully considered and rejected. Thus, the Court finds that Plaintiff is not entitled to relief pursuant to Rules 54(b) or 59(e) of the Federal Rules of Civil Procedure. *See Hencely v. Fluor Corp.*, No. 6:19-cv-489-BHH, 2020 WL 5269795, *1 (D.S.C. Sept. 4, 2020) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (explaining that a Rule 59(e) motion "is not a vehicle to re-argue issues

previously presented or to express mere disagreement with the Court in a pitch to change its mind."); *see also Dockins v. Benchmark Commcn's*, 180 F.R.D. 294, 295 (D.S.C. 1998), aff'd, 176 F.3d 745 (4th Cir. 1999) ("[A] motion to reconsider cannot appropriately be granted where the moving party simply seeks to have the Court rethink what the Court has already thought through—rightly or wrongly.") (internal citations omitted).

Likewise, the Court finds that Plaintiff has not demonstrated that he is entitled to relief pursuant to any of the specific circumstances set forth in Rule 60(b) of the Federal Rules of Civil Procedure. Here again, Plaintiff's motions merely repackage arguments that the Court considered and rejected, and the Court finds no basis to reconsider its rulings pursuant to Rule 60(b).

Accordingly, the Court hereby denies Plaintiff's motions to reconsider (ECF Nos. 490, 496, 497, 498.)

Next, as to the bills of costs filed by Defendants Pen Fed and Trans Union, which Plaintiff opposes, the Court finds Defendants' requests appropriate under Rule 54(d) of the Federal Rules of Civil Procedure, and the Court hereby approves both Pen Fed's request for $2,163.55 for printed and electronically recorded transcripts necessarily obtained for use in this case (ECF No. 480) and TransUnion's request for $1,782.20 for printed and electronically recorded transcripts necessarily obtained for use in this case and $102.60 for printing (ECF No. 482). In addition, the Court grants Pen Fed's and Trans Union's motion to stay the deadlines to seek attorney's fees pending the outcome of the appeal of any appeal of this case.

## CONCLUSION

Based on the foregoing, the Court **denies** Plaintiff's motions to reconsider (ECF Nos.

490, 496, 497, and 498). The Court **grants** Defendant Pen Fed's and Trans Union's motion to stay the deadlines to see attorney's fees pending the outcome of the appeal of any appeal of this case (ECF No. 481). The Court **approves** Pen Fed's and Trans Union's bills of costs seeking $2,163.55 and $1,884.80, respectively (ECF Nos. 480, 482). Finally, the Court directs the Clerk to enter final judgment in connection with its orders granting summary judgment (*see* ECF Nos. 472, 473, 474, and 475), and to include the costs outlined above as to Defendants Pen Fed and Trans Union.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 27, 2026
Charleston, South Carolina