RECEIVED USDC
CLERK, CHARLESTON, SC
2026 JUL 20 AM 8:52

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

Nelson L. Bruce,
Plaintiff,
v.
Pentagon Federal Credit Union, et al.,
Defendants.
Case No. 2:22-cv-02211-BHH-MGB

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF SEEKING ACCESS TO SEALED JUDICIAL RECORDS

## I. INTRODUCTION

Movant Antoine Ambrose respectfully submits this Memorandum of Law in support of his Motion to Intervene for the Limited Purpose of Seeking Access to Sealed Judicial Records. Movant seeks access to Exhibit K and Exhibit A3, which were filed under seal in the above-captioned matter pursuant to a petition filed by Plaintiff Nelson L. Bruce on September 23, 2024 (ECF No. 286).

Movant's interest in these records is concrete and specific. Movant is a former PenFed member who entered into consumer lending relationships with PenFed, possesses independent personal knowledge of the banking practices and transactions at issue, and has independently obtained non-court source documents and publicly available federal regulatory publications that correspond to the subject matter of the sealed exhibits — all entirely outside this court record.

Movant does not seek to relitigate the merits of this case or disturb any judgment. Movant seeks only to exercise the qualified common-law right of access to judicial records that the Supreme Court and the Fourth Circuit have consistently recognized, and to ask this Court to determine whether continued sealing remains justified under governing legal standards.

## II. PROCEDURAL BACKGROUND

On September 23, 2024, Plaintiff Nelson L. Bruce filed a Petition to File Exhibit K Under Seal (ECF No. 286), asserting that Exhibit K contains confidential and proprietary internal documents produced by Pentagon Federal Credit Union during discovery. The petition identified three grounds for sealing: the confidential nature of Exhibit K, compliance with a protective order in the case, and the balancing of public interest against private harm.

Movant is not a party to this litigation. Movant seeks intervention solely for the limited purpose of requesting judicial review of whether continued sealing of Exhibit K and Exhibit A3 remains justified under the governing Fourth Circuit standards.

## III. ARGUMENT

### A. Intervention Is the Proper Procedural Vehicle for a Non-Party Seeking Access to Sealed Judicial Records.

Federal Rule of Civil Procedure 24(b) authorizes permissive intervention where the applicant's claim or defense shares a common question of law or fact with the main action. Federal courts have consistently recognized intervention under Rule 24(b) as the appropriate procedural vehicle for non-parties seeking access to sealed judicial records. See, e.g., Company Doe v. Public Citizen, 749 F.3d 246, 258 (4th Cir. 2014); Stone v. University of Maryland Medical System Corp., 855 F.2d 178, 180-81 (4th Cir. 1988).

Movant's request shares a common question of law with the underlying proceeding — namely, the proper standard for sealing judicial records in the Fourth Circuit and whether the existing sealing order satisfies that standard. Intervention for this limited purpose is therefore procedurally appropriate.

### B. The Common-Law Right of Access to Judicial Records Is Well Established.

The Supreme Court has recognized that the public and press possess a qualified common-law right of access to judicial records. Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). This right reflects the principle that courts exercise judicial power on behalf of the public, and that public access promotes the values of transparency, accountability, and public confidence in the judicial process.

The common-law right of access applies to documents filed with the court in connection with judicial proceedings. Stone, 855 F.2d at 180. Once a document is filed with the court and becomes part of the judicial record, the presumption of public access attaches and can be overcome only upon specific findings that competing interests outweigh the public's right of access. Id.

### C. The Fourth Circuit Requires Specific Findings Before Judicial Records May Be Sealed.

In Stone v. University of Maryland Medical System Corp., 855 F.2d 178 (4th Cir. 1988), the Fourth Circuit established the governing framework for sealing judicial records. Under Stone, a district court must:

1. Give the public notice and a reasonable opportunity to challenge the sealing;
2. Consider less restrictive alternatives to sealing;
3. If it seals, make specific findings and state its reasons for rejecting alternatives; and
4. Enter findings sufficiently specific to permit meaningful appellate review.

Stone, 855 F.2d at 181. The Fourth Circuit reaffirmed and strengthened these requirements in Company Doe v. Public Citizen, 749 F.3d 246 (4th Cir. 2014),

emphasizing that sealing judicial records is a serious matter requiring careful justification and that courts must not treat sealing as routine or uncontested merely because no party objects.

**D. Application of the Stone Factors Warrants Judicial Re-Examination of the Sealing Order.**

Applying the Stone framework to the present circumstances, Movant respectfully submits that judicial re-examination of the sealing order is warranted for the following reasons:

**1. Public Notice.**

The Stone framework contemplates that the public receive notice and an opportunity to be heard before judicial records are sealed. Movant, as a member of the public with a concrete and specific interest in the sealed records, respectfully submits that this filing constitutes the public's exercise of that right.

**2. Less Restrictive Alternatives.**

The petition for sealing (ECF No. 286) does not reflect a detailed consideration of less restrictive alternatives, such as redaction of genuinely sensitive identifying information while making the substantive banking practices and accounting entries publicly available. Where the subject matter of the sealed exhibit corresponds to practices already described in publicly available federal regulatory publications, complete sealing may not be the least restrictive means of protecting any legitimate confidential interest.

**3. The Subject Matter of the Sealed Exhibits Corresponds to Publicly Available Information.**

This is the most significant factor warranting re-examination. Movant independently possesses knowledge of the banking practices and transactions at issue, derived from:

(a) Personal experience as a former PenFed member who entered into consumer lending relationships with PenFed;

(b) Non-court source documents obtained entirely outside this litigation that correspond to the subject matter of the sealed exhibits; and

(c) Publicly available federal regulatory publications — including Federal Reserve operational publications and guidance issued by the National Credit Union Administration — that describe the same banking practices and accounting procedures at issue.

Where the information contained in sealed judicial records is not genuinely confidential — because it is independently documented in publicly available regulatory authorities and in materials obtainable outside the court record — continued sealing cannot be justified as narrowly tailored to protect a legitimate confidential interest. Information that is publicly documented through federal regulatory publications cannot acquire confidentiality merely by being attached to a court filing and placed under seal.

**4. Specific Findings.**

To the extent the Court entered a sealing order in response to ECF No. 286, Movant respectfully requests that the Court review whether the findings supporting that order satisfy the specificity requirements of Stone and Company Doe. If the sealing order was entered without specific written findings addressing the Stone factors — including why less restrictive alternatives are inadequate and why the confidentiality interest outweighs the public's right of access — the order may not satisfy the governing Fourth Circuit standard.

**E. The Confidentiality Justification Is Weakened by the Plaintiff's Role in Seeking the Seal.**

An additional circumstance warrants the Court's attention. The sealing petition (ECF No. 286) was filed not by Pentagon Federal Credit Union — the party whose proprietary information the seal purportedly protects — but by Plaintiff Nelson L. Bruce. Where the party whose confidentiality interest is asserted did not itself seek sealing, the Court should carefully examine whether the confidentiality justification reflects a genuine, current interest of the affected party or whether it serves other purposes unrelated to protecting legitimately confidential commercial information.

**F. Movant Requests Alternative Relief if Complete Unsealing Is Not Granted.**

If the Court concludes that complete unsealing is not immediately appropriate, Movant respectfully requests consideration of the following alternatives:

(a) Partial unsealing of those portions of Exhibit K and Exhibit A3 that correspond to publicly documented banking practices and accounting procedures;

(b) Production of appropriately redacted copies that protect genuinely sensitive identifying information while making the substantive practices publicly available;

(c) In camera review for the purpose of determining whether continued sealing of specific portions remains justified; or

(d) Such other relief as the Court deems just and appropriate.

## IV. REQUEST FOR WRITTEN FINDINGS IF MOTION IS DENIED

Should the Court deny this Motion, Movant respectfully requests that the Court enter written findings identifying:

(a) The specific interests supporting continued sealing of each sealed exhibit;

(b) Why those interests continue to exist and outweigh the public's right of access;

(c) Why less restrictive alternatives — including partial unsealing and redaction — would be inadequate to protect those interests; and

(d) The legal authority supporting continued sealing under the governing Fourth Circuit standard.

Such findings are required by Stone and Company Doe and would facilitate meaningful appellate review if Movant elects to seek further relief.

## V. CONCLUSION

For the foregoing reasons, Movant Antoine Ambrose respectfully requests that this Court grant leave to intervene for the limited purpose of seeking access to sealed judicial records, reconsider the continued sealing of Exhibit K and Exhibit A3, and order the production of those records in whole or in appropriately redacted form.

Respectfully presented,

Antoine Ambrose

Antoine Ambrose

Pro Se Movant

309 121ST Ave NE

Blaine, MN 55434

763 600-4468

antoineambrose@ymail.com

Dated: 7/1/2026